IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO. LTD, ) <br> SAMSUNG ELECTRONICS AMERICA, INC., ) <br> SAMSUNG TELECOMMUNICATIONS ) <br>   AMERICA GENERAL, LLC, ) <br> SAMSUNG SEMICONDUCTOR, INC., and ) <br> SAMSUNG AUSTIN SEMICONDUCTOR LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v.   ) <br> ) <br> ON SEMICONDUCTOR CORP. and ) <br> SEMICONDUCTOR COMPONENTS ) <br> INDUSTRIES, LLC, ) <br> ) <br> Defendants. ) | C.A. No. 06-720 (***) |

**ON SEMICONDUCTOR'S MOTION TO STAY ITS RESPONSE TO
PLAINTIFFS' MOTION TO ENJOIN PENDING THE COURT'S DECISION
<u>ON THE THRESHOLD ISSUE OF SUBJECT MATTER JURISDICTION</u>**

Defendants ON Semiconductor Corp. and Semiconductor Components Industries, LLC (collectively, "ON Semiconductor") respectfully move for entry of an Order, in the form attached hereto, staying ON Semiconductor's response to plaintiffs' "Motion to Enjoin Defendants from Pursuing a Duplicative Texas Action" (the "Motion to Enjoin") (D.I. 10), until after this Court determines the threshold issue of whether it has subject matter jurisdiction over this action, as raised in ON Semiconductor's Motion to Dismiss. The grounds for this motion to stay are as follows:

1. ON Semiconductor and Samsung Electronics Co. Ltd. ("Samsung") had been engaged in patent licensing negotiations for over a year, when on November 30, 2006 – in a move plainly intended as a maneuver to attempt to gain tactical leverage in ongoing negotiations – Samsung filed this declaratory judgment action. In its complaint, Samsung seeks a judicial

declaration of non-infringement and invalidity of the three ON Semiconductor patents that were the subject of the negotiations: U.S. Patent No. 5,563,594 (the "'594 patent"), U.S. Patent No. 6,362,644 (the "'644 patent"), and 5,361,001 (the "'001 patent"). (D.I. 1). After learning of this declaratory action, ON Semiconductor sued Samsung and certain affiliates in the Eastern District of Texas (the "Texas Action"), alleging infringement of ON Semiconductor's U.S. Patent No. 5,000,827 (the "'827 patent") as well as the '594, '644, and '001 patents. (See D.I. 11, Ex. 1). On December 21, 2006, Samsung filed an amended complaint, which added the Samsung affiliates named in the Texas action, as well as a declaratory judgment claim on the '827 patent and a claim against ON Semiconductor for infringement of its U.S. Patent No. 5,252,177. (D.I. 8). On the same day, plaintiffs filed their Motion to Enjoin, seeking to enjoin ON Semiconductor from proceeding with the Texas Action. (D.I. 10, 11).

    2.  ON Semiconductor has filed a motion to dismiss the declaratory judgment claims for lack of subject matter jurisdiction because there was no actual controversy at the time Samsung filed this action (the "Motion to Dismiss"). As explained more fully in ON Semiconductor's opening brief, at the time Samsung filed this action, it did not have, and could not have had, a reasonable apprehension of imminent suit given the parties' ongoing negotiations, and Samsung cannot rely on ON Semiconductor's later Texas action to create jurisdiction where none existed when suit was filed. In the alternative, ON Semiconductor asks that the Court exercise its broad discretion not to hear this action because the exercise of jurisdiction here would subvert the purposes of the Declaratory Judgment Act and would be contrary to the principles of sound judicial administration.

    3.  ON Semiconductor respectfully requests that this Court enter an Order staying ON Semiconductor's response to Samsung's Motion to Enjoin, which is predicated on

the "first-filed rule," until after this Court decides the threshold issue of subject matter jurisdiction, raised by the Motion to Dismiss. ON Semiconductor denies that the "first-filed rule" applies to these proceedings because Samsung had no reasonable apprehension of suit when it filed its declaratory judgment claims, and because the Texas Action involves different patents, technologies, and parties that were not involved in this action at the time Samsung filed its declaratory judgment claims. *See Thales Airborne Syss S.A v. Universal Avionics Syss Corp.*, CA. No. 05-853-SLR, 2006 U.S. Dist. LEXIS 41895, at *11 (D. Del. June 21, 2006) (noting that the first-filed rule is "limited to actions involving the same patents"). But even if the first-filed rule applied here, which it does not, the relief Samsung seeks is predicated on this Court having subject matter jurisdiction over the present action. The first-filed rule gives priority to the court "first ***obtaining jurisdiction*** of the parties and issues." *Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*, 130 F.2d 474, 475 (3d Cir. 1942) (emphasis added); *Chase Manhattan Bank v. Freedom Card Inc.*, 265 F. Supp. 2d 445, 448 (D. Del. 2003) (explaining that the party who "first brings a controversy into a court of ***competent jurisdiction*** for adjudication should be free from the vexation of subsequent litigation over the same subject matter") (emphasis added); *Old Charter Distillery Co. v. Continental Distillery Corp.*, 59 F Supp 528 (D. Del. 1945) ("[T]he court first ***acquiring jurisdiction*** . . . is entitled to maintain that jurisdiction until it makes final adjudication of the matters for determination") (emphasis added). Therefore, absent subject matter jurisdiction, this Court does not have authority to grant the relief Samsung requests.

