IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., <br> SAMSUNG ELECTRONICS AMERICA, INC., <br> SAMSUNG TELECOMMUNICATIONS <br>   AMERICA GENERAL, L.L.C., <br> SAMSUNG SEMICONDUCTOR, INC., and <br> SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., <br><br>                 Plaintiffs, <br><br> v. <br><br> ON SEMICONDUCTOR CORP. <br><br> and <br><br> SEMICONDUCTOR COMPONENTS <br> INDUSTRIES, LLC, <br><br>                 Defendants. | Civil Action No. 06-720 (***) |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY THEIR RESPONSE TO PLAINTIFFS' MOTION TO ENJOIN DEFENDANTS FROM PURSUING A DUPLICATIVE TEXAS ACTION

Plaintiffs respectfully submit this Opposition to Defendants' motion to stay their response to Plaintiffs' Motion to Enjoin Defendants from Pursuing a Duplicative Texas Action filed on December 21, 2006 (D.I. 10). As discussed below, because the issues to be decided on Defendants' motion to dismiss are intertwined with the issues to be decided on Plaintiffs' motion to enjoin, and because staying the briefing on Plaintiffs' motion to enjoin will result in unnecessary and costly delay, principles of judicial economy and efficiency warrant denial of Defendants' motion to stay.

## BACKGROUND

1. Plaintiff Samsung Electronics Co., Ltd. ("SEC") filed its original Complaint in this action (the "Delaware Action") on November 30, 2006, seeking a declaration that three United States patents purportedly owned by Defendants — U.S. Patent Nos. 5,563,594 (the "'594 Patent"), 6,362,644 (the "'644 Patent"), and 5,361,001 (the "'001 Patent") — are invalid and not infringed by SEC (D.I. 1).

2. On December 4, 2006, Defendants filed a patent infringement action against SEC in the United States District Court for the Eastern District of Texas, Case No. 6:06 cv 523 (the "Texas Action"), alleging infringement by SEC of the same three patents at issue in the Delaware Action plus a fourth patent, U.S. Patent No. 5,000,827 (the "'827 Patent"). Defendants also named four SEC affiliates as co-defendants in the Texas Action — Samsung Electronics America, Inc. ("SEA"), Samsung Telecommunications America General L.L.C. ("STA"), Samsung Semiconductor, Inc. ("SSI"), and Samsung Austin Semiconductor L.L.C. ("SAS").

3. On December 21, 2006, in addition to filing a motion to enjoin Defendants from pursuing the duplicative Texas Action based on the first-filed rule (D.I. 10), Plaintiffs filed an Amended Complaint in the Delaware Action adding SEA, STA, SSI, and SAS as co-plaintiffs with SEC, adding a claim for declaratory judgment of noninfringement and invalidity of the '827 patent, and adding a claim against Defendants for infringement of an SEC patent — U.S. Patent No. 5,252,177 (the "'177 Patent") (D.I. 8).

4. On December 26, 2006, Plaintiffs SEA, STA, SSI, and SAS filed a motion to transfer the Texas Action to this Court based on the Fifth Circuit's first-to-file rule. Plaintiff SEC has not been served with the Complaint in the Texas Action, and therefore did not join in the motion. If and when SEC is properly served by Defendants in the Texas Action via the

Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, SEC will join in the motion to transfer.

5.   On December 27, 2006, Defendants filed a motion to dismiss Plaintiffs' original Complaint in the Delaware Action pursuant to Fed. R. Civ. P. 12(b)(1), alleging that this Court does not have subject matter jurisdiction because Plaintiffs did not have a reasonable apprehension of suit when the original Complaint was filed on November 30, 2006. Defendants filed the instant motion to stay their response to Plaintiffs' motion to enjoin on the same day.

6.   On January 8, 2007, Defendants filed an opposition to the motion to transfer the Texas Action to this Court.

## ARGUMENT

7.   Because the issues to be decided on Defendants' motion to dismiss are intertwined with the issues to be decided on Plaintiffs' motion enjoin, and because a stay of the briefing on Plaintiffs' motion to enjoin will result in unnecessary and costly delay, Defendants' motion to stay should be denied.

8.   As set forth in Plaintiffs' motion to enjoin, if the Court finds that the first-filed rule applies in this case, then Defendants should be enjoined from proceeding with the Texas Action. *See Chase Manhattan Bank, U.S.A., N.A. v. Freedom Card, Inc.*, 265 F. Supp. 2d 445 (D. Del. 2003) (enjoining a second-filed trademark infringement action in favor of a first-filed declaratory judgment action); *Matsushita Battery Industrial Co., Ltd. v. Energy Conversion Devices, Inc.*, No. 96-101, 1996 WL 328594 (D. Del. Apr. 23, 1996) (enjoining a second-filed patent infringement action in favor of a first-filed declaratory judgment action).

9.   Defendants raise only two arguments against application of the first-filed rule in this case. (Motion to Stay at 3.) Defendants' first argument is *identical* to the argument

3

Defendants are making on their motion to dismiss — alleged lack of subject matter jurisdiction. Thus, in this regard Defendants' opposition to Plaintiffs' motion to enjoin and Defendants' motion to dismiss are coextensive.

10. Defendants' second argument against application of the first-filed rule is that the first-filed rule does not apply in this case because the "the Texas action involves different patents, technologies, and parties that were not involved in this action at the same time Samsung filed its declaratory judgment claims." *Id.*

11. As set forth in Plaintiffs' motion to enjoin, this argument is factually and legally incorrect. But, in any event, this is a very narrow issue that does not require extensive briefing, and there is no sound reason from a judicial economy or efficiency perspective to delay briefing until after the Court decides whether it has subject matter jurisdiction over this action.

12. It would be much more practical and efficient for the parties to brief the motion to enjoin on the current schedule, so that both the motion to dismiss and the motion to enjoin are fully briefed when the Court takes up the issue of subject matter jurisdiction. If and when the Court confirms that it has subject matter jurisdiction over the Delaware Action, it can immediately take up the motion to enjoin and render its decision.

13. Defendants' suggestion — staying the briefing on the motion to enjoin until after a decision on the motion to dismiss — will cause additional weeks, if not months of delay, before the Court determines whether this case should proceed in Delaware or Texas. In the meantime, the parties will be wasting judicial and economic resources litigating the parallel Texas Action if that action is not transferred to this Court.

## CONCLUSION

14. For the foregoing reasons, Defendants' motion to stay Plaintiffs' motion to enjoin should be denied.

YOUNG CONAWAY STARGATT & TAYLOR LLP

Dated: January 8, 2007

*/s/ Karen E. Keller*
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600

OF COUNSEL:

John M. Desmarais
James E. Marina
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022-4675
(212) 446-4800

*Attorneys for Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C.*

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on January 9, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Karen Jacobs Louden, Esquire
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>PO Box 1347
>Wilmington, DE 19899-1347

I further certify that on January 9, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY FEDERAL EXPRESS

Kenneth R. Adamo, Esquire
Jones Day
2727 North Harwood Street
Dallas, TX 75201

T. Gregory Lanier, Esquire
Behrooz Shariati, Esquire
Jones Day
2882 Sand Hill Road, Suite 240
Menlo Park, CA 94025

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Andrew A. Lundgren

Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street
Wilmington, DE 19801
302-571-6600
alundgren@ycst.com