IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO. LTD., ) <br> SAMSUNG ELECTRONICS AMERICA, INC., ) <br> SAMSUNG TELECOMMUNICATIONS ) <br>   AMERICA GENERAL, LLC, ) <br> SAMSUNG SEMICONDUCTOR, INC., and ) <br> SAMSUNG AUSTIN SEMICONDUCTOR LLC, ) <br> ) <br>           Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ON SEMICONDUCTOR CORP. and ) <br> SEMICONDUCTOR COMPONENTS ) <br> INDUSTRIES, LLC, ) <br> ) <br>           Defendants. ) | C.A. No. 06-720 (***) <br><br> **REDACTED** <br> **PUBLIC VERSION** |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR**
**MOTION TO DISMISS THE AMENDED COMPLAINT**

                              MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                              Karen Jacobs Louden (#2881)
                              1201 N. Market Street
                              P.O. Box 1347
                              Wilmington, DE  19899
                              (302) 658-9200
                              klouden@mnat.com
OF COUNSEL:                   Attorneys for Defendants
Kenneth R. Adamo
JONES DAY
2727 North Harwood Street
Dallas, TX  75201-1515
(214) 220-3939

T. Gregory Lanier
Behrooz Shariati
JONES DAY
2882 Sand Hill Road, Suite 240
Menlo Park, CA  94025
(650) 739-3939

Original Filing Date: January 10, 2007
Redacted Filing Date: January 18, 2007

**PUBLIC VERSION - REDACTED**

i.

## TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF CITATIONS | ii |
| NATURE AND STAGE OF THE PROCEEDINGS | 1 |
| SUMMARY OF ARGUMENT | 3 |
| STATEMENT OF FACTS | 4 |
| ARGUMENT | 5 |
|     A. This Court Lacks Subject Matter Jurisdiction Over The Declaratory Claims In Samsung's Amended Complaint. | 5 |
|     B. Samsung Cannot Relate Its December 21, 2006 Allegations Back To The November 30, 2006 Complaint. | 6 |
|     C. Even If This Court Has Jurisdiction, This Court Should Exercise Its Discretion To Dismiss Samsung's Amended Declaratory Judgment Claims. | 8 |
| CONCLUSION | 10 |

PUBLIC VERSION - REDACTED

ii.

## TABLE OF CITATIONS

Page(s)

**CASES**

*Abbott Diabetes Care, Inc. v. DexCom, Inc.*,
   05-590-GMS, 2006 U.S. Dist. LEXIS 57469 (D. Del. Aug. 16, 2006) .................. 5, 8

*Circuit City Stores v. Citgo Petroleum Corp.*,
   No. 92-CV-7394, 1994 U.S. Dist. LEXIS 12634 (E.D. Pa. Sept. 7, 1994) .................. 4

*Correspondent Servs. Corp. v. First Equities Corp.*,
   338 F.3d 119 (2d Cir. 2003) .................. 8

*Davox Corp. v. Digital Sys. Int'l, Inc.*,
   846 F. Supp. 144 (D. Mass. 1993) .................. 9

*EMC Corp. v. Norand Corp.*,
   89 F.3d 807 (Fed. Cir. 1996) .................. 9

*Envirometrics Software, Inc. v. Georgia-Pacific Corp.*,
   No. 97-243-SLR, 1997 WL 699328 (D. Del. Nov. 4, 1997) .................. 9-10

*Fairplay Elec. Cars, LLC v. Textron Innovations, Inc.*,
   431 F. Supp. 2d 491 (D. Del. 2006) .................. 6

*GAF Bldg. Materials Corp. v. Elk Corp. of Dallas*,
   90 F.3d 479 (Fed. Cir. 1996) .................. 5

*Godlewski v. Affiliated Computer Serv., Inc.*,
   210 F.R.D. 571 (E.D. Va. 2002) .................. 3

*Ideal Instruments, Inc. v. Rivard Instruments, Inc.*,
   434 F. Supp. 2d 598 (N.D. Iowa 2006) .................. 3

