IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| SAMSUNG ELECTRONICS CO. LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>  AMERICA GENERAL, LLC,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No.  06-720 (***)<br><br>**REDACTED<br>PUBLIC VERSION** |

**DEFENDANTS' ANSWERING BRIEF IN
OPPOSITION TO PLAINTIFFS' MOTION TO ENJOIN**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
klouden@mnat.com
  Attorneys for Defendants

OF COUNSEL:
Kenneth R. Adamo
JONES DAY
2727 North Harwood Street
Dallas, TX 75201-1515
(214) 220-3939

Tharan Gregory Lanier
Behrooz Shariati
JONES DAY
2882 Sand Hill Road, Suite 240
Menlo Park, CA 94025
(650) 739-3939

Original Filing Date: January 10, 2007
Redacted Filing Date: January 18, 2007

PUBLIC VERSION - REDACTED

**TABLE OF CONTENTS**

Page

I.     NATURE AND STAGE OF PROCEEDINGS ................................................................ 1

II.    INTRODUCTION AND SUMMARY OF ARGUMENT ................................................ 1

III.   STATEMENT OF FACTS ............................................................................................. 2

IV.    ARGUMENT .................................................................................................................. 2

       A.     This Court Should Not Enjoin the Texas Action Because It Was Filed
              First ................................................................................................................... 2

              1.     This Court Lacks Subject Matter Jurisdiction Over Samsung's
                     Declaratory Claims And Therefore, This Action Was Not First-
                     Filed ...................................................................................................... 3

              2.     The Amended Delaware Complaint Does Not Relate Back To
                     the Filing Date of the Original Delaware Complaint, and Thus
                     Was Filed After the Texas Action ........................................................ 4

       B.     Even If This Court Finds That the Delaware Action Was Filed First,
              Exceptional Circumstances Justify Departure From the First-to-File Rule ........... 6

              1.     SEC's Bad Faith Filing Should Not Be Rewarded ................................. 8

              2.     This Dispute Can Proceed More Expeditiously In Texas ...................... 10

       C.     This Court Should Not Enjoin the Texas Action From Proceeding as to
              the '827 Patent ................................................................................................... 11

V.     CONCLUSION ............................................................................................................. 13

## TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*BP Chems. Ltd. v. Union Carbide Corp.*,
    4 F.3d 975 (Fed. Cir. 1993) ................................................................................................3

*Cardiovascular Imaging Sys. v. Boston Scientific Corp.*,
    No. C93-20902 (RMW), 1994 U.S. Dist. LEXIS 6722 (N.D. Cal. Apr. 26, 1994) .................12

*Chapa v. Mitchell*,
    No. A-05-cv-769-JN, 2005 U.S. Dist. LEXIS 42441 (W.D. Tex. Nov. 4, 2005) .....................8

*Correspondent Servs. Corp. v. First Equities Corp.*,
    338 F.3d 119 (2d Cir. 2003) ................................................................................................5

*Crosley Corp. v. Hazeltine Corp.*,
    122 F.2d 925 (3d Cir. 1941) ................................................................................................3

*Davox Corp. v. Digital Sys. Int'l, Inc.*,
    846 F. Supp. 144 (D. Mass. 1993) .......................................................................................9

*E.E.O.C. v. University of Penn.*,
    850 F.2d 969 (3d Cir. 1988) .................................................................................... 2, 3, 7, 8

*Envirometrics Software, Inc. v. Georgia-Pacific Corp.*,
    No. Civ. A. 97-243-SLR, 1997 WL 699328 (D. Del. Nov. 4, 1997) .......................................7

*Enzo Biochem, Inc. v. Calgene, Inc.*,
    Civ. A. No. 93-110-JJF, 1993 WL 266518 (D. Del. May 18, 1993) ...................................3, 7

*Fatir v. Dowdy*,
    Civ. A. No. 95-677-GMS, 2002 U.S. Dist. LEXIS 16480 (D. Del. Sept. 4, 2002) ...............5, 6

*FMC Corp. v. AMVAC Chem. Corp.*,
    379 F. Supp. 2d 733 n.21, 751 (E.D. Pa. 2005) .....................................................................8

*GAF Bldg. Materials Corp. v. Elk Corp. of Dallas*,
    90 F.3d 479 (Fed. Cir. 1996) ...............................................................................................3

*Genentech, Inc. v. Eli Lilly & Co.*,
    998 F.2d 931 (Fed. Cir. 1993), *cert. denied*, 114 S. Ct. 1126 (1994) ...............................*passim*

*Gen-Probe Inc. v. Vysis, Inc.*,
    359 F.3d 1376 (Fed. Cir. 2004) ...........................................................................................3

*Hanson PLC v. Metro-Goldwyn-Mayer, Inc.*,
    932 F. Supp. 104 (S.D.N.Y. 1996) .......................................................................................9

*Howard v. Snyder*,
    Civ. A. No. 01-376-SLR, 2002 U.S. Dist. LEXIS 4720 (D. Del. Mar. 11, 2002) ....................4

## TABLE OF AUTHORITIES
### (continued)

Page(s)

*HPF, LCC v. Nu Skin Enters., Inc.*,
  Civ. A. No. 99-CV-1505, 1999 U.S. Dist. LEXIS 15200 (E.D. Pa. Sept. 27, 1999) ..... 8, 10, 11

*Hunt Mfg. Co. v. Fiskars OY AB*,
  1997 U.S. Dist. LEXIS 15457 (E.D. Pa. Sept. 30, 1997) .................................................... 7, 10

*Intel Corp. v. AmberWave Sys. Corp.*,
  233 F.R.D. 416 (D. Del. 2005) ........................................................................................... 12

