IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO. LTD, ) <br> SAMSUNG ELECTRONICS AMERICA, INC., ) <br> SAMSUNG TELECOMMUNICATIONS ) <br>    AMERICA GENERAL, LLC, ) <br> SAMSUNG SEMICONDUCTOR, INC., and ) <br> SAMSUNG AUSTIN SEMICONDUCTOR LLC, ) <br>                  Plaintiffs, ) <br>      v. ) <br> ON SEMICONDUCTOR CORP. and ) <br> SEMICONDUCTOR COMPONENTS ) <br> INDUSTRIES, LLC, ) <br>                  Defendants. ) | C.A. No. 06-720 (***) <br><br> **CONFIDENTIAL --** <br> **FILED UNDER SEAL** |

**SECOND DECLARATION OF G. SONNY CAVE**
**IN SUPPORT OF MOTION TO DISMISS**

Original filing date: January 22, 2007

Redacted Filing Date: January 29, 2007

SVI-42968v1

**PUBLIC VERSION - REDACTED**

I, G. Sonny Cave, declare:

1. I am the Senior Vice President, General Counsel, and Chief Compliance and Ethics Officer of ON Semiconductor Corp. and Semiconductor Components Industries, LLC, (collectively "ON Semiconductor"). The following declaration is based on my personal knowledge. If called upon to testify, I could testify competently as to the matters set forth herein.

2. This Declaration is submitted in response the January 12, 2007 Declarations of Jay Shim and Patrick Muir, both of which I have read.

3. I had no indication that Mr. Muir was connected to the November 28, 2006 telephone conference between ON Semiconductor and Samsung. Similarly, I had no indication that he was connected to the telephone conversation Mr. Shim and I had when I called Mr. Shim on November 30, 2006. Mr. Muir never spoke, and never indicated he was on the line.

4. On August 16, 2006, I received a telephone call from Brad Botsch, who is the Vice President and Chief Intellectual Property Officer of Semiconductor Components Industries, LLC. In this call, Mr. Botsch told me that less than an hour earlier he had left the negotiation meeting between ON Semiconductor and Samsung Electronics Co. Ltd. ("Samsung"), regarding licensing U.S. Patent Nos. 5,563,594 ("the '594 Patent"); 6,362,644 ("the '644 Patent"); and 5,361,001 ("the '001 Patent"). During this call, Mr. Botsch described what had happened at the meeting in a manner that was consistent with the description of the same meeting in Mr. Botsch's declaration filed in this action on December 27, 2006 (¶¶ 11-12), as well as with the January 22, 2007 Declarations of Mr. Botsch (¶¶ 6-8) and Peter Green (¶¶ 2-4). Mr. Botsch did not say that Samsung had said it would only pay [REDACTED] in the licensing negotiations.

**PUBLIC VERSION - REDACTED**

     5.     On September 28, 2006, I was in the United States and I received a telephone call from Mr. Botsch, who was in Korea at the time. Mr. Botsch told me that his meeting with Samsung had ended less than an hour earlier and that he was in a cab returning to his hotel from the meeting. His description of the meeting during that call was consistent with the description of the same meeting in Mr. Botsch's declaration filed in this action on December 27, 2006 (¶¶ 15-16), and with the description in his January 22, 2007 Declaration (¶ 10). Specifically, Mr. Botsch told me that he had started the meeting by telling Mr. Shim that if Mr. Shim thought ON Semiconductor is a patent troll and that its patent have no value, he should say so. Mr. Botsch told me that Mr. Shim responded that "you are not a patent troll and I want to give value to your patents." Mr. Botsch told me that Mr. Shim did not contradict this position throughout the meeting, but that Mr. Shim had stated he was not prepared to make a counteroffer yet. Mr. Botsch told me that the parties had ended the meeting by agreeing to meet again in November, and that each party would bring a proposed agreement with concrete terms.

     6.     During the November 28, 2006 telephone conference between Mr. Shim, Mr. Botsch, and me, neither Mr. Botsch nor I asked Samsung to make a "substantial" offer. We did initially ask that Samsung make its *first* offer before ON Semiconductor made its second offer, but did not use the word "substantial." Nor did I ever hear Mr. Shim ever use the word "gunpoint," or words to that effect. I did ask Mr. Shim to tell us what he thought reasonable consideration would be for a license to the '594, '644, and '001 Patents, to which he responded that he needed to hear ON Semiconductor's opinion first.

     7.     To keep these negotiations moving, I made ON Semiconductor's second offer, even though Samsung had not yet given its first offer. [REDACTED]

**PUBLIC VERSION - REDACTED**

8.  In his Declaration, Mr. Shim states that he was "flabbergasted" by ON Semiconductor's November 28, 2006 offer and that he only told us that he would present the ON Semiconductor offer to his management because "I am required to report all offers back to Samsung." (Shim Dec. ¶¶ 9-10.) However, at the meeting, Mr. Shim gave no indication of having these thoughts, and made no such statement regarding his reporting obligation. Nor did he say anything indicating that he rejected ON Semiconductor's invitation to counteroffer or that he wished to end negotiations. The fact that Mr. Shim said he would contact us after speaking with his management and board, combined with Mr. Shim's earlier statements in the meeting affirming that Samsung shared ON Semiconductor's preference not to litigate this matter, certainly indicated to me that Samsung was planning at that point to continue negotiations with ON Semiconductor without resorting to litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____
G. Sonny Cave

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on January 29, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Josy W. Ingersoll
> John W. Shaw

I also certify that copies were caused to be served on January 29, 2007 upon the following in the manner indicated:

### BY HAND

> Josy W. Ingersoll
> John W. Shaw
> Andrew A. Lundgren
> YOUNG, CONAWAY, STARGATT & TAYLOR LLP
> The Brandywine Building
> 1000 West Street, 17th Flr.
> Wilmington, DE  19899

### BY FEDERAL EXPRESS

> John M. Desmarais
> James E. Marina
> KIRKLAND & ELLIS
> 153 East 53rd Street
> New York, NY  10022

*/s/ Karen Jacobs Louden*
_____
Karen Jacobs Louden
klouden@mnat.com