IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., <br> SAMSUNG ELECTRONICS AMERICA, INC., <br> SAMSUNG TELECOMMUNICATIONS <br>   AMERICA GENERAL, L.L.C., <br> SAMSUNG SEMICONDUCTOR, INC., and <br> SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> ON SEMICONDUCTOR CORP. <br><br> and <br><br> SEMICONDUCTOR COMPONENTS <br> INDUSTRIES, LLC, <br><br> Defendants. | Civil Action No. 06-CV-0720 (***) |

**PLAINTIFFS' MOTION TO REASSIGN CASE**

Plaintiffs Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), Samsung Telecommunications America General, L.L.C. ("STA"), Samsung Semiconductor, Inc. ("SSI"), and Samsung Austin Semiconductor, L.L.C. ("SAS") (collectively, "Plaintiffs"), hereby move to have this action reassigned to a District Judge of this Court. This motion is necessitated by Defendants' refusal to consent to having Magistrate Judge Thynge — to whom this action was assigned for pretrial proceedings following Judge Jordan's elevation to the Third Circuit — decide the two pending motions to dismiss filed by Defendants (D.I. 14 and 25). Defendants are attempting to use that refusal to gain an unfair advantage over Plaintiffs in

this Court and in the Eastern District of Texas where Defendants filed a duplicative action after this action was filed.

I.  **BACKGROUND**

SEC filed its original declaratory-judgment Complaint in this action (the "Delaware Action") on November 30, 2006, seeking a declaration that three United States patents purportedly owned by Defendants are invalid and not infringed by SEC (D.I. 1). This action was assigned to Judge Jordan on December 6, 2006, and was subsequently assigned to Magistrate Judge Thynge for pretrial proceedings following Judge Jordan's elevation to the Third Circuit.

On December 4, 2006, Defendants filed an infringement action against SEC in the United States District Court for the Eastern District of Texas, Case No. 6:06 cv 523 (the "Texas Action"), alleging infringement by SEC of the same three patents at issue in the Delaware Action, as well as a fourth patent. Defendants also named four SEC affiliates as co-defendants in the Texas Action —SEA, STA, SSI, and SAS.

Plaintiffs filed an Amended Complaint in the Delaware Action on December 21, 2006, adding SEA, STA, SSI, and SAS as co-plaintiffs with SEC, adding claims for declaratory judgment of noninfringement and invalidity of the '827 patent, and adding a claim against Defendants for infringement of an SEC patent (D.I. 8). Plaintiffs also filed on December 21, 2006 a motion to enjoin Defendants from pursuing the Texas Action (D.I. 10-12.)

On December 26, 2006, Plaintiffs SEA, STA, SSI, and SAS filed a motion to transfer the Texas Action to this Court pursuant to the Fifth Circuit's first-to-file rule.[1] That motion is fully briefed and pending before the Texas court.

---

[1] SEC, a Korean company with offices in Korea, has not been served with the Complaint in the Texas Action, and therefore did not join in the motion to transfer. If and when SEC is served by Defendants in the Texas Action via the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, it will join in the motion to transfer.

On December 27, 2006, Defendants filed a motion to dismiss the original Complaint, alleging that this Court does not have subject matter jurisdiction over this action because SEC did not have a reasonable apprehension of suit when it filed the original Complaint on November 30, 2006 (D.I. 14).  On January 11, 2007, Defendants filed an opposition to Plaintiffs' motion to enjoin (D.I. 24), as well as a motion to dismiss the Amended Complaint (D.I. 25).  The motions to dismiss and motion to enjoin are fully briefed.

On February 5, 2007, Plaintiffs notified Defendants that they consented to Magistrate Judge Thynge's jurisdiction over the pending motions to dismiss and motion to enjoin, and inquired whether Defendants also consented.  (Ex. A.)  Defendants responded on February 8, 2007, informing Plaintiffs that they did not consent to Magistrate Judge Thynge deciding the pending motions.  (Ex. B.)

