IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO. LTD., <br> SAMSUNG ELECTRONICS AMERICA, INC., <br> SAMSUNG TELECOMMUNICATIONS <br>  AMERICA GENERAL, LLC, <br> SAMSUNG SEMICONDUCTOR, INC., and <br> SAMSUNG AUSTIN SEMICONDUCTOR LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ON SEMICONDUCTOR CORP. and <br> SEMICONDUCTOR COMPONENTS <br> INDUSTRIES, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 06-720 (***) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' RESPONSE TO**
**PLAINTIFFS' MOTION TO REASSIGN CASE**

Defendants ON Semiconductor Corp. and Semiconductor Components Industries, LLC (collectively "ON Semiconductor") take no position regarding plaintiffs' Motion to Reassign this Case. (D.I. 55.) Indeed, had plaintiffs conferred with ON Semiconductor with respect to this motion, as required by D. Del. LR 7.1.1, plaintiffs would have known that ON Semiconductor does not oppose assignment of this case to an Article III judge. ON Semiconductor, however, respects this Court's discretion regarding administration of the cases pending before it. While ON Semiconductor seeks prompt judicial resolution of this dispute, it recognizes that numerous other cases are currently assigned to the vacant judicial position following Judge Jordan's elevation to the Third Circuit, and that numerous other cases are also pending before each District Judge of this Court.

Plaintiffs' argument that ON Semiconductor has attempted to "gain unfair advantage" is baseless. (D.I. 55 at 1-4.) It, of course, goes without saying that ON Semiconductor had nothing to do with plaintiffs' filing of this case, the assignment of this case to Judge Jordan, or his elevation to the Third Circuit. ON Semiconductor has moved to dismiss this action because plaintiffs had no reasonable apprehension of suit when this case was filed, and therefore, the Court lacks subject matter jurisdiction over plaintiffs' declaratory judgment claims. (D.I. 14, 15 & 25, 26.) These motions, as well as plaintiffs' motion to enjoin (D.I. 10), are case dispositive and involve important substantive rights. There is nothing improper about ON Semiconductor's refusal to waive its statutory right to have these motions decided by an Article III Judge.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*

Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
klouden@mnat.com
*Attorneys for defendants*

OF COUNSEL:

Kenneth R. Adamo
JONES DAY
2727 North Harwood Street
Dallas, TX 75201-1515
(214) 220-3939

T. Gregory Lanier
Behrooz Shariati
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
(650) 739-3939

March 2, 2007

747859.1

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on March 2, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>John W. Shaw
>Andrew A. Lundgren

I also certify that copies were caused to be served on March 2, 2007 upon the following in the manner indicated:

**BY HAND**

>John W. Shaw
>Andrew A. Lundgren
>YOUNG, CONAWAY, STARGATT & TAYLOR LLP
>The Brandywine Building
>1000 West Street, 17th Flr.
>Wilmington, DE  19899

**BY FEDERAL EXPRESS**

>John M. Desmarais
>James E. Marina
>KIRKLAND & ELLIS
>153 East 53rd Street
>New York, NY  10022

>*/s/ Karen Jacobs Louden*
>_____
>klouden@mnat.com