# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Karen Jacobs Louden
302 351 9227 (phone)
302 425-4681 fax
klouden@mnat.com

March 26, 2007

By E-Filing

Magistrate Judge Mary Pat Thynge
U.D. District Court
District of Delaware
844 N. King Street
Wilmington, DE 19801

Re:    Samsung Elec. Co. Ltd. v. ON Semiconductor Corp.
C.A. No. 06-720 (***)

Dear Judge Thynge:

Pursuant to the Court's direction at the March 14, 2007 Status Conference, defendants ON Semiconductor Corp. and Semiconductor Components Industries LLC ("ON Semiconductor") hereby submit a proposed Scheduling Order (Exhibit A) and a chart comparing the major deadlines in the parties' respective proposals (Exhibit B).

Although the parties largely agree on the overall timing of the case, they disagree in several significant respects with respect to the interim deadlines and the overall management of the case. First, ON Semiconductor has proposed setting dates for the exchange of contentions on infringement, invalidity and willfulness, so that discovery can proceed on the same basis in Delaware and Texas until the forum dispute is resolved, and because ON Semiconductor believes that the parties will benefit from this exchange of contentions. Second, ON Semiconductor has proposed that claim construction be decided before expert discovery (which also is the practice of Judges Sleet and Farnan), also to keep this case on parity with the Texas procedures and to streamline expert discovery. Finally, ON Semiconductor understood from Your Honor's comments at the March 14 conference that the Scheduling Order will not set a pretrial conference or trial date. (D.I. 64 at Tr. 11). Thus, ON Semiconductor has provided proposed dates with the understanding that they are suggestions for Your Honor's information.

Hon. Mary Pat Thynge
March 26, 2007
Page 2


    We are available to discuss ON Semiconductor's proposed Scheduling Order at the Court's convenience should the Court wish to hold a conference.


       Respectfully,

       */s/ Karen Jacobs Louden*

       Karen Jacobs Louden (#2881)
       klouden@mnat.com


/cbh

cc:  Clerk of the Court
   John Shaw, Esquire (by hand and email)
   James Marina, Esquire (by email)
   Behrooz Shariati, Esquire (by email)

777790.1

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS CO. LTD., | ) | |
| SAMSUNG ELECTRONICS AMERICA, INC., | ) | |
| SAMSUNG TELECOMMUNICATIONS | ) | |
|   AMERICA GENERAL, LLC, | ) | |
| SAMSUNG SEMICONDUCTOR, INC., and | ) | |
| SAMSUNG AUSTIN SEMICONDUCTOR LLC, | ) | |
| | ) | C.A. No.  06-720 (***) |
|                            Plaintiffs, | ) | |
| | ) | |
|        v. | ) | |
| | ) | |
| ON SEMICONDUCTOR CORP. and | ) | |
| SEMICONDUCTOR COMPONENTS | ) | |
| INDUSTRIES, LLC, | ) | |
| | ) | |
|                            Defendants. | ) | |

**[PROPOSED] SCHEDULING ORDER
SUBMITTED BY DEFENDANTS ON SEMICONDUCTOR CORP.
AND SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC.**

This ___ day of _____, 2007, the Court having conducted an initial Rule 16

scheduling and planning conference pursuant to Local Rule 16.2(a) on _____, 2007,

and the parties having determined after discussion that the matter cannot be resolved at this

juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.    Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.  The parties

agree that they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure

26(a)(1) within **10 days** of the date of this Order, except that documents normally produced in

connection with initial disclosure requirements shall be produced instead in response to the

parties' respective document requests.  If they have not already done so, the parties are to review

the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov/Announce/HotPage21.htm, and is incorporated herein by reference.

2.    <u>Disclosure of Asserted Claims and Preliminary Infringement Contentions</u>. Defendants (collectively, "ON Semiconductor") and Plaintiffs (collectively "Samsung") shall by **May 10, 2007** serve on each other a "Disclosure of Asserted Claims and Infringement Contentions," which shall provide the information set forth in Exhibit 1 (attached hereto).

3.    <u>Disclosure of Invalidity Contentions</u>.  ON Semiconductor and Samsung shall by **June 28, 2007** serve on each other their "Disclosure of Invalidity Contentions," which shall provide the information set forth in Exhibit 1 (attached hereto).

