# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Karen Jacobs Louden
302 351 9227
302 425 4681 Fax
klouden@mnat.com

June 27, 2007

**BY E-FILING**

The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Wilmington, DE 19801

   Re: *Samsung Electronics Co. v. ON Semiconductor Corp.*,
     C.A. No. 06-720 (\*\*\*)

Dear Magistrate Judge Thynge:

   On behalf of defendants ON Semiconductor Corp. and Semiconductor Components Industries LLC ("ON Semiconductor"), we write to advise the Court of certain developments in the related Texas action, *ON Semiconductor Corp., et al. v. Samsung Electronics Co., Ltd., et al.*, C.A. No. 06-523 (E.D. Tex.) (the "Texas Action"). Judge Davis issued an Order on June 21, 2007, transferring the Texas Action to this Court for determination of whether this Delaware action was properly filed. (*See* Memorandum Opinion and Order attached as Ex. A.) He further expressed that he "would be happy to receive this case back" should this Court decide it lacks subject matter jurisdiction over plaintiffs' original complaint. (Ex. A at 4; *see also* Tr. at 18:17-21 attached as Ex. B.) That ruling raises several issues.

   First, although Judge Davis's decision moots plaintiffs' Motion to Enjoin (D.I. 10), ON Semiconductor's two Motions to Dismiss remain *sub judice*. (D.I. 14, 25.) By expressing a willingness to take back the case if this Court determines it was improvidently filed in Delaware, it is clear that the litigation among the parties will proceed regardless of venue. Therefore, the two motions to dismiss are not case dispositive, and the magistrate judge has the authority to hear them.

   Accordingly, ON Semiconductor respectfully requests that Your Honor decide the two pending motions to dismiss. ON Semiconductor further requests oral argument on the motions given the importance of the issues raised therein.

   Second, we note that the Court has yet to enter a Scheduling Order in this case. Plaintiffs represented to the Texas court that this action is moving forward quickly and that the "schedule that both parties proposed" has discovery closing in March 2008 and trial set for October 2008 (Ex. B at 6:5-7; *see also* 16:12-17 ("it is not the case that this is an orphan in

The Honorable Mary Pat Thynge
June 27, 2007
Page 2

Delaware . . . [t]he schedule has us going to trial, has discovery closing in March of '08 and going to trial in October of '08").) Judge Davis based his transfer in part on the fact that "a magistrate judge has been designated to hear and determine any nondispositive pretrial matters," and thus the litigation would "receive prompt attention in Delaware." (Ex. A at 4.) Although ON Semiconductor believes that some of these statements were incorrect in that it did not propose a trial date to this Court, leaving that instead to the Court's discretion, and indeed none has been set, ON Semiconductor nonetheless remains eager to have a Scheduling Order entered in this action. The parties submitted their respective proposals on March 27, 2007. ON Semiconductor is available to discuss these issues at the Court's convenience should the Court wish to hold a conference.

                                                      Respectfully,

                                                      */s/ Karen Jacobs Louden*

                                                      Karen Jacobs Louden (#2881)
                                                      klouden@mnat.com

cc:      Clerk of the Court
          John Shaw, Esquire (by hand and email)
          James Marina, Esquire (by email)

907347

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ON SEMICONDUCTOR CORPORATION and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC | § § § § | |
| Plaintiffs | § § | CASE NO. 6:06-CV-523 PATENT CASE |
| vs. | § § | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, LLC and SAMSUNG SEMICONDUCTOR, INC. | § § § § § § | |
| Defendants | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' motion to transfer pursuant to the first-to-file rule (Docket No. 12). Having considered the motion, all other relevant briefing, and the applicable law, the Court **GRANTS** Defendants' motion to transfer.

**BACKGROUND**

On November 30, 2006, Samsung Electronics Co. Ltd. ("SECL") filed suit in the District of Delaware seeking a declaration that ON Semiconductor Corporation and Semiconductor Components Industries, LLC's (collectively "ON Semiconductor") three United States patents—U.S. Patent Nos. 5,563,594 ("the '594 patent"), 6,362,644 ("the '644 patent"), and 5,361,001 ("the '001 patent")—are invalid and not infringed by SECL.

On December 4, 2006, ON Semiconductor filed suit in this Court against SECL and Samsung Electronics America, Inc., Samsung Telecommunications America General, LLC, and

Samsung Semiconductor Inc. ("the other Samsung entities") alleging infringement of the '594 patent, the '644 patent, the '001 patent, and a fourth patent not at issue in the Delaware action, U.S. Patent No. 5,000,827 ("the '827 patent").

On December 21, 2006, SECL amended its complaint in the Delaware action to add the other Samsung entities as co-plaintiffs, a claim for declaratory judgment of invalidity and noninfringement of the '827 patent, and a claim against ON Semiconductor for infringement of U.S. Patent No. 5,252,177 ("the '177 patent").

Samsung now moves this Court to transfer this action under the first-to-file rule to the District of Delaware where the declaratory judgment action is pending. ON Semiconductor argues this action is the first filed because SECL's amended complaint was filed after ON Semiconductor filed suit here and does not related back to SECL's original compliant, SECL filed its complaint in bad faith, and judicial economy is best served by proceeding in Texas.

## APPLICABLE LAW

When overlapping suits are filed in multiple federal courts, each court must decide whether to keep the case, or whether interests of judicial economy favor transferring the case to a sister court so all issues can be resolved in the same forum. *See Tex. Instruments, Inc. v. Micron Semiconductor*, 815 F. Supp. 994, 997–98 (E.D. Tex. 1993). "The general rule favors the forum of the first-filed action" as the forum for resolving all the issues in dispute. *Genetech v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993). Exceptions to this rule though "are not rare, and are made when justice or expediency requires." *Id.*

The first-to-file rule applies when the two actions involve closely related questions or subject matter or the core issues substantially overlap, but the core issues do not need to be identical. *Tex. Instruments Inc.*, 815 F. Supp. at 997. A subsequent action that does not have complete identity of

2

the parties can still substantially overlap on the substantive issues of the first-filed action, warranting dismissal or transfer. *Superior Sav. Ass'n v. Bank of Dallas*, 705 F. Supp. 326, 328–29 (N.D. Tex. 1989); *see Save Power Ltd. v. Sintek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

Once it has been proven that the two actions might substantially overlap, the court with the second-filed action transfers the case to the court where the first-filed action is pending. The court of the first-filed action then decides if the cases actually do substantially overlap and require consolidation. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599 (5th Cir. 1999). The underlying policies supporting the first-to-file rule are comity and the orderly administration of justice. *Superior Sav. Ass'n*, 705 F. Supp. at 331.

## ANALYSIS

ON Semiconductor contends this action is the first filed because SECL's original complaint is no longer a live pleading and SECL's amended complaint was filed after ON Semiconductor filed suit here and does not related back to SECL's original compliant. ON Semiconductor's arguments that its complaint was filed first are meritless. Although SECL amended its complaint to add the other Samsung entities as plaintiffs and claims on two additional patents, SECL's amended complaint is not so different from its original complaint that the original complaint should be disregarded for the first-to-file analysis.

As originally filed, both suits involved SECL and ON Semiconductor and the '594, '644, and '001 patents. As amended, the Delaware action involves all of the same parties and patents as the Texas action. The first-to-file rule only requires substantial overlap; it does not require that the core issues and parties be identical. *Tex. Instruments Inc.*, 815 F. Supp. at 997; *Superior Sav. Ass'n*, 705 F. Supp. at 328–29; *see Save Power Ltd.*, 121 F.3d at 950. Accordingly, the Delaware action is the first filed.

ON Semiconductor also argues that the SECL filed suit in Delaware in bad faith because the parties were still involved in licensing negotiations. This Court will leave it to the Delaware court to determine whether that suit was improperly filed.

