# YOUNG CONAWAY STARGATT & TAYLOR, LLP

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

DIRECT DIAL: 302-571-6743
DIRECT FAX: 302-576-3517
alundgren@ycst.com

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

July 6, 2007

**BY CM/ECF & HAND DELIVERY**

The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Wilmington, Delaware 19801

    Re:   *Samsung Electronics Co., Ltd. v. ON Semiconductor Corp.*,
           C.A. No. 06-720

Dear Magistrate Judge Thynge:

       This law firm represents Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C. ("Samsung") in the above-referenced matter. We write in response to ON Semiconductor's June 27, 2007 letter to the Court.

       In its letter, ON Semiconductor asks Your Honor to decide its two pending motions to dismiss (D.I. 14 and 25). Samsung notes, however, that it asked ON Semiconductor months ago to consent to Your Honor's jurisdiction over the motions to dismiss, but ON Semiconductor declined to do so. Samsung continues to consent to Your Honor's jurisdiction over the motions to dismiss, but disagrees with ON Semiconductor's characterization of the motions as non-dispositive motions.

       Before Your Honor considers ON Semiconductor's motions to dismiss, Samsung respectfully requests the opportunity to submit supplemental briefing. In the time since the motions to dismiss were briefed, a number of Federal Circuit cases have been decided in which the Federal Circuit has acknowledged that its "reasonable apprehension of suit" test has been rejected and overruled by the Supreme Court's decision in *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764 (2007). *See, e.g., SanDisk Corp. v. ST Microelectronics, Inc.*, 480 F.3d 1372, 1380 (Fed. Cir. 2007); *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1339 (Fed. Cir. 2007).

       Further, in *SanDisk*, the Federal Circuit articulated a post-*MedImmune* test for determining whether an actual case or controversy exists that is applicable to this case: "where a

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Mary Pat Thynge
Page 2

patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights." *SanDisk*, 480 F.3d at 1381. In view of ON Semiconductor's infringement accusations, litigation threats, and license demands during the parties' licensing discussions, and Samsung's contention that it does not infringe ON Semiconductor's patents and does not require a license from ON Semiconductor, *SanDisk* is directly on point. Samsung therefore respectfully requests the opportunity to submit supplemental briefing.

Samsung also requests that the Court enter a Scheduling Order, and is available to discuss the parties' competing proposals at the Court's convenience.

Respectfully submitted,

Andrew A. Lundgren (No. 4429)

AAL:hkh

cc:  Karen Jacobs Louden, Esquire
     James Marina, Esquire

DB02:6105975.1                                                                                   065888.1001