# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Karen Jacobs Louden
302 351 9227
302 425 4681 fax
klouden@mnat.com

July 9, 2007

**BY E-FILING**

The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Wilmington, DE 19801

        Re:    *Samsung Electronics Co. v. ON Semiconductor Corp.*,
                C.A. No. 06-720 (***)

Dear Magistrate Judge Thynge:

        On behalf of defendants ON Semiconductor Corp. and Semiconductor Components Industries LLC ("ON Semiconductor"), we write in response to plaintiffs' July 6 letter (D.I. 75), in which they request the opportunity to submit "supplemental briefing" regarding ON Semiconductor's two pending Motions to Dismiss (D.I. 14 and 25). Although it is unclear what exactly plaintiffs are asking of the Court, to the extent plaintiffs seek to cite subsequent authority, they have already done so in their July 6 letter. The matter has already been fully and extensively briefed and no further briefing should be permitted.[1]

        As a preliminary matter, the cases plaintiffs cite are not "*subsequent* authority." The Supreme Court decided *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764 (2007), on January 9, 2007, three days before plaintiffs filed their opposition to ON Semiconductor's first motion to dismiss (D.I. 27), and more than three weeks before plaintiffs filed their opposition to ON Semiconductor's second Motion to Dismiss (D.I. 39). Plaintiffs did not cite *MedImmune* in any of these papers, however. Plaintiffs thus seek to raise this decision for the first time six months later. Nonetheless, ON Semiconductor sets forth its response to plaintiffs' letter below.

---

[1]    Indeed, no further briefing is permitted without leave of Court, which must be sought by motion. *See* D. Del. LR 7.1.2(a) and (b).

The Honorable Mary Pat Thynge
July 9, 2007
Page 2

   The cases plaintiffs cite do not alter the analysis that this Court should apply in deciding ON Semiconductor's two pending Motions to Dismiss. The Supreme Court did not overrule the "reasonable apprehension of suit" test, as plaintiffs contend. Rather, the *MedImmune* Court only addressed the propriety of the reasonable apprehension of suit test ***in dicta***, (127 S. Ct. at 774 n.11), which does not bind this or any other Court. *See*, *e.g.*, *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1346-47 (Fed. Cir. 2007) (Friedman, J., concurring) (explaining that *MedImmune's* "footnote statements [addressing the reasonable apprehension test] were dicta"); *In re McGrew*, 120 F.3d 1236, 1238 (Fed. Cir. 1997) (disregarding dictum from an *en banc* decision because "dictum is not authoritative. It is the part of an opinion that a later court, even if it is an inferior court, is free to reject.") (citations omitted). Moreover, the *MedImmune* Court considered a separate and factually distinct question – whether a "plaintiff's self-avoidance of imminent injury," such as by paying royalties to eliminate the risk of treble damages, destroys declaratory jurisdiction. 127 S. Ct. at 773. This is clearly not the scenario here where the parties were only engaged in licensing negotiations. Thus, *MedImmune* is not on point.

   The two other cases plaintiffs cite, *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372 (Fed. Cir. 2007) and *Teva*, 482 F.3d at 1330, were not *en banc* decisions, but were decided by three judge panels.[2] These panels do not have the authority to overrule Federal Circuit precedent such as that cited in ON Semiconductor's papers supporting its two Motions to Dismiss. *See*, *e.g.*, *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1068 n.5 (Fed. Cir. 1998) ("precedent may not be changed by a panel. . . .") (*en banc* in relevant part) (citation omitted); *Newell Cos. v. Kenney Mfg. Co.*, 864 F.2d 757, 765 (Fed. Cir. 1988) ("This court has adopted the rule that prior decisions of a panel of the court are binding precedent on subsequent panels unless and until overturned *en banc*. Where there is direct conflict, the precedential decision is the first.") (citation omitted).

   Even under the authorities plaintiffs cite, this Court lacks subject matter jurisdiction over plaintiffs' original Complaint. For example, in *SanDisk*, the Federal Circuit held that a case or controversy only exists where "the dispute at issue [is] 'definite and concrete' . . . 'real and substantial.'" 480 F.3d at 1378. Here, the dispute between the parties was far from definite and concrete. ON Semiconductor never threatened plaintiffs with suit, and the parties were in ongoing license negotiations which plaintiffs sought to continue even after they filed suit. Finally, the newly cited authority in plaintiffs' letter does not address the equitable issues raised in ON Semiconductor's papers relating to plaintiffs' bad faith negotiation tactics.

   Plaintiffs' citation of one case decided before their opposition papers were filed and two cases – which under long standing Federal Circuit precedent cannot overrule the "reasonable apprehension" standard – have no impact on the outcome of the pending motions or any basis for additional briefing.

---

[2]  Moreover, these cases simply apply the Court's dicta in *MedImmune* and, therefore, do not represent new thinking on the questions before this Court.

The Honorable Mary Pat Thynge
July 9, 2007
Page 3

      ON Semiconductor respectfully reiterates its request for oral argument on these motions as briefed, given the importance of the issues raised therein, as well as its request to have a case Scheduling Order entered in this action. ON Semiconductor looks forward to speaking with the Court at the teleconference scheduled for July 12, 2007.

      Respectfully,

*/s/ Karen Jacobs Louden (#2881)*
Karen Jacobs Louden (#2881)
klouden@mnat.com

cc:   Clerk of the Court
       John Shaw, Esquire (by hand and email)
       James Marina, Esquire (by email)

931542