# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | : : : : : : : |
| Plaintiffs, | : Civil Action No. 06-720 (JJF) |
| v. | : : |
| ON SEMICONDUCTOR CORP. | : : |
| and | : : |
| SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, | : : : |
| Defendants. | : : |
| ON SEMICONDUCTOR CORP. | : : |
| and | : : |
| SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, | : : : |
| Plaintiffs, | : Civil Action No. 07-449 (JJF) |
| v. | : : |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | : : : : : : |
| Defendants. | : : |

## STIPULATED PROTECTIVE ORDER

Each party recognizes that some of the documents and information produced in these actions will include information held as confidential or proprietary technical, commercial, financial, scientific, business, or trade secret information ("Protected Information").  To preserve the confidential or proprietary status of such information, each party, through its respective outside counsel of record, agrees as follows, subject to the approval of the Court.

1.    <u>Designation of Protected Information</u>.  With respect to all documents or other tangible items that have been or will be produced during discovery:

a.    the party (including any third party or non-party) responding to the discovery in question (the "Disclosing Party") may designate such documents and items as "Confidential - Outside Counsel Eyes Only" or "Highly Confidential - Outside Counsel Eyes Only" at the time of their production.  In the absence of such designation at the time of production, the documents and items produced shall be deemed non-confidential, subject to paragraph 11 below.

b.    The term "Confidential - Outside Counsel Eyes Only" shall apply to confidential and non-public documents or information, the disclosure of which the Disclosing Party reasonably contends could cause harm to the business operations of the Disclosing Party or provide improper advantage to others.  The term "Confidential - Outside Counsel Eyes Only" shall include, but is not limited to, (1) business/strategic plans, (2) sales, cost and price information including future sales/financial projections, (3) non-public marketing information including future marketing plans, (4) detailed sales and financial data that includes costs and profits information, (5) customer lists, (6) licensing documents, licensing policies, and licensing negotiations, (7) internal technical information that is not "Highly Confidential - Outside Counsel Eyes Only" information, (8) information, documents, and things obtained from a non-

1

party pursuant to a Nondisclosure Agreement (NDA), and (9) other information of business, commercial, competitive, financial, marketing, technical, or sales significance comparable to the items listed in this paragraph.

c.    The term "Highly Confidential - Outside Counsel Eyes Only" shall apply only to a party's highly confidential and proprietary technical information.  The term "Highly Confidential - Outside Counsel Eyes Only" shall include, but is not limited to, (1) non-public source code, specifications, schematics, and comparable types of documents relating to the design and operation of the Disclosing Party's products, (2) other non-public technical specifications, schematics and comparable types of documents showing the Disclosing Party's product and process functionality, features, and operation, including without limitation recipes, circuit diagrams, and process flows, and (3) other information of technical significance comparable to the items listed in this paragraph. The parties acknowledge that documents designated "Highly Confidential - Outside Counsel Eyes Only" are provided extraordinary protection and likewise require extraordinary care by the Discovering Counsel.  Accordingly, use of this highly restrictive designation is limited to information of the highest competitive sensitivity.  Moreover, parties will use reasonable care to avoid designating any documents or other information as "Highly Confidential - Outside Counsel Eyes Only" for which the Disclosing Party does not have a good faith belief that the documents or information satisfy the criteria set forth in this subparagraph.

d.    The scope of this Stipulated Protective Order shall be understood to encompass not only those items or things which are expressly designated as "Confidential - Outside Counsel Eyes Only" or "Highly Confidential - Outside Counsel Eyes Only," but also any information or attorney-work product derived therefrom, and all documents, copies, excerpts, abstracts, notes,

and summaries containing "Confidential - Outside Counsel Eyes Only" or "Highly Confidential - Outside Counsel Eyes Only" information, as well as testimony and oral communications containing "Confidential - Outside Counsel Eyes Only" or "Highly Confidential - Outside Counsel Eyes Only" information or information derived therefrom.

