IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 07-449 (JJF) |
| v. | ) ) | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 06-720 (JJF) |
| v. | ) ) | |
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE THAT the attached subpoenas are being served upon Mattson Technology, Inc. (Tab A); Tegal Corporation (Tab B); ULVAC Technologies, Inc. (Tab C); and Olin Corporation (Tab D).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Richard J. Bauer*

_____

Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
klouden@mnat.com
rbauer@mnat.com
*Attorneys for ON Semiconductor Corp.*
*and Semiconductor Components Industries, LLC*

OF COUNSEL:

Kenneth R. Adamo
JONES DAY
2727 North Harwood Street
Dallas, TX  75201-1515
(214) 220-3939

T. Gregory Lanier
Behrooz Shariati
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
(650) 739-3939

January 9, 2008

1378421

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on January 9, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

John W. Shaw
Andrew A. Lundgren

I also certify that copies were caused to be served on January 9, 2008 upon the following in the manner indicated:

**BY HAND AND EMAIL**

John W. Shaw
Andrew A. Lundgren
YOUNG, CONAWAY, STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street
17th Floor
Wilmington, DE 19801

**BY EMAIL**

John M. Desmarais
James E. Marina
KIRKLAND & ELLIS
153 East 53rd Street
New York, NY 10022

*/s/ Richard J. Bauer*
_____
Richard J. Bauer (#4828)

# TAB A

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMSUNG ELECTRONICS CO. LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, LLC, SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR LLC | **SUBPOENA IN A CIVIL CASE** |
| V. | Case Number:[1] 06-720 (JJF) |
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC | United States District Court For the District of Delaware |

TO:

    MATTSON TECHNOLOGY, INC.
    47131 Bayside Parkway
    Fremont, CA 94538

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Jones Day, 1755 Embarcadero Road, Palo Alto, CA 94303 | February 26, 2008  10 A.M. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    See Exhibit A, attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Jones Day, 1755 Embarcadero Road, Palo Alto, CA 94303 | February 5, 2008  10 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

---

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| (Attorney for Defendants ON Semiconductor Corp. and Semiconductor Components Industries, LLC) | January 9, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Guadalupe Garcia
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
(650) 739-3939

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                      DATE                                  SIGNATURE OF SERVER

                                                   _____
                                                   ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

These Document Requests incorporate, without limiting the scope of the Federal Rules of Civil Procedure, the following definitions and instructions.

1.    "All" means all and each, and "each" also means all and each.

2.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.    "Communication" refers to any transmittal of information in the form of facts, ideas, inquiries, or otherwise.

4.    "Concerning" refers to relating to, referring to, describing, evidencing, or constituting.

5.    "Document" or "documents" refers to the usage of this term in Federal Rule of Civil Procedure 34(a), and is synonymous in meaning and equal in scope to this usage, including, without limitation, electronically stored documents, photographs, tape recordings, or other sound or visual materials, computer databases, computer tapes, and any other materials that are in your actual or constructive possession, custody, or control, as well as all prior drafts of the foregoing, and copies of the foregoing on which any mark, alteration, writing, or other change from the original has been made. A draft or non-identical copy is a separate document within the meaning of the term.

6.    "Mattson" or "you" or "your" means Mattson Technology, Inc., its officers, directors, employees, partners, subsidiaries, corporate parents, divisions, predecessors and successors.

SVI-53427v1

7.    "ON Semiconductor" means ON Semiconductor Corporation and Semiconductor Components Industries, LLC, their officers, directors, employees, partners, subsidiaries, corporate parents, divisions, predecessors, and successors.

8.    The use of the singular form of any word includes the plural and vice versa.

9.    If, after responding, you obtain or become aware of any further information, documents or things responsive to this request, you are required to supplement your production and provide ON Semiconductor with such additional information.

10.    If any document is not identified or described on the grounds of privilege, for each such document provide (i) its date, (ii) its title, (iii) its author, (iv) its addressee(s), (v) the identity of those who received or saw the original or a copy of the document, (vi) its location, (vii) the nature of the privilege under which the document is being withheld, and (viii) any additional information upon which you rely to support its contention that the document is privileged.

## DEPOSITION TOPICS

1.      The research, testing, development, experimental or other use, and sales of any photoresist removal products or asher devices, including but not limited to the Aspen Strip photoresist removal product, prior to 1992 by Mattson.

2.      The structure and operation of any photoresist removal products or asher devices, including but not limited to the Aspen Strip photoresist removal product, prior to 1992 by Mattson.

3.      The operation and resulting effects in the presence of aluminum or oxygen of any photoresist removal products or asher devices, including but not limited to the Aspen Strip photoresist removal product, prior to 1992 by Mattson.

4.      The thicknesses of any oxides resulting from the operation of any photoresist removal products or asher devices, including but not limited to the Aspen Strip photoresist removal product, prior to 1992 by Mattson.

