IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 07-449 (JJF) |
| SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>  AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br>Defendants. | ) ) ) ) ) ) ) | **REDACTED<br>PUBLIC VERSION** |
| SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>  AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 06-720 (JJF) |
| ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

**DECLARATION OF RICHARD J. BAUER IN SUPPORT
OF REPLY BRIEF OF ON SEMICONDUCTOR CORP. AND
SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC IN
<u>SUPPORT OF THEIR MOTION TO COMPEL</u>**

     I, Richard J. Bauer, am an associate with the law firm of Morris, Nichols &

Tunnell LLP.   I am one of the attorneys representing ON Semiconductor Corp. and

Semiconductor Components Industries, LLC (collectively, "ON Semiconductor") in the current

litigation.  I hereby declare as follows:

1.      Attached hereto as Exhibit 1 is a true and correct copy of a document Samsung produced on January 15, 2008 bearing Bates Number SAMSUNG0137926, and a zoom shot of that document.

2.      Attached hereto as Exhibit 2 is a true and correct copy of a document printed from the CD Samsung produced as Bates Number SAMSUNG0233822 on February 22, 2008, and a zoom shot of that document.

3.      Attached hereto as Exhibit 3 is a true and correct copy of a document Samsung produced on January 15, 2008 bearing Bates Number SAMSUNG0134560, and a zoom shot of that document.

4.      Attached hereto as Exhibit 4 is a true and correct copy of a document printed from the CD Samsung produced as Bates Number SAMSUNG0233822 on February 22, 2008, and a zoom shot of that document.

5.      Attached hereto as Exhibit 5 is a true and correct copy of a document Samsung produced on January 15, 2008 bearing Bates Number SAMSUNG0144510.

6.      Attached hereto as Exhibit 6 is a true and correct copy of a document printed from the CD Samsung produced as Bates Number SAMSUNG0233822 on February 22, 2008.

7.      Attached hereto as Exhibit 7 is a true and correct copy of a letter from Cora Schmid to John Spaccarotella dated February 7, 2008.

8.      Attached hereto as Exhibit 8 are true and correct copies of documents Samsung produced on January 15, 2008 bearing Bates Numbers SAMSUNG0133062-0133072.

9.      Attached hereto as Exhibit 9 is a true and correct copy of the Memorandum Order entered in *RR Donnelly & Sons Co. v. Quark Inc.*, No. 06-0320-JJF, dated January 4, 2007.

I declare under penalty of perjury that the foregoing is true and correct.

February 29, 2008

Richard J. Bauer (#4828)

1704025

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on March 4, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Josy W. Ingersoll
> John W. Shaw
> Andrew A. Lundgren

I also certify that copies were caused to be served on March 4, 2008 upon the following in the manner indicated:

### BY HAND AND EMAIL

> Josy W. Ingersoll
> John W. Shaw
> Andrew A. Lundgren
> YOUNG, CONAWAY, STARGATT & TAYLOR LLP
> The Brandywine Building
> 1000 West Street, 17th Flr.
> Wilmington, DE  19899

### BY EMAIL

> John M. Desmarais
> James E. Marina
> KIRKLAND & ELLIS
> 153 East 53rd Street
> New York, NY  10022

> */s/ Richard J. Bauer (#4828)*
> Richard J. Bauer (#4828)

# EXHIBIT 1

REDACTED
IN ITS
ENTIRETY

# EXHIBIT 2

REDACTED
IN ITS
ENTIRETY

EXHIBIT 3

REDACTED
IN ITS
ENTIRETY

EXHIBIT 4

REDACTED
IN ITS
ENTIRETY

EXHIBIT 5

REDACTED
IN ITS
ENTIRETY

Exhibit 6

REDACTED
IN ITS
ENTIRETY

EXHIBIT 7

# JONES DAY

1755 EMBARCADERO ROAD · PALO ALTO, CALIFORNIA  94303

TELEPHONE: (650) 739-3939 · FACSIMILE: (650) 739-3900

Cora L. Schmid
Direct Number:  (650) 739-3944
cschmid@jonesday.com

February 7, 2008

**BY E-MAIL**

John Spaccarotella, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022-4611

   Re: *ON Semiconductor Corp. v. Samsung Electronics Co., Ltd.*
     Civil Action No. 1:07-cv-00449 (JJF)
     *Samsung Electronics Co., Ltd. v. ON Semiconductor Corp.*
     Civil Action No. 1:06-cv-00720 (JJF)

