IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC,<br><br>        Defendants. | Civil Action No. 06-720-JJF |
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>        Defendants. | Civil Action No. 07-449-JJF |

## SAMSUNG'S NOTICE OF SUBPOENAS

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiffs Samsung Electronics Co., Ltd, Samsung Electronics America, Inc.,

Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor L.L.C. (collectively "Samsung") served, on March 7, 2008, the attached subpoenas for the production of documents on: (i) Robert D. Atkins (Attachment 1); (ii) Robert M. Handy (Attachment 2); (iii) Charles R. Lewis (Attachment 3); (iv) Walter W. Nielsen (Attachment 4); (v) Bhagubhai D. Patel (Attachment 5); (vi) Virgil E. Schuster (Attachment 6); and (vii) David L. Stolfa (Attachment 7).

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

_____
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801-0391
(302) 571-6600
alundgren@ycst.com

*Attorneys for Samsung Electronics Co., Ltd,*
*Samsung Electronics America, Inc., Samsung*
*Telecommunications America General, L.L.C.,*
*Samsung Semiconductor, Inc., and Samsung*
*Austin Semiconductor L.L.C.*

OF COUNSEL:

John M. Desmarais
Jon T. Hohenthaner
James E. Marina
Jason Choy
Jon Hohenthaner
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611
(212) 446-4739

Dated:  March 11, 2008

2

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on March 11, 2008, I caused

to be electronically filed a true and correct copy of the foregoing document with the Clerk of the

Court using CM/ECF, which will send notification that such filing is available for viewing and

downloading to the following counsel of record:

> Karen Jacobs Louden, Esquire [*klouden@mnat.com*]
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> PO Box 1347
> Wilmington, DE 19899-1347

I further certify that on March 11, 2008, I caused a copy of the foregoing

document to be served by hand delivery and e-mail on the above-listed counsel of record and on

the following non-registered participants in the manner indicated:

### BY E-MAIL

> Behrooz Shariati, Esquire [*bshariati@jonesday.com*]
> T. Gregory Lanier, Esquire [*tglanier@jonesday.com*]
> Jones Day
> 1755 Embarcadero Road
> Palo Alto, CA 94025

> Kenneth R. Adamo [*kradamo@jonesday.com*]
> Jones Day
> 2727 North Harwood Street
> Dallas, TX  75201-1515

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
302-571-6600
*alundgren@ycst.com*

# ATTACHMENT 1

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____  Arizona

SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., Plaintiffs

**SUBPOENA IN A CIVIL CASE**

V.

ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, L.L.C., Defendants

Case Number:[1]  1:06-CV-00720-JJF
Pending in the United States
District Court for the District of
Delaware

TO:   Robert D. Atkins
      Quarles & Brady
      Two North Central Avenue
      Phoenix, AZ 85004-2391

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE    Hyatt Regency Phoenix, 122 N. 2nd St., Phoenix, AZ 85004 | DATE AND TIME 3/21/2008 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  Attorney for Plaintiffs | DATE 3/7/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jason Choy, Esq., Kirkland and Ellis LLP, 153 East 53rd Street, New York, NY 10022   Tel: (212) 446-4800

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
　(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
　(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
　(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
　(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
　　(i) fails to allow reasonable time for compliance;
　　(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
　　(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　(B) If a subpoena
　　(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
　　(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
　　(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
　(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
　(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
　(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
　(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.
　(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
　(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

© 1988 JULIUS BLUMBERG, INC.,
PUBLISHER, NYC 10013

~~COUNTY OF~~ ~~COURT~~    UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

*Index No.* 1:06-CV-00720-JJF

SAMSUNG ELECTRONICS CO., LTD., ET AL.,

*Plaintiff(s)*

*against*

ON SEMICONDUCTOR CORP. AND SEMICONDUCTOR COMPONENTS
INDUSTRIES, L.L.C.,

*Defendant(s)*

*AFFIDAVIT OF
SERVICE OF SUBPOENA*
IN A CIVIL CASE

STATE OF ~~NEW YORK~~ ARIZONA, COUNTY OF        MARICOPA        SS: The undersigned, being duly sworn, deposes and says: deponent is not a party herein, is over 18 years of age and resides~~xx~~ IN THE STATE OF ARIZONA

That on     3/10/08         at 10:45A M., at TWO NORTH CENTRAL AVENUE, PHOENIX, AZ 85004
deponent served the within subpoena on       ROBERT D. ATKINS                          witness therein named,
IN A CIVIL CASE                    ACCEPTED BY CHERYL BOBB, SECRETARY TO ROBERT D. ATKINS AND
                                   AUTHORIZED TO ACCEPT SERVICE ON HIS BEHALF

**INDIVIDUAL**    by delivering a true copy to said witness personally; deponent knew the person so served to be the witness described in said
**1.** ☒    subpoena.

**CORPORATION**    a                                corporation, by delivering thereat a true copy to
**2.** ☐    personally, deponent knew said corporation so served to be the corporation witness and knew said individual to be
thereof.

**SUITABLE AGE PERSON**    by delivering thereat a true copy to                                a person of suitable age
**3.** ☐    and discretion. Said premises is witness'—actual place of business—dwelling place—usual place of abode—within the state.

**AFFIXING TO DOOR, ETC.**    by affixing a true copy to the door of said premises, which is witness'—actual place of business—dwelling place—usual place
**4.** ☐    of abode—within the state. Deponent was unable, with due diligence to find witness or a person of suitable age and discretion
thereat, having called there

**MAILING TO
RESIDENCE
USE WITH 3 OR 4**    Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to witness
at witness' last known residence, at                                                                            and deposited
**5A.** ☐    said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO
BUSINESS
USE WITH 3 OR 4**    Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly
addressed to witness at witness' actual place of business, at
**5B.** ☐    in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore
the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the
communication was from an attorney or concerned an action against the witness.

**DESCRIPTION
USE WITH
1, 2, OR 3**
☒

| ☐ Male | ☒ White Skin | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
|---|---|---|---|---|---|---|
| ☒ Female | ☐ Black Skin | ☒ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☒ 36-50 Yrs. | ☒ 5'4"-5'8" | ☒ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

At the time of said service, deponent paid (tendered) in advance $ NO FEE        the authorized traveling expenses and one day's witness fee.

Sworn to before me on

03/10/08



**OFFICIAL SEAL
JOSEPH E. PERRY
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Aug. 26, 2011**

PRINT NAME BENEATH SIGNATURE
BRYAN BLAIR

License No. _____ 7144 _____

## ATTACHMENT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Samsung Electronics Co.,
Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General,
L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor L.L.C., (collectively
"Samsung") hereby request that Robert D. Atkins produce the documents and things requested
below for inspection and copying. The requested documents and things must be produced on or
before March 21, 2008 at 10:00 a.m. at the Hyatt Regency Phoenix, 122 N. 2nd St., Phoenix, AZ
85004, or at such other time and place as may be mutually agreed upon in writing.

## DEFINITIONS AND INSTRUCTIONS

1.    As used herein, "you" and "your" means Robert D. Atkins, and any person or
entity acting on his behalf.

2.    As used herein, "Samsung" means Samsung Electronics Co., Ltd., Samsung
Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung
Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C., and all of their predecessors
(merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions,
departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents,
employees, attorneys, and other persons acting on their behalf.

3.    As used herein, "ON Semi" means ON Semiconductor Corp., Semiconductor
Components Industries, L.L.C., and all of their predecessors (merged, acquired, or otherwise),
successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates
thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons
acting on their behalf.

4.     As used herein, "ON Semiconductor Patents-in-Suit" means all patents asserted by ON Semiconductor against Samsung in this action, including any corrections and certificates of reexamination, including without limitation:   (i) U.S. Patent No. 6,362,644; (ii) U.S. Patent No. 5,563,594; (iii) U.S. Patent No. 5,361,001; and (iv) U.S. Patent No. 5,000,827.

