IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>   AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>          Plaintiffs,<br><br>v.<br><br>ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, LLC,<br><br>          Defendants. | Civil Action No. 06-720 (JJF) |

## SAMSUNG PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIMS

Plaintiffs Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), Samsung Telecommunications America General, L.L.C. ("STA"), Samsung Semiconductor, Inc. ("SSI"), and Samsung Austin Semiconductor L.L.C. ("SAS"), (collectively "Samsung"), respond to the counterclaims of Defendants ON Semiconductor Corp. and Semiconductor Components Industries, LLC (collectively "Defendants") as follows:

## Parties

1. Samsung admits that ON Semiconductor Corp. purports to be a Delaware corporation having its principal place of business at 5005 East McDowell Road, Phoenix, AZ 85008.

2. Samsung admits that Semiconductor Components Industries, L.L.C. purports to be a Delaware limited liability company having its principal place of business at 5005 East McDowell Road, Phoenix, AZ 85008. Samsung further admits that Semiconductor Components Industries, L.L.C. purports that it is the principal domestic operating subsidiary of ON Semiconductor Corp. Except as so admitted, Samsung denies the allegations in Defendants' Counterclaims Paragraph 2.

3. Samsung admits plaintiff SEC is a corporation organized under the laws of the Republic of Korea, having its principal place of business at Samsung Main Building, 250, Taepyung-ro 2-ka, Chung-ku, Seoul 100-743, South Korea. Samsung admits that plaintiff SEC manufactures a variety of semiconductor products, as that term is understood. Samsung admits that certain of its direct or indirect subsidiaries sell certain semiconductor products in the United States. Except as so admitted, Plaintiff SEC denies the allegations in Defendants' Counterclaims Paragraph 3.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Samsung admits that SEA, STA, SSI and SAS are subsidiaries that are either directly or indirectly owned by SEC. Samsung admits that at least one of its subsidiaries markets or sells certain semiconductor products, as that term is understood, in the United States for the

benefit of SEC. Except as so admitted, Samsung denies the allegations in Defendants' Counterclaims Paragraph 8.

### Jurisdiction and Venue

9. Samsung admits that Defendants' counterclaims arise under the Patent Laws of the United States pursuant to 35 U.S.C. § 1, *et seq*. Samsung further admits that this Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

10. Samsung admits that venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### The Patents

11. Samsung admits that U.S. Patent No. 5,563,594 ("the '594 patent"), entitled "Circuit and Method of Timing Data Transfers," states, on its face, that it issued on October 8, 1996. Samsung admits that ON Semiconductor purports to hold all rights and interest in the '594 patent. Except as so admitted, Samsung lacks knowledge or information sufficient to form a belief as to the remaining allegations in Defendants' Counterclaims Paragraph 11 and therefore denies them on that basis.

12. Samsung admits that U.S. Patent No. 6,362,644 ("the '644 patent"), entitled "Programmable Termination for Integrated Circuits," states, on its face, that it issued on March 26, 2002. Samsung admits that ON Semiconductor purports to hold all rights and interest in the '644 patent. Except as so admitted, Samsung lacks knowledge or information sufficient to form a belief as to the remaining allegations in Defendants' Counterclaims Paragraph 12 and therefore denies them on that basis.

13. Samsung admits that U.S. Patent No. 5,361,001 ("the '001 patent"), entitled "Circuit and Method of Previewing Analog Trimming," states, on its face, that it issued on

November 1, 1994. Samsung admits that ON Semiconductor purports to hold all rights and interest in the '001 patent. Except as so admitted, Samsung lacks knowledge or information sufficient to form a belief as to the remaining allegations in Defendants' Counterclaims Paragraph 13 and therefore denies them on that basis.

14.     Samsung admits that U.S. Patent No. 5,000,827 ("the '827 patent"), entitled "Method and Apparatus for Adjusting Plating Solution Flow Characteristics at Substrate Cathode Periphery to Minimizing Edge Effect," states, on its face, that it issued on March 19, 1991. Samsung admits that ON Semiconductor purports to hold all rights and interest in the '827 patent. Except as so admitted, Samsung lacks knowledge or information sufficient to form a belief as to the remaining allegations in Defendants' Counterclaims Paragraph 14 and therefore denies them on that basis.

15.     Plaintiff SEC admits that U.S. Patent No. 5,252,177 ("the '177 patent"), entitled "Method for Forming a Multilayer Wiring of a Semiconductor Device," issued on October 12, 1993. Plaintiff SEC further admits that it owns the '177 patent with the right to sue for infringement including past infringement.

