IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC,<br><br>    Defendants. | Civil Action No. 06-720 (JJF) |
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>    Defendants. | Civil Action No. 07-449 (JJF) |

**SAMSUNG'S NOTICE OF RULE 30(B)(6) DEPOSITION
OF DEFENDANTS REGARDING THE '644 PATENT**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C. will take the deposition upon oral examination of ON Semiconductor Corp. and Semiconductor Components Industries, LLC, regarding the subject matter set forth in the attached Appendix B, which shall be interpreted in accordance with the definitions and instructions set forth in the attached Appendix A.

The deposition will begin at 9:30 a.m. on July 2, 2008, at the offices of Kirkland & Ellis LLP, 153 East 53rd Street, New York, New York, 10022, or at such other time and place as may be agreed upon in writing by counsel for the parties. The examination will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure, and will continue from day to day until completed. The testimony at the deposition will be recorded by videographic, stenographic, audio, audiovisual, and/or real-time computer means.

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants shall designate one or more officers, directors, managing agents, or other persons who consent to testify on their behalf as to each of the topics set forth in the attached Appendix B. Samsung requests that Defendants, at least by June 17, 2008, designate by service upon counsel for Samsung, the person or persons who will testify on their behalf regarding the topics set forth in Appendix B, and to identify for each person so designated those topics or parts thereof to which that person will testify.

You are invited to attend.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

_____
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
302-571-6600
*alundgren@ycst.com*

*Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR, L.L.C.*

OF COUNSEL:

John M. Desmarais
Jon T. Hohenthaner
James E. Marina
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022-4611
212-446-4800
*jdesmarais@kirkland.com*
*jhohenthaner@kirkland.com*
*jmarina@kirkland.com*

Edward C. Donovan
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
202-879-5000
*edonovan@kirkland.com*

Dated: June 3, 2008

# APPENDIX A

## DEFINITIONS AND INSTRUCTIONS

1. As used herein, "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C., and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

2. As used herein, "Defendants" means ON Semiconductor Corp. and Semiconductor Components Industries, LLC, and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

3. As used herein, "the '644 patent" means U.S. Patent No. 6,362,644.

4. As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

5. As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

6. As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

7. As used herein, "include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to requests and definitions containing those words.

8.  As used herein, "related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

9.  As used herein, the term "identity" as applied to a product means the product name, product type, product number (for those products with product numbers), model number (for those products with model numbers), marketing name, sales name, internal development name, revision level (for those products with revision levels), manufacturer, and any other designation known to Defendants.

10. As used herein, the term "identity" as applied to a process means the process name, process number (for those processes with process numbers), internal development name, revision level (for those processes with revision levels), and any other designation known to Defendants.

11. As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes the original and every non-identical copy or reproduction in the possession, custody, or control of Defendants, and further is used in a broad sense to refer to any electronic information or any tangible object or thing that contains, conveys, or records information.

## APPENDIX B

## DEPOSITION TOPICS

1. The facts and circumstances surrounding the alleged conception, reduction to practice, and use at any time of the subject matter of the '644 patent, including without limitation, the identity of relevant processes, products, witnesses, and any documents and things alleged to corroborate such conception, reduction to practice, or use.

2. The facts and circumstances associated with the preparation and prosecution of the '644 patent and any related applications or patents, including any search for prior art.

3. The identity of any products or processes (or portions thereof) that embody or use an invention claimed in the '644 patent, including without limitation, Samsung products or processes, Defendant products or processes, and any third party products or processes.

4. The facts and circumstances surrounding Defendants' use or sale of products or processes falling within the scope of the '644 patent, and the details concerning the structure, function, and operation of each such product or process.

5. The facts and circumstances surrounding Defendants' development and use of programmable termination technology, Defendants' sale of products including programmable termination technology, and alternatives to that technology.

6. The facts and circumstances surrounding any marking or efforts to mark any product or process with the patent number of the '644 patent by Defendants or any licensee.

7. The facts and circumstances surrounding any assertion of the '644 patent against any person or entity.

8. The facts and circumstances surrounding all attempts to license the '644 patent, including without limitation, the identity of each person, company, corporation, or entity to

which Defendants offered a license to the '644 patent, the license terms offered, and all communications relating thereto.

9. The facts and circumstances surrounding the terms, conditions, and negotiations of all licenses, cross-licenses, or other agreements entered into by Defendants at any time relating to the '644 patent.

10. The facts and circumstances surrounding any royalties received by Defendants for licensing the '644 patent.

11. The facts and circumstances surrounding Defendants' first awareness of programmable termination technology at Samsung and Defendants' first awareness of alleged infringement of the '644 patent by Samsung, including the bases for that awareness.

12. All communications between Defendants and Samsung relating to the '644 patent, including without limitation, all notices of infringement provided by Defendants to Samsung.

13. The identity, location, and authenticity of documents relating to the categories set forth in paragraphs 1 through 12 above, including without limitation, the circumstances and Defendants' practices regarding the creation and retention of such documents.

14. The identity and location of witnesses knowledgeable about the categories set forth in paragraphs 1 through 13 above.

**CERTIFICATE OF SERVICE**

I, Andrew A. Lundgren, Esquire, hereby certify that on June 3, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Karen Jacobs Louden, Esquire [klouden@mnat.com]
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> PO Box 1347
> Wilmington, DE 19899-1347

I further certify that on June 3, 2008, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

> Behrooz Shariati, Esquire [bshariati@jonesday.com]
> T. Gregory Lanier, Esquire [tglanier@jonesday.com]
> Jones Day
> 1755 Embarcadero Road
> Palo Alto, CA 94025

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Andrew A. Lundgren*
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
302-571-6600
alundgren@ycst.com