IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., <br><br>　　　　Plaintiffs, <br><br>　v. <br><br>ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, <br><br>　　　　Defendants. | Civil Action No. 06-720-JJF |
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, <br><br>　　　　Plaintiffs, <br><br>　v. <br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., <br><br>　　　　Defendants. | Civil Action No. 07-449-JJF |

## SAMSUNG'S NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil

Procedure, Plaintiffs Samsung Electronics Co., Ltd, Samsung Electronics America, Inc.,

Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor L.L.C., served on June 2, 2008, the attached subpoena for an oral deposition and the production of documents on Bradley J. Botsch.

                                      YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

                                      /s/ Andrew A. Lundgren
                                      Josy W. Ingersoll (No. 1088)
                                      John W. Shaw (No. 3362)
                                      Andrew A. Lundgren (No. 4429)
                                      The Brandywine Building
                                      1000 West Street, 17th Floor
                                      Wilmington, DE 19801-0391
                                      (302) 571-6600
                                      alundgren@ycst.com

                                      *Attorneys for Samsung Electronics Co., Ltd, Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor L.L.C.*

OF COUNSEL:

John M. Desmarais
Jon T. Hohenthaner
James E. Marina
Jason Choy
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611
(212) 446-4800

Dated: June 3, 2008

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| Central | DISTRICT OF | California |

SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., Plaintiffs

**SUBPOENA IN A CIVIL CASE**

V.

ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, L.L.C., Defendants

Case Number:[1] 1:06-CV-00720-JJF
Pending in the United States District Court for the District of Delaware

TO: Bradley J. Botsch
Acacia Research Corporation
500 Newport Center Drive, 7th Floor
Newport Beach, California 92660

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | |
|  | DATE AND TIME |
|  | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Newport Beach Hyatt Regency, 1107 Jamboree Road, Newport Beach, CA 92660 | 6/23/2008 9:30 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE  Newport Beach Hyatt Regency, 1107 Jamboree Road, Newport Beach, CA 92660 | DATE AND TIME  6/16/2008 10:00 am |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature]  Attorney for Plaintiffs | 6/2/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jason Choy, Esq., Kirkland and Ellis LLP, 153 East 53rd Street, New York, NY 10022   Tel: (212) 446-4800

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 6/2/2008 | Jones Day<br>1755 Embarcadero Road, Palo Alto, CA 94303 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Bradley J. Botsch<br>c/o Guadalupe M. Garcia, esq., Jones Day | electronic mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Jason Choy | Attorney |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on      6/2/2008
                     DATE

SIGNATURE OF SERVER

153 East 53rd Street
ADDRESS OF SERVER

New York, NY 10022

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
   (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
   (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
   (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
   (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor L.L.C., (collectively "Samsung") hereby request that Bradley J. Botsch produce the documents and things requested below for inspection and copying. The requested documents and things must be produced on or before June 16, 2008 at 10:00 a.m. at the Newport Beach Hyatt Regency, 1107 Jamboree Road, Newport Beach, CA 92660, or at such other time and place as may be mutually agreed upon in writing.

## DEFINITIONS AND INSTRUCTIONS

1.   As used herein, "you" and "your" means Bradley J. Botsch, and any person or entity acting on his behalf.

2.   As used herein, "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C., and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

3.   As used herein, "ON Semiconductor" means ON Semiconductor Corp., Semiconductor Components Industries, L.L.C., and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

4. As used herein, "Motorola" means Motorola Inc., and all of its predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

5. As used herein, "Freescale" means Freescale Semiconductor Inc., Freescale Semiconductor Holdings I, Ltd. and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

6. As used herein, "ON Semiconductor Patents-in-Suit" means all patents asserted by ON Semiconductor against Samsung in this action, including any corrections and certificates of reexamination, including without limitation: (i) U.S. Patent No. 6,362,644; (ii) U.S. Patent No. 5,563,594; (iii) U.S. Patent No. 5,361,001; and (iv) U.S. Patent No. 5,000,827.

7. As used herein, "Related Patent Applications" means all United States and foreign patent applications related to the ON Semiconductor Patents-in-Suit, including without limitation, all abandoned applications, all pending applications, and all applications that led to or that are otherwise related to any of the ON Semiconductor Patents-in-Suit.

8. As used herein, "prior art" has the same meaning as used in 35 U.S.C. § 101 *et seq.*, and includes any patent, printed publication, knowledge, use, sale, offer for sale, or other act or event defined in 35 U.S.C. § 102, taken singly or in combination.

9. As used herein, "JEDEC" shall refer to the JEDEC Solid State Technology Association, its predecessors, including the Joint Electron Device Engineering Council,

successors, affiliates, representatives, and any committees, sub-committees, task groups, meetings or any other organization thereof.

