IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, L.L.C., | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | C.A. No. 07-449 (JJF) |
| SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>  AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |
| SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>  AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | )<br>)<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | C.A. No. 06-720 (JJF) |
| v. | ) | |
| ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, L.L.C., | )<br>)<br>) | |
| Defendants. | ) | |

**ON SEMICONDUCTOR'S FOURTH NOTICE OF DEPOSITION
<u>PURSUANT TO FED. R. CIV. PROC. 30(b)(6)</u>**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of

Civil Procedure, ON Semiconductor Corp., and Semiconductor Components Industries, L.L.C.

(collectively "ON Semiconductor") will take the deposition by oral examination of Samsung

Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications

America General, L.L.C.; Samsung Semiconductor, Inc.; and Samsung Austin Semiconductor,

L.L.C. (collectively, "Samsung").  The deposition will commence at **9:30 a.m.** on **June 19, 2008**, at the offices of Jones Day, 1755 Embarcadero Rd., Palo Alto, CA 94303, or at such other time and place as counsel may agree.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(6), Samsung must designate one or more officers, directors, managing agents, or other persons who are most qualified, knowledgeable and competent to testify on its behalf with respect to each of the topics described in Schedule A.  In addition, Samsung is requested to provide ON Semiconductor's counsel with written notice, at least one week in advance of the deposition, of the name and title of each witness who will testify on behalf of Samsung, and the particular topic(s) set forth in Schedule A as to which each such witness will testify.

The deposition will be taken before a notary public or other officer authorized to administer oaths under law, and will continue from day to day until completed.  The deposition will be recorded by sound and/or stenographic means and may be videotaped.  You are invited to attend.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Richard J. Bauer*
Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
klouden@mnat.com
rbauer@mnat.com
*Attorneys for ON Semiconductor Corp.
and Semiconductor Components Industries, L.L.C.*

*Of Counsel*:

Kenneth R. Adamo
JONES DAY
2727 North Harwood Street
Dallas, TX 75201-1515
(214) 220-3939

Tharan Gregory Lanier
Behrooz Shariati
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
(650) 739-3939

June 9, 2008

## SCHEDULE A

### DEFINITIONS AND INSTRUCTIONS

1. "ON SEMICONDUCTOR PATENTS" refers to the United States Patent Nos. 6,362,644; 5,563,594; 5,361,001; and 5,000,827, including any reexaminations.

2. "ON SEMICONDUCTOR PRODUCTS" refers to any accused apparatus, product, device, process, method, act, and/or other instrumentality that Plaintiffs asserts INFRINGE United States Patent No. 5,252,177.

3. "SAMSUNG," "YOU," and "YOUR" refers to Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications America General, LLC; Samsung Semiconductor, Inc.; and Samsung Austin Semiconductor, LLC, their present and former directors, officers, employees, attorneys, accountants, consultants, representatives, agents, subsidiaries, divisions, successors in interest, any partnerships or joint ventures to which any of the foregoing are a party, and/or other persons acting on behalf of any of the foregoing.

4. "SAMSUNG PRODUCTS" refers to Double Data Rate (DDR) Synchronous Dynamic Random Access Memory (SDRAM) including, but not limited to, DDR SDRAM, Mobile DDR SDRAM, DDR2 SDRAM, GDDR SDRAM, GDDR2 SDRAM, and GDDR3 SDRAM, as well as any integrated circuits manufactured using cup plating systems. The "SAMSUNG PRODUCTS" include, but are not limited to, the following product designations: K4B1G0446C-ZC(F7/F8/H9), K4B1G0846C-ZC(F7/F8/H9), K4B1G1646C-ZC(F7/F8/H9), K4D261638, K4D263238, K4D551638, K4H1G0438A, K4H1G0638C, K4H1G0738C, K4H1G0838A, K4H2G0638A, K4H510438C, K4H510438D-ZC(L)B3/CCC, K4H510638E, K4H510638H, K4H510738E, K4H510738H, K4H510838C, K4H510838D, K4H510838D-UC(L)B3/CCC, K4H510838D-ZC(L)B3/CCC, K4H511638C, K4H511638D, K4H511638D-UC(L)B3/CCC, K4H511638D-ZC(L)B3/CCC, K4H560438E, K4H560438H,

