IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, L.L.C.,<br><br>     Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>  AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 07-449 (JJF) |
| SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>  AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>     Plaintiffs,<br><br>v.<br><br>ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, L.L.C.,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06-720 (JJF) |

**ON SEMICONDUCTOR'S SEVENTH NOTICE OF DEPOSITION
PURSUANT TO FED. R. CIV. PROC. 30(b)(6)**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, ON Semiconductor Corp., and Semiconductor Components Industries, L.L.C. (collectively "ON Semiconductor") will take the deposition by oral examination of Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications America General, L.L.C.; Samsung Semiconductor, Inc.; and Samsung Austin Semiconductor,

L.L.C. (collectively, "Samsung"). The deposition will commence at **10:00 a.m.** on **July 10, 2008**, at the offices of Jones Day, 1755 Embarcadero Rd., Palo Alto, CA 94303, or at such other time and place as counsel may agree.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(6), Samsung must designate one or more officers, directors, managing agents, or other persons who are most qualified, knowledgeable and competent to testify on its behalf with respect to each of the topics described in Schedule A. In addition, Samsung is requested to provide ON Semiconductor's counsel with written notice, at least one week in advance of the deposition, of the name and title of each witness who will testify on behalf of Samsung, and the particular topic(s) set forth in Schedule A as to which each such witness will testify.

The deposition will be taken before a notary public or other officer authorized to administer oaths under law, and will continue from day to day until completed. The deposition will be recorded by sound and/or stenographic means and may be videotaped. You are invited to attend.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Richard J. Bauer*

Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
klouden@mnat.com
rbauer@mnat.com
*Attorneys for ON Semiconductor Corp.*
*and Semiconductor Components Industries, L.L.C.*

*Of Counsel*:

Kenneth R. Adamo
JONES DAY
2727 North Harwood Street
Dallas, TX  75201-1515
(214) 220-3939

Tharan Gregory Lanier
Behrooz Shariati
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
(650) 739-3939

June 11, 2008
2365772

## **SCHEDULE A**

### **DEFINITIONS AND INSTRUCTIONS**

1. "ON SEMICONDUCTOR PATENTS" refers to the United States Patent Nos. 6,362,644; 5,563,594; 5,361,001; and 5,000,827, including any reexaminations.

2. "ON SEMICONDUCTOR PRODUCTS" refers to any accused apparatus, product, device, process, method, act, and/or other instrumentality that SAMSUNG asserts INFRINGE United States Patent No. 5,252,177.

3. "SAMSUNG," "YOU," and "YOUR" refers to Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc. ("SEA"); Samsung Telecommunications America General, LLC ("STA"); Samsung Semiconductor, Inc. ("SSI"); and Samsung Austin Semiconductor, LLC ("SAS"), their present and former directors, officers, employees, attorneys, accountants, consultants, representatives, agents, subsidiaries, divisions, successors in interest, any partnerships or joint ventures to which any of the foregoing are a party, and/or other persons acting on behalf of any of the foregoing.

4. "SAMSUNG PRODUCTS" refers to Double Data Rate (DDR) Synchronous Dynamic Random Access Memory (SDRAM) including, but not limited to, DDR SDRAM, Mobile DDR SDRAM, DDR2 SDRAM, GDDR SDRAM, GDDR2 SDRAM, and GDDR3 SDRAM, as well as any integrated circuits manufactured using cup plating systems. The "SAMSUNG PRODUCTS" include, but are not limited to, the following product designations: K4B1G0446C-ZC(F7/F8/H9), K4B1G0846C-ZC(F7/F8/H9), K4B1G1646C-ZC(F7/F8/H9), K4D261638, K4D263238, K4D551638, K4H1G0438A, K4H1G0638C, K4H1G0738C, K4H1G0838A, K4H2G0638A, K4H510438C, K4H510438D-ZC(L)B3/CCC, K4H510638E, K4H510638H, K4H510738E, K4H510738H, K4H510838C, K4H510838D, K4H510838D-UC(L)B3/CCC, K4H510838D-ZC(L)B3/CCC, K4H511638C, K4H511638D,

