**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS   AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | Civil Action No. 06-720 (JJF) |
| Plaintiffs, | **REDACTED – PUBLIC VERSION** |
| v. | |
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, L.L.C., | |
| Defendants. | |
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, L.L.C., | Civil Action No. 07-449 (JJF) |
| Plaintiffs, | **REDACTED – PUBLIC VERSION** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS   AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | |
| Defendants. | |

**APPENDIX OF EXHIBITS TO**

**SAMSUNG'S OPENING BRIEF IN SUPPORT OF ITS**

**MOTION TO COMPEL DISCOVERY**

YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
302-571-6600
*alundgren@ycst.com*

*Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC., SAMSUNG TELECOMMUNICATIONS
AMERICA GENERAL, L.L.C., SAMSUNG
SEMICONDUCTOR, INC., and SAMSUNG
AUSTIN SEMICONDUCTOR, L.L.C.*

OF COUNSEL:

John M. Desmarais
Gregory S. Arovas
Jon T. Hohenthaner
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022-4611
212-446-4800
*jdesmarais@kirkland.com*
*jhohenthaner@kirkland.com*
*jmarina@kirkland.com*

Edward C. Donovan
Gregory F. Corbett
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
202-879-5000
*edonovan@kirkland.com*

Dated:  August 15, 2008

**TABLE OF CONTENTS**

**Tab**    **Description**

A.    Notice of Rule 30(b)(6) Deposition of Defendants/Counterclaim Plaintiffs Regarding Certain ON Semiconductor Processes and Products, dated May 30, 2008

B.    Letter from Gregory F. Corbett to Guadalupe M. Garcia, dated August 12, 2008; Letter from Guadalupe M. Garcia to Gregory F. Corbett, dated August 14, 2008

C.    Notice of Rule 30(b)(6) Deposition of Defendants/Counterclaim Plaintiffs Regarding the Subject Matter of the '827 Patent, dated May 30, 2008

D.    Samsung's Notice of Rule 30(b)(6) Deposition of Defendants Regarding the '001 Patent, dated June 3, 2008; Samsung's Notice of Rule 30(b)(6) Deposition of Defendants Regarding the '594 Patent, dated June 3, 2008; Samsung's Notice of Rule 30(b)(6) Deposition of Defendants Regarding the '644 Patent, dated June 3, 2008,

E.    Letter from Cora L. Schmid to Jon T. Hohenthaner, dated August 8, 2008

F.    Letter from Jason F. Choy to Guadalupe M. Garcia, dated May 19, 2008

G.    Letter from Jason F. Choy to Guadalupe M. Garcia, dated May 30, 2008; Letter from Gregory F. Corbett to Guadalupe M. Garcia, dated August 12, 2008; Email from Cora L. Schmid to Gregory F. Corbett, dated August 15, 2008

H.    Excerpts of Plaintiffs' First Set of Requests for the Production of Documents to Defendants, dated April 17, 2007; Excerpts of Plaintiffs' Second Set of Requests for the Production of Documents to Defendants (Nos. 99-151), dated February 20, 2008; Excerpts of Samsung's Second Set of Interrogatories (Nos. 14-30), dated February 20, 2008; Excerpts of Samsung's Third Set of Interrogatories(No. 31), dated May 21, 2008

I.    Notice of Inspection, dated June 10, 2008

J.    Letter from Jason F. Choy to Christine B. Chua, dated May 6, 2008; Letter from Gregory F. Corbett to Guadalupe M. Garcia, dated July 9, 2008; Letter from Gregory F. Corbett to Guadalupe M. Garcia, dated July 18, 2008; Letter from Gregory F. Corbett to Guadalupe M. Garcia, dated July 25, 2008; Letter from Gregory F. Corbett to Eric Cha, dated August 4, 2008; Letter from Gregory F. Corbett to Guadalupe M. Garcia, dated August 11, 2008; Letter from Gregory F. Corbett to Guadalupe M. Garcia, dated August 12, 2008; Letter from Gregory F. Corbett to Guadalupe M. Garcia, dated August 13, 2008; Letter from Gregory F. Corbett to Guadalupe M. Garcia, dated August 14, 2008

K.    Excerpts of Deposition Transcript of Virgil Schuster, dated July 3, 2008

L.    Excerpts Plaintiffs' First Set of Requests for the Production of Documents to Defendants, dated April 17, 2007; Excerpts of Samsung's Second Set of Document Requests (Nos. 99-151), dated February 20, 2008

M.    Email Chain Culminating in Email from Elizabeth T. Bernard to Jennifer Seraphine, dated August 12, 2008

N.    Letter from Gregory F. Corbett to E.Cha, dated August 4, 2008

O.    Excerpts of ON Semiconductor's Responses to Samsung's Second Set of Interrogatories (Nos. 14-30), dated March 24, 2008

P.    Email and attached correspondence from Guadalupe M. Garcia to Gregory F. Corbett, dated August 15, 2008

Q.    Letter from Gregory F. Corbett to Guadalupe M. Garcia , dated August 14, 2008

R.    Letter from Gregory F. Corbett to Guadalupe M. Garcia, dated July 9, 2008;  Letter from Gregory F. Corbett to Guadalupe M. Garcia, dated July 25, 2008;  Letter from Gregory F. Corbett to E. Cha, dated August 4, 2008;  Letter from Gregory F. Corbett to Guadalupe M. Garcia , dated August 11, 2008;  Letter from Gregory F. Corbett to Guadalupe M. Garcia , dated August 13, 2008;

**CERTIFICATE OF SERVICE**

I, Andrew A. Lundgren, Esquire, hereby certify that on August 22, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Karen Jacobs Louden, Esquire [*klouden@mnat.com*]
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> PO Box 1347
> Wilmington, DE 19899-1347

I further certify that on August 22, 2008, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

> Behrooz Shariati, Esquire [*bshariati@jonesday.com*]
> T. Gregory Lanier, Esquire [*tglanier@jonesday.com*]
> Jones Day
> 1755 Embarcadero Road
> Palo Alto, CA 94303

YOUNG CONAWAY STARGATT & TAYLOR, LLP

 /s/ Andrew A. Lundgren
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
302-571-6600
*alundgren@ycst.com*

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, <br><br> Defendants. | Civil Action No. 06-720 (JJF) |
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., <br><br> Defendants. | Civil Action No. 07-449 (JJF) |

**NOTICE OF RULE 30(b)(6) DEPOSITION OF DEFENDANTS/COUNTERCLAIM
PLAINTIFFS REGARDING CERTAIN ON SEMICONDUCTOR PROCESSES AND
PRODUCTS**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C. will take the deposition upon oral examination of Defendants ON Semiconductor Corp. and Semiconductor Components Industries, LLC through one or more of its officers, directors, employees, agents or other persons who consent to testify on its behalf with respect to the topics listed in Appendix A.

The deposition will be taken by stenographic and/or videographic means before a notary public, or other officer authorized by law to administer oaths, at the offices of Kirkland & Ellis LLP, c/o Edward C. Donovan, located at 655 Fifteenth Street, N.W., Washington, D.C. 20005, commencing at 9:30 am on June 19, 2008 and will continue from day to day, as necessary, until completed. Samsung will use LiveNote. Samsung is willing to discuss with ON Semiconductor the convenience of this date for the deposition.

PLEASE TAKE FURTHER NOTICE that Samsung hereby requests that ON Semiconductor, at least by June 10, 2008, designate by service upon counsel for Samsung, the person or persons who will testify on ON Semiconductor's behalf regarding the topics set forth in Appendix A, and identify for each person so designated those topics or parts thereof to which (s)he will testify.

2

Dated:  May 30, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_Andw A. Lndgn_

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600
alundgren@ycst.com

**OF COUNSEL:**

John M. Desmarais
Jon T. Hohenthaner
James E. Marina
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022-4611
Telephone:  212-446-4800
Facsimile:  212-446-4900
E-mail:  jdesmarais@kirkland.com
jhohenthaner@kirkland.com
jmarina@kirkland.com

Edward C. Donovan
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
(202) 879-5000

Attorneys For *SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., AND SAMSUNG AUSTIN SEMICONDUCTOR, L.L.C.*

3

## APPENDIX A

### I.    DEFINITIONS AND INSTRUCTIONS

1.    As used herein, "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C., and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

2.    As used herein, "ON Semiconductor" means ON Semiconductor Corp. and Semiconductor Components Industries, LLC, and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

3.    As used herein, "Samsung Patent-in-Suit" means all patents asserted by Samsung against ON Semiconductor in this action, including any corrections and certificates of reexamination, including without limitation U.S. Patent No. 5,252,177.

4.    As used herein, "Accused ON Semiconductor Process" means any method, process, steps, or any combination thereof used by ON Semiconductor or on its behalf that Samsung contends at any time during this litigation falls within the scope of any claim of the Samsung Patent-In-Suit, including but not limited to ON Semiconductor's

REDACTED                            manufacturing processes.

5.    As used herein, "Product" means systems or products that are produced, or contain components that are produced in whole or in part, from semiconductor materials that

undergo processing that includes etching. Products include, but are not limited to, analog circuits, digital circuits, mixed-signal circuits, power management circuits, thermal managers, drivers, interface circuits, bipolar transistors, FETs, switches, amplifiers and comparators, EMI / RFI filters, diodes, rectifiers, thyristors, clock managers, and differential and standard logic components(individually or when integrated together).

6.    As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

7.    As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

8.    As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

9.    As used herein, "include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to requests and definitions containing those words.

10.    As used herein, "related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

11.    As used herein, the term "identify" as applied to a product means to state the product name, product type, product number (for those products with product numbers), model number (for those products with model numbers), marketing name, sales name, internal development name, revision level (for those products with revision levels), manufacturer, and any other designation known to ON Semiconductor.

2

12.    As used herein, the term "identify" as applied to a process means to state the process name, process number (for those processes with process numbers), internal development name, revision level (for those processes with revision levels), and any other designation known to ON Semiconductor.

13.    As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes the original and every non-identical copy or reproduction in the possession, custody, or control of ON Semiconductor, and further is used in a broad sense to refer to any electronic information or any tangible object or thing that contains, conveys, or records information.

3

## II.    DEPOSITION TOPICS

The deposition pursuant to Fed. R. Civ. P. 30(b)(6) will cover the following matters:

1.    Each and every Accused ON Semiconductor Process.

2.    Each and every process for forming an electrical connection in a semiconductor device between a first conductive layer and a second conductive layer through an intervening insulation layer formed over the first conductive layer, that includes at least the steps of: (i) forming a photoresist pattern on the insulation layer; (ii) etching regions of the insulation layer to expose the first conductive layer; (iii) removing photoresist from the insulation layer; (iv) forming an oxide layer on the exposed surface of the first conductive layer; (v) removing the oxide layer; and (vi) forming the second conductive layer.

3.    Identification of each and every Product made by any Accused ON Semiconductor Process or incorporating components made by an Accused ON Semiconductor process.

4.    Identification, including location, of each and every manufacturing facility that has or does use an Accused ON Semiconductor Process.

5.    Documents and databases containing technical information regarding each process referred to in Topics 1 and/or 2, and identification of persons who created and/or maintain those documents and databases.

6.    Documents and databases created or used in designing, developing, operating, or testing each process referred to in Topics 1 and/or 2, and identification of persons who created and/or maintain those documents and databases.

7.    Identification of persons responsible for the design, development, operation, or testing of each process referred to in Topics 1 and/or 2.

4

8.     The organizational structure and personnel hierarchy of ON Semiconductor with respect to its divisions and subsidiaries both in general and also with respect to the design, manufacture, marking, sale, and distribution of Products made by any Accused ON Semiconductor Process or incorporating components made by an Accused ON Semiconductor process.

9.     The entities involved in the manufacture, distribution, and sale of any Product made by any Accused ON Semiconductor Process or incorporating components made by an Accused ON Semiconductor process from the point of manufacture to the point of sale or distribution in the United States, including the entities' respective ownership interests.

10.     For each entity involved in the manufacture of any Product made by any Accused ON Semiconductor Process or incorporating components made by an Accused ON Semiconductor process, (a) the types, sizes, model numbers, and/or categories of such Products manufactured by each entity and (b) each subsequent entity involved in the sale, marketing, and distribution of each such Product, including the proportion and amounts of products transferred to each subsequent entity.

11.     Authentication and business record foundation for documents related to the above topics.

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on May 30, 2008, I caused to

be electronically filed a true and correct copy of the foregoing document with the Clerk of the

Court using CM/ECF, which will send notification that such filing is available for viewing and

downloading to the following counsel of record:

> Karen Jacobs Louden, Esquire [klouden@mnat.com]
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> PO Box 1347
> Wilmington, DE 19899-1347

I further certify that on May 30, 2008, I caused a copy of the foregoing document

to be served by hand delivery and e-mail on the above-listed counsel of record and on the

following non-registered participants in the manner indicated:

### BY E-MAIL

> Behrooz Shariati, Esquire [bshariati@jonesday.com]
> T. Gregory Lanier, Esquire [tglanier@jonesday.com]
> Jones Day
> 1755 Embarcadero Road
> Palo Alto, CA 94025

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Andrew A. Lundgren
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
302-571-6600
alundgren@ycst.com

DB02:5701055.1                                                              065888.1001

# Exhibit B

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, NW
Washington, DC 20005

Gregory F. Corbett
To Call Writer Directly:
(202) 879-5296
gcorbett@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

August 12, 2008

**VIA E-MAIL**

Guadalupe M. Garcia, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303

Re:    ***Samsung Electronics Co., Ltd. et al. v. ON Semiconductor Corp. et al.,***
       **C.A. Nos. 07-449 and 06-720 (JJF)**

Dear Mr. Garcia:

We agree to your proposed deposition date of August 20, 2008 for the 30(b)(6) deposition of ON Semiconductor regarding certain ON Semiconductor processes and products. The deposition will begin at 9:00 am in the Washington, DC offices of Kirkland & Ellis LLP. Please confirm the identity of the deponent and confirm that the deponent will be prepared to testify regarding Topics 1-11 of Samsung's May 30, 2008 30(b)(6) notice regarding ON Semiconductor processes and products.

Further, as we stated in previous corresponence, including our letters of August 11th, August 4th, July 18th, and May 6th, and as we discussed during our July 31st meet-and-confer, we have not yet received key documents and information related to ON Semiconductor's process details. Accordingly, we will take this deposition contingent on the understanding that Samsung will call back the witness and continue the deposition if and when On Semiconductor provides additional information or documents.

Sincerely,

*Gregory F. Corbett*

Gregory F. Corbett

Chicago    Hong Kong    London    Los Angeles    Munich    San Francisco    Washington, D.C.

# JONES DAY

SILICON VALLEY OFFICE • 1755 EMBARCADERO ROAD • PALO ALTO, CALIFORNIA 94303
TELEPHONE: 650-739-3939 • FACSIMILE: 650-739-3900

Direct Number: (650) 739-3910
gmgarcia@jonesday.com

August 14, 2008

**BY E-MAIL**

Gregory F. Corbett, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, NW
Washington, DC 20005
New York, NY 10022-4611

Re:    *ON Semiconductor Corp. v. Samsung Electronics Co., Ltd.*
Civil Action No. 1:07-cv-00449 (JJF)
*Samsung Electronics Co., Ltd. v. ON Semiconductor Corp.*
Civil Action No. 1:06-cv-00720 (JJF)

Dear Mr. Corbett:

This letter addresses issues raised in your recent letters.

**Wafers and Notice of Inspection:**

ON Semiconductor offers to pull wafers at a reasonable number of steps that you identify from processes within the scope of your Notice of Inspection that you also identify. ON Semiconductor further offers to provide half of each of the pulled wafers to you, while retaining the other half of each wafer. You would then be free to analyze the wafer samples sent to you by methods and at an external site of your choosing.

Allowing you to be present at ON Semiconductor while the wafers are pulled would provide you with no additional information relevant to this lawsuit, as the structures you are seeking to analyze are not visible with the naked eye. Indeed, you have identified nothing that you would gain from an inspection other then the ability to pull wafers. However, your presence would needlessly disrupt costly operations. It would risk your own and others' safety due to the high number of significant hazards in the manufacturing facilities. Additionally, entry of non-ON Semiconductor personnel risks contamination of the ultra-clean fabrication facility environment, which would harm the yield of ON Semiconductor's manufacturing process. Such entry could further involve disclosure of large amounts of highly confidential information that is completely irrelevant to this lawsuit. In short, the burden and expense to ON Semiconductor of

JONES DAY

Gregory F. Corbett, Esq.
August 14, 2008
Page 2

allowing you to enter one of its fabrication facilities is extremely high, while there is no discernable benefit to you for such entry.

**Document Productions:**

As mentioned in my August 5th letter to you, ON Semiconductor has conducted further investigation in response to your recent clarification of documents Samsung is seeking. ON Semiconductor has identified additional documents, including SEM and/or TEM images, and will produce these documents shortly.

**30(b)(6) Deposition Regarding Certain Processes and Products:**

Because of your initial reluctance to accept the offered August 20th 30(b)(6) deposition date, the deponent is no longer available on that date. We are investigating other dates, and will update you with proposed dates, topics, and deponent identity as they become available.

Sincerely,

JONES DAY

*Guadalupe Garcia*

Guadalupe M. Garcia

SVI-60598v1

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS CO., LTD,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>    AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | : | |
| Plaintiffs,<br>    v. | : | Civil Action No. 06-720 (JJF) |
| ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>    INDUSTRIES, L.L.C., | : | |
| Defendants. | : | |
| ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>    INDUSTRIES, L.L.C., | : | |
| Plaintiffs,<br>    v. | : | |
| SAMSUNG ELECTRONICS CO., LTD,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>    AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | : | Civil Action No. 07-449 (JJF) |
| Defendants. | : | |

**NOTICE OF RULE 30(b)(6) DEPOSITION OF DEFENDANTS/COUNTERCLAIM
PLAINTIFFS REGARDING THE SUBJECT MATTER OF THE '827 PATENT**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Samsung Electronics Co., Ltd, Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor L.L.C., (collectively "Samsung") will take the deposition upon oral examination of Defendants and Counterclaim Plaintiffs ON Semiconductor, Corp. & Semiconductor Components Industries, L.L.C. (collectively "ON Semiconductor"), through one or more of its officers, directors, employees, agents or other persons who consent to testify on its behalf, with respect to the topics listed in Appendix A.

The deposition will be taken by stenographic and/or videographic means before a notary public or other officer authorized by law to administer oaths, at the offices of Kirkland & Ellis LLP, c/o Edward C. Donovan, located at 655 Fifteenth Street, N.W., Washington, D.C. 20005, commencing at 9:30 am, on June 24, 2008, and will continue from day to day, as necessary, until completed. Samsung will use LiveNote. Samsung is willing to discuss with ON Semiconductor the convenience of this date and/or location for the deposition.

PLEASE TAKE FURTHER NOTICE that Samsung hereby requests that ON Semiconductor, at least by June 10, 2008, designate by service upon counsel for Samsung, the person or persons who will testify on its behalf regarding the topics set forth in Appendix A, and to identify for each person so designated those topics or parts thereof to which s(he) will testify.

2

Dated: May 30, 2008

YOUNG, CONAWAY, STARGATT &
TAYLOR LLP

*[signature]*

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801-0391
(302) 571-6700
alundgren@ycst.com

**OF COUNSEL:**

John M. Desmarais
Gregory S. Arovas
Jon T. Hohenthaner
James E. Marina
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611
(212) 446-4739

Edward C. Donovan
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
(202) 879-5000

*Attorneys for Samsung Electronics Co., Ltd,
Samsung Electronics America, Inc., Samsung
Telecommunications America General, L.L.C.,
Samsung Semiconductor, Inc., and Samsung
Austin Semiconductor L.L.C.*

3

## APPENDIX A

### I.    DEFINITIONS

1.    As used herein, "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C., and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

2.    As used herein, "ON Semiconductor" means ON Semiconductor Corp. and Semiconductor Components Industries, LLC, and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

3.    As used herein, "'827 Patent" means U.S. Patent No. 5,000,827.

4.    As used herein, "Process" means any method, process, steps, or any combination thereof used by ON Semiconductor or on its behalf.

5.    As used herein, "Product" means systems or products that are produced, or contain components that are produced in whole or in part, from semiconductor materials that undergo processing that includes etching.  Products include, but are not limited to, analog circuits, digital circuits, mixed-signal circuits, power management circuits, thermal managers, drivers, interface circuits, bipolar transistors, FETs, switches, amplifiers and comparators, EMI / RFI filters, diodes, rectifiers, thyristors, clock managers, and differential and standard logic components(individually or when integrated together).

2

6.      As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

7.      As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

8.      As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

9.      As used herein, "include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to requests and definitions containing those words.

10.     As used herein, "related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

11.     As used herein, the term "identity" as applied to a product means the product name, product type, product number (for those products with product numbers), model number (for those products with model numbers), marketing name, sales name, internal development name, revision level (for those products with revision levels), manufacturer, and any other designation known to ON Semiconductor.

12.     As used herein, the term "identity" as applied to a process means the process name, process number (for those processes with process numbers), internal development name, revision level (for those processes with revision levels), and any other designation known to ON Semiconductor.

3

13.     As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes the original and every non-identical copy or reproduction in the possession, custody, or control of ON Semiconductor, and further is used in a broad sense to refer to any electronic information or any tangible object or thing that contains, conveys, or records information.

## II.     DEPOSITION TOPICS

The deposition pursuant to Fed. R. Civ. P. 30(b)(6) will cover the following matters:

1.      The facts and circumstances surrounding the alleged conception, reduction to practice, and use at any time of the subject matter of the '827 patent including the identification of relevant electroplating machines, processes, products, witnesses, and any documents and things alleged to corroborate such conception, reduction to practice, or use.

2.      The facts and circumstances related to the document bearing production numbers ON_00005560-5578, including the subject matter of the document, the individuals identified in the document, all drafts and copies of the document, the missing subject matter referenced in the document, the source of the document, and where the document is kept in the ordinary course of business.

3.      The identity and use of electroplating machines at ON Semiconductor, including the identity and current location of the cup plater described in the document bearing production numbers ON_00005560-5578, and the identity and use of technology at ON Semiconductor to form "metallized bumps" within the meaning of the '827 patent.

4.      The preparation and prosecution of the '827 patent and any related applications or patents, including any search for prior art.

5.      The identity of any other processes or electroplating machines that use the method claimed in the '827 patent or any other companies against whom ON Semiconductor has asserted the '827 patent.

6.      The facts and circumstances surrounding any companies with a license or other right to use the '827 patent at any time or for any purpose.

5

7.    The facts and circumstances surrounding ON Semiconductor's first awareness of electroplating or "metallized bump" technology at Samsung and ON Semiconductor's first awareness of alleged infringement, including the bases for that awareness.