    4.    The principles of sound judicial administration and the orderly administration of justice also warrant the grant of a stay. If the present declaratory judgment action was improvidently filed, as ON Semiconductor contends, then there will be no forum dispute for this Court to decide. The Court also cannot determine which action was "first-filed"

until it decides the threshold issue whether it has subject matter jurisdiction over this action, and even if so, whether the exercise of that jurisdiction comports with the purposes of the Declaratory Judgment Act and principles of sound judicial administration.

       5.      Accordingly, ON Semiconductor seeks an Order staying its response to Samsung's Motion to Enjoin until this Court decides ON Semiconductor's pending Motion to Dismiss.  If the Court ultimately denies the Motion to Dismiss, ON Semiconductor also seeks an Order extending its deadline for filing its opposition to Samsung's Motion to Enjoin until ten (10) days after this Court's Order.  A proposed form of Order is attached.

            MORRIS, NICHOLS, ARSHT & TUNNELL LLP

            /s/ *Karen Jacobs Louden*

            _____
            Karen Jacobs Louden (#2881)
            1201 N. Market Street
            P.O. Box 1347
            Wilmington, DE  19899
            (302) 658-9200
            klouden@mnat.com

OF COUNSEL:            *Attorneys for Defendants*
Kenneth R. Adamo
JONES DAY
2727 North Harwood Street
Dallas, TX  75201-1515
(214) 220-3939

T. Gregory Lanier
Behrooz Shariati
JONES DAY
2882 Sand Hill Road, Suite 240
Menlo Park, CA  94025
(650) 739-3939

December 27, 2006

549891

## **CERTIFICATE PURSUANT TO D. DEL. LR 7.1.1**

      I hereby certify, pursuant to D. Del. LR 7.1.1, that the subject of the foregoing motion has been discussed with counsel for plaintiffs and that the parties have not been able to reach agreement at the time of filing this motion.

*/s/ Karen Jacobs Louden*
_____
Karen Jacobs Louden

December 27, 2006

549891

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO. LTD, ) <br> SAMSUNG ELECTRONICS AMERICA, INC., ) <br> SAMSUNG TELECOMMUNICATIONS ) <br>   AMERICA GENERAL, LLC, ) <br> SAMSUNG SEMICONDUCTOR, INC., and ) <br> SAMSUNG AUSTIN SEMICONDUCTOR LLC, ) <br>   ) <br>   Plaintiffs, ) <br>   ) <br> v.  )  C.A. No. 06-720 (***) <br>   ) <br> ON SEMICONDUCTOR CORP. and ) <br> SEMICONDUCTOR COMPONENTS ) <br> INDUSTRIES, LLC, ) <br>   ) <br>   Defendants. ) | |

## **ORDER**

Upon consideration of Defendants ON Semiconductor Corp. and Semiconductor Components Industries, LLC's Motion To Stay Its Response To Plaintiffs' Motion To Enjoin Pending The Court's Decision On The Threshold Issue Of Subject Matter Jurisdiction, IT IS HEREBY ORDERED that:

1. Defendants' Motion is GRANTED;

2. Defendants' Opposition to Plaintiffs' Motion to Enjoin is STAYED until the Court decides Defendants' Motion to Dismiss.

3. If the Court denies Defendants' Motion to Dismiss, Defendants shall have ten (10) days from the Court's Order to file its opposition to Plaintiffs' Motion to Enjoin.

_____
U.S. District Judge

549891

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on December 27, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Josy W. Ingersoll
> John W. Shaw

I also certify that copies were caused to be served on December 27, 2006, upon the following in the manner indicated:

**BY HAND**

> Josy W. Ingersoll
> John W. Shaw
> YOUNG, CONAWAY, STARGATT & TAYLOR LLP
> The Brandywine Building
> 1000 West Street, 17th Flr.
> Wilmington, DE  19899

**BY FEDERAL EXPRESS**

> John M. Desmarais
> James E. Marina
> Kirkland & Ellis LLP
> 153 East 53rd Street
> New York, NY  10022

> */s/ Karen Jacobs Louden*
> _____
> Karen Jacobs Louden
> klouden@mnat.com