*In re Global Link Telecom Corp.*,
   327 B.R. 711 (Bankr. D. Del. 2005) .................. 7

*Kreider Dairy Farms, Inc. v. Glickman*,
   190 F.3d 113 (3d Cir. 1999) .................. 7-8

*Matsushita Battery Indus. Co. v. Energy Conversion Devices, Inc.*,
   No. 96-101-SLR, 1997 U.S. Dist. LEXIS 21016 (D. Del. Dec. 23, 1997) .................. 5

*MedImmune, Inc. v. Centocor, Inc.*,
   409 F.3d 1376 (Fed. Cir. 2005) .................. 5

PUBLIC VERSION - REDACTED

iii.

*Oil Express Nat'l v. D'Alessandro*,
   173 F.R.D. 219 (D. Ill. Mar. 31, 1997) ................................................................................3

*PE Corp. v. Affymetrix, Inc.*,
   No. 00-629-SLR, 2001 U.S. Dist. LEXIS 15792 (D. Del. Sept. 27, 2001) ..............................8

*Reynolds v. U.S.*,
   748 F.2d 291 (5th Cir. 1984) ................................................................................................8

*Spectronics Corp. v. H.B. Fuller Co., Inc.*,
   940 F.2d 631 (Fed. Cir. 1991) ..............................................................................................6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(a) .................................................................................................................3

Fed. R. Civ. P. 15(c)(2) .............................................................................................................7

**PUBLIC VERSION - REDACTED**

1.

## NATURE AND STAGE OF THE PROCEEDINGS

Defendants ON Semiconductor Corp. and Semiconductor Components Industries, LLC (collectively, "ON Semiconductor") move to dismiss the amended complaint for declaratory judgment filed by Samsung Electronics America, Inc. ("SEC"), Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc. and Samsung Austin Semiconductor, L.L.C. (collectively, "Samsung").

While actively involved in extensive patent license negotiations with ON Semiconductor, SEC wanted supposed "protection" before responding to ON Semiconductor's latest offer. SEC's idea of "protection" was to stall for time, ostensibly to consult with its management and board in Korea, while asking ON Semiconductor to set up another meeting to continue negotiations. Simultaneously, though, SEC secretly prepared and then filed in Delaware (the "Delaware Action") on November 30, 2006, a declaratory judgment complaint covering the three ON Semiconductor patents that were the subject of the ongoing negotiations: U.S. Patent No. 5,563,594 ("the '594 patent"); U.S. Patent No. 6,362,644 ("the '644 patent"); and U.S. Patent No. 5,361,001 ("the '001 patent") (D.I. 1, the "Original Complaint.") SEC's Original Complaint alleged "reasonable apprehension of suit," even though SEC and ON Semiconductor just two (2) days before had expressly stated that they did not want to litigate and had agreed to continue negotiating. Further, at the time SEC filed its complaint, ON Semiconductor was awaiting SEC's first response to ON Semiconductor's ▓▓▓▓▓ offer of settlement, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓ confirming that ON Semiconductor had no incentive to sue.

When ON Semiconductor expressed surprise at SEC's precipitous and unexpected move, SEC stressed that the filing of the Delaware Action was for "protection," that it was "just a D.J." and that ON Semiconductor's team should not get "too excited" about the lawsuit. SEC also said that it was going to withhold service while the parties continued to negotiate.

ON Semiconductor wanted to continue negotiations. But, because SEC chose to litigate, ON Semiconductor filed a direct action in the Eastern District of Texas on December 4, 2006, alleging the infringement of the three patents that were the subject of the Delaware action as well as a fourth ON Semiconductor patent, U.S. Patent No. 5,000,827 ("the '827 patent") (the "Texas Action"). ON Semiconductor's complaint named multiple Samsung entities in addition to SEC, the only plaintiff in the original Delaware Action, and was served promptly on all parties by December 5, 2006.