*Jarvis v. U.S.*,
  No. 5:99cv163, 2000 U.S. Dist. LEXIS 15984 (E.D. Tex. Sept. 25, 2000) ............................. 6

*Jet, Inc. v. Sewage Aeration Sys.*,
  223 F.3d 1360 (Fed. Cir. 2000) ............................................................................................ 4

*Kahn v. General Motors Corp.*,
  889 F.2d 1078 (Fed. Cir. 1989) ............................................................................................ 7

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,
  342 U.S. 180 (1952) .............................................................................................................. 7

*Land v. Lichtenstader*,
  Civ. A. No. 02-1509-SLR, 2003 U.S. Dist. LEXIS 9080 (D. Del. May 30, 2003) ................... 4

*Lincoln Nat'l Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*,
  No. 1:04-cv-396-TS, 2006 U.S. Dist. LEXIS 91358 (N.D. Ind. Dec. 18, 2006) ............. 5, 6, 12

*McGregor v. Louisiana State Univ. Bd. of Supervisors*,
  3 F.3d 850 (5th Cir. 1993) ..................................................................................................... 6

*Metrologic Instruments, Inc. v. PSC, Inc.*,
  No. 99-4876 (JBS), 2004 U.S. Dist. LEXIS 24949 (D.N.J. Dec. 13, 2004) ........................... 12

*Newark Branch, NAACP v. Millburn Township*,
  Civ. A. No. 89-4219, 1990 U.S. Dist. LEXIS 17559 (D.N.J. Dec. 27, 1990) ....................... 5, 6

*Nortek, Inc. v. Molnar*,
  36 F. Supp. 2d 63 (D.R.I. 1999) ......................................................................................... 8, 9

*One World Botanicals Ltd. v. Gulf Coast Nutritionals, Inc.*,
  987 F. Supp. 317 (D.N.J. 1997) .......................................................................................... 10

*Optical Recording Corp. v. Capitol-EMI Music, Inc.*,
  803 F. Supp. 971 (D. Del. 1992) ................................................................................... 10, 11

*Optima v. Republic Indus. Inc.*,
  No. 94-3919, 1995 U.S. Dist. LEXIS 2213 (E.D. La. Feb. 21, 1995) ..................................... 5

*PE Corp. v. Affymetrix, Inc.*,
  No. 00-629, 2001 U.S. Dist. LEXIS 15792 (D. Del. Sept. 27, 2001) .................................. 5, 6

- iii -

PUBLIC VERSION - REDACTED

### TABLE OF AUTHORITIES
### (continued)

Page(s)

*Snyder v. Pascack Valley Hosp.,*
   303 F.3d 271 (3d Cir. 2002) ...................................................................................................4

*Tuff Torq Corp. v. Hydro-Gear Ltd. P'ship,*
   882 F. Supp. 359 (D. Del. 1994)...................................................................... 3, 7, 10, 11

*Wilton v. Seven Falls Co.,*
   115 S. Ct. 2137 (1995) ...................................................................................................2

*Xoxide, Inc. v. Ford Motor Co.,*
   448 F. Supp. 2d 1188 (C.D. Cal. 2006)...................................................................9

*Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.,*
   16 Fed. Appx. 433 (6th Cir. 2001)...................................................................8

### Statutes

Fed. R. Civ. P. 15(c)...................................................................... 5, 11, 12

## I.     <u>NATURE AND STAGE OF PROCEEDINGS</u>

Defendants ON Semiconductor Corp. and Semiconductor Components Industries, L.L.C. (collectively, "ON Semiconductor"), oppose the motion to enjoin filed by plaintiffs Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc. and Samsung Austin Semiconductor, L.L.C. (collectively "Samsung").

## II.     <u>INTRODUCTION AND SUMMARY OF ARGUMENT</u>

SEC filed its defective declaratory judgment complaint solely as a negotiation tactic. After Samsung filed its initial and defective declaratory judgment complaint, to Samsung's surprise, ON Semiconductor fought back rather than buckle under. This Court should deny the motion to enjoin and grant ON Semiconductor's motion to dismiss. (*See* Docket Item ("D.I.") 14.)

While Samsung purports to rely on the "first-filed" rule in arguing that ON Semiconductor's Texas Action should be transferred from Texas to Delaware, that rule commands the opposite result in this case. This action (the "Delaware Action") is not the "first-filed" action between the parties; the direct action that ON Semiconductor filed in the United States District Court for the Eastern District of Texas, Case No. 6:06 cv 523 (the "Texas Action") is the first to meet the "first-filed" requirements. This is because: (1) this Court lacks subject matter jurisdiction over Samsung's declaratory judgment claims; (2) ON Semiconductor filed the Texas Action before Samsung filed its amended complaint in the Delaware Action; and (3) the amended Delaware complaint does not relate back to the date of the original Delaware complaint because it alleges new and distinct conduct and transactions. As the Texas court was the first to have "possession of the subject," the Texas Action is the "first-filed" action.

Even if this Court concludes that the Delaware Action is first-filed, extraordinary circumstances exist that justify departing from the first-filed rule and denying Samsung's motion to enjoin. Specifically, both Samsung's bad-faith filing of the Delaware Action and the logistical

constraints placed on the Delaware litigation resulting from the current judicial vacancy constitute the type of circumstances in which courts have disregarded the first-filed rule in favor of litigation proceeding in the second-filed court.

There also is no question that the Texas Action is the first to address ON Semiconductor's '827 patent. Enjoining the Texas Action would deny ON Semiconductor timely adjudication of its patent rights, especially given that this case has been assigned to a judicial vacancy.