## II.     ARGUMENT

Defendants are unfairly citing Judge Jordan's elevation to the Third Circuit, and the fact that Magistrate Judge Thynge does not have the statutory authority to decide the pending motions to dismiss absent their consent — which they are withholding — as reason for both this Court and the Texas court to depart from the first-filed rule.  For example, Defendants made the following argument to the Texas court in opposing Plaintiffs' motion to transfer the Texas Action to this Court:

> Transferring this action to Delaware would deny ON Semiconductor timely adjudication of its patent rights . . . and relegates ON Semiconductor to waiting for nomination and confirmation of a judge before its motion to dismiss SEC's improperly filed declaratory judgment action can be decided or the action can be fully prosecuted.

(Ex. C, at 16.)

While there is no reason to believe at this juncture that a replacement for Judge Jordan will not be promptly named or that the resolution of this action will be delayed at all, Defendants

3

should not be permitted to gain an unfair advantage by manufacturing the potential for delay through the filing of dispositive motions coupled with a refusal to consent to Magistrate Judge Thynge's jurisdiction. Moreover, SEC should not be deprived of its choice of forum because Judge Jordan was elevated to the Third Circuit. SEC obviously had no control over which Judge was originally assigned to this case, or over the timing of Judge Jordan's elevation.

This action is the first-filed action, and this Court, not the second-filed Texas court, should decide where this case should proceed. *See, e.g., Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999) (under the "first-to-file" rule, the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed). Thus, to ensure that this Court decides where the parties' dispute should be resolved, Plaintiffs respectfully request reassignment of this case to a District Judge of this Court.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order (i) reassigning this case to District Judge of this Court; and (ii) granting such further relief as the Court deems just and proper.

Respectfully submitted,

Dated: February 17, 2007

/s/ *Andrew A. Lundgren*
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
**YOUNG CONAWAY STARGATT
& TAYLOR LLP**
The Brandywine Building
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600
alundgren@ycst.com

4

OF COUNSEL:

John M. Desmarais
James E. Marina
**KIRKLAND & ELLIS LLP**
153 East 53rd Street
New York, New York 10022-4675
(212) 446-4800

*Attorneys for Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C.*

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on February 17, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Karen Jacobs Louden, Esquire
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> PO Box 1347
> Wilmington, DE 19899-1347

I further certify that on February 17, 2007, I caused a copy of the foregoing document to be served by **hand delivery** on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

> Kenneth R. Adamo, Esquire
> Jones Day
> 2727 North Harwood Street
> Dallas, TX 75201
>
> T. Gregory Lanier, Esquire
> Behrooz Shariati, Esquire
> Jones Day
> 2882 Sand Hill Road, Suite 240
> Menlo Park, CA 94025

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/S/ *ANDREW A. LUNDGREN*
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street
Wilmington, DE 19801
302-571-6600
alundgren@ycst.com

# EXHIBIT A

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH

JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801
P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-6743
DIRECT FAX: 302-571-3511
alundgren@ycst.com

JOSEPH M. BARRY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
JEFFREY T. CASTELLANO
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
KAREN LANTZ
TIMOTHY E. LENGKEEK

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
PATRICIA A. WIDDOSS

ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
(NJ & PA ONLY)
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER
JOHN E. TRACEY
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

February 5, 2007

Karen Jacobs Louden
Morris Nichols Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE 19801

    Re:   *Samsung Electronics Co. Ltd. v. ON Semiconductor Corp.*, C.A. No. 06-720

Dear Karen:

    Please let us know whether Defendants object to Magistrate Judge Thynge deciding Plaintiffs' pending motion to enjoin (D.I. 10) and Defendants' two pending motions to dismiss (D.I. 14 and 25). Plaintiffs have no objection to Magistrate Judge Thynge deciding these motions.