4.    <u>Amending Infringement and Invalidity Contentions</u>.

(a)    <u>Leave not required</u>:  Each party's infringement contentions and invalidity contentions shall be deemed to be that party's final contentions, except as set forth below.

(1)  If a party believes in good faith that the Court's Claim Construction Ruling or the discovery or disclosures provided by another party so requires, not later than **30 days** after service by the Court of its Claim Construction Ruling, that party may serve "Amended Infringement Contentions" without leave of Court that amend its Infringement Contentions with respect to the information required by Paragraph 2 above.

(2)   Not later than **50 days** after service by the Court of its Claim Construction Ruling, a party may serve "Amended Invalidity Contentions"

2

without leave of court that amend its "Invalidity Contentions" with respect to the information required by Paragraph 3 above if:

> (A) a party has served "Infringement Contentions" pursuant to Paragraph 4(a) above, or
>
> (B) the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

(b)    <u>Leave required</u>.    Amendment or supplementation any Infringement Contentions or Invalidity Contentions, other than as expressly permitted in Paragraph 4(a), may be made only by order of the Court, which shall be entered only upon a showing of good cause.

5.    <u>Willfulness</u>.    By the date of **January 15, 2008**, if a party elects to rely on an opinion of counsel as part of a defense to a claim of willful infringement, it shall provide the information set forth in Exhibit 1 (attached hereto).    If a party does not comply with the requirements of this deadline, it shall not be permitted to rely on an opinion of counsel as part of a defense to willful infringement absent a stipulation of all parties or by order of the Court, which shall be entered only upon a showing of good cause.

6.    <u>Exchange of Proposed Terms and Claim Elements for Construction</u>.

(a)    Not later than **July 12, 2007**, for each patent which has been the subject of invalidity contentions, each party shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6).

(b)  The parties shall thereafter meet and confer for the purposes of finalizing this list, narrowing or resolving differences, and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement.

7.    Exchange of Preliminary Claim Constructions and Extrinsic Evidence.

(a)  Not later than **August 2, 2007**, the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes.  Each such "Preliminary Claim Construction" shall also, for each element which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that element.

(b)  At the same time the parties exchange their respective "Preliminary Claim Constructions," they shall each also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions.  The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced.  With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

(c)  The parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement.

8.   <u>Joint Claim Construction and Prehearing Statement</u>.  Not later than **August 30, 2007**, the parties shall complete and file a Joint Claim Construction and Prehearing Statement on each patent for which preliminary claim constructions have been exchanged, which shall contain the following information:

(a)   The construction of those claim terms, phrases, or clauses on which the parties agree;

(b)   Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;

(c)   The anticipated length of time necessary for the Claim Construction Hearing;

(d)   Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert; and

(e)   A list of any other issues which might appropriately be taken up at a prehearing conference prior to the Claim Construction Hearing, and proposed dates, if not previous set, for any such prehearing conference.

9.    Completion of Claim Construction Discovery.  Not later than **October 4, 2007**, the parties shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Joint Claim Construction and Prehearing Statement.

10.    Claim Construction Briefs.

(a)  Not later than **October 19, 2007**, each party claiming infringement shall serve and file an opening brief and any evidence supporting its claim construction.

(b)  Not later than **November 2, 2007**, each opposing party shall serve and file its responsive brief and supporting evidence to an opposing party's opening brief.

(c)  Not later than **November 16, 2007**, each party claiming patent infringement shall serve and file any reply brief and any evidence directly rebutting the supporting evidence contained in an opposing party's response.

(d)  At least **10 days** before the Claim Construction Hearing held pursuant to Paragraph 13 below, the parties shall jointly submit a claim construction chart on computer disk in WordPerfect format or in such other format as the Court may direct.

(1)  Said chart shall have a column listing complete language of disputed claims with disputed terms in bold type and separate columns for each party's proposed construction of each disputed term.  The chart shall also include a fourth column entitled "Court's Construction" and otherwise left blank.  Additionally, the chart shall also direct the Court's attention to the patent and claim number(s) where the disputed term(s) appear(s).

(2)  The parties may also include constructions for claim terms to which they have agreed.  If the parties choose to include agreed constructions, each party's proposed construction columns shall state "[AGREED]" and the agreed construction shall be inserted in the "Court's Construction" column.