Finally, ON Semiconductor argues the litigation should proceed in Texas because a district judge has not been assigned to the case in Delaware. However, a magistrate judge has been designated to hear and determine any nondispositive pretrial matters. *See* 28 U.S.C. § 636. Accordingly, the Court will not assume that the litigation will not receive prompt attention in Delaware.

## CONCLUSION

Since the Delaware action is the first filed, the Court **GRANTS** Samsung's motion and **ORDERS** the case transferred to the district judge and magistrate judge assigned *Samsung Electronics Co. Ltd. v. ON Semiconductor Corporation* in the District of Delaware. Should the Delaware court determine that SECL's original complaint was not properly filed, this Court would be happy to receive this case back under the first-to-file rule.

**So ORDERED and SIGNED this 21st day of June, 2007.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT B

ProTEXT Transcript Condensing for Windows

## SHEET 1 PAGE 1

```
 1              IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF TEXAS
 2                         TYLER DIVISION

 3  ON SEMICONDUCTOR CORPORATION,)
    ET AL                        )   DOCKET NO. 6:06cv523
 4                               )
         -vs-                    )
 5                               )   Tyler, Texas
    SAMSUNG ELECTRONICS          )   2:05 p.m.
 6  AMERICA, INC., ET AL         )   June 13, 2007

 7                 TRANSCRIPT OF MOTION HEARING
                BEFORE THE HONORABLE LEONARD DAVIS,
 8                 UNITED STATES DISTRICT JUDGE

 9

10                     A P P E A R A N C E S

11
    FOR THE PLAINTIFF:       MR. KEN ADAMO
12                           JONES DAY
                             2727 North Harwood
13                           Dallas, Texas  75201-1515

14                           MR. BEHROOZ SHARIATI
                             JONES DAY
15                           2882 Sand Hill Road., Ste. 240
                             Menlo Park, CA  94025
16
                             MR. MICHAEL C. SMITH
17                           THE ROTH LAW FIRM
                             115 N. Wellington., Ste. 200
18                           Marshall, Texas  75670

19
    COURT REPORTER:          MS. SHEA SLOAN
20                           211 West Ferguson
                             Tyler, Texas  75702
21                           903/590-1176

22
    Proceedings taken by Machine Stenotype; transcript was
23  produced by a Computer.

24

25
```

## PAGE 2

```
 1  FOR THE DEFENDANTS:      MR. JOHN DESMARAIS
                             MR. JAMES MARINA
 2                           KIRKLAND & ELLIS
                             153 E. 53rd St.
 3                           New York, NY  10022-4675

 4                           MR. MIKE JONES
                             MR. ALLEN GARDNER
 5                           POTTER MINTON
                             P.O. Box 359
 6                           Tyler, Texas  75710
```

## PAGE 3

```
 1                  P R O C E E D I N G S
 2      THE COURT:  Please be seated.
 3      All right.  Ms. Ferguson, call the case, please.
 4      THE CLERK:  Yes, Your Honor.  Case No. 6:06cv523, ON
 5  Semiconductor Corporation v. Samsung Electronics.
 6      THE COURT:  Announcements?
 7      MR. ADAMO:  Your Honor, plaintiff for a change.  I
 8  feel odd being at this table.
 9      THE COURT:  Would you like to move over to the other
10  table?
11      MR. ADAMO:  I hope I don't need to, Your Honor.  Ken
12  Adamo and Behrooz Shariati, who you have not met before, Your
13  Honor; my partner from California for ON Semiconductor.
14      MR. SHARIATI:  Good morning, Your Honor.
15      MR. ADAMO:  And, of course, you know Mr. Smith.
16      THE COURT:  Mr. Smith, good afternoon.
17  Defendants.
18      MR. JONES:  For Samsung, Mike Jones, John Desmarais.
19      MR. DESMARAIS:  Good afternoon, Your Honor.
20      MR. JONES:  James Marina And Allen Gardner.
21      THE COURT:  Mr. Jones.
22      All right.  Let's see.  We are here -- I guess the
23  first order of business, I have got the report regarding the
24  proposed docket control order, but let's take up the motion to
25  transfer first.  Who would like to be heard on that?
```

## PAGE 4

```
 1      MR. DESMARAIS:  I would, Your Honor.  John Desmarais
 2  from Kirkland & Ellis for Samsung and Samsung entities.  I
 3  think our motion is pretty straightforward.  I don't think
 4  there is any dispute between the parties that our complaint,
 5  the first complaint was filed first.  And the Fifth Circuit
 6  has long held that once there is a complaint on file, the
 7  inquiry in the second court stops as far as jurisdiction goes,
 8  and it is up to the first court whether to proceed or not.
 9      I think the only challenge that the defendants have
10  made in this case to that rule, which again is a
11  long-established rule, is taking issue with whether there is
12  jurisdiction in Delaware, whether the second amended complaint
13  relates back to the first amended complaint and questions of
14  that nature.  Those all go to questions that, according to the
15  Fifth Circuit, should be decided by the Delaware Court in the
16  first instance.
17      There is good reason for that rule.  It is
18  articulated by the Fifth Circuit in the Cadle case, which we
19  have cited in our briefs.  It says that if the second court
20  starts to entertain these questions, one of three things is
21  going to happen that the first-filed rule was designed to
22  prevent.  Either the second-filed court will be making a
23  ruling that was already made in another court or will be
24  rehashing a ruling that is being made in another court or will
25  trench upon the sister court's treatment of those issues.
```

SHEET 2   PAGE 5

Page 5

```
 1  That hasn't yet happened that.  One of those three things the
 2  Fifth Circuit tells us is the policy behind the rule.  That is
 3  directly applicable here.
 4          If Your Honor weighs in and starts to decide the
 5  issues the defendants would like you to decide -- or excuse me
 6  the plaintiffs would like you to decide, whether the second
 7  amended complaint relates back to the first or whether the
 8  first complaint had proper DJ jurisdiction or any of those
 9  issues, those really are issues that -- those are complaints
10  filed in Delaware.  Those are issues that ought to be dealt
11  with in the first instance by the Delaware Court.  So legally
12  I think we are on very good ground.
13          But then even procedurally we already have submitted
14  a schedule to the Delaware Court.  We have already had a
15  scheduling conference in the Delaware Court.  We have already
16  done discovery.  Both sides have exchanged interrogatories.
17  Both sides have answered interrogatories.  Discovery is moving
18  forward.  We are collecting documents now already.  And the
19  schedule that the parties agreed to --
20          THE COURT:  You just don't have a judge there,
21  right?
22          MR. DESMARAIS:  That's correct.  There is a
23  Magistrate Judge that has been assigned to the case.  We had a
24  scheduling conference with her, and we discussed the schedule.
25  And we submitted a schedule that is essentially -- both
```

PAGE 6

Page 6

```
 1  parties submitted essentially the same schedule.  We are
 2  waiting for her enter it.  She authorized us to go forward
 3  with discovery and she said she will be handling all discovery
 4  disputes going forward.
 5          The schedule that both parties proposed in that case
 6  is actually aggressive.  Discovery closes in March and trial
 7  is at the end of October '08.  So it is moving forward with
 8  full speed.  We have begun discovery, and we essentially
 9  agreed to the parameters of the discovery schedule with very
10  little dispute between the parties, so for this Court to then
11  keep this case would put us in the awkward situation of having
12  discovery go forward in two cases simultaneously where
13  everything is the same.
14          As we stand here today, the parties are all of the
15  same, plaintiff and defendant, although on opposite sides.
16  These are all the same parties, exactly the same patents,
17  exactly the same products, and exactly the same causes of
18  action.  So if Your Honor keeps this case we are going to be
19  doing the same thing twice, once in Delaware, once here at the
20  same time.  So it doesn't make any sense from our point of
21  view of judicial economy either.
22          THE COURT:  Okay.  Thank you.  Response?
23          MR. ADAMO:  Your Honor, I will hand it up just
24  because we have it ready, I have a set of slides.  But in view
25  of the points that were raised -- and as I understand the
```