e.    Designations of "Confidential - Outside Counsel Eyes Only" or "Highly Confidential - Outside Counsel Eyes Only" shall constitute a representation that such information has been reviewed by an attorney for the Disclosing Party and that there is a valid basis for such designation.

f.    Deposition testimony may be orally designated as "Confidential - Outside Counsel Eyes Only" or "Highly Confidential - Outside Counsel Eyes Only" during the deposition.  Alternatively, at any time up to fourteen (14) days after outside counsel of record for the Disclosing Party ("Disclosing Counsel") receives the final transcript of the deposition, the testimony may be designated as "Confidential - Outside Counsel Eyes Only" or "Highly Confidential - Outside Counsel Eyes Only" so long as all other parties to these actions are informed in writing within the fourteen (14) days.  If deposition testimony was not designated "Confidential - Outside Counsel Eyes Only" during the deposition, the testimony shall be deemed "Highly Confidential - Outside Counsel Eyes Only" until the expiration of the fourteen (14) day period.  If no oral designation was made at the deposition and no written designation is made within the fourteen (14) day period, then the transcript and testimony shall be deemed non-confidential.

g.    Notwithstanding the foregoing, any individual within the scope of Local Civil Rule 30.3 may attend a deposition at which Protected Information may be disclosed.  In the event

3

that such individual is not authorized to receive Protected Information under this Stipulated

Protective Order, the Disclosing Party shall have the right to exclude such persons from the

deposition only during the period any Protected Information is disclosed or discussed, and the

Disclosing Party must designate on the record at the deposition that specific testimony or

information as "Confidential - Outside Counsel Eyes Only" or "Highly Confidential - Outside

Counsel Eyes Only" and indicate on the record at the deposition that such testimony or

information is subject to the provisions of this Stipulated Protective Order.

     h.     All discovery produced by any party (whether a party to these actions, a third

party, or non-party), whether or not such discovery is designated "Confidential - Outside

Counsel Eyes Only" or "Highly Confidential Information - Outside Counsel Eyes Only," is to be

used solely for the purposes of these actions, and for no other purpose whatsoever.

     2.     <u>Identification of Documents and Things</u>.  All documents and things produced

during discovery by each Disclosing Party shall bear identifying numbers when a copy or copies

are produced to the Discovering Party.  The identity of the Disclosing Party shall be clearly

marked by identifying numbers and/or letters stamped or printed on the documents or things

pursuant to this paragraph.  All documents and things that contain "Confidential - Outside

Counsel Eyes Only" information shall be designated by conspicuously affixing a legend in the

form of "Confidential - Outside Counsel Eyes Only" on every page.  All documents and things

that contain "Highly Confidential Information - Outside Counsel Eyes Only" information shall

be designated by conspicuously affixing a legend in the form of "Highly Confidential

Information - Outside Counsel Eyes Only" on every page.  If any document or thing is

inadvertently produced without such legend, the Disclosing Party shall promptly furnish written

notice to the Discovering Party that the relevant document or information shall be "Confidential -

Outside Counsel Eyes Only" or "Highly Confidential Information - Outside Counsel Eyes Only"
under this Order, as further discussed in paragraph 11.

3.  <u>Designation of Interrogatory Answers or Other Written Discovery Responses</u>.  In the
case of interrogatory answers or other written discovery responses disclosing Protected
Information, designation shall be made by placing the legend "Confidential - Outside Counsel
Eyes Only" or "Highly Confidential Information - Outside Counsel Eyes Only" on each page of
such answer in the same manner as the underlying documents or information, or next to the case
caption on the face page of such answer designating those portions of the answer which are
"Confidential - Outside Counsel Eyes Only" or "Highly Confidential Information - Outside
Counsel Eyes Only."