5.      The storage, retention, and authenticity of the documents produced by Mattson to ON Semiconductor pursuant to ON Semiconductor's subpoena.

6.      Mattson's practice and policy in regard to creating, recording, handling, storing, and maintaining documents of the type produced pursuant to ON Semiconductor's subpoena.

7.      The manner in which documents produced pursuant to ON Semiconductor's subpoena were retrieved, copied, and reproduced by Mattson.

8.      Mattson's current and all previous practices and policies in creating, recording, handling, storing, and maintaining business records, including its practices or policies as they relate to (i) preparing documents in the regular course of business of a regularly conducted

business activity; (ii) recording events at or near the time that the event occurred, and (iii) recording or transmitting information based on the personal knowledge.

      9.     Mattson's current and all previous practices and policies of document retention.

## DOCUMENT REQUESTS

**Request No. 1:**       Documents, including but not limited to articles, research

notebooks, test data, schematics, specifications, drawings, process flows, recipes, process control

programs, catalogs, manuals, data sheets, design manuals, TEM, SEM, other micrographs or

cross-sectional images, memos, reports, e-mails, or other communications, sufficient to show any

research or development of any photoresist removal products or asher devices by Mattson prior

to 1992.

**Request No. 2:**       Documents, including but not limited to research notebooks, test

data, schematics, specifications, drawings, process flows, recipes, process control programs,

catalogs, manuals, data sheets, design manuals, TEM, SEM, other micrographs or cross-sectional

images, memos, reports, e-mails, or other communications, sufficient to show any experimental

or other use of photoresist removal products or asher devices by or at the direction of Mattson

prior to 1992.

**Request No. 3:**       All documents, including but not limited to research notebooks,

test data, drawings, process flows, recipes, process control programs, manuals, data sheets,

design manuals, TEM, SEM, other micrographs or cross-sectional images, memos, reports, e-

mails, or other communications, concerning the presence, absence, or removal of any oxides on

the metal exposed by a contact or via opening that may have formed during any use of

photoresist removal products or asher devices by Mattson prior to 1992.

**Request No. 4:**       Documents, including but not limited to research notebooks, test

data, schematics, specifications, drawings, process flows, recipes, process control programs,

catalogs, manuals, data sheets, design manuals, TEM, SEM, other micrographs or cross-sectional

images, memos, reports, letters, e-mails, or other communications, sufficient to show any <u>testing</u> of photoresist removal products or asher devices by or at the direction of Mattson prior to 1992.

**Request No. 5:**    Documents, including but not limited to research notebooks, catalogs, manuals, data sheets, design manuals, memos, reports, letters, e-mails, other communications, publications, white papers, press releases, or other marketing materials, sufficient to show the <u>first public disclosure</u> of each photoresist removal product or asher device by Mattson prior to 1992.

**Request No. 6:**    Documents, including but not limited to research notebooks, test data, catalogs, manuals, data sheets, design manuals, memos, reports, letters, e-mails, other communications, publications, white papers, press releases, or other marketing materials, sufficient to show the <u>first public use</u> of each photoresist removal product or asher device by Mattson prior to 1992.

**Request No. 7:**    Documents, including but not limited to research notebooks, catalogs, manuals, data sheets, design manuals, memos, reports, letters, e-mails, other communications, publications, white papers, press releases, license agreements, receipts, invoices, sales data cost or production data, pricing data, audited financial statements, SEC filings, IRS filings, quarterly reports, corporate meeting minutes, financial forecasts, business plans, marketing plans, marketing surveys, or marketing overviews, sufficient to show the <u>first use for commercial purpose</u> of each photoresist removal product or asher device by Mattson prior to 1992.

**Request No. 8:**    Documents, including but not limited to research notebooks, catalogs, manuals, data sheets, design manuals, memos, reports, letters, e-mails, other communications, publications, white papers, press releases, license agreements, receipts,

invoices, sales data, cost or production data, pricing data, audited financial statements, SEC filings, IRS filings, quarterly reports, corporate meeting minutes, financial forecasts, business plans, marketing plans, marketing surveys, or marketing overviews, sufficient to show the <u>first offer for sale</u> of each photoresist removal product or asher device by Mattson prior to 1992.

**Request No. 9:**       Documents, including but not limited to research notebooks, catalogs, manuals, data sheets, design manuals, memos, reports, letters, e-mails, other communications, publications, white papers, press releases, license agreements, receipts, invoices, sales data, cost or production data, pricing data, audited financial statements, SEC filings, IRS filings, quarterly reports, corporate meeting minutes, financial forecasts, business plans, marketing plans, marketing surveys, or marketing overviews, sufficient to show the <u>first sale</u> of each photoresist removal product or asher device by Mattson prior to 1992.

# TAB B

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

SAMSUNG ELECTRONICS CO. LTD., SAMSUNG ELECTRONICS
AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA
GENERAL, LLC, SAMSUNG SEMICONDUCTOR, INC., and
SAMSUNG AUSTIN SEMICONDUCTOR LLC

V.