Dear Mr. Spaccarotella:

   This letter confirms our discussion during our teleconference earlier today.  Your colleague Brian Lee and you were present on behalf of Samsung while my colleague Guadalupe Garcia and I were present on behalf of ON Semiconductor.  You opened the call by saying that you hoped your willingness to discuss our discovery disputes "didn't get your expectations up too much," that you had talked to your client prior to our call, but that you did not have any documents to produce today.  Rather, you stated that you had requested the teleconference to ask us some follow-up questions based on our letters and our previous call, and that your client is on vacation this week so "nothing can happen this week."  We then discussed two topics in greater detail.

## 1) Samsung's Failure to Produce GDS2 and Schematic Database Information

   You asked for more information regarding what information we sought from GDS2 databases that were not provided by schematics.  We explained that GDS2 databases describe actual circuitry on actual chips, whereas schematics include only theoretical design.  We reiterated that we need both schematic databases and GDS2 databases, as each type of information serves different purposes.  As an example of a function GDS2 information uniquely serves, we pointed out first that GDS2 information ties circuitry to specific products.  As a further example, we explained that schematics are purely theoretical and so circuit timing in schematics can be idealized, while GDS2 information provides actual timing, such that GDS2 layouts allow for post-layout parasitic extraction simulation of real world products to create actual timing diagrams.

JONES DAY

John Spaccarotella, Esq.
February 7, 2008
Page 2

You expressed your concern that GDS2 information is highly proprietary, as any
competitor who gained access to the information could use them to manufacture your exact
products. We reminded you of the three-tiered protective order in this case that was designed to
protect exactly this sort of documentation, and that both parties spent a lot of time and effort in
creating this protective order. You stated that you understood our point about confidentiality in
light of the protective order.

You said that you had never seen GDS2 information used in a circuit case, and that
typically, you have seen Samsung produce schematics and arrange for opportunities for the
opposing party to run simulations. We reiterated that we believe GDS2 information would be
important evidence our case in multiple ways, and that under the broad rules of discovery
governing litigations in the U.S. Federal Court System, we would be entitled to this information
even if it itself was not important, but merely would lead us to other important information. We
reminded you that it was Samsung who chose to initiate this litigation in this jurisdiction that
allows a broad scope of discovery.

You responded that you would talk further with your client, but that "as of this point,
they've pushed back very hard," and that you believe Samsung is "going to fight hard on this
one." Ultimately, we said that in light of your current position and the Court's briefing schedule,
we will need to move to compel on this point.

## 2) Samsung's Failure to Produce Process Flows and Related Information

You sought clarification about whether we were seeking documents regarding
electroplating only related to the Novellus Sabre® System or to all Samsung products. We
responded that our document requests included both the broader category relating to
electroplating in all "SAMSUNG PRODUCTS" as defined in our document requests, and also in
the narrower category relating to electroplating using the Novellus Sabre® System. We
explained that Samsung has admitted using the Novellus Sabre® System, but that the only
documents it has produced regarding this system so far are three manuals and we believe there
must be more documentation regarding its use by Samsung. We reiterated our need for more
complete documentation regarding this system, including process flows.

You responded that this dispute was a "client issue," and that despite the fact that your
client has admitted using the Novellus Sabre® System, and despite the fact that semiconductor
manufacturing is a field relying on heavy documentation, your client had represented to you that
the materials you produced were all they had. You agreed to speak further with your client on
this issue. Ultimately, as with the first topic, we said that in light of your current position and the
Court's briefing schedule, we will need to move to compel on this point, but that should we
reach agreement on either point before the motion is heard, we would be happy to withdraw our
motion on the resolved points.