5.     As used herein, "Related Patent Applications" means all United States and foreign patent applications related to the ON Semiconductor Patents-in-Suit, including without limitation, all abandoned applications, all pending applications, and all applications that led to or that are otherwise related to any of the ON Semiconductor Patents-in-Suit.

6.     As used herein, "prior art" has the same meaning as used in 35 U.S.C. § 101 *et seq.*, and includes any patent, printed publication, knowledge, use, sale, offer for sale, or other act or event defined in 35 U.S.C. § 102, taken singly or in combination.

7.     As used herein, "communication" means any transmission of information by one or more persons and/or between two or more persons by any means, including without limitation, personal conversations, telephone conversations, letters, facsimiles, written memoranda, electronic mail, text messages, instant messages, and other computer or electronic transmissions of information.

8.     As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

9.     As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

10.     As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

2

11.    As used herein, "include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to requests and definitions containing those words.

12.    As used herein, "related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

13.    As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes the original and every non-identical copy or reproduction in your possession, custody, or control, and further is used in a broad sense to refer to any electronic information or any tangible object or thing that contains, conveys, or records information.

14.    Documents from any single file should be produced in the same order as they were found in such file, including any labels, files, folders and/or containers in which such documents are located in or associated with. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

15.    The document requests herein shall be deemed continuing, and it is requested that supplemental responses and production be provided as additional information or documents become available, in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## DOCUMENT REQUESTS

1.    All documents related to ON Semi.

2.    All documents related to the ON Semiconductor Patents-in-Suit and Related Patent Applications.

3

3.    All documents related to the preparation and prosecution of the ON Semiconductor Patents-in-Suit and Related Patent Applications, including without limitation, all patents, patent applications, articles, publications, books, pamphlets, brochures, inventor notebooks, invention disclosures, product descriptions, and/or communications with any patent office, patent agent, patent attorney, or any other individual.

4.    All documents related to any United States or foreign patent or patent application related to the ON Semiconductor Patents-in-Suit, including without limitation, all abandoned applications, all pending applications, and all applications that led to or that are otherwise related to any of the ON Semiconductor Patents-in-Suit.

5.    All prior art to any of the ON Semiconductor Patents-in-Suit and Related Patent Applications.

6.    All documents related to any prior art, patentability, novelty, validity, enforceability and/or infringement search, study, analysis, evaluation, investigation, or opinion related to any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

7.    All documents related to the description of any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications in any patent or printed publication anywhere in the world.

8.    All documents related to any product or prototype embodying or incorporating any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

9.    All documents related to the alleged conception, research, testing, design, and reduction to practice, or other development of any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

10.    All documents related to the contribution of any person, in any way, to the alleged conception, research, testing, design, and reduction to practice, or other development of any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

11.    All documents related to any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications dated on or before the filing dates for each of the ON Semiconductor Patents-in-Suit and Related Patent Applications.

12.    All documents related to any contract or agreement with ON Semi or counsel for ON Semi.

13.    All documents relating to any contract or agreement between you and any inventor or assignee named on the ON Semiconductor Patents-in-Suit and Related Patent Applications.

14.    All documents provided to, received from, or relating to any communication with ON Semi or counsel for ON Semi, related to this litigation or any other litigation.

15.    All documents related to any work performed for ON Semi, including without limitation, all billing records and invoices.

16.    All documents related to Samsung or any Samsung patent or product.

# ATTACHMENT 2

⌐AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____Arizona_____

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., Plaintiffs | **SUBPOENA IN A CIVIL CASE** |

V.

ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, L.L.C., Defendants

Case Number:[1]  1:06-CV-00720-JJF
Pending in the United States
District Court for the District of
Delaware

TO:  Robert M. Handy
     Ingrassia Fisher & Lorenz PC
     7150 E. Camelback Rd., Suite 325
     Scottsdale, AZ 85251-1220

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE      Hyatt Regency Phoenix, 122 N. 2nd St., Phoenix, AZ 85004 | DATE AND TIME 3/21/2008 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _(signature)_   Attorney for Plaintiffs | 3/7/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jason Choy, Esq., Kirkland and Ellis LLP, 153 East 53rd Street, New York, NY 10022   Tel: (212) 446-4800

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                                    SIGNATURE OF SERVER

                                                                        _____
                                                                        ADDRESS OF SERVER

                                                                        _____

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

03/10/2008 11:56 FAX  6022087710                    KNOX ATTORNEY SERVICE

© 1968 JULIUS BLUMBERG, INC.
PUBLISHER, NYC 10013

COUNTY OF _____ **COURT**  UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

SAMSUNG ELECTRONICS CO., LTD., ET AL.,

                                            *Plaintiff(s)*

                    *against*

ON SEMICONDUCTOR CORP. AND SEMICONDUCTOR COMPONENTS
INDUSTRIES, L.L.C.,

                                            *Defendant(s)*

*Index No.* 1:06-CV-00720-JJF

**AFFIDAVIT OF
SERVICE OF SUBPOENA**
IN A CIVIL CASE

STATE OF ~~NEW YORK~~ ARIZONA, COUNTY OF  MARICOPA           SS:  The undersigned, being duly sworn, deposes and says; deponent is not a
party herein, is over 18 years of age and resides ~~at~~ IN THE STATE OF ARIZONA
That on    3/7/08           at  4:15 P. M., at 7150 E. CAMELBACK RD., SUITE 325, SCOTTSDAE, AZ
deponent served the within subpoena on    ROBERT M. HANDY                              witness therein named,
IN A CIVIL CASE

**INDIVIDUAL**
1. ☒  by delivering a true copy to said witness personally; deponent knew the person so served to be the witness described in said
subpoena.

**CORPORATION**
2. ☐  a                              corporation, by delivering thereat a true copy to
personally, deponent knew said corporation so served to be the corporation witness and knew said individual to be
thereof.

**SUITABLE AGE PERSON**
3. ☐  by delivering thereat a true copy to                              a person of suitable age
and discretion. Said premises is witness'—actual place of business—dwelling place—usual place of abode—within the state.

**AFFIXING TO DOOR, ETC.**
4. ☐  by affixing a true copy to the door of said premises, which is witness'—actual place of business—dwelling place—usual place
of abode—within the state. Deponent was unable, with due diligence to find witness or a person of suitable age and discretion
thereat, having called there

**MAILING TO RESIDENCE USE WITH 3 OR 4**
5A. ☐  Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to witness
at witness' last known residence, at                              and deposited
said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS USE WITH 3 OR 4**
5B. ☐  Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly
addressed to witness at witness' actual place of business, at
in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore
the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the
communication was from an attorney or concerned an action against the witness.

**DESCRIPTION USE WITH 1, 2, OR 3**
☒

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ Male | ☒ White Skin | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☐ Female | ☐ Black Skin | ☒ Brown Hair | ☐ Balding | ☒ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☐ 36-50 Yrs. | ☐ 5'4"-5'8" | ☐ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☒ 5'9"-6'0" | ☒ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

At the time of said service, deponent paid (tendered) in advance $  NO FEE          the authorized traveling expenses and one day's witness fee.

Sworn to before me on   3/10/08

*Jon Morris*

**OFFICIAL SEAL
JON MORRIS**
Notary Public  State of Arizona
MARICOPA COUNTY
My Comm. Expires Aug. 7, 2011

Bryan Dona

PRINT NAME BENEATH SIGNATURE

License No. 7144

## ATTACHMENT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor L.L.C., (collectively "Samsung") hereby request that Robert M. Handy produce the documents and things requested below for inspection and copying. The requested documents and things must be produced on or before March 21, 2008 at 10:00 a.m. at the Hyatt Regency Phoenix, 122 N. 2nd St., Phoenix, AZ 85004, or at such other time and place as may be mutually agreed upon in writing.