### Count I
### Alleged Infringement Of U.S. Patent No. 5,563,594

16.     Samsung incorporates its responses to Paragraphs 1-15 as if fully set forth herein.

17.     Samsung denies the allegations in Defendants' Counterclaims Paragraph 17.

18.     Samsung denies the allegations in Defendants' Counterclaims Paragraph 18.

19.     Samsung denies the allegations in Defendants' Counterclaims Paragraph 19.

20.     Samsung denies the allegations in Defendants' Counterclaims Paragraph 20.

### Count II
### Alleged Infringement Of U.S. Patent No. 6,362,644

21.     Samsung incorporates its responses to Paragraphs 1-15 as if fully set forth herein.

22. Samsung denies the allegations in Defendants' Counterclaims Paragraph 22.

23. Samsung denies the allegations in Defendants' Counterclaims Paragraph 23.

24. Samsung denies the allegations in Defendants' Counterclaims Paragraph 24.

25. Samsung denies the allegations in Defendants' Counterclaims Paragraph 25.

**Count III**
**Alleged Infringement Of U.S. Patent No. 5,361,001**

26. Samsung incorporates its responses to Paragraphs 1-15 as if fully set forth herein.

27. Samsung denies the allegations in Defendants' Counterclaims Paragraph 27.

28. Samsung denies the allegations in Defendants' Counterclaims Paragraph 28.

29. Samsung denies the allegations in Defendants' Counterclaims Paragraph 29.

30. Samsung denies the allegations in Defendants' Counterclaims Paragraph 30.

**Count IV**
**Alleged Infringement Of U.S. Patent No. 5,000,827**

31. Samsung incorporates its responses to Paragraphs 1-15 as if fully set forth herein.

32. Samsung denies the allegations in Defendants' Counterclaims Paragraph 32.

33. Samsung denies the allegations in Defendants' Counterclaims Paragraph 33.

34. Samsung denies the allegations in Defendants' Counterclaims Paragraph 34.

35. Samsung denies the allegations in Defendants' Counterclaims Paragraph 35.

**Count V**
**Declaratory Judgment Of Non-Infringement of U.S. Patent No. 5,252,177**

36. Samsung incorporates its responses to Paragraphs 1-15 as if fully set forth herein.

37. Samsung denies the allegations in Defendants' Counterclaims Paragraph 37.

38. Samsung denies the allegations in Defendants' Counterclaims Paragraph 38.

**Count VI**
**Declaratory Judgment Of Invalidity of U.S. Patent No. 5,252,177**

39. Samsung incorporates its responses to Paragraphs 1-15 as if fully set forth herein.

40. Samsung denies the allegations in Defendants' Counterclaims Paragraph 40.

41. Samsung denies the allegations in Defendants' Counterclaims Paragraph 41.

### Answer To Defendants' Prayer For Relief

42. Samsung denies that Defendants are entitled to any relief whatsoever from Samsung or this Court, either as requested in Defendants' Counterclaims or otherwise.

### GENERAL DENIAL

43. Samsung further denies each and every allegation contained in Defendants' Counterclaims to which Samsung has not specifically responded.

### Affirmative Defenses

44. Samsung alleges and asserts the following defenses in response to the allegations in Defendants' Counterclaims, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, Samsung specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

### First Defense

45. Samsung has not directly or indirectly infringed, and is not directly or indirectly infringing, any valid and enforceable claim of U.S. Patent Nos. 5,563,594 ("the '594 patent"), 6,362,644 ("the '644 patent"), 5,361,001 ("the '001 patent"), and 5,000,827 ("the '827 patent") either literally or under the doctrine of equivalents.

**Second Defense**

46. The claims of the '594, '644, '001 and '827 patents are invalid for failure to meet the conditions of patentability as set forth in part II of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 116.

**Third Defense**

47. The claims of the '594, '644, '001 and '827 patents are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 112.

**Fourth Defense**

48. Samsung has not willfully infringed and is not willfully infringing any valid, enforceable claim of the '594, '644, '001 and '827 patents.

**Fifth Defense**

49. Defendants are barred by one or more of the doctrines of laches, estoppel, implied license, waiver, acquiescence, misuse and unclean hands from enforcing the claims of the '594, '644, '001 and '827 patents.

**Sixth Defense**

50. Defendants are barred from enforcing one or more of the '594, '644, '001 and '827 patents for licensed activities or authorized sales.

**Seventh Defense**

51. Defendants cannot satisfy the requirements applicable to its request for injunctive relief at least because any alleged injury to Defendants is not immediate or irreparable and Defendants have an adequate remedy at law.

### Eighth Defense

52.     One or more Defendants lacks standing and/or ownership to pursue enforcement of one or more of the of the '594, '644, '001 and '827 patents.

Dated: May 7, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600
*alundgren@ycst.com*

*Attorneys for Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C.*

OF COUNSEL:

John M. Desmarais
Jon T. Hohenthaner
James E. Marina
**KIRKLAND & ELLIS LLP**
153 East 53rd Street
New York, New York 10022-4675
(212) 446-4800
*jdesmarais@kirkland.com*
*jhohenthaner@kirkland.com*
*jmarina@kirkland.com*

Edward C. Donovan
**KIRKLAND & ELLIS LLP**
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
202-879-5000
*edonovan@kirkland.com*

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on May 7, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Karen Jacobs Louden, Esquire [klouden@mnat.com]
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>PO Box 1347
>Wilmington, DE 19899-1347

I further certify that on May 7, 2008, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

>Behrooz Shariati, Esquire [bshariati@jonesday.com]
>T. Gregory Lanier, Esquire [tglanier@jonesday.com]
>Jones Day
>1755 Embarcadero Road
>Palo Alto, CA 94025

>Kenneth R. Adamo [kradamo@jonesday.com]
>Jones Day
>2727 North Harwood Street
>Dallas, TX 75201-1515

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ Andrew A. Lundgren
>Andrew A. Lundgren (No. 4429)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19801
>302-571-6600
>alundgren@ycst.com