10. As used herein, "communication" means any transmission of information by one or more persons and/or between two or more persons by any means, including without limitation, personal conversations, telephone conversations, letters, facsimiles, written memoranda, electronic mail, text messages, instant messages, and other computer or electronic transmissions of information.

11. As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

12. As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

13. As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

14. As used herein, "include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to requests and definitions containing those words.

15. As used herein, "related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

16. As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes the original and every non-identical copy or reproduction in your possession, custody, or control, and further is used in a broad sense to refer

to any electronic information or any tangible object or thing that contains, conveys, or records information.

17. Documents from any single file should be produced in the same order as they were found in such file, including any labels, files, folders and/or containers in which such documents are located in or associated with. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

18. The document requests herein shall be deemed continuing, and it is requested that supplemental responses and production be provided as additional information or documents become available, in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## DOCUMENT REQUESTS

1. All curricula vitae, resumes, or other documents describing your professional experience.

2. All documents, communications, and things related or referring to Samsung or its representatives.

3. All documents, communications, and things relating to the above captioned lawsuit.

4. All documents, communications, and things related to any analysis of the patents-in-suit including any analysis of their validity, prior art, and whether the patents-in-suit cover any products, processes, or any industry standard or specification.

5. All documents, communications, and things related to other actual or contemplated assertions of intellectual property against Samsung.

6. All documents, communications, and things related to actual or contemplated assertions of the patents-in-suit against other parties or entities.

7. All documents and communications related to JEDEC or other industry standards or specifications organizations, including any documents or communications related to technology covered by those standards or specifications as it relates to the subject matter of the patents-in-suit, and any documents or communications related to intellectual property policies, patent policies, and obligations to disclose patents to those industry standards or specification organizations.

8. All documents related to any communications with Motorola, Freescale, or ON Semiconductor concerning Samsung, this lawsuit, the patents-in-suit, or any patent licenses.

9. All documents and communications related to ON Semiconductor.

10. All documents and communications related to the ON Semiconductor Patents-in-Suit and Related Patent Applications.

11. All documents and communications related to the preparation and prosecution of the ON Semiconductor Patents-in-Suit and Related Patent Applications, including without limitation, all patents, patent applications, articles, publications, books, pamphlets, brochures, inventor notebooks, invention disclosures, product descriptions, and/or communications with any patent office, patent agent, patent attorney, or any other individual.

12. All documents and communications related to any United States or foreign patent or patent application related to the ON Semiconductor Patents-in-Suit, including without limitation, all abandoned applications, all pending applications, and all applications that led to or that are otherwise related to any of the ON Semiconductor Patents-in-Suit.

13. All prior art to any of the ON Semiconductor Patents-in-Suit and Related Patent Applications.

14. All documents and communications related to any prior art, patentability, novelty, validity, enforceability and/or infringement search, study, analysis, evaluation, investigation, or opinion related to any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

15. All documents and communications related to the description of any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications in any patent or printed publication anywhere in the world.

16. All documents and communications related to any product or prototype embodying or incorporating any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

17. All documents and communications related to the alleged conception, research, testing, design, and reduction to practice, or other development of any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

18. All documents and communications related to the contribution of any person, in any way, to the alleged conception, research, testing, design, and reduction to practice, or other development of any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications.

19. All documents and communications related to any of the subject matter disclosed or claimed by the ON Semiconductor Patents-in-Suit and Related Patent Applications dated on or before the filing dates for each of the ON Semiconductor Patents-in-Suit and Related Patent Applications.

20. All documents and communications related to any contract or agreement with ON Semiconductor or counsel for ON Semiconductor.

21. All documents and communications relating to any contract or agreement between you and any inventor or assignee named on the ON Semiconductor Patents-in-Suit and Related Patent Applications.

22. All documents provided to, received from, or relating to any communication with ON Semiconductor or counsel for ON Semiconductor, related to this litigation or any other litigation.

23.   All documents and communications related to any work performed for ON Semiconductor, including without limitation, all billing records and invoices.

24.   All documents and communications related to Samsung or any Samsung patent or product.

**CERTIFICATE OF SERVICE**

I, Andrew A. Lundgren, Esquire, hereby certify that on June 3, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Karen Jacobs Louden, Esquire [*klouden@mnat.com*]
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> PO Box 1347
> Wilmington, DE 19899-1347

I further certify that on June 3, 2008, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

> Behrooz Shariati, Esquire [*bshariati@jonesday.com*]
> T. Gregory Lanier, Esquire [*tglanier@jonesday.com*]
> Jones Day
> 1755 Embarcadero Road
> Palo Alto, CA 94025

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Andrew A. Lundgren*
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
302-571-6600
*alundgren@ycst.com*