K4H560438H-UC(L)B0, K4H560438H-ZC(L)CC/B3, K4H560838E, K4H560838H, K4H560838H-UC(L)B3/CCC, K4H560838H-ZC(L)B3/CCC, K4H561638H, K4H561638H-UC(L)/B3/CCC, K4H561638H-ZC(L)B3/CCC, K4N51163Q, K4N56163Q, K4T1G044QA, K4T1G044QC, K4T1G044QC-ZC(D5/E6), K4T1G084QA, K4T1G084QC, K4T1G084QD-ZC(D5/E6), K4T1G164QA, K4T1G164QC, K4T1G164QD-ZC(D5/E6), K4T2G044QM, K4T2G084QM, K4T51043QC, K4T51043QE, K4T51043QE-ZC(CC/D5/E6), K4T51083QC, K4T51083QE, K4T51083QE-ZC(CC/D5/E6/E7), K4T51163QC, K4T51163QE-ZC(CC/D5/E6), K4T56043QF, K4T56043QG, K4T56083QF, K4T56083QG, K4U52324Q, K4X28163PH, K4X51163PC, K4X51163PE-(1)(2)(3)(4), K4X51323PC, K4X51323PE, K4X51323PE-(1)(2)(3)(4), K4X56163PG, K4X56163PG-(1)(2)(3)(4), K4X56323PG, K4X56323PG-(1)(2)(3)(4), K5E1G131CA-D075000, K5W1G12ACD-DK75000, K7D161874B, K7D163674B, K7D321874A, K7D321874C, K7D323674A, K7D323674C, K7D801871B, K7D803671B, K7I161882B, K7I161884B, K7I163682B, K7I163684B, K7I321882C, K7I321884C, K7I323682C, K7I323684C, K7I641882M, K7I641884M, K7I643682M, K7I643684M, K7J161882B, K7J163682B, K7J321882C, K7J323682C, K7J641882M, K7J643682M, K7K1618T2C, K7K1636T2C, K7K3218T2C, K7K3236T2C, KAG001002A-DJJY000, KAL00X001M-AJYY000, M312L2820EG(Z)0, M312L2820HZ0, M312L2828ET(U)0, M312L2828HU0, M312L2920CUS, M312L2920CZ0, M312L2920DZ3 -CB3/CCC, M312L2923CUS, M312L2923CZ0, M312L3223EG(Z)0, M312L3223ET(U)S, M312L3223HUS, M312L3223HZ0, M312L5128AU0, M312L5128AU1, M312L5620AUS, M312L5623AUS, M312L5628CU0, M312L5720CZ0, M312L5720DZ3-CB3/CCC, M312L6420EG(Z)0, M312L6420ET(U)S, M312L6420HUS, M312L6420HZ0, M312L6423EG(Z)0, M312L6423ET(U)S, M312L6423HUS, M312L6423HZ0,

2

M312L6523CUS, M312L6523CZ0, M312L6523DZ3 - CB3/CCC, M368L2923CUN, M368L2923DUN, M368L2923DUN-CB3/CCC, M368L3223ET, M368L3223HUS, M368L3324CUS, M368L3324DUS, M368L6423ET(U)M, M368L6423ET(U)N, M368L6423HUN, M368L6523CUS, M368L6523DUS, M368L6523DUS-CB3/CCC, M378B2873CZ0-C(F7/F8/H9), M378B5673CZ0-C(F7/F8/H9), M378B6474CZ0-C(F7/F8/H9), M378T2863AZ3, M378T2863CZ3, M378T2863DZS-C(D5/E6/E7/F7), M378T2953CZ3, M378T2953EZ3, M378T2953EZ3-C(D5/E6/E7/F7), M378T3354CZ3, M378T3354EZ3, M378T5663AZ3, M378T5663CZ3, M378T5663DZ3-C(D5/E6), M378T5763MZ3, M378T6453FZ3, M378T6553CZ3, M378T6553EZ3, M378T6553EZS-C(D5/E6/E7/F7), M381L2923CUM, M381L2923DUM, M381L2923DUM-CB3/CCC, M381L3223ET(U)M, M381L3223HUM, M381L6423ET(U)M, M381L6423HUM, M381L6523CUM, M381L6523DUM, M381L6523DUM-CB3/CCC, M391T2863AZ3, M391T2953CZ3, M391T2953EZ3, M391T5663AZ3, M391T5663CZ3, M391T5763MZ3, M391T6453FZ3, M391T6553CZ3, M391T6553EZ3, M392T2863CZA, M392T2950CZA, M392T2950EZA, M392T2953CZA, M392T2953EZA, M392T5160CJA, M392T5660CZA, M392T5663CZA, M392T6553CZA, M392T6553EZA, M393T1K66MZ3, M393T1K66MZA, M393T2863AZ3, M393T2863AZA, M393T2863CZ3, M393T2863CZA, M393T2950CZ3, M393T2950CZA, M393T2950EZ3, M393T2950EZ3-C(CC/D5), M393T2950EZA, M393T2950EZA-C(CC/D5/E6), M393T2953CZ3, M393T2953CZA, M393T2953EZ3, M393T2953EZ3-C(CC/D5), M393T2953EZA, M393T2953EZA-C(CC/D5/E6), M393T3253FZ3, M393T3253GZ3, M393T5160CZ0, M393T5160CZ0-C(CC/D5), M393T5160CZ4, M393T5160CZA, M393T5160CZA-C(CC/D5/E6), M393T5166AZ4, M393T5166AZA, M393T5168AZ0, M393T5263MZ3, M393T5263MZA, M393T5660AZ3, M393T5660AZA,