K4H511638D-UC(L)B3/CCC, K4H511638D-ZC(L)B3/CCC, K4H560438E, K4H560438H, K4H560438H-UC(L)B0, K4H560438H-ZC(L)CC/B3, K4H560838E, K4H560838H, K4H560838H-UC(L)B3/CCC, K4H560838H-ZC(L)B3/CCC, K4H561638H, K4H561638H-UC(L)/B3/CCC, K4H561638H-ZC(L)B3/CCC, K4N51163Q, K4N56163Q, K4T1G044QA, K4T1G044QC, K4T1G044QC-ZC(D5/E6), K4T1G084QA, K4T1G084QC, K4T1G084QD-ZC(D5/E6), K4T1G164QA, K4T1G164QC, K4T1G164QD-ZC(D5/E6), K4T2G044QM, K4T2G084QM, K4T51043QC, K4T51043QE, K4T51043QE-ZC(CC/D5/E6), K4T51083QC, K4T51083QE, K4T51083QE-ZC(CC/D5/E6/E7), K4T51163QC, K4T51163QE-ZC(CC/D5/E6), K4T56043QF, K4T56043QG, K4T56083QF, K4T56083QG, K4U52324Q, K4X28163PH, K4X51163PC, K4X51163PE-(1)(2)(3)(4), K4X51323PC, K4X51323PE, K4X51323PE-(1)(2)(3)(4), K4X56163PG, K4X56163PG-(1)(2)(3)(4), K4X56323PG, K4X56323PG-(1)(2)(3)(4), K5E1G131CA-D075000, K5W1G12ACD-DK75000, K7D161874B, K7D163674B, K7D321874A, K7D321874C, K7D323674A, K7D323674C, K7D801871B, K7D803671B, K7I161882B, K7I161884B, K7I163682B, K7I163684B, K7I321882C, K7I321884C, K7I323682C, K7I323684C, K7I641882M, K7I641884M, K7I643682M, K7I643684M, K7J161882B, K7J163682B, K7J321882C, K7J323682C, K7J641882M, K7J643682M, K7K1618T2C, K7K1636T2C, K7K3218T2C, K7K3236T2C, KAG001002A-DJJY000, KAL00X001M-AJYY000, M312L2820EG(Z)0, M312L2820HZ0, M312L2828ET(U)0, M312L2828HU0, M312L2920CUS, M312L2920CZ0, M312L2920DZ3 -CB3/CCC, M312L2923CUS, M312L2923CZ0, M312L3223EG(Z)0, M312L3223ET(U)S, M312L3223HUS, M312L3223HZ0, M312L5128AU0, M312L5128AU1, M312L5620AUS, M312L5623AUS, M312L5628CU0, M312L5720CZ0, M312L5720DZ3-CB3/CCC, M312L6420EG(Z)0, M312L6420ET(U)S, M312L6420HUS, M312L6420HZ0,

2

M312L6423EG(Z)0, M312L6423ET(U)S, M312L6423HUS, M312L6423HZ0, M312L6523CUS, M312L6523CZ0, M312L6523DZ3 - CB3/CCC, M368L2923CUN, M368L2923DUN, M368L2923DUN-CB3/CCC, M368L3223ET, M368L3223HUS, M368L3324CUS, M368L3324DUS, M368L6423ET(U)M, M368L6423ET(U)N, M368L6423HUN, M368L6523CUS, M368L6523DUS, M368L6523DUS-CB3/CCC, M378B2873CZ0-C(F7/F8/H9), M378B5673CZ0-C(F7/F8/H9), M378B6474CZ0-C(F7/F8/H9), M378T2863AZ3, M378T2863CZ3, M378T2863DZS-C(D5/E6/E7/F7), M378T2953CZ3, M378T2953EZ3, M378T2953EZ3-C(D5/E6/E7/F7), M378T3354CZ3, M378T3354EZ3, M378T5663AZ3, M378T5663CZ3, M378T5663DZ3-C(D5/E6), M378T5763MZ3, M378T6453FZ3, M378T6553CZ3, M378T6553EZ3, M378T6553EZS-C(D5/E6/E7/F7), M381L2923CUM, M381L2923DUM, M381L2923DUM-CB3/CCC, M381L3223ET(U)M, M381L3223HUM, M381L6423ET(U)M, M381L6423HUM, M381L6523CUM, M381L6523DUM, M381L6523DUM-CB3/CCC, M391T2863AZ3, M391T2953CZ3, M391T2953EZ3, M391T5663AZ3, M391T5663CZ3, M391T5763MZ3, M391T6453FZ3, M391T6553CZ3, M391T6553EZ3, M392T2863CZA, M392T2950CZA, M392T2950EZA, M392T2953CZA, M392T2953EZA, M392T5160CJA, M392T5660CZA, M392T5663CZA, M392T6553CZA, M392T6553EZA, M393T1K66MZ3, M393T1K66MZA, M393T2863AZ3, M393T2863AZA, M393T2863CZ3, M393T2863CZA, M393T2950CZ3, M393T2950CZA, M393T2950EZ3, M393T2950EZ3-C(CC/D5), M393T2950EZA, M393T2950EZA-C(CC/D5/E6), M393T2953CZ3, M393T2953CZA, M393T2953EZ3, M393T2953EZ3-C(CC/D5), M393T2953EZA, M393T2953EZA-C(CC/D5/E6), M393T3253FZ3, M393T3253GZ3, M393T5160CZ0, M393T5160CZ0-C(CC/D5), M393T5160CZ4, M393T5160CZA, M393T5160CZA-C(CC/D5/E6), M393T5166AZ4, M393T5166AZA,