8.    The identity of all electroplating machine models (e.g., "Slim Cell ECP (Applied Materials); Sabre Systems (Novellus); Raider ECD/ECD 310 (SemiTool)") that ON Semiconductor is aware of that ON Semiconductor contends are capable of using the method recited in the claims of the '827 patent, and the circumstances under which those models would be practicing the method recited in the claims of the '827 patent, including the circumstances under which steps (i), (j) and (k) of claim 1 of the '827 patent would be satisfied by use of the machine model.

9.    Authentication and business record foundation for documents related to the above topics.

6

**CERTIFICATE OF SERVICE**

I, Andrew A. Lundgren, Esquire, hereby certify that on May 30, 2008, I caused to

be electronically filed a true and correct copy of the foregoing document with the Clerk of the

Court using CM/ECF, which will send notification that such filing is available for viewing and

downloading to the following counsel of record:

Karen Jacobs Louden, Esquire [*klouden@mnat.com*]
Morris Nichols Arsht & Tunnell
1201 North Market Street
PO Box 1347
Wilmington, DE 19899-1347

I further certify that on May 30, 2008, I caused a copy of the foregoing document

to be served by hand delivery and e-mail on the above-listed counsel of record and on the

following non-registered participants in the manner indicated:

**BY E-MAIL**

Behrooz Shariati, Esquire [*bshariati@jonesday.com*]
T. Gregory Lanier, Esquire [*tglanier@jonesday.com*]
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94025

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Andrew A. Lundgren*
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
302-571-6600
*alundgren@ycst.com*

# Exhibit D

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>　　AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, LLC,<br><br>　　　　Defendants. | Civil Action No. 06-720 (JJF) |
| ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, LLC,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>　　AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>　　　　Defendants. | Civil Action No. 07-449 (JJF) |

**SAMSUNG'S NOTICE OF RULE 30(B)(6) DEPOSITION**
**OF DEFENDANTS REGARDING THE '001 PATENT**

DB02:6870158.1

065888.1001

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C. will take the deposition upon oral examination of ON Semiconductor Corp. and Semiconductor Components Industries, LLC, regarding the subject matter set forth in the attached Appendix B, which shall be interpreted in accordance with the definitions and instructions set forth in the attached Appendix A.

The deposition will begin at 9:30 a.m. on June 30, 2008, at the offices of Kirkland & Ellis LLP, 153 East 53rd Street, New York, New York, 10022, or at such other time and place as may be agreed upon in writing by counsel for the parties. The examination will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure, and will continue from day to day until completed. The testimony at the deposition will be recorded by videographic, stenographic, audio, audiovisual, and/or real-time computer means.

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants shall designate one or more officers, directors, managing agents, or other persons who consent to testify on their behalf as to each of the topics set forth in the attached Appendix B. Samsung requests that Defendants, at least by June 17, 2008, designate by service upon counsel for Samsung, the person or persons who will testify on their behalf regarding the topics set forth in Appendix B, and to identify for each person so designated those topics or parts thereof to which that person will testify.

You are invited to attend.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

_____

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
302-571-6600
*alundgren@ycst.com*

*Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC., SAMSUNG TELECOMMUNICATIONS
AMERICA GENERAL, L.L.C., SAMSUNG
SEMICONDUCTOR, INC., and SAMSUNG
AUSTIN SEMICONDUCTOR, L.L.C.*

OF COUNSEL:

John M. Desmarais
Jon T. Hohenthaner
James E. Marina
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022-4611
212-446-4800
*jdesmarais@kirkland.com*
*jhohenthaner@kirkland.com*
*jmarina@kirkland.com*

Edward C. Donovan
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
202-879-5000
*edonovan@kirkland.com*

Dated: June 3, 2008

**APPENDIX A**

**DEFINITIONS AND INSTRUCTIONS**

1.     As used herein, "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C., and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

2.     As used herein, "Defendants" means ON Semiconductor Corp. and Semiconductor Components Industries, LLC, and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

3.     As used herein, "the '001 patent" means U.S. Patent No. 5,361,001.

4.     As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

5.     As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

6.     As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

7.     As used herein, "include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to requests and definitions containing those words.

8.      As used herein, "related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

9.      As used herein, the term "identity" as applied to a product means the product name, product type, product number (for those products with product numbers), model number (for those products with model numbers), marketing name, sales name, internal development name, revision level (for those products with revision levels), manufacturer, and any other designation known to Defendants.

10.     As used herein, the term "identity" as applied to a process means the process name, process number (for those processes with process numbers), internal development name, revision level (for those processes with revision levels), and any other designation known to Defendants.

11.     As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes the original and every non-identical copy or reproduction in the possession, custody, or control of Defendants, and further is used in a broad sense to refer to any electronic information or any tangible object or thing that contains, conveys, or records information.

## APPENDIX B

## DEPOSITION TOPICS

1.      The facts and circumstances surrounding the alleged conception, reduction to practice, and use at any time of the subject matter of the '001 patent, including without limitation, the identity of relevant processes, products, witnesses, and any documents and things alleged to corroborate such conception, reduction to practice, or use.

2.      The facts and circumstances associated with the preparation and prosecution of the '001 patent and any related applications or patents, including any search for prior art.

3.      The identity of any products or processes (or portions thereof) that embody or use an invention claimed in the '001 patent, including without limitation, Samsung products or processes, Defendant products or processes, and any third party products or processes.

4.      The facts and circumstances surrounding Defendants' use or sale of products or processes falling within the scope of the '001 patent, and the details concerning the structure, function, and operation of each such product or process.

5.      The facts and circumstances surrounding Defendants' development and use of analog trim technology, Defendants' sale of products including analog trim technology, and alternatives to that technology.

6.      The facts and circumstances surrounding any marking or efforts to mark any product or process with the patent number of the '001 patent by Defendants or any licensee.

7.      The facts and circumstances surrounding any assertion of the '001 patent against any person or entity.

8.      The facts and circumstances surrounding all attempts to license the '001 patent, including without limitation, the identity of each person, company, corporation, or entity to

which Defendants offered a license to the '001 patent, the license terms offered, and all communications relating thereto.

9.      The facts and circumstances surrounding the terms, conditions, and negotiations of all licenses, cross-licenses, or other agreements entered into by Defendants at any time relating to the '001 patent.

10.      The facts and circumstances surrounding any royalties received by Defendants for licensing the '001 patent.

11.      The facts and circumstances surrounding Defendants' first awareness of analog trim technology at Samsung and Defendants' first awareness of alleged infringement of the '001 patent by Samsung, including the bases for that awareness.

12.      All communications between Defendants and Samsung relating to the '001 patent, including without limitation, all notices of infringement provided by Defendants to Samsung.

13.      The identity, location, and authenticity of documents relating to the categories set forth in paragraphs 1 through 12 above, including without limitation, the circumstances and Defendants' practices regarding the creation and retention of such documents.

14.      The identity and location of witnesses knowledgeable about the categories set forth in paragraphs 1 through 13 above.

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on June 3, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Karen Jacobs Louden, Esquire [klouden@mnat.com]
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> PO Box 1347
> Wilmington, DE 19899-1347

I further certify that on June 3, 2008, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

> Behrooz Shariati, Esquire [bshariati@jonesday.com]
> T. Gregory Lanier, Esquire [tglanier@jonesday.com]
> Jones Day
> 1755 Embarcadero Road
> Palo Alto, CA 94025

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Andrew A. Lundgren
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
302-571-6600
alundgren@ycst.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., Plaintiffs, v. ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, Defendants. | Civil Action No. 06-720 (JJF) |
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, Plaintiffs, v. SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., Defendants. | Civil Action No. 07-449 (JJF) |

**SAMSUNG'S NOTICE OF RULE 30(B)(6) DEPOSITION
OF DEFENDANTS REGARDING THE '594 PATENT**

DB02:6870159.1

065888.1001

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C. will take the deposition upon oral examination of ON Semiconductor Corp. and Semiconductor Components Industries, LLC, regarding the subject matter set forth in the attached Appendix B, which shall be interpreted in accordance with the definitions and instructions set forth in the attached Appendix A.

The deposition will begin at 9:30 a.m. on July 1, 2008, at the offices of Kirkland & Ellis LLP, 153 East 53rd Street, New York, New York, 10022, or at such other time and place as may be agreed upon in writing by counsel for the parties. The examination will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure, and will continue from day to day until completed. The testimony at the deposition will be recorded by videographic, stenographic, audio, audiovisual, and/or real-time computer means.

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants shall designate one or more officers, directors, managing agents, or other persons who consent to testify on their behalf as to each of the topics set forth in the attached Appendix B. Samsung requests that Defendants, at least by June 17, 2008, designate by service upon counsel for Samsung, the person or persons who will testify on their behalf regarding the topics set forth in Appendix B, and to identify for each person so designated those topics or parts thereof to which that person will testify.

You are invited to attend.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

_____

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
302-571-6600
*alundgren@ycst.com*

*Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC., SAMSUNG TELECOMMUNICATIONS
AMERICA GENERAL, L.L.C., SAMSUNG
SEMICONDUCTOR, INC., and SAMSUNG
AUSTIN SEMICONDUCTOR, L.L.C.*

OF COUNSEL:

John M. Desmarais
Jon T. Hohenthaner
James E. Marina
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022-4611
212-446-4800
*jdesmarais@kirkland.com*
*jhohenthaner@kirkland.com*
*jmarina@kirkland.com*

Edward C. Donovan
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
202-879-5000
*edonovan@kirkland.com*

Dated:  June 3, 2008

## APPENDIX A

### DEFINITIONS AND INSTRUCTIONS

1.       As used herein, "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C., and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

2.       As used herein, "Defendants" means ON Semiconductor Corp. and Semiconductor Components Industries, LLC, and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

3.       As used herein, "the '594 patent" means U.S. Patent No. 5,563,594.

4.       As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

5.       As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

6.       As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

7.       As used herein, "include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to requests and definitions containing those words.

8.    As used herein, "related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

9.    As used herein, the term "identity" as applied to a product means the product name, product type, product number (for those products with product numbers), model number (for those products with model numbers), marketing name, sales name, internal development name, revision level (for those products with revision levels), manufacturer, and any other designation known to Defendants.

10.    As used herein, the term "identity" as applied to a process means the process name, process number (for those processes with process numbers), internal development name, revision level (for those processes with revision levels), and any other designation known to Defendants.

11.    As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes the original and every non-identical copy or reproduction in the possession, custody, or control of Defendants, and further is used in a broad sense to refer to any electronic information or any tangible object or thing that contains, conveys, or records information.

## APPENDIX B

## DEPOSITION TOPICS

1.     The facts and circumstances surrounding the alleged conception, reduction to practice, and use at any time of the subject matter of the '594 patent, including without limitation, the identity of relevant processes, products, witnesses, and any documents and things alleged to corroborate such conception, reduction to practice, or use.

2.     The facts and circumstances associated with the preparation and prosecution of the '594 patent and any related applications or patents, including any search for prior art.

3.     The identity of any products or processes (or portions thereof) that embody or use an invention claimed in the '594 patent, including without limitation, Samsung products or processes, Defendant products or processes, and any third party products or processes.

4.     The facts and circumstances surrounding Defendants' use or sale of products or processes falling within the scope of the '594 patent, and the details concerning the structure, function, and operation of each such product or process.

5.     The facts and circumstances surrounding Defendants' development and use of parallel to serial data conversion and/or burst read operation technology, Defendants' sale of products including parallel to serial data conversion and/or burst read operation technology, and alternatives to that technology.

6.     The facts and circumstances surrounding any marking or efforts to mark any product or process with the patent number of the '594 patent by Defendants or any licensee.

7.     The facts and circumstances surrounding any assertion of the '594 patent against any person or entity.

8.     The facts and circumstances surrounding all attempts to license the '594 patent, including without limitation, the identity of each person, company, corporation, or entity to

which Defendants offered a license to the '594 patent, the license terms offered, and all communications relating thereto.

9.     The facts and circumstances surrounding the terms, conditions, and negotiations of all licenses, cross-licenses, or other agreements entered into by Defendants at any time relating to the '594 patent.

10.     The facts and circumstances surrounding any royalties received by Defendants for licensing the '594 patent.

11.     The facts and circumstances surrounding Defendants' first awareness of parallel to serial data conversion and/or burst read operation technology at Samsung, and Defendants' first awareness of alleged infringement of the '594 patent by Samsung, including the bases for that awareness.

12.     All communications between Defendants and Samsung relating to the '594 patent, including without limitation, all notices of infringement provided by Defendants to Samsung.

13.     The identity, location, and authenticity of documents relating to the categories set forth in paragraphs 1 through 12 above, including without limitation, the circumstances and Defendants' practices regarding the creation and retention of such documents.

14.     The identity and location of witnesses knowledgeable about the categories set forth in paragraphs 1 through 13 above.

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on June 3, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Karen Jacobs Louden, Esquire [klouden@mnat.com]
Morris Nichols Arsht & Tunnell
1201 North Market Street
PO Box 1347
Wilmington, DE 19899-1347

I further certify that on June 3, 2008, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

Behrooz Shariati, Esquire [bshariati@jonesday.com]
T. Gregory Lanier, Esquire [tglanier@jonesday.com]
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94025

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Andrew A. Lundgren
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
302-571-6600
alundgren@ycst.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | Civil Action No. 06-720 (JJF) |
| Plaintiffs, | |
| v. | |
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, | |
| Defendants. | |
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, | Civil Action No. 07-449 (JJF) |
| Plaintiffs, | |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | |
| Defendants. | |

## SAMSUNG'S NOTICE OF RULE 30(B)(6) DEPOSITION OF DEFENDANTS REGARDING THE '644 PATENT

065888.1001

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C. will take the deposition upon oral examination of ON Semiconductor Corp. and Semiconductor Components Industries, LLC, regarding the subject matter set forth in the attached Appendix B, which shall be interpreted in accordance with the definitions and instructions set forth in the attached Appendix A.

The deposition will begin at 9:30 a.m. on July 2, 2008, at the offices of Kirkland & Ellis LLP, 153 East 53rd Street, New York, New York, 10022, or at such other time and place as may be agreed upon in writing by counsel for the parties. The examination will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure, and will continue from day to day until completed. The testimony at the deposition will be recorded by videographic, stenographic, audio, audiovisual, and/or real-time computer means.

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants shall designate one or more officers, directors, managing agents, or other persons who consent to testify on their behalf as to each of the topics set forth in the attached Appendix B. Samsung requests that Defendants, at least by June 17, 2008, designate by service upon counsel for Samsung, the person or persons who will testify on their behalf regarding the topics set forth in Appendix B, and to identify for each person so designated those topics or parts thereof to which that person will testify.

You are invited to attend.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

_____

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
302-571-6600
*alundgren@ycst.com*

*Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC., SAMSUNG TELECOMMUNICATIONS
AMERICA GENERAL, L.L.C., SAMSUNG
SEMICONDUCTOR, INC., and SAMSUNG
AUSTIN SEMICONDUCTOR, L.L.C.*

OF COUNSEL:

John M. Desmarais
Jon T. Hohenthaner
James E. Marina
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022-4611
212-446-4800
*jdesmarais@kirkland.com*
*jhohenthaner@kirkland.com*
*jmarina@kirkland.com*

Edward C. Donovan
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
202-879-5000
*edonovan@kirkland.com*

Dated:  June 3, 2008

## APPENDIX A

## DEFINITIONS AND INSTRUCTIONS

1.     As used herein, "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C., and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

2.     As used herein, "Defendants" means ON Semiconductor Corp. and Semiconductor Components Industries, LLC, and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

3.     As used herein, "the '644 patent" means U.S. Patent No. 6,362,644.

4.     As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

5.     As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

6.     As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

7.     As used herein, "include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to requests and definitions containing those words.

8.    As used herein, "related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

9.    As used herein, the term "identity" as applied to a product means the product name, product type, product number (for those products with product numbers), model number (for those products with model numbers), marketing name, sales name, internal development name, revision level (for those products with revision levels), manufacturer, and any other designation known to Defendants.

10.    As used herein, the term "identity" as applied to a process means the process name, process number (for those processes with process numbers), internal development name, revision level (for those processes with revision levels), and any other designation known to Defendants.

11.    As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes the original and every non-identical copy or reproduction in the possession, custody, or control of Defendants, and further is used in a broad sense to refer to any electronic information or any tangible object or thing that contains, conveys, or records information.

## APPENDIX B

## DEPOSITION TOPICS

1.      The facts and circumstances surrounding the alleged conception, reduction to practice, and use at any time of the subject matter of the '644 patent, including without limitation, the identity of relevant processes, products, witnesses, and any documents and things alleged to corroborate such conception, reduction to practice, or use.

2.      The facts and circumstances associated with the preparation and prosecution of the '644 patent and any related applications or patents, including any search for prior art.

3.      The identity of any products or processes (or portions thereof) that embody or use an invention claimed in the '644 patent, including without limitation, Samsung products or processes, Defendant products or processes, and any third party products or processes.

4.      The facts and circumstances surrounding Defendants' use or sale of products or processes falling within the scope of the '644 patent, and the details concerning the structure, function, and operation of each such product or process.

5.      The facts and circumstances surrounding Defendants' development and use of programmable termination technology, Defendants' sale of products including programmable termination technology, and alternatives to that technology.

6.      The facts and circumstances surrounding any marking or efforts to mark any product or process with the patent number of the '644 patent by Defendants or any licensee.

7.      The facts and circumstances surrounding any assertion of the '644 patent against any person or entity.

8.      The facts and circumstances surrounding all attempts to license the '644 patent, including without limitation, the identity of each person, company, corporation, or entity to

which Defendants offered a license to the '644 patent, the license terms offered, and all communications relating thereto.

9.    The facts and circumstances surrounding the terms, conditions, and negotiations of all licenses, cross-licenses, or other agreements entered into by Defendants at any time relating to the '644 patent.

10.    The facts and circumstances surrounding any royalties received by Defendants for licensing the '644 patent.

11.    The facts and circumstances surrounding Defendants' first awareness of programmable termination technology at Samsung and Defendants' first awareness of alleged infringement of the '644 patent by Samsung, including the bases for that awareness.

12.    All communications between Defendants and Samsung relating to the '644 patent, including without limitation, all notices of infringement provided by Defendants to Samsung.

13.    The identity, location, and authenticity of documents relating to the categories set forth in paragraphs 1 through 12 above, including without limitation, the circumstances and Defendants' practices regarding the creation and retention of such documents.

14.    The identity and location of witnesses knowledgeable about the categories set forth in paragraphs 1 through 13 above.

**CERTIFICATE OF SERVICE**

I, Andrew A. Lundgren, Esquire, hereby certify that on June 3, 2008, I caused to

be electronically filed a true and correct copy of the foregoing document with the Clerk of the

Court using CM/ECF, which will send notification that such filing is available for viewing and

downloading to the following counsel of record:

> Karen Jacobs Louden, Esquire [*klouden@mnat.com*]
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> PO Box 1347
> Wilmington, DE 19899-1347

I further certify that on June 3, 2008, I caused a copy of the foregoing document

to be served by hand delivery and e-mail on the above-listed counsel of record and on the

following non-registered participants in the manner indicated:

**BY E-MAIL**

> Behrooz Shariati, Esquire [*bshariati@jonesday.com*]
> T. Gregory Lanier, Esquire [*tglanier@jonesday.com*]
> Jones Day
> 1755 Embarcadero Road
> Palo Alto, CA 94025

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Andrew A. Lundgren*
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
302-571-6600
*alundgren@ycst.com*

# Exhibit E

# JONES DAY

SILICON VALLEY OFFICE · 1755 EMBARCADERO ROAD · PALO ALTO, CALIFORNIA 94303
TELEPHONE: 650-739-3939 · FACSIMILE: 650-739-3900

Direct Number: (650) 739-3944
cschmid@jonesday.com

August 8, 2008

**BY E-MAIL**

Jon T. Hohenthaner, Esq.
Kirkland & Ellis LLP
153 East 53rd Street
New York, NY 10022-4611

Re:     *ON Semiconductor Corp. v. Samsung Electronics Co., Ltd.*
        Civil Action No. 1:07-cv-00449 (JJF)
        *Samsung Electronics Co., Ltd. v. ON Semiconductor Corp.*
        Civil Action No. 1:06-cv-00720 (JJF)

Dear Mr. Hohenthaner:

In light of your offer regarding Saturday depositions in your July 7, 2008 e-mail to my colleague, Behrooz Shariati, Mr. Bradley Botsch is available for deposition in Phoenix, Arizona on August 30, 2008. As well as appearing in his individual capacity, Mr. Botsch will be the designated deponent for the following 30(b)(6) topics:

- Topic 7 of Samsung's Notice of Rule 30(b)(6) Deposition of Defendants/Counterclaim Plaintiffs Regarding the Subject Matter of the '827 Patent, dated May 30, 2008.

- Topics 8, 11, and 12 of Samsung's Notice of Rule 30(b)(6) Deposition of Defendants Regarding the '594 Patent, dated June 3, 2008.

- Topics 8, 11, and 12 of Samsung's Notice of Rule 30(b)(6) Deposition of Defendants Regarding the '001 Patent, dated June 3, 2008.

- Topics 8, 11, and 12 of Samsung's Notice of Rule 30(b)(6) Deposition of Defendants Regarding the '644 Patent, dated June 3, 2008.

- Topics 10 and 13 of Samsung's Notice of Rule 30(b)(6) Deposition of Defendants/Counterclaim Plaintiffs, dated June 19, 2008.

We will keep you apprised should Mr. Botsch's designations change.

ATLANTA · BEIJING · BRUSSELS · CHICAGO · CLEVELAND · COLUMBUS · DALLAS · FRANKFURT · HONG KONG · HOUSTON
IRVINE · LONDON · LOS ANGELES · MADRID · MILAN · MOSCOW · MUNICH · NEW DELHI · NEW YORK · PARIS · PITTSBURGH
SAN DIEGO · SAN FRANCISCO · SHANGHAI · SILICON VALLEY · SINGAPORE · SYDNEY · TAIPEI · TOKYO · WASHINGTON

JONES DAY

Jon T. Hohenthaner, Esq.
August 8, 2008
Page 2


Sincerely,

Cora L. Schmid

SVI-60260v1

# Exhibit F

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

| | | |
|---|---|---|
| Jason F. Choy<br>To Call Writer Directly:<br>(212) 446-4969<br>jchoy@kirkland.com | (212) 446-4800<br><br>www.kirkland.com | Facsimile:<br>(212) 446-4900<br>Dir. Fax: (212) 446-4900 |

May 19, 2008

**BY E-MAIL**

Guadalupe M. Garcia, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303

Re:     *Samsung Electronics Co., Ltd. v. ON Semiconductor Corp.*
Civil Action No. 1:06-cv-00720 (JJF)
*ON Semiconductor Corp., et al. v. Samsung Electronics Co., Ltd.*
Civil Action No. 1:07-cv-00449 (JJF)

Dear Mr. Garcia:

We have enclosed subpoenas for Mssrs. Bhagubhai D. Patel and Virgil E. Schuster, who are inventors of ON Semi's '827 patent  We understand that you represent these witnesses and will accept service of subpoenas on their behalf.  We have noticed the depositions for June 5 and 6 but, assuming ON Semi extends the same courtesies to Samsung witnesses, we will accommodate any reasonable request for changed dates for the convenience of the witnesses and counsel.  Please confirm their availability and we will issue the subpoenas.