Recognizing that it had "jumped the gun" without proper basis, SEC subsequently filed an amended complaint on December 21, 2006, adding more patents and parties, and claiming "reasonable apprehension of suit" based on ON Semiconductor's complaint in the Texas Action, which was indisputably filed *after* the Original Complaint. Then, seeking to capitalize on the coincidence that Judge Jordan was just elevated to Third Circuit, Samsung moved in Delaware to enjoin ON Semiconductor from pursuing the Texas Action (D.I. 10, 11) and moved in Texas to transfer the Texas Action to Delaware. ON Semiconductor moved to dismiss the Original Complaint on December 27, 2006. ("First Motion to Dismiss," D.I. 14, 15.) This is ON Semiconductor's opening brief in support of its motion to dismiss the amended complaint.

3.

## SUMMARY OF ARGUMENT

In its amended complaint, Samsung attempts to rely on the subsequent filing of ON Semiconductor's December 4, 2006 Texas Action to establish that this Court had subject matter jurisdiction over Samsung's declaratory claims when SEC filed suit on November 30, 2006. The Declaratory Judgment Act does not permit this. As set out in detail in ON Semiconductor's First Motion to Dismiss, SEC did not have an objective, reasonable apprehension of suit by ON Semiconductor on November 30, 2006, the day it filed this suit. Without such apprehension at the initiation of a declaratory action, this Court does not possess subject matter jurisdiction to hear the action. Samsung cannot fix this jurisdictional defect by filing an Amended Complaint and attempting to relate back an event that did not happen until December 4 to its complaint that was filed on November 30. Events that occur after an earlier complaint cannot relate back to that complaint, particularly where there was no jurisdiction when the action was originally filed. ON Semiconductor is filing this second Motion to Dismiss the declaratory judgment claims of the Amended Complaint because these claims are as ineffective in conferring jurisdiction as the original claims. ON Semiconductor does not move to dismiss Samsung's new patent infringement claim as to Samsung's U.S. Patent No. 5,252,177.[1]

---

[1] The filing of a motion to dismiss that is directed to certain claims of a complaint suspends the time to respond to the remaining unchallenged claims in the complaint. *See, e.g., Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 598, 639 (N.D. Iowa 2006)("[A] motion pursuant to Rule 12(b), even one that challenges less than all of the claims asserted in the complaint or other pleading, extends the time to answer as to all claims in the pleading."); *Godlewski v. Affiliated Computer Serv., Inc.*, 210 F.R.D. 571, 572 (E.D. Va. 2002) ("A majority of courts . . . hold that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion."); *Oil Express Nat'l v. D'Alessandro*,
(continued . . .)

Even if this Court were to hold that proper subject matter jurisdiction exists in this action, it should exercise its broad discretion to dismiss the declaratory claims. Given the fact that SEC filed the original declaratory complaint not to gain judicial resolution, but only as a tool to enhance its negotiating position with ON Semiconductor, it would be unjust to reward such bad faith conduct with Samsung's desired result. Further, allowing this suit to continue would discourage out of court settlement, contravening principles of sound judicial administration, because SEC filed this action during a time that it had led ON Semiconductor to believe that SEC was actively negotiating in good faith.

## STATEMENT OF FACTS

The factual background concerning the parties, their extensive and ongoing licensing negotiations, Samsung's filing of its original declaratory judgment claims and ON Semiconductor's later Texas Action are fully set forth in ON Semiconductor's Opening Brief in Support of its First Motion to Dismiss the Original Complaint (D.I. 15 at 4-12), as well as the Declarations of G. Sonny Cave and Bradley Botsch submitted in support thereof. (D.I. 16, 17.) ON Semiconductor incorporates by reference those facts herein.