## III.   STATEMENT OF FACTS

For a full recitation of the nature of the proceedings and factual background of this case, ON Semiconductor incorporates by reference pages 1-2 and 4-12 of Defendants' Opening Brief in Support of Their Motion to Dismiss and corresponding declarations and exhibits. (D.I. 15, at pp. 1-2, 4-12; D.I. 16-17.) Samsung filed this motion to enjoin on December 21, 2006 (D.I. 10) and also filed a motion to transfer in the Eastern District of Texas on December 26, 2006. (*See* Ex. A.)

## IV.   ARGUMENT

### A.   This Court Should Not Enjoin the Texas Action Because It Was Filed First

This Court should not enjoin the Texas Action, because the Texas court was the first court to have subject matter jurisdiction over the dispute between the parties. This Court lacks subject matter jurisdiction over Samsung's declaratory judgment claims and Samsung's superseding amended complaint does not relate back to the filing date of the original complaint. Thus, the Texas Action is legally the first-filed action.

SEC filed the Delaware Action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, which affords the court discretion to hear, or refuse to hear, the suit. *See Wilton v. Seven Falls Co.*, 115 S. Ct. 2137 (1995); *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 936 (Fed. Cir. 1993), *cert. denied*, 114 S. Ct. 1126 (1994); *E.E.O.C. v. University of Penn.*, 850 F.2d 969, 971 (3d Cir. 1988). If a declaratory judgment action is concurrently filed with an

infringement suit in another jurisdiction, then the first court in which jurisdiction attaches has

priority to consider the case. *See Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir.

1941) ("In all cases of [federal] concurrent jurisdiction, the court which first has possession of the

subject must decide it."); *see also Genentech*, 998 F.2d at 937; *E.E.O.C.*, 850 F.2d at 971; *Tuff*

*Torq Corp. v. Hydro-Gear Ltd. P'ship*, 882 F. Supp. 359, 364 (D. Del. 1994); *Enzo Biochem, Inc.*

*v. Calgene, Inc.*, Civ. A. No. 93-110-JJF, 1993 WL 266518, at *1 (D. Del. May 18, 1993) ("The

party who first brings a controversy *into a court of competent jurisdiction for adjudication*

should, so far as our dual system permits, be free from the vexation of subsequent litigation over

the same subject matter.") (emphasis added).  This is known as the "first-to-file" or "first-filed"

rule. *See id.*

### 1.    This Court Lacks Subject Matter Jurisdiction Over Samsung's Declaratory Claims And Therefore, This Action Was Not First-Filed

As discussed extensively in ON Semiconductor's Motion to Dismiss and relied on herein,

this Court lacks subject matter jurisdiction over the declaratory claims. (D.I. 15, at pp. 12-19.)

That is because SEC did not have an objectively reasonable apprehension that it would be sued

based on either an express threat or other actions by ON Semiconductor when it filed suit. *See*

*Gen-Probe Inc. v. Vysis, Inc.*, 359 F.3d 1376, 1379 (Fed. Cir. 2004); *GAF Bldg. Materials Corp.*

*v. Elk Corp. of Dallas*, 90 F.3d 479, 481 (Fed. Cir. 1996); *BP Chems. Ltd. v. Union Carbide*

*Corp.*, 4 F.3d 975, 977-78 (Fed. Cir. 1993).  Indeed, all that SEC alleges in the original Delaware

complaint about ON Semiconductor's actions is that ON Semiconductor accused SEC of

infringing the patents in suit, asked what SEC believed was too much for a license during

negotiations, and said that ON Semiconductor was not going away. (D.I. 1, at ¶¶ 13-14.)  Even

if true, these facts, at most, signal further negotiation, not an imminent lawsuit.  Indeed, SEC

informed ON Semiconductor that it had filed its original complaint at the exact time that SEC had

said it would respond to the offer ON Semiconductor had made two days earlier. (D.I. 16, at ¶¶

5-6; D.I. 17, at ¶¶ 22-25.) ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████ (D.I. 16, at ¶ 5; D.I. 17, at ¶ 22.)

Nor can the fact that ON Semiconductor filed its own suit *after* SEC filed this improper

anticipatory action have created any reasonable apprehension of suit by SEC during its

negotiations with ON Semiconductor.  Accordingly, because SEC did not have, and could not

have had, a reasonable apprehension of suit as of the date it filed the original Delaware complaint

(when the parties' negotiations were ongoing), this Court lacks subject matter jurisdiction over

the declaratory claims.  (D.I. 15, at pp. 14-19.)  Because the Court lacked jurisdiction, this action

is not afforded priority under the first-filed rule.

>   **2.      The Amended Delaware Complaint Does Not Relate Back To the
>            Filing Date of the Original Delaware Complaint, and Thus Was
>            Filed After the Texas Action**

Samsung may attempt to argue that the Delaware Action is the first-filed action by

claiming that the amended Delaware complaint provides a sufficient basis for subject matter

jurisdiction and that it can relate back to the filing date of the original Delaware complaint.  This

argument carries no merit.

When a party files an amended complaint, the amended complaint supersedes the original

complaint and becomes the governing complaint in the action.  *See Snyder v. Pascack Valley

Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint supersedes the original version

in providing the blueprint for the future course of a lawsuit."); *Land v. Lichtenstader*, Civ. A. No.

02-1509-SLR, 2003 U.S. Dist. LEXIS 9080, at *5 (D. Del. May 30, 2003) ("A pleading that has

been amended . . . [s]upersedes the pleading it modifies . . . Once an amended pleading is

interposed, the original pleading no longer performs any function in the case."); *Howard v.