                   Very truly yours,

                   Andrew A. Lundgren

AAL:cac

cc:   James Marina, Esquire

# EXHIBIT B

Case 1:06-cv-00720-JJF   Document 55-2   Filed 02/17/2007   Page 3 of 7

# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Karen Jacobs Louden
302 351 9227
302 425 4681 Fax
klouden@mnat.com

February 8, 2007

**By Hand**

Andrew A. Lundgren, Esq.
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

      Re:    *Samsung Electronics Co. v. ON Semiconductor Corp.*, C.A. No. 06-720

Dear Andrew:

      I write in response to your February 5, 2007 letter, in which you ask whether defendants ("ON Semiconductor") object to Magistrate Judge Thynge deciding Plaintiff's pending motion to enjoin (D.I. 10) and ON Semiconductor's two pending motions to dismiss (D.I. 14 and 25). ON Semiconductor does not consent to the Magistrate Judge deciding those motions, which implicate important substantive rights. Defendants' motions to dismiss are case dispositive and plaintiff's motion seeks injunctive relief. By statute, such matters are to be decided by an Article III Judge. *See* 28 U.S.C. § 636(b). ON Semiconductor is not willing to waive its statutory right. In any event, we do not see how having Judge Thynge decide these motions would be likely to expedite matters given what we understand about her caseload.

      Sincerely,

      Karen

      Karen Jacobs Louden

730454.2

FEB 0 3 2007

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ON SEMICONDUCTOR CORPORATION,<br><br>and<br><br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, L.L.C.<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>  AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR, L.L.C.,<br><br>Defendants. | Civil Action No. 6:06-CV-523<br><br>Judge Leonard Davis<br><br>**ON SEMICONDUCTOR'S OPPOSITION TO SAMSUNG'S MOTION TO TRANSFER TO THE DISTRICT OF DELAWARE PURSUANT TO THE FIRST-TO-FILE RULE** |

**FILED UNDER SEAL**

Kenneth R. Adamo
Hilda C. Galvan
JONES DAY
2727 North Harwood Street
Dallas, TX 75201-1515
(214) 220-3939

Tharan Gregory Lanier
Behrooz Shariati
JONES DAY
2882 Sand Hill Road, Suite 240
Menlo Park, CA 94025
(650) 739-3939

Dated: January 8, 2007

Michael C. Smith
THE ROTH LAW FIRM
115 N. Wellington, Suite 200
Marshall, TX 75670
(903) 935-1665

*Attorneys for ON Semiconductor Corp. and Semiconductor Components Industries, L.L.C.*

MPI-42628v1

declaratory judgment action and wise judicial administration instructs that such an abuse of the judicial system should not be rewarded.

### 3. Granting This Motion May Deny ON Semiconductor The Prompt Legal Resolution Of Its Patent Rights To Which It Is Entitled

By Standing Order, the Delaware action as been "reassigned to [a] vacant judicial position" since December 15, 2006. (Lanier Dec., Ex. 4.) ON Semiconductor filed a motion to dismiss the Delaware action for lack of subject matter jurisdiction on December 27, 2006, and has received no indication of when the motion will come before a judge with authority to decide it. (Lanier Dec., Ex. 1.) Transferring this action to Delaware would deny ON Semiconductor timely adjudication of its patent rights, including rights to the '827 patent, and relegates ON Semiconductor to waiting for nomination and confirmation of a judge before its motion to dismiss SEC's improperly filed declaratory judgment action can be decided or the action can be fully prosecuted. This result would be at odds with the very purpose of the Declaratory Judgment Act, under which SEC brought the Delaware Action, which is to permit a party to initiate legal action where the interests of another party to a dispute "may be served by delay in taking legal action." *BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 977 (Fed. Cir. 1993). As such, sound judicial administration calls for this motion to be denied so the Declaratory Judgment Act itself cannot be used to delay these proceedings.

This current motion is different from other motions to transfer patent actions under the first-filed rule, where courts "assume, of course, that there will be prompt action in the [transferee] theatre." *Kerotest*, 342 U.S. at 183. Indeed, this Court has transferred actions under the first-filed rule to jurisdictions where judges were actively addressing the matters. *See National Instruments Corp. v. SoftWire Tech., LLC*, No. 2:03-CV-047, 2003 U.S. Dist. LEXIS 26952, ** 4-5 (E.D. Tex. May 9, 2003) (Ward, J.) (transferring to a district in which the Eastern