(3)  The purpose of this claim construction chart is to assist the Court and the parties in tracking and resolving disputed terms.  Accordingly aside from the requirements set forth in this rule, the parties are afforded substantial latitude in the chart's format so that they may fashion a chart that most clearly and efficiently outlines the disputed terms and proposed constructions.  Appendices to the Court's prior published and unpublished claim construction opinions may provide helpful guidelines for parties fashioning claim construction charts.

(e)  Unless otherwise ordered by the Court, the page limitations governing dispositive motions pursuant to D. Del. LR 7.1.3(a)(D) shall apply to claim construction briefing.

11.  <u>Hearing on Claim Construction</u>.  Subject to the convenience of the Court's calendar, following submission of the reply briefs specified in Paragraph 10(c) above the Court shall conduct a Claim Construction Hearing, to the extent the parties or the Court believe a hearing is necessary for construction of the claims at issue.

12.  <u>Joinder of Other Parties and Amendment of Pleadings</u>.  The parties agree that all motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **90 days** following the filing of an Answer in this action.

13.    <u>Discovery</u>.

    a.    <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of **125** hours of taking non-expert testimony by deposition upon oral examination.

    b.    <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court. The parties may, but mutual agreement, select a different location for a deposition. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    c.    <u>Fact Discovery Cut Off</u>.  All fact discovery in this case shall be initiated so that it will be completed on or before **March 13, 2008**.  The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    d.    <u>Disclosure of Expert Testimony</u>.  Unless otherwise agreed to by the parties, they shall serve their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony **April 15, 2008**, and serve a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party **May 15, 2008**.  Along with the submission of the expert reports, the parties shall advise of the dates and time of their experts' availability for

deposition.  Each side may supplement its disclosures of expert testimony within **10 days** after the claim construction ruling issues.  Each side may serve a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party within **10 days** of such a supplemental filing.  All expert discovery in this case shall be initiated so that it will be completed on or before **June 19, 2008**.

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

e.      The parties stipulate that evidence obtained in either this action or in Eastern District of Texas Case No. 6:06-cv-523 is deemed obtained in both actions.

f.      <u>Discovery Disputes</u>.  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference.  Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.)  Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.  Should the

Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

14. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within **30 days** from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 13(f) above. The parties stipulate that the protective order entered in this case shall, along with any modifications required by the Eastern District of Texas Local Rules and orders, also be entered into Eastern District of Texas Case No. 6:06-cv-523.

Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

15. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

16. <u>Settlement Conference</u>. The parties will meet and confer within **90 days** from the date of this Order to determine a mutually acceptable method to reach a possible settlement such as mediation, settlement conference, neutral evaluation, etc., The parties will jointly report their selected method and date of the mediation to the Court.

17. <u>Interim Status Report</u>.  On **September 7, 2007**, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

18. <u>Interim Status Conference</u>.  At the Court's discretion, after the submission of the Interim Status Report, the Court will hold a Rule 16(a), (b), and (c) conference by telephone with counsel.  At the time of the is conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel, and their clients.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

19. <u>Tutorial Describing the Technology and Matters in Issue</u>.  To be discussed at the Interim Status Conference.

20. <u>Case Dispositive Motions</u>.  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **July 17, 2008**. Briefing will be presented pursuant to the Court's Local Rules.

21. <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

22. <u>Pretrial Conference</u>.  On **October 15, 2008**, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 10 a.m.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure

requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before **October 1, 2008**.

23.    <u>Motions *in Limine*</u>.  Motions in limine shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission, unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

24.    <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>.  Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference.  That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

25.    <u>Trial</u>.  This matter is scheduled for a 14 day jury trial beginning at 9:00 a.m. on _____.

UNITED STATES DISTRICT MAGISTRATE JUDGE

_____

# EXHIBIT 1

1.    <u>Disclosure of Asserted Claims and Infringement Contentions</u>, as required by Paragraph 2 of the Scheduling Order, shall contain the following information:

(a)  Each claim of each patent in suit that is allegedly infringed by each opposing party;

(b)  Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware.  This identification shall be as specific as possible.  Each product, device, and apparatus must be identified by name or model number, if known.  Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

(c)  A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

(d)  Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

(e)  For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

(f)  If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately

for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

2.    Document Production Accompany Disclosure of Asserted Claims and Infringement Contentions.    With the "Disclosure of Asserted Claims and Infringement Contentions," each party will produce to each opposing party or make available for inspection and copying:

(a)    Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit.    A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

(b)    All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified as required above, whichever is earlier; and

(c)    A copy of the file history for each patent in suit.