PAGE 7

Page 7

```
 1  Court's schedule, we have another hearing set at 2:30, so I
 2  will just hit the high points here.  I think this is pretty
 3  straightforward.
 4          Unfortunately, it is not as SEC would allege that it
 5  is straightforward.  There is, Your Honor, a very definite
 6  dispute here as to whether or not the SEC Delaware complaint
 7  is first filed.  It is not.  With respect to the '827 patent,
 8  there is no question that the '827 issues were raised here for
 9  the first time.  And if Your Honor will look at Slide 5 --
10  maybe I can.  Slide 6, Your Honor.  My apologies.
11          This shows what the filing sequence was.  Samsung
12  filed an original declaratory judgment complaint only on three
13  patents.  On the 12th of December of last year filed this
14  action including the '827 patent.  The '827 patent, as Your
15  Honor will recall from the briefing, was not part of any
16  presentation relating to the licensing negotiations.  It is
17  radically different subject matter that relates to analog
18  technology.  Very similar, Your Honor, I think to what the
19  Court saw in your recent Garmin case.  There is much
20  difference in the technology.  The patents are different
21  inventors, different subject matter, different claims.
22          THE COURT:  Well, do you want me to just keep that
23  one here and send the others back?
24          MR. ADAMO:  Well, that is one solution.  And
25  according to the law, that would be a reasonable solution.
```

PAGE 8

Page 8

```
 1  But what my suggestion is to hold all of it here because with
 2  respect to the other three patents, as Your Honor will see,
 3  Samsung has now filed a superseding amended complaint which
 4  takes out the first complaint, and that amended complaint --
 5          THE COURT:  In Delaware or here?
 6          MR. ADAMO:  In Delaware.  And that is what you see
 7  on Slide 6, Your Honor, that was filed December 21st of last
 8  year.  That amended complaint is not any longer first filed.
 9  When you file an amended complaint, as this Court is well
10  aware, the original complaint disappears.  Everything is now
11  done on the basis of the amended complaint, so it is no longer
12  first filed.
13          THE COURT:  That is true for the purposes of the
14  first-to-file rule?
15          MR. ADAMO:  According to --
16          THE COURT:  I know as a general proposition that is
17  true.
18          MR. ADAMO:  I'm sorry, Your Honor.
19          THE COURT:  Do you have a case that says that is
20  true as it would apply to the first-to-file rule?  I know what
21  you say as a general proposition of law is correct that the
22  amended complaint takes the place of the original complaint,
23  but I was not aware that that would affect the first-to-file
24  rule.
25          MR. ADAMO:  Yes.  It would affect the first-to-file
```

ProTEXT Transcript Condensing for Windows

SHEET 3  PAGE 9

### 9

1  rule, Your Honor.  As I know the Court is aware, in Texas
2  Instruments v. Micron, Judge Hall has a very succinct,
3  trenchant discussion of the effect of the first-filed rule,
4  and it is not binding, set in concrete.  It is a rule of
5  rationality and of reasonable approach.  Lincoln National Life
6  Insurance v. Transamerica, Your Honor, it is in our briefing.
7  It, unfortunately, is not a Fifth Circuit nor Delaware case
8  but it is Northern Indiana.
9       And in that case the Court found that the filing of
10 a complaint that would be very similar to what we filed here
11 prior to an amendment, the amendment took the first complaint
12 out of the picture, and then the issue was, was the
13 newly-filed action that was filed in Iowa, I believe, is the
14 one that then controlled.  Yes.  The Northern District of Iowa
15 sued the defendants -- sued the plaintiff, the Northern
16 District of Iowa, over the same claim three days before the
17 plaintiff introduced the amendment as such.  The Iowa case is
18 first filed, and the court defers to its sister court, et
19 cetera, et cetera.
20      This is a very unique situation, Your Honor, as I'm
21 sure the Court is aware.  There is no question this is the
22 first-filed case with respect to '827.  On the basis of the
23 precedent that I just recited to Your Honor, as well as the
24 flexibility in the first-filed rule, with respect, I suggest
25 that this is now also the first-filed case with respect to the

### PAGE 10

10

1  original three claims by their choice.  They elected to file
2  an amended complaint.  In that amended complaint they make
3  reference to this action on a number of occasions, among the
4  other changes that they make.
5       But what they also did was in Paragraph 26 -- and
6  this is repeated throughout the amended complaint -- they for
7  the first time included an averment that says the defendants
8  made good on threats of litigation they made prior to SEC's
9  filing of the original complaint.  There is no mention of
10 threats of litigation in the original complaint.  So they have
11 added new facts they are relying on to try and demonstrate the
12 presence of declaratory judgment jurisdiction.  Under Rule 15,
13 as Your Honor knows, that changes the circumstances is there a
14 possibility of a relation back.
15      So, with respect, this is now the first-filed case.
16 And Your Honor put your finger really on the nub here, in the
17 absence of compelling circumstances the Federal -- I'm sorry,
18 the Fifth Circuit says and the Federal Circuit has mimicked
19 that, the court initially sees that the controversy should be
20 the one to decide whether it will try the case.  We are
21 initially seized.  Even if they were initially seized in
22 Delaware, you are in the compelling circumstances situation.
23 We don't have a judge in Delaware.  And the chances of us
24 getting one are slim to none because, as we all know -- and
25 some of us are real happy about this and some of us may be

### PAGE 11

11

1  less happy -- we are about to go into a presidential cycle.
2  And no one is going to get through Congress on a judge
3  appointment once we get close to the fourth quarter.  It is
4  June.
5       Now, we have agreed to not oppose their motion which
6  they made three months ago -- it is still sitting there -- to
7  ask for this case to be put on the docket of one of the three
8  active judges.  Judge Jordan is the Judge that was on the
9  court when this case was assigned to him and has since been
10 elevated to the Third Circuit.  So we are not fighting that.
11 We have agreed that we won't resist any attempt to have this
12 transferred to an Article III judge.  Nothing has happened.
13      THE COURT:  What about consenting to Magistrate
14 Judge Thynge?
15      MR. ADAMO:  She is an excellent Judge, Your Honor.
16 This is not personal to Magistrate Judge Thynge, but ON
17 Semiconductor would prefer, as is its right, to have an
18 Article III Judge do this.  As Your Honor knows, Magistrate
19 Judge Thynge would not be able to do anything with finality
20 had she made a decision.  The normal R & R rules would apply
21 and who would we take it to?
22      We have gone as far as -- with great respect to
23 Judge Thynge because she really is an excellent Judge.  My
24 client has elected to enjoy their full rights.  They are more
25 comfortable with having an Article III Judge, particularly of

### PAGE 12

12

1  the experience level -- as Your Honor knows, Delaware, those
2  judges all know the patent law very well.  Judge Sleet, Judge
3  Robinson and Judge Farnan are the three remaining actives.
4  And I would prefer, with Judge Jordan now no longer being
5  available, that one of the three of them will hear the case.
6       THE COURT:  Anything further?
7       MR. ADAMO:  I think other than what is in the
8  papers, Your Honor, the slides just essentially summarize the
9  points that have previously been made in the papers.  And I
10 think Garmin in contrast to AmberWave, which I think are the
11 two closest -- that may be closest to this on the relation
12 back on the patent, this is by far a Garmin situation with the
13 relationship between '827 and the other three patents.
14      Thank you, Your Honor.
15      THE COURT:  Response?
16      MR. DESMARAIS:  Just a couple quick points, Your
17 Honor.  First of all, with respect to the first-to-file rule,
18 the amended complaint relates back to the original complaint.
19 The law in the Fifth Circuit is quite clear, as is the law in
20 the Third Circuit, that under Rule 15 an amended complaint
21 relates back against the earlier date whenever the claim or
22 defense asserted in the amended pleading arose out of the
23 conduct, transaction, or occurrence set forth in the original
24 pleading.  And, in fact, the Fifth Circuit has said quite
25 clearly that the Third Circuit follows this, that the critical

SHEET 4   PAGE 13

**Page 13**

question is whether the opposing party was put on notice regarding the claim.