4.  <u>"Confidential - Outside Counsel Eyes Only" Information:  Permitted Disclosure</u>.
As to discovery designated "Confidential - Outside Counsel Eyes Only" in accordance with
paragraph 1 above:

a.  The Disclosing Party shall provide such discovery to the Discovering Counsel,
provided that, until two years after the conclusion of these litigations including any appeals, any
attorney or legal personnel who receives or reviews anything designated "Confidential - Outside
Counsel Eyes Only" by a party that is not his or her client shall not be directly responsible for, or
actively involved with, or supervise the drafting of patent applications, claim language for patent
applications, or arguments made in support of patent applications, before the U.S.P.T.O. or
similar foreign patent agencies, that relate to semiconductor products, processes, or technologies.
Any attorneys who are not of record in these consolidated actions may not review or receive any

"Confidential - Outside Counsel Eyes Only" information or documents produced by the Disclosing Party.

b.     The Discovering Counsel shall not disclose or reveal such discovery in whole or in part to any other person or entity except for:

(i)     legal support staff employed by the Discovering Counsel, such as legal assistants and paralegals, whose sole involvement with "Confidential - Outside Counsel Eyes Only" information and documents will be copying, filing, and other non-substantive ministerial activities and who have signed the undertaking attached as Exhibit A prior to any such disclosure;

(ii)     stenographic and video personnel who record or transcribe any proceedings in these actions, and who have been provided a copy of this order and have signed the undertaking attached as Exhibit A;

(iii)     independent consultants or experts retained by the Discovering Counsel in these actions, subject to paragraph 7 below;

(iv)     support staff employed by the independent consultants of Discovering Counsel whose sole involvement with "Confidential - Outside Counsel Eyes Only" information and documents will be copying, filing, and other non-substantive ministerial activities and who have signed the undertaking attached as Exhibit A prior to any such disclosure;

(v)     if the Disclosing Party is a third party to the above-captioned actions, then Discovering Counsel shall insure that copies of any documents produced by the

Disclosing Party are promptly provided to the opposing party's outside counsel of record;

(vi)    the Court, the Court's employees, and members of the jury (should a jury be used for any part of this litigation);

(vii)    individuals and organizations that provide photocopying, document processing, imaging, translation, related and similar services to Discovering Counsel who have been provided a copy of this order and have signed the undertaking attached as Exhibit A;

(viii)    mock jurors, jury consultants, and individuals and organizations that provide graphics services who have agreed in writing, through the execution of Exhibit A, to be bound by this Stipulated Protective Order, where such agreement is retained under Discovering Counsel's control until final termination of this action. No mock juror who is employed by a competitor of the Disclosing Party may review or receive any "Confidential - Outside Counsel Eyes Only" information or documents of the Disclosing Party. The Disclosing Party shall provide a list of its competitors to the Discovering Counsel within five days of receiving notice from Discovering Counsel of its intention to empanel a mock jury that will review or receive "Confidential - Outside Counsel Eyes Only" information or documents of the Disclosing Party; and

(ix)    at a deposition, any person who is listed on the face of the designated document as an author, sender, addressee, recipient, or copyee, as well as any employee of the Disclosing Party.

c.     Individuals who are officers, directors, or employees of a named party, or are owners of more than a two percent interest in a named party, may not receive any Protected Information of any other party or non-party.

5.     "Highly Confidential - Outside Counsel Eyes Only" Information:  Permitted Disclosure.  As to discovery designated "Highly Confidential - Outside Counsel Eyes Only" in accordance with paragraph 1 above:

a.     The Disclosing Party shall provide such discovery to the Discovering Counsel, provided that, until two years after the conclusion of these litigations including any appeals, any attorney or legal personnel who receives or reviews anything designated "Highly Confidential - Outside Counsel Eyes Only" by a party that is not his or her client shall not be directly responsible for, or actively involved with, or supervise the drafting of patent applications, claim language for patent applications, or arguments made in support of patent applications, before the U.S.P.T.O. or similar foreign patent agencies, that relate to semiconductor products, processes, or technologies.  Any attorneys who are not of record in these consolidated actions may not review or receive any "Highly Confidential - Outside Counsel Eyes Only" information or documents produced by the Disclosing Party.

b.     the Discovering Counsel shall not disclose or reveal such discovery in whole or in part to any other person or entity except for:

(i)     legal support staff employed by the Discovering Counsel, such as legal assistants and paralegals, whose sole involvement with "Highly Confidential - Outside Counsel Eyes Only" information and documents will be copying, filing,

8

and other non-substantive ministerial activities and who have signed the undertaking attached as Exhibit A prior to any such disclosure;

(ii)    stenographic and video personnel who record or transcribe any proceedings in these actions, and who have been provided a copy of this order and have signed the undertaking attached as Exhibit A, except that such personnel may not retain a copy of any exhibits containing "Highly Confidential - Outside Counsel Eyes Only" following the proceeding;

(iii)    independent consultants or experts retained by the Discovering Counsel in these actions who have agreed to comply with the procedures for protecting "Highly Confidential - Outside Counsel Eyes Only" information, subject to paragraph 7 below;

(iv)    support staff employed by the independent consultants of Discovering Counsel whose sole involvement with "Highly Confidential - Outside Counsel Eyes Only" information and documents will be copying, filing, and other non-substantive ministerial activities and who have signed the undertaking attached as Exhibit A prior to any such disclosure;

(v)    if the Disclosing Party is not a party to the above-captioned actions, then Discovering Counsel shall insure that copies of any documents produced by the Disclosing Party are promptly provided to the opposing party's outside counsel of record;

9

(vi)    the Court, the Court's employees, and members of the jury (should a jury be used for any part of this litigation);

(vii)    at a deposition, any person who is listed on the face of the designated document as an author, sender, addressee, recipient, or copyee as well as any employee of the Disclosing Party; and

(viii)    mock jurors and jury consultants who have agreed in writing, through the execution of Exhibit A, to be bound by this Stipulated Protective Order including the provisions relating to "Highly Confidential - Outside Counsel Eyes Only" information, where such executed agreement is retained under the Discovering Counsel's control until final termination of this action.  No mock juror who is employed by a competitor of the Disclosing Party may review or receive "Highly Confidential - Outside Counsel Eyes Only" information or documents of the Disclosing Party.  The Disclosing Party shall provide a list of its competitors to the Discovering Counsel within five days of receiving notice from the Discovering Counsel of its intention to empanel a mock jury that will review or receive "Highly Confidential - Outside Counsel Eyes Only" information or documents of the Disclosing Party.

c.    Discovering Counsel shall not disclose "Highly Confidential - Outside Counsel Eyes Only" information to any individuals or organizations providing photocopying, document processing, imaging, translation, graphics, related and similar services to Discovering Counsel for a period of seven (7) court days from the date on which it informs Disclosing Counsel in writing of its intent to disclose the Protected Information to the individual or organization and

10

provides Disclosing Counsel with an executed undertaking in the form of Exhibit A. If within this seven day period Disclosing Counsel does not object, in writing, to the proposed disclosure to the individual or organization identified, then Discovering Counsel shall be permitted to disclose "Highly Confidential - Outside Counsel Eyes Only" information to that individual or organization. If within this seven day period, Disclosing Counsel objects in writing to the proposed disclosure to the individual or organization identified, then Discovering Counsel shall not be permitted to disclose "Highly Confidential - Outside Counsel Eyes Only" information to that individual or organization, absent a further order from the Court. The Disclosing Counsel shall have the burden of filing a motion for a protective order with the Court within seven (7) court days of objecting to the individual or organization prohibiting the disclosure of "Highly Confidential - Outside Counsel Eyes Only" information to the individual or organization to whom the Disclosing Counsel has objected. If the seven (7) court days elapse without the Disclosing Counsel seeking relief from the Court, the requested information may be shared with the individual or organization in accordance with the terms of this Stipulated Protective Order. In case of emergency, a limited number of copies may be made by a photocopying vendor who has not yet been disclosed under the direct supervision of an attorney of the Discovery Counsel. In such cases notification to Disclosing Counsel shall be made as soon as is practical.

d.      Discovering Counsel or anyone else possessing "Highly Confidential - Outside Counsel Eyes Only" information under this Stipulated Protective Order shall take the following measures to ensure the security of the "Highly Confidential - Outside Counsel Eyes Only" information:

(i)    Discovering Counsel shall store documents designated "Highly Confidential - Outside Counsel Eyes Only" in a locked cabinet or locked, windowless room where access is limited to authorized individuals only.