ON SEMICONDUCTOR CORP. and SEMICONDUCTOR
COMPONENTS INDUSTRIES, LLC

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 06-720 (JJF)

United States District Court For the District of
Delaware

TO:

    TEGAL CORPORATION
    2201 S. McDowell Blvd
    Petaluma, CA 94954

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Jones Day, 1755 Embarcadero Road, Palo Alto, CA 94303 | February 28, 2008  10 A.M. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at
the place, date, and time specified below (list documents or objects):

See Exhibit A, attached hereto.

| PLACE | DATE AND TIME |
| --- | --- |
| Jones Day, 1755 Embarcadero Road, Palo Alto, CA 94303 | February 5, 2008  10 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

---

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| (Attorney for Defendants ON Semiconductor Corp. and Semiconductor Components Industries, LLC) | January 9, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Guadalupe Garcia
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
(650) 739-3939

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|

**SERVED**

SERVED ON (PRINT NAME)                                    MANNER OF SERVICE

SERVED BY (PRINT NAME)                                    TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

DATE                                                     SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

These Document Requests incorporate, without limiting the scope of the Federal Rules of Civil Procedure, the following definitions and instructions.

1.      "All" means all and each, and "each" also means all and each.

2.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      "Communication" refers to any transmittal of information in the form of facts, ideas, inquiries, or otherwise.

4.      "Concerning" refers to relating to, referring to, describing, evidencing, or constituting.

5.      "Document" or "documents" refers to the usage of this term in Federal Rule of Civil Procedure 34(a), and is synonymous in meaning and equal in scope to this usage, including, without limitation, electronically stored documents, photographs, tape recordings, or other sound or visual materials, computer databases, computer tapes, and any other materials that are in your actual or constructive possession, custody, or control, as well as all prior drafts of the foregoing, and copies of the foregoing on which any mark, alteration, writing, or other change from the original has been made.  A draft or non-identical copy is a separate document within the meaning of the term.

6.      "Tegal" or "you" or "your" means Tegal Corporation, its officers, directors, employees, partners, subsidiaries, corporate parents, divisions, predecessors, and successors.

7.      "ON Semiconductor" means ON Semiconductor Corporation and Semiconductor Components Industries, LLC, their officers, directors, employees, partners, subsidiaries, corporate parents, divisions, predecessors, and successors.

8.      The use of the singular form of any word includes the plural and vice versa.

9.      If, after responding, you obtain or become aware of any further information, documents or things responsive to this request, you are required to supplement your production and provide ON Semiconductor with such additional information.

10.     If any document is not identified or described on the grounds of privilege, for each such document provide (i) its date, (ii) its title, (iii) its author, (iv) its addressee(s), (v) the identity of those who received or saw the original or a copy of the document, (vi) its location, (vii) the nature of the privilege under which the document is being withheld, and (viii) any additional information upon which you rely to support its contention that the document is privileged.

## DEPOSITION TOPICS

1.      The research, testing, development, experimental or other use, and sales of any photoresist removal products or asher devices, including but not limited to any ashers with model numbers 965 or 915, prior to 1992 by Tegal.

2.      The structure and operation of any photoresist removal products or asher devices, including but not limited to any ashers with model numbers 965 or 915, prior to 1992 by Tegal.

3.      The operation and resulting effects in the presence of aluminum or oxygen of any photoresist removal products or asher devices, including but not limited to any ashers with model numbers 965 or 915, prior to 1992 by Tegal.

4.      The thicknesses of any oxides resulting from operation of any photoresist removal products or asher devices, including but not limited to any ashers with model numbers 965 or 915, prior to 1992 by Tegal.

5.      The storage, retention, and authenticity of the documents produced by Tegal to ON Semiconductor pursuant to ON Semiconductor's subpoena.

6.      Tegal's practice and policy in regard to creating, recording, handling, storing, and maintaining documents of the type produced pursuant to ON Semiconductor's subpoena.

7.      The manner in which documents produced pursuant to ON Semiconductor's subpoena were retrieved, copied, and reproduced by Tegal.

8.      Tegal's current and all previous practices and policies in creating, recording, handling, storing, and maintaining business records, including its practices or policies as they relate to (i) preparing documents in the regular course of business of a regularly conducted business activity; (ii) recording events at or near the time that the event occurred, and (iii) recording or transmitting information based on the personal knowledge.

9.    Tegal's current and all previous practices and policies of document retention.

## DOCUMENT REQUESTS

**Request No. 1:**       Documents, including but not limited to articles, research

notebooks, test data, schematics, specifications, drawings, process flows, recipes, process control

programs, catalogs, manuals, data sheets, design manuals, TEM, SEM, other micrographs or

cross-sectional images, memos, reports, e-mails, or other communications, sufficient to show any

research or development of any photoresist removal products or asher devices by Tegal prior to

1992, including but not limited to asher model numbers 965 or 915.