JONES DAY

John Spaccarotella, Esq.
February 7, 2008
Page 3

Sincerely,

JONES DAY

Cora L. Schmid

SVI-54683v1

EXHIBIT 8

REDACTED
IN ITS
ENTIRETY

# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

R.R. DONNELLEY & SONS COMPANY,    :
                                  :
        Plaintiff,                :
                                  :
    v.                            : Civil Action No. 06-032-JJF
                                  :
QUARK, INC., CREO, INC., EASTMAN  :
KODAK COMPANY, and KODAK GRAPHIC  :
COMMUNICATIONS COMPANY,           :
                                  :
        Defendants.               :


                        **MEMORANDUM ORDER**

     Pending before the Court are Plaintiff's Motion to Compel

Discovery (D.I. 36), Plaintiff's Motion For Leave To File A Reply

In Support Of Its Motion To Compel Discovery (D.I. 43), and

Defendants' Motion For Rule 26(c)(4) Protective Order (D.I. 68).

For the following reasons, the Court will grant in part and deny

in part Plaintiff's Motion To Compel Discovery (D.I. 36), grant

Plaintiff's Motion For Leave To File A Reply In Support Of Its

Motion To Compel Discovery (D.I. 43), and deny Defendants' Motion

For Rule 26(c)(4) Protective Order (D.I. 68).

**I. Background**

     The current lawsuit was filed by Plaintiff R.R. Donnelley &

Sons Company ("Plaintiff") alleging that certain of Defendants'

products infringe six of Plaintiff's patents.  Discovery

commenced in May 2006, at which time Plaintiff served its first

set of document requests and interrogatories on Defendants.

Defendants responded on June 12, 2006, raising a number of

objections to various interrogatories and document requests.
Plaintiff regarded these responses as "almost entirely non-
responsive," (D.I. 36), and sent a letter to Defendants' counsel
asking for more complete responses.  On June 21, 2006, Defendants
offered to supplement their responses, but gave no definite date
for doing so.  With no timely assurances of receiving Defendants'
supplemental responses, Plaintiff filed the current Motion To
Compel.  Defendants filed their brief in opposition to
Plaintiff's Motion To Compel Discovery, along with their
supplemental responses to Plaintiff's discovery requests. (D.I.
41, Ex. B and C).  On July 10, 2006, Plaintiff filed its Motion
For Leave To File A Reply (D.I. 43) with the reply itself
attached as Exhibit A. (D.I. 44).

**II. Discussion**

    1.   <u>Plaintiff's Motion For Leave To File A Reply</u>

    After Plaintiff filed its Motion To Compel (D.I. 36),
Defendants asked Plaintiff to agree to extend Defendants'
response deadline.  Defendants said they would be able to file a
response and supplemented discovery responses at the end of the
extension period.  Plaintiff refused to agree to the extension
unless Defendants also agreed to grant Plaintiff the right to
file a reply brief responding to the supplemental responses.
Defendants refused, and instead emailed the Court requesting an
extension.  The extension was granted and Defendants filed their

brief in opposition to Plaintiff's Motion To Compel, along with
their supplemental responses.  Plaintiff then filed the current
Motion For Leave To File A Reply (D.I. 43).

The Court concludes that Defendants' submission of
supplemental responses after Plaintiff filed the instant Motion
To Compel Discovery, and Defendants' assertion that this
production mooted many of the issues raised in Plaintiff's
Motion, entitles Plaintiff to an opportunity to respond.
Therefore, despite the Court's general practice of disallowing
reply briefs for discovery motions, the Court will grant
Plaintiff's Motion To File A Reply (D.I. 43) and consider
Plaintiff's Reply brief (D.I. 44).