### DEFINITIONS AND INSTRUCTIONS

1.    As used herein, "you" and "your" means Robert M. Handy, and any person or entity acting on his behalf.

2.    As used herein, "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C., and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

3.    As used herein, "ON Semi" means ON Semiconductor Corp., Semiconductor Components Industries, L.L.C., and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

4.      As used herein, "ON Semiconductor Patents-in-Suit" means all patents asserted by ON Semiconductor against Samsung in this action, including any corrections and certificates of reexamination, including without limitation: (i) U.S. Patent No. 6,362,644; (ii) U.S. Patent No. 5,563,594; (iii) U.S. Patent No. 5,361,001; and (iv) U.S. Patent No. 5,000,827.

5.      As used herein, "Related Patent Applications" means all United States and foreign patent applications related to the ON Semiconductor Patents-in-Suit, including without limitation, all abandoned applications, all pending applications, and all applications that led to or that are otherwise related to any of the ON Semiconductor Patents-in-Suit.

6.      As used herein, "prior art" has the same meaning as used in 35 U.S.C. § 101 *et seq.*, and includes any patent, printed publication, knowledge, use, sale, offer for sale, or other act or event defined in 35 U.S.C. § 102, taken singly or in combination.

7.      As used herein, "communication" means any transmission of information by one or more persons and/or between two or more persons by any means, including without limitation, personal conversations, telephone conversations, letters, facsimiles, written memoranda, electronic mail, text messages, instant messages, and other computer or electronic transmissions of information.

8.      As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

9.      As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

10.     As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

11.    As used herein, "include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to requests and definitions containing those words.

12.    As used herein, "related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

13.    As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes the original and every non-identical copy or reproduction in your possession, custody, or control, and further is used in a broad sense to refer to any electronic information or any tangible object or thing that contains, conveys, or records information.

14.    Documents from any single file should be produced in the same order as they were found in such file, including any labels, files, folders and/or containers in which such documents are located in or associated with.  If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

15.    The document requests herein shall be deemed continuing, and it is requested that supplemental responses and production be provided as additional information or documents become available, in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## DOCUMENT REQUESTS

1.    All documents related to ON Semi.

2.    All documents related to the ON Semiconductor Patents-in-Suit and Related Patent Applications.

3

3.    All documents related to the preparation and prosecution of the ON Semiconductor Patents-in-Suit and Related Patent Applications, including without limitation, all patents, patent applications, articles, publications, books, pamphlets, brochures, inventor notebooks, invention disclosures, product descriptions, and/or communications with any patent office, patent agent, patent attorney, or any other individual.

4.    All documents related to any United States or foreign patent or patent application related to the ON Semiconductor Patents-in-Suit, including without limitation, all abandoned applications, all pending applications, and all applications that led to or that are otherwise related to any of the ON Semiconductor Patents-in-Suit.

5.    All prior art to any of the ON Semiconductor Patents-in-Suit and Related Patent Applications.

6.    All documents related to any prior art, patentability, novelty, validity, enforceability and/or infringement search, study, analysis, evaluation, investigation, or opinion related to any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

7.    All documents related to the description of any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications in any patent or printed publication anywhere in the world.

8.    All documents related to any product or prototype embodying or incorporating any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

9.    All documents related to the alleged conception, research, testing, design, and reduction to practice, or other development of any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

10.    All documents related to the contribution of any person, in any way, to the alleged conception, research, testing, design, and reduction to practice, or other development of any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

11.    All documents related to electroplating metallized bumps, cup plating apparatuses, or methods for achieving non-laminar flow of electroplating solution near the edges of a semiconductor substrate dated on or before January 2, 1990.

12.    All documents related to any contract or agreement with ON Semi or counsel for ON Semi.

13.    All documents relating to any contract or agreement between you and any inventor or assignee named on the ON Semiconductor Patents-in-Suit and Related Patent Applications.

14.    All documents provided to, received from, or relating to any communication with ON Semi or counsel for ON Semi, related to this litigation or any other litigation.

15.    All documents related to any work performed for ON Semi, including without limitation, all billing records and invoices.

16.    All documents related to Samsung or any Samsung patent or product.

5

# ATTACHMENT 3

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ Arizona _____

SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA
GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG
AUSTIN SEMICONDUCTOR L.L.C., Plaintiffs

**SUBPOENA IN A CIVIL CASE**

V.

ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS
INDUSTRIES, L.L.C., Defendants

Case Number:[1]  1:06-CV-00720-JJF
Pending in the United States
District Court for the District of
Delaware

TO:   Charles R. Lewis
      P.O. Box 947
      Carefree, AZ 85377-0947

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE      Hyatt Regency Phoenix, 122 N. 2nd St., Phoenix, AZ 85004 | DATE AND TIME 3/21/2008 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _(signature)_       Attorney for Plaintiffs | 3/7/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jason Choy, Esq., Kirkland and Ellis LLP, 153 East 53rd Street, New York, NY 10022   Tel: (212) 446-4800

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing, or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

03/10/2008 11:38 FAX  6022587710                    KNOX ATTORNEY SERVICE

© 1988 JULIUS BLUMBERG, INC.
PUBLISHER, NYC 10013

UNITED STATES DISTRICT COURT
COURT    DISTRICT OF ARIZONA

COUNTY OF

SAMSUNG ELECTRONICS CO., LTD., ET AL.,

Plaintiff(s)

against

ON SEMICONDUCTOR CORP. AND SEMICONDUCTOR COMPONENTS
INDUSTRIES, L.L.C.,

Defendant(s)

Index No. 1:06-CV-00720-JJF

*AFFIDAVIT OF
SERVICE OF SUBPOENA*
IN A CIVIL CASE

STATE OF ~~NEW YORK~~ ARIZONA, COUNTY OF    MARICOPA    SS: The undersigned, being duly sworn, deposes and says; deponent is not a
party herein, is over 18 years of age and resides at ~~in~~ IN THE STATE OF ARIZONA
That on    3/7/08    at  6:11P.M., at  36220 N. TOM DARLINGTON DR., CAREFREE, AZ 85377    witness therein named,
deponent served the within subpoena on    CHARLES R. LEWIS
IN A CIVIL CASE

**INDIVIDUAL** 1. ☒ by delivering a true copy to said witness personally; deponent knew the person so served to be the witness described in said
subpoena.

**CORPORATION** 2. ☐ a                                       corporation, by delivering thereat a true copy to
personally, deponent knew said corporation so served to be the corporation witness and knew said individual to be
thereof.

**SUITABLE AGE PERSON** 3. ☐ by delivering thereat a true copy to                                      a person of suitable age
and discretion. Said premises is witness'—actual place of business—dwelling place—usual place of abode—within the state.

**AFFIXING TO DOOR, ETC.** 4. ☐ by affixing a true copy to the door of said premises, which is witness'—actual place of business—dwelling place—usual place
of abode—within the state. Deponent was unable, with due diligence to find witness or a person of suitable age and discretion
thereat, having called there

**MAILING TO RESIDENCE USE WITH 3 OR 4** 5A. ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to witness
and deposited
at witness' last known residence, at
said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS USE WITH 3 OR 4** 5B. ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly
addressed to witness at witness' actual place of business, at
in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore
the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the
communication was from an attorney or concerned an action against the witness.