3

M393T5660CZ3, M393T5660CZ3-C(CC/D5), M393T5660CZA, M393T5660CZA-C(CC/D5/E6), M393T5663AZ3, M393T5663AZA, M393T5663CZ3, M393T5663CZ3-C(CC/D5), M393T5663CZA, M393T5663CZA-C(D5/E6), M393T5750CZ3, M393T5750CZ4, M393T5750CZA, M393T5750EZ3, M393T5750EZ3-C(CC/D5), M393T5750EZ3-C(CC/D5/E6), M393T5750EZ4, M393T5750EZA, M393T6450FZ3, M393T6450GZ3, M393T6453FZ3, M393T6453GZ3, M393T6553CZ3, M393T6553CZA, M393T6553EZ3, M393T6553EZA, M393T6553EZA-C(CC/D5/E6), M395T2953CZ4, M395T2953EZ4, M395T2953EZ4-CD5(50/60/20), M395T2953EZ4-CE6(50/60/20), M395T5160CZ4-CD5(50/60/20), M395T5160CZ4-CE6(50/60/20), M395T5750EZ4-CD5(50/60/20), M395T5750EZ4-CE6(50/60/20), M395T6553CZ4, M395T6553EZ4, M395T6553EZ4-CD5(50/60/20), M395T6553EZ4-CE6(50/60/20), M470L2923BN0 - C(L)B3, M470L2923DV0-CB300, M470L3224HU0, M470L3324CU0, M470L3324DU0, M470L6524CU0, M470L6524DU0-CB300, M470T2864AZ3, M470T2864CZ3, M470T2864DZ3-C(D5/E6), M470T2953CZ3, M470T2953EZ3, M470T2953EZ3-C(D5/E6), M470T3354CZ3, M470T3354EZ3, M470T5663CZ3, M470T5663CZ3-C(D5/E6), M470T5669AZ0, M470T6464AZ3, M470T6464CZ3, M470T6554CZ3, M470T6554EZ3, and M470T6554EZ3-C(D5/E6). The "SAMSUNG PRODUCTS" also include, but are not limited to, products and chips made using the following systems: Applied Materials, Inc.'s SlimCell system; Novellus Systems Inc.'s Sabre System; Semitool Inc.'s Raider ECD, Raider ECD 310, Equinox systems; Electroplating Engineers of Japan Ltd.'s Posfer System; and Semicon Science Co. Ltd.'s or SSC's plating system (collectively "Cup Plating Machines").

     5.     "SAMSUNG PATENT" refers to United States Patent No. 5,252,177.

6.  "SAMSUNG PATENTED PRODUCTS" refers to any product manufactured, sold, or licensed for/to/by Samsung that Samsung contends is covered by the SAMSUNG PATENT.

7.  "RELEVANT TIME PERIOD" refers to the time period from November 30, 2000 through and including the actual date of the deposition.

8.  "RELATING TO" means concerning, referring to, describing, evidencing, or constituting.

9.  "COMMUNICATION" refers to any transmittal of information in the form of facts, ideas, inquiries, or otherwise.

10. "DOCUMENT" refers to the usage of this term in Federal Rule of Civil Procedure 34(a), and is synonymous in meaning and equal in scope to this usage, including, without limitation, electronically stored documents, photographs, tape recordings, or other sound or visual materials, computer databases, computer tapes, and any other materials that are in your actual or constructive possession, custody, or control, as well as all prior drafts of the foregoing, and copies of the foregoing on which any mark, alteration, writing, or other change from the original has been made. A draft or non-identical copy is a separate document within the meaning of the term.