3

M393T5168AZ0, M393T5263MZ3, M393T5263MZA, M393T5660AZ3, M393T5660AZA, M393T5660CZ3, M393T5660CZ3-C(CC/D5), M393T5660CZA, M393T5660CZA-C(CC/D5/E6), M393T5663AZ3, M393T5663AZA, M393T5663CZ3, M393T5663CZ3-C(CC/D5), M393T5663CZA, M393T5663CZA-C(D5/E6), M393T5750CZ3, M393T5750CZ4, M393T5750CZA, M393T5750EZ3, M393T5750EZ3-C(CC/D5), M393T5750EZ3-C(CC/D5/E6), M393T5750EZ4, M393T5750EZA, M393T6450FZ3, M393T6450GZ3, M393T6453FZ3, M393T6453GZ3, M393T6553CZ3, M393T6553CZA, M393T6553EZ3, M393T6553EZA, M393T6553EZA-C(CC/D5/E6), M395T2953CZ4, M395T2953EZ4, M395T2953EZ4-CD5(50/60/20), M395T2953EZ4-CE6(50/60/20), M395T5160CZ4-CD5(50/60/20), M395T5160CZ4-CE6(50/60/20), M395T5750EZ4-CD5(50/60/20), M395T5750EZ4-CE6(50/60/20), M395T6553CZ4, M395T6553EZ4, M395T6553EZ4-CD5(50/60/20), M395T6553EZ4-CE6(50/60/20), M470L2923BN0 - C(L)B3, M470L2923DV0-CB300, M470L3224HU0, M470L3324CU0, M470L3324DU0, M470L6524CU0, M470L6524DU0-CB300, M470T2864AZ3, M470T2864CZ3, M470T2864DZ3-C(D5/E6), M470T2953CZ3, M470T2953EZ3, M470T2953EZ3-C(D5/E6), M470T3354CZ3, M470T3354EZ3, M470T5663CZ3, M470T5663CZ3-C(D5/E6), M470T5669AZ0, M470T6464AZ3, M470T6464CZ3, M470T6554CZ3, M470T6554EZ3, and M470T6554EZ3-C(D5/E6). The "SAMSUNG PRODUCTS" also include, but are not limited to, products and chips made using the following systems: Applied Materials, Inc.'s SlimCell system; Novellus Systems Inc.'s Sabre System; Semitool Inc.'s Raider ECD, Raider ECD 310, Equinox systems; Electroplating Engineers of Japan Ltd.'s Posfer System; and Semicon Science Co. Ltd.'s or SSC's plating system (collectively "Cup Plating Machines").

5. "SAMSUNG PATENT" refers to United States Patent No. 5,252,177.

4

6. "SAMSUNG PATENTED PRODUCTS" refers to any product manufactured, sold, or licensed for/to/by Samsung that Samsung contends is covered by the SAMSUNG PATENT.

7. "RELEVANT TIME PERIOD" refers to the time period from November 30, 2000 through and including the actual date of the deposition.