Best regards.

Sincerely,

Jason Choy

Enclosures (2)

| | | | | | | |
|---|---|---|---|---|---|---|
| Chicago | Hong Kong | London | Los Angeles | Munich | San Francisco | Washington, D.C. |

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____Arizona_____

SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., Plaintiffs

v.

ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, L.L.C., Defendants

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  1:06-CV-00720-JJF
Pending in the United States
District Court for the District of
Delaware

TO:  Bhagubhai D. Patel
     1902 E. Caroline Ln.
     Tempe, AZ 85284

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Hyatt Regency Phoenix, 122 N. 2nd St., Phoenix, AZ 85004 | 6/5/2008 9:00 am |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |
| | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Attorney for Plaintiffs | 5/19/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jason Choy, Esq., Kirkland and Ellis LLP, 153 East 53rd Street, New York, NY 10022   Tel: (212) 446-4800

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____                    _____
                   DATE                                    SIGNATURE OF SERVER

                                                          _____
                                                          ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF      Arizona

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., Plaintiffs | **SUBPOENA IN A CIVIL CASE** |

V.

ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, L.L.C., Defendants

Case Number:[1]   1:06-CV-00720-JJF
Pending in the United States
District Court for the District of
Delaware

TO:   Virgil E. Schuster
       7736 E. Diamond St.
       Scottsdale, AZ 85257

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Hyatt Regency Phoenix, 122 N. 2nd St., Phoenix, AZ 85004 | 6/6/2008 9:00 am |

☐   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiffs | 5/19/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jason Choy, Esq., Kirkland and Ellis LLP, 153 East 53rd Street, New York, NY 10022    Tel: (212) 446-4800

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises— or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# Exhibit G

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Jason Choy
To Call Writer Directly:
(212) 446-4969
jchoy@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900
Dir. Fax: (212) 446-4900

May 30, 2008

**BY E-MAIL**

Guadalupe M. Garcia, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303

Re:     *Samsung Electronics Co., Ltd. v. ON Semiconductor Corp.*
        Civil Action No. 1:06-cv-00720 (JJF)
        *ON Semiconductor Corp., et al. v. Samsung Electronics Co., Ltd.*
        Civil Action No. 1:07-cv-00449 (JJF)

Dear Mr. Garcia:

In response to your request, the Samsung witnesses noticed by ON Semi are currently available for deposition on the following dates:

Mr. Jong-Seo Hong is available on Tuesday, June 17, in our Washington DC office.

Mr. Jun-hwan Oh is available on Wednesday, June 18, in our Washington DC office.

Mr. Hong-Sun Hwang is available on Tuesday, July 1 in our Washington DC office.

Dr. Kwang-il Park is available on Thursday, July 3 in our Washington DC office.

We will forward you the requested information regarding Dr. Jang shortly.

Please note that all of the witnesses listed above speak Korean as their first language and will require a translator. As we previously explained, Dr. Hyoung-sik Kim has left Samsung. We hope to have a date for Mr. Jin-Hong Kim shortly.

With respect to your comments about deposition location, we attempted to make these witnesses available in the United States where possible and as schedules permit, but do not agree that Samsung is required to do so. As we have previously stated, we continue to believe both sides should cooperate in scheduling depositions.

Chicago        Hong Kong        London        Los Angeles        Munich        San Francisco        Washington, D.C.

# KIRKLAND & ELLIS LLP

Guadalupe M. Garcia, Esq.
May 30, 2008
Page 2

To that end, we would like to begin obtaining available dates for depositions of ON Semi witnesses. Accordingly, please let us know by no later than Wednesday, June 4, when each of the following witnesses are available for deposition:

David L. Stolfa
Philip A. Jeffery
Stephen G. Shook
Bernard E. Weir, III
Virgil E. Schuster
Bhagubhai D. Patel
Bradley J. Botsch
Josef Obsivac

If you do not represent any of the above witnesses, please identify those witnesses that you do not represent by no later than Wednesday.

Finally, we previously asked by letter dated May 19, 2008 that ON Semi confirm the availability of Mssrs. Bhagubhai D. Patel and Virgil E. Schuster for deposition, but did not receive a response. Accordingly, please provide by no later than Wednesday, June 4, alternative dates when these witnesses will be available for deposition.

Sincerely,

Jason Choy

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, NW
Washington, DC 20005

Gregory F. Corbett
To Call Writer Directly:
(202) 879-5296
gcorbett@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

August 12, 2008

**VIA E-MAIL**

Guadalupe M. Garcia, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303

Re:    *Samsung Electronics Co., Ltd. et al. v. ON Semiconductor Corp. et al.,*
       **C.A. Nos. 07-449 and 06-720 (JJF)**

Dear Mr. Garcia:

As we discussed during our July 31, 2008 meet-and-confer and raised in previous correspondence, you have not yet provided a deposition date for Mr. Bhagubhai D. Patel. Please let us know when he is available to be deposed, and please confirm that his non-privileged documents responsive to our March 11, 2008 subpoena have been produced and identify them by production number. *See* our letter of March 21, 2008.

Sincerely,

Gregory F. Corbett

Gregory F. Corbett

**From:** Cora Schmid [cschmid@JonesDay.com]

**Sent:** 08/15/2008 01:00 AM AST

**To:** Gregory Corbett

**Cc:** echa@jonesday.com; gmgarcia@jonesday.com; Robert Leonard

**Subject:** Re: ON Semiconductor v. Samsung - Letter re Patel deposition

Dear Mr. Corbett:

    This e-mail is in response to your letter to my colleague Guadalupe M. Garcia dated August 12, 2008, attached below.  Mr. Bhagubhai D. Patel is available for deposition in Tempe, Arizona on Tuesday, September 16, 2008.  Mr. Patel is not available for deposition during the discovery period due to his international travel schedule.  Mr. Patel has no non-privileged documents responsive to your March 11, 2008 subpoena.

        Regards,

            Cora

Cora L. Schmid

JONES DAY

1755 Embarcadero Road

Palo Alto, CA  94303

650.739.3944 (Direct)

650.739.3900 (Fax)

cschmid@jonesday.com

# Exhibit H

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>  AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | : <br> : <br> : <br> : <br> : <br> : | |
| Plaintiffs, | : | Civil Action No. 06-CV-0720 (***) |
| v. | : | |
| ON SEMICONDUCTOR CORP. | : | |
| and | : | |
| SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, LLC, | : <br> : | |
| Defendants. | : <br> : | |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF
DOCUMENTS TO DEFENDANTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs Samsung

Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications

America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor,

L.L.C. (collectively "Plaintiffs") request that Defendants ON Semiconductor Corp. and

Semiconductor Components Industries, LLC (collectively "Defendants") produce to Samsung

the documents and things requested below within thirty (30) days of service of these requests at

the offices of Plaintiffs' counsel, Kirkland & Ellis, LLP, 153 E. 53rd St., New York, NY, 10022,

**DOCUMENT REQUEST NO. 86:**

All documents concerning or evidencing your first knowledge or awareness of the Samsung Patent-in-Suit, including all documents describing the circumstances in which you first learned of the Samsung Patent-in-Suit.

**DOCUMENT REQUEST NO. 87:**

Documents sufficient to determine the identity of all officers, directors, and managing agents of Defendants and their responsibilities.

**DOCUMENT REQUEST NO. 88:**

All documents relating to the manufacturing process of Defendants' products having model numbers NCP5331 and MC33275D3, including, but not limited to, documents describing the method used for forming an electrical connection between conductive layers on a semiconductor substrate.

**DOCUMENT REQUEST NO. 89:**

All documents relating to any manufacturing process of Defendants where an electrical connection is formed between conductive layers on a semiconductor substrate.

**DOCUMENT REQUEST NO. 90:**

All documents, including but not limited to technical specifications, manual, materials provided to customers, promotional materials, marketing materials, performance evaluations, and tests, relating to Defendants' products having model numbers NCP5331 and MC33275D3.

**DOCUMENT REQUEST NO. 91:**

Documents, including organizational charts, which are sufficient to identify the corporate structure of Defendants.

**DOCUMENT REQUEST NO. 92:**

All documents that evidence and/or refer to any communication between Defendants' and

NCP5331 and MC33275D3 by any entity, including but not limited to documents showing gross

and net sales (in dollars or other currency), units sold, customers, cost of sales, cost of goods

sold, fixed costs, variable costs, balance sheets, income statements, earnings statements, cash

flow statements, and ledgers, from 2000 to the present.


Dated: April 17, 2007                    Respectfully submitted,

                                         /s/ Andrew A. Lundgren

                                         Josy W. Ingersoll (No. 1088)
                                         John W. Shaw (No. 3362)
                                         Andrew A. Lundgren (No. 4429)
                                         YOUNG CONAWAY STARGATT
                                         & TAYLOR LLP
                                         The Brandywine Building
                                         1000 West Street, 17th Floor
                                         P.O. Box 391
                                         Wilmington, Delaware 19899-0391
                                         (302) 571-6600
                                         alundgren@ycst.com

                                         **OF COUNSEL:**

                                         John M. Desmarais
                                         James E. Marina
                                         KIRKLAND & ELLIS LLP
                                         Citigroup Center
                                         153 East 53rd Street
                                         New York, New York 10022
                                         Telephone: (212) 446-4800
                                         Facsimile: (212) 446-4900

                                         Attorneys For Plaintiffs *SAMSUNG
                                         ELECTRONICS CO., LTD., SAMSUNG
                                         ELECTRONICS AMERICA, INC., SAMSUNG
                                         TELECOMMUNICATIONS AMERICA GENERAL,
                                         L.L.C., SAMSUNG SEMICONDUCTOR, INC.,
                                         AND SAMSUNG AUSTIN SEMICONDUCTOR,
                                         L.L.C.*

DB02:5912521.1                                                    065888.1001

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on April 17, 2007, I caused a

the foregoing document to be served upon the following counsel of record in the manner

indicated below:

### BY HAND DELIVERY and E-MAIL

Karen Jacobs Louden, Esquire
*klouden@mnat.com*
Morris Nichols Arsht & Tunnell
1201 North Market Street
PO Box 1347
Wilmington, DE 19899-1347

### BY E-MAIL

Behrooz Shariati, Esquire          T. Gregory Lanier, Esquire
*bshariati@jonesday.com*          *tglanier@jonesday.com*

### BY FEDERAL EXPRESS

Behrooz Shariati, Esquire
Jones Day
2882 Sand Hill Road, Suite 240
Menlo Park, CA 94025

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Andrew A. Lundgren*

Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street
Wilmington, DE 19801
302-571-6600
*alundgren@ycst.com*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, <br><br> Defendants. | Civil Action No. 06-720 (JJF) |
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., <br><br> Defendants. | Civil Action No. 07-449 (JJF) |

**SAMSUNG'S SECOND SET OF DOCUMENT REQUESTS (NOS. 99-151)**

**REQUEST FOR PRODUCTION NO. 100:**

All documents related to any Accused Samsung Product.

**REQUEST FOR PRODUCTION NO. 101:**

All documents relating to the ON Semiconductor Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 102:**

All documents supporting, contradicting, or otherwise relating to any of the allegations, contentions, defenses, claims, counterclaims, and requested relief contained in any pleading or other document filed or served by Samsung or ON Semiconductor as part of this action.

**REQUEST FOR PRODUCTION NO. 103:**

Documents sufficient to identify every version of every Accused ON Semiconductor Product made, used, sold, offered for sale, and/or imported by or for ON Semiconductor, including without limitation, the manufacturer, trade name, model number, part number, catalog number, internal development name, and each other designation known to ON Semiconductor.

**REQUEST FOR PRODUCTION NO. 104:**

Documents sufficient to identify the name, job title(s), and responsibilities of every individual and/or entity that has been involved in any way in the research, design, development, testing, manufacture, or sale of any Accused ON Semiconductor Product.

**REQUEST FOR PRODUCTION NO. 105:**

Documents sufficient to identify the location and ownership of all facilities at which any Accused ON Semiconductor Product is manufactured.

**REQUEST FOR PRODUCTION NO. 106:**

All agreements with any individual or entity relating to the manufacture, use, sale, offer for sale, or importation of any Accused ON Semiconductor Product.

**REQUEST FOR PRODUCTION NO. 107:**

Documents sufficient to identify all of ON Semiconductor's predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, partnerships, and/or affiliates.

**REQUEST FOR PRODUCTION NO. 108:**

Documents sufficient to show where and in what format ON Semiconductor maintains any information, including electronic information, concerning the manufacture and sale of any Accused ON Semiconductor Product, including without limitation, an identification of every database that contains such information, and an identification of every field of each such database.

**REQUEST FOR PRODUCTION NO. 109:**

All documents relating to the circuitry, structure, operation, construction, assembly, or manufacture of any Accused ON Semiconductor Product, including without limitation, owner's manuals, user's manuals, operating instructions, technical manuals, specifications, schematics, circuit diagrams, block diagrams, images, notebooks, test data, test reports and other testing documents, correspondence, e-mail, memoranda, reports, internal company communications, records, photographs, presentations, drawings, schematics, process travelers, and/or descriptions thereof.

**REQUEST FOR PRODUCTION NO. 110:**

All documents relating to any process, system, or apparatus used in the manufacture or production of any Accused ON Semiconductor Product.

**REQUEST FOR PRODUCTION NO. 111:**

All documents related to any process for forming an electrical connection in a semiconductor device between a first conductive layer and a second conductive layer through an

intervening insulation layer formed over the first conductive layer, that includes at least the steps of: (i) forming a photoresist pattern on the insulation layer; (ii) etching regions of the insulation layer to expose the first conductive layer; (iii) removing photoresist from the insulation layer; (iv) forming an oxide layer on the exposed surface of the first conductive layer; (v) removing the oxide layer; and (vi) forming the second conductive layer.

**REQUEST FOR PRODUCTION NO. 112:**

All documents relating to any process for forming an electrical connection in a semiconductor device between a first conductive layer and a second conductive layer through an intervening insulation layer in which photoresist is removed from the insulation layer by plasma ashing.

**REQUEST FOR PRODUCTION NO. 113:**

All documents relating to process flows for forming an electrical connection in a semiconductor device between a first conductive layer and a second conductive layer through an intervening insulation layer

**REQUEST FOR PRODUCTION NO. 114:**

For each Accused ON Semiconductor Product, Transmission Electron Microscope (TEM) images of the electrical connections between two conductive layers through an intervening insulation layer, including without limitation, TEM images at the following fabrication steps:  (i) after the photoresist pattern and development; (ii) after the contact etch; (iii) after photoresist ashing; (iv) after contact clean-up; and (v) after the second conductive layer.

8

**REQUEST FOR PRODUCTION NO. 115:**

All documents related to the process flow for the production of each Accused ON Semiconductor Product, including without limitation, process travelers, and documents identifying process details including time, temperature, chemicals (gases, liquids, etc.), flow rates, and equipment used in the production.

**REQUEST FOR PRODUCTION NO. 116:**

All documents relating to any investigation, inspection, testing, evaluation, analysis, study, review, comparison, or reverse engineering of any Samsung product, including without limitation, the Accused Samsung Products.

**REQUEST FOR PRODUCTION NO. 117:**

All documents relating to any effort, activity, or other undertaking to duplicate, modify, or replicate in any way any feature of any Samsung product.

**REQUEST FOR PRODUCTION NO. 118:**

All documents relating to any analysis or study of the Samsung Patent-in-Suit or the ON Semiconductor Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 119:**

All documents relating to the advertising, marketing, sale, or distribution of any Accused ON Semiconductor Product, including without limitation, advertisements, product brochures, operational manuals, product instructions, announcements, press releases, sales literature, promotional literature, technical descriptions, and specifications.

**REQUEST FOR PRODUCTION NO. 120:**

All documents relating to the sale of any Accused ON Semiconductor Product, including without limitation, orders, contracts, invoices, sales journals, or any other documentation used to record unit sales, gross sales, returns, allowances, discounts, or net sales.

**REQUEST FOR PRODUCTION NO. 121:**

Documents sufficient to show all sales (both in units and dollars) of each Accused ON Semiconductor Product, by product, customer, geographic region, and date.

**REQUEST FOR PRODUCTION NO. 122:**

All documents relating to any methodology for calculating revenue, gross profits, or net profits relating to any Accused ON Semiconductor Product, including any methodology for identifying costs associated with labor, material, variances, sales, administration, or components that make up those costs.

**REQUEST FOR PRODUCTION NO. 123:**

All documents relating to the price at which any Accused ON Semiconductor Product has been sold by ON Semiconductor, by any retailer, or by any other person or entity, including without limitation, price lists, pricing policies, schedules, workpapers, reports, and suggested retail prices.

**REQUEST FOR PRODUCTION NO. 124:**

All documents relating to profits, projected profits, unit sales, projected unit sales, sales prices, or budgets relating to any Accused ON Semiconductor Product.

10

**REQUEST FOR PRODUCTION NO. 125:**

All documents relating to any sales discounts, off-invoice allowances, coupons, funding from competition funds or the like, or any other adjustments to price offered to past, present, or potential customers for any Accused ON Semiconductor Product.

**REQUEST FOR PRODUCTION NO. 126:**

All documents relating to any direct and indirect costs associated with the production, distribution, and sale of each Accused ON Semiconductor product.

**REQUEST FOR PRODUCTION NO. 127:**

All patent license agreements entered into by ON Semiconductor.

**REQUEST FOR PRODUCTION NO. 128:**

All documents relating to any ON Semiconductor licensing policy.

**REQUEST FOR PRODUCTION NO. 129:**

All documents relating to any indemnification agreement concerning any Accused ON Semiconductor Product.

**REQUEST FOR PRODUCTION NO. 130:**

All documents relating to any business plan, strategic plan, budget, forecast, projection, financial plan, or management report relating to sales, anticipated sales, financial activity, or anticipated financial activity relating to any Accused ON Semiconductor Product.

**REQUEST FOR PRODUCTION NO. 131:**

All documents relating to competition in the relevant market for any Accused ON Semiconductor Product or Accused Samsung Product, including without limitation, market studies, market reports, or analyses describing or indicating market segments, market share, customers, or actual or projected market revenue.

11

Dated: February 20, 2008

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*[signature]*

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600
alundgren@ycst.com

**OF COUNSEL:**

John M. Desmarais
Jon T. Hohenthaner
James E. Marina
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022-4611
Telephone: 212-446-4800
Facsimile: 212-446-4900
E-mail: jdesmarais@kirkland.com
jhohenthaner@kirkland.com
jmarina@kirkland.com

Attorneys For *SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC., SAMSUNG
TELECOMMUNICATIONS AMERICA
GENERAL, L.L.C., SAMSUNG
SEMICONDUCTOR, INC., AND SAMSUNG
AUSTIN SEMICONDUCTOR, L.L.C.*

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on February 20, 2008, I caused a true and correct copy of the foregoing document to be served on the following in the manner indicated:

### BY E-MAIL AND HAND DELIVERY

Karen Jacobs Louden, Esquire
*klouden@mnat.com*
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

### BY E-MAIL

Behrooz Shariati, Esquire
*bshariati@jonesday.com*
T. Gregory Lanier, Esquire
*tglanier@jonesday.com*
1755 Embarcadero Road
Palo Alto, CA 94303

Kenneth R. Adamo, Esquire
*kradamo@jonesday.com*
Jones Day
2727 North Harwood Street
Dallas, TX 75201-1515

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
alundgren@ycst.com

Attorneys For *SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., AND SAMSUNG AUSTIN SEMICONDUCTOR, L.L.C.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>  AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>          Plaintiffs,<br><br>     v.<br><br>ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, LLC,<br><br>          Defendants. | Civil Action No. 06-720 (JJF) |
| ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, LLC,<br><br>          Plaintiffs,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>  AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>          Defendants. | Civil Action No. 07-449 (JJF) |

**SAMSUNG'S SECOND SET OF INTERROGATORIES (NOS. 14-30)**

directly (either literally or under the doctrine of equivalents) or indirectly (either by inducement or contributory infringement).

**INTERROGATORY NO. 26:**

Identify all factual and legal bases for ON Semiconductor's contention, if any, that the Samsung Patent-in-Suit is unenforceable.

**INTERROGATORY NO. 27:**

For each Accused ON Semiconductor Product, identify: (i) all internal part number(s) and product identification(s) (e.g., name, number, codes, etc.) used to identify the Accused ON Semiconductor Product; (ii) all retail name(s) and any other retail product identification information; (iii) the description of all component parts thereof; and (iv) the manufacturing process for each.

**INTERROGATORY NO. 28:**

Separately, for each version of each Accused ON Semiconductor Product, identify by production number: (i) all process flows; and (ii) all documents describing and relating to such process flows.

**INTERROGATORY NO. 29:**

Separately, for each version of each Accused ON Semiconductor Product, state on a monthly basis (or the next shortest period for which ON Semiconductor maintains records) since the inception of the Accused ON Semiconductor Product the total production and sales volumes both in the United States and abroad of each Accused ON Semiconductor Product, including without limitation, gross sales income, the amount of profit attributable to these sales, and a detailed explanation of how the profit is calculated.

11

## INTERROGATORY NO. 30:

Separately, for each Accused ON Semiconductor Product, describe in detail the method by which ON Semiconductor contends the amount of damages should be calculated should Samsung prevail in its patent infringement claims against ON Semiconductor, including without limitation, an identification of each damages theory that ON Semiconductor alleges should be used in the damages calculation (e.g., reasonable royalty), the specific inputs that ON Semiconductor alleges should be used under each such theory in the damages calculation (e.g., the royalty rate on net sales), the amount of damages attributable to each Accused ON Semiconductor Product, and an identification of all documents and facts upon which such calculation is based (specifying how and where such documents support or relate to the calculations, including those facts and documents bearing on the factors identified in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970)).