---

(. . . continued)
    173 F.R.D. 219, 221 (D. Ill. Mar. 31, 1997) (granting defendant's motion to extend time to answer the counts in the complaint that were not challenged by its motion to dismiss because "a partial motion to dismiss allows for altering the limits of Fed. R. Civ. P. 12(a) with respect to answering those claims not addressed in Defendants' motion"); *Circuit City Stores v. Citgo Petroleum Corp.*, No. 92-CV-7394, 1994 U.S. Dist. LEXIS 12634, at *13 (E.D. Pa. Sept. 7, 1994) ("A partial 12(b) motion enlarges the time to file an answer.").

**PUBLIC VERSION - REDACTED**

5.

## ARGUMENT

A. This Court Lacks Subject Matter Jurisdiction Over The Declaratory Claims In Samsung's Amended Complaint.

This Court lacks subject matter jurisdiction over the declaratory claims in Samsung's Amended Complaint, because there was no jurisdiction when SEC filed the Original Complaint, and because Samsung cannot relate back the events alleged in the Amended Complaint to the Original Complaint in order to cure the defect. "[T]he existence of an actual controversy is an absolute predicate for declaratory judgment jurisdiction." *GAF Bldg. Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 481 (Fed. Cir. 1996). For a district court to have subject matter jurisdiction over a declaratory patent infringement action, an actual controversy *must exist at the time the complaint was filed*. *See MedImmune, Inc. v. Centocor, Inc.*, 409 F.3d 1376, 1381 (Fed. Cir. 2005) ("The presence or absence of a case or controversy is based on facts at the time the complaint was filed."); *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, 05-590-GMS, 2006 U.S. Dist. LEXIS 57469, at *10 (D. Del. Aug. 16, 2006) (dismissing declaratory claim because "no controversy of sufficient immediacy and reality existed, at the time [plaintiff] filed its complaint, to support declaratory judgment jurisdiction"); *Matsushita Battery Indus. Co. v. Energy Conversion Devices, Inc.*, No. 96-101-SLR, 1997 U.S. Dist. LEXIS 21016, at *11 (D. Del. Dec. 23, 1997) ("[T]he burden is on the plaintiff to establish that jurisdiction over its declaratory judgment action existed at, and has continued since, the time the complaint was filed.") (citations omitted).

An imminent threat cannot be established by pointing to events which occurred after the action was initiated. *See GAF Bldg.*, 90 F.3d at 483 ("Later events may not create jurisdiction where none existed at the time of filing . . . the presence or

absence of jurisdiction must be determined on the facts existing at the time the complaint under consideration was filed.") (citations omitted); *Spectronics Corp. v. H.B. Fuller Co., Inc.*, 940 F.2d 631, 635 (Fed. Cir. 1991) (same).

As explained in detail in ON Semiconductor's First Motion to Dismiss, there was no actual controversy at the time that SEC filed this action on November 30, 2006. (D.I. 15, at 13-19.) ON Semiconductor incorporates by reference those reasons herein. Notably, just two days before SEC filed its Original Complaint, ON Semiconductor explicitly reassured SEC that it "preferred not to litigate the matter, and was seeking a business agreement," (D.I. 16 ¶ 4; D.I. 17 ¶ 22), and the parties were making arrangements for another meeting. (D.I. 17 ¶ 24.) Thus, SEC had no apprehension of imminent suit.

> B.   Samsung Cannot Relate Its December 21, 2006 Allegations Back To The November 30, 2006 Complaint.

Samsung cannot remedy the absence of subject matter jurisdiction in the Original Complaint by relying on later events. *See, e.g., Fairplay Elec. Cars, LLC v. Textron Innovations, Inc.*, 431 F. Supp. 2d 491, 493 (D. Del. 2006) (holding that declaratory judgment plaintiff could no establish reasonable apprehension by relying on a letter "sent after the instant lawsuit was filed"). The sole allegation Samsung added in the Amended Complaint to support its declaratory claims was that ON Semiconductor "made good on its threats of litigation" with the December 4, 2006 Texas Action. (D.I. 8 ¶¶ 26, 36, 46.) ON Semiconductor's Texas Action, however, was indisputably filed *after* SEC's Original Complaint was filed, and thus cannot be used to prove the existence of subject matter jurisdiction as required on November 30, 2006, when this action was filed.