Snyder*, Civ. A. No. 01-376-SLR, 2002 U.S. Dist. LEXIS 4720, at *5 (D. Del. Mar. 11, 2002)

(same); *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1365 (Fed. Cir. 2000) ("Once an

- 4 -

amended pleading is interposed, the original pleading no longer performs any function in the case.").

In accordance with this rule, courts in many jurisdictions recognize that an amended complaint in one action that is filed after an overlapping action is initiated in a different jurisdiction can *only* be considered first-filed if the amendment relates back to an earlier filing date. *See PE Corp. v. Affymetrix, Inc.*, No. 00-629, 2001 U.S. Dist. LEXIS 15792, at *11 (D. Del. Sept. 27, 2001) ("[T]he court finds that the amended complaint [in the Delaware action] does not relate back to the [original Delaware filing date]. Therefore, the New York action is the first-filed action."); *Lincoln Nat'l Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, No. 1:04-cv-396-TS, 2006 U.S. Dist. LEXIS 91358, at *9-*12 (N.D. Ind. Dec. 18, 2006) (finding an amended complaint second-filed because it did not relate back to an earlier filed complaint); *cf. Optima v. Republic Indus. Inc.*, No. 94-3919, 1995 U.S. Dist. LEXIS 2213, at *3 (E.D. La. Feb. 21, 1995) ("The Court finds that Optima was the first to file *because its amended complaint relates back* to the date of the original complaint.") (emphasis added) (citing Fed. R. Civ. P. 15(c)).

However, an amendment may *only* relate back to an earlier filing date if certain conditions are met, including that the asserted claim must "arise[] out of the conduct or occurrence set forth in the original complaint." Fed. R. Civ. P. 15(c)(2); *see also Fatir v. Dowdy*, Civ. A. No. 95-677-GMS, 2002 U.S. Dist. LEXIS 16480, at *30-*31 (D. Del. Sept. 4, 2002) (holding that allegations in amended complaint concerning events that occurred after the filing of the original complaint could not relate back to the original complaint); *Newark Branch, NAACP v. Millburn Township*, Civ. A. No. 89-4219, 1990 U.S. Dist. LEXIS 17559, at *14 (D.N.J. Dec. 27, 1990) (holding that allegations in amended complaint concerning facts that occurred after the filing of the original complaint "could not relate back to the original complaint because they did not exist as of the date of the original complaint"); *Correspondent Servs. Corp. v. First Equities Corp.*, 338 F.3d 119, 125 (2d Cir. 2003) (holding declaratory judgment claims can only relate back to the date of the original complaint "when the underlying facts, if properly pled, *would*

- 5 -

*have supported jurisdiction at the time the action commenced*") (emphasis added); *McGregor v. Louisiana State Univ. Bd. of Supervisors*, 3 F.3d 850, 863 (5th Cir. 1993) (holding that an "amended complaint will not relate back if it asserts new or distinct conduct, transactions or occurrences as the basis for relief") (citations omitted); *Jarvis v. U.S.*, No. 5:99cv163, 2000 U.S. Dist. LEXIS 15984, at *8 (E.D. Tex. Sept. 25, 2000) (finding that events "on a different date" from those events pled in an original complaint are a "different set of circumstances" and do not relate back to the earlier complaint).

Here, the December 21, 2006 complaint does not relate back because it alleges new conduct – the subsequent filing of the Texas Action – that does not arise out of the conduct or occurrence set forth in the original Delaware complaint. (D.I. 8, at ¶¶ 26, 36, 46 and 52). The initiation of the Texas Action on December 4, 2006 is obviously a new and distinct occurrence from the conduct and occurrences asserted in the original Delaware complaint *because the Texas Action had not been filed by November 30*, the date of the original Delaware complaint. *See, e.g., Fatir*, 2002 U.S. Dist. LEXIS 16480, at *28 ("Relation back is appropriate where a newly asserted claim arises out of the same conduct, transaction, or occurrence that was alleged in the original pleading."); *Newark Branch, NAACP*, 1990 U.S. Dist. LEXIS 17559, at *14. Therefore, the Texas Action, filed 17 days before the superseding amended Delaware complaint, is the first-filed case. *See PE Corp.*, 2001 U.S. Dist. LEXIS 15792, at *11 (finding that an amended complaint in Delaware did not relate back to the original complaint, so the intervening New York action was the first-filed action); *Lincoln Nat'l Life Ins.*, 2006 U.S. Dist. LEXIS 91358, at *9-*12 (finding an amended complaint second-filed because it did not relate back to an earlier filed complaint).

**B.      Even If This Court Finds That the Delaware Action Was Filed First, Exceptional Circumstances Justify Departure From the First-to-File Rule**

If, however, this Court nonetheless finds that the Delaware Action is the first-filed case, there are exceptional circumstances that justify departing from the first-filed rule namely, SEC's

- 6 -

filing the Delaware Action in bad faith and the fact that this case can proceed expeditiously in Texas, particularly in light of the fact that this case is currently assigned to a judicial vacancy.