The producing party shall separately identify by production number which documents correspond to each category.

2

3.　　<u>Disclosure of Invalidity Contentions</u>, as required by Paragraph 3 of the Scheduling Order, shall contain the following information:

(a)　The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious.　Each prior art patent shall be identified by its number, country of origin, and date of issue.　Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher.　Prior art under 35 § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known.　Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived.　Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(b)　　Whether each item of prior art anticipates each asserted claim or renders it obvious.　If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

(c)　　A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

3

(d)    Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

4.    <u>Document Production Accompany Disclosure of Invalidity Contentions.</u> With the "Disclosure of Invalidity Contentions," each party shall produce or make available for inspection and copying:

(a)    Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the other party in its chart described in Paragraph 1(c) of this Exhibit; and

(b)    A copy of each item of prior art identified in Paragraph 3(a) of this Exhibit which does not appear in the file history of the patent(s) at issue.  To the extent any such item is not in English, and English translation of the portion(s) relied upon must be produced.

5.    <u>Willfulness</u>.  As required by Paragraph 5 of the Scheduling Order, any party relying on an opinion of counsel as part of a defense to a claim of willful infringement shall:

(a)  Produce or make available for inspection and copying the opinion(s) and any other documents relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived; and

(b)  Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection.

777855.1

EXHIBIT B

# EXHIBIT B
## PROPOSED DEADLINES
### *SAMSUNG V. ON SEMICONDUCTOR*
### D. DEL. CASE NO. 1:06-CV-00720

| Event | Samsung's Proposed Deadline | ON Semiconductor's Proposed Deadline | Court Ordered Deadline |
|---|---|---|---|
| Rule 26(a)(1) Initial Disclosures | Within 10 days of Scheduling Order | | |
| Infringement Contentions and Accompanying Disclosure | No date proposed | May 10, 2007 | |
| Invalidity Contentions and Accompanying Disclosure | No date proposed | June 28, 2007 | |
| Willfulness Disclosures | No date proposed | January 15, 2008 | |
| Exchange of Proposed Terms | March 20, 2008 | July 12, 2007 | |
| Exchange of Preliminary Claim Constructions | March 20, 2008 | August 2, 2007 | |
| Joint Claim Construction and Prehearing Statement | No date proposed | August 30, 2007 | |
| Completion of Claim Construction Discovery | No date proposed | October 4, 2007 | |
| Opening Claim Construction Brief | June 25, 2008 | October 19, 2007 | |
| Responsive Claim Construction Brief | July 9, 2008 | November 2, 2007 | |
| Reply Claim Construction Brief | None to be submitted | November 16, 2007 | |
| Joint Claim Construction Chart | June 18, 2008 | 10 days before Claim Construction Hearing | |
| Claim Construction Hearing | August 28, 2008 | At the Court's convenience | |
| Joinder of Parties and Amendment of Pleadings | September 19, 2007 | 90 days after Answer filed | |
| Total hours of non-expert depositions | 125 hours | | |
| Fact Discovery Cut-off | March 13, 2008 | | |
| Disclosure of Expert Testimony | April 15, 2008 | | |
| Supplemental Disclosure of Expert Testimony in Rebuttal | May 15, 2008 | | |
| Expert Discovery Cut-off | June 19, 2008 | | |
| Protective Order | Within 30 days of Scheduling Order | | |

| Event | Samsung's Proposed Deadline | ON Semiconductor's Proposed Deadline | Court Ordered Deadline |
|---|---|---|---|
| Settlement Conference | To be discussed at September 14, 2007 conference | Within 90 days of Scheduling Order | |
| Interim Status Report | September 7, 2007 | | |
| Status Conference | September 14, 2007 | At the Court's convenience | |
| Technology Tutorial | To be discussed at the Interim Status Conference | | |
| Case Dispositive Motions | July 17, 2008 | | |
| Joint Proposed Final Pretrial Order | September 17, 2008 | October 1, 2008 | |
| Pretrial Conference | October 1, 2008 | October 15, 2008 | |
| Trial | October 15, 2008 | At the Court's convenience | |

778227.1