There can't be any real argument here that ON Semi was on notice of the claim of patent infringement based on the first complaint. So for the purposes of the first-to-file rule there is no question that the Delaware complaint was first. And they even admit that in the slide. With regard to that, the Fifth Circuit tells us quite clearly in the Cadle case -- and I will read a quote from the case. They say, "The district court in this case was the second-filed court. And under Fifth Circuit precedent that balancing act is reserved for the first-filed Court once the likelihood of substantial overlap between the two suits has been demonstrated, it was no longer up to the second-filed court to resolve the question of whether both should be allowed to proceed." In that case it was the first court that had to do it.

Your Honor actually was faced in a very similar situation in the -- that we have here in the AmberWave v. Intel Corporation case. In that particular case the second-filed action was on a different patent and there was a motion to transfer. And this Court found that even though it was a different patent, it was substantially related and ought to be transferred. And I think I can read from the case. It says, "The first-filed rule applies when two actions involve closely-related questions or subject matter or the core issues

**Page 14**

substantially overlap, but the core issues do not need to be identical." In this case the second complaint, which was filed here by ON Semi it does raise a new patent. But in the AmberWave case this case in a very similar situation then transferred that new patent. In fact, it was to Delaware to Judge Jordan. And once it has been proven that the two actions might substantially overlap, the court with the second-filed action transfers the case to the court where the first-filed action is pending. The court of the first-filed action then decides whether the cases actually do substantially overlap and require consolidation.

So clearly the facts of this case, if we follow the law, send this case back to Delaware. And if we look at what is happening in Delaware, at the discovery hearing we had with Magistrate Judge Thynge, she quite clearly gave her view of the situation; and the transcript is attached to one of our briefs. We filed a notice of collateral proceedings which attached the transcript of that hearing.

In her view she says there is strong evidence of apprehension of suit supporting the first claim. We talked to her about the relation back and whether this case should be transferred. She says, "In my view this case continues here in Delaware until the court addresses these issues. That is what Judge Jordan would have done before being elevated."

THE COURT: Until the Court addresses what issues?

**Page 15**

MR. DESMARAIS: The motions that were pending. There is also pending motions in Delaware.

THE COURT: Uh-huh.

MR. DESMARAIS: So she was saying until the court actually rules on those motions, we are going forward in Delaware with discovery and we are going to charge --

THE COURT: And what motions are pending in Delaware?

MR. DESMARAIS: There is a motion to dismiss. We filed it styled as a declaratory judgment action and ON Semi has tried to dismiss the declaratory action on the grounds that there was no apprehension of suit. Of course, they sued us a few days later.

THE COURT: And she is not --

MR. DESMARAIS: She hasn't decided that.

THE COURT: Well, of course, you filing suit is a little different than negotiations --

MR. DESMARAIS: Of course, of course.

THE COURT: As far as apprehension of suit, wouldn't you say?

MR. DESMARAIS: That's exactly right. But she did say in her view, "I would suggest that is probably strong evidence of reasonable apprehension." ON Semi was making their argument about why there was no apprehension. She was saying that she wasn't buying it. So she says we are going to

**Page 16**

go forward. Even though the motion hasn't been officially decided -- she authorized us to start discovery. And then she actually says in the transcript that we should tell Your Honor that she wants a scheduling order in Delaware and she wants to get the case moving along and we should tell the Court in Texas that we are moving along and that the case will be -- it is on Page 13 of the transcript; that she is in charge of moving it along with discovery and she is going to do that, and the merits, unless the parties consent, will be addressed by an Article III judge when appointed or it will be reassigned to one of the judges pending on the bench.

So it is not the case that this is an orphan in Delaware. It is either going to get a new judge, as she tells us in the transcript, or it will be reassigned to one of the judges that are sitting on the court. The schedule has us going to trial, has discovery closing in March of '08 and going to trial in October of '08. So it would be a wrong impression to come away with the thought it was an orphan case not moving forward. The Magistrate is in charge of moving it forward and leaving it with a new judge if that is done or it being reassigned. That's what she says in the transcript.

THE COURT: Response?

MR. ADAMO: All of this took place in March. It is the middle of June. Nothing is happening. We made a provision in full respect of Magistrate Judge Thynge in

SHEET 5 PAGE 17

**Page 17**

1  Delaware to go ahead and start the discovery.  There is cross
2  use.  Everything that is done there can be done here.
3       The reason that the amended complaint is now the
4  first-filed complaint is you just heard Mr. Desmarais, just as
5  his amended complaint does, try to use the filing of this
6  action to demonstrate that there was proper jurisdiction,
7  proper pleading of a declaratory judgment action, which
8  doesn't really go to jurisdiction, as a result of, gee look,
9  it was all confirmed by what we did later.  That is exactly
10 the point.  He has made his bed.  He is not first filed here
11 any longer.
12      And the Fifth Circuit case that all these cases go
13 back to Your Honor is Mann, and in Mann there is a huge fact
14 difference that isn't present here.  There was an injunction
15 in the first court prohibiting the Texas court from going
16 forward.  There is no such injunction here, and that radically
17 changes --
18      THE COURT:  Didn't --
19      MR. ADAMO:  They moved for one.
20      THE COURT:  -- defendants move --
21      MR. ADAMO:  They didn't get it.
22      THE COURT:  -- for an injunction?
23      MR. ADAMO:  He hasn't got one.  He has got motion
24 papers.  Motion papers are a lot different than an injunction,
25 Your Honor.

**Page 18**

1       MR. DESMARAIS:  Well, it hasn't been ruled on.  It's
2  not like we didn't get it.  It hasn't --
3       MR. ADAMO:  Your Honor, where I learned how to do
4  this is you can move all you want.  Until you get an order,
5  all you have got is a motion.
6       THE COURT:  Well, let me -- enough.  I think we have
7  got a very contentious case here that I think would be very
8  well-suited for Delaware.  And I am -- I visited with Judge
9  Thynge this morning and I told her I wanted to hear the
10 arguments and thus and so forth and so on.  But I was inclined
11 to be of the opinion that it was first filed and that I
12 probably would transfer the case to Delaware, which I am now
13 doing, for her to determine and/or such Article III judge as
14 may be assigned to the case, whatever motions to -- pleas to
15 the jurisdictions or motions to dismiss that the defendant
16 there, the plaintiff here, ON Semiconductor may have filed;
17 and I will say on the record -- and you can quote me -- that
18 we will be happy to receive this case back here if the
19 Delaware court should determine that ON is correct that there
20 was no legitimate apprehension of suit at the time DJ was
21 filed.
22      But until that is determined by that court, this
23 Court will transfer this case to Delaware.  Y'all can have
24 that decided up there.  And if you come back down here, we
25 will all get along well and move it along.

**Page 19**

1       Anything further?
2       MR. DESMARAIS:  No, Your Honor.
3       MR. ADAMO:  No.  Thank you, Your Honor.
4       THE COURT:  You are very welcome.  We will be in
5  recess until the next case.
6       (End of hearing.)
7
8
9
10            C E R T I F I C A T I O N
11
12 I certify that the foregoing is a correct transcript from the
13 record of proceedings in the above-entitled matter.
14
15
16
17 SHEA SLOAN, CSR, RPR
   OFFICIAL COURT REPORTER
18 STATE OF TEXAS NO. 3081
19
20
21
22
23
24
25

**Page 20**

==

ProDEX Transcript Indexing by ETS Inc.