(ii)    Discovering Counsel, while working with hard copy documents of any "Highly Confidential - Outside Counsel Eyes Only" information, shall keep such documents in red folders labeled with the case caption and with the following phrase:

CONTAINS "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" INFORMATION SUBJECT TO PROTECTIVE ORDER—
DO NOT LEAVE UNATTENDED.

Whenever such information is not attended by an authorized person, it shall be kept locked according to subparagraph (i) above.

(iii)    Discovering Counsel shall label any computer on which electronic copies of any "Highly Confidential - Outside Counsel Eyes Only" information is stored in its non-removable media with a red label marked with the case caption and with the following phrase:

CONTAINS "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" INFORMATION SUBJECT TO PROTECTIVE ORDER—
DO NOT LEAVE UNATTENDED.

Whenever such information is not attended by an authorized person, it shall be kept locked according to subparagraph (i) above.

(iv)    Discovering Counsel shall label any removable media on which electronic copies of any "Highly Confidential - Outside Counsel Eyes Only" information is

stored with a red label marked with the case caption and with the following phrase:

> CONTAINS "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" INFORMATION SUBJECT TO PROTECTIVE ORDER—DO NOT LEAVE UNATTENDED.

Whenever such information is not attended by an authorized person, it shall be kept locked according to subparagraph (i) above.

(v)    The Court will not be burdened with these procedures for protection of "Highly Confidential - Outside Counsel Eyes Only" information.

(vi)    In light of the high level of security afforded "Highly Confidential - Outside Counsel Eyes Only" information, no party may withhold production of discoverable information solely on the grounds that such information is a trade secret.  Discovering Counsel shall limit the duplication of "Highly Confidential - Outside Counsel Eyes Only" information to only a reasonable number of copies. Discovering Counsel shall keep a log of all copies made and shall destroy any unnecessary copies.  Such log shall include the bates numbers of the copied documents, the number of copies, the date on which the copies were made, and the names of the individuals to whom such copies were provided.  Such log shall be made available, as necessary, for *in camera* review by a presiding judge or magistrate.

6.    <u>Challenging a Designation</u>.  The Disclosing Party will use reasonable care to avoid designating any document or information as "Confidential - Outside Counsel Eyes Only"

or "Highly Confidential - Outside Counsel Eyes Only" that is not entitled to such designation or that is generally available to the public.

a.    The Discovering Party may request a lower designation on any document produced by the Disclosing Party on a document-by-document basis. The Discovering Party shall maintain a list of all documents to which the Disclosing Party agrees to lower the designation. The parties agree to negotiate in good faith to resolve all requests to lower the designation of a document.

b.    In the event of any dispute about whether the designation of a document should be lowered, a motion shall be filed with the Court by the party seeking to lower the designation or to declassify it altogether. On any such motion, the Disclosing Party shall bear the burden of establishing that the document at issue is entitled to the protections afforded by this Stipulated Protective Order.

7.    <u>Requirements for Disclosure to Experts</u>. Prior to disclosing any "Confidential - Outside Counsel Eyes Only" or "Highly Confidential - Outside Counsel Eyes Only" information to any independent consultant or expert referred to in paragraphs 4(b)(iii) or 5(b)(iii) above, Discovering Counsel shall:

a.    Provide a copy of this Stipulated Protective Order to each such consultant or expert;

b.    Obtain from the consultant or expert a fully executed undertaking in the form attached hereto as Exhibit A; and

c.    Identify each such consultant or expert to whom disclosure is proposed to be made by providing to opposing counsel, via overnight courier or same day hand delivery or same day facsimile, a copy of each such consultant's or expert's executed undertaking along with a current resume for each such consultant or expert.  The consultant's or expert's resume must identify all employers and clients for whom the consultant or expert has worked in the last four years, as well as any litigation matters in which the consultant or expert has testified, either by way of expert report, deposition, or testimony at a hearing or trial, over the last four years.