**Request No. 2:**       Documents, including but not limited to research notebooks, test

data, schematics, specifications, drawings, process flows, recipes, process control programs,

catalogs, manuals, data sheets, design manuals, TEM, SEM, other micrographs or cross-sectional

images, memos, reports, e-mails, or other communications, sufficient to show any experimental

or other use of photoresist removal products or asher devices by or at the direction of Tegal prior

to 1992, including but not limited to asher model numbers 965 or 915.

**Request No. 3:**       All documents, including but not limited to research notebooks,

test data, drawings, process flows, recipes, process control programs, manuals, data sheets,

design manuals, TEM, SEM, other micrographs or cross-sectional images, memos, reports, e-

mails, or other communications, concerning the presence, absence, or removal of any oxides on

the metal exposed by a contact or via opening that may have formed during any use of

photoresist removal products or asher devices by Tegal prior to 1992, including but not limited to

asher model numbers 965 or 915.

**Request No. 4:**       Documents, including but not limited to research notebooks, test

data, schematics, specifications, drawings, process flows, recipes, process control programs,

catalogs, manuals, data sheets, design manuals, TEM, SEM, other micrographs or cross-sectional

images, memos, reports, letters, e-mails, or communications, sufficient to show any <u>testing</u> of photoresist removal products or asher devices by or at the direction of Tegal prior to 1992, including but not limited to asher model numbers 965 or 915.

**Request No. 5:**     Documents, including but not limited to research notebooks, catalogs, manuals, data sheets, design manuals, memos, reports, letters, e-mails, other communications, publications, white papers, press releases, or other marketing materials, sufficient to show the <u>first public disclosure</u> of each photoresist removal product or asher device by Tegal prior to 1992, including but not limited to asher model numbers 965 or 915.

**Request No. 6:**     Documents, including but not limited to research notebooks, test data, catalogs, manuals, data sheets, design manuals, memos, reports, letters, e-mails, other communications, publications, white papers, press releases, or other marketing materials, sufficient to show the <u>first public use</u> of each photoresist removal product or asher device by Tegal prior to 1992, including but not limited to asher model numbers 965 or 915.

**Request No. 7:**     Documents, including but not limited to research notebooks, catalogs, manuals, data sheets, design manuals, memos, reports, letters, e-mails, other communications, publications, white papers, press releases, license agreements, receipts, invoices, sales data cost or production data, pricing data, audited financial statements, SEC filings, IRS filings, quarterly reports, corporate meeting minutes, financial forecasts, business plans, marketing plans, marketing surveys, or marketing overviews, sufficient to show the <u>first use for commercial purpose</u> of each photoresist removal product or asher device by Tegal prior to 1992, including but not limited to asher model numbers 965 or 915.

**Request No. 8:**     Documents, including but not limited to research notebooks, catalogs, manuals, data sheets, design manuals, memos, reports, letters, e-mails, other

communications, publications, white papers, press releases, license agreements, receipts,

invoices, sales data, cost or production data, pricing data, audited financial statements, SEC

filings, IRS filings, quarterly reports, corporate meeting minutes, financial forecasts, business

plans, marketing plans, marketing surveys, or marketing overviews, sufficient to show the <u>first</u>

<u>offer for sale</u> of each photoresist removal product or asher device by Tegal prior to 1992,

including but not limited to asher model numbers 965 or 915.

**Request No. 9:**     Documents, including but not limited to research notebooks,

catalogs, manuals, data sheets, design manuals, memos, reports, letters, e-mails, other

communications, publications, white papers, press releases, license agreements, receipts,

invoices, sales data, cost or production data, pricing data, audited financial statements, SEC

filings, IRS filings, quarterly reports, corporate meeting minutes, financial forecasts, business

plans, marketing plans, marketing surveys, or marketing overviews, sufficient to show the <u>first</u>

<u>sale</u> of each photoresist removal product or asher device by Tegal prior to 1992, including but

not limited to asher model numbers 965 or 915.

# TAB C

OAO 88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF  MASSACHUSETTS

| | |
|---|---|
| SAMSUNG ELECTRONICS CO. LTD., ET AL, <br> V. <br> ON SEMICONDUCTOR CORP. and SEMICONDUCTOR <br> COMPONENTS INDUSTRIES, LLC | **SUBPOENA IN A CIVIL CASE** <br><br> Case Number: [1] 06-720 (JJF) <br> United States District Court For the <br> District of Delaware |

TO: ULVAC Technologies, Inc., 401 Griffin Brook Drive, Methuen, MA 01844

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Boston, MA | March 5, 2008 |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See Exhibit A, attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Jones Day, 1755 Embarcadero Road, Palo Alto, CA 94303 | February 5, 2008 |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *(signature)*                    (Attorney for Defendants) | January 9, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Guadalupe García, JONES DAY, 1755 Embarcadero Road, Palo Alto, CA 94303, (650) 739-3939

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO 88 (Rev 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED: | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                    DATE                                                    SIGNATURE OF SERVER

                                                                            _____
                                                                            ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc
www.FormsWorkflow.com

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

These Document Requests incorporate, without limiting the scope of the Federal Rules of Civil Procedure, the following definitions and instructions.