  2. <u>Plaintiff's Motion To Compel Discovery</u>

Three issues remain unresolved after Defendants'
supplemental responses.  The first issue is whether discovery
should be restricted to the Darwin Desktop product, the only
product specifically named in the Complaint.  The second issue is
whether Plaintiff's discovery requests are sufficiently tailored
to the claims in the Complaint.  The third issue is whether
Defendants' responses to Plaintiff's contention interrogatories
are adequate.

First, Defendants have refused to provide responses for
products other than Darwin Desktop, contending that discovery
should be restricted to that product alone because it is the only

3

product specifically named in the Complaint.  Defendants contend

that permitting discovery beyond the Darwin Desktop product would

be burdensome and overbroad, and would deprive Defendants of

effective notice as to which products Plaintiff is alleging

infringement.  Plaintiff contends that its complaint and

discovery requests sufficiently identify the relevant products

that Plaintiff contends infringe its patents.  In addition to

identifying Darwin Desktop in its Complaint, Plaintiff identified

Kodak NexTreme DL-100 Variable Data Software, Kodak NexTreme DL-

1000 Variable Data Software, and Composer as potentially

infringing products in its discovery requests. (D.I. 43 Ex. A).

The pertinent part of the Complaint reads, "[b]y its

actions, *including* the sale of Darwin, [Defendants have]

infringed, contributed to infringement of and induced others to

infringe . . . ." (D.I. 1 at 5-6)(emphasis added).  Given the

inclusive language of the Complaint, as well as Plaintiff's

identification of specific products in its discovery requests,

Defendants' effort to limit discovery exclusively to Darwin

Desktop must be rejected.

Further, because this action is in the discovery phase,

Defendants' contention that the claims are ill-defined comes too

late. See In re Independnet Serv. Orgs. Antitrust Litig., 114 F.

Supp. 2d 1070, 1107 (D. Kan. 2000) (denying judgment as a matter

of law on a notice defense because Defendant had answered the

4

complaint denying the infringement allegations, and "if
[Defendant] did not truly know which parts were covered by the
patents identified, it could have filed a motion for a more
definite statement under Rule 12(e) . . . ."); <u>Agilent Tech.,
Inc. V. Micromuse</u>, 2004 U.S. Dist. LEXIS 20723, at *14-16
(S.D.N.Y., Oct. 19, 2004 (noting that "a pleading need not
identify every infringing product where some other limiting
parameter has been set forth or at least one purportedly
infringing product has been identified."). If Defendants believed
that Plaintiff's allegations did not put them on sufficient
notice as to which of their products were being accused of
infringement, they should have raised these concerns before
answering the Complaint.  Therefore, because Plaintiff has
identified specific products of Defendants that Plaintiff
contends infringe its patents, and because Defendants' argument
has been raised too late in the proceedings, the Court concludes
that Plaintiff is entitled to discovery on the Darwin Desktop and
all products identified in Plaintiff's discovery requests.

The second issue is whether Plaintiff's discovery requests
have been reasonably tailored to relate to the claims in its
Complaint. Plaintiff has submitted discovery requests relating to
"Defendants' Software Products" and "Defendants' Hardware
Products."  Defendants contend that these requests are little
more than a "fishing expedition" for possible causes of action.

Federal Rule of Civil Procedure 26(b)(1) allows discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." The Court concludes that Plaintiff's requests relating to "Defendants' Software Products," as that term was defined by Plaintiff (D.I. 41, Ex. F at 4), is relevant to Plaintiff's infringement claims under Rule 26(b). Further, the Court concludes that Plaintiff's requests relating to "Defendants' Hardware Products," as defined by Plaintiff (D.I. 41, Ex. F at 5), are relevant to Plaintiff's inducement claims, and, because access to Defendants' proprietary hardware is required to test Defendants' software, the information requested by Plaintiff is necessary for Plaintiff to ascertain and narrow its infringement claims. Accordingly, the Court will overrule Defendants' present objections to the scope of Plaintiff's discovery requests, and grant Plaintiff's Motion To Compel Discovery in this respect.