**DESCRIPTION USE WITH 1, 2, OR 3** ☒

☒ Male  ☒ White Skin  ☐ Black Hair  ☐ White Hair  ☐ 14-20 Yrs.  ☐ Under 5'  ☐ Under 100 Lbs.
☐ Female  ☐ Black Skin  ☐ Brown Hair  ☐ Balding  ☐ 21-35 Yrs.  ☐ 5'0"-5'3"  ☐ 100-130 Lbs.
         ☐ Yellow Skin  ☐ Blonde Hair  ☐ Mustache  ☐ 36-50 Yrs.  ☐ 5'4"-5'8"  ☐ 131-160 Lbs.
         ☐ Brown Skin  ☒ Gray Hair  ☐ Beard  ☐ 51-65 Yrs.  ☒ 5'9"-6'0"  ☐ 161-200 Lbs.
         ☐ Red Skin  ☐ Red Hair  ☐ Glasses  ☒ Over 65 Yrs.  ☐ Over 6'  ☒ Over 200 Lbs.

Other identifying features:

At the time of said service, deponent paid (tendered) in advance $  NO FEE    the authorized traveling expenses and one day's witness fee.

Sworn to before me on  3/10/08

*Jon Morris*

OFFICIAL SEAL
**JON MORRIS**
Notary Public  State of Arizona
MARICOPA COUNTY
My Comm. Expires Aug. 7, 2011

*Bryon Bryan*
License No.  7144

## ATTACHMENT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor L.L.C., (collectively "Samsung") hereby request that Charles R. Lewis produce the documents and things requested below for inspection and copying. The requested documents and things must be produced on or before March 21, 2008 at 10:00 a.m. at the Hyatt Regency Phoenix, 122 N. 2nd St., Phoenix, AZ 85004, or at such other time and place as may be mutually agreed upon in writing.

## DEFINITIONS AND INSTRUCTIONS

1.      As used herein, "you" and "your" means Charles R. Lewis, and any person or entity acting on his behalf.

2.      As used herein, "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C., and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

3.      As used herein, "ON Semi" means ON Semiconductor Corp., Semiconductor Components Industries, L.L.C., and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

4.     As used herein, "ON Semiconductor Patents-in-Suit" means all patents asserted by ON Semiconductor against Samsung in this action, including any corrections and certificates of reexamination, including without limitation:  (i) U.S. Patent No. 6,362,644; (ii) U.S. Patent No. 5,563,594; (iii) U.S. Patent No. 5,361,001; and (iv) U.S. Patent No. 5,000,827.

5.     As used herein, "Related Patent Applications" means all United States and foreign patent applications related to the ON Semiconductor Patents-in-Suit, including without limitation, all abandoned applications, all pending applications, and all applications that led to or that are otherwise related to any of the ON Semiconductor Patents-in-Suit.

6.     As used herein, "prior art" has the same meaning as used in 35 U.S.C. § 101 *et seq.*, and includes any patent, printed publication, knowledge, use, sale, offer for sale, or other act or event defined in 35 U.S.C. § 102, taken singly or in combination.

7.     As used herein, "communication" means any transmission of information by one or more persons and/or between two or more persons by any means, including without limitation, personal conversations, telephone conversations, letters, facsimiles, written memoranda, electronic mail, text messages, instant messages, and other computer or electronic transmissions of information.

8.     As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

9.     As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

10.     As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

2

11.     As used herein, "include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to requests and definitions containing those words.

12.     As used herein, "related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

13.     As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes the original and every non-identical copy or reproduction in your possession, custody, or control, and further is used in a broad sense to refer to any electronic information or any tangible object or thing that contains, conveys, or records information.

14.     Documents from any single file should be produced in the same order as they were found in such file, including any labels, files, folders and/or containers in which such documents are located in or associated with.  If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

15.     The document requests herein shall be deemed continuing, and it is requested that supplemental responses and production be provided as additional information or documents become available, in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## DOCUMENT REQUESTS

1.     All documents related to ON Semi.

2.     All documents related to the ON Semiconductor Patents-in-Suit and Related Patent Applications.

3

3.    All documents related to the preparation and prosecution of the ON Semiconductor Patents-in-Suit and Related Patent Applications, including without limitation, all patents, patent applications, articles, publications, books, pamphlets, brochures, inventor notebooks, invention disclosures, product descriptions, and/or communications with any patent office, patent agent, patent attorney, or any other individual.

4.    All documents related to any United States or foreign patent or patent application related to the ON Semiconductor Patents-in-Suit, including without limitation, all abandoned applications, all pending applications, and all applications that led to or that are otherwise related to any of the ON Semiconductor Patents-in-Suit.

5.    All prior art to any of the ON Semiconductor Patents-in-Suit and Related Patent Applications.

6.    All documents related to any prior art, patentability, novelty, validity, enforceability and/or infringement search, study, analysis, evaluation, investigation, or opinion related to any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

7.    All documents related to the description of any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications in any patent or printed publication anywhere in the world.

8.    All documents related to any product or prototype embodying or incorporating any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

4

9.    All documents related to the alleged conception, research, testing, design, and reduction to practice, or other development of any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

10.    All documents related to the contribution of any person, in any way, to the alleged conception, research, testing, design, and reduction to practice, or other development of any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

11.    All documents related to electroplating metallized bumps, cup plating apparatuses, or methods for achieving non-laminar flow of electroplating solution near the edges of a semiconductor substrate dated on or before January 2, 1990.

12.    All documents related to any contract or agreement with ON Semi or counsel for ON Semi.

13.    All documents relating to any contract or agreement between you and any inventor or assignee named on the ON Semiconductor Patents-in-Suit and Related Patent Applications.

14.    All documents provided to, received from, or relating to any communication with ON Semi or counsel for ON Semi, related to this litigation or any other litigation.

15.    All documents related to any work performed for ON Semi, including without limitation, all billing records and invoices.

16.    All documents related to Samsung or any Samsung patent or product.

# ATTACHMENT 4

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF                    Arizona

| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., Plaintiffs | **SUBPOENA IN A CIVIL CASE** |

V.

ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, L.L.C., Defendants

Case Number:[1]  1:06-CV-00720-JJF
Pending in the United States
District Court for the District of
Delaware

TO:   Walter W. Nielsen
      Schwegman Lundberg Woessner &
      Kluth, 309 W. Conrad Dr.
      Phoenix, AZ 85023-5232

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE    Hyatt Regency Phoenix, 122 N. 2nd St., Phoenix, AZ 85004 | DATE AND TIME 3/21/2008 10:00 am |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)                    Attorney for Plaintiffs | DATE 3/7/2008 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jason Choy, Esq., Kirkland and Ellis LLP, 153 East 53rd Street, New York, NY 10022    Tel: (212) 446-4800

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
  (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
  (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
  (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

03/10/2008 11:38 FAX  6022587710        KNOX ATTORNEY SERVICE                    @007/009

© 1985 JULIUS BLUMBERG, INC.
PUBLISHER, NYC 10013

UNITED STATES DISTRICT COURT
                COURT    DISTRICT OF ARIZONA

COUNTY OF _____                                                    Index No. 1:06-CV-00720-JJF

SAMSUNG ELECTRONICS CO., LTD., ET AL.,
                                          Plaintiff(s)                   AFFIDAVIT OF
                    against                                             SERVICE OF SUBPOENA
ON SEMICONDUCTOR CORP. AND SEMICONDUCTOR COMPONENTS                      IN A CIVIL CASE
INDUSTRIES, L.L.C.,
                                          Defendant(s)

STATE OF ~~NEW YORK~~ ARIZONA, COUNTY OF    MARICOPA    SS:  The undersigned, being duly sworn, deposes and says; deponent is not a
party herein, is over 18 years of age and resides ~~at~~ in IN THE STATE OF ARIZONA
That on   3/7/08                at 5:27P. M., at 309 W. CONRAD DR., PHOENIX, AZ 85023
deponent served the within subpoena on    WALTER W. NIELSEN                            witness therein named,
IN A CIVIL CASE                                        deponent knew the person so served to be the witness described in said

**INDIVIDUAL**    by delivering a true copy to said witness personally; deponent knew the person so served to be the witness described in said
**1.** ☒    subpoena.