11. "PRIOR ART" means any patent, published patent application, publication, reference, apparatus, device, system, public knowledge, public use, sale, offer of sale, or invention relating to the subject matter of the claims of the SAMSUNG PATENT that is dated or may have occurred prior to any filing date for the SAMSUNG PATENT, related patents, and related applications, including buy not limited to any system, method, apparatus,

device, publication, patent, or use which has been cited to Samsung by any person or entity as "prior art" to the SAMSUNG PATENT or any related patent or related application.

12. "INFRINGE" refers to, without limitation, both literal infringement and infringement under the doctrine of equivalents, contributory infringement, and inducement to infringe.

13. "ALL" refers to all and each, and "EACH" refers to all and each.

14. "AND" and "OR" refers to either disjunctive or conjunctive use as necessary to bring within the scope of the interrogatories all responses that might otherwise be construed to be outside of its scope.

15. The use of the singular form of any word includes the plural and vice versa.

### DEPOSITION TOPICS

1. The conception and reduction to practice of the subject matter of the SAMSUNG PATENT, including an identification of all DOCUMENTS and THINGS relating to the alleged conception or reduction to practice, and an identification of all people with knowledge of the alleged conception, reduction to practice or information Relating To where such activities occurred (e.g., within or outside the United States).

2. The inventors' activities during the time period between the conception of the subject matter of the SAMSUNG PATENT and the alleged actual or constructive reduction to practice of the subject matter of the SAMSUNG PATENT, including all activities directed toward reduction to practice and an identification of all people with knowledge of the inventors' activities during that time period.

3. The identity of each person who was involved in the design, development or reduction to practice of the subject matter of the SAMSUNG PATENT.

6

4. Codenames or other names used to identify the projects leading to the subject matter claimed in the SAMSUNG PATENT.

5. The prosecution of the SAMSUNG PATENT, including an identification of each person who was substantively involved in the preparation or prosecution of the patent or patent application and an explanation of each such person's involvement.

6. The prosecution of all patent applications relating to the SAMSUNG PATENT, including but not limited to, any application claiming priority to the SAMSUNG PATENT, including any foreign counterparts (e.g., Korean counterpart filed on April 15, 1991).

7. The identity of all products or processes that SAMSUNG contends are made or practiced in accordance with one or more claims in the SAMSUNG PATENT, including but not limited to, an identification of each SAMSUNG PATENTED PRODUCT by, at least, part number, trade name, code name, manufacturers and distributors.

8. The creation, distribution, publication, and production of any manuals, bulletins, memoranda, correspondence, or other documents that discuss the operation or features of SAMSUNG PATENTED PRODUCTS.

9. The subject matter claimed in the SAMSUNG PATENT, including the alleged invention of the SAMSUNG PATENT and the differences between the alleged invention and the PRIOR ART.

10. An identification of all PRIOR ART relating to the SAMSUNG PATENT, including all PRIOR ART that anyone has brought to SAMSUNG'S attention or has otherwise contended invalidates any claim of the SAMSUNG PATENT or related patent, including the manner in which such PRIOR ART related to any such claim.

11. All PRIOR ART known to any person involved in the conception, reduction to practice, or prosecution of the SAMSUNG PATENT.

12. An identification of all allegations relating to the unenforceability of the SAMSUNG PATENT, including any allegation of inequitable conduct that anyone has brought to SAMSUNG'S attention or has otherwise asserted as a basis that the SAMSUNG PATENT is unenforceable, including the manner in which each such allegation related to any claim of the SAMSUNG PATENT.

13. Any U.S. or foreign litigation, interference or other past or present legal or administrative proceeding involving the SAMSUNG PATENT, any foreign counterpart, or any related patents or applications, including the Korean application filed on April 15, 1991.

14. All assignments of the SAMSUNG PATENT, including an identification of each assignment agreement, all DOCUMENTS and THINGS relating to each such agreement, and all people with knowledge of such assignments.

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on June 9, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Josy W. Ingersoll
> John W. Shaw
> Andrew A. Lundgren

I also certify that copies were caused to be served on June 9, 2008 upon the following in the manner indicated:

### **BY HAND AND EMAIL**

Josy W. Ingersoll
John W. Shaw
Andrew A. Lundgren
YOUNG, CONAWAY, STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Flr.
Wilmington, DE  19899

### **BY EMAIL**

John M. Desmarais
James E. Marina
KIRKLAND & ELLIS
153 East 53rd Street
New York, NY  10022

*/s/ Richard J. Bauer*
_____
Richard J. Bauer (#4828)