8. "RELATING TO" means concerning, referring to, describing, evidencing, or constituting.

9. "COMMUNICATION" refers to any transmittal of information in the form of facts, ideas, inquiries, or otherwise.

10. "DOCUMENT" refers to the usage of this term in Federal Rule of Civil Procedure 34(a), and is synonymous in meaning and equal in scope to this usage, including, without limitation, electronically stored documents, photographs, tape recordings, or other sound or visual materials, computer databases, computer tapes, and any other materials that are in your actual or constructive possession, custody, or control, as well as all prior drafts of the foregoing, and copies of the foregoing on which any mark, alteration, writing, or other change from the original has been made. A draft or non-identical copy is a separate document within the meaning of the term.

11. "PRIOR ART" means any patent, published patent application, publication, reference, apparatus, device, system, public knowledge, public use, sale, offer of sale, or invention relating to the subject matter of the claims of the SAMSUNG PATENT that is dated or may have occurred prior to any filing date for the SAMSUNG PATENT, related patents, and related applications, including buy not limited to any system, method, apparatus,

device , publication, patent, or use which has been cited to Samsung by any person or entity as "prior art" to the SAMSUNG PATENT or any related patent or related application.

12. "INFRINGE" refers to, without limitation, both literal infringement and infringement under the doctrine of equivalents, contributory infringement, and inducement to infringe.

13. "ALL" refers to all and each, and "EACH" refers to all and each.

14. "AND" and "OR" refers to either disjunctive or conjunctive use as necessary to bring within the scope of the interrogatories all responses that might otherwise be construed to be outside of its scope.

15. The use of the singular form of any word includes the plural and vice versa.

## DEPOSITION TOPICS

1. Monthly and annual sales volume (units) and revenue (dollars), for each SAMSUNG PRODUCT, broken down by product, from the date of first sale up to and including the present, excluding products outside of the United States.

2. Monthly and annual sales volume (units) and revenue (dollars), for all products made using the same processes involved in manufacturing the SAMSUNG PRODUCTS, ), broken down by product, from the date of first sale up to and including the present, excluding products outside of the United States.

3. Monthly and annual sales volume (units) and revenue (dollars), broken down by product, for all products that SAMSUNG contends are non-infringing alternatives to the inventions of the ON SEMICONDUCTOR PATENTS, from the date of first sale up to and including the present, excluding products outside of the United States.

4.	Monthly and annual sales volume (units) and revenue (dollars), broken down by product, for all products other than SAMSUNG PRODUCTS sold by SAMSUNG to customers who also purchase SAMSUNG PRODUCTS, and the reasons for those purchases.

5.	The types of financial and accounting information maintained by SAMSUNG for the SAMSUNG PRODUCTS, including but not limited to sales, customer purchase history, pricing, cost, profit information, and customer location, from the date of first sale up to and including the present for each such product.

6.	The accounting programs, packages, and/or databases maintained by SAMSUNG that contain financial or accounting information related to the SAMSUNG PRODUCTS, from the date of first sale up to and including the present.

7.	SAMSUNG'S policies, procedures, and documentation relating to marketing and sales of the SAMSUNG PRODUCTS, including but not limited to, business plans, strategic plans, marketing plans, and sales forecasts.

8.	SAMSUNG'S accounting policies with respect to the allocation of all costs, including but not limited to manufacturing costs, operating costs, general and administrative costs, selling costs, and research and development costs for the SAMSUNG PRODUCTS.

9.	Annual direct and indirect costs associated with SAMSUNG'S manufacture, purchase, marketing, distribution, and/or sale of the SAMSUNG PRODUCTS.

10.	Capital expenditures made by SAMSUNG relating to the manufacture, purchase, marketing, distribution, and/or sale of the SAMSUNG PRODUCTS.

11.	The financial statements, including without limitation, the profit and loss statements for each of the SAMSUNG PRODUCTS (whether product by product or product

group by product group), from the date of first sale up to and including the present for each such product.

12. The research and development activities (and associated costs of those activities) for the SAMSUNG PRODUCTS, including costs of development of modifications to the SAMSUNG PRODUCTS and efforts to reduce cost and/or improve reliability.