Dated: February 20, 2008

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*Andrew A. Lundgren*

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600
alundgren@ycst.com

12

OF COUNSEL:

John M. Desmarais
Jon T. Hohenthaner
James E. Marina
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022-4611
Telephone: 212-446-4800
Facsimile: 212-446-4900
E-mail: jdesmarais@kirkland.com
jhohenthaner@kirkland.com
jmarina@kirkland.com

Attorneys For *SAMSUNG ELECTRONICS*
*CO., LTD., SAMSUNG ELECTRONICS*
*AMERICA, INC., SAMSUNG*
*TELECOMMUNICATIONS AMERICA*
*GENERAL, L.L.C., SAMSUNG*
*SEMICONDUCTOR, INC., AND SAMSUNG*
*AUSTIN SEMICONDUCTOR, L.L.C.*

13

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on February 20, 2008, I caused a true and correct copy of the foregoing document to be served on the following in the manner indicated:

### BY E-MAIL AND HAND DELIVERY

Karen Jacobs Louden, Esquire
*klouden@mnat.com*
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

### BY E-MAIL

Behrooz Shariati, Esquire
*bshariati@jonesday.com*
T. Gregory Lanier, Esquire
*tglanier@jonesday.com*
1755 Embarcadero Road
Palo Alto, CA 94303

Kenneth R. Adamo, Esquire
*kradamo@jonesday.com*
Jones Day
2727 North Harwood Street
Dallas, TX  75201-1515

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
alundgren@ycst.com

Attorneys For *SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG
TELECOMMUNICATIONS AMERICA GENERAL, L.L.C.,
SAMSUNG SEMICONDUCTOR, INC., AND SAMSUNG
AUSTIN SEMICONDUCTOR, L.L.C.*

065888.1001

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>   AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>   Plaintiffs,<br><br>   v.<br><br>ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, LLC,<br><br>   Defendants. | Civil Action No. 06-720 (JJF) |
| ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, LLC,<br><br>   Plaintiffs,<br><br>   v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>   AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>   Defendants. | Civil Action No. 07-449 (JJF) |

## SAMSUNG'S THIRD SET OF INTERROGATORIES (NO. 31)

## INTERROGATORIES

### INTERROGATORY NO. 31:

Separately for each Accused ON Semiconductor Process, identify each Product made by that process or incorporating components made by that process that ON Semiconductor has manufactured, used, sold, or offered for sale in the United States or imported into the United States at any time between 2000 and the present, and identify the name and location of each facility that has used an Accused ON Semiconductor Process during that time as well as whether that facility currently uses an Accused ON Semiconductor Process.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

_____
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600
alundgren@ycst.com

OF COUNSEL:

John M. Desmarais
Jon T. Hohenthaner
James E. Marina
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022-4611
Telephone:  212-446-4800
Facsimile:  212-446-4900
E-mail:  jdesmarais@kirkland.com
jhohenthaner@kirkland.com
jmarina@kirkland.com

*Attorneys For SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC., SAMSUNG
TELECOMMUNICATIONS AMERICA
GENERAL, L.L.C., SAMSUNG
SEMICONDUCTOR, INC., AND SAMSUNG
AUSTIN SEMICONDUCTOR, L.L.C.*

Dated:  May 21, 2008

7

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on May 21, 2008, I caused a copy of the foregoing document to be served upon the following counsel of record in the manner indicated below:

### BY HAND DELIVERY and E-MAIL

Karen Jacobs Louden, Esquire
*klouden@mnat.com*
Morris Nichols Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

### BY E-MAIL

Behrooz Shariati, Esquire          T. Gregory Lanier, Esquire
*bshariati@jonesday.com*          *tglanier@jonesday.com*

### BY FEDERAL EXPRESS

Behrooz Shariati, Esquire
Jones Day
2882 Sand Hill Road, Suite 240
Menlo Park, CA 94025

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600

# Exhibit I

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS CO., LTD, <br> SAMSUNG ELECTRONICS AMERICA, INC., <br> SAMSUNG TELECOMMUNICATIONS <br>   AMERICA GENERAL, L.L.C., <br> SAMSUNG SEMICONDUCTOR, INC., and <br> SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | : <br> : <br> : <br> : <br> : <br> : <br> : | |
|           Plaintiffs, <br>   v. | : <br> : <br> : | Civil Action No. 06-720 (JJF) |
| ON SEMICONDUCTOR CORP. and <br> SEMICONDUCTOR COMPONENTS <br>   INDUSTRIES, L.L.C., | : <br> : <br> : <br> : | |
|           Defendants. | : <br> : | |
| ON SEMICONDUCTOR CORP. and <br> SEMICONDUCTOR COMPONENTS <br>   INDUSTRIES, L.L.C., | : <br> : <br> : <br> : | |
|           Plaintiffs, <br>   v. | : <br> : <br> : | |
| SAMSUNG ELECTRONICS CO., LTD, <br> SAMSUNG ELECTRONICS AMERICA, INC., <br> SAMSUNG TELECOMMUNICATIONS <br>   AMERICA GENERAL, L.L.C., <br> SAMSUNG SEMICONDUCTOR, INC., and <br> SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action No. 07-449 (JJF) |
|           Defendants. | : <br> : | |

## NOTICE OF INSPECTION

     PLEASE TAKE NOTICE that, pursuant to Rules 26 and 34 of the Federal Rules of Civil

Procedure, Plaintiffs Samsung Electronics Co., Ltd, Samsung Electronics America, Inc.,

Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and

Samsung Austin Semiconductor L.L.C., (collectively "Samsung") hereby request that Defendants and Counterclaim Plaintiffs ON Semiconductor, Corp. & Semiconductor Components Industries, L.L.C. (collectively "ON Semiconductor") permit entry upon their facilities at any location identified in response to Samsung's Interrogatory No. 31 for the purpose of inspection regarding the areas enumerated below.

The inspection will commence at 9:00 a.m. on July 10, 2008, or at a mutually agreed upon time and date prior to July 11, 2008. The locations for the inspection cannot be specifically identified until ON Semi discloses the locations where it uses the accused processes in response to Samsung's Interrogatory No. 31. The inspection will continue from day to day thereafter during the hours of 9:00 a.m. to 5:00 p.m., excluding weekends, until completed. The inspection may include the visual observation, testing, operation of, photographing, videotaping, or other use of the accused processes, the equipment used to perform the accused processes, and the products made with those processes, including intermediate process steps and intermediate products. The inspection may also include the creation and removal of wafers from the facilities to be inspected.

## DEFINITIONS AND INSTRUCTIONS

Samsung incorporates by reference the definitions and instructions in Samsung's Third Set of Interrogatories, served on May 21, 2008. In addition, these requests incorporate the following definition:

1.      As used herein, "back end of the line" means the method, process, steps, or any combination thereof used by ON Semiconductor or on its behalf beginning with the first metal deposition step of an Accused ON Semiconductor Process.

## REQUESTS

### Inspection Request No. 1

Permit entry into ON Semiconductor's facilities, and permit any necessary assistance in accessing and operating the equipment, for the purpose of inspecting, measuring, testing, sampling, and imaging the commercial operation of the back end of the line of each Accused ON Semiconductor Process, including each step of the back end of the line of each Accused ON Semiconductor Process and all settings, process recipes, process travelers, and process flows used to perform each Accused ON Semiconductor Process.

### Inspection Request No. 2

Permit entry into ON Semiconductor's facilities, and permit any necessary assistance in accessing and operating all equipment and materials used in the back end of the line of each Accused ON Semiconductor Process, and any Products produced by those processes, including sampling wafers taken at each step of the back end of the line of each Accused ON Semiconductor Process during commercial operation.

### Inspection Request No. 3

Permit entry into ON Semiconductor's facilities, and permit any necessary assistance in accessing and operating the equipment and materials used to test, characterize, or analyze the formation of any oxide layer on wafers during commercial operation of the back end of the line of any Accused ON Semiconductor Process.

Respectfully Submitted,

_____
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
YOUNG, CONAWAY, STARGATT &
TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801-0391
(302) 571-6600
alundgren@ycst.com

OF COUNSEL

John M. Desmarais
Jon T. Hohenthaner
James E. Marina
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611
(212) 446-4800

Edward C. Donovan
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
(202) 879-5000

*Attorneys for Samsung Electronics Co., Ltd,*
*Samsung Electronics America, Inc., Samsung*
*Telecommunications America General, L.L.C.,*
*Samsung Semiconductor, Inc., and Samsung*
*Austin Semiconductor L.L.C.*

Dated: June 10, 2008

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on June 10, 2008, I caused to

be electronically filed a true and correct copy of the foregoing document with the Clerk of the

Court using CM/ECF, which will send notification that such filing is available for viewing and

downloading to the following counsel of record:

> Karen Jacobs Louden, Esquire [klouden@mnat.com]
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> PO Box 1347
> Wilmington, DE 19899-1347

I further certify that on June 10 2008, I caused a copy of the foregoing document

to be served by hand delivery and e-mail on the above-listed counsel of record and on the

following non-registered participants in the manner indicated:

### BY E-MAIL

> Behrooz Shariati, Esquire [bshariati@jonesday.com]
> T. Gregory Lanier, Esquire [tglanier@jonesday.com]
> Jones Day
> 1755 Embarcadero Road
> Palo Alto, CA 94303

Young Conaway Stargatt & Taylor, LLP

*/s/ Andrew A. Lundgren*
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
302-571-6600
*alundgren@ycst.com*

# Exhibit J

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Jason F. Choy
To Call Writer Directly:
(212) 446-4969
jchoy@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900
Dir. Fax: (212) 446-4900

May 6, 2008

**BY E-MAIL**

Christine B. Chua, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303

Re:    *Samsung Electronics Co., Ltd. v. ON Semiconductor Corp.*
Civil Action No. 1:06-cv-00720 (JJF)
*ON Semiconductor Corp., et al. v. Samsung Electronics Co., Ltd.*
Civil Action No. 1:07-cv-00449 (JJF)

Dear Ms. Chua:

    In addition to the deficiencies identified yesterday in John Spaccarotella's letter to you, we would also like to discuss ON Semi's document production related to the accused products and processes on our call Thursday. In particular, ON Semi's responses to Document Request Nos. 111-115. Even for those few documents we have identified as responsive to these requests, there are deficiencies. For example, several of the process flow documents that ON Semi has produced appear to be spreadsheets that are incomplete or partially unreadable. *See, e.g.,* ON_00016141-16192 at 16176 (cutting off the last cell on the page that begins with the description                           ON_00016193-16225 at 16216 (cutting off the **REDACTED** middle cell that begins with the description                  . These documents and others like them are responsive to multiple outstanding document requests. *See* Samsung Request for Production Nos. 111-115 (requesting relevant On Semi process flows and related documents). Please produce complete copies of these documents.

    As another example, ON_00027134-27203, a document which ON Semi identified in its response to Samsung's Interrogatory No. 28 as a process flow for the accused MC33275D3 product (*see* ON Semiconductor's Responses to Samsung's Second Set of Interrogatories (Nos. 14-30) at 30), lists two machines for the "Resist Plasma Stripping" step of its manufacturing process, and two sets of operating conditions for those machines, without identifying which machine and operating conditions On Semi actually uses. *See* ON_00027174, ON_00027178. This problem also affects other documents describing ON Semi's manufacturing processes. *See,*

Chicago    Hong Kong    London    Los Angeles    Munich    San Francisco    Washington, D.C.

**May contain information designated**
**HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY**
**UNDER PROTECTIVE ORDER**

## KIRKLAND & ELLIS LLP

Christine B. Chua, Esq.
May 6, 2008
Page 2

*e.g.*, ON_00016291-16335 at ON_00016318, ON_00016320. These documents and others like them are responsive to multiple outstanding document requests. *See* Samsung Request for Production Nos. 111-115. Please produce documents sufficient to identify the equipment and operating conditions that ON Semi actually implements, such as, for example, ON_00026915-26963, for each Accused Process. *See* Samsung Request for Production No. 115.

We look forward to discussing these issues along with the other issues identified by both parties at a meet-and-confer on Thursday.

Best regards.

Sincerely,

Jason Choy

May contain information designated
**HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY
UNDER PROTECTIVE ORDER**

# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, NW
Washington, DC 20005

Gregory F. Corbett
To Call Writer Directly:
(202) 879-5296
gcorbett@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

July 9, 2008

**VIA E-MAIL**

Guadalupe M. Garcia, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303

<blockquote>
Re:    ***Samsung Electronics Co., Ltd. et al. v. ON Semiconductor Corp. et al.,***
***C.A. Nos. 07-449 and 06-720 (JJF)***
</blockquote>

Dear Mr. Garcia:

This follows up regarding Samsung's Notice of Inspection dated June 10, 2008 for Samsung's inspection of certain ON Semiconductor processes. The inspection was originally noticed to take place on July 10, 2008. However, ON Semiconductor has not yet provided information in response to Samsung's Interrogatory No. 31 related to the issues set forth in Samsung's Notice of Inspection, including identifying the locations where ON Semiconductor uses the accused processes. Nor has ON Semiconductor produced the information and documents requested by Samsung's other related interrogatories and document requests.

Accordingly, we will seek to reschedule the inspection on another date after ON Semiconductor has provided the requested information and discovery.

Sincerely,

*Gregory F. Corbett*

Gregory F. Corbett

Chicago    Hong Kong    London    Los Angeles    Munich    San Francisco    Washington, D.C.

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, NW
Washington, DC 20005

Gregory F. Corbett
To Call Writer Directly:
(202) 879-5296
gcorbett@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

July 18, 2008

**VIA E-MAIL**

Guadalupe M. Garcia, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303

Re:    ***Samsung Electronics Co., Ltd. et al. v. ON Semiconductor Corp. et al.,***
***C.A. Nos. 07-449 and 06-720 (JJF)***

Dear Mr. Garcia:

You have not responded to previous correspondence, including our letter of May 6, 2008, regarding ON Semiconductor's deficient document production and discovery responses. As you know, Samsung has requested, and is entitled to, documents regarding ON Semiconductor's processes (and products made by such processes) that include the steps of patterning inter-metal insulation layers with photoresist, etching those insulating layers, and removing the photoresist by plasma ashing. *See, e.g.*, Samsung Requests for Production Nos. 88-90, 103, 109-115. However, the documents produced thus far by ON Semiconductor do not provide the information requested by Samsung.

For example, many of the process flow documents produced by ON Semiconductor indicate that ON Semiconductor uses a process step entitled "Resist Plasma Stripping" that is performed by                    machines. However, ON Semiconductor has not produced documents regarding the details of this process step, as specifically requested by Samsung. *See, e.g.*, Samsung Request for Production No. 115 (seeking documents regarding "process details including time, temperature, chemicals, flow rates, and equipment used in the production"). Please produce all documents regarding the details of the "Resist Plasma Stripping" process identified throughout ON Semiconductor's process flows, including, at a minimum, any detailed recipes, cookbooks, process reports, failure analysis reports, and any other documents showing the time, temperature, chemicals, flow rate, oxygen level, pressures, operating conditions, and machine details used in performing this or similar process steps. This should include, at a minimum, documents showing details for the following recipes:

## REDACTED

Chicago    Hong Kong    London    Los Angeles    Munich    San Francisco    Washington, D.C.

# KIRKLAND & ELLIS LLP

Guadalupe M. Garcia
July 18, 2008
Page 2

**REDACTED**

and any other recipes involved in the steps of patterning inter-metal insulation layers with photoresist, etching those insulating layers, and removing the photoresist by plasma ashing.   *See, e.g.,* ON_00026915-63.

You have also failed to produce documents showing the actual process conditions by which the                                    machines are used to perform the "Resist Plasma Stripping" step or other related steps.  For example, your documents indicate that this step corresponds to document/report                        ; but you have not produced this document/report.   Your documents also indicate that the "Resist Plasma Stripping" step corresponds to reaction plan nos.                                   but you have not produced these documents.   Please provide a date certain when you will produce these documents/reports and reaction plans.

Further, please identify and produce all processes, process technologies, cookbooks, recipes, and products made by such processes and process technologies that incorporate the "Resist Plasma Stripping" step and/or incorporate any of the recipes indicated above. Additionally, please produce any documents (including SEM and/or TEM analysis reports or images) showing the existence, formation, and details of any oxide layer formed during these steps.

The ON Semiconductor process flow documents also identify certain sputtering steps involving the use of Argon gas, including metal sputtering steps performed by the                          machines.  Please produce documents regarding these machines, including the details of all steps performed by this machine that involve sputtering (including metal sputtering) using Argon.  For example, some of these metal sputtering steps are indicated in your documents as corresponding to document/report no.                        but you have not produced this document/report.

We have identified process flows produced by ON Semiconductor for the following process technologies:                         Please confirm that ON Semiconductor has no other process technologies that include the steps of patterning inter-metal insulation layers with photoresist, etching those insulating layers, and removing the photoresist by plasma ashing.  *See* Samsung Requests for Production Nos. 111-12.  Please identify all products made by these process technologies. Similarly, please confirm that ON Semiconductor has no other process technologies that include the "Resist Plasma Stripping" step.  *See* Samsung Requests for Production No. 112 (seeking documents regarding "any process . . .in which photoresist is removed from the insulation layer by plasma ashing").

**REDACTED**

# KIRKLAND & ELLIS LLP

Guadalupe M. Garcia
July 18, 2008
Page 3

ON Semiconductor's responses to Samsung's interrogatories on this issue are also glaringly deficient. For example, Samsung Interrogatory No. 31 requests information regarding products manufactured by infringing ON Semiconductor Processes. ON Semiconductor's response to this interrogatory indicated that ON Semiconductor "will produce" and "supplement" its response with documents sufficient to respond to this interrogatory. The close of fact discovery is imminent, and ON Semiconductor has not produced documents or supplemented its response related to this interrogatory. Please let us know when you will produce these documents, and indicate by Bates number for which, if any, previously produced documents are responsive to this interrogatory, as is required by Rule 33(d). Similarly, Samsung Interrogatory Nos. 27 and 28 request information regarding the accused processes and products. As discussed above, ON Semiconductor's document production does not provide this information; please let us know when you will produce the requested information and documents.

Further, as we indicated in our May 6, 2008 letter, several of the process flow documents produced by ON Semiconductor are incomplete, missing pages, or partially unreadable. *See* 5/6/08 Letter from J. Choy to C. Chua; *see also* ON_15903-15938, 15998-16027, 16541-16592, 16028-16067, 16593-16662, 15939-15997, 16226-16290, 27134-27203, 16193- 16225, 16291-16335, 16336-16383, 16141-16192, 16384-16440, 16441-16540. Please produce complete and legible copies of all ON Semiconductor process flow and other related documents. We also previously noted that portions of the ON Semiconductor process flows are vague and ambiguous to the extent they do not identify which machine and operating conditions are actually used by ON Semiconductor. See 5/6/08 Letter from J. Choy to C. Chua (citing pages).

In short, the deadline for document productions has passed and ON Semiconductor's discovery responses and document production regarding its accused processes (and products made by such processes) remain wholly inadequate. The requested information is highly relevant, and Samsung is entitled to it, at a minimum, in support of its infringement analysis regarding the '177 patent. The parties have agreed in good faith to allow the scheduling of fact depositions beyond July 11th. We trust that ON Semiconductor is not using that agreement as a basis for withholding documents or delaying supplemental interrogatory responses that are highly material to Samsung's upcoming depositions of ON Semiconductor witnesses. Your failure to provide the requested information and documents has hindered Samsung's reasonable efforts to determine the details of the accused ON Semiconductor processes and products to date.

Please confirm that you will provide Samsung with the requested information and documents at least two weeks in advance of the deposition of any relevant witnesses, and please provide dates for the depositions of all outstanding Samsung deposition notices by no later than July 23rd. If it is your position that ON Semiconductor does not intend to produce any additional documents responsive to our requests as set forth herein, please confirm that position.

# KIRKLAND & ELLIS LLP

Guadalupe M. Garcia
July 18, 2008
Page 4

Sincerely,

Gregory F. Corbett

# KIRKLAND & ELLIS LLP

#### AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, NW
Washington, DC 20005

Gregory F. Corbett
To Call Writer Directly:
(202) 879-5296
gcorbett@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

July 25, 2008

**VIA E-MAIL**

Guadalupe M. Garcia, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303

Re:     ***Samsung Electronics Co., Ltd. et al. v. ON Semiconductor Corp. et al.,***
        ***C.A. Nos. 07-449 and 06-720 (JJF)***

Dear Mr. Garcia:

This letter follows up on my July 9, 2008 letter regarding Samsung's June 10, 2008 Notice of Inspection. ON Semiconductor has not yet provided the information or documents discussed in this and other correspondence, information which is needed for an effective inspection. Nor has ON Semiconductor identified the locations where it uses the accused processes, information which is of course necessary to conduct an inspection.

As set forth in our Notice of Inspection, Samsung is entitled to such an inspection, at minimum, to analyze the formation and characteristics of oxide layers formed on wafers during commercial operation of ON Semiconductor processes. Please provide the requested information and identify the facility locations where ON Semiconductor performs the accused processes. We expect to discuss Samsung's inspection of such facilities at our meet-and-confer next week.

Sincerely,

Gregory F. Corbett

Gregory F. Corbett

Chicago      Hong Kong      London      Los Angeles      Munich      San Francisco      Washington, D.C.

# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, NW
Washington, DC 20005

Gregory F. Corbett
To Call Writer Directly:      (202) 879-5000
(202) 879-5296                                              Facsimile:
gcorbett@kirkland.com        www.kirkland.com        (202) 879-5200

August 4, 2008

**VIA E-MAIL**

Eric Cha, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303

Re:    ***Samsung Electronics Co., Ltd. et al. v. ON Semiconductor Corp. et al.,***
**C.A. Nos. 07-449 and 06-720 (JJF)**

Dear Mr. Cha:

This letter memorializes the issues we discussed during our July 31, 2008 meet and confer telephone call.

## 1.    Damages Issues

- Samsung confirmed that it has already produced a substantial number of licenses for technology comparable to the technology at issue in this suit. ON Semiconductor will produce relevant license agreements by Friday, August 8th.

- Samsung confirmed that the '177 patent has not previously been asserted in litigation, and will produce documents, if any, regarding its assertion of its patent-in-suit. ON Semiconductor has produced documents regarding its assertion of its patents-in-suit against Hynix and Infineon. Please confirm that those are the only parties ON Semiconductor has asserted these patents against and also confirm that your production of related documents is complete.

- Per the parties' agreement on damages discovery, Samsung has already produced summary financial information for certain categories of accused products. The parties agreed to continue production of summary sales information. ON Semiconductor will be begin production of its summary sales information by Friday, August 8th.

Chicago      Hong Kong      London      Los Angeles      Munich      San Francisco      Washington, D.C.

# KIRKLAND & ELLIS LLP

Eric Cha
August 4, 2008
Page 2

- Samsung confirmed that it has already produced marketing documents, including brochures, website materials, catalogs, datasheets, and communications with customers. ON Semiconductor confirmed that it will produce the same material.

- ON Semiconductor requested that the parties also exchange business plans and budgeting documents for the business units that make the accused products. We will consider this new request, and discuss with our client to determine what scope of documents may exist.