Nor can Samsung relate its December 21, 2006 allegations back to the November 30, 2006 Complaint in order to preserve the earlier date, because the allegations added in the Amended Complaint occurred after November 30, 2006. To relate back to an original claim, an amended claim must arise "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). When an amended pleading, however, "does not rely upon the facts and transactions originally pled . . . but rather is based on **new facts and different transactions**, the proposed amendment will not relate back to the original pleading." *In re Global Link Telecom Corp.*, 327 B.R. 711, 716 (Bankr. D. Del. 2005) (citations omitted) (emphasis added). The Texas Action was filed *after* Samsung's Original Complaint and, thus, unquestionably is a "new fact" or a "different transaction" that cannot relate back to the Original Complaint.[2]

Even more fundamentally, newly added factual allegations can only relate back to an original complaint *if the court had jurisdiction at the time the action commenced. See Kreider Dairy Farms, Inc. v. Glickman*, 190 F.3d 113, 121 (3d Cir. 1999) ("An amended complaint that purports to relate back to an original complaint filed

---

[2] Even if this Court were to find that the declaratory claims regarding the '594, '644 and '001 patents relate back to the Original Complaint, the declaratory claim regarding the '827 patent does not. Samsung's Original Complaint did not mention the '827 patent, ostensibly because ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ (D.I. 8 ¶ 17; Ex. D). Nor does the '827 patent substantially overlap with the '594, '644 and '001 patents. Unlike the claims of the '594, '644 or '001 patents, which recite circuits or methods of configuring, operating, or implementing analog trimming circuits, (D.I. 8 Exs. A-C), the claims of the '827 patent relate to a "method of forming metallized bumps on predetermined terminal areas of a planar substrate." (*Id.* Ex. D). *See Metrologic Instruments, Inc. v. PSC, Inc.*, 2004 U.S. Dist. LEXIS 24949, at *53 (D.N.J. Dec. 13, 2004) ("Infringement of one patent is not the same conduct or occurrence as infringement of another patent for the purposes of relation back, unless the claims with respect to the second patent are an integral part of the claims in the first action.").

on a date upon which the district court would have lacked jurisdiction [over the dispute], must be dismissed for lack of jurisdiction."); *PE Corp. v. Affymetrix, Inc.*, No. 00-629-SLR, 2001 U.S. Dist. LEXIS 15792, at *9-12 (D. Del. Sept. 27, 2001) (holding that an amendment cannot relate back to an earlier complaint where the earlier complaint did not support proper jurisdiction); *Correspondent Servs. Corp. v. First Equities Corp.*, 338 F.3d 119, 125 (2d Cir. 2003) (finding an amendment only relates back to an original complaint "when the underlying facts, if properly pled, *would have supported jurisdiction at the time the action commenced*") (emphasis added); *Reynolds v. U.S.*, 748 F.2d 291, 293 (5th Cir. 1984). Likewise, Samsung's December 21, 2006 Amended Complaint cannot relate back to the Original Complaint that was filed on November 30, 2006, a date upon which this Court lacked subject matter jurisdiction.[3]

        C.        **Even If This Court Has Jurisdiction, This Court Should Exercise Its Discretion To Dismiss Samsung's Amended Declaratory Judgment Claims.**

Even if this Court were to find that it has jurisdiction, this Court should exercise its discretion to dismiss Samsung's Amended Complaint, because Samsung's claims are an abuse of the Declaratory Judgment Act and hearing them would contravene principles of sound judicial administration. "Even assuming the existence of an actual controversy, the exercise of a court's jurisdiction over a declaratory judgment action is discretionary." *Abbott*, 2006 U.S. Dist. LEXIS 57469, at *8. As explained in ON Semiconductor's first Motion to Dismiss (D.I. 15 at 19-23), which ON Semiconductor