"The letter and spirit of the first-filed rule . . . are grounded on equitable principles." *Envirometrics Software, Inc. v. Georgia-Pacific Corp.*, No. Civ. A. 97-243-SLR, 1997 WL 699328, at *2 (D. Del. Nov. 4, 1997); *see also E.E.O.C.*, 850 F.2d at 977 ("[F]undamental fairness dictates the need for 'fashioning a flexible response to the issue of concurrent jurisdiction.'... Under this standard, a court must act 'with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result.'"); *Genentech*, 998 F.2d at 937. For this reason, the first-filed rule "is not a rigid or inflexible rule to be mechanically applied." *Envirometrics Software*, 1997 WL 699328, at *2; *see also E.E.O.C.*, 850 F.2d at 976; *Tuff Torq Corp.*, 882 F. Supp. 359 (stating that the authority of the first-to-file rule is "not a mandate directing wooden application..."). Rather, "courts have always had discretion given appropriate circumstances justifying departure from the first-filed rule." *Tuff Torq*, 882 F. Supp. at 364 (citing *E.E.O.C.*, 850 F.2d at 972); *see also Genentech*, 998 F.2d at 937-38; *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989); *Enzo Biochem*, 1993 WL 266518, at *2 ("[U]nder exceptional circumstances it is proper for courts to exercise their discretion and depart from the first-filed rule."). Exceptions to the first-filed rule are made "when justice or expediency requires...." *Genentech,* 998 F.2d at 937 (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)); *see also E.E.O.C.*, 850 F.2d at 976.

Courts have refused to apply the first-filed rule where the filing party engaged in bad faith conduct or where allowing the second-filed action to proceed would best serve the interests of judicial economy. *See Tuff Torq*, 882 F. Supp. at 364-65; *Enzo*, 1993 WL 266518, at *2; *Hunt Mfg. Co. v. Fiskars OY AB*, 1997 U.S. Dist. LEXIS 15457, at *5-8 (E.D. Pa. Sept. 30, 1997) (citing *E.E.O.C.*, 850 F.2d at 971-72).

1.    **SEC's Bad Faith Filing Should Not Be Rewarded**

SEC's bad faith filing of the Delaware Action triggers a well-recognized exception to the

first-filed rule. *See E.E.O.C.*, 850 F.2d at 972; *Genentech*, 998 F.2d at 937-38. The bad faith

exception to the first-filed rule applies where a party preemptively files a declaratory judgment

action during ongoing settlement negotiations and thereby prematurely terminates negotiations.

*See e.g., Chapa v. Mitchell*, No. A-05-cv-769-JN, 2005 U.S. Dist. LEXIS 42441, at *11-12 (W.D.

Tex. Nov. 4, 2005) (finding a bad faith conduct exception to the first-filed rule where a

declaratory judgment suit "ha[d] been filed as a pre-emptive strike by Plaintiff in bad faith amidst

ongoing negotiations with Defendants" because Plaintiff filed the declaratory judgment action

during a period in which Plaintiff had asserted it would respond to Defendants' settlement

demands); *FMC Corp. v. AMVAC Chem. Corp.*, 379 F. Supp. 2d 733, 742 n.21, 751 (E.D. Pa.

2005) (finding a bad faith conduct exception to the first-filed rule where declaratory judgment

plaintiff preemptively and secretly filed suit despite the fact that defendants "had been attempting

to negotiate in good faith"); *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 Fed. Appx.

433, 435-38 (6th Cir. 2001) (finding a bad faith exception to the first-filed rule where a party filed

a declaratory judgment action during a period in which it had said it would respond to the other

party's negotiation letter, and then went "along with written correspondence regarding settlement

while, in fact, the plaintiffs had already filed but not served" a declaratory action).

Specifically, courts have found that "[t]he policy of promoting extrajudicial dispute

resolution may justify departure from the first-filed rule in cases where the initiation of a

declaratory judgment action [1] would undermine the realistic prospect of a negotiated settlement

and [2] is brought to gain an unfair tactical advantage." *HPF, LCC v. Nu Skin Enters., Inc.*, Civ.

A. No. 99-CV-1505, 1999 U.S. Dist. LEXIS 15200, at *8 (E.D. Pa. Sept. 27, 1999) (departing

from first-filed rule because "following the first-filed rule would discourage the sound policy of

promoting extrajudicial dispute resolution" when "[r]ather than negotiating in good faith,

however, HPF raced to the courthouse and thus prematurely cut off negotiations"); *Nortek, Inc. v.*

- 8 -

*Molnar*, 36 F. Supp. 2d 63, 70 (D.R.I. 1999) (departing from first-filed rule where defendant in

declaratory judgment action had "reasonably held off filing suit . . . because he thought the parties

were still negotiating" and stating that "where the Court has discretion, it will not reward conduct

that undermines the sound policy of promoting settlements and negotiations outside the

courthouse"); *Hanson PLC v. Metro-Goldwyn-Mayer, Inc.*, 932 F. Supp. 104, 108 (S.D.N.Y.

1996) (departing from first-filed rule where filing party lulled other side into waiting for promised

settlement negotiations by expressing preference for settlement, and then leveraged the

declaratory judgment suit in negotiations by offering to withdraw the complaint should the parties

reach an amicable solution); *Davox Corp. v. Digital Sys. Int'l, Inc.*, 846 F. Supp. 144, 148 (D.

Mass. 1993) (departing from first-filed rule where plaintiff had filed declaratory judgment despite

having accepted invitation to engage in extrajudicial settlement negotiations since "it would be

inappropriate to reward—and indeed abet—conduct which is inconsistent with the sound policy

of promoting extrajudicial dispute resolution, and conservation of judicial resources"). Indeed, to

apply the first-filed doctrine when a declaratory judgment suit is filed in bad faith during ongoing

negotiations "would unreasonably penalize [a party] which attempted to resolve the dispute

before filing suit." *Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1194 (C.D. Cal. 2006)

(refusing to apply the first-filed rule when declaratory judgment defendant "attempted to

minimize needless litigation and resolve the dispute amicably by negotiating a resolution outside

of litigation" but declaratory judgment plaintiff responded by filing suit).