**0**

**08** [3] **6**:7 **16**:16,17

**1**

**10022-4675** [1] **2**:3
**12th** [1] **7**:13
**13** [1] **16**:7
**15** [2] **10**:12 **12**:20

**2**

**2:30** [1] **7**:1
**211** [1] **1**:20
**21st** [1] **8**:7
**240** [1] **1**:15
**26** [1] **10**:5
**2882** [1] **1**:15

**3**

**3081** [1] **19**:18

**5**

**5** [1] **7**:9

**6**

**6** [2] **7**:10 **8**:7
**6:06cv523** [1] **3**:4

**7**

**75201-1515** [1] **1**:13
**75670** [1] **1**:18
**75710** [1] **2**:6

**8**

**827** [6] **7**:7,8,14,14 **9**:22 **12**:13

**9**

**903/590-1176** [1] **1**:21

**A**

**able** [1] **11**:19
**above-entitled** [1] **19**:13
**absence** [1] **10**:17
**according** [3] **4**:14 **7**:25 **8**:15
**act** [1] **13**:11
**action** [12] **6**:18 **7**:14 **9**:13 **10**:3 **13**:20 **14**:8,9,10 **15**:10,11 **17**:6,7
**actions** [2] **13**:24 **14**:7
**active** [1] **11**:8
**actives** [1] **12**:3
**actually** [5] **6**:6 **13**:17 **14**:10 **15**:5 **16**:3
**adamo** [18] **3**:7,11,12,15 **6**:23 **7**:24 **8**:6,15,18,25 **11**:15 **12**:7 **16**:23 **17**:19,21,23 **18**:3 **19**:3
**added** [1] **10**:11
**addressed** [1] **16**:9
**addresses** [2] **14**:23,25
**admit** [1] **13**:7
**affect** [2] **8**:23,25
**afternoon** [2] **3**:16,19
**aggressive** [1] **6**:6
**ago** [1] **11**:6
**agreed** [4] **5**:19 **6**:9 **11**:5,11
**ahead** [1] **17**:1
**al** [1] **1**:6
**allege** [1] **7**:4
**allen** [1] **3**:20
**allowed** [1] **13**:15
**already** [5] **4**:23 **5**:13,14,15,18
**although** [1] **6**:15
**amberwave** [3] **12**:10 **13**:18 **14**:4
**amended** [17] **4**:12,13 **5**:7 **8**:3,4,8,9,11,22 **10**:2,2,6 **12**:18,20,22 **17**:3,5
**amendment** [3] **9**:11,11,17
**america** [1] **1**:6
**among** [1] **10**:3
**analog** [1] **7**:17
**and/or** [1] **18**:13
**announcements** [1] **3**:6
**another** [3] **4**:23,24 **7**:1
**answered** [1] **5**:17
**apologies** [1] **7**:10
**applicable** [1] **5**:3
**applies** [1] **13**:24
**apply** [2] **8**:20 **11**:20
**appointed** [1] **16**:10
**appointment** [1] **11**:3
**apprehension** [6] **14**:20 **15**:12,19,23,24 **18**:20
**approach** [1] **9**:5
**argument** [2] **13**:3 **15**:24
**arguments** [1] **18**:10
**arose** [1] **12**:22
**article** [5] **11**:12,18,25 **16**:10 **18**:13
**articulated** [1] **4**:18
**asserted** [1] **12**:22
**assigned** [3] **5**:23 **11**:9 **18**:14
**attached** [2] **14**:16,18
**attempt** [1] **11**:11
**authorized** [2] **6**:2 **16**:2
**available** [1] **12**:5
**averment** [1] **10**:7
**aware** [4] **8**:10,23 **9**:1,21
**away** [1] **16**:18
**awkward** [1] **6**:11

**B**

**back** [12] **4**:13 **5**:7 **7**:23 **10**:14 **12**:12,18,21 **14**:13,21 **17**:13 **18**:18,24
**balancing** [1] **13**:11
**based** [1] **13**:4
**basis** [2] **8**:11 **9**:22
**bed** [1] **17**:10
**begun** [1] **6**:8
**behind** [1] **5**:2
**behrooz** [2] **1**:14 **3**:12
**believe** [1] **9**:13
**bench** [1] **16**:11
**between** [4] **4**:4 **6**:10 **12**:13 **13**:13
**binding** [1] **9**:4
**both** [5] **5**:16,17,25 **6**:5 **13**:15
**briefing** [2] **7**:15 **9**:6
**briefs** [2] **4**:19 **14**:17
**business** [1] **3**:23
**buying** [1] **15**:25

**C**

**cadle** [2] **4**:18 **13**:8
**california** [1] **3**:13
**call** [1] **3**:3
**case** [46] **3**:3,4 **4**:10,18 **5**:23 **6**:5,11,18 **7**:19 **8**:19 **9**:7,9,17,22,25 **10**:15,20 **11**:7,9 **12**:5 **13**:9,9,10,15,19,19,23 **14**:2,4,4,8,12,13,21,22 **16**:5,6,12,18 **17**:12 **18**:7,12,14,18,23 **19**:5
**cases** [3] **6**:12 **14**:10 **17**:12
**causes** [1] **6**:17
**certify** [1] **19**:12
**cetera** [2] **9**:19,19
**challenge** [1] **4**:9
**chances** [1] **10**:23
**change** [1] **3**:7
**changes** [3] **10**:4,13 **17**:17
**charge** [3] **15**:6 **16**:7,19
**choice** [1] **10**:1
**circuit** [15] **4**:5,15,18 **5**:2 **9**:7 **10**:18,18 **11**:10 **12**:19,20,24,25 **13**:8,11 **17**:12
**circumstances** [3] **10**:13,17,22
**cited** [1] **4**:19
**claim** [5] **9**:16 **12**:21 **13**:2,4 **14**:20
**claims** [2] **7**:21 **10**:1
**clear** [1] **12**:19
**clearly** [4] **12**:25 **13**:8 **14**:12,15
**clerk** [1] **3**:4
**client** [1] **11**:24
**close** [1] **11**:3
**closely-related** [1] **13**:25
**closes** [1] **6**:6
**closest** [2] **12**:11,11
**closing** [1] **16**:16
**collateral** [1] **14**:17
**collecting** [1] **5**:18
**come** [2] **16**:18 **18**:24
**comfortable** [1] **11**:25
**compelling** [2] **10**:17,22
**complaint** [34] **4**:4,5,6,12,13 **5**:7,8 **7**:6,12 **8**:3,4,4,8,9,10,11,22,22 **9**:10,11 **10**:2,2,6,9,10 **12**:18,18,20 **13**:5,6 **14**:2 **17**:3,4,5
**complaints** [1] **5**:9
**computer** [1] **1**:23
**concrete** [1] **9**:4
**conduct** [1] **12**:23
**conference** [2] **5**:15,24
**confirmed** [1] **17**:9
**congress** [1] **11**:2
**consent** [1] **16**:9
**consenting** [1] **11**:13
**consolidation** [1] **14**:11
**contentious** [1] **18**:7
**continues** [1] **14**:22
**contrast** [1] **12**:10
**control** [1] **3**:24
**controlled** [1] **9**:14
**controversy** [1] **10**:19
**core** [2] **13**:25 **14**:1
**corporation** [3] **1**:3 **3**:5 **13**:19
**correct** [4] **5**:22 **8**:21 **18**:19 **19**:12
**couple** [1] **12**:16
**course** [5] **3**:15 **15**:12,16,18,18
**court** [67] **1**:1 **3**:2,6,9,16,21 **4**:7,8,15,19,22,23,24 **5**:11,14,15,20 **6**:10,22 **7**:19,22 **8**:5,9,13,16,19 **9**:1,9,18,18,21 **10**:19 **11**:9,13 **12**:6,15 **13**:10,10,12,14,16,21 **14**:7,8,9,23,25,25
**15**:3,4,7,14,16,19 **16**:5,15,22 **17**:15,15,18,20,22 **18**:6,19,22,23 **19**:4
**court's** [2] **4**:25 **7**:1
**critical** [1] **12**:25
**cross** [1] **17**:1
**csr** [1] **19**:17
**cycle** [1] **11**:1