d.    Discovering Counsel shall not disclose "Confidential - Outside Counsel Eyes Only" or "Highly Confidential - Outside Counsel Eyes Only" information to any independent consultant or expert for a period of seven (7) court days from the date on which it provides to Disclosing Counsel the items specified in paragraph 7(c) above.  If within this seven (7) day period Disclosing Counsel does not object, in writing, to the proposed disclosure to the consultant or expert identified pursuant to paragraph 7(c) above, then Discovering Counsel shall be permitted to disclose "Confidential - Outside Counsel Eyes Only" or "Highly Confidential - Outside Counsel Eyes Only" information to that consultant or expert.  If within this seven day period, Disclosing Counsel objects in writing to the proposed disclosure to the consultant or expert identified pursuant to paragraph 7(c) above, then Discovering Counsel shall not be permitted to disclose "Confidential - Outside Counsel Eyes Only" or "Highly Confidential - Outside Counsel Eyes Only" matters to that consultant or expert, absent a further order from the Court.  The Disclosing Counsel shall have the burden of filing a motion for a protective order with the Court within seven (7) court days of objecting to the consultant or expert prohibiting the disclosure of "Confidential - Outside Counsel Eyes Only" or "Highly Confidential - Outside Counsel Eyes Only" information to the independent consultant or expert to whom the Disclosing

Counsel has objected. Notwithstanding the Disclosing Party's obligation to seek appropriate ruling(s) from the Court, the Discovering Counsel also may seek appropriate ruling(s) from the Court. No party shall oppose an application made pursuant to this subparagraph on the ground that the application is made on an expedited basis. If the seven (7) court days elapse without the Disclosing Counsel seeking relief from the Court, the requested information may be shared with the consultant or expert in accordance with the terms of this Protective Order.

  e.  Testifying experts shall not be subject to discovery on any draft of their reports in this case and such draft reports, notes, or outlines for draft reports are also exempt from production and discovery. No discovery can be taken from any consulting expert except to the extent that the consulting expert has provided information, opinions, or other materials to a testifying expert, who relies upon such information, opinions or other materials in forming his or her final report, or any opinion in this case. No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by a testifying expert in formulating his or her final report, or any opinion in this case. Materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney-work product for the purposes of this litigation and Stipulated Protective Order.

  f.  To the extent a designated individual to whom Protected Information may be disclosed pursuant to subsections 7(c) of this Stipulated Protective Order is or may be a non-testifying expert consulted by counsel, the following provisions are applicable:

(i)    no party will be deemed to have waived any privilege by disclosing the name of a non-testifying expert to whom counsel intends to show Protected Information.

(ii)    no non-testifying expert disclosed pursuant to paragraph 7(c) will be subject to deposition or subpoena as a witness at trial based solely on the fact that he/she was the subject of such disclosure.  This provision is not intended to preclude the deposition or trial testimony of any individual whom a party believes in good faith has pre-existing independent knowledge of facts relevant to the case.

(iii)    the identity of a non-testifying expert disclosed pursuant to paragraph 7(c) may be disclosed to counsel and employees of the opposing party or parties only to the extent necessary to determine if an objection to the proposed disclosure is warranted.