1.     "All" means all and each, and "each" also means all and each.

2.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.     "Communication" refers to any transmittal of information in the form of facts, ideas, inquiries, or otherwise.

4.     "Concerning" refers to relating to, referring to, describing, evidencing, or constituting.

5.     "Document" or "documents" refers to the usage of this term in Federal Rule of Civil Procedure 34(a), and is synonymous in meaning and equal in scope to this usage, including, without limitation, electronically stored documents, photographs, tape recordings, or other sound or visual materials, computer databases, computer tapes, and any other materials that are in your actual or constructive possession, custody, or control, as well as all prior drafts of the foregoing, and copies of the foregoing on which any mark, alteration, writing, or other change from the original has been made. A draft or non-identical copy is a separate document within the meaning of the term.

6.     "ULVAC" or "you" or "your" means ULVAC Technologies, Inc., its officers, directors, employees, partners, subsidiaries, corporate parents, divisions, predecessors, and successors.

7.    "ON Semiconductor" means ON Semiconductor Corporation and Semiconductor Components Industries, LLC, their officers, directors, employees, partners, subsidiaries, corporate parents, divisions, predecessors, and successors.

8.    The use of the singular form of any word includes the plural and vice versa.

9.    If, after responding, you obtain or become aware of any further information, documents or things responsive to this request, you are required to supplement your production and provide ON Semiconductor with such additional information.

10.    If any document is not identified or described on the grounds of privilege, for each such document provide (i) its date, (ii) its title, (iii) its author, (iv) its addressee(s), (v) the identity of those who received or saw the original or a copy of the document, (vi) its location, (vii) the nature of the privilege under which the document is being withheld, and (viii) any additional information upon which you rely to support its contention that the document is privileged.

## DEPOSITION TOPICS

1.    The research, testing, development, experimental or other use, and sales of any photoresist removal products or asher devices prior to 1992 by ULVAC.

2.    The structure and operation of any photoresist removal products or asher devices prior to 1992 by ULVAC.

3.    The operation and resulting effects in the presence of aluminum or oxygen of any photoresist removal products or asher devices prior to 1992 by ULVAC.

4.    The thicknesses of any oxides resulting from the operation of any photoresist removal products or asher devices prior to 1992 by ULVAC.

5.    The storage, retention, and authenticity of the documents produced by ULVAC to ON Semiconductor pursuant to ON Semiconductor's subpoena.

6.    ULVAC's practice and policy in regard to creating, recording, handling, storing, and maintaining documents of the type produced pursuant to ON Semiconductor's subpoena.

7.    The manner in which documents produced pursuant to ON Semiconductor's subpoena were retrieved, copied, and reproduced by ULVAC.

8.    ULVAC's current and all previous practices and policies in creating, recording, handling, storing, and maintaining business records, including its practices or policies as they relate to (i) preparing documents in the regular course of business of a regularly conducted business activity; (ii) recording events at or near the time that the event occurred, and (iii) recording or transmitting information based on the personal knowledge.

9.    ULVAC's current and all previous practices and policies of document retention.

## DOCUMENT REQUESTS

**Request No. 1:**     Documents, including but not limited to articles, research notebooks, test data, schematics, specifications, drawings, process flows, recipes, process control programs, catalogs, manuals, data sheets, design manuals, TEM, SEM, other micrographs or cross-sectional images, memos, reports, e-mails, or other communications, sufficient to show any research or development of any photoresist removal products or asher devices by ULVAC prior to 1992.

**Request No. 2:**     Documents, including but not limited to research notebooks, test data, schematics, specifications, drawings, process flows, recipes, process control programs, catalogs, manuals, data sheets, design manuals, TEM, SEM, other micrographs or cross-sectional images, memos, reports, e-mails, or other communications, sufficient to show any experimental or other use of photoresist removal products or asher devices by or at the direction of ULVAC prior to 1992.

**Request No. 3:**     All documents, including but not limited to research notebooks, test data, drawings, process flows, recipes, process control programs, manuals, data sheets, design manuals, TEM, SEM, other micrographs or cross-sectional images, memos, reports, e-mails, or other communications, concerning the presence, absence, or removal of any oxides on the metal exposed by a contact or via opening that may have formed during any use of photoresist removal products or asher devices by ULVAC prior to 1992.