The final issue that has not been addressed to Plaintiff's satisfaction is Defendants' responses to Plaintiff's contention interrogatories. Plaintiff asked Defendants, <u>inter alia</u>, to state "all factual and legal bases" for their non-infringement defense. Defendants provided some bases for their non-infringement defense, but added the disclaimer: "[F]or these and other reasons, [Defendants do] not infringe the claims of the patents in suit when properly construed. Absent more specific

6

contentions from RRD, however, [Defendants are] not able at this
juncture to fully itemize all grounds on which [they] should be
found not to infringe . . . ." (D.I. 41, Ex. 2 at 5).

Parties are encouraged to use "contention" interrogatories
to discover the legal defenses opposing parties may rely on, as
well as the factual bases for those legal defenses. Thorn EMI N.
Am. v. Intel Corp., 936 F. Supp. 1186, 1191 (D. Del. 1996); see
also Taylor v. FDIC, 132 F. 3d 753, 762 (D.C. Cir. 1997).  Courts
have discretion in deciding when contention interrogatories must
be answered. Fed. R. Civ. P. 33(b); Nestle Foods Corp v. Aetna
Cas. & Sur. Co., 135 F.R.D. 101, 110 (D.N.J. 1990)(citing In Re
Convergent Technologies Securities Litigation, 108 F.R.D. 328,
333 (N.D. Cal. 1985).  Other courts have held that the goals of
Rule 33(b) are best met when contention interrogatories are fully
answered, after "a substantial amount of discovery has been
conducted." ACLU v. Gonzales, 2006 U.S. Dist. LEXIS 47481, at *18
(E.D. Pa., July 12, 2006); Nestle Foods, 135 F.R.D. at 111;
Convergent Technologies, 108 F.R.D. at 336; Fisher & Porter Co.
v. Tolson, 143 F.R.D. 93, 95 (E.D. Pa 1992).  The present Motion
was brought at a very early stage of discovery, in response to
Plaintiff's first set of discovery requests.  Accordingly,
Defendants need not supplement there responses to Plaintiff's
contention interrogatories at this time.  Accordingly, the Court
will deny this aspect of Plaintiff's Motion To Compel as

7

premature.  Defendants will have to supplement their responses
with all of their non-infringement contentions prior to the
issuance of the pre-trial order in this case. Id.

    C.   Defendant's Motion For Rule 26(c)(4) Protective Order

    Defendants' Motion renews their objections, first raised in
opposition to Plaintiff's Motion to Compel, to allowing discovery
of Kodak products other than the Darwin Desktop.  Defendants
raise this motion challenging Plaintiff's attempts to take
discovery on several Kodak products "through the vehicle of
Federal Rule of Civil Procedure 30(b)(6)." (D.I. 68).  For the
reasons set forth above, this Motion will be denied.


    NOW THEREFORE, IT IS HEREBY ORDERED that:

    1. Plaintiff's Motion For Leave To File A Reply In Support
Of Its Motion To Compel Discovery (D.I. 43) is **GRANTED**.

    2. Plaintiff's Motion To Compel Discovery (D.I. 36) is
**GRANTED** except as to Defendants' contention interrogatory
responses.

    3.Defendant's Motion For Rule 26(c)(4) Protective Order
(D.I. 68) is **DENIED**.

    4. Defendants shall supplement their responses to
Plaintiff's interrogatories and requests for production as
directed in this Memorandum Order within **ten (10) days** from the
date of this Order, except Defendants shall supplement their

responses to Plaintiff's contention interrogatories **before the Pre-Trial Order is issued**.

5. Defendants shall provide Plaintiff with witnesses knowledgeable about the products identified in Plaintiff's first set of discovery requests: Kodak NexTreme DL-100 Variable Data Software, Kodak NexTreme DL-1000 Variable Data Software, and Composer.

January 4, 2007
            DATE                    UNITED STATES DISTRICT JUDGE

9