**CORPORATION**    a                              corporation, by delivering thereat a true copy to
**2.** ☐    personally, deponent knew said corporation so served to be the corporation witness and knew said individual to be
            thereof.
                                                                              a person of suitable age
**SUITABLE AGE PERSON**  by delivering thereat a true copy to
**3.** ☐    and discretion. Said premises is witness'—actual place of business—dwelling place—usual place of abode—within the state.
**AFFIXING TO DOOR, ETC.** by affixing a true copy to the door of said premises, which is witness'—actual place of business—dwelling place—usual place
**4.** ☐    of abode—within the state. Deponent was unable, with due diligence to find witness or a person of suitable age and discretion
            thereat, having called there

**MAILING TO
RESIDENCE
USE WITH 3 OR 4**    Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to witness
**5A.** ☐    at witness' last known residence, at                                                             and deposited
            said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO
BUSINESS
USE WITH 3 OR 4**    Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly
**5B.** ☐    addressed to witness at witness' actual place of business, at
            in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore
            the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the
            communication was from an attorney or concerned an action against the witness.

**DESCRIPTION
USE WITH
1, 2, OR 3
☒**

| ☒ Male | ☒ White Skin | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☐ Female | ☐ Black Skin | ☒ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☒ 36-50 Yrs. | ☒ 5'4"-5'8" | ☒ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

At the time of said service, deponent paid (tendered) in advance $  NO FEE    the authorized traveling expenses and one day's witness fee.

Sworn to before me on  3/10/08                                         

_Jon Morris_ (signature)                                              Bryan Blair

OFFICIAL SEAL
JON MORRIS
Notary Public  State of Arizona
MARICOPA COUNTY
My Comm. Expires Aug. 7, 2011

PRINT NAME BENEATH SIGNATURE

License No.  7144

## ATTACHMENT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor L.L.C., (collectively "Samsung") hereby request that Walter W. Nielsen produce the documents and things requested below for inspection and copying. The requested documents and things must be produced on or before March 21, 2008 at 10:00 a.m. at the Hyatt Regency Phoenix, 122 N. 2nd St., Phoenix, AZ 85004, or at such other time and place as may be mutually agreed upon in writing.

## DEFINITIONS AND INSTRUCTIONS

1.     As used herein, "you" and "your" means Walter W. Nielsen, and any person or entity acting on his behalf.

2.     As used herein, "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C., and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

3.     As used herein, "ON Semi" means ON Semiconductor Corp., Semiconductor Components Industries, L.L.C., and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

4.    As used herein, "ON Semiconductor Patents-in-Suit" means all patents asserted by ON Semiconductor against Samsung in this action, including any corrections and certificates of reexamination, including without limitation: (i) U.S. Patent No. 6,362,644; (ii) U.S. Patent No. 5,563,594; (iii) U.S. Patent No. 5,361,001; and (iv) U.S. Patent No. 5,000,827.

5.    As used herein, "Related Patent Applications" means all United States and foreign patent applications related to the ON Semiconductor Patents-in-Suit, including without limitation, all abandoned applications, all pending applications, and all applications that led to or that are otherwise related to any of the ON Semiconductor Patents-in-Suit.

6.    As used herein, "prior art" has the same meaning as used in 35 U.S.C. § 101 *et seq.*, and includes any patent, printed publication, knowledge, use, sale, offer for sale, or other act or event defined in 35 U.S.C. § 102, taken singly or in combination.

7.    As used herein, "communication" means any transmission of information by one or more persons and/or between two or more persons by any means, including without limitation, personal conversations, telephone conversations, letters, facsimiles, written memoranda, electronic mail, text messages, instant messages, and other computer or electronic transmissions of information.

8.    As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

9.    As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

10.    As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

11.    As used herein, "include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to requests and definitions containing those words.

12.    As used herein, "related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

13.    As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes the original and every non-identical copy or reproduction in your possession, custody, or control, and further is used in a broad sense to refer to any electronic information or any tangible object or thing that contains, conveys, or records information.

14.    Documents from any single file should be produced in the same order as they were found in such file, including any labels, files, folders and/or containers in which such documents are located in or associated with. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

15.    The document requests herein shall be deemed continuing, and it is requested that supplemental responses and production be provided as additional information or documents become available, in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## DOCUMENT REQUESTS

1.    All documents related to ON Semi.

2.    All documents related to the ON Semiconductor Patents-in-Suit and Related Patent Applications.

3.    All documents related to the preparation and prosecution of the ON Semiconductor Patents-in-Suit and Related Patent Applications, including without limitation, all patents, patent applications, articles, publications, books, pamphlets, brochures, inventor notebooks, invention disclosures, product descriptions, and/or communications with any patent office, patent agent, patent attorney, or any other individual.

4.    All documents related to any United States or foreign patent or patent application related to the ON Semiconductor Patents-in-Suit, including without limitation, all abandoned applications, all pending applications, and all applications that led to or that are otherwise related to any of the ON Semiconductor Patents-in-Suit.

5.    All prior art to any of the ON Semiconductor Patents-in-Suit and Related Patent Applications.

6.    All documents related to any prior art, patentability, novelty, validity, enforceability and/or infringement search, study, analysis, evaluation, investigation, or opinion related to any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

7.    All documents related to the description of any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications in any patent or printed publication anywhere in the world.

8.    All documents related to any product or prototype embodying or incorporating any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

9.    All documents related to the alleged conception, research, testing, design, and reduction to practice, or other development of any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

10.    All documents related to the contribution of any person, in any way, to the alleged conception, research, testing, design, and reduction to practice, or other development of any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

11.    All documents related to electroplating metallized bumps, cup plating apparatuses, or methods for achieving non-laminar flow of electroplating solution near the edges of a semiconductor substrate dated on or before January 2, 1990.

12.    All documents related to any contract or agreement with ON Semi or counsel for ON Semi.

13.    All documents relating to any contract or agreement between you and any inventor or assignee named on the ON Semiconductor Patents-in-Suit and Related Patent Applications.

14.    All documents provided to, received from, or relating to any communication with ON Semi or counsel for ON Semi, related to this litigation or any other litigation.

15.    All documents related to any work performed for ON Semi, including without limitation, all billing records and invoices.

16.    All documents related to Samsung or any Samsung patent or product.

# ATTACHMENT 5

AO 88 (Rev. 01/07) Subpoena in a Civil Case

## Issued by the
# UNITES STATES DISTRICT COURT
## DISTRICT OF ARIZONA

SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.

**V.**

ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC,

# SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]

1:06-CV-00720-JJF
Pending in the United States District Court for the District of Delaware

TO:   Bhagubhai D. Patel, c/o Karen Jacobs Louden, Esquire, Morris Nichols Arsht & Tunnell, 1201 North Market Street, Wilmington, DE  19899-1347

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Hyatt Regency Phoenix, 122 N. 2nd St., Phoenix, AZ  85004 | 3/21/2008-10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*                Attorney for Plaintiffs | 3/7/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Andrew A. Lundgren, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, PO Box 391, Wilmington, DE 19899-0391 (302) 571-6600

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 3/7/2008 | Morris Nichols Arsht + Tunnell |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Karen Jacobs Louden | Hand delivery |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Andrew A. Lundgren | Attorney |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___3/7/2008___
DATE

SIGNATURE OF SERVER  A. Lulyn

1000 West St., 17th Floor
ADDRESS OF SERVER

Wilmington, DE 19801

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor L.L.C., (collectively "Samsung") hereby request that Bhagubhai D. Patel produce the documents and things requested below for inspection and copying. The requested documents and things must be produced on or before March 21, 2008 at 10:00 a.m. at the Hyatt Regency Phoenix, 122 N. 2nd St., Phoenix, AZ 85004, or at such other time and place as may be mutually agreed upon in writing.