13. Profit margins on sales of the SAMSUNG PRODUCTS, by channel of distribution.

14. Pricing of the SAMSUNG PRODUCTS, by channel of distribution.

15. The manner in which the SAMSUNG PRODUCTS are priced for sale by SAMSUNG, including considerations for price changes and/or rationale for price differences between products and across product groups.

16. SAMSUNG'S channels of distribution for the SAMSUNG PRODUCTS, from the date of first sale up to and including the present for those products.

17. Financial projections, forecasts, budgets, and variance reports relating to the marketing, sales, costs, profits, and pricing of the SAMSUNG PRODUCTS, including but not limited to, documents created at or before the time when those products were first sold.

18. Factors influencing purchasing decisions made by the wholesale and retail customers who purchase the SAMSUNG PRODUCTS.

19. Marketing of the SAMSUNG PRODUCTS, including but not limited to, advertisements, marketing materials and brochures that address product features and performance.

20. Customer demand for the SAMSUNG PRODUCTS.

21. SAMSUNG'S determination of asset values for its intellectual property.

22. Considerations taken into account by SAMSUNG regarding the royalty rates it pays, offers to pay, and receives for intellectual property.

24. Competition in the market for the SAMSUNG PRODUCTS, including but not limited to, size of the pertinent market(s), competitors and competitors' products in each market, including the market share for each competitor as well each such competitor's products, and the relative advantages and disadvantages of those competitors' products.

25. Alleged non-infringing alternatives to the inventions of the ON SEMICONDUCTOR PATENTS, and the development and operating costs associated with each such alternative.

26. Design-around and/or alternatives to the inventions of the ON SEMICONDUCTOR PATENTS relative to the SAMSUNG PRODUCTS, and the development costs associated with each such design-around and/or alternatives.

27. The impact on quality, performance, reliability, and cost of the SAMSUNG PRODUCTS associated with design-around or alternatives to the inventions of the ON SEMICONDUCTOR PATENTS.

28. Rates paid and royalties received (including, but not limited to, running royalty rates and lump sum payments) by SAMSUNG for the use and/or licensing of patents, including patents comparable to the ON SEMICONDUCTOR PATENTS.

29. License agreements between SAMSUNG and any party.

30. Negotiations or discussions between SAMSUNG and third parties pertaining to the licensing of any patents.

31. Value of patents purchased by SAMSUNG and any plans to earn royalties from such patents.

32. Studies and reports prepared by third parties relating to patent valuation, license value, or royalty rates of SAMSUNG intellectual property, including patents.

33. Studies and reports prepared by third parties relating to the SAMSUNG PRODUCTS, products competitive with the SAMSUNG PRODUCTS and such competition.

34. The relationship (whether contractual or economic) between SAMSUNG and any distributor used by SAMSUNG in the United States.

35. Information regarding the SAMSUNG PRODUCTS that are sold to original equipment manufacturers ("OEMs") in the United States under private labels, including but not limited to the names of any OEMs to whom such products are sold and the terms of the agreement(s) between SAMSUNG and such OEMs.

36. Information from any source, including from OEMs and distributors, regarding end products manufactured using the SAMSUNG PRODUCTS.

37. Information from any source, including from OEMs and distributors, regarding second sources that might be used to provide alternatives to the SAMSUNG PRODUCTS in end products manufactured using the SAMSUNG PRODUCTS.

38. Information from any source, including OEMs and distributors, regarding whether end products manufactured using the SAMSUNG PRODUCTS are suitable for distribution in North America and the United States, including but not limited to, factors that distinguish the sale or use of such end products in North America and the United States.

39. Design-in or design-win tracking performed by SAMSUNG for the SAMSUNG PRODUCTS.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on June 11, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Josy W. Ingersoll
> John W. Shaw
> Andrew A. Lundgren

I also certify that copies were caused to be served on June 11, 2008 upon the following in the manner indicated:

### BY HAND AND EMAIL

> Josy W. Ingersoll
> John W. Shaw
> Andrew A. Lundgren
> YOUNG, CONAWAY, STARGATT & TAYLOR LLP
> The Brandywine Building
> 1000 West Street, 17th Flr.
> Wilmington, DE  19899

### BY EMAIL

> John M. Desmarais
> James E. Marina
> KIRKLAND & ELLIS
> 153 East 53rd Street
> New York, NY  10022

Richard J. Bauer (#4828)