- ON Semiconductor confirmed that it does not make products covered by the '001 patent.

- The parties agreed to aim to supplement interrogatories on damages topics by Friday, August 8th.

- Samsung confirmed that it does not make any products in the United States using the method covered by the '177 patent.

- The parties will discuss further regarding damages-related depositions after the parties supplement their interrogatories and produce relevant damages documents.

## 2.    Discovery Regarding the '177 Patent

- Samsung reiterated that the documents produced by On Semiconductor to date do not provide the information requested by Samsung regarding the details of ON Semiconductor's processes that include the steps of patterning inter-metal insulation layers with photoresist, etching those layers, and removing the photoresist by plasma ashing or etching. Further, ON Semiconductor has not produced documents identifying which products are made by the accused processes. *See, e.g.,* July 18, 2008 letter from G. Corbett. As discussed, this includes documents showing what equipment is used, at which facilities the processes are used, which products are made by which processes, and the recipe details for the plasma ashing and etching steps in those processes. We noted that the general Control Plans thus far produced by ON Semiconductor do not provide recipe or process details, including temperatures, pressures, and flow rates used during key process steps. Further, as discussed, such relevant documents would include SEM and TEM analysis reports (not limited to failure analysis reports) or images showing the existence, formation, and details of any oxide layer formed during the process. *See, e.g.,* July 18, 2008 letter from G. Corbett. ON Semiconductor represented that it's production of documents related to the '177 patent is not complete, and it will continue to search for, collect, and produce such documents.

# KIRKLAND & ELLIS LLP

Eric Cha
August 4, 2008
Page 3

- ON Semiconductor also agreed to supplement its interrogatories regarding the '177 patent to identify processes, process details, and products, as requested in the interrogatories by Friday August 8th. (*See, e.g.,* Samsung Interrogatory Nos. 27, 28, 31).

- Regarding Samsung's Notice of Inspection, Samsung proposed ways to narrow the scope and burden of its inspection to an inspection of relevant oxide layers before and after the relevant process steps. Nevertheless, ON Semiconductor confirmed that it refused to permit Samsung to conduct any on-site inspection, and it refused to identify the facilities at which such processes occur.

- ON Semiconductor represented that it would consider whether it could remove wafers from its processes (including wafers removed before and after the relevant plasma ashing and etching steps in ON Semiconductor's processes) and provide cross-sectional SEM and TEM photographs of the wafers.

- Samsung has already provided several deposition witnesses for many of the topics in ON Semiconductor's 30(b)(6) notices. ON Semiconductor has yet to offer any dates or witnesses in response to Samsung's Rule 30(b)(6) notices. ON Semiconductor proposed to offer a witness on August 20th in response to Samsung's 30(b)(6) topics related to the '177 patent. As we stated, we cannot confirm this date until ON Semiconductor produces, in advance of the deposition, the requested documents and information related to these issues.

## 3. Discovery Regarding the '827 Patent

- As we discussed, Samsung has already produced documents and manuals for the Novellus machines. Samsung has also produced various other engineering documents and reports regarding these machines. On the call, ON Semiconductor asked Samsung to search for additional documents related to the setup specifications of the Novellus machines (*e.g.* flow rates, distance between wafer and cup, etc.). We will investigate whether there are any additional responsive documents in this regard.

- ON Semiconductor also asked Samsung to produce "design-rule" documents for all products made on Novellus machines. As we stated, we fail to see the relevance of "design rule" documents which are unrelated to electroplating bumps. You expressed your belief that such documents are relevant to show whether there is a non-planar accumulation of metal formed during electroplating wafers on Novellus machines. As we discussed, Novellus machines are not used for electroplating bumps, and "design-rule" documents are wholly unrelated to bumps and are also unrelated to the parameters that are the subject of the '827 patent claim. Nevertheless, we will consider your request.

# KIRKLAND & ELLIS LLP

Eric Cha
August 4, 2008
Page 4

- As discussed, Samsung has already produced manuals regarding the Novellus machines. However, ON Semiconductor, in a new request, asked Samsung to produce "general process-flow" documents. We noted that the Court had previously ruled against ON Semiconductor with respect to this irrelevant and overly broad request. Mr. Cha stated that he would provide a letter identifying the specific steps from the Novellus process flows that he believes are relevant to ON Semi's infringement case.

- ON Semiconductor requested, for the first time, that Samsung pull wafers from Novellus machines and provide cross-sectional photographs. We objected to this new request as beyond the existing scope of discovery, in violation of the parties' agreement precluding wholly new discovery requests, and as unduly burdensome. We also stated that we fail to see the relevance of this burdensome request, as Novellus machines are not used for electroplating bumps and there is no relevant information ON Semi could glean from cross-sectional photographs of wafers.

- Samsung will supplement its interrogatory responses by Friday, August 8th related to the '827 patent.

## 4.    Other Issues

- ON Semiconductor agreed to supplement its response to Samsung's Interrogatory No. 32 regarding JEDEC and standards issues by August 8th. ON Semiconductor will also provide a date for a 30(b)(6) witness on JEDEC topics for the week of August 18th.

- ON Semiconductor agreed to provide dates shortly for other outstanding depositions, including the deposition of Mr. Botsch.

- Samsung asked whether ON Semiconductor had attempted to collect documents from Motorola. During the call, you were unable to answer this question. Please get back to us on this issue immediately.

- The parties agreed generally to supplement their interrogatory responses as necessary by August 8th.

# KIRKLAND & ELLIS LLP

Eric Cha
August 4, 2008
Page 5

Sincerely,

*Gregory F. Corbett*

Gregory F. Corbett

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, NW
Washington, DC 20005

Gregory F. Corbett
To Call Writer Directly:
(202) 879-5296
gcorbett@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

August 11, 2008

**VIA E-MAIL**

Guadalupe M. Garcia, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303

Re:    ***Samsung Electronics Co., Ltd. et al. v. ON Semiconductor Corp. et al.,***
***C.A. Nos. 07-449 and 06-720 (JJF)***

Dear Mr. Garcia:

This letter responds to your August 5, 2008 letter regarding our July 31, 2008 meet and confer.

As an initial matter, your letter purports to "follow-up regarding certain outstanding issues that appear from the parties' meet and confer." We assume your letter does not intend to address all "outstanding issues" from the meet and confer because ON Semiconductor has not addressed any of ours, including its inability to provide witnesses for numerous outstanding Rule 30(b)(6) depositions, notwithstanding that we are now in the second week of August and the close of fact discovery was supposed to be on July 11.

With reference to your specific items, we respond as follows:

## I.    '177 Patent Process Discovery

As you know, Samsung filed a timely notice of inspection in order to pull wafers for testing and examination in connection with pursuing its infringement case with respect to the '177 patent. Your letter confirms that ON Semiconductor refuses to provide this discovery. ON Semiconductor contends that Samsung "provided no examples of information that could be obtained from an inspection that could not be obtained from less burdensome or less obtrusive ways." To the contrary, we provided specific examples including sample wafers pulled during production. We would have been happy to obtain this information from documents but, as we have previously identified, ON Semiconductor has failed to produce documents with the relevant information. Assuming that ON Semiconductor had complied with the Court's requirement to

Chicago        Hong Kong        London        Los Angeles        Munich        San Francisco        Washington, D.C.

# KIRKLAND & ELLIS LLP

Guadalupe M. Garcia
August 11, 2008
Page 2

have produced its documents by April 11, we timely served a notice of inspection to obtain this discovery not otherwise available. To the extent your most recent and promised future document productions change this situation, we will let you know.

With respect to your proposal that ON Semiconductor pull the wafers for Samsung, we may be able to agree to that procedure as long as it is performed based on our direction and we are permitted to attend. With respect to your request for more detailed information about the wafer pull, we agree that the parties should cooperate and provide specific guidance to minimize the disruption to ON Semiconductor and minimize costs and expenses for all. We note that ON Semiconductor has yet to provide documents and key information regarding ON Semiconductor's process details. We will provide more details regarding the inspection when ON Semiconductor provides the promised documents and information.

With respect to the SEM and TEM images issue, we understand your letter to confirm that you have already produced all such images in your possession. If that is incorrect, please let us know immediately.

## II.    Novellus Discovery

With respect to the "Novellus discovery" you now seek in your letter, it appears ON Semiconductor has exhausted its arguments for more discovery on the Novellus machines. The documents and testimony show that the Novellus machine does not make bumps as required by the claims, and does not change the 3 parameters—flow rate, cup size, and wafer height—that *all* must change to fall within the scope of the '827 claims. None of the discovery you now seek months after the close of document discovery has any bearing on these issues, except to the extent we have already provided it.

We have already produced the documents, to the extent they exist and we understand your request, that describe the operation of the Novellus electroplating machine including the flow rate and position of the wafer in the machine. These parameters—flow rate, wafer position—do not appear in many documents because, consistent with the testimony and other evidence, they do not change. For example, because flow rate and wafer position in Samsung's Novellus machines does not vary, these parameters do not appear in the process flows or recipes as reflected in the ones we have provided. We do note that you have identified the process flow that we produced and previously identified to ON Semiconductor notwithstanding the Court's order denying ON Semiconductor's motion to compel such process flows. Although you declined to examine Samsung's 30(b)(6) witness on the Novellus process flow document, had you done so, you would have learned that the very few steps in the 600-plus step process flows relating to electroplating do not contain this information. What the process flow does

# KIRKLAND & ELLIS LLP

Guadalupe M. Garcia
August 11, 2008
Page 3

unambiguously show, as we previously explained to both the Court at the March 7 hearing and counsel for ON Semiconductor at our prior meet and confer conference, is that there are no "bumps" under anyone's definition

**REDACTED**

With respect to your new requests for production wafers and cross sectional images raised for the first time on the July 31, 2008 call, as we have previously noted, it is untimely and irrelevant. By agreement of the parties and ordered by the Court, there are no new discovery requests in our extended discovery period after July 11, 2008. We note that your letter identifies no discovery requests that seek production wafers or cross sectional images (other than to the extent the images were part of documents already produced). We also note this discovery was never raised in any prior letter or meet and confer. Equally important is that there is no relevance that we can identify. Indeed, your letter cites your "infringement contentions" as establishing the "critical importance" of production wafers. This is to inform you that your infringement contentions fail to provide any guidance as how the Novellus machine allegedly infringes. For example, there is no identification of any alleged "bump" under any construction in your amended infringement contentions. If ON Semiconductor now contends that the planar flat surface of the copper after electroplating is or has "bumps," please identify the bumps. We are not aware of any and would like to bring your position to the Court's attention. Your letter appears to imply that there may be some relevant evidence in Exhibit 8 of the Oh deposition. Please let us know precisely how this exhibit relates to your infringement contentions. Please also identify the alleged "predetermined terminal areas" where you contend the "bumps" are located. Your infringement contentions fail to identify any such structure, but instead point generally to documents that show no such limitation. Please also inform us how the Novellus machines "alter" the flow rate, container opening, and height of the wafer relative to the container, what structure you allege constitutes the container and opening, and when the required "altering" steps allegedly took place. Your infringement contentions provide no information on this subject and, again, we would like to accurately state your position to the Court. We are happy to discuss this with you so we ensure we represent your position correctly.

Your letter also requests "design rule" documents. Again, ON Semiconductor fails to identify any relevant document requests for this new discovery, consistent with the fact that "design rules" are not related to electroplating. In support of relevancy, ON Semiconductor argues that "[t]his information is relevant in determining whether a particular trench will have a non-planar accumulation after electroplating." To the extent we understand your position—*i.e.*, the surface over a trench is not flat after electroplating—this argument is factually incorrect as already explained at Mr. Oh's deposition. If you are aware of any evidence that supports your position, please let us know. As explained by Mr. Oh,                                      {*see, e.g.,* 6/25/08

**REDACTED**

# KIRKLAND & ELLIS LLP

Guadalupe M. Garcia
August 11, 2008
Page 4

## REDACTED

Dep. Tr. at 222, 230, 262)                                              (*see,*
*e.g.,* 6/25/08 Dep. Tr. at 221).   Moreover, as was shown at the deposition, any non-planar
accumulations on the surface of the copper are not known as "bumps"—they are "defects." (*see,*
*e.g.,* 6/25/08 Dep. Ex. 9).   To the extent ON Semiconductor is now basing its infringement
contentions on the production of defective wafers, please confirm your position.   Please also be
advised that Samsung does not sell defective wafers.

Sincerely,

Gregory F. Corbett

Gregory F. Corbett

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, NW
Washington, DC 20005

Gregory F. Corbett
To Call Writer Directly:
(202) 879-5296
gcorbett@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

August 12, 2008

**VIA E-MAIL**

Guadalupe M. Garcia, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303

Re:    *Samsung Electronics Co., Ltd. et al. v. ON Semiconductor Corp. et al.,*
       **C.A. Nos. 07-449 and 06-720 (JJF)**

Dear Mr. Garcia:

We agree to your proposed deposition date of August 20, 2008 for the 30(b)(6) deposition of ON Semiconductor regarding certain ON Semiconductor processes and products. The deposition will begin at 9:00 am in the Washington, DC offices of Kirkland & Ellis LLP. Please confirm the identity of the deponent and confirm that the deponent will be prepared to testify regarding Topics 1-11 of Samsung's May 30, 2008 30(b)(6) notice regarding ON Semiconductor processes and products.

Further, as we stated in previous correspondence, including our letters of August 11th, August 4th, July 18th, and May 6th, and as we discussed during our July 31st meet-and-confer, we have not yet received key documents and information related to ON Semiconductor's process details. Accordingly, we will take this deposition contingent on the understanding that Samsung will call back the witness and continue the deposition if and when On Semiconductor provides additional information or documents.

Sincerely,

Gregory F. Corbett

Gregory F. Corbett

Chicago      Hong Kong      London      Los Angeles      Munich      San Francisco      Washington, D.C.

# KIRKLAND & ELLIS LLP

**AND AFFILIATED PARTNERSHIPS**

655 Fifteenth Street, NW
Washington, DC 20005

Gregory F. Corbett
To Call Writer Directly:
(202) 879-5296
gcorbett@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

August 13, 2008

**VIA E-MAIL**

Guadalupe M. Garcia, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303

Re:    ***Samsung Electronics Co., Ltd. et al. v. ON Semiconductor Corp. et al.,***
       **C.A. Nos. 07-449 and 06-720 (JJF)**

Dear Mr. Garcia:

This follows-up on several issues rasied during our July 31, 2008 meet and confer and subsequent correspondence.

1.     In our July 31, 2008 meet and confer, we requested your representation that you have produced all documents and things in response to our document requests related to ON Semiconductor's processes (and products made by such processes) that include the steps of patterning inter-metal insulation layers with photoresist, etching those insulating layers, and removing the photoresist by plasma etching, including Samsung Requests for Production Nos. 88-90, 103, 109-115. To date, you have identified only limited processes in the Czech Republic, which appears inconsistent with the use of aluminum wiring layers in ON Semiconductor's other products. Please confirm that your production regarding processes, process flows, and control plans involving plasma ashing or etching steps is complete. Please also confirm you have searched all of ON Semiconductor's other facilities for documents responsive to these requests, including those of ON Semiconductor's recently acquired businesses such as AMI, and that you have produced them and not withholding them based on objections.

2.     In our July 31, 2008 meet and confer, we followed up on our June 10, 2008 Notice of Inspection, and you refused and suggested other alternatives might be available. We have now reviewed the documents you recently produced and none provide the information we seek, such as the presence and characteristics of oxide layers formed during ON Semiconductor's manufacturing process, including oxide layers formed during plasma etching steps. We are unaware of any alternatives to discovery through inspection—which, as we said, we agree you

Chicago      Hong Kong      London      Los Angeles      Munich      San Francisco      Washington, D.C.

# KIRKLAND & ELLIS LLP

Guadalupe M. Garcia
August 13, 2008
Page 2

can perform under our direction and presence—absent a stipulation that the limitation is met. *See also* our August 11th, August 5th, July 25th, and July 9th letters regarding Samsung's June 10, 2008 Notice of Inspection. Please let us know if you have reconsidered your position.

3.    In correspondence subsequent to our meet and confer, you premised arguments for new discovery on the Novellus machines on your new infringement contentions. As we have explained, your new infringement contentions fail to provide any guidance for your new theories, including the limitations we outlined in our correspondence. *See, e.g.,* our letters of August 11th and August 4th; *see also* 6/25/08 deposition of Mr. Jun-Hwan Oh at 261. As we stated then, and repeat now, we would like to accurately understand your contentions and request you supplement those responses. Please let us know if you have reconsidered your position.

Sincerely,

Gregory F. Corbett

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, NW
Washington, DC 20005

Gregory F. Corbett
To Call Writer Directly:
(202) 879-5296
gcorbett@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

August 14, 2008

**VIA E-MAIL**

Guadalupe M. Garcia, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303

Re:   ***Samsung Electronics Co., Ltd. et al. v. ON Semiconductor Corp. et al.,***
***C.A. Nos. 07-449 and 06-720 (JJF)***

**REDACTED**

Dear Mr. Garcia:

This follows-up on deficiencies with ON Semiconductor's document production and discovery
responses, including your most recent August 8th supplemental interrogatory responses.

First, in your supplemental response to Interrogatory No. 31, you indicate that "ON
Semiconductor does not have a process" entitled
However, your documents indicate that ON Semiconductor does, in fact, have such processes.
*See, e.g.,* ON_00129684 (labeled                ON _00129680 (labeled                     and
ON_00129672 (labeled              Please confirm whether the documents are mislabeled or
erroneous, or supplement your response accordingly.

Next, as discussed in previous correspondence and our meet-and-confer, ON Semiconductor's
document production related to its processes remains deficient, and does not provide the
information requested by Samsung. *See, e.g.,* Samsung Requests for Production Nos. 88-90,
103, 105, 109-115.

1.     You have not produced control plans or process flows for several process technologies
       which ON Semiconductor's documents identify as being used at its Czech facility,
       including
                                           Please produce control plans and any other similar
       process flow documents for these process technologies and any others being used at On
       Semiconductor's Czech facility.  Please make sure to include documents showing the
       actual process conditions (*e.g.* temperature and pressure) used during removal of

Chicago     Hong Kong     London     Los Angeles     Munich     San Francisco     Washington, D.C.

# KIRKLAND & ELLIS LLP

Guadalupe M. Garcia
August 14, 2008
Page 2                                    **REDACTED**

photoresist by plasma or oxygen etching or ashing machines during these flows (*e.g.* Matrix machine), and any documents identifying products manufactured by these processes.

2.    You have not produced documents showing the actual process conditions by which the                                used to perform removal of photoresist by oxide etching, plasma etching, or ashing at ON Semiconductor's COM1 facility. (You have produced such documents with respect to other machines. *See, e.g.,* ON_00015790 showing process conditions used for                          from 2002 through 2007). Please also produce control plans, process flows, reaction plans, recipes, and cookbooks for any processes or programs where                          has been used for removing photoresist by plasma or oxygen etching or ashing, and any documents identifying products made by these processes.

3.    You have not produced control plans for the several process technologies which ON Semiconductor's documents identify as being used at its COM1 facility, including                          technologies. Please produce control plans and process flows for all COM1 processes and flows, as well as any reaction plans, documents, reports, recipes, or cookbooks that contain any steps of removing photoresist by plasma or oxygen etching or ashing. (You have produced such control plans with respect to processes at your Czech facility. *See, e.g.,* ON_00129653-756).

4.    You have produced very few documents, including no control plans, related to ON Semiconductor's processes, flows, and machines used at the Aizu, Japan, facility. Please produce control plans and process flows for all Aizu processes and flows, as well as any reaction plans, documents, reports, recipes, or cookbooks that contain any steps of removing photoresist by plasma or oxygen etching or ashing, and any documents identifying productts made by these processes. (You have produced such control plans with respect to processes at your Czech facility. *See, e.g.,* ON_00129653-756). Likewise, you have not produced documents showing the actual process conditions by which the                          used to perform removal of photoresist by oxide etching, plasma etching, or ashing at the Aizu facility. (You have produced such documents with respect to other machines. *See, e.g.,* ON_00015790 showing process conditions used for                          from 2002 through 2007). Please also produce control plans, process flows, reaction plans, recipes, and cookbooks for any processes or programs where                          has been used for removing photoresist by plasma or oxygen etching or ashing, and any documents identifying products made by these processes.

**REDACTED**

## KIRKLAND & ELLIS LLP

Guadalupe M. Garcia
August 14, 2008
Page 3                                    **REDACTED**

5.      You have produced very few documents, including control plans, related to ON
        Semiconductor's processes, flows, and machines used at its Piestany, Slovak Republic,
        facilities. Please produce control plans and process flows for all Piestany processes and
        flows, as well as any reaction plans, documents, reports, recipes, or cookbooks that
        contain any steps of removing photoresist by plasma or oxygen etching or ashing, and
        any documents identifying productts made by these processes. (You have produced such
        control plans with respect to processes at your Czech facility. *See, e.g.,* ON_00129653-
        756). Likewise, you have not produced documents showing the actual process conditions
        by which                                      is used to perform removal of
        photoresist by oxide etching, plasma etching, or ashing at the Piestany facilities. (You
        have produced such documents with respect to other machines. *See, e.g.,* ON_00015790
        showing process conditions used for                from 2002 through 2007).
        Please also produce control plans, process flows, reaction plans, recipes, and cookbooks
        for any processes or programs where                    has been used for removing
        photoresist by plasma or oxygen etching or ashing, and any documents identifying
        products made by these processes.

6.      You have produced very few documents, including control plans, related to ON
        Semiconductor's processes, flows, and machines used at the Seremban, Malaysia, facility.
        Please produce control plans and process flows for all Seremban processes and flows, as
        well as any reaction plans, documents, reports, recipes, or cookbooks that contain any
        steps of removing photoresist by plasma or oxygen etching or ashing, and any documents
        identifying productts made by these processes. (You have produced such control plans
        with respect to processes at your Czech facility. *See, e.g.,* ON_00129653-756).
        Likewise, you have not produced documents showing the actual process conditions by
        which                          is used to perform removal of photoresist by oxide etching,
        plasma etching, or ashing at the Seremban facility. (You have produced such documents
        with respect to other machines. *See, e.g.,* ON_00015790 showing process conditions
        used for                    from 2002 through 2007).

We look forward to your supplemental production and responses.

                                        Sincerely,

                                        Gregory F. Corbett

                                        Gregory F. Corbett

# Exhibit K

# EXHIBIT K

# HAS BEEN REDACTED IN ITS ENTIRETY

# Exhibit L

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,
SAMSUNG TELECOMMUNICATIONS
  AMERICA GENERAL, L.L.C.,
SAMSUNG SEMICONDUCTOR, INC., and
SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,

            Plaintiffs,

      v.