---

[3] If the Court finds that it has subject matter jurisdiction over this action as of the date of the Amended Complaint, then, as argued in ON Semiconductor's Opposition to the Motion to Enjoin, this action is not the first-filed action and this Court must yield to the Texas Action pursuant to the "first-to-file" rule.

incorporates by reference herein, SEC filed this declaratory action on November 30, 2006 not because it imminently feared litigation, but rather to gain leverage in ongoing negotiations with ON Semiconductor. Indeed, SEC informed ON Semiconductor that it was withholding service of process regarding this action in hopes of settlement and even made a license offer *after* filing this action. (D.I. 17 at ¶¶ 25-26.) Filing a complaint just for negotiating leverage is an abuse of the Declaratory Judgment Act and should not be countenanced by this Court. *See EMC Corp. v. Norand Corp.*, 89 F.3d 807, 815 (Fed. Cir. 1996).

Similarly, as explained in ON Semiconductor's first Motion to Dismiss (D.I. 15 at 23-25), a declaratory judgment action should be dismissed or stayed in favor of a later filed infringement action where the declaratory judgment action was brought while the patentee pursued good faith negotiations, because declaratory plaintiffs "should not be permitted to take advantage of the fact that [patentee] reasonably deferred filing potentially protracted and expensive litigation, and indeed, was perhaps misled into believing it would not be prejudiced by doing so by [declaratory plaintiff's] response to its" negotiation attempts. *Davox Corp. v. Digital Sys. Int'l, Inc.*, 846 F. Supp. 144, 148 (D. Mass. 1993) (dismissing a declaratory action in favor of later filed infringement suit where the declaratory plaintiff told the patentee that it would respond to its overture letters, but instead filed the declaratory action); *see also Envirometrics Software, Inc. v. Georgia-Pacific Corp.*, No. 97-243-SLR, 1997 WL 699328, at *3-4 (D. Del. Nov. 4, 1997) (dismissing plaintiff's declaratory judgment as "an inappropriate use of the declaratory judgment remedy," explaining the "Third Circuit has instructed courts . . . to

10.

seek to prevent the use of the declaratory action as a method of procedural fencing, or as a means to provide another forum in a race for *res judicata*") (citations omitted).

To permit this action to proceed over the Texas Action would punish ON Semiconductor for taking SEC and its counsel at their word in pursuing a licensing arrangement and would discourage other patentees from attempting business negotiations before rushing to court. (D.I. 17 ¶ 25.) SEC's filing of this suit is precisely the inappropriate use of the declaratory judgment remedy that the Third Circuit has instructed courts to prevent. *See Envirometrics*, 1997 WL 699328, at *3.

## CONCLUSION

For the foregoing reasons, Defendant ON Semiconductor's Motion To Dismiss The Amended Complaint should be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Karen Jacobs Louden*

Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
klouden@mnat.com
Attorneys for defendants

OF COUNSEL:

Kenneth R. Adamo
JONES DAY
2727 North Harwood Street
Dallas, TX 75201-1515
(214) 220-3939

PUBLIC VERSION - REDACTED

11.

T. Gregory Lanier
Behrooz Shariati
JONES DAY
2882 Sand Hill Road, Suite 240
Menlo Park, CA  94025
(650) 739-3939

January 10, 2007
662577.2

PUBLIC VERSION - REDACTED

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on January 10, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Josy W. Ingersoll
> John W. Shaw

I also certify that copies were caused to be served on January 10, 2007, upon the following in the manner indicated:

### BY HAND

Josy W. Ingersoll
John W. Shaw
YOUNG, CONAWAY, STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Flr.
Wilmington, DE 19899

### BY FEDERAL EXPRESS

John M. Desmarais
James E. Marina
KIRKLAND & ELLIS
153 East 53rd Street
New York, NY 10022

/s/ Karen Jacobs Louden

Karen Jacobs Louden
klouden@mnat.com