    SEC filed this faulty declaratory judgment action in an attempt to pressure ON

Semiconductor into accepting a licensing offer.  It initiated the Delaware Action two days after

the parties had confirmed to each other that they preferred to negotiate and after SEC said it was

seeking approval from its board and asked to set another meeting.  (D.I. 17 (Botsch Dec.) at

¶¶ 22-25).  It then made a counteroffer to ON Semiconductor *after* its filing of the Delaware

Action.  (*Id.* at ¶¶ 25-26.)  Further, SEC's filing of the Delaware Action prematurely terminated

over a year's worth of ongoing negotiations, thereby undermining a realistic prospect of

extrajudicial settlement. To apply the first-filed rule and permit the Delaware Action to proceed over the Texas Action would reward SEC for its bad faith attempt to use a declaratory action as leverage in ongoing negotiations, would punish ON Semiconductor for taking SEC and its counsel at their word in pursuing a licensing agreement, and would rail against the sound policy of promoting extrajudicial dispute resolution. The Court should decline Samsung's invitation to reward – and indeed abet – this conduct.

### 2.    This Dispute Can Proceed More Expeditiously In Texas

Because the first-filed rule was developed to conserve judicial resources, courts readily depart from the first-filed rule where judicial economy is best served by allowing the second-filed action to proceed. *See Genentech*, 998 F.2d at 938 (stating that the most important consideration is "conservation of judicial resources and the comprehensive disposition of litigation"); *Optical Recording Corp. v. Capitol-EMI Music, Inc.*, 803 F. Supp. 971, 973 (D. Del. 1992) ("[I]t is equally reasonable and practical for a district court not to defer to the first-filed jurisdiction if the court can demonstrate that the second-filed court can insure that it is in a better position to preserve judicial resources and avoid duplication."); *see also Tuff Torq*, 882 F. Supp. 356 (noting that the first-filed rule "normally serves a purpose of promoting efficiency"); *One World Botanicals Ltd. v. Gulf Coast Nutritionals, Inc.*, 987 F. Supp. 317, 329 (D.N.J. 1997) (departing from the first-filed rule where a transfer to the first-filed court "would be a waste of judicial resources"); *Hunt*, 1997 U.S. Dist. LEXIS 15457, at *7 (holding that courts have also departed from the first-filed rule "based on general considerations of 'judicial and litigant economy'").

Indeed, courts commonly find that exceptional circumstances exist to justify departure from the rule "when the second filed case has developed more rapidly than the first." *Tuff Torq*, 882 F. Supp. at 365 (departing from first-filed rule based on progression of second-filed case); *One World Botanicals*, 987 F. Supp. at 328; *HPF*, 1999 U.S. Dist. LEXIS 15200, at *8-9 (departing from the first-filed rule where second-filed action was "further developed," stating that

"federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources"); *Optical Recording*, 803 F. Supp. at 973.

This case can proceed more expeditiously in Texas where ON Semiconductor's case is assigned to Judge Davis and where the Texas court is in a position to actively address the matters at issue in this instant litigation. The Delaware Action, in contrast, has been assigned to a judicial vacancy since Judge Jordan was elevated to the Third Circuit. In fact, ON Semiconductor filed a motion to dismiss the Delaware Action for lack of subject matter jurisdiction on December 27, 2006, and has received no indication of when the motion will come before a judge with authority to decide it.

It would be fundamentally unfair and inefficient to enjoin the Texas Action, thereby denying ON Semiconductor timely adjudication of its patent rights, in favor of proceeding in a court in which the matter risks languishing for some time until a judge is nominated and confirmed to the vacant position. *See Genentech*, 998 F.2d at 938 (recognizing an exception to the first-filed rule if "sound reason . . . would make it unjust or inefficient to continue the first-filed action"); *Tuff Torq*, 882 F. Supp. at 365 ("The Court finds it is fundamentally unfair to stay litigation that has proceeded further than another previously filed action"). Because the Texas court "can insure that it is in a better position to preserve judicial resources and avoid duplication," this Court should deny Samsung's motion to enjoin the Texas Action. *Optical Recording*, 803 F. Supp. at 973.

**C.    This Court Should Not Enjoin the Texas Action From Proceeding as to the '827 Patent**

Finally, even if this Court were to find that the declaratory counts regarding the '594, '644 and '001 patents do relate back to the original Delaware complaint, the declaratory count regarding the '827 patent does not because the original Delaware complaint made no mention of the '827 patent (D.I. 1). The declaratory claim concerning the '827 patent can only relate back if it is an integral part of the claims in the original Delaware complaint, which it is not. *See* Fed. R.

- 11 -

Civ. P. 15(c)(2); *Metrologic Instruments, Inc. v. PSC, Inc.*, No. 99-4876 (JBS), 2004 U.S. Dist.

LEXIS 24949, at *53 (D.N.J. Dec. 13, 2004) ("[I]nfringement of one patent is not the same

conduct or occurrence as infringement of another patent for the purposes of relation back, unless

the claims . . . integral part of the claims in the first action."); *Lincoln Nat'l Life Ins.*, 2006 U.S.

Dist. LEXIS 91358, at *9 (denying motion to amend to allow a claim for infringement of an

additional patent); *Cardiovascular Imaging Sys. v. Boston Scientific Corp.*, No. C93-20902

(RMW), 1994 U.S. Dist. LEXIS 6722, at *7 (N.D. Cal. Apr. 26, 1994). The '827 patent is

unrelated to the other patents (*see* D.I. 8, Exs. A-D) and does not share a common inventor with

any of them (*see id.*). Far from being integral to the claims of the '594, '644 or '001 patents,

which are directed to circuits or methods of configuring, operating or implementing date

conversion and analog trimming circuits (D.I. 1, Ex. A, at 6:39-10:51; Ex. B, at 5:4-6:56; Ex. C,

at 4:59-6:34), the claims of the '827 patent both relate to a "method of forming metallized bumps

on predetermined terminal areas of a planar substrate." (D.I. 8, Ex. D, at 6:29-65.) Further, the

fact that the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*see* D.I. 15, pp.