**D**

**dallas** [1] **1**:13
**date** [1] **12**:21
**davis** [1] **1**:8
**day** [1] **1**:12
**days** [2] **9**:16 **15**:13
**dealt** [1] **5**:10
**december** [2] **7**:13 **8**:7
**decide** [4] **5**:4,5,6 **10**:20
**decided** [4] **4**:15 **15**:15 **16**:2 **18**:24
**decides** [1] **14**:10
**decision** [1] **11**:20
**declaratory** [5] **7**:12 **10**:12 **15**:10,11 **17**:7
**defendant** [2] **6**:15 **18**:15
**defendants** [7] **2**:1 **3**:17 **4**:9 **5**:5 **9**:15 **10**:7 **17**:20
**defense** [1] **12**:22
**defers** [1] **9**:18
**definite** [1] **7**:5
**delaware** [29] **4**:12,15 **5**:10,11,14,15 **6**:19 **7**:6 **8**:5,6 **9**:7 **10**:22,23 **12**:1 **13**:6 **14**:5,13,14,23 **15**:2,6,8 **16**:4,13 **17**:1 **18**:8,12,19,23
**demonstrate** [2] **10**:11 **17**:6
**demonstrated** [1] **13**:13
**designed** [1] **4**:21
**desmarais** [16] **2**:1 **3**:18,19 **4**:1,1 **5**:22 **12**:16 **15**:1,4,9,15,18,21 **17**:4 **18**:1 **19**:2
**determine** [2] **18**:13,19
**determined** [1] **18**:22
**difference** [2] **7**:20 **17**:14
**different** [8] **7**:17,20,21,21 **13**:20,22 **15**:17 **17**:24
**directly** [1] **5**:3
**disappears** [1] **8**:10
**discovery** [14] **5**:16,17 **6**:3,3,6,8,9,12 **14**:14 **15**:6 **16**:2,8,16 **17**:1
**discussed** [1] **5**:24
**discussion** [1] **9**:3
**dismiss** [3] **15**:9,11 **18**:15
**dispute** [3] **4**:4 **6**:10 **7**:6
**disputes** [1] **6**:4
**district** [4] **1**:1 **9**:14,16 **13**:10
**division** [1] **1**:2
**dj** [2] **5**:8 **18**:20
**docket** [2] **3**:24 **11**:7
**documents** [1] **5**:18
**doing** [2] **6**:19 **18**:13
**done** [6] **5**:16 **8**:11 **14**:24 **16**:20 **17**:2,2
**down** [1] **18**:24

**E**

**earlier** [1] **12**:21
**economy** [1] **6**:21

by ETS Inc.

ProDEX Transcript Indexing by ETS Inc.

**effect** [1] **9**:3
**either** [3] **4**:22 **6**:21 **16**:13
**elected** [2] **10**:1 **11**:24
**electronics** [1] **3**:5
**elevated** [2] **11**:10 **14**:24
**ellis** [2] **2**:2 **4**:2
**end** [2] **6**:7 **19**:6
**enjoy** [1] **11**:24
**enough** [1] **18**:6
**enter** [1] **6**:2
**entertain** [1] **4**:20
**entities** [1] **4**:2
**essentially** [4] **5**:25 **6**:1,8 **12**:8
**et** [3] **1**:6 **9**:18,19
**even** [5] **5**:13 **10**:21 **13**:7,21 **16**:1
**everything** [3] **6**:13 **8**:10 **17**:2
**evidence** [2] **14**:19 **15**:23
**exactly** [5] **6**:16,17,17 **15**:21 **17**:9
**excellent** [2] **11**:15,23
**exchanged** [1] **5**:16
**excuse** [1] **5**:5
**experience** [1] **12**:1

**F**

**faced** [1] **13**:17
**fact** [3] **12**:24 **14**:5 **17**:13
**facts** [2] **10**:11 **14**:12
**far** [4] **4**:7 **11**:22 **12**:12 **15**:19
**farnan** [1] **12**:3
**federal** [2] **10**:17,18
**feel** [1] **3**:8
**ferguson** [2] **1**:20 **3**:3
**few** [1] **15**:13
**fifth** [11] **4**:5,15,18 **5**:2 **9**:7 **10**:18 **12**:19,24 **13**:8,11 **17**:12
**fighting** [1] **11**:10
**file** [3] **4**:6 **8**:9 **10**:1
**filed** [19] **4**:5 **5**:10 **7**:7,12,13 **8**:3,7,8, 12 **9**:10,13,18 **14**:3,17 **15**:10 **17**:10 **18**:11,16,21
**filing** [5] **7**:11 **9**:9 **10**:9 **15**:16 **17**:5
**finality** [1] **11**:19
**finger** [1] **10**:16
**firm** [1] **1**:17
**first** [26] **3**:23,25 **4**:5,5,8,13,16 **5**:7, 8,11 **7**:7,9 **8**:4,8,12 **9**:11,18 **10**:7 **12**:17 **13**:5,7,16 **14**:20 **17**:10,15 **18**: 11
**first-filed** [11] **4**:21 **9**:3,22,24,25 **10**:15 **13**:12,24 **14**:9,9 **17**:4
**first-to-file** [6] **8**:14,20,23,25 **12**: 17 **13**:5
**flexibility** [1] **9**:24
**follow** [1] **14**:12
**follows** [1] **12**:25
**foregoing** [1] **19**:12
**forth** [2] **12**:23 **18**:10
**forward** [10] **5**:18 **6**:2,4,7,12 **15**:5 **16**:1,19,20 **17**:16
**found** [2] **9**:9 **13**:21
**fourth** [1] **11**:3
**full** [3] **6**:8 **11**:24 **16**:25
**further** [2] **12**:6 **19**:1

**G**

**gardner** [1] **3**:20
**garmin** [3] **7**:19 **12**:10,12
**gave** [1] **14**:15
**gee** [1] **17**:8
**general** [2] **8**:16,21
**getting** [1] **10**:24
**got** [5] **3**:23 **17**:23,23 **18**:5,7
**great** [1] **11**:22
**ground** [1] **5**:12
**grounds** [1] **15**:11
**guess** [1] **3**:22

**H**

**hall** [1] **9**:2
**hand** [1] **6**:23
**handling** [1] **6**:3
**happen** [1] **4**:21
**happened** [2] **5**:1 **11**:12
**happening** [2] **14**:14 **16**:24
**happy** [3] **10**:25 **11**:1 **18**:18
**hear** [2] **12**:5 **18**:9
**heard** [2] **3**:25 **17**:4
**hearing** [4] **7**:1 **14**:14,18 **19**:6
**held** [1] **4**:6
**high** [1] **7**:2
**hill** [1] **1**:15
**hit** [1] **7**:2
**hold** [1] **8**:1
**honor** [37] **3**:4,7,11,13,14,19 **4**:1 **5**: 4 **6**:18,23 **7**:5,9,10,15,18 **8**:2,7,18 **9**:1,6,20,23 **10**:13,16 **11**:15,18 **12**: 1,8,14,17 **13**:17 **16**:3 **17**:13,25 **18**: 3 **19**:2,3
**honorable** [1] **1**:8
**hope** [1] **3**:11
**huge** [1] **17**:13