8.    Designation of Documents Filed in Court.  Any document to be filed with the Court which refers to, or contains, any "Confidential - Outside Counsel Eyes Only" or "Highly Confidential - Outside Counsel Eyes Only" information shall be filed under seal in a seal envelope prominently labeled as follows:

CONTAINS "CONFIDENTIAL/CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY/ HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" INFORMATION SUBJECT TO PROTECTIVE ORDER. THIS ENVELOPE SHALL REMAIN SEALED AND SHALL NOT BE OPENED EXCEPT BY OR AS DIRECTED BY THE COURT

9.    Providing Legal Advice.  "Confidential - Outside Counsel Eyes Only" or "Highly Confidential - Outside Counsel Eyes Only" information, or the substance or context thereof, including any notes, memoranda or other similar documents relating thereto, shall not be

17

disclosed or summarized, either in writing or orally, to anyone other than persons permitted to have access to such information under this Order.  Nothing herein, however, is intended to prohibit or proscribe the ability of outside counsel for the Discovering Party from providing to the client informed and meaningful advice solely with respect to these actions, or to prevent counsel from aggregating such information or summarizing such information for its client, so long as it will not reveal or disclose "Confidential," "Confidential - Outside Counsel Eyes Only," or "Highly Confidential - Outside Counsel Eyes Only" information.

10.    Proper Uses of Protected Information.  Nothing herein shall restrict a qualified recipient from making abstracts, digests, or analyses of "Confidential - Outside Counsel Eyes Only" or "Highly Confidential - Outside Counsel Eyes Only" information for use in connection with the litigation, and such abstracts, digests, and analyses shall be deemed to have the same level of protection under the terms of this Stipulated Protective Order and shall be treated accordingly.  Further, nothing herein shall restrict Discovering Counsel from converting or translating such information into machine-readable form for incorporation into Discovering Counsel's data retrieval system used in connection with this litigation, provided that access to such information, in whatever form stored or reproduced, shall be limited to qualified recipients.

11.    Inadvertent Failure to Designate.  The inadvertent failure to designate confidential information as "Confidential - Outside Counsel Eyes Only" or "Highly Confidential - Outside Counsel Eyes Only" prior to or at the time of disclosure shall not operate as a waiver of the Disclosing Party's right to designate said information as "Confidential - Outside Counsel Eyes Only" or "Highly Confidential Information - Outside Counsel Eyes Only."  In the event that confidential information is designated "Confidential - Outside Counsel Eyes Only" or "Highly Confidential - Outside Counsel Eyes Only" after disclosure, then the Disclosing Party shall

promptly notify the Discovering Party in writing of the missing designation.  The Disclosing Party shall provide properly marked replacement documents or other tangible items to the Discovering Party within ten (10) days after the notice.  Within ten (10) days of receiving properly marked replacements, the Discovering Party shall confirm in writing that the unmarked documents or other tangible things were destroyed, or return the previously unmarked documents or tangible items to the Disclosing Party.

12.    <u>Inadvertent Disclosure</u>.  If the Disclosing Party inadvertently discloses information that is protected by attorney-client privilege, the work-product doctrine, or any other privilege, the Disclosing Party shall promptly, upon discovery of the disclosure, notify in writing the Discovering Party of the inadvertent production, and request that the item(s) be returned.  If that request is made, thereafter no party to these actions shall assert that the disclosure waived any privilege or immunity, but a party may continue to seek the production of the discovery on grounds other than waiver as a result of its inadvertent production in this case.  It is further agreed that the Discovering Party will return or destroy the inadvertently produced item(s), and all copies and derivations thereof, within five (5) business days after being notified.  The Discovering Party shall confirm in writing that the inadvertently produced documents or other tangible items were destroyed, or return them to the Disclosing Party.  Such inadvertently produced documents shall not be used for any purpose in these actions.

13.    <u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in these actions, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order that may be subject to a motion to disclose another party's information designated "Confidential - Outside Counsel Eyes Only" or "Highly Confidential - Outside

Counsel Eyes Only" pursuant to this order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