**Request No. 4:**     Documents, including but not limited to research notebooks, test data, schematics, specifications, drawings, process flows, recipes, process control programs, catalogs, manuals, data sheets, design manuals, TEM, SEM, other micrographs or cross-sectional

images, memos, reports, letters, e-mails, or other communications, sufficient to show any <u>testing</u> of photoresist removal products or asher devices by or at the direction of ULVAC prior to 1992.

**Request No. 5:**    Documents, including but not limited to research notebooks, catalogs, manuals, data sheets, design manuals, memos, reports, letters, e-mails, other communications, publications, white papers, press releases, or other marketing materials, sufficient to show the <u>first public disclosure</u> of each photoresist removal product or asher device by ULVAC prior to 1992.

**Request No. 6:**    Documents, including but not limited to research notebooks, test data, catalogs, manuals, data sheets, design manuals, memos, reports, letters, e-mails, other communications, publications, white papers, press releases, or other marketing materials, sufficient to show the <u>first public use</u> of each photoresist removal product or asher device by ULVAC prior to 1992.

**Request No. 7:**    Documents, including but not limited to research notebooks, catalogs, manuals, data sheets, design manuals, memos, reports, letters, e-mails, other communications, publications, white papers, press releases, license agreements, receipts, invoices, sales data cost or production data, pricing data, audited financial statements, SEC filings, IRS filings, quarterly reports, corporate meeting minutes, financial forecasts, business plans, marketing plans, marketing surveys, or marketing overviews, sufficient to show the <u>first use for commercial purpose</u> of each photoresist removal product or asher device by ULVAC prior to 1992.

**Request No. 8:**    Documents, including but not limited to research notebooks, catalogs, manuals, data sheets, design manuals, memos, reports, letters, e-mails, other communications, publications, white papers, press releases, license agreements, receipts,

invoices, sales data, cost or production data, pricing data, audited financial statements, SEC

filings, IRS filings, quarterly reports, corporate meeting minutes, financial forecasts, business

plans, marketing plans, marketing surveys, or marketing overviews, sufficient to show the <u>first</u>

<u>offer for sale</u> of each photoresist removal product or asher device by ULVAC prior to 1992.

**Request No. 9:**     Documents, including but not limited to research notebooks,

catalogs, manuals, data sheets, design manuals, memos, reports, letters, e-mails, other

communications, publications, white papers, press releases, license agreements, receipts,

invoices, sales data, cost or production data, pricing data, audited financial statements, SEC

filings, IRS filings, quarterly reports, corporate meeting minutes, financial forecasts, business

plans, marketing plans, marketing surveys, or marketing overviews, sufficient to show the <u>first</u>

<u>sale</u> of each photoresist removal product or asher device by ULVAC prior to 1992.

TAB D

*AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SAMSUNG ELECTRONICS CO. LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, LLC, SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR LLC<br>V.<br><br>ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1] 06-720 (JJF)<br><br>United States District Court For the District of Delaware |

TO: OLIN CORPORATION
190 Carondelet Plaza
Suite 1530
Clayton, MO 63105-3443

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| St. Louis, MO | March 3, 2008 |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A, attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Jones Day, 1755 Embarcadero Road, Palo Alto, CA 94303 | February 5, 2008 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| (Attorney for Defendants ON Semiconductor Corp. and Semiconductor Components Industries, LLC) | January 9, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Guadalupe Garcia
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
(650) 739-3939

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                     DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

These Document Requests incorporate, without limiting the scope of the Federal Rules of Civil Procedure, the following definitions and instructions.

1.    "All" means all and each, and "each" also means all and each.

2.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.    "Communication" refers to any transmittal of information in the form of facts, ideas, inquiries, or otherwise.

4.    "Concerning" refers to relating to, referring to, describing, evidencing, or constituting.

5.    "Document" or "documents" refers to the usage of this term in Federal Rule of Civil Procedure 34(a), and is synonymous in meaning and equal in scope to this usage, including, without limitation, electronically stored documents, photographs, tape recordings, or other sound or visual materials, computer databases, computer tapes, and any other materials that are in your actual or constructive possession, custody, or control, as well as all prior drafts of the foregoing, and copies of the foregoing on which any mark, alteration, writing, or other change from the original has been made. A draft or non-identical copy is a separate document within the meaning of the term.

6.    "Olin" or "you" or "your" means Olin Corporation, its officers, directors, employees, partners, subsidiaries, corporate parents, divisions, predecessors, and successors.

7.     "ON Semiconductor" means ON Semiconductor Corporation and Semiconductor Components Industries, LLC, their officers, directors, employees, partners, subsidiaries, corporate parents, divisions, predecessors, and successors.

8.     "The '087 patent" means U.S. Patent No. 4,736,087.

9.     The use of the singular form of any word includes the plural and vice versa.

10.    If, after responding, you obtain or become aware of any further information, documents or things responsive to this request, you are required to supplement your production and provide ON Semiconductor with such additional information.