## DEFINITIONS AND INSTRUCTIONS

1.     As used herein, "you" and "your" means Bhagubhai D. Patel, and any person or entity acting on his behalf.

2.     As used herein, "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C., and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

3.     As used herein, "ON Semi" means ON Semiconductor Corp., Semiconductor Components Industries, L.L.C., and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

4.    As used herein, "ON Semiconductor Patents-in-Suit" means all patents asserted by ON Semiconductor against Samsung in this action, including any corrections and certificates of reexamination, including without limitation: (i) U.S. Patent No. 6,362,644; (ii) U.S. Patent No. 5,563,594; (iii) U.S. Patent No. 5,361,001; and (iv) U.S. Patent No. 5,000,827.

5.    As used herein, "Related Patent Applications" means all United States and foreign patent applications related to the ON Semiconductor Patents-in-Suit, including without limitation, all abandoned applications, all pending applications, and all applications that led to or that are otherwise related to any of the ON Semiconductor Patents-in-Suit.

6.    As used herein, "prior art" has the same meaning as used in 35 U.S.C. § 101 *et seq.*, and includes any patent, printed publication, knowledge, use, sale, offer for sale, or other act or event defined in 35 U.S.C. § 102, taken singly or in combination.

7.    As used herein, "communication" means any transmission of information by one or more persons and/or between two or more persons by any means, including without limitation, personal conversations, telephone conversations, letters, facsimiles, written memoranda, electronic mail, text messages, instant messages, and other computer or electronic transmissions of information.

8.    As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

9.    As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

10.    As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

11.    As used herein, "include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to requests and definitions containing those words.

12.    As used herein, "related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

13.    As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes the original and every non-identical copy or reproduction in your possession, custody, or control, and further is used in a broad sense to refer to any electronic information or any tangible object or thing that contains, conveys, or records information.

14.    Documents from any single file should be produced in the same order as they were found in such file, including any labels, files, folders and/or containers in which such documents are located in or associated with. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

15.    The document requests herein shall be deemed continuing, and it is requested that supplemental responses and production be provided as additional information or documents become available, in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## DOCUMENT REQUESTS

1.    Your most current curriculum vitae.

2.    All documents related to ON Semi.

3

3.     All documents related to the ON Semiconductor Patents-in-Suit and Related Patent Applications.

4.     All documents related to the preparation and prosecution of the ON Semiconductor Patents-in-Suit and Related Patent Applications, including without limitation, all patents, patent applications, articles, publications, books, pamphlets, brochures, inventor notebooks, invention disclosures, product descriptions, and/or communications with any patent office, patent agent, patent attorney, or any other individual.

5.     All documents related to any United States or foreign patent or patent application related to the ON Semiconductor Patents-in-Suit, including without limitation, all abandoned applications, all pending applications, and all applications that led to or that are otherwise related to any of the ON Semiconductor Patents-in-Suit.

6.     All prior art to any of the ON Semiconductor Patents-in-Suit and Related Patent Applications.

7.     All documents related to any prior art, patentability, novelty, validity, enforceability and/or infringement search, study, analysis, evaluation, investigation, or opinion related to any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

8.     All documents related to any product or prototype embodying or incorporating any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

9.     All documents related to any actual or contemplated sale, offer to sell, transfer, or assignment of any product or prototype embodying or incorporating any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

10.    All documents related to the description of any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications in any patent or printed publication anywhere in the world.

11.    All documents related to the alleged conception, research, testing, design, and reduction to practice, or other development of any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

12.    All documents related to the contribution of any person, in any way, to the alleged conception, research, testing, design, and reduction to practice, or other development of any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

13.    All documents related to any U.S. or foreign patent or patent application, on which you are named as an inventor.

14.    All documents related to electroplating metallized bumps, cup plating apparatuses, or methods for achieving non-laminar flow of electroplating solution near the edges of a semiconductor substrate dated on or before January 2, 1990.

15.    All documents authored, co-authored, or created by you on or before January 2, 1990, relating to electroplating metallized bumps, cup plating apparatuses, or methods for achieving non-laminar flow of electroplating solution near the edges of a semiconductor substrate, including without limitation, college papers, thesis papers, research papers, internal ON Semi documents, and published documents.

16.    All documents created or dated on or before January 2, 1990, relating to any symposium, speech, presentation, convention, seminar, paper, publication, or article related, in whole or in part, to electroplating metallized bumps, cup plating apparatuses, or methods for

5

achieving non-laminar flow of electroplating solution near the edges of a semiconductor substrate.

17.    Documents sufficient to show the nature and extent of any interest, financial or otherwise, that you have or have ever had in ON Semi, including, without limitation, documents sufficient to show the ownership of any form of ON Semi stock, stock options, warranty, or debt.

18.    Documents sufficient to show any financial stake you have in the outcome of this litigation, including without limitation, documents and things sufficient to show the nature and quantity of the financial stake.

19.    All documents related to any actual or contemplated sale, offer to sell, transfer, or assignment of any ownership rights you have or have ever had in any U.S. or foreign patent or patent application on which you are named as an inventor, including without limitation any contracts or agreements between you and ON Semi.

20.    All documents related to any contract or agreement with ON Semi or counsel for ON Semi.

21.    All documents provided to, received from, or relating to any communication with ON Semi or counsel for ON Semi, related to this litigation or any other litigation.

22.    All documents related to any litigation involving any of the ON Semi Patents-in-Suit.

23.    All documents related to Samsung or any Samsung patent or product.

# ATTACHMENT 6

AO 88 (Rev. 01/07) Subpoena in a Civil Case

# Issued by the
# UNITES STATES DISTRICT COURT
## DISTRICT OF ARIZONA

SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.

## V.

ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC,

# SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]

1:06-CV-00720-JJF
Pending in the United States District Court for the District of Delaware

TO:    Virgil E. Schuster, c/o Karen Jacobs Louden, Esquire,
Morris Nichols Arsht & Tunnell, 1201 North Market Street,
Wilmington, DE 19899-1347

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Hyatt Regency Phoenix, 122 N. 2nd St., Phoenix, AZ  85004 | 3/21/2008-10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _(signature)_    Attorney for Plaintiffs | 3/7/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Andrew A. Lundgren, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, PO Box 391, Wilmington, DE 19899-0391 (302) 571-6600

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 12/06) Subpoena in a Civil Case

| | PROOF OF SERVICE | |
|---|---|---|
| | DATE | PLACE |
| SERVED | 3/7/2008 | Morris Nichols Arsht + Tunnell |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| Karen Jacobs Louden | | Hand delivery |
| SERVED BY (PRINT NAME) | | TITLE |
| Andrew A. Lundgren | | Attorney |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___3/7/2008___
DATE

_____
SIGNATURE OF SERVER

1000 West St., 17th Floor
ADDRESS OF SERVER

Wilmington, DE 19801

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**ATTACHMENT A**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor L.L.C., (collectively "Samsung") hereby request that Virgil E. Schuster produce the documents and things requested below for inspection and copying. The requested documents and things must be produced on or before March 21, 2008 at 10:00 a.m. at the Hyatt Regency Phoenix, 122 N. 2nd St., Phoenix, AZ 85004, or at such other time and place as may be mutually agreed upon in writing.

**DEFINITIONS AND INSTRUCTIONS**

1.    As used herein, "you" and "your" means Virgil E. Schuster, and any person or entity acting on his behalf.

2.    As used herein, "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C., and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

3.    As used herein, "ON Semi" means ON Semiconductor Corp., Semiconductor Components Industries, L.L.C., and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

4.    As used herein, "ON Semiconductor Patents-in-Suit" means all patents asserted by ON Semiconductor against Samsung in this action, including any corrections and certificates of reexamination, including without limitation:  (i) U.S. Patent No. 6,362,644; (ii) U.S. Patent No. 5,563,594; (iii) U.S. Patent No. 5,361,001; and (iv) U.S. Patent No. 5,000,827.