ON SEMICONDUCTOR CORP.

and

SEMICONDUCTOR COMPONENTS
INDUSTRIES, LLC,

            Defendants.

Civil Action No. 06-CV-0720 (***)

## PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs Samsung

Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications

America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor,

L.L.C. (collectively "Plaintiffs") request that Defendants ON Semiconductor Corp. and

Semiconductor Components Industries, LLC (collectively "Defendants") produce to Samsung

the documents and things requested below within thirty (30) days of service of these requests at

the offices of Plaintiffs' counsel, Kirkland & Ellis, LLP, 153 E. 53rd St., New York, NY, 10022,

DB02:5912521.1                                                065888.1001

**DOCUMENT REQUEST NO. 7:**

All documents relating to any license or offer of license of any of the ON Semiconductor Patents-in-Suit or any Counterparts, including copies of all executed licenses and all documents relating to any license negotiations.

**DOCUMENT REQUEST NO. 8:**

All documents that relate to, refer to, or concern the scope of any of the claims of any of the ON Semiconductor Patents-in-Suit or any Counterparts.

**DOCUMENT REQUEST NO. 9:**

All documents that relate to, refer to, or concern construction of any of the claims of any of the ON Semiconductor Patents-in-Suit or any Counterparts.

**DOCUMENT REQUEST NO. 10:**

All documents that relate to, refer to, or concern the alleged infringement of any of the claims of any of the ON Semiconductor Patents-in-Suit by Plaintiffs.

**DOCUMENT REQUEST NO. 11:**

All documents that relate to, refer to, or concern any Samsung Product.

**DOCUMENT REQUEST NO. 12:**

All documents that evidence, relate to, refer to, or concern whether any products or processes made, used or sold by Defendants or their licensees fall within the scope of any claims of any of the ON Semiconductor Patents-in-Suit.

**DOCUMENT REQUEST NO. 13:**

All documents comprising, memorializing, concerning or referring to any sworn statements, including affidavits, declarations, trial and deposition testimony, and witness statements, of:

7

(a)  any officer, director, or employee of Defendants relating to any of the ON Semiconductor Patents-in-Suit or any Counterparts;

(b)  any named inventor of any of the ON Semiconductor Patents-in-Suit;

(c)  any attorney involved in the prosecution of any of the ON Semiconductor Patents-in-Suit; and

(d)  any person whom Defendants expect to call as a witness (including as an expert witness) at any proceeding in this action.

**DOCUMENT REQUEST NO. 14:**

All documents relating to, referring to, or concerning Plaintiffs, including, without limitation, documents concerning communications between Defendants and Plaintiffs relating to any Samsung Products or any of the ON Semiconductor Patents-in-Suit.

**DOCUMENT REQUEST NO. 15:**

All documents relating to, referring to, or concerning Plaintiffs, any Samsung Products, or the Samsung Patent-in-Suit, including, without limitation, documents concerning internal ON Semiconductor communications, communications between Defendants and Plaintiffs, and communications between Defendants and any third party.

**DOCUMENT REQUEST NO. 16:**

All documents relating to, referring to, or concerning ownership and assignment of the ON Semiconductor Patents-in-Suit.

**DOCUMENT REQUEST NO. 17:**

All pleadings, motions, supporting memoranda, oppositions, replies, correspondence, exhibits, declarations, stipulations, expert reports, orders, discovery requests, discovery response and any other documents filed, served, prepared and/or received in connection with any judicial or extra-judicial actions relating to, referring to, or concerning any of the ON Semiconductor Patents-in-Suit or any Counterparts.

8

**DOCUMENT REQUEST NO. 18:**

All deposition, hearing or trial transcripts, with accompanying exhibits, from any actions relating to, referring to, or concerning any of the ON Semiconductor Patents-in-Suit or any Counterparts.

**DOCUMENT REQUEST NO. 19:**

All documents relating to any judicial proceeding involving any of the ON Semiconductor Patents-in-Suit or any Counterparts.

**DOCUMENT REQUEST NO. 20:**

All documents relating to any patent office or extra-judicial proceeding regarding any of the ON Semiconductor Patents-in-Suit or any Counterparts.

**DOCUMENT REQUEST NO. 21:**

All demonstrative exhibits or physical things prepared or obtained by any Defendant in connection with any actions relating to, referring to, or concerning any of the ON Semiconductor Patents-in-Suit or any Counterparts.

**DOCUMENT REQUEST NO. 22:**

All documents comprising, referring to or relating to the opinions of any experts retained by or for Defendants relating to any of the ON Semiconductor Patents-in-Suit, the Samsung Patent-in-Suit, or any Samsung Product, including any materials or other information disclosed or furnished to such expert, or considered or relied upon by such expert, in the formation of his/her opinion.

**DOCUMENT REQUEST NO. 23:**

All documents provided to or received from any experts retained by or for Defendants in connection with this action.

065888.1001

**DOCUMENT REQUEST NO. 28:**

All documents Defendants rely upon or intend to rely upon in support of any claims made or in response to any defenses asserted in this action.

**DOCUMENT REQUEST NO. 29:**

All documents comprising or memorializing any prior sworn testimony, including trial or deposition testimony, by any person whom Defendants expect to testify as a deposition or hearing witness (including as an expert witness) in this action.

**DOCUMENT REQUEST NO. 30:**

All documents relating to, referring to, or otherwise describing any policy of Defendants with respect to taking or granting licenses to any of the ON Semiconductor Patents-in-Suit.

**DOCUMENT REQUEST NO. 31:**

All documents evidencing, or referring or relating to the preparation or prosecution of any of the patent applications from which the ON Semiconductor Patents-in-Suit issued, or any Counterparts, including, but not limited to:

(a)    all drafts of patent applications and drawings, and documents in the possession, custody, or control of any attorney involved in the prosecution;

(b)    all patents or other publications reviewed in connection with the prosecution by anyone who participated in the prosecution;

(c)    all prior art cited or considered in connection with the prosecution;

(d)    all correspondence with the U.S. Patent and Trademark Office or any foreign patent office regarding the prosecution; and

(e)    all internal memoranda and correspondence regarding the prosecution.

**DOCUMENT REQUEST NO. 32:**

All documents evidencing, or referring or relating to the alleged novelty, patentability, validity, or enforceability of any of the ON Semiconductor Patents-in-Suit or any Counterparts.

11

**DOCUMENT REQUEST NO. 33:**

All documents constituting, evidencing, or referring or relating to the alleged conception, research, testing, design, and reduction to practice, or other development of subject matter claimed in any of the ON Semiconductor Patents-in-Suit or any Counterparts.

**DOCUMENT REQUEST NO. 34:**

All documents evidencing, or referring or relating to the contribution of any person, in any way, to the alleged conception, research, testing, design, and reduction to practice, or other development of subject matter claimed in any of the ON Semiconductor Patents-in-Suit or any Counterparts.

**DOCUMENT REQUEST NO. 35:**

All documents or things constituting, or referring or relating to prior art or potential prior art to any of the ON Semiconductor Patents-in-Suit or any Counterparts.

**DOCUMENT REQUEST NO. 36:**

All documents or things constituting, referring or relating to, or obtained as a result of, any patentability, validity, enforceability or prior art search, study, or analysis relating to the subject matter claimed or disclosed in any of the ON Semiconductor Patents-in-Suit or any Counterparts, including, but not limited to, any patents, publications, or prior art devices identified through such search, study, or analysis.

**DOCUMENT REQUEST NO. 37:**

All documents evidencing, or referring or relating to the pertinent art (*i.e.*, field) for any of the ON Semiconductor Patents-in-Suit and to the level of ordinary skill in such art.

**DOCUMENT REQUEST NO. 38:**

All documents referring or relating to any of the named inventors of the ON Semiconductor Patents-in-Suit.

12

**DOCUMENT REQUEST NO. 39:**

All articles, abstracts, publications or other papers, including, but not limited to, internal technical memoranda, authored by any of the named inventors of the ON Semiconductor Patents-in-Suit.

**DOCUMENT REQUEST NO. 40:**

All laboratory notebooks, technical files, diaries, appointment calendars, and trip reports, in complete unredacted form, of the inventor(s) of, or referring to any alleged invention claimed in, any of the ON Semiconductor Patents-in-Suit or any Counterparts, covering the period of alleged conception of each invention through the last action taken by or on behalf of the inventor at the United States Patent & Trademark Office.

**DOCUMENT REQUEST NO. 41:**

All documents that evidence, or refer or relate to any of the following activities with regard to the subject matter of any of the ON Semiconductor Patents-in-Suit:

    (a)    first written description and/or drawing of such subject matter;

    (b)    first publication of such subject matter;

    (c)    first promotion of such subject matter;

    (d)    first advertisement of such subject matter;

    (e)    first offer for sale of such subject matter;

    (f)    first sale of such subject matter;

    (g)    first availability to the public of knowledge of such subject matter; and

    (h)    first public use of such subject matter.

**DOCUMENT REQUEST NO. 42:**

All documents that refer to, evidence, or show the structure, function or operation of, or that constitute embodiments of, any invention allegedly disclosed in any of the ON Semiconductor Patents-in-Suit, regardless of whether such embodiment was commercialized, and regardless of whether or not it worked properly.

**DOCUMENT REQUEST NO. 43:**

All documents evidencing, or referring or relating to the participation by any person in the design or development of every product ever made by and for, or sold by and for, Defendants that embodies or uses any alleged invention disclosed in any of the ON Semiconductor Patents-in-Suit or in any Counterparts.

**DOCUMENT REQUEST NO. 44:**

All documents evidencing, or referring or relating to anything asserted by a third party as affecting the alleged validity or alleged enforceability of any of the ON Semiconductor Patents-in-Suit.

**DOCUMENT REQUEST NO. 45:**

All documents given to or received from any party involved in the context of licensing discussions or negotiations, relating to issues of claim scope, claim construction/interpretation, alleged validity or alleged enforceability of any of the ON Semiconductor Patents-in-Suit or any Counterpart.

**DOCUMENT REQUEST NO. 46:**

All documents relating to any assertion, contention or presentation by Defendants that any claim of any of the ON Semiconductor Patents-in-Suit or any Counterpart is not invalid or not unenforceable.

**DOCUMENT REQUEST NO. 47:**

All documents relating to internal discussions by Defendants of any meeting with another party, or material provided at or in connection with such a meeting, where the meeting or material related to claim scope, claim construction/interpretation, alleged validity or alleged enforceability of any of the ON Semiconductor Patents-in-Suit or any Counterpart.

14

device which embodies any claim of any of the ON Semiconductor Patents-in-Suit or any Counterparts.

**DOCUMENT REQUEST NO. 65:**

As to each product developed, manufactured, or assembled by or for Defendants that embodies any claim of any of the ON Semiconductor Patents-in-Suit, all technical documents, press releases, product announcements, or product advertisements for each such product.

**DOCUMENT REQUEST NO. 66:**

All documents referring, relating, or comprising Defendants' policy for the retention and/or destruction of documents.

**DOCUMENT REQUEST NO. 67:**

Documents sufficient to show the organizational structure of each of the Defendants and of the working group(s) from which the alleged inventions of any of the ON Semiconductor Patents-in-Suit or any Counterparts arose including but not limited to documents sufficient to show all individuals working in such working group.

**DOCUMENT REQUEST NO. 68:**

Documents sufficient to identify all persons who participated in the design or development of every product made by or for, or sold/offered for sale by, any Defendant that embodies or uses any invention disclosed, described, or claimed in any of the ON Semiconductor Patents-in-Suit or any Counterparts.

**DOCUMENT REQUEST NO. 69:**

All documents, including without limitation, drawings, graphs, presentation materials, electronic mail, memoranda, reports, notes, interoffice communications, schematics, prototypes, notebooks, workbooks, correspondence, test results, of any person referring or relating to, or created, or used, or referred to in connection with, the design, research, engineering,

DB02:5912521.1

065888.1001

development, manufacturing or testing of any invention claimed, disclosed, or described by any of the ON Semiconductor Patents-in-Suit or any Counterparts.

**DOCUMENT REQUEST NO. 70:**

All documents that refer to, relate to, or comprise any mode contemplated by any inventor for carrying out any invention disclosed, described, or claimed in any of the ON Semiconductor Patents-in-Suit or any Counterparts, from a period starting with the conception of the alleged invention and ending after its corresponding patent application was filed.

**DOCUMENT REQUEST NO. 71:**

All documents referring or relating to the best mode contemplated by any inventor or Defendants for carrying out any invention disclosed, described, or claimed in any of the ON Semiconductor Patents-in-Suit or any Counterparts.

**DOCUMENT REQUEST NO. 72:**

Documents sufficient to show and explain the design, structure, function, and operation of each product made or designed or sold or imported or offered for sale by, for, or on behalf of ON Semiconductor that is or was covered by or within the scope of any claim of any of the ON Semiconductor Patents-in-Suit or any Counterparts, including but not limited to technical manuals, technical specifications, and user's manuals.

**DOCUMENT REQUEST NO. 73:**

Documents sufficient to identify any past, present, or threatened litigation, other than the present litigation, that involves any of the ON Semiconductor Patents-in-Suit or any Counterparts.

**DOCUMENT REQUEST NO. 74:**

All documents concerning the preparation, filing and prosecution of the applications in the chain which matured into each of the ON Semiconductor Patents-in-Suit, foreign applications

19

corresponding in whole or in part to each of the ON Semiconductor Patents-in-Suit, and any subsequent applications relying in whole or in part on the disclosure therein, including requests for continued examination, continuations, continuations-in-part, divisions, reexaminations and reissues.

**DOCUMENT REQUEST NO. 75:**

All drafts of the applications in each chain which matured into each of the ON Semiconductor Patents-in-Suit and any subsequent applications relying in whole or in part on the disclosure therein, including requests for continued examination, continuations, continuations-in-part, divisions, reexaminations and reissues.

**DOCUMENT REQUEST NO. 76:**

Documents sufficient to identify all methods and structures known to Defendants directed at addressing the problem(s) allegedly solved by one or more of the ON Semiconductor Patents-in-Suit.

**DOCUMENT REQUEST NO. 77:**

All documents concerning the Samsung Patent-in-Suit.

**DOCUMENT REQUEST NO. 78:**

All documents concerning searches, investigations, evaluations or analysis of the novelty, patentability, validity, enforceability, scope and/or infringement of the Samsung Patent-in-Suit.

**DOCUMENT REQUEST NO. 79:**

All documents, opinions, reports, and evaluations evidencing, resulting from, or referring or relating to any prior art search on the Samsung Patent-in-Suit, including but not limited to those searches conducted by or on behalf of Defendants.

DB02:5912521.1                                                                065888.1001

NCP5331 and MC33275D3 by any entity, including but not limited to documents showing gross and net sales (in dollars or other currency), units sold, customers, cost of sales, cost of goods sold, fixed costs, variable costs, balance sheets, income statements, earnings statements, cash flow statements, and ledgers, from 2000 to the present.

Dated: April 17, 2007

Respectfully submitted,

/s/ Andrew A. Lundgren

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
YOUNG CONAWAY STARGATT
& TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600
alundgren@ycst.com

**OF COUNSEL:**

John M. Desmarais
James E. Marina
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Attorneys For Plaintiffs *SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., AND SAMSUNG AUSTIN SEMICONDUCTOR, L.L.C.*

24

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on April 17, 2007, I caused to

the foregoing document to be served upon the following counsel of record in the manner

indicated below:

### BY HAND DELIVERY and E-MAIL

Karen Jacobs Louden, Esquire
*klouden@mnat.com*
Morris Nichols Arsht & Tunnell
1201 North Market Street
PO Box 1347
Wilmington, DE 19899-1347

### BY E-MAIL

Behrooz Shariati, Esquire          T. Gregory Lanier, Esquire
*bshariati@jonesday.com*          *tglanier@jonesday.com*

### BY FEDERAL EXPRESS

Behrooz Shariati, Esquire
Jones Day
2882 Sand Hill Road, Suite 240
Menlo Park, CA 94025

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Andrew A. Lundgren*

Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street
Wilmington, DE 19801
302-571-6600
*alundgren@ycst.com*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>    AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, LLC,<br><br>    Defendants. | Civil Action No. 06-720 (JJF) |
| ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>    AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>    Defendants. | Civil Action No. 07-449 (JJF) |

**SAMSUNG'S SECOND SET OF DOCUMENT REQUESTS (NOS. 99-151)**

**REQUEST FOR PRODUCTION NO. 107:**

Documents sufficient to identify all of ON Semiconductor's predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, partnerships, and/or affiliates.

**REQUEST FOR PRODUCTION NO. 108:**

Documents sufficient to show where and in what format ON Semiconductor maintains any information, including electronic information, concerning the manufacture and sale of any Accused ON Semiconductor Product, including without limitation, an identification of every database that contains such information, and an identification of every field of each such database.

**REQUEST FOR PRODUCTION NO. 109:**

All documents relating to the circuitry, structure, operation, construction, assembly, or manufacture of any Accused ON Semiconductor Product, including without limitation, owner's manuals, user's manuals, operating instructions, technical manuals, specifications, schematics, circuit diagrams, block diagrams, images, notebooks, test data, test reports and other testing documents, correspondence, e-mail, memoranda, reports, internal company communications, records, photographs, presentations, drawings, schematics, process travelers, and/or descriptions thereof.

**REQUEST FOR PRODUCTION NO. 110:**

All documents relating to any process, system, or apparatus used in the manufacture or production of any Accused ON Semiconductor Product.

**REQUEST FOR PRODUCTION NO. 111:**

All documents related to any process for forming an electrical connection in a semiconductor device between a first conductive layer and a second conductive layer through an

Dated:  February 20, 2008

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

_Andrew A. Lundgren_

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600
alundgren@ycst.com

**OF COUNSEL:**

John M. Desmarais
Jon T. Hohenthaner
James E. Marina
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022-4611
Telephone:  212-446-4800
Facsimile:  212-446-4900
E-mail:  jdesmarais@kirkland.com
jhohenthaner@kirkland.com
jmarina@kirkland.com

Attorneys For *SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC., SAMSUNG
TELECOMMUNICATIONS AMERICA
GENERAL, L.L.C., SAMSUNG
SEMICONDUCTOR, INC., AND SAMSUNG
AUSTIN SEMICONDUCTOR, L.L.C.*

16

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on February 20, 2008, I caused a true and correct copy of the foregoing document to be served on the following in the manner indicated:

### BY E-MAIL AND HAND DELIVERY

Karen Jacobs Louden, Esquire
*klouden@mnat.com*
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

### BY E-MAIL

Behrooz Shariati, Esquire
*bshariati@jonesday.com*
T. Gregory Lanier, Esquire
*tglanier@jonesday.com*
1755 Embarcadero Road
Palo Alto, CA 94303

Kenneth R. Adamo, Esquire
*kradamo@jonesday.com*
Jones Day
2727 North Harwood Street
Dallas, TX 75201-1515

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*Andrew A. Lundgren*

Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
alundgren@ycst.com

Attorneys For *SAMSUNG ELECTRONICS CO., LTD.,*
*SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG*
*TELECOMMUNICATIONS AMERICA GENERAL, L.L.C.,*
*SAMSUNG SEMICONDUCTOR, INC., AND SAMSUNG*
*AUSTIN SEMICONDUCTOR, L.L.C.*

# Exhibit M

----- Forwarded by Elizabeth Bernard/Washington DC/Kirkland-Ellis on 08/12/2008 07:30 PM -----

| | | |
|---|---|---|
| **Elizabeth Bernard/Washington DC/Kirkland-Ellis**<br><br>08/12/2008 07:30 PM | To | Jennifer Seraphine <jseraphine@JonesDay.com> |
| | cc | Christine B Chua <CBChua@JonesDay.com>, "Gregory Corbett" <gcorbett@kirkland.com>, Guadalupe M Garcia <gmgarcia@JonesDay.com> |
| | Subject | Re: Samsung v. ON Semiconductor[1] |

Jennifer,

Samsung is not refusing to meet and confer.  Per the parties' agreement, we are continuing to produce summary financial information and patent license agreements.  We are producing additional documents this evening.   We believe that it is more appropriate to meet and confer once the production is complete, if necessary.

However, ON Semiconductor has not confirmed when it will produce summary financial information or when its license production will be complete.  ON Semiconductor has not produced a single Motorola license agreement.  Please advise when ON Semiconductor will produce this information.

Regards,

Elizabeth

Elizabeth T. Bernard*
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Direct | 202-879-5262
Fax | 202-879-5200

*Admitted only in New York and practice is supervised
by principals of the Firm

| | | |
|---|---|---|
| **Jennifer Seraphine <jseraphine@JonesDay.com>**<br><br>08/12/2008 05:21 PM | To | "Gregory Corbett" <gcorbett@kirkland.com> |
| | cc | Christine B Chua <CBChua@JonesDay.com>, ebernard@kirkland.com, Guadalupe M Garcia <gmgarcia@JonesDay.com> |
| | Subject | Re: Samsung v. ON Semiconductor |

Greg,

I look forward to receiving your production of license agreements.

There are, however, numerous issues beyond licenses identified in my correspondence to you and to Ms. Bernard, on which I have requested a meet and confer repeatedly beginning last week.

Please advise if you are refusing to meet and confer on those issues, or alternatively advise as to your availability. Again, I am available this afternoon or tomorrow morning.

Thank you,

Jennifer

Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700

| | | |
|---|---|---|
| "Gregory Corbett" <gcorbett@kirkland.com> | | To |
| | Jennifer Seraphine <jseraphine@JonesDay.com> | |
| 08/12/2008 02:15 PM | | cc |
| | Christine B Chua <CBChua@JonesDay.com>, ebernard@kirkland.com, Guadalupe M Garcia <gmgarcia@JonesDay.com> | |
| | | Subject |
| | Re: Samsung v. ON Semiconductor | |

Hi Jennifer,

We've already produced over 60 license agreements. There were just a few additional licenses that needed to clear third-party confidentiality issues, and we are producing those licenses tonight. Further to that issue, I note that ON Semiconductor produced some licenses on Friday; please confirm whether your production of licenses is complete.

If you still have issues after you receive our production, we would be happy to meet and discuss, including to discuss when ON Semiconductor will produce its summary financial information and documents.

Best regards,

Gregory F. Corbett

2

Kirkland & Ellis LLP
655 Fifteenth Street, NW
Washington, DC 20005
gcorbett@kirkland.com
Telephone: 202-879-5296
Facsimile: 202-879-5200


Jennifer Seraphine
<jseraphine@JonesDay.c
om>

                                                              To
                            "Gregory Corbett"
2008-08-12 17:02            <gcorbett@kirkland.com>
                                                              cc
                            Christine B Chua <CBChua@JonesDay.com>,
                            ebernard@kirkland.com, Guadalupe M
                            Garcia <gmgarcia@JonesDay.com>
                                                         Subject
                            Re: Samsung v. ON Semiconductor


Greg,

I appreciate the below update.  However, there remain outstanding issues,
as set forth in my prior correspondence to you and Ms. Bernard.  In
addition to those issues, having had the opportunity to review Samsung's
documents produced last week it is apparent that Samsung's production of
license agreements is not complete.