5-12), dramatically distinguishes Samsung's cited case. *See Intel Corp. v. AmberWave Sys.*

*Corp.*, 233 F.R.D. 416, 417 (D. Del. 2005) ("[Patentee] itself chose to treat the inventions as

related by making them the subject of the same infringement discussion last May and the same

cease-and-desist letter in the wake of that discussion.").

There is simply no question that the Texas Action is the first to address ON

Semiconductor's '827 patent. Enjoining the Texas Action would deny ON Semiconductor timely

adjudication of its patent rights concerning that patent.

**PUBLIC VERSION - REDACTED**

V.    **CONCLUSION**

For the foregoing reasons, ON Semiconductor respectfully requests that this Court deny

Samsung's motion to enjoin.

> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>
> /s/ *Karen Jacobs Louden*
>
> _____
> Karen Jacobs Louden (#2881)
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899
> (302) 658-9200
> klouden@mnat.com
>     Attorneys for Defendants

Kenneth R. Adamo
JONES DAY
2727 North Harwood Street
Dallas, TX  75201-1515
(214) 220-3939

Tharan Gregory Lanier
Behrooz Shariati
JONES DAY
2882 Sand Hill Road, Suite 240
Menlo Park, CA  94025
(650) 739-3939

January 10, 2007

663762.1

PUBLIC VERSION - REDACTED

# EXHIBIT A

**PUBLIC VERSION - REDACTED**

### U.S. District Court [LIVE]
### Eastern District of TEXAS LIVE (Tyler)
### CIVIL DOCKET FOR CASE #: 6:06-cv-00523-LED

ON Semiconductor Corporation et al v. Samsung
Electronics Co., Ltd. et al
Assigned to: Judge Leonard Davis
Cause: 35:271 Patent Infringement

Date Filed: 12/04/2006
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**ON Semiconductor Corporation**    represented by **Hilda Contreras Galvan**
Jones Day - Dallas
2727 N Harwood St
Dallas, TX 75201
214/969-4556
Fax: 12149695100
Email: hcgalvan@jonesday.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth Robert Adamo**
Jones Day
2727 N Harwood St
Dallas, TX 75201-1515
214-969-4856
Email: kradamo@jonesday.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Semiconductor Components**    represented by **Hilda Contreras Galvan**
**Industries, LLC**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth Robert Adamo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

PUBLIC VERSION - REDACTED

**Defendant**

**Samsung Electronics Co., Ltd.**


**Defendant**

**Samsung Electronics America, Inc.**          represented by  **Michael Edwin Jones**
Potter Minton PC
110 N College
Suite 500
PO Box 359
Tyler, TX 75710-0359
903/597/8311
Fax: 9035930846
Email: mikejones@potterminton.com
*ATTORNEY TO BE NOTICED*


**Defendant**

**Samsung Telecommunications**          represented by  **Michael Edwin Jones**
**America General, LLC**                          (See above for address)
*ATTORNEY TO BE NOTICED*


**Defendant**

**Samsung Semiconductor, Inc.**          represented by  **Michael Edwin Jones**
(See above for address)
*ATTORNEY TO BE NOTICED*


**Defendant**

**Samsung Austin Semiconductor,**          represented by  **Michael Edwin Jones**
**LLC**                          (See above for address)
*ATTORNEY TO BE NOTICED*


| Date Filed | # | Docket Text |
|---|---|---|
| 12/04/2006 | 1 | COMPLAINT against Samsung Austin Semiconductor, LLC, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, LLC, Samsung Semiconductor, Inc. (Filing fee $ 350 pd.) , filed by ON Semiconductor Corporation, Semiconductor Components Industries, LLC. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D)(mjc ) (Entered: 12/06/2006) |
| 12/04/2006 | | Filing fee received: $ 350.00, receipt number 6-1-7763 (mjc ) (Entered: |