**I**

**identical** [1] **14**:2
**iii** [5] **11**:12,18,25 **16**:10 **18**:13
**impression** [1] **16**:18
**inc** [1] **1**:6
**inclined** [1] **18**:10
**included** [1] **10**:7
**including** [1] **7**:14
**indiana** [1] **9**:8
**infringement** [1] **13**:4
**initially** [3] **10**:19,21,21
**injunction** [4] **17**:14,16,22,24
**inquiry** [1] **4**:7
**instance** [2] **4**:16 **5**:11
**instruments** [1] **9**:2
**insurance** [1] **9**:6
**intel** [1] **13**:19
**interrogatories** [2] **5**:16,17
**introduced** [1] **9**:17
**inventors** [1] **7**:21
**involve** [1] **13**:24
**iowa** [4] **9**:13,14,16,17
**isn't** [1] **17**:14
**issue** [2] **4**:11 **9**:12
**issues** [10] **4**:25 **5**:5,9,9,10 **7**:8 **13**: 25 **14**:1,23,25

**J**

**james** [1] **3**:20

**john** [3] **2**:1 **3**:18 **4**:1
**jones** [6] **1**:12 **2**:4 **3**:18,18,20,21
**jordan** [4] **11**:8 **12**:4 **14**:6,24
**judge** [29] **5**:20,23 **9**:2 **10**:23 **11**:2,8, 8,12,14,15,16,18,19,23,23,25 **12**:2, 2,3,4 **14**:6,15,24 **16**:10,13,20,25 **18**:8,13
**judges** [4] **11**:8 **12**:2 **16**:11,15
**judgment** [4] **7**:12 **10**:12 **15**:10 **17**: 7
**judicial** [1] **6**:21
**june** [2] **11**:4 **16**:24
**jurisdiction** [6] **4**:7,12 **5**:8 **10**:12 **17**:6,8
**jurisdictions** [1] **18**:15

**K**

**keep** [2] **6**:11 **7**:22
**keeps** [1] **6**:18
**ken** [1] **3**:11
**kirkland** [2] **2**:2 **4**:2
**knows** [3] **10**:13 **11**:18 **12**:1

**L**

**last** [2] **7**:13 **8**:7
**later** [2] **15**:13 **17**:9
**law** [7] **1**:17 **7**:25 **8**:21 **12**:2,19,19 **14**:13
**learned** [1] **18**:3
**leaving** [1] **16**:20
**legally** [1] **5**:11
**legitimate** [1] **18**:20
**leonard** [1] **1**:8
**less** [1] **11**:1
**level** [1] **12**:1
**licensing** [1] **7**:16
**life** [1] **9**:5
**likelihood** [1] **13**:12
**lincoln** [1] **9**:5
**litigation** [2] **10**:8,10
**little** [2] **6**:10 **15**:17
**long** [1] **4**:6
**long-established** [1] **4**:11
**longer** [5] **8**:8,11 **12**:4 **13**:14 **17**:11
**look** [3] **7**:9 **14**:13 **17**:8
**lot** [1] **17**:24

**M**

**made** [10] **4**:10,23,24 **10**:8,8 **11**:6, 20 **12**:9 **16**:24 **17**:10
**magistrate** [7] **5**:23 **11**:13,16,18 **14**:15 **16**:19,25
**mann** [2] **17**:13,13
**march** [3] **6**:6 **16**:16,23
**marina** [1] **3**:20
**marshall** [1] **1**:18
**matter** [4] **7**:17,21 **13**:25 **19**:13
**mention** [1] **10**:9
**merits** [1] **16**:9
**met** [1] **3**:12
**micron** [1] **9**:2
**middle** [1] **16**:24
**might** [1] **14**:7
**mike** [2] **2**:4 **3**:18
**mimicked** [1] **10**:18
**minton** [1] **2**:5

**months** [1] **11**:6
**morning** [2] **3**:14 **18**:9
**motion** [9] **3**:24 **4**:3 **11**:5 **13**:21 **15**: 9 **16**:1 **17**:23,24 **18**:5
**motions** [6] **15**:1,2,5,7 **18**:14,15
**move** [4] **3**:9 **17**:20 **18**:4,25
**moved** [1] **17**:19
**moving** [7] **5**:17 **6**:7 **16**:5,6,8,19,19
**ms** [1] **3**:3
**much** [1] **7**:19

**N**

**national** [1] **9**:5
**nature** [1] **4**:14
**need** [2] **3**:11 **14**:1
**negotiations** [2] **7**:16 **15**:17
**new** [6] **2**:3 **10**:11 **14**:3,5 **16**:13,20
**newly-filed** [1] **9**:13
**next** [1] **19**:5
**none** [1] **10**:24
**nor** [1] **9**:7
**normal** [1] **11**:20
**northern** [3] **9**:8,14,15
**nothing** [2] **11**:12 **16**:24
**notice** [3] **13**:1,4 **14**:17
**nub** [1] **10**:16
**number** [1] **10**:3
**ny** [1] **2**:3

**O**

**occasions** [1] **10**:3
**occurrence** [1] **12**:23
**october** [2] **6**:7 **16**:17
**odd** [1] **3**:8
**officially** [1] **16**:1
**okay** [1] **6**:22
**once** [6] **4**:6 **6**:19,19 **11**:3 **13**:12 **14**: 6
**one** [15] **4**:20 **5**:1 **7**:23,24 **9**:14 **10**: 20,24 **11**:2,7 **12**:5 **14**:16 **16**:11,14 **17**:19,23
**only** [2] **4**:9 **7**:12
**opinion** [1] **18**:11
**oppose** [1] **11**:5
**opposing** [1] **13**:1
**opposite** [1] **6**:15
**order** [4] **3**:23,24 **16**:4 **18**:4
**original** [8] **7**:12 **8**:10,22 **10**:1,9,10 **12**:18,23
**orphan** [2] **16**:12,18
**other** [5] **3**:9 **8**:2 **10**:4 **12**:7,13
**others** [1] **7**:23
**ought** [2] **5**:10 **13**:22
**out** [3] **8**:4 **9**:12 **12**:22
**over** [2] **3**:9 **9**:16
**overlap** [4] **13**:13 **14**:1,7,11

**P**

**page** [1] **16**:7
**papers** [4] **12**:8,9 **17**:24,24
**paragraph** [1] **10**:5
**parameters** [1] **6**:9
**part** [1] **7**:15
**particular** [1] **13**:19
**particularly** [1] **11**:25
**parties** [8] **4**:4 **5**:19 **6**:1,5,10,14,16

ProDEX Transcript Indexing by ETS Inc.

16:9
**partner** [1] 3:13
**party** [1] 13:1
**patent** [10] 7:7,14,14 12:2,12 13:4, 20,22 14:3,5
**patents** [5] 6:16 7:13,20 8:2 12:13
**pending** [5] 14:9 15:1,2,7 16:11
**personal** [1] 11:16
**picture** [1] 9:12
**place** [2] 8:22 16:23
**plaintiff** [5] 3:7 6:15 9:15,17 18:16
**plaintiffs** [1] 5:6
**pleading** [3] 12:22,24 17:7
**pleas** [1] 18:14
**please** [2] 3:2,3
**point** [2] 6:20 17:10
**points** [4] 6:25 7:2 12:9,16
**policy** [1] 5:2
**possibility** [1] 10:14
**potter** [1] 2:5
**precedent** [2] 9:23 13:11
**prefer** [2] 11:17 12:4
**presence** [1] 10:12
**present** [1] 17:14
**presentation** [1] 7:16
**presidential** [1] 11:1
**pretty** [2] 4:3 7:2
**prevent** [1] 4:22
**previously** [1] 12:9
**prior** [2] 9:11 10:8
**probably** [2] 15:22 18:12
**procedurally** [1] 5:13
**proceed** [2] 4:8 13:15
**proceedings** [2] 14:17 19:13
**produced** [1] 1:23
**products** [1] 6:17
**prohibiting** [1] 17:15
**proper** [3] 5:8 17:6,7
**proposed** [2] 3:24 6:5
**proposition** [2] 8:16,21
**proven** [1] 14:6
**provision** [1] 16:25
**purposes** [2] 8:13 13:5
**put** [4] 6:11 10:16 11:7 13:1