14.    <u>Termination of These Actions</u>.  Unless counsel agrees otherwise in writing, within thirty days of the conclusion of these actions (i.e., within thirty days after entry of a final judgment or decision from which no further appeal may be taken), and with the exception noted below, each party's outside counsel of record shall return to the Disclosing Party's outside counsel of record all documents (and copies made thereof) that were designated by the Disclosing Party as "Confidential - Outside Counsel Eyes Only" or "Highly Confidential - Outside Counsel Eyes Only" or destroy same, including all documents or copies provided by a Discovering Party to any other person.  However, outside counsel of record for each of the parties may retain one archival copy ("permitted archival copy") of correspondence between counsel in this case, Court transcripts, Court exhibits (except for exhibits designated "Highly Confidential - Outside Counsel Eyes Only"), deposition transcripts, deposition exhibits (except for exhibits designated "Highly Confidential - Outside Counsel Eyes Only"), discovery, filings with the Court and pleadings, and exhibits to those filings and pleadings, even though such papers may contain "Confidential - Outside Counsel Eyes Only" or "Highly Confidential - Outside Counsel Eyes Only" information.  For the avoidance of doubt, the parties are not permitted to otherwise retain production documents designated by the Disclosing Party as "Confidential - Outside Counsel Eyes Only" or "Highly Confidential - Outside Counsel Eyes Only" as part of the permitted archival copy.  At the conclusion of this thirty day period, each party's outside counsel of record shall certify in writing to the Disclosing Party's outside counsel of record that to his or her knowledge and belief that, with the exception of the permitted

archival copy, the party has either returned or destroyed all "Confidential - Outside Counsel Eyes Only" or "Highly Confidential - Outside Counsel Eyes Only" information in accordance with this Order.

15.     Protection Shall Survive Termination of This Action.  The provisions of this Stipulated Protective Order limiting the disclosure of "Confidential," "Confidential - Outside Counsel Eyes Only," or "Highly Confidential - Outside Counsel Eyes Only" information shall survive the termination of these actions.

16.     Modifications of This Order.  Nothing in this Stipulated Protective Order shall preclude any party hereto from seeking relief from, or modifications to, this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: 1/3/08

_____
Attorneys for Plaintiffs Samsung Electronics Co.,
Ltd., Samsung Electronics America, Inc., Samsung
Telecommunications America General, LLC,
Samsung Semiconductor, Inc., and Samsung Austin
Semiconductor, LLC

DATED: 19 Dec 07

_____
Attorneys for Defendants ON Semiconductor
Corporation and Semiconductor Components
Industries, LLC

MORRIS, NICHOLS, ARSHT &
 TUNNELL LLP

 /s/ Richard J. Bauer
Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
*Attorneys for ON Semiconductor Corp. and
Semiconductor Components Industries, LLC*

YOUNG, CONAWAY, STARGATT &
 TAYLOR LLP

 /s/ Andrew A. Lundgren
John W. Shaw (#3362)
Andrew A. Lundgren (#4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
(302) 571-6700
*Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., Samsung
Telecommunications America General, L.L.C.,
Samsung Semiconductor, Inc. and Samsung
Austin Semiconductor, L.L.C.*

SO ORDERED this _____ day of _____, 2008.

_____
Judge Joseph J. Farnan, Jr.

EXHIBIT A

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>  AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | : |
| : |
| Plaintiffs,<br><span>v.</span> | :   Civil Action No. 06-720 (JJF) |
| ON SEMICONDUCTOR CORP. | : |
| and | : |
| SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, LLC, | : |
| Defendants. | : |
| ON SEMICONDUCTOR CORP. | : |
| and | : |
| SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, LLC, | : |
| Plaintiffs,<br><span>v.</span> | :   Civil Action No. 07-449 (JJF) |
| SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>  AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | : |
| Defendants. | : |

## UNDERTAKING CONCERNING INFORMATION COVERED BY
## STIPULATED PROTECTIVE ORDER

The undersigned hereby acknowledges that he (she) has received and read the Stipulated Protective Order entered in the United States District Court for the District of Delaware on _____ in connection with Civil Action Nos. 06-720 (JJF) and 07-449 (JJF), and understands its terms and agrees to be bound by each of those terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Protected Information made available to him (her) other than in accordance with said Order. The undersigned further submits to the jurisdiction of this Court for the purposes of the Stipulated Protective Order in these actions.

Dated: _____

By: _____
     (signature line)

    _____
     (type or print name of individual)

Of: _____
     (name of employer)