11.    If any document is not identified or described on the grounds of privilege, for each such document provide (i) its date, (ii) its title, (iii) its author, (iv) its addressee(s), (v) the identity of those who received or saw the original or a copy of the document, (vi) its location, (vii) the nature of the privilege under which the document is being withheld, and (viii) any additional information upon which you rely to support its contention that the document is privileged.

## DEPOSITION TOPICS

1.      The research, testing, development, experimental or other use, and sales of any photoresist removal products or asher devices prior to 1992 by Olin.

2.      The structure and operation of any photoresist removal products or asher devices prior to 1992 by Olin.

3.      The operation and resulting effects in the presence of aluminum or oxygen of any photoresist removal products or asher devices prior to 1992 by Olin.

4.      The thicknesses of any oxides resulting from the operation of any photoresist removal products or asher devices prior to 1992 by Olin.

5.      Any research, testing, development, experiments, conception, or reduction to practice of the '087 patent.

6.      Any research, testing, development, experimental or other use, or sales of any products covered by the '087 patent prior to 1992.

7.      The operation and resulting effects in the presence of aluminum or oxygen of any products covered by the '087 patent prior to 1992.

8.      The thicknesses of any oxides resulting from the operation of products covered by the '087 patent prior to 1992.

9.      The storage, retention, and authenticity of the documents produced by Olin to ON Semiconductor pursuant to ON Semiconductor's subpoena.

10.      Olin's practice and policy in regard to creating, recording, handling, storing, and maintaining documents of the type produced pursuant to ON Semiconductor's subpoena.

11.      The manner in which documents produced pursuant to ON Semiconductor's subpoena were retrieved, copied, and reproduced by Olin.

12.     Olin's current and all previous practices and policies in creating, recording, handling, storing, and maintaining business records, including its practices or policies as they relate to (i) preparing documents in the regular course of business of a regularly conducted business activity; (ii) recording events at or near the time that the event occurred, and (iii) recording or transmitting information based on the personal knowledge.

13.     Olin's current and all previous practices and policies of document retention.

## DOCUMENT REQUESTS

**Request No. 1:** Documents, including but not limited to articles, research notebooks, test data, schematics, specifications, drawings, process flows, recipes, process control programs, catalogs, manuals, data sheets, design manuals, TEM, SEM, other micrographs or cross-sectional images, memos, reports, e-mails, or other communications, sufficient to show any research or development of any photoresist removal products or asher devices by Olin prior to 1992.

**Request No. 2:** Documents, including but not limited to research notebooks, test data, schematics, specifications, drawings, process flows, recipes, process control programs, catalogs, manuals, data sheets, design manuals, TEM, SEM, other micrographs or cross-sectional images, memos, reports, e-mails, or other communications, sufficient to show any experimental or other use of photoresist removal products or asher devices by or at the direction of Olin prior to 1992.

**Request No. 3:** All documents, including but not limited to research notebooks, test data, drawings, process flows, recipes, process control programs, manuals, data sheets, design manuals, TEM, SEM, other micrographs or cross-sectional images, memos, reports, e-mails, or other communications, concerning the presence, absence, or removal of any oxides on the metal exposed by a contact or via opening that may be formed during any use of photoresist removal products or asher devices by Olin prior to 1992.

**Request No. 4:** Documents, including but not limited to research notebooks, test data, schematics, specifications, drawings, process flows, recipes, process control programs, catalogs, manuals, data sheets, design manuals, TEM, SEM, other micrographs or cross-sectional

images, memos, reports, letters, e-mails, or other communications, sufficient to show any testing of photoresist removal products or asher devices by or at the direction of Olin prior to 1992.

**Request No. 5:**    Documents, including but not limited to research notebooks, catalogs, manuals, data sheets, design manuals, memos, reports, letters, e-mails, other communications, publications, white papers, press releases, or other marketing materials, sufficient to show the first public disclosure of each photoresist removal product or asher device by Olin prior to 1992.

**Request No. 6:**    Documents, including but not limited to research notebooks, test data, catalogs, manuals, data sheets, design manuals, memos, reports, letters, e-mails, other communications, publications, white papers, press releases, or other marketing materials, sufficient to show the first public use of each photoresist removal product or asher device by Olin prior to 1992.

**Request No. 7:**    Documents, including but not limited to research notebooks, catalogs, manuals, data sheets, design manuals, memos, reports, letters, e-mails, other communications, publications, white papers, press releases, license agreements, receipts, invoices, sales data cost or production data, pricing data, audited financial statements, SEC filings, IRS filings, quarterly reports, corporate meeting minutes, financial forecasts, business plans, marketing plans, marketing surveys, or marketing overviews, sufficient to show the first use for commercial purpose of each photoresist removal product or asher device by Olin prior to 1992.