5.    As used herein, "Related Patent Applications" means all United States and foreign patent applications related to the ON Semiconductor Patents-in-Suit, including without limitation, all abandoned applications, all pending applications, and all applications that led to or that are otherwise related to any of the ON Semiconductor Patents-in-Suit.

6.    As used herein, "prior art" has the same meaning as used in 35 U.S.C. § 101 *et seq.*, and includes any patent, printed publication, knowledge, use, sale, offer for sale, or other act or event defined in 35 U.S.C. § 102, taken singly or in combination.

7.    As used herein, "communication" means any transmission of information by one or more persons and/or between two or more persons by any means, including without limitation, personal conversations, telephone conversations, letters, facsimiles, written memoranda, electronic mail, text messages, instant messages, and other computer or electronic transmissions of information.

8.    As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

9.    As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

10.    As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

2

11.     As used herein, "include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to requests and definitions containing those words.

12.     As used herein, "related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

13.     As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes the original and every non-identical copy or reproduction in your possession, custody, or control, and further is used in a broad sense to refer to any electronic information or any tangible object or thing that contains, conveys, or records information.

14.     Documents from any single file should be produced in the same order as they were found in such file, including any labels, files, folders and/or containers in which such documents are located in or associated with. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

15.     The document requests herein shall be deemed continuing, and it is requested that supplemental responses and production be provided as additional information or documents become available, in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## DOCUMENT REQUESTS

1.     Your most current curriculum vitae.

2.     All documents related to ON Semi.

3

3.    All documents related to the ON Semiconductor Patents-in-Suit and Related Patent Applications.

4.    All documents related to the preparation and prosecution of the ON Semiconductor Patents-in-Suit and Related Patent Applications, including without limitation, all patents, patent applications, articles, publications, books, pamphlets, brochures, inventor notebooks, invention disclosures, product descriptions, and/or communications with any patent office, patent agent, patent attorney, or any other individual.

5.    All documents related to any United States or foreign patent or patent application related to the ON Semiconductor Patents-in-Suit, including without limitation, all abandoned applications, all pending applications, and all applications that led to or that are otherwise related to any of the ON Semiconductor Patents-in-Suit.

6.    All prior art to any of the ON Semiconductor Patents-in-Suit and Related Patent Applications.

7.    All documents related to any prior art, patentability, novelty, validity, enforceability and/or infringement search, study, analysis, evaluation, investigation, or opinion related to any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

8.    All documents related to any product or prototype embodying or incorporating any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

9.    All documents related to any actual or contemplated sale, offer to sell, transfer, or assignment of any product or prototype embodying or incorporating any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

4

10.    All documents related to the description of any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications in any patent or printed publication anywhere in the world.

11.    All documents related to the alleged conception, research, testing, design, and reduction to practice, or other development of any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

12.    All documents related to the contribution of any person, in any way, to the alleged conception, research, testing, design, and reduction to practice, or other development of any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

13.    All documents related to any U.S. or foreign patent or patent application, on which you are named as an inventor.

14.    All documents related to electroplating metallized bumps, cup plating apparatuses, or methods for achieving non-laminar flow of electroplating solution near the edges of a semiconductor substrate dated on or before January 2, 1990.

15.    All documents authored, co-authored, or created by you on or before January 2, 1990, relating to electroplating metallized bumps, cup plating apparatuses, or methods for achieving non-laminar flow of electroplating solution near the edges of a semiconductor substrate, including without limitation, college papers, thesis papers, research papers, internal ON Semi documents, and published documents.

16.    All documents created or dated on or before January 2, 1990, relating to any symposium, speech, presentation, convention, seminar, paper, publication, or article related, in whole or in part, to electroplating metallized bumps, cup plating apparatuses, or methods for

5

achieving non-laminar flow of electroplating solution near the edges of a semiconductor substrate.

17.    Documents sufficient to show the nature and extent of any interest, financial or otherwise, that you have or have ever had in ON Semi, including, without limitation, documents sufficient to show the ownership of any form of ON Semi stock, stock options, warranty, or debt.

18.    Documents sufficient to show any financial stake you have in the outcome of this litigation, including without limitation, documents and things sufficient to show the nature and quantity of the financial stake.

19.    All documents related to any actual or contemplated sale, offer to sell, transfer, or assignment of any ownership rights you have or have ever had in any U.S. or foreign patent or patent application on which you are named as an inventor, including without limitation any contracts or agreements between you and ON Semi.

20.    All documents related to any contract or agreement with ON Semi or counsel for ON Semi.

21.    All documents provided to, received from, or relating to any communication with ON Semi or counsel for ON Semi, related to this litigation or any other litigation.

22.    All documents related to any litigation involving any of the ON Semi Patents-in-Suit.

23.    All documents related to Samsung or any Samsung patent or product.

# ATTACHMENT 7

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF _____ Utah _____

SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., Plaintiffs

V.

ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, L.L.C., Defendants

TO:   David L. Stolfa
      1180 N. Kayenta Dr.
      Moab, UT 84532

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  1:06-CV-00720-JJF
Pending in the United States District Court for the District of Delaware

☐ **YOU ARE COMMANDED** to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE       La Quinta Inn Moab, 815 S. Main St., Moab, UT 84532 | DATE AND TIME 3/21/2008 10:00 am |
|---|---|

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  Attorney for Plaintiffs | DATE 3/7/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jason Choy, Esq., Kirkland and Ellis LLP, 153 East 53rd Street, New York, NY 10022   Tel: (212) 446-4800

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel the production, inspection, copying, testing, or sampling shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

03/11/2008  08:03  4352598651                      GRAND COUNTY SHERIFF                    PAGE  02/02

MAR-10-2008  08:38    SERVING BY IRVING                              212 3490338    P.02

COUNTY OF _____ **COURT**    UNITED STATES DISTRICT COURT
                                        DISTRICT OF UTAH

SAMSUNG ELECTRONICS CO., LTD., ET AL.,                    *Index No.* 1:06-CV-00720-JJF

                                              *Plaintiff(s)*

*against*                                                    *AFFIDAVIT OF*
ON SEMICONDUCTOR CORP. AND SEMICONDUCTOR COMPONENTS          *SERVICE OF SUBPOENA*
INDUSTRIES, L.L.C.,                                          IN A CIVIL CASE

                                              *Defendant(s)*

STATE OF ~~NEW YORK~~ UTAH, COUNTY OF   GRAND         SS:   The undersigned, being duly sworn, deposes and says; deponent is not a
party herein, is over 18 years of age and resides ~~in~~ IN THE STATE OF UTAH
That on   3/7/08              at *1345* P.M., at 1180 N, KAYENTA DR., MOAB, UT 84532
deponent served the within subpoena on        DAVID L. STOLFA   *AH*                     witness therein named.
IN A CIVIL CASE

**INDIVIDUAL**
1. ☒   by delivering a true copy to said witness personally; *witness identified himself* ~~deponent knew the person so served~~ to be the witness described in said
       subpoena.
**CORPORATION**
2. ☐   a _____ corporation, by delivering thereat a true copy to _____
       personally, deponent knew said corporation so served to be the corporation witness and knew said individual to be
       thereof.
**SUITABLE AGE PERSON**
3. ☐   by delivering thereat a true copy to _____ a person of suitable age
       and discretion. Said premises is witness'—actual place of business—dwelling place—usual place of abode—within the state.
**AFFIXING TO DOOR, ETC.**
4. ☐   by affixing a true copy to the door of said premises, which is witness'—actual place of business—dwelling place—usual place
       of abode—within the state. Deponent was unable, with due diligence to find witness or a person of suitable age and discretion
       thereat, having called there

**MAILING TO RESIDENCE USE WITH 3 OR 4**
5A. ☐   Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to witness
        at witness' last known residence, at _____ and deposited
        said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS USE WITH 3 OR 4**
5B. ☐   Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly
        addressed to witness at witness' actual place of business, at _____
        in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore
        the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the
        communication was from an attorney or concerned an action against the witness.