Again, I request that you please advise as to your availability for a meet
and confer.  I am available this afternoon or tomorrow morning.

Thank you,

Jennifer

Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700


              "Gregory Corbett"
              <gcorbett@kirklan
              d.com>                                          To
                            Jennifer Seraphine
                            <jseraphine@JonesDay.com>

3

08/12/2008 01:50                                        cc
PM                        Christine B Chua
                          <CBChua@JonesDay.com>,
                          ebernard@kirkland.com, Guadalupe M
                          Garcia <gmgarcia@JonesDay.com>
                                                        Subject
                          Re: Samsung v. ON Semiconductor


Hi Jennifer,

We have already produced summary financial information (see, e.g.,
SAMSUNG0308809-308855), and we are in the process of producing additional
summary financial information for the accused products.  We hope to produce
additional summary financial information today, and we will supplement our
interrogatory response accordingly.  I note that ON Semiconductor did not
provide information regarding summary financial information in its August
8th Supplemental Interrogatory Response.  Please let me know when we will
receive this information.  Also, please confirm whether the licenses and
assertion documents produced and identified in your August 8th Supplemental
Interrogatory Responses are complete.

Best regards,

Gregory F. Corbett
Kirkland & Ellis LLP
655 Fifteenth Street, NW
Washington, DC 20005
gcorbett@kirkland.com
Telephone: 202-879-5296
Facsimile: 202-879-5200




Jennifer Seraphine
<jseraphine@JonesDay.c
om>
                                                        To
                          gcorbett@kirkland.com
2008-08-11 16:27                                        cc
                          ebernard@kirkland.com, Guadalupe M
                          Garcia <gmgarcia@JonesDay.com>,
                          Christine B Chua <CBChua@JonesDay.com>
                                                        Subject
                          Samsung v. ON Semiconductor




4

Greg,

In a letter dated August 4 we requested that Samsung identify, by Bates number, where the summary financial information and marketing information that you have represented has already been produced to ON Semiconductor can be found in Samsung's production.  You indicated in response that this information would be provided in Samsung's Supplemental Interrogatory Responses to be served on August 8.

We now have those supplemental responses.  Nowhere therein, however, does Samsung identify by Bates number where these documents can be found.  Please provide this information.

Please also advise as to your availability tomorrow for a meet and confer the outstanding issues identified in my August 7 letter (inadvertently dated August 4).

Thank you,

Jennifer

Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700

*********************************************************
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
*********************************************************


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

--------------------------------------------------------------------------------
(1) -
Notes:///85256F8E0068F8F5/DABA975B9FB113EB852564B5001283EA/89BB84EA9D16A7D4862574A
300755934

# Exhibit N

# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, NW
Washington, DC 20005

Gregory F. Corbett
To Call Writer Directly:
(202) 879-5296
gcorbett@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

August 4, 2008

<u>**VIA E-MAIL**</u>

Eric Cha, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303

Re:    ***Samsung Electronics Co., Ltd. et al. v. ON Semiconductor Corp. et al.,***
***C.A. Nos. 07-449 and 06-720 (JJF)***

Dear Mr. Cha:

This letter memorializes the issues we discussed during our July 31, 2008 meet and confer telephone call.

## 1.    Damages Issues

- Samsung confirmed that it has already produced a substantial number of licenses for technology comparable to the technology at issue in this suit.  ON Semiconductor will produce relevant license agreements by Friday, August 8th.

- Samsung confirmed that the '177 patent has not previously been asserted in litigation, and will produce documents, if any, regarding its assertion of its patent-in-suit.  ON Semiconductor has produced documents regarding its assertion of its patents-in-suit against Hynix and Infineon.  Please confirm that those are the only parties ON Semiconductor has asserted these patents against and also confirm that your production of related documents is complete.

- Per the parties' agreement on damages discovery, Samsung has already produced summary financial information for certain categories of accused products.  The parties agreed to continue production of summary sales information.  ON Semiconductor will be begin production of its summary sales information by Friday, August 8th.

Chicago        Hong Kong        London        Los Angeles        Munich        San Francisco        Washington, D.C.

# KIRKLAND & ELLIS LLP

Eric Cha
August 4, 2008
Page 2

- Samsung confirmed that it has already produced marketing documents, including brochures, website materials, catalogs, datasheets, and communications with customers. ON Semiconductor confirmed that it will produce the same material.

- ON Semiconductor requested that the parties also exchange business plans and budgeting documents for the business units that make the accused products. We will consider this new request, and discuss with our client to determine what scope of documents may exist.

- ON Semiconductor confirmed that it does not make products covered by the '001 patent.

- The parties agreed to aim to supplement interrogatories on damages topics by Friday, August 8th.

- Samsung confirmed that it does not make any products in the United States using the method covered by the '177 patent.

- The parties will discuss further regarding damages-related depositions after the parties supplement their interrogatories and produce relevant damages documents.

## 2.    Discovery Regarding the '177 Patent

- Samsung reiterated that the documents produced by On Semiconductor to date do not provide the information requested by Samsung regarding the details of ON Semiconductor's processes that include the steps of patterning inter-metal insulation layers with photoresist, etching those layers, and removing the photoresist by plasma ashing or etching. Further, ON Semiconductor has not produced documents identifying which products are made by the accused processes. *See, e.g.,* July 18, 2008 letter from G. Corbett. As discussed, this includes documents showing what equipment is used, at which facilities the processes are used, which products are made by which processes, and the recipe details for the plasma ashing and etching steps in those processes. We noted that the general Control Plans thus far produced by ON Semiconductor do not provide recipe or process details, including temperatures, pressures, and flow rates used during key process steps. Further, as discussed, such relevant documents would include SEM and TEM analysis reports (not limited to failure analysis reports) or images showing the existence, formation, and details of any oxide layer formed during the process. *See, e.g.,* July 18, 2008 letter from G. Corbett. ON Semiconductor represented that it's production of documents related to the '177 patent is not complete, and it will continue to search for, collect, and produce such documents.

# KIRKLAND & ELLIS LLP

Eric Cha
August 4, 2008
Page 3

- ON Semiconductor also agreed to supplement its interrogatories regarding the '177 patent to identify processes, process details, and products, as requested in the interrogatories by Friday August 8th. (*See, e.g.,* Samsung Interrogatory Nos. 27, 28, 31).

- Regarding Samsung's Notice of Inspection, Samsung proposed ways to narrow the scope and burden of its inspection to an inspection of relevant oxide layers before and after the relevant process steps. Nevertheless, ON Semiconductor confirmed that it refused to permit Samsung to conduct any on-site inspection, and it refused to identify the facilities at which such processes occur.

- ON Semiconductor represented that it would consider whether it could remove wafers from its processes (including wafers removed before and after the relevant plasma ashing and etching steps in ON Semiconductor's processes) and provide cross-sectional SEM and TEM photographs of the wafers.

- Samsung has already provided several deposition witnesses for many of the topics in ON Semiconductor's 30(b)(6) notices. ON Semiconductor has yet to offer any dates or witnesses in response to Samsung's Rule 30(b)(6) notices. ON Semiconductor proposed to offer a witness on August 20th in response to Samsung's 30(b)(6) topics related to the '177 patent. As we stated, we cannot confirm this date until ON Semiconductor produces, in advance of the deposition, the requested documents and information related to these issues.

## 3. Discovery Regarding the '827 Patent

- As we discussed, Samsung has already produced documents and manuals for the Novellus machines. Samsung has also produced various other engineering documents and reports regarding these machines. On the call, ON Semiconductor asked Samsung to search for additional documents related to the setup specifications of the Novellus machines (*e.g.* flow rates, distance between wafer and cup, etc.). We will investigate whether there are any additional responsive documents in this regard.

- ON Semiconductor also asked Samsung to produce "design-rule" documents for all products made on Novellus machines. As we stated, we fail to see the relevance of "design rule" documents which are unrelated to electroplating bumps. You expressed your belief that such documents are relevant to show whether there is a non-planar accumulation of metal formed during electroplating wafers on Novellus machines. As we discussed, Novellus machines are not used for electroplating bumps, and "design-rule" documents are wholly unrelated to bumps and are also unrelated to the parameters that are the subject of the '827 patent claim. Nevertheless, we will consider your request.

# KIRKLAND & ELLIS LLP

Eric Cha
August 4, 2008
Page 4

- As discussed, Samsung has already produced manuals regarding the Novellus machines. However, ON Semiconductor, in a new request, asked Samsung to produce "general process-flow" documents. We noted that the Court had previously ruled against ON Semiconductor with respect to this irrelevant and overly broad request. Mr. Cha stated that he would provide a letter identifying the specific steps from the Novellus process flows that he believes are relevant to ON Semi's infringement case.

- ON Semiconductor requested, for the first time, that Samsung pull wafers from Novellus machines and provide cross-sectional photographs. We objected to this new request as beyond the existing scope of discovery, in violation of the parties' agreement precluding wholly new discovery requests, and as unduly burdensome. We also stated that we fail to see the relevance of this burdensome request, as Novellus machines are not used for electroplating bumps and there is no relevant information ON Semi could glean from cross-sectional photographs of wafers.

- Samsung will supplement its interrogatory responses by Friday, August 8th related to the '827 patent.

## 4. Other Issues

- ON Semiconductor agreed to supplement its response to Samsung's Interrogatory No. 32 regarding JEDEC and standards issues by August 8th. ON Semiconductor will also provide a date for a 30(b)(6) witness on JEDEC topics for the week of August 18th.

- ON Semiconductor agreed to provide dates shortly for other outstanding depositions, including the deposition of Mr. Botsch.

- Samsung asked whether ON Semiconductor had attempted to collect documents from Motorola. During the call, you were unable to answer this question. Please get back to us on this issue immediately.

- The parties agreed generally to supplement their interrogatory responses as necessary by August 8th.

# KIRKLAND & ELLIS LLP

Eric Cha
August 4, 2008
Page 5

Sincerely,

*Gregory F. Corbett*

Gregory F. Corbett

# Exhibit O

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ON SEMICONDUCTOR CORP. and                    )
SEMICONDUCTOR COMPONENTS                      )
INDUSTRIES, L.L.C.,                           )
                                              )
            Plaintiffs,                       )
                                              )
      v.                                      )          C.A. No. 07-449 (JJF)
                                              )
SAMSUNG ELECTRONICS CO., LTD.,                )
SAMSUNG ELECTRONICS AMERICA, INC.,            )
SAMSUNG TELECOMMUNICATIONS                    )
   AMERICA GENERAL, L.L.C.,                   )
SAMSUNG SEMICONDUCTOR, INC., and              )
SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,          )
                                              )
            Defendants.                       )
_____   )
SAMSUNG ELECTRONICS CO., LTD.,                )
SAMSUNG ELECTRONICS AMERICA, INC.,            )
SAMSUNG TELECOMMUNICATIONS                    )
   AMERICA GENERAL, L.L.C.,                   )
SAMSUNG SEMICONDUCTOR, INC., and              )
SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,          )
                                              )
            Plaintiffs,                       )
                                              )          C.A. No. 06-720 (JJF)
      v.                                      )
                                              )
ON SEMICONDUCTOR CORP. and                    )
SEMICONDUCTOR COMPONENTS                      )
INDUSTRIES, L.L.C.,                           )
                                              )
            Defendants.                       )

**ON SEMICONDUCTOR'S RESPONSES TO
SAMSUNG'S SECOND SET OF INTERROGATORIES (NOS. 14-30)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, ON
Semiconductor Corp. and Semiconductor Components Industries, L.L.C. (collectively, "ON
Semiconductor"), hereby object and respond to Samsung's Second Set of Interrogatories as
follows. ON Semiconductor reserves the right to supplement these responses and objections to
the extent allowed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

infringement on or about September 15, 2005. Since such date, ON Semiconductor provided further details and information to Samsung about its infringement.

The documents and facts related to such communication are equally accessible to Samsung. People with knowledge of these contentions include Andy Williams, Paul Polansky, Peter Green, Sonny Cave, Bradley Botsch, Jay Shim, Jeong Woo Lee, Patrick Muir, Andrew Hong, and Bryan Richardson.

ON Semiconductor has not yet completed its discovery and investigation of the facts relating to this interrogatory. ON Semiconductor will, at the appropriate time and if necessary, supplement its response to this interrogatory and/or produce documents pursuant to Rule 33(d) of the Federal Rules of Civil Procedure and Local Rule 26.1 from which Samsung may derive or ascertain additional information requested in this interrogatory.

## INTERROGATORY NO. 16:

Separately, for each ON Semiconductor Patent-in-Suit, identify the complete factual and legal bases for ON Semiconductor's claim of ownership, including without limitation, a detailed description of the entire chain of title, an identification of the dates and parties involved in any sale, assignment, transfer, or license, and an identification of each person and document upon which ON Semiconductor may rely to shown ownership.

## RESPONSE INTERROGATORY NO. 16:

ON Semiconductor objects to this interrogatory as overbroad and unduly burdensome to the extent it seeks a "detailed description of the entire chain of title," identification of "the dates and parties involved in any sale, assignment, transfer, or license" and identification of "each person and document." ON Semiconductor further objects to this interrogatory as compound. ON Semiconductor objects to this interrogatory to the extent it seeks information protected from disclosure by the work product doctrine, the attorney-client privilege, or any other privilege..

13

Subject to and without waiving its specific and general objections, ON Semiconductor responds as follows:

ON Semiconductor identifies the following documents from which responsive information can be obtained: ON__00000635 - ON__00000969.

ON Semiconductor has not yet completed its discovery and investigation of the facts relating to this interrogatory. ON Semiconductor will, at the appropriate time and if necessary, supplement its response to this interrogatory and/or produce documents pursuant to Rule 33(d) of the Federal Rules of Civil Procedure and Local Rule 26.1 from which Samsung may derive or ascertain additional information requested in this interrogatory.

## INTERROGATORY NO. 17:

Separately, for each Accused Samsung Product, describe in detail the investigation undertaken by or on behalf of ON Semiconductor to support its allegation of infringement of each asserted claim of the ON Semiconductor Patents-in-Suit, including without limitation, an identification of every person or entity that supervised, assisted, participated in, or provided information concerning the investigation; a description of every physical inspection of each Accused Samsung Product and an identification of the date(s) of and individual(s) involved in each such inspection; a description of all analyses of and tests performed on each Accused Samsung Product and an identification of the date(s) of and individual(s) involved in each such analysis and test; an identification of all documents and things reviewed or relied upon in connection with the investigation; and a description of the results and/or conclusions of the investigation.

## RESPONSE TO INTERROGATORY NO. 17:

ON Semiconductor objects to this interrogatory as vague and ambiguous as to the terms "supervised, assisted, participated in, or provided information concerning the investigation," "description of every physical inspection," "identification of the date(s) of and individual(s) involved in each such inspection," "description of all analyses of and tests performed," "identification of the date(s) of and individual(s) involved," and "description of the results and/or

disclosure of expert opinion. ON Semiconductor further objects to this interrogatory to the

extent it seeks information that is equally or better accessible to Samsung. ON Semiconductor

further objects to this interrogatory to the extent it calls for information protected from discovery

by the work product doctrine, the attorney-client privilege, or any other privilege.

Subject to and without waiving its specific and general objections, ON Semiconductor

responds as follows:

This interrogatory requests information that is properly within the scope of expert

testimony for which the Court has provided a specific time and manner. Accordingly, ON

Semiconductor will provide information responsive to this interrogatory with its expert

disclosure per the Federal Rules and the Court's scheduling order.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_Karen Jacobs Louden (#2881)_
Richard J. Bauer (#4828)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
klouden@mnat.com
rbauer@mnat.com
*Attorneys for ON Semiconductor Corp.
and Semiconductor Components Industries, L.L.C.*

*Of Counsel*:

Kenneth R. Adamo
JONES DAY
2727 North Harwood Street
Dallas, TX 75201-1515
(214) 220-3939

Tharan Gregory Lanier
Behrooz Shariati
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
(650) 739-3939

March 24, 2008
2164761

33

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on March 24, 2008, copies of the

foregoing were caused to be served upon the following in the manner indicated:

**BY HAND AND E-MAIL**

John W. Shaw
Andrew A. Lundgren
YOUNG, CONAWAY, STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Flr.
Wilmington, DE  19899

**BY E-MAIL**

John M. Desmarais
James E. Marina
KIRKLAND & ELLIS
153 East 53rd Street
New York, NY  10022

Richard J. Bauer (#4828)

# Exhibit P



**Guadalupe M Garcia**
<gmgarcia@JonesDay.com>

08/15/2008 04:38 AM

To   "Gregory Corbett" <gcorbett@kirkland.com>

cc   cschmid@jonesday.com, echa@jonesday.com, "Robert
     Leonard" <rleonard@kirkland.com>,
     bshariati@jonesday.com

bcc

Subject   ON Semiconductor v. Samsung


Dear Mr. Corbett,

Please see enclosed correspondence.

Regards,

Lupe

Guadalupe M. Garcia
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303

650.739.3910 (Direct)
650.739.3939 (Main)
650.739.3900 (Fax)
gmgarcia@jonesday.com


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected
by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========



2008.08.14 Letter from Garcia to Corbett re 177 discovery issues.pdf

# JONES DAY

SILICON VALLEY OFFICE • 1755 EMBARCADERO ROAD • PALO ALTO, CALIFORNIA 94303
TELEPHONE: 650-739-3939 • FACSIMILE: 650-739-3900

Direct Number: (650) 739-3910
gmgarcia@jonesday.com

August 14, 2008

**BY E-MAIL**

Gregory F. Corbett, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, NW
Washington, DC 20005
New York, NY 10022-4611

Re:    *ON Semiconductor Corp. v. Samsung Electronics Co., Ltd.*
Civil Action No. 1:07-cv-00449 (JJF)
*Samsung Electronics Co., Ltd. v. ON Semiconductor Corp.*
Civil Action No. 1:06-cv-00720 (JJF)

Dear Mr. Corbett:

This letter addresses issues raised in your recent letters.

**Wafers and Notice of Inspection:**

ON Semiconductor offers to pull wafers at a reasonable number of steps that you identify from processes within the scope of your Notice of Inspection that you also identify. ON Semiconductor further offers to provide half of each of the pulled wafers to you, while retaining the other half of each wafer. You would then be free to analyze the wafer samples sent to you by methods and at an external site of your choosing.

Allowing you to be present at ON Semiconductor while the wafers are pulled would provide you with no additional information relevant to this lawsuit, as the structures you are seeking to analyze are not visible with the naked eye. Indeed, you have identified nothing that you would gain from an inspection other then the ability to pull wafers. However, your presence would needlessly disrupt costly operations. It would risk your own and others' safety due to the high number of significant hazards in the manufacturing facilities. Additionally, entry of non-ON Semiconductor personnel risks contamination of the ultra-clean fabrication facility environment, which would harm the yield of ON Semiconductor's manufacturing process. Such entry could further involve disclosure of large amounts of highly confidential information that is completely irrelevant to this lawsuit. In short, the burden and expense to ON Semiconductor of

JONES DAY

Gregory F. Corbett, Esq.
August 14, 2008
Page 2

allowing you to enter one of its fabrication facilities is extremely high, while there is no discernable benefit to you for such entry.

**Document Productions:**

As mentioned in my August 5th letter to you, ON Semiconductor has conducted further investigation in response to your recent clarification of documents Samsung is seeking. ON Semiconductor has identified additional documents, including SEM and/or TEM images, and will produce these documents shortly.

**30(b)(6) Deposition Regarding Certain Processes and Products:**

Because of your initial reluctance to accept the offered August 20th 30(b)(6) deposition date, the deponent is no longer available on that date. We are investigating other dates, and will update you with proposed dates, topics, and deponent identity as they become available.

Sincerely,

JONES DAY

*Guadalupe Garcia*

Guadalupe M. Garcia

SVI-60598v1

# Exhibit Q

# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, NW
Washington, DC 20005

Gregory F. Corbett
To Call Writer Directly:
(202) 879-5296
gcorbett@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

August 14, 2008

**VIA E-MAIL**

Guadalupe M. Garcia, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303

Re:   ***Samsung Electronics Co., Ltd. et al. v. ON Semiconductor Corp. et al.,***
***C.A. Nos. 07-449 and 06-720 (JJF)***

**REDACTED**

Dear Mr. Garcia:

This follows-up on deficiencies with ON Semiconductor's document production and discovery responses, including your most recent August 8th supplemental interrogatory responses.

First, in your supplemental response to Interrogatory No. 31, you indicate that "ON Semiconductor does not have a process" entitled
However, your documents indicate that ON Semiconductor does, in fact, have such processes. *See, e.g.,* ON_00129684 (labeled                    ON_00129680 (labeled                    and ON_00129672 (labeled          Please confirm whether the documents are mislabeled or erroneous, or supplement your response accordingly.

Next, as discussed in previous correspondence and our meet-and-confer, ON Semiconductor's document production related to its processes remains deficient, and does not provide the information requested by Samsung. *See, e.g.*, Samsung Requests for Production Nos. 88-90, 103, 105, 109-115.

1.   You have not produced control plans or process flows for several process technologies which ON Semiconductor's documents identify as being used at its Czech facility, including
Please produce control plans and any other similar process flow documents for these process technologies and any others being used at On Semiconductor's Czech facility.  Please make sure to include documents showing the actual process conditions (*e.g.* temperature and pressure) used during removal of

Chicago        Hong Kong        London        Los Angeles        Munich        San Francisco        Washington, D.C.

# KIRKLAND & ELLIS LLP

Guadalupe M. Garcia
August 14, 2008
Page 2

       photoresist by plasma or oxygen etching or ashing machines during these flows (*e.g.* and any documents identifying products manufactured by these processes.

2.   You have not produced documents showing the actual process conditions by which the is used to perform removal of photoresist by oxide etching, plasma etching, or ashing at ON Semiconductor's COM1 facility. (You have produced such documents with respect to other machines. *See, e.g.,* ON_00015790 showing process conditions used for the from 2002 through 2007). Please also produce control plans, process flows, reaction plans, recipes, and cookbooks for any processes or programs where the has been used for removing photoresist by plasma or oxygen etching or ashing, and any documents identifying products made by these processes.

3.   You have not produced control plans for the several process technologies which ON Semiconductor's documents identify as being used at its COM1 facility, including technologies. Please produce control plans and process flows for all COM1 processes and flows, as well as any reaction plans, documents, reports, recipes, or cookbooks that contain any steps of removing photoresist by plasma or oxygen etching or ashing. (You have produced such control plans with respect to processes at your Czech facility. *See, e.g.,* ON_00129653-756).