## PUBLIC VERSION - REDACTED

| | | 12/06/2006 |
|---|---|---|
| 12/04/2006 | 2 | E-GOV SEALED SUMMONS Issued as to Samsung Austin Semiconductor, LLC, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, LLC, Samsung Semiconductor, Inc. (mjc ) (Entered: 12/06/2006) |
| 12/04/2006 | 3 | Summons Reissued as to Samsung Austin Semiconductor, LLC. (mjc ) (Entered: 12/06/2006) |
| 12/06/2006 | 4 | Form mailed to Commissioner of Patents and Trademarks. (mjc ) (Entered: 12/06/2006) |
| 12/06/2006 | 5 | CORPORATE DISCLOSURE STATEMENT filed by Semiconductor Components Industries, LLC identifying ON Semiconductor Corp. as Corporate Parent. (Galvan, Hilda) (Entered: 12/06/2006) |
| 12/06/2006 | 6 | CORPORATE DISCLOSURE STATEMENT filed by ON Semiconductor Corporation (Galvan, Hilda) (Entered: 12/06/2006) |
| 12/26/2006 | 7 | MOTION to Change Venue *Defendants' Motion to Transfer to the District of Delaware Pursuant to the First-to-File Rule* by Samsung Austin Semiconductor, LLC, Samsung Electronics America, Inc., Samsung Telecommunications America General, LLC, Samsung Semiconductor, Inc.. (Attachments: # 1 Affidavit Declaration of Patrick Muir# 2 Affidavit Declaration of Michael Jones# 3 Exhibit 1 to Jones Declaration# 4 Exhibit 2 to Jones Declaration# 5 Exhibit 3 to Jones Declaration# 6 Exhibit 4 to Jones Declaration# 7 Exhibit 5 to Jones Declaration# 8 Text of Proposed Order)(Jones, Michael) (Entered: 12/26/2006) |
| 12/26/2006 | 8 | ANSWER to Complaint with Jury Demand by Samsung Austin Semiconductor, LLC, Samsung Electronics America, Inc., Samsung Telecommunications America General, LLC, Samsung Semiconductor, Inc..(Jones, Michael) (Entered: 12/26/2006) |
| 12/26/2006 | 9 | CORPORATE DISCLOSURE STATEMENT filed by Samsung Austin Semiconductor, LLC, Samsung Electronics America, Inc., Samsung Telecommunications America General, LLC, Samsung Semiconductor, Inc. (Jones, Michael) (Entered: 12/26/2006) |
| 12/26/2006 | 10 | MOTION to Seal *Defendants' Unopposed Motion for Leave to File and Amended Unredacted Version of Their Previously File Motion to Transfer to the District of Delaware Pursuant to the First-to-File Rule, Under Seal* by Samsung Austin Semiconductor, LLC, Samsung Electronics America, Inc., Samsung Telecommunications America General, LLC, Samsung Semiconductor, Inc.. (Attachments: # 1 Text of Proposed Order)(Jones, Michael) (Entered: 12/26/2006) |

PUBLIC VERSION - REDACTED

| 01/03/2007 | 11 | ORDER granting 10 Motion to Seal. Defendants are authorized to file an amended, non-redacted version of their previously filed Motion to Transfer to the District of Delaware pursuant to the First-To-File rule under seal. Signed by Judge Leonard Davis on 1/3/07. (kjr, ) (Entered: 01/04/2007) |
| --- | --- | --- |
| 01/04/2007 | 12 | SEALED PATENT MOTION by Samsung Austin Semiconductor, LLC, Samsung Electronics America, Inc., Samsung Telecommunications America General, LLC, Samsung Semiconductor, Inc.. (Attachments: # (1) Muir Declaration# (2) Exhibit A to Muir Declaration# (3) Exhibit B to Muir Declaration# (4) Exhibit C to Muir Declaration# (5) Exhibit D to Muir Declaration# (6) Exhibit E to Muir Declaration# (7) Exhibit F to Muir Declaration# (8) Exhibit G to Muir Declaration# (9) Jones Declaration# (10) Exhibit 1 to Jones Declaration# (11) Exhibit 2 to Jones Declaration# (12) Exhibit 3 to Jones Declaration# (13) Exhibit 4 to Jones Declaration# (14) Exhibit 5 to Jones Declaration# (15) Text of Proposed Order)(Jones, Michael) (Entered: 01/04/2007) |
| 01/05/2007 | 13 | MOTION for Leave to File *Under Seal Plaintiffs' Opposition to Defendants' Motion to Transfer to the District of Delaware Pursuant to the First to File Rule (Unopposed)* by ON Semiconductor Corporation, Semiconductor Components Industries, LLC. (Attachments: # 1 Text of Proposed Order)(Adamo, Kenneth) (Entered: 01/05/2007) |
| 01/08/2007 | 14 | NOTICE of Attorney Appearance by Michael Charles Smith on behalf of ON Semiconductor Corporation, Semiconductor Components Industries, LLC (Smith, Michael) (Entered: 01/08/2007) |
| 01/08/2007 | 15 | SEALED RESPONSE to Motion re 7 MOTION to Change Venue *Defendants' Motion to Transfer to the District of Delaware Pursuant to the First-to-File Rule* filed by ON Semiconductor Corporation, Semiconductor Components Industries, LLC. (Attachments: # (1) Affidavit Declaration of G. Sonny Cave# (2) Affidavit Declaration of Tharan Gregory Lanier# (3) Exhibit 1# (4) Exhibit 2# (5) Errata 3# (6) Exhibit 4# (7) Exhibit 5# (8) Affidavit Declaration of Bradley J. Botsch# (9) Exhibit 1# (10) Exhibit 2# (11) Exhibit 3# (12) Exhibit 4# (13) Exhibit 5# (14) Exhibit 6# (15) Exhibit 7# (16) Exhibit 8# (17) Exhibit 9# (18) Exhibit 10# (19) Exhibit 11# (20) Exhibit 12# (21) Exhibit 13# (22) Text of Proposed Order)(Adamo, Kenneth) (Entered: 01/08/2007) |
| 01/08/2007 | 16 | ORDER granting 13 Motion for Leave to File Plaintiffs' Opposition to Defendants' Motion to Transfer to the District of Delaware under seal . Signed by Judge Leonard Davis on 1/8/07. (mjc ) (Entered: 01/08/2007) |

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on January 18, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Josy W. Ingersoll
> John W. Shaw

I also certify that copies were caused to be served on January 18, 2007 upon the following in the manner indicated:

### BY HAND

> Josy W. Ingersoll
> John W. Shaw
> Andrew A. Lundgren
> YOUNG, CONAWAY, STARGATT & TAYLOR LLP
> The Brandywine Building
> 1000 West Street, 17th Flr.
> Wilmington, DE 19899

### BY FEDERAL EXPRESS

> John M. Desmarais
> James E. Marina
> KIRKLAND & ELLIS
> 153 East 53rd Street
> New York, NY 10022

> */s/ Karen Jacobs Louden*
> _____
> Karen Jacobs Louden
> klouden@mnat.com