**Q**

**quarter** [1] 11:3
**question** [5] 7:8 9:21 13:1,6,14
**questions** [4] 4:13,14,20 13:25
**quick** [1] 12:16
**quite** [4] 12:19,24 13:8 14:15
**quote** [2] 13:9 18:17

**R**

**radically** [2] 7:17 17:16
**raise** [1] 14:3
**raised** [2] 6:25 7:8
**rationality** [1] 9:5
**read** [2] 13:9,23
**ready** [1] 6:24
**real** [2] 10:25 13:3
**really** [4] 5:9 10:16 11:23 17:8
**reason** [2] 4:17 17:3
**reasonable** [3] 7:25 9:5 15:23
**reassigned** [3] 16:11,14,21

**recall** [1] 7:15
**receive** [1] 18:18
**recent** [1] 7:19
**recess** [1] 19:5
**recited** [1] 9:23
**record** [2] 18:17 19:13
**reference** [1] 10:3
**regard** [1] 13:7
**regarding** [2] 3:23 13:2
**rehashing** [1] 4:24
**related** [1] 13:22
**relates** [5] 4:13 5:7 7:17 12:18,21
**relating** [1] 7:16
**relation** [3] 10:14 12:11 14:21
**relationship** [1] 12:13
**relying** [1] 10:11
**remaining** [1] 12:3
**repeated** [1] 10:6
**report** [1] 3:23
**require** [1] 14:11
**reserved** [1] 13:11
**resist** [1] 11:11
**resolve** [1] 13:14
**respect** [9] 7:7 8:2 9:22,24,25 10: 15 11:22 12:17 16:25
**response** [3] 6:22 12:15 16:22
**result** [1] 17:8
**rights** [1] 11:24
**road** [1] 1:15
**robinson** [1] 12:3
**roth** [1] 1:17
**rpr** [1] 19:17
**rule** [17] 4:10,11,17,21 5:2 8:14,20, 24 9:1,3,4,24 10:12 12:17,20 13:6, 24
**ruled** [1] 18:1
**rules** [2] 11:20 15:5
**ruling** [2] 4:23,24

**S**

**same** [10] 6:1,13,15,16,16,17,17,19, 20 9:16
**samsung** [6] 3:5,18 4:2,2 7:11 8:3
**sand** [1] 1:15
**saw** [1] 7:19
**saying** [2] 15:4,25
**says** [10] 4:19 8:19 10:7,18 13:24 14:19,22 15:25 16:3,21
**schedule** [9] 5:14,19,24,25 6:1,5,9 7:1 16:15
**scheduling** [3] 5:15,24 16:4
**seated** [1] 3:2
**sec** [2] 7:4,6
**sec's** [1] 10:8
**second** [5] 4:7,12,19 5:6 14:2
**second-filed** [5] 4:22 13:10,14,20 14:8
**see** [3] 3:22 8:2,6
**sees** [1] 10:19
**seized** [2] 10:21,21
**semi** [4] 13:3 14:3 15:10,23
**semiconductor** [5] 1:3 3:5,13 11: 17 18:16
**send** [2] 7:23 14:13
**sense** [1] 6:20

**sequence** [1] 7:11
**set** [4] 6:24 7:1 9:4 12:23
**shariati** [3] 1:14 3:12,14
**shea** [1] 19:17
**shows** [1] 7:11
**sides** [3] 5:16,17 6:15
**similar** [4] 7:18 9:10 13:17 14:4
**simultaneously** [1] 6:12
**since** [1] 11:9
**sister** [2] 4:25 9:18
**sitting** [2] 11:6 16:15
**situation** [7] 6:11 9:20 10:22 12: 12 13:18 14:4,16
**sleet** [1] 12:2
**slide** [4] 7:9,10 8:7 13:7
**slides** [2] 6:24 12:8
**slim** [1] 10:24
**sloan** [1] 19:17
**smith** [2] 3:15,16
**solution** [2] 7:24,25
**sorry** [2] 8:18 10:17
**speed** [1] 6:8
**stand** [1] 6:14
**start** [2] 16:2 17:1
**starts** [2] 4:20 5:4
**state** [1] 19:18
**states** [1] 1:1
**ste** [1] 1:15
**still** [1] 11:6
**stops** [1] 4:7
**straightforward** [3] 4:3 7:3,5
**strong** [2] 14:19 15:22
**styled** [1] 15:10
**subject** [3] 7:17,21 13:25
**submitted** [3] 5:13,25 6:1
**substantial** [1] 13:12
**substantially** [4] 13:22 14:1,7,11
**succinct** [1] 9:2
**sued** [3] 9:15,15 15:12
**suggest** [2] 9:24 15:22
**suggestion** [1] 8:1
**suit** [5] 14:20 15:12,16,19 18:20
**suits** [1] 13:13
**summarize** [1] 12:8
**superseding** [1] 8:3
**supporting** [1] 14:20

**T**

**table** [2] 3:8,10
**talked** [1] 14:20
**technology** [2] 7:18,20
**tells** [3] 5:2 13:8 16:13
**texas** [7] 1:13,18 2:6 9:1 16:6 17: 15 19:18
**third** [3] 11:10 12:20,25
**though** [2] 13:21 16:1
**threats** [2] 10:8,10
**three** [11] 4:20 5:1 7:12 8:2 9:16 10:1 11:6,7 12:3,5,13
**throughout** [1] 10:6
**thynge** [7] 11:14,16,19,23 14:15 16:25 18:9
**today** [1] 6:14
**took** [2] 9:11 16:23
**transaction** [1] 12:23

**transamerica** [1] 9:6
**transcript** [7] 14:16,18 16:3,7,14, 21 19:12
**transfer** [4] 3:25 13:21 18:12,23
**transferred** [4] 11:12 13:23 14:5, 22
**transfers** [1] 14:8
**treatment** [1] 4:25
**trench** [1] 4:25
**trenchant** [1] 9:3
**trial** [3] 6:6 16:16,17
**tried** [1] 15:11
**true** [3] 8:13,17,20
**try** [3] 10:11,20 17:5
**twice** [1] 6:19
**two** [5] 6:12 12:11 13:13,24 14:6
**tyler** [2] 1:2 2:6

**U**

**under** [3] 10:12 12:20 13:11
**understand** [1] 6:25
**unfortunately** [2] 7:4 9:7
**unique** [1] 9:20
**united** [1] 1:1
**unless** [1] 16:9
**until** [6] 14:23,25 15:4 18:4,22 19: 5
**up** [5] 3:24 4:8 6:23 13:14 18:24

**V**

**view** [6] 6:21,24 14:15,19,22 15:22
**visited** [1] 18:8

**W**

**waiting** [1] 6:2
**wanted** [1] 18:9
**wants** [2] 16:4,4
**weighs** [1] 5:4
**welcome** [1] 19:4
**well-suited** [1] 18:8
**west** [1] 1:20
**whatever** [1] 18:14
**whenever** [1] 12:21
**whether** [11] 4:8,11,12 5:6,7 7:6 10:20 13:1,15 14:10,21
**will** [21] 4:22,23,24 6:3,23 7:2,9,15 8:2 10:20 12:5 13:9 16:6,9,10,14 18:17,18,23,25 19:4

**Y**

**y'all** [1] 18:23
**year** [2] 7:13 8:8
**york** [1] 2:3

by ETS Inc.