**Request No. 8:**    Documents, including but not limited to research notebooks, catalogs, manuals, data sheets, design manuals, memos, reports, letters, e-mails, other communications, publications, white papers, press releases, license agreements, receipts,

invoices, sales data, cost or production data, pricing data, audited financial statements, SEC

filings, IRS filings, quarterly reports, corporate meeting minutes, financial forecasts, business

plans, marketing plans, marketing surveys, or marketing overviews, sufficient to show the <u>first</u>

<u>offer for sale</u> of each photoresist removal product or asher device by Olin prior to 1992.

**Request No. 9:**     Documents, including but not limited to research notebooks,

catalogs, manuals, data sheets, design manuals, memos, reports, letters, e-mails, other

communications, publications, white papers, press releases, license agreements, receipts,

invoices, sales data, cost or production data, pricing data, audited financial statements, SEC

filings, IRS filings, quarterly reports, corporate meeting minutes, financial forecasts, business

plans, marketing plans, marketing surveys, or marketing overviews, sufficient to show the <u>first</u>

<u>sale</u> of each photoresist removal product or asher device by Olin prior to 1992.

**Request No. 10:**     Documents, including but not limited to articles, research

notebooks, test data, schematics, specifications, drawings, process flows, recipes, process control

programs, catalogs, manuals, data sheets, design manuals, TEM, SEM, other micrographs or

cross-sectional images, memos, reports, e-mails, or other communications, sufficient to show any

<u>research, development, conception, or reduction to practice</u> prior to 1992 of the '087 patent or of

any products covered by the '087 patent.

**Request No. 11:**     Documents, including but not limited to research notebooks, test

data, schematics, specifications, drawings, process flows, recipes, process control programs,

catalogs, manuals, data sheets, design manuals, TEM, SEM, other micrographs or cross-sectional

images, memos, reports, e-mails, or other communications, sufficient to show any <u>experimental</u>

<u>or other use</u> prior to 1992 of any products covered by the '087 patent.

**Request No. 12:**      All documents, including but not limited to research notebooks, test data, drawings, process flows, recipes, process control programs, manuals, data sheets, design manuals, TEM, SEM, other micrographs or cross-sectional images, memos, reports, e-mails, or other communications, concerning <u>the presence, absence, or removal of any oxides on the metal exposed by a contact or via opening</u> that may have been formed prior to 1992 during any use of any products covered by the '087 patent.

**Request No. 13:**      Documents, including but not limited to research notebooks, test data, schematics, specifications, drawings, process flows, recipes, process control programs, catalogs, manuals, data sheets, design manuals, TEM, SEM, other micrographs or cross-sectional images, memos, reports, letters, e-mails, or other communications, sufficient to show any <u>testing</u> prior to 1992 of the invention of the '087 patent or of any products covered by the '087 patent.

**Request No. 14:**      Documents, including but not limited to research notebooks, catalogs, manuals, data sheets, design manuals, memos, reports, letters, e-mails, other communications, publications, white papers, press releases, or other marketing materials, sufficient to show the <u>first public disclosure</u> prior to 1992of any products covered by the '087 patent.

**Request No. 15:**      Documents, including but not limited to research notebooks, test data, catalogs, manuals, data sheets, design manuals, memos, reports, letters, e-mails, other communications, publications, white papers, press releases, or other marketing materials, sufficient to show the <u>first public use</u> prior to 1992 of any products covered by the '087 patent.

**Request No. 16:**      Documents, including but not limited to research notebooks, catalogs, manuals, data sheets, design manuals, memos, reports, letters, e-mails, other communications, publications, white papers, press releases, license agreements, receipts,

SVI-53782v1

invoices, sales data cost or production data, pricing data, audited financial statements, SEC

filings, IRS filings, quarterly reports, corporate meeting minutes, financial forecasts, business

plans, marketing plans, marketing surveys, or marketing overviews, sufficient to show the <u>first</u>

<u>use for commercial purpose</u> prior to 1992 of any products covered by the '087 patent.

 **Request No. 17:** Documents, including but not limited to research notebooks,

catalogs, manuals, data sheets, design manuals, memos, reports, letters, e-mails, other

communications, publications, white papers, press releases, license agreements, receipts,

invoices, sales data, cost or production data, pricing data, audited financial statements, SEC

filings, IRS filings, quarterly reports, corporate meeting minutes, financial forecasts, business

plans, marketing plans, marketing surveys, or marketing overviews, sufficient to show the <u>first</u>

<u>offer for sale</u> prior to 1992 of any products covered by the '087 patent.

 **Request No. 18:** Documents, including but not limited to research notebooks,

catalogs, manuals, data sheets, design manuals, memos, reports, letters, e-mails, other

communications, publications, white papers, press releases, license agreements, receipts,

invoices, sales data, cost or production data, pricing data, audited financial statements, SEC

filings, IRS filings, quarterly reports, corporate meeting minutes, financial forecasts, business

plans, marketing plans, marketing surveys, or marketing overviews, sufficient to show the <u>first</u>

<u>sale</u> prior to 1992 of any products covered by the '087 patent.