**DESCRIPTION USE WITH 1, 2, OR 3**
☒

☒ Male        ☒ White Skin    ☐ Black Hair    ☐ White Hair    ☐ 14-20 Yrs.   ☐ Under 5'      ☐ Under 100 Lbs.
☐ Female      ☐ Black Skin    ☐ Brown Hair    ☐ Balding       ☐ 21-35 Yrs.   ☐ 5'0"-5'3"     ☐ 100-130 Lbs.
              ☐ Yellow Skin   ☐ Blonde Hair   ☐ Mustache      ☐ 36-50 Yrs.   ☐ 5'4"-5'8"     ☐ 131-160 Lbs.
              ☐ Brown Skin    ☒ Gray Hair     ☐ Beard         ☒ 51-65 Yrs.   ☐ 5'9"-6'0"     ☐ 161-200 Lbs.
              ☐ Red Skin      ☐ Red Hair      ☐ Glasses       ☐ Over 65 Yrs. ☐ Over 6'       ☐ Over 200 Lbs.
Other identifying features: _____

At the time of said service, deponent paid (tendered) in advance $ NO FEE _____ the authorized traveling expenses and one day's witness fee.

Sworn to before me on

March 7, 2008                                                        _____
                                                                     PRINT NAME BENEATH SIGNATURE
*EveBrannan*                                     ART HINES, DEPUTY SHERIFF
*My Commission expires 7-21-2011*   NOTARY PUBLIC                    License No. _____
                                     EVE BRANNAN
                                     125 E. CENTER
                                     MOAB, UTAH 84532                                    TOTAL P.02
                                     MY COMMISSION EXPIRES
                                     JULY 21, 2011
                                     STATE OF UTAH

## ATTACHMENT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor L.L.C., (collectively "Samsung") hereby request that David L. Stolfa produce the documents and things requested below for inspection and copying. The requested documents and things must be produced on or before March 21, 2008 at 10:00 a.m. at the La Quinta Inn Moab, 815 S. Main St., Moab, UT 84532, or at such other time and place as may be mutually agreed upon in writing.

## DEFINITIONS AND INSTRUCTIONS

1.      As used herein, "you" and "your" means David L. Stolfa, and any person or entity acting on his behalf.

2.      As used herein, "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C., and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

3.      As used herein, "ON Semi" means ON Semiconductor Corp., Semiconductor Components Industries, L.L.C., and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

4.    As used herein, "ON Semiconductor Patents-in-Suit" means all patents asserted by ON Semiconductor against Samsung in this action, including any corrections and certificates of reexamination, including without limitation:  (i) U.S. Patent No. 6,362,644; (ii) U.S. Patent No. 5,563,594; (iii) U.S. Patent No. 5,361,001; and (iv) U.S. Patent No. 5,000,827.

5.    As used herein, "Related Patent Applications" means all United States and foreign patent applications related to the ON Semiconductor Patents-in-Suit, including without limitation, all abandoned applications, all pending applications, and all applications that led to or that are otherwise related to any of the ON Semiconductor Patents-in-Suit.

6.    As used herein, "prior art" has the same meaning as used in 35 U.S.C. § 101 *et seq.*, and includes any patent, printed publication, knowledge, use, sale, offer for sale, or other act or event defined in 35 U.S.C. § 102, taken singly or in combination.

7.    As used herein, "communication" means any transmission of information by one or more persons and/or between two or more persons by any means, including without limitation, personal conversations, telephone conversations, letters, facsimiles, written memoranda, electronic mail, text messages, instant messages, and other computer or electronic transmissions of information.

8.    As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

9.    As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

10.    As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

2

11.    As used herein, "include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to requests and definitions containing those words.

12.    As used herein, "related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

13.    As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes the original and every non-identical copy or reproduction in your possession, custody, or control, and further is used in a broad sense to refer to any electronic information or any tangible object or thing that contains, conveys, or records information.

14.    Documents from any single file should be produced in the same order as they were found in such file, including any labels, files, folders and/or containers in which such documents are located in or associated with.  If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

15.    The document requests herein shall be deemed continuing, and it is requested that supplemental responses and production be provided as additional information or documents become available, in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## DOCUMENT REQUESTS

1.    Your most current curriculum vitae.

2.    All documents related to ON Semi.

3

3.    All documents related to the ON Semiconductor Patents-in-Suit and Related Patent Applications.

4.    All documents related to the preparation and prosecution of the ON Semiconductor Patents-in-Suit and Related Patent Applications, including without limitation, all patents, patent applications, articles, publications, books, pamphlets, brochures, inventor notebooks, invention disclosures, product descriptions, and/or communications with any patent office, patent agent, patent attorney, or any other individual.

5.    All documents related to any United States or foreign patent or patent application related to the ON Semiconductor Patents-in-Suit, including without limitation, all abandoned applications, all pending applications, and all applications that led to or that are otherwise related to any of the ON Semiconductor Patents-in-Suit.

6.    All prior art to any of the ON Semiconductor Patents-in-Suit and Related Patent Applications.

7.    All documents related to any prior art, patentability, novelty, validity, enforceability and/or infringement search, study, analysis, evaluation, investigation, or opinion related to any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

8.    All documents related to any product or prototype embodying or incorporating any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

9.    All documents related to any actual or contemplated sale, offer to sell, transfer, or assignment of any product or prototype embodying or incorporating any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

4

10.    All documents related to the description of any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications in any patent or printed publication anywhere in the world.

11.    All documents related to the alleged conception, research, testing, design, and reduction to practice, or other development of any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

12.    All documents related to the contribution of any person, in any way, to the alleged conception, research, testing, design, and reduction to practice, or other development of any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

13.    All documents related to any U.S. or foreign patent or patent application, on which you are named as an inventor.

14.    All documents related to analog trimming, analog trim circuits, or circuits and methods of previewing analog trimming dated on or before December 3, 1993.

15.    All documents authored, co-authored, or created by you on or before December 3, 1993, relating to analog trimming, analog trim circuits, or circuits and methods of previewing analog trimming, including without limitation, college papers, thesis papers, research papers, internal ON Semi documents, and published documents.

16.    All documents created or dated on or before December 3, 1993, relating to any symposium, speech, presentation, convention, seminar, paper, publication, or article related, in whole or in part, to analog trimming, analog trim circuits, or circuits and methods of previewing analog trimming.

5

17.    Documents sufficient to show the nature and extent of any interest, financial or otherwise, that you have or have ever had in ON Semi, including, without limitation, documents sufficient to show the ownership of any form of ON Semi stock, stock options, warranty, or debt.

18.    Documents sufficient to show any financial stake you have in the outcome of this litigation, including without limitation, documents and things sufficient to show the nature and quantity of the financial stake.

19.    All documents related to any actual or contemplated sale, offer to sell, transfer, or assignment of any ownership rights you have or have ever had in any U.S. or foreign patent or patent application on which you are named as an inventor, including without limitation any contracts or agreements between you and ON Semi.

20.    All documents related to any contract or agreement with ON Semi or counsel for ON Semi.

21.    All documents provided to, received from, or relating to any communication with ON Semi or counsel for ON Semi, related to this litigation or any other litigation.

22.    All documents related to any litigation involving any of the ON Semi Patents-in-Suit.

23.    All documents related to Samsung or any Samsung patent or product.

6