4.   You have produced very few documents, including no control plans, related to ON Semiconductor's processes, flows, and machines used at the Aizu, Japan, facility. Please produce control plans and process flows for all Aizu processes and flows, as well as any reaction plans, documents, reports, recipes, or cookbooks that contain any steps of removing photoresist by plasma or oxygen etching or ashing, and any documents identifying productts made by these processes. (You have produced such control plans with respect to processes at your Czech facility. *See, e.g.,* ON_00129653-756). Likewise, you have not produced documents showing the actual process conditions by which the used to perform removal of photoresist by oxide etching, plasma etching, or ashing at the Aizu facility. (You have produced such documents with respect to other machines. *See, e.g.,* ON_00015790 showing process conditions used for the from 2002 through 2007). Please also produce control plans, process flows, reaction plans, recipes, and cookbooks for any processes or programs where the has been used for removing photoresist by plasma or oxygen etching or ashing, and any documents identifying products made by these processes.

**REDACTED**

## KIRKLAND & ELLIS LLP

Guadalupe M. Garcia
August 14, 2008
Page 3                                        **REDACTED**

5.      You have produced very few documents, including control plans, related to ON
        Semiconductor's processes, flows, and machines used at its Piestany, Slovak Republic,
        facilities.  Please produce control plans and process flows for all Piestany processes and
        flows, as well as any reaction plans, documents, reports, recipes, or cookbooks that
        contain any steps of removing photoresist by plasma or oxygen etching or ashing, and
        any documents identifying productts made by these processes.  (You have produced such
        control plans with respect to processes at your Czech facility.  *See, e.g.,* ON_00129653-
        756).  Likewise, you have not produced documents showing the actual process conditions
        by which the                              is used to perform removal of
        photoresist by oxide etching, plasma etching, or ashing at the Piestany facilities.  (You
        have produced such documents with respect to other machines.  *See, e.g.,* ON_00015790
        showing process conditions used for the                  from 2002 through 2007).
        Please also produce control plans, process flows, reaction plans, recipes, and cookbooks
        for any processes or programs where the              has been used for removing
        photoresist by plasma or oxygen etching or ashing, and any documents identifying
        products made by these processes.

6.      You have produced very few documents, including control plans, related to ON
        Semiconductor's processes, flows, and machines used at the Seremban, Malaysia, facility.
        Please produce control plans and process flows for all Seremban processes and flows, as
        well as any reaction plans, documents, reports, recipes, or cookbooks that contain any
        steps of removing photoresist by plasma or oxygen etching or ashing, and any documents
        identifying productts made by these processes.  (You have produced such control plans
        with respect to processes at your Czech facility.  *See, e.g.,* ON_00129653-756).
        Likewise, you have not produced documents showing the actual process conditions by
        which the                      is used to perform removal of photoresist by oxide etching,
        plasma etching, or ashing at the Seremban facility.  (You have produced such documents
        with respect to other machines.  *See, e.g.,* ON_00015790 showing process conditions
        used for the                  from 2002 through 2007).

We look forward to your supplemental production and responses.

                                        Sincerely,

                                        Gregory F. Corbett

                                        Gregory F. Corbett

# Exhibit R

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, NW
Washington, DC 20005

Gregory F. Corbett
To Call Writer Directly:
(202) 879-5296
gcorbett@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

July 25, 2008

**VIA E-MAIL**

Guadalupe M. Garcia, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303

Re:    *Samsung Electronics Co., Ltd. et al. v. ON Semiconductor Corp. et al.,*
       **C.A. Nos. 07-449 and 06-720 (JJF)**

Dear Mr. Garcia:

This letter follows up on my July 9, 2008 letter regarding Samsung's June 10, 2008 Notice of Inspection. ON Semiconductor has not yet provided the information or documents discussed in this and other correspondence, information which is needed for an effective inspection. Nor has ON Semiconductor identified the locations where it uses the accused processes, information which is of course necessary to conduct an inspection.

As set forth in our Notice of Inspection, Samsung is entitled to such an inspection, at minimum, to analyze the formation and characteristics of oxide layers formed on wafers during commercial operation of ON Semiconductor processes. Please provide the requested information and identify the facility locations where ON Semiconductor performs the accused processes. We expect to discuss Samsung's inspection of such facilities at our meet-and-confer next week.

Sincerely,

Gregory F. Corbett

Gregory F. Corbett

Chicago    Hong Kong    London    Los Angeles    Munich    San Francisco    Washington, D.C.

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, NW
Washington, DC 20005

Gregory F. Corbett
To Call Writer Directly:
(202) 879-5296
gcorbett@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

August 4, 2008

<u>**VIA E-MAIL**</u>

Eric Cha, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303

      Re:    ***Samsung Electronics Co., Ltd. et al. v. ON Semiconductor Corp. et al.,***
               **C.A. Nos. 07-449 and 06-720 (JJF)**

Dear Mr. Cha:

This letter memorializes the issues we discussed during our July 31, 2008 meet and confer telephone call.

## 1.    Damages Issues

- Samsung confirmed that it has already produced a substantial number of licenses for technology comparable to the technology at issue in this suit. ON Semiconductor will produce relevant license agreements by Friday, August 8th.

- Samsung confirmed that the '177 patent has not previously been asserted in litigation, and will produce documents, if any, regarding its assertion of its patent-in-suit. ON Semiconductor has produced documents regarding its assertion of its patents-in-suit against Hynix and Infineon. Please confirm that those are the only parties ON Semiconductor has asserted these patents against and also confirm that your production of related documents is complete.

- Per the parties' agreement on damages discovery, Samsung has already produced summary financial information for certain categories of accused products. The parties agreed to continue production of summary sales information. ON Semiconductor will be begin production of its summary sales information by Friday, August 8th.

Chicago       Hong Kong       London       Los Angeles       Munich       San Francisco       Washington, D.C.

# KIRKLAND & ELLIS LLP

Eric Cha
August 4, 2008
Page 2

- Samsung confirmed that it has already produced marketing documents, including brochures, website materials, catalogs, datasheets, and communications with customers. ON Semiconductor confirmed that it will produce the same material.

- ON Semiconductor requested that the parties also exchange business plans and budgeting documents for the business units that make the accused products. We will consider this new request, and discuss with our client to determine what scope of documents may exist.

- ON Semiconductor confirmed that it does not make products covered by the '001 patent.

- The parties agreed to aim to supplement interrogatories on damages topics by Friday, August 8th.

- Samsung confirmed that it does not make any products in the United States using the method covered by the '177 patent.

- The parties will discuss further regarding damages-related depositions after the parties supplement their interrogatories and produce relevant damages documents.

## 2.    Discovery Regarding the '177 Patent

- Samsung reiterated that the documents produced by On Semiconductor to date do not provide the information requested by Samsung regarding the details of ON Semiconductor's processes that include the steps of patterning inter-metal insulation layers with photoresist, etching those layers, and removing the photoresist by plasma ashing or etching. Further, ON Semiconductor has not produced documents identifying which products are made by the accused processes. *See, e.g.,* July 18, 2008 letter from G. Corbett. As discussed, this includes documents showing what equipment is used, at which facilities the processes are used, which products are made by which processes, and the recipe details for the plasma ashing and etching steps in those processes. We noted that the general Control Plans thus far produced by ON Semiconductor do not provide recipe or process details, including temperatures, pressures, and flow rates used during key process steps. Further, as discussed, such relevant documents would include SEM and TEM analysis reports (not limited to failure analysis reports) or images showing the existence, formation, and details of any oxide layer formed during the process. *See, e.g.,* July 18, 2008 letter from G. Corbett. ON Semiconductor represented that it's production of documents related to the '177 patent is not complete, and it will continue to search for, collect, and produce such documents.

# KIRKLAND & ELLIS LLP

Eric Cha
August 4, 2008
Page 3

- ON Semiconductor also agreed to supplement its interrogatories regarding the '177 patent to identify processes, process details, and products, as requested in the interrogatories by Friday August 8th. (*See, e.g.,* Samsung Interrogatory Nos. 27, 28, 31).

- Regarding Samsung's Notice of Inspection, Samsung proposed ways to narrow the scope and burden of its inspection to an inspection of relevant oxide layers before and after the relevant process steps. Nevertheless, ON Semiconductor confirmed that it refused to permit Samsung to conduct any on-site inspection, and it refused to identify the facilities at which such processes occur.

- ON Semiconductor represented that it would consider whether it could remove wafers from its processes (including wafers removed before and after the relevant plasma ashing and etching steps in ON Semiconductor's processes) and provide cross-sectional SEM and TEM photographs of the wafers.

- Samsung has already provided several deposition witnesses for many of the topics in ON Semiconductor's 30(b)(6) notices. ON Semiconductor has yet to offer any dates or witnesses in response to Samsung's Rule 30(b)(6) notices. ON Semiconductor proposed to offer a witness on August 20th in response to Samsung's 30(b)(6) topics related to the '177 patent. As we stated, we cannot confirm this date until ON Semiconductor produces, in advance of the deposition, the requested documents and information related to these issues.

## 3.    Discovery Regarding the '827 Patent

- As we discussed, Samsung has already produced documents and manuals for the Novellus machines. Samsung has also produced various other engineering documents and reports regarding these machines. On the call, ON Semiconductor asked Samsung to search for additional documents related to the setup specifications of the Novellus machines (*e.g.* flow rates, distance between wafer and cup, etc.). We will investigate whether there are any additional responsive documents in this regard.

- ON Semiconductor also asked Samsung to produce "design-rule" documents for all products made on Novellus machines. As we stated, we fail to see the relevance of "design rule" documents which are unrelated to electroplating bumps. You expressed your belief that such documents are relevant to show whether there is a non-planar accumulation of metal formed during electroplating wafers on Novellus machines. As we discussed, Novellus machines are not used for electroplating bumps, and "design-rule" documents are wholly unrelated to bumps and are also unrelated to the parameters that are the subject of the '827 patent claim. Nevertheless, we will consider your request.

# KIRKLAND & ELLIS LLP

Eric Cha
August 4, 2008
Page 4

- As discussed, Samsung has already produced manuals regarding the Novellus machines. However, ON Semiconductor, in a new request, asked Samsung to produce "general process-flow" documents. We noted that the Court had previously ruled against ON Semiconductor with respect to this irrelevant and overly broad request. Mr. Cha stated that he would provide a letter identifying the specific steps from the Novellus process flows that he believes are relevant to ON Semi's infringement case.

- ON Semiconductor requested, for the first time, that Samsung pull wafers from Novellus machines and provide cross-sectional photographs. We objected to this new request as beyond the existing scope of discovery, in violation of the parties' agreement precluding wholly new discovery requests, and as unduly burdensome. We also stated that we fail to see the relevance of this burdensome request, as Novellus machines are not used for electroplating bumps and there is no relevant information ON Semi could glean from cross-sectional photographs of wafers.

- Samsung will supplement its interrogatory responses by Friday, August 8th related to the '827 patent.

## 4.    Other Issues

- ON Semiconductor agreed to supplement its response to Samsung's Interrogatory No. 32 regarding JEDEC and standards issues by August 8th. ON Semiconductor will also provide a date for a 30(b)(6) witness on JEDEC topics for the week of August 18th.

- ON Semiconductor agreed to provide dates shortly for other outstanding depositions, including the deposition of Mr. Botsch.

- Samsung asked whether ON Semiconductor had attempted to collect documents from Motorola. During the call, you were unable to answer this question. Please get back to us on this issue immediately.

- The parties agreed generally to supplement their interrogatory responses as necessary by August 8th.

# KIRKLAND & ELLIS LLP

Eric Cha
August 4, 2008
Page 5

Sincerely,

*Gregory F. Corbett*

Gregory F. Corbett

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, NW
Washington, DC 20005

Gregory F. Corbett
To Call Writer Directly:
(202) 879-5296
gcorbett@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

July 9, 2008

**VIA E-MAIL**

Guadalupe M. Garcia, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303

Re:    ***Samsung Electronics Co., Ltd. et al. v. ON Semiconductor Corp. et al.,***
       **C.A. Nos. 07-449 and 06-720 (JJF)**

Dear Mr. Garcia:

This follows up regarding Samsung's Notice of Inspection dated June 10, 2008 for Samsung's inspection of certain ON Semiconductor processes. The inspection was originally noticed to take place on July 10, 2008. However, ON Semiconductor has not yet provided information in response to Samsung's Interrogatory No. 31 related to the issues set forth in Samsung's Notice of Inspection, including identifying the locations where ON Semiconductor uses the accused processes. Nor has ON Semiconductor produced the information and documents requested by Samsung's other related interrogatories and document requests.

Accordingly, we will seek to reschedule the inspection on another date after ON Semiconductor has provided the requested information and discovery.

Sincerely,

*Gregory F. Corbett*

Gregory F. Corbett

Chicago       Hong Kong       London       Los Angeles       Munich       San Francisco       Washington, D.C.

# KIRKLAND & ELLIS LLP
#### AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, NW
Washington, DC 20005

Gregory F. Corbett
To Call Writer Directly:          (202) 879-5000
(202) 879-5296                                                    Facsimile:
gcorbett@kirkland.com          www.kirkland.com          (202) 879-5200

August 11, 2008

<u>**VIA E-MAIL**</u>

Guadalupe M. Garcia, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303

Re:    *Samsung Electronics Co., Ltd. et al. v. ON Semiconductor Corp. et al.,*
        **C.A. Nos. 07-449 and 06-720 (JJF)**

Dear Mr. Garcia:

This letter responds to your August 5, 2008 letter regarding our July 31, 2008 meet and confer.

As an initial matter, your letter purports to "follow-up regarding certain outstanding issues that appear from the parties' meet and confer." We assume your letter does not intend to address all "outstanding issues" from the meet and confer because ON Semiconductor has not addressed any of ours, including its inability to provide witnesses for numerous outstanding Rule 30(b)(6) depositions, notwithstanding that we are now in the second week of August and the close of fact discovery was supposed to be on July 11.

With reference to your specific items, we respond as follows:

## I.    '177 Patent Process Discovery

As you know, Samsung filed a timely notice of inspection in order to pull wafers for testing and examination in connection with pursuing its infringement case with respect to the '177 patent. Your letter confirms that ON Semiconductor refuses to provide this discovery. ON Semiconductor contends that Samsung "provided no examples of information that could be obtained from an inspection that could not be obtained from less burdensome or less obtrusive ways." To the contrary, we provided specific examples including sample wafers pulled during production. We would have been happy to obtain this information from documents but, as we have previously identified, ON Semiconductor has failed to produce documents with the relevant information. Assuming that ON Semiconductor had complied with the Court's requirement to

Chicago      Hong Kong      London      Los Angeles      Munich      San Francisco      Washington, D.C.

# KIRKLAND & ELLIS LLP

Guadalupe M. Garcia
August 11, 2008
Page 2

have produced its documents by April 11, we timely served a notice of inspection to obtain this
discovery not otherwise available. To the extent your most recent and promised future document
productions change this situation, we will let you know.

With respect to your proposal that ON Semiconductor pull the wafers for Samsung, we may be
able to agree to that procedure as long as it is performed based on our direction and we are
permitted to attend. With respect to your request for more detailed information about the wafer
pull, we agree that the parties should cooperate and provide specific guidance to minimize the
disruption to ON Semiconductor and minimize costs and expenses for all. We note that ON
Semiconductor has yet to provide documents and key information regarding ON
Semiconductor's process details. We will provide more details regarding the inspection when
ON Semiconductor provides the promised documents and information.

With respect to the SEM and TEM images issue, we understand your letter to confirm that you
have already produced all such images in your possession. If that is incorrect, please let us know
immediately.

## II.    Novellus Discovery

With respect to the "Novellus discovery" you now seek in your letter, it appears ON
Semiconductor has exhausted its arguments for more discovery on the Novellus machines. The
documents and testimony show that the Novellus machine does not make bumps as required by
the claims, and does not change the 3 parameters—flow rate, cup size, and wafer height—that *all*
must change to fall within the scope of the '827 claims. None of the discovery you now seek
months after the close of document discovery has any bearing on these issues, except to the
extent we have already provided it.

We have already produced the documents, to the extent they exist and we understand your
request, that describe the operation of the Novellus electroplating machine including the flow
rate and position of the wafer in the machine. These parameters—flow rate, wafer position—do
not appear in many documents because, consistent with the testimony and other evidence, they
do not change. For example, because flow rate and wafer position in Samsung's Novellus
machines does not vary, these parameters do not appear in the process flows or recipes as
reflected in the ones we have provided. We do note that you have identified the process flow
that we produced and previously identified to ON Semiconductor notwithstanding the Court's
order denying ON Semiconductor's motion to compel such process flows. Although you
declined to examine Samsung's 30(b)(6) witness on the Novellus process flow document, had
you done so, you would have learned that the very few steps in the 600-plus step process flows
relating to electroplating do not contain this information. What the process flow does

## KIRKLAND & ELLIS LLP

Guadalupe M. Garcia
August 11, 2008
Page 3

unambiguously show, as we previously explained to both the Court at the March 7 hearing and counsel for ON Semiconductor at our prior meet and confer conference, is that there are no "bumps" under anyone's definition because the electroplating step is for creating copper wiring and the step following every electroplating step is a CMP step, which polishes the already flat copper surface deposited by the electroplating.

With respect to your new requests for production wafers and cross sectional images raised for the first time on the July 31, 2008 call, as we have previously noted, it is untimely and irrelevant. By agreement of the parties and ordered by the Court, there are no new discovery requests in our extended discovery period after July 11, 2008. We note that your letter identifies no discovery requests that seek production wafers or cross sectional images (other than to the extent the images were part of documents already produced). We also note this discovery was never raised in any prior letter or meet and confer. Equally important is that there is no relevance that we can identify. Indeed, your letter cites your "infringement contentions" as establishing the "critical importance" of production wafers. This is to inform you that your infringement contentions fail to provide any guidance as how the Novellus machine allegedly infringes. For example, there is no identification of any alleged "bump" under any construction in your amended infringement contentions. If ON Semiconductor now contends that the planar flat surface of the copper after electroplating is or has "bumps," please identify the bumps. We are not aware of any and would like to bring your position to the Court's attention. Your letter appears to imply that there may be some relevant evidence in Exhibit 8 of the Oh deposition. Please let us know precisely how this exhibit relates to your infringement contentions. Please also identify the alleged "predetermined terminal areas" where you contend the "bumps" are located. Your infringement contentions fail to identify any such structure, but instead point generally to documents that show no such limitation. Please also inform us how the Novellus machines "alter" the flow rate, container opening, and height of the wafer relative to the container, what structure you allege constitutes the container and opening, and when the required "altering" steps allegedly took place. Your infringement contentions provide no information on this subject and, again, we would like to accurately state your position to the Court. We are happy to discuss this with you so we ensure we represent your position correctly.

Your letter also requests "design rule" documents. Again, ON Semiconductor fails to identify any relevant document requests for this new discovery, consistent with the fact that "design rules" are not related to electroplating. In support of relevancy, ON Semiconductor argues that "[t]his information is relevant in determining whether a particular trench will have a non-planar accumulation after electroplating." To the extent we understand your position—*i.e.*, the surface over a trench is not flat after electroplating—this argument is factually incorrect as already explained at Mr. Oh's deposition. If you are aware of any evidence that supports your position, please let us know. As explained by Mr. Oh, _____ (*see, e.g.,* 6/25/08

**REDACTED**

# KIRKLAND & ELLIS LLP

Guadalupe M. Garcia
August 11, 2008
Page 4

**REDACTED**

Dep. Tr. at 222, 230, 262)                                                                                           (*see,*
*e.g.,* 6/25/08 Dep. Tr. at 221).   Moreover, as was shown at the deposition, any non-planar
accumulations on the surface of the copper are not known as "bumps"—they are "defects." (*see,*
*e.g.,* 6/25/08 Dep. Ex. 9).   To the extent ON Semiconductor is now basing its infringement
contentions on the production of defective wafers, please confirm your position.  Please also be
advised that Samsung does not sell defective wafers.

Sincerely,

Gregory F. Corbett

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, NW
Washington, DC 20005

Gregory F. Corbett
To Call Writer Directly:
(202) 879-5296
gcorbett@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

August 13, 2008

<u>**VIA E-MAIL**</u>

Guadalupe M. Garcia, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303

Re:    ***Samsung Electronics Co., Ltd. et al. v. ON Semiconductor Corp. et al.,***
****C.A. Nos. 07-449 and 06-720 (JJF)****

Dear Mr. Garcia:

This follows-up on several issues rasied during our July 31, 2008 meet and confer and subsequent correspondence.

1.    In our July 31, 2008 meet and confer, we requested your representation that you have produced all documents and things in response to our document requests related to ON Semiconductor's processes (and products made by such processes) that include the steps of patterning inter-metal insulation layers with photoresist, etching those insulating layers, and removing the photoresist by plasma etching, including Samsung Requests for Production Nos. 88-90, 103, 109-115. To date, you have identified only limited processes in the Czech Republic, which appears inconsistent with the use of aluminum wiring layers in ON Semiconductor's other products. Please confirm that your production regarding processes, process flows, and control plans involving plasma ashing or etching steps is complete. Please also confirm you have searched all of ON Semiconductor's other facilities for documents responsive to these requests, including those of ON Semiconductor's recently acquired businesses such as AMI, and that you have produced them and not withholding them based on objections.

2.    In our July 31, 2008 meet and confer, we followed up on our June 10, 2008 Notice of Inspection, and you refused and suggested other alternatives might be available. We have now reviewed the documents you recently produced and none provide the information we seek, such as the presence and characteristics of oxide layers formed during ON Semiconductor's manufacturing process, including oxide layers formed during plasma etching steps. We are unaware of any alternatives to discovery through inspection—which, as we said, we agree you

---

Chicago      Hong Kong      London      Los Angeles      Munich      San Francisco      Washington, D.C.

# KIRKLAND & ELLIS LLP

Guadalupe M. Garcia
August 13, 2008
Page 2

can perform under our direction and presence—absent a stipulation that the limitation is met. *See also* our August 11th, August 5th, July 25th, and July 9th letters regarding Samsung's June 10, 2008 Notice of Inspection. Please let us know if you have reconsidered your position.

3.      In correspondence subsequent to our meet and confer, you premised arguments for new discovery on the Novellus machines on your new infringement contentions. As we have explained, your new infringement contentions fail to provide any guidance for your new theories, including the limitations we outlined in our correspondence. *See, e.g.*, our letters of August 11th and August 4th; *see also* 6/25/08 deposition of Mr. Jun-Hwan Oh at 261. As we stated then, and repeat now, we would like to accurately understand your contentions and request you supplement those responses. Please let us know if you have reconsidered your position.

Sincerely,

Gregory F. Corbett