IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 07-449 (JJF) |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., Defendants. | ) ) ) ) ) ) ) | **REDACTED PUBLIC VERSION** |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 06-720 (JJF) |
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

**DECLARATION OF RICHARD J. BAUER IN SUPPORT
OF ON SEMICONDUCTOR'S MOTION TO COMPEL
DISCOVERY CONERNING INFRINGEMENT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
*Attorneys for ON Semiconductor Corp
and Semiconductor Components Industries, L.L.C*

August 15, 2008
Redacted Filing Date: August 22, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 07-449 (JJF) |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS   AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | ) ) ) ) ) ) | REDACTED PUBLIC VERSION |
| Defendants. | ) | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS   AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 06-720 (JJF) |
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

**DECLARATION OF RICHARD J. BAUER IN SUPPORT
OF ON SEMICONDUCTOR'S MOTION TO COMPEL
DISCOVERY CONERNING INFRINGEMENT**

I, Richard J. Bauer, am an associate with the law firm of MORRIS, NICHOLS &

TUNNELL LLP.  I am one of the attorneys representing ON Semiconductor Corp. and

Semiconductor Components Industries, L.L.C. (collectively, "ON Semiconductor") in this

litigation.  I hereby declare as follows:

1.    Attached as Exhibit A are true and correct copies of ████████

████████████████████████████

2.    Attached as Exhibit B is a true and correct copy of ON Semiconductor's First Supplemental Responses to Samsung's First Set of Interrogatories (Nos. 1, 11 & 12), dated April 11, 2008.

3.    Attached as Exhibit C is a true and correct copy of ON Semiconductor's Second Supplemental Responses to Samsung's First Set of Interrogatories (Nos. 1, 3 & 12), dated July 18, 2008.

4.    Attached as Exhibit D is a true and correct copy of ON Semiconductor's First Set of Requests for Production of Documents and Things, dated March 26, 2007.

5.    Attached as Exhibit E is a true and correct copy of ON Semiconductor's Second Set of Requests for Production of Documents and Things, dated May 8, 2007.

6.    Attached as Exhibit F is a true and correct copy of ON Semiconductor's Fourth Set of Requests for Production of Documents and Things, dated June 6, 2008

7.    Attached as Exhibit G are true and correct copies of excerpts of the deposition transcript of ████████████████████

8.    Attached as Exhibit H are true and correct copies of the following correspondence:

- ████████████████████
- ████████████████████
- ████████████████████████████
- ████████████████████████



- ████████████████████████████████████████████████

- ██████████████████████████████████████████

- █████████████████████████████████████████████████

- █████████████████████████████████████████.

9.    Attached as Exhibit I are true and correct copies of documents ██████ ████████████████████████████

10.    Attached as Exhibit J are true and correct copies of the following correspondence:

- ████████████████████████████████████████████████

- ████████████████████████████████████████████████

- ████████████████████████████████████████████████

11.    Attached as Exhibit K is a true and correct copy of ON Semiconductor's Third Set of Interrogatories to Samsung (Nos. 28-35), dated June 11, 2008.

12.    Attached as Exhibit L are true and correct copies of documents ██████ ████████████████████████

13.    Attached as Exhibit M are true and correct copies documents ██████ ███████████████████████

14.    Attached as Exhibit N are true and correct copy of documents ██████ ████████████████████████

15.    Attached as Exhibit O are true and correct copy of documents ██████ ████████████████████████

I declare under penalty of perjury that the foregoing is true and correct.

August 15, 2008

*/s/ Richard J. Bauer*

Richard J. Bauer (#4828)

2450204

EXHIBIT A

CONFIDENTIAL EXHIBIT

EXHIBIT B

CONFIDENTIAL EXHIBIT

EXHIBIT C

CONFIDENTIAL EXHIBIT

EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SAMSUNG ELECTRONICS CO. LTD.,               )
SAMSUNG ELECTRONICS AMERICA, INC.,          )
SAMSUNG TELECOMMUNICATIONS                  )
  AMERICA GENERAL, LLC,                    )
SAMSUNG SEMICONDUCTOR, INC., and            )
SAMSUNG AUSTIN SEMICONDUCTOR LLC,           )
                                                                 )     C.A. No.  06-720 (***)
                Plaintiffs,                    )
                                            )
      v.                                      )
                                            )
ON SEMICONDUCTOR CORP. and                  )
SEMICONDUCTOR COMPONENTS                     )
INDUSTRIES, LLC,                            )
                                            )
                Defendants.                    )

**DEFENDANTS ON SEMICONDUCTOR CORPORATION'S AND SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, LLC; SAMSUNG SEMICONDUCTOR, INC.; and SAMSUNG AUSTIN SEMICONDUCTOR, LLC**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants ON Semiconductor Corporation and Semiconductor Components Industries, LLC (collectively, "ON Semiconductor") request that Plaintiffs Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications America General, LLC; Samsung Semiconductor, Inc.; and Samsung Austin Semiconductor, LLC (collectively, "Samsung") produce to ON Semiconductor the documents and things identified below for inspection and copying at the offices of ON Semiconductor's counsel, Jones Day, 1755 Embarcadero Road, Palo Alto, CA 94303, within thirty (30) days of service.

## DEFINITIONS

These requests incorporate, without limiting the scope of the Federal Rules of Civil Procedure, the following definitions:

1.     "ALL" refers to all and each, and "EACH" refers to all and each.

2.     "AND" and "OR" refers to either disjunctive or conjunctive use as necessary to bring within the scope of the interrogatories all responses that might otherwise be construed to be outside of its scope.

3.     "COMMUNICATION" refers to any transmittal of information in the form of facts, ideas, inquiries, or otherwise.

4.     "CONCERNING" refers to relating to, referring to, describing, evidencing, or constituting.

5.     The term "DOCUMENT" refers to the usage of this term in Federal Rule of Civil Procedure 34(a), and is synonymous in meaning and equal in scope to this usage, including, without limitation, electronically stored documents, photographs, tape recordings, or other sound or visual materials, computer databases, computer tapes, and any other materials that are in your actual or constructive possession, custody, or control, as well as all prior drafts of the foregoing, and copies of the foregoing on which any mark, alteration, writing or other change from the original has been made.  A draft of non-identical copy is a separate document within the meaning of the term.

6.     The "ON SEMICONDUCTOR PATENTS" refers to the United States Patent Nos. 6,362,644; 5,563,594; 5,361,001; and 5,000,827, including any reexaminations.

7.    The "ON SEMICONDUCTOR PRODUCTS" refers to any accused apparatus, product, device, process, method, act  and/or other instrumentality  that Plaintiffs asserts infringe United States Patent No. 5,252,177.

8.    "RELATED APPLICATIONS" refers to any and all applications related to the referenced   patent(s),   including   any   continuations,   continuations-in-part,   divisionals, interferences, reexaminations, reissues, parents, foreign counter-part applications, and any other applications disclosing, describing, or claiming any invention disclosed, described, or claimed in the referenced patent(s), or claiming the benefit of the filing date of any application whose benefit is claimed in the referenced patent, whether or not abandoned and whether or not issued.

9.    "RELATED PATENTS" refers to any or all patents based upon any RELATED APPLICATION, including any patents that may have been opposed, contacted, or subjected to any nullity proceedings.

10.    The "SAMSUNG PATENT" refers to the United States Patent No. 5,252,177.

11.    The "SAMSUNG PRODUCTS" refer to Double Data Rate (DDR) Synchronous Dynamic Random Access Memory (SDRAM) that includes but is not limited to DDR SDRAM, Mobile DDR SDRAM, DDR2 SDRAM, GDDR SDRAM, GDDR2 SDRAM, and GDDR3 SDRAM, as well as any integrated circuits manufactured using cup plating systems.   The "SAMSUNG PRODUCTS" include, but are not limited to, the following product designations: K4D261638K,  K4D263238K,  K4D263238K,  K4H1G0438A,  K4H1G0638C,  K4H1G0738C, K4H1G0838A,  K4H2G0638A,  K4H510438C,  K4H510638E,  K4H510638H,  K4H510738E, K4H510738H,  K4H510838C,  K4H510838D,  K4H511638C,  K4H511638D,  K4H560438E, K4H560438H,  K4H560838E,  K4H560838H,  K4H561638H,  K4J52324QE,  K4J52324QE, K4J55323QG,  K4J55323QG,  K4N51163QC,  K4N51163QE,  K4N51163QE,  K4N56163QG,

K4N56163QG, K4U52324QE, M312L2820EG(Z)0, M312L2820HZ0, M312L2828ET(U)0, M312L2828HU0, M312L2920CUS, M312L2920CZ0, M312L2923CUS, M312L2923CZ0, M312L3223EG(Z)0, M312L3223ET(U)S, M312L3223HUS, M312L3223HZ0, M312L5128AU0, M312L5128AU1, M312L5620AUS, M312L5623AUS, M312L5628CU0, M312L5720CZ0, M312L6420EG(Z)0, M312L6420ET(U)S, M312L6420HUS, M312L6420HZ0, M312L6423EG(Z)0, M312L6423ET(U)S, M312L6423HUS, M312L6423HZ0, M312L6523CUS, M312L6523CZ0, M368L2923CUN, M368L2923DUN, M368L3223ET(U)M, M368L3223ET(U)N, M368L3223HUS, M368L3324CUS, M368L3324DUS, M368L6423ET(U)M, M368L6423ET(U)N, M368L6423HUN, M368L6523CUS, M368L6523DUS, M381L2923CUM, M381L2923DUM, M381L3223ET(U)M, M381L3223HUM, M381L6423ET(U)M, M381L6423HUM, M381L6523CUM, M381L6523DUM, M470L1624HU0, M470L2923DV0, M470L3224HU0, M470L3324CU0, M470L3324DU0, M470L6524CU0, M470L6524DU0.  The "SAMSUNG PRODUCTS" also include, but are not limited to, product made using the following systems:  Applied Materials, Inc.'s SlimCell system, Novellus Systems Inc.'s Sabre System, and Semitool Inc.'s Raider ECD, Raider ECD 310, and Equinox systems.

12.    "THING" refers to the broadest meaning recognized under Fed. R. Civ. P. Rule 34(a).

13.    "SAMSUNG," "YOU," and "YOUR" refers to Plaintiffs Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications America General, LLC; Samsung Semiconductor, Inc.; and Samsung Austin Semiconductor, LLC, their present and former directors, officers, employees, attorneys, accountants, consultants, representatives,

agents, subsidiaries, divisions, successors in interest, any partnerships or joint ventures to which any of the Plaintiffs is party, and/or other persons acting on any of the Plaintiffs' behalf.

14.    The use of the singular form of any word includes the plural and vice versa.

## **INSTRUCTIONS**

These requests incorporate, without limiting the scope of the Federal Rules of Civil Procedure, the following instructions:

1.    When producing documents to satisfy this Request, identify the paragraph number to which the produced document responds.

2.    The identical text of the individual request for production being answered from this Request must immediately precede each answer given.

3.    You are to produce the documents as they are kept in the ordinary course of business or with appropriate markings or designations so that it may be determined to what request they are responsive, including, without limitation, labels that identify documents, binder covers or file folders with tabs or dividers.

4.    Any electronic information must be produced in a coherent and understandable format or together with a description of the system from which it was derived so that it may be converted to a coherent and understandable format.

5.    If a time period is not specified in the request, all responsive documents for each request must be produced, regardless of the date of the documents were created or received.

6.    PRIVILEGE:  If you withhold from production any document on the grounds of privilege, please further provide the following information:

       (a)    Date(s) of the creation, transmission, and modification of the document (or an estimate of these dates if not known);

(b)    Author(s);

(c)    Addressee(s);

(d)    Person(s) who received copies;

(e)    Subject of the document;

(f)    The present location and custodian of the document;

(g)    Nature and grounds for the privilege claimed; and

(h)    The paragraph number of the individual request(s) to which each document is responsive.

7.    If any of the documents demanded herein have been destroyed, please furnish a list identifying each such document, its author and addressee, each person to whom copies of the document were furnished or to whom the contents of the document were communicated, a summary of the substance of the document, the date upon which it was destroyed, the reason it was destroyed, and the name of the person who ordered or authorized such destruction.

8.    This Request is deemed to be continuing in nature, and in the event you become aware of or acquire in your possession, custody, or control new responsive documents, you are requested promptly to produce such additional documents for inspection and copying.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**Request No. 1:**    DOCUMENTS AND THINGS sufficient to show SAMSUNG'S DOCUMENT retention AND destruction policies AND practices from 1991 to present, including retention OR destruction of DOCUMENTS OR files, including, but not limited to electronic data AND/OR media.

6

**Request No. 2:**        DOCUMENTS AND THINGS sufficient to describe the corporate structure, both inter- AND intra-entity AND including ownership AND control, of SAMSUNG, AND any corporate parents, subsidiaries, affiliates, predecessors OR successors thereof.

**Request No. 3:**        From 2000 to the present, organizational charts sufficient to identify SAMSUNG'S personnel involved with research AND development, testing, design, patent activities, management, finance, engineering, production, manufacturing, licensing, sales AND marketing, technical services, AND distribution.

**Request No. 4:**        ALL DOCUMENTS CONCERNING SAMSUNG'S pre-filing investigation for ALL claims brought by SAMSUNG against ON Semiconductor in this action.

**Request No. 5:**        ALL DOCUMENTS OR THINGS CONCERNING any of the allegations in SAMSUNG'S complaint.

**Request No. 6:**        ALL DOCUMENTS AND THINGS identified in SAMSUNG'S initial disclosures.

**Request No. 7:**        ALL DOCUMENTS identified OR relied upon in response to Defendants First Set of Interrogatories served herewith.

**Request No. 8:**        ALL DOCUMENTS constituting OR CONCERNING internal SAMSUNG COMMUNICATIONS AND/or COMMUNICATIONS between SAMSUNG AND any other party regarding this lawsuit.

**Request No. 9:**        ALL DOCUMENTS CONCERNING internal SAMSUNG COMMUNICATIONS OR COMMUNICATIONS between SAMSUNG AND any party other than SAMSUNG in which ON Semiconductor OR any of the ON SEMICONDUCTOR PATENTS are referenced OR discussed.

**Request No. 10:**    ALL DOCUMENTS CONCERNING correspondence of the named inventors who are employed OR no longer employed by SAMSUNG regarding the SAMSUNG PATENT, the subject matter therein, OR this lawsuit.

**Request No. 11:**    ALL DOCUMENTS that YOU have shown OR otherwise made available to any expert YOU expect to call as a witness in connection with this lawsuit AND EACH DOCUMENT that such expert has shown OR transmitted to SAMSUNG.

**Request No. 12:**    ALL DOCUMENTS reviewed in connection with this lawsuit by any expert YOU expect to call as a witness in connection with this lawsuit.

**Request No. 13:**    ALL other DOCUMENTS not previously produced OR identified that YOU intend to rely upon in support of YOUR claims at the trial.

**Request No. 14:**    ALL DOCUMENTS AND THINGS CONCERNING the ON SEMICONDUCTOR PATENTS.

**Request No. 15:**    ALL DOCUMENTS AND THINGS CONCERNING any searches, investigations OR evaluations as to the novelty, patentability, validity, enforceability, scope AND/or infringement of the ON SEMICONDUCTOR PATENTS including but not limited to, ALL DOCUMENTS that CONCERN any written OR oral opinion, evaluation OR analysis as to the novelty, patentability, validity, enforceability, scope AND/or infringement of the ON SEMICONDUCTOR PATENTS.

**Request No. 16:**    ALL opinions, reports AND evaluations, AND ALL DOCUMENTS CONCERNING OR embodying opinions (whether written OR oral), including those by attorneys, CONCERNING the alleged infringement, validity, AND/or unenforceability of the ON SEMICONDUCTOR PATENTS OR any RELATED PATENT OR RELATED APPLICATION.

**Request No. 17:**      ALL DOCUMENTS CONCERNING any formal OR informal opinions, analyses, tests, OR studies CONCERNING whether SAMSUNG PRODUCTS infringe any of the ON SEMICONDUCTOR PATENTS.

**Request No. 18:**      ALL DOCUMENTS that have ever been considered OR evaluated by OR for YOU CONCERNING patentability, validity, OR enforceability of the ON SEMICONDUCTOR PATENTS, including any evaluation OR analysis of the patentability of the ON SEMICONDUCTOR PATENTS.

**Request No. 19:**      ALL DOCUMENTS AND THINGS that SAMSUNG contends are relevant to the construction OR interpretation of the asserted claims of the ON SEMICONDUCTOR PATENTS, including ALL DOCUMENTS AND THINGS that support OR refute ON Semiconductor's AND SAMSUNG'S proposed constructions of the asserted claims.

**Request No. 20:**      ALL DOCUMENTS AND THINGS that demonstrate the level of ordinary skill in the art for EACH claim of the ON SEMICONDUCTOR PATENTS.

**Request No. 21:**      ALL DOCUMENTS AND THINGS that support OR contradict YOUR contention that the claims in the ON SEMICONDUCTOR PATENTS are invalid because they fail to satisfy the conditions for patentability specified in 35 U.S.C. § 102.

**Request No. 22:**      ALL DOCUMENTS AND THINGS that support OR contradict YOUR contention that the claims in the ON SEMICONDUCTOR PATENTS are invalid because they fail to satisfy the conditions for patentability specified in 35 U.S.C. § 103.

**Request No. 23:**      ALL DOCUMENTS AND THINGS that support OR contradict YOUR contention that the claims in the ON SEMICONDUCTOR PATENTS are invalid because they fail to satisfy the conditions for patentability specified in 35 U.S.C. § 112.

**Request No. 24:**    ALL DOCUMENTS AND THINGS that support OR contradict YOUR contention that the ON SEMICONDUCTOR PATENTS are unenforceable against YOU pursuant to the doctrine of laches, estoppel, waiver AND/or acquiescence.

**Request No. 25:**    ALL DOCUMENTS AND THINGS that support OR contradict YOUR contention that YOU have not INFRINGED, AND are not INFRINGING the ON SEMICONDUCTOR PATENTS.

**Request No. 26:**    ALL DOCUMENTS CONCERNING OR evidencing YOUR first knowledge OR awareness of the ON SEMICONDUCTOR PATENTS, including ALL DOCUMENTS describing the circumstances in which YOU first learned of the ON SEMICONDUCTOR PATENTS.

**Request No. 27:**    ALL DOCUMENTS AND THINGS CONCERNING any patents OR patent applications RELATED to the SAMSUNG PRODUCTS, including but not limited to:

  a.  ALL patents;

  b.  ALL patent applications;

  c.  The complete prosecution files of ALL patent applications;

  d.  ALL DOCUMENTS that were reviewed in connection with, OR that provide any part of the basis for, the preparation of the patent application;

  e.  ALL DOCUMENTS that constitute OR CONCERN COMMUNICATIONS OR other DOCUMENTS exchanged between SAMSUNG AND any patent attorney OR agent CONCERNING the application OR prosecution of the applications;

  f.  ALL drafts of the applications OR papers filed during prosecution of the patent applications; AND

g. ALL publications, patents, THINGS, public uses, AND offers for sale located OR identified in connection with any investigation regarding the patentability, validity, OR enforceability of the patent OR the subject matter claimed in the patent OR patent applications.

**Request No. 28:** ALL DOCUMENTS sufficient to identify ALL persons involved in the prosecution of any patents OR patent applications CONCERNING the SAMSUNG PRODUCTS.

**Request No. 29:** ALL DOCUMENTS CONCERNING the scope, validity, infringement, non-infringement, enforceability, OR unenforceability of any patents OR patent applications CONCERNING the SAMSUNG PRODUCTS, including, but not limited to, any opinion of counsel.

**Request No. 30:** ALL DOCUMENTS AND THINGS that form the basis for, in whole OR in part, OR that were considered in connection with, any opinion of counsel CONCERNING the scope, validity, infringement, non-infringement, enforceability, OR unenforceability of ALL patents OR patent applications CONCERNING the SAMSUNG PRODUCTS.

**Request No. 31:** ALL DOCUMENTS CONCERNING any patentability OR prior art investigation, search, study, evaluation, OR opinion of any patent OR patent applications CONCERNING the SAMSUNG PRODUCTS.

**Request No. 32:** ALL DOCUMENTS AND THINGS CONCERNING the conception, development, testing, OR reduction to practice of the SAMSUNG PRODUCTS, including, but not limited to, laboratory notebooks, prototypes, AND invention disclosures.

**Request No. 33:**     ALL DOCUMENTS sufficient to identify ALL persons who participated in the development OR testing of the SAMSUNG PRODUCTS.

**Request No. 34:**     ALL prototypes created in connection with the SAMSUNG PRODUCTS.

**Request No. 35:**     ALL publications CONCERNING the SAMSUNG PRODUCTS.

**Request No. 36:**     ALL DOCUMENTS CONCERNING the first sale OR offer for sale of ALL SAMSUNG PRODUCTS.

**Request No. 37:**     ALL marketing, promotional, AND sales DOCUMENTS CONCERNING the SAMSUNG PRODUCTS.

**Request No. 38:**     ALL DOCUMENTS CONCERNING presentations, demonstrations, proposals, AND other COMMUNICATIONS to any third party regarding the SAMSUNG PRODUCTS, including, but not limited to, sales AND marketing presentations AND product demonstrations.

**Request No. 39:**     ALL DOCUMENTS constituting OR CONCERNING any agreements CONCERNING the SAMSUNG PRODUCTS OR any patents OR patent applications CONCERNING the SAMSUNG PRODUCTS, including, but not limited to, sales agreements.

**Request No. 40:**     ALL DOCUMENTS sent to OR received from any licensee OR potential licensee CONCERNING the SAMSUNG PRODUCTS.

**Request No. 41:**     ALL DOCUMENTS CONCERNING any monetary evaluation of the SAMSUNG PRODUCTS, any patents OR patent applications related thereto, including, but not limited to, any determination of an appropriate royalty rate for the invention OR products.

**Request No. 42:**    ALL DOCUMENTS CONCERNING any legal OR administrative proceedings involving the SAMSUNG PRODUCTS, including without limitation, pleadings, transcripts of hearings, depositions, trial transcripts, settlement agreements, AND any DOCUMENTS constituting exhibits offered OR admitted in any such pleading.

**Request No. 43:**    ALL DOCUMENTS CONCERNING OR comprising any license agreements CONCERNING the SAMSUNG PRODUCTS OR any technology CONCERNING the SAMSUNG PRODUCTS, including licenses granted OR obtained as a result of the settlement of litigation.

**Request No. 44:**    ALL DOCUMENTS sufficient to show the total monthly gross AND net sales (both in units AND in dollars) for EACH of the SAMSUNG PRODUCTS made, sold, AND/or offered for sale by SAMSUNG OR that SAMSUNG has licensed OR authorized a third party to sell.

**Request No. 45:**    ALL DOCUMENTS sufficient to show the monthly profits for EACH of the SAMSUNG PRODUCTS made, sold, AND/or offered for sale by SAMSUNG OR that SAMSUNG has licensed OR authorized a third party to sell.

**Request No. 46:**    ALL DOCUMENTS sufficient to show any anticipated profits OR sales for EACH of the SAMSUNG PRODUCTS made, sold, AND/or offered for sale by SAMSUNG OR that SAMSUNG has licensed OR authorized a third party to sell, including ALL forecasts AND projections.

**Request No. 47:**    ALL DOCUMENTS sufficient to show the market share for EACH of the SAMSUNG PRODUCTS made, sold, AND/or offered for sale by SAMSUNG OR that SAMSUNG has licensed OR authorized a third party to sell.

**Request No. 48:**    ALL DOCUMENTS CONCERNING the scope of the SAMSUNG PATENT.

**Request No. 49:**    ALL DOCUMENTS AND THINGS that SAMSUNG contends are relevant to the construction OR interpretation of the asserted claims of the SAMSUNG PATENT, including ALL DOCUMENTS AND THINGS that support OR refute ON Semiconductor's AND SAMSUNG'S proposed constructions of the asserted claims.

**Request No. 50:**    ALL DOCUMENTS AND THINGS that demonstrate the level of ordinary skill in the art for EACH claim of the SAMSUNG PATENT.

**Request No. 51:**    ALL DOCUMENTS AND THINGS CONCERNING the preparation AND prosecution of the SAMSUNG PATENT, RELATED PATENTS, AND RELATED APPLICATIONS, including the file histories of the SAMSUNG PATENT, RELATED PATENTS, AND RELATED APPLICATIONS.

**Request No. 52:**    ALL invention disclosure forms CONCERNING the SAMSUNG PATENT.

**Request No. 53:**    ALL DOCUMENTS authored, written, OR published by OR under the name of the named inventors of the SAMSUNG PATENT with respect to the technological field of the SAMSUNG PATENT, including but not limited to correspondence, technical publications, journal articles, presentations, studies, theses, academic papers, research papers, technical analyses, AND inventor notebooks.

**Request No. 54:**    ALL DOCUMENTS AND THINGS CONCERNING the named inventors of the SAMSUNG PATENT  in the technological fields of the SAMSUNG PATENT.

**Request No. 55:**    ALL DOCUMENTS CONCERNING conception of EACH AND every invention claimed in the SAMSUNG PATENT.

**Request No. 56:**     ALL DOCUMENTS CONCERNING the alleged reduction to practice, whether actual OR constructive, of EACH AND every invention claimed in the SAMSUNG PATENT.

**Request No. 57:**     ALL DOCUMENTS AND THINGS CONCERNING EACH AND every instance in which any person has contended that any claim of the SAMSUNG PATENT AND/or RELATED PATENTS is invalid, unenforceable, void, OR not infringed.

**Request No. 58:**     ALL DOCUMENTS AND THINGS CONCERNING EACH AND every instance in which any person has contended that any claim of the SAMSUNG PATENT AND/or RELATED PATENTS is actually, potentially, OR allegedly infringed.

**Request No. 59:**     ALL DOCUMENTS CONCERNING any lawsuit, ITC action, interference, arbitration, mediation, OR any other dispute OR adversarial proceeding involving the SAMSUNG PATENT OR RELATED PATENTS, including without limitation:

a.  ALL deposition transcripts (with exhibits);

b.  ALL discovery, including, without limitation, interrogatories, requests for admissions, requests for production, expert witness discovery AND witness lists;

c.  ALL responses to discovery listed in (b) above, including, without limitation, ALL DOCUMENTS produced in response to the discovery requests;

d.  ALL expert reports;

e.  ALL infringement contentions AND invalidity contentions, as well as any technical DOCUMENTS AND prior art references referenced therein;

f.  ALL transcripts of hearings OR other court proceedings;

g.  ALL court orders;

h.  ALL claim charts; AND

i.  ALL DOCUMENTS produced in contemplation of settlement.

**Request No. 60:**    ALL DOCUMENTS AND THINGS CONCERNING ALL litigation, prosecution, OR other administrative OR legal proceedings worldwide, completed OR ongoing, CONCERNING the SAMSUNG PATENT, RELATED PATENTS, OR RELATED APPLICATIONS.

**Request No. 61:**    For EACH device OR method that, to SAMSUNG'S knowledge, actually OR allegedly practices OR practiced any of the claimed inventions from the SAMSUNG PATENT, ALL DOCUMENTS CONCERNING how EACH such device OR method actually OR allegedly practices EACH of the claimed inventions from the SAMSUNG PATENT.

**Request No. 62:**    ALL prior art of which SAMSUNG is aware to the SAMSUNG PATENT, RELATED PATENTS, AND RELATED APPLICATIONS.

**Request No. 63:**    ALL DOCUMENTS AND THINGS that anyone ever contended were prior art to the SAMSUNG PATENT, RELATED PATENTS, AND RELATED APPLICATIONS.

**Request No. 64:**    ALL DOCUMENTS AND THINGS CONCERNING any AND ALL searches for Prior Art with respect to the SAMSUNG PATENT, RELATED PATENTS, AND RELATED APPLICATIONS.

**Request No. 65:**    DOCUMENTS sufficient to show the first sale of EACH device that practices any of the claimed inventions from the SAMSUNG PATENT, RELATED PATENTS, AND RELATED APPLICATIONS.

**Request No. 66:**    DOCUMENTS sufficient to show the first offer for sale of EACH device that practices any of the claimed inventions from the SAMSUNG PATENT, RELATED PATENTS, AND RELATED APPLICATIONS of which SAMSUNG is aware.

**Request No. 67:**     DOCUMENTS sufficient to show the first public use of EACH device OR method that practices any of the claimed inventions from the SAMSUNG PATENT, RELATED PATENTS, AND RELATED APPLICATIONS of which SAMSUNG is aware.

**Request No. 68:**     DOCUMENTS sufficient to show the first public disclosure of EACH device that practices any of the claimed inventions from the SAMSUNG PATENT, RELATED PATENTS, AND RELATED APPLICATIONS of which SAMSUNG is aware.

**Request No. 69:**     DOCUMENTS sufficient to show the first use for a commercial purpose of EACH device that practices any of the claimed inventions from the SAMSUNG PATENT, RELATED PATENTS, AND RELATED APPLICATIONS of which SAMSUNG is aware.

**Request No. 70:**     ALL DOCUMENTS that SAMSUNG may use to show non-obviousness of the alleged inventions of the asserted claims of the SAMSUNG PATENT.

**Request No. 71:**     ALL DOCUMENTS CONCERNING the basis for any claim OR defense of experimental use in response to an assertion by ON Semiconductor of invalidity of the SAMSUNG PATENT under 35 U.S.C. § 102(b).

**Request No. 72:**     ALL DOCUMENTS CONCERNING any "objective evidence" of "secondary considerations" of the non-obviousness of any asserted claim of the SAMSUNG PATENT in accordance with, for example, *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966), including, without limitation, commercial success, long-felt need, copying by others, attempts by others to solve the problems addressed by the SAMSUNG PATENT, AND acceptance in the industry AND/or by the public of the claimed alleged inventions.

**Request No. 73:**     ALL DOCUMENTS AND THINGS that SAMSUNG contends are relevant to the construction OR interpretation of the asserted claims of the SAMSUNG

PATENT, including ALL DOCUMENTS AND THINGS that support OR refute ON Semiconductor's AND SAMSUNG'S proposed constructions of the asserted claims.

**Request No. 74:**     ALL DOCUMENTS CONCERNING when SAMSUNG became aware that any ON SEMICONDUCTOR PRODUCT potentially OR actually allegedly infringed one OR more of the SAMSUNG PATENT, RELATED PATENTS, AND RELATED APPLICATIONS.

**Request No. 75:**     ALL DOCUMENTS CONCERNING whether the SAMSUNG PATENT is allegedly infringed by any of the accused ON SEMICONDUCTOR PRODUCTS OR the use of the accused ON SEMICONDUCTOR PRODUCTS.

**Request No. 76:**     ALL DOCUMENTS AND THINGS CONCERNING the alleged infringement by ON Semiconductor of the SAMSUNG PATENT.

**Request No. 77:**     ALL DOCUMENTS AND THINGS CONCERNING any actual OR potential claim by SAMSUNG that ON Semiconductor's infringement of the SAMSUNG PATENT is willful OR that SAMSUNG is otherwise entitled to enhanced damages under 25 U.S.C. § 284.

**Request No. 78:**     ALL DOCUMENTS CONCERNING ON Semiconductor, its business, its customers, OR its products.

**Request No. 79:**     ALL DOCUMENTS AND THINGS CONCERNING any of the accused ON SEMICONDUCTOR PRODUCTS.

**Request No. 80:**     ALL DOCUMENTS CONCERNING any discussion of the ON SEMICONDUCTOR PRODUCTS, including methods of manufacture, including but not limited to any competitive analysis of any products OR methods used by SAMSUNG.

18

**Request No. 81:**     DOCUMENTS sufficient to show ALL assignments, licenses, attempts to license, attempts to enforce, AND negotiations regarding the SAMSUNG PATENT, RELATED PATENTS, AND RELATED APPLICATIONS.

**Request No. 82:**     ALL DOCUMENTS CONCERNING any discussions CONCERNING the possible licensing of any technology OR methods from SAMSUNG that are in the technical field of the SAMSUNG PATENT, RELATED PATENTS, AND RELATED APPLICATIONS.

**Request No. 83:**     ALL DOCUMENTS CONCERNING ON Semiconductor's potential liability OR non-liability with respect to the SAMSUNG PATENT, RELATED PATENTS, AND RELATED APPLICATIONS.

**Request No. 84:**     ALL DOCUMENTS AND THINGS CONCERNING any damages that SAMSUNG alleges it has suffered as a result of ON Semiconductor's alleged infringement of the SAMSUNG PATENT, including but not limited to any calculation OR estimates of damages, any information forming the basis for such damages calculations OR estimates, AND any methodology used to calculate OR estimate damages.

**Request No. 85:**     ALL DOCUMENTS AND THINGS sufficient to show any AND ALL products marked with the SAMSUNG PATENT OR RELATED PATENTS.

**Request No. 86:**     ALL DOCUMENTS AND THINGS sufficient to show any marking with the Patent Numbers of the SAMSUNG PATENT by any SAMSUNG licensee OR any efforts to require any licensee to mark any product.

**Request No. 87:**     ALL DOCUMENTS CONCERNING the value of the SAMSUNG PATENT, damages for infringement of the SAMSUNG PATENT, AND royalties for licenses for the SAMSUNG PATENT.

**Request No. 88:**     DOCUMENTS sufficient to show ALL rights ever granted under the SAMSUNG PATENT, including assignments, security interests, exclusive AND non-exclusive licenses, transfers of ownership, AND the chain of title of the SAMSUNG PATENT.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Richard J. Bauer (#4828)*
Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
klouden@mnat.com
*Attorneys for defendants*

OF COUNSEL:

Kenneth R. Adamo
JONES DAY
2727 North Harwood Street
Dallas, TX  75201-1515
(214) 220-3939

T. Gregory Lanier
Behrooz Shariati
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
(650) 739-3939

March 26, 2007

777675.1

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on March 26, 2007, copies of the foregoing

were caused to be served upon the following in the manner indicated:

**<u>BY HAND AND EMAIL</u>**

John W. Shaw
Andrew A. Lundgren
YOUNG, CONAWAY, STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Flr.
Wilmington, DE  19899

**<u>BY EMAIL</u>**

John M. Desmarais
James E. Marina
KIRKLAND & ELLIS
153 East 53rd Street
New York, NY  10022

*/s/ Richard J. Bauer (#4828)*
Richard J. Bauer (#4828)

EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS CO. LTD., | ) | |
| SAMSUNG ELECTRONICS AMERICA, INC., | ) | |
| SAMSUNG TELECOMMUNICATIONS | ) | |
| AMERICA GENERAL, LLC, | ) | |
| SAMSUNG SEMICONDUCTOR, INC., and | ) | |
| SAMSUNG AUSTIN SEMICONDUCTOR LLC, | ) | |
| | ) | C.A. No.  06-720 (***) |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ON SEMICONDUCTOR CORP. and | ) | |
| SEMICONDUCTOR COMPONENTS | ) | |
| INDUSTRIES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS ON SEMICONDUCTOR CORPORATION'S AND SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, LLC; SAMSUNG SEMICONDUCTOR, INC.; and SAMSUNG AUSTIN SEMICONDUCTOR, LLC**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants ON Semiconductor Corporation and Semiconductor Components Industries, LLC (collectively, "ON Semiconductor") request that Plaintiffs Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications America General, LLC; Samsung Semiconductor, Inc.; and Samsung Austin Semiconductor, LLC (collectively, "Samsung") produce to ON Semiconductor the documents and things identified below for inspection and copying at the offices of ON Semiconductor's counsel, Jones Day, 1755 Embarcadero Road, Palo Alto, CA 94303, within thirty (30) days of service.

These requests are supplemental to the obligations Samsung already has to provide disclosure to ON Semiconductor pursuant to the Federal Rules of Civil Procedure and the local rules of the District of Delaware, and are not intended to delay Samsung's compliance with these rules.

## DEFINITIONS

These requests incorporate, without limiting the scope of the Federal Rules of Civil Procedure, the following definitions:

1.     "ALL" refers to all and each, and "EACH" refers to all and each.

2.     "AND" and "OR" refers to either disjunctive or conjunctive use as necessary to bring within the scope of the interrogatories all responses that might otherwise be construed to be outside of its scope.

3.     "COMMUNICATION" refers to any transmittal of information in the form of facts, ideas, inquiries, or otherwise.

4.     "CONCERNING" refers to relating to, referring to, describing, evidencing, or constituting.

5.     The term "DOCUMENT" refers to the usage of this term in Federal Rule of Civil Procedure 34(a), and is synonymous in meaning and equal in scope to this usage, including, without limitation, electronically stored documents, photographs, tape recordings, or other sound or visual materials, computer databases, computer tapes, and any other materials that are in your actual or constructive possession, custody, or control, as well as all prior drafts of the foregoing, and copies of the foregoing on which any mark, alteration, writing, or other change from the original has been made. A draft or non-identical copy is a separate document within the meaning of the term.

6.    The "ON SEMICONDUCTOR PATENTS" refers to the United States Patent Nos. 6,362,644; 5,563,594; 5,361,001; and 5,000,827, including any reexaminations.

7.    The "ON SEMICONDUCTOR PRODUCTS" refers to any accused apparatus, product, device, process, method, act, and/or other instrumentality that Plaintiffs asserts infringe United States Patent No. 5,252,177.

8.    "RELATED APPLICATIONS" refers to any and all applications related to the referenced patent(s), including any continuations, continuations-in-part, divisionals, interferences, reexaminations, reissues, parents, foreign counter-part applications, and any other applications disclosing, describing, or claiming any invention disclosed, described, or claimed in the referenced patent(s), or claiming the benefit of the filing date of any application whose benefit is claimed in the referenced patent, whether or not abandoned and whether or not issued.

9.    "RELATED PATENTS" refers to any or all patents based upon any RELATED APPLICATION, including any patents that may have been opposed, contacted, or subjected to any nullity proceedings.

10.    The "SAMSUNG PATENT" refers to the United States Patent No. 5,252,177.

11.    The "SAMSUNG PRODUCTS" refer to Double Data Rate (DDR) Synchronous Dynamic Random Access Memory (SDRAM) that includes but is not limited to DDR SDRAM, Mobile DDR SDRAM, DDR2 SDRAM, GDDR SDRAM, GDDR2 SDRAM, and GDDR3 SDRAM, as well as any integrated circuits manufactured using cup plating systems. The "SAMSUNG PRODUCTS" include, but are not limited to, the following product designations: K4D261638K, K4D263238K, K4D263238K, K4H1G0438A, K4H1G0638C, K4H1G0738C, K4H1G0838A, K4H2G0638A, K4H510438C, K4H510638E, K4H510638H, K4H510738E, K4H510738H, K4H510838C, K4H510838D, K4H511638C, K4H511638D, K4H560438E,

3

K4H560438H,  K4H560838E,  K4H560838H,  K4H561638H,  K4J52324QE,  K4J52324QE, K4J55323QG,  K4J55323QG,  K4N51163QC,  K4N51163QE,  K4N51163QE,  K4N56163QG, K4N56163QG,  K4U52324QE,  M312L2820EG(Z)0,  M312L2820HZ0,  M312L2828ET(U)0, M312L2828HU0,  M312L2920CUS,  M312L2920CZ0,  M312L2923CUS,  M312L2923CZ0, M312L3223EG(Z)0,        M312L3223ET(U)S,        M312L3223HUS,        M312L3223HZ0, M312L5128AU0,  M312L5128AU1,  M312L5620AUS,  M312L5623AUS,  M312L5628CU0, M312L5720CZ0, M312L6420EG(Z)0, M312L6420ET(U)S, M312L6420HUS, M312L6420HZ0, M312L6423EG(Z)0,        M312L6423ET(U)S,        M312L6423HUS,        M312L6423HZ0, M312L6523CUS, M312L6523CZ0, M368L2923CUN, M368L2923DUN, M368L3223ET(U)M, M368L3223ET(U)N,        M368L3223HUS,        M368L3324CUS,        M368L3324DUS, M368L6423ET(U)M,        M368L6423ET(U)N,        M368L6423HUN,        M368L6523CUS, M368L6523DUS,        M381L2923CUM,        M381L2923DUM,        M381L3223ET(U)M, M381L3223HUM,        M381L6423ET(U)M,        M381L6423HUM,        M381L6523CUM, M381L6523DUM,  M470L1624HU0,  M470L2923DV0,  M470L3224HU0,  M470L3324CU0, M470L3324DU0, M470L6524CU0, and M470L6524DU0.  The "SAMSUNG PRODUCTS" also include, but are not limited to, product made using the following systems:  Applied Materials, Inc.'s SlimCell system, Novellus Systems Inc.'s Sabre System, and Semitool Inc.'s Raider ECD, Raider ECD 310, and Equinox systems.

12.   "THING" refers to the broadest meaning recognized under Fed. R. Civ. P. Rule 34(a).

13.   "SAMSUNG," "YOU," and "YOUR" refers to Plaintiffs Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications America General, LLC; Samsung Semiconductor, Inc.; and Samsung Austin Semiconductor, LLC, their present

and former directors, officers, employees, attorneys, accountants, consultants, representatives, agents, subsidiaries, divisions, successors in interest, any partnerships or joint ventures to which any of the Plaintiffs is party, and/or other persons acting on any of the Plaintiffs' behalf.

14.     The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

These requests incorporate, without limiting the scope of the Federal Rules of Civil Procedure, the following instructions:

1.     When producing documents to satisfy this Request, identify the paragraph number to which the produced document responds.

2.     The identical text of the individual request for production being answered from this Request must immediately precede each answer given.

3.     You are to produce the documents as they are kept in the ordinary course of business or with appropriate markings or designations so that it may be determined to what request they are responsive, including, without limitation, labels that identify documents, binder covers, file folders, tabs, or dividers.

4.     Any electronic information must be produced in a coherent and understandable format or together with a description of the system from which it was derived so that it may be converted to a coherent and understandable format.

5.     If a time period is not specified in the request, all responsive documents for each request must be produced, regardless of the date of the documents were created or received.

6.     PRIVILEGE:  If you withhold from production any document on the grounds of privilege, please further provide the following information:

(a)   Date(s) of the creation, transmission, and modification of the document (or an estimate of these dates if not known);

(b)   Author(s);

(c)   Addressee(s);

(d)   Person(s) who received copies;

(e)   Subject of the document;

(f)   The present location and custodian of the document;

(g)   Nature and grounds for the privilege claimed; and

(h)   The paragraph number of the individual request(s) to which each document is responsive.

7.    If any of the documents demanded herein have been destroyed, please furnish a list identifying each such document, its author and addressee, each person to whom copies of the document were furnished or to whom the contents of the document were communicated, a summary of the substance of the document, the date upon which it was destroyed, the reason it was destroyed, and the name of the person who ordered or authorized such destruction.

8.    This Request is deemed to be continuing in nature, and in the event you become aware of or acquire in your possession, custody, or control new responsive documents, you are requested promptly to produce such additional documents for inspection and copying.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**Request No. 89:**    DOCUMENTS sufficient to determine the identity AND responsibilities of EACH officer, director, AND managing agent of SAMSUNG.

**Request No. 90:**    DOCUMENTS sufficient to show the organizational structure of EACH of the Plaintiffs AND of the working group(s) which designed the SAMSUNG

PRODUCTS AND from which the alleged invention of the SAMSUNG PATENT arose, including but not limited to DOCUMENTS sufficient to show ALL individuals working in such working groups.

**Request No. 91:**    ALL DOCUMENTS CONCERNING ownership, assignment, AND licensing of the SAMSUNG PATENT OR any RELATED PATENTS.

**Request No. 92:**    DOCUMENTS sufficient to identify ALL methods AND structures known to SAMSUNG directed at addressing the problem(s) allegedly solved by the SAMSUNG PATENT.

**Request No. 93:**    ALL DOCUMENTS CONCERNING any contention by any person OR entity that it does not infringe one OR more of the claims of the SAMSUNG PATENT OR any RELATED PATENTS, OR of invalidity OR unenforceability of one OR more claims of the SAMSUNG PATENT.

**Request No. 94:**    ALL DOCUMENTS CONCERNING any sworn statements, including but not limited to affidavits, declarations, trial testimony, deposition testimony, AND witness statements, of:

    (a)    any officer, director, OR employee of SAMSUNG relating to the SAMSUNG PATENT OR any RELATED PATENTS;

    (b)    any named inventor of the SAMSUNG PATENT OR any RELATED PATENTS;

    (c)    any attorney involved in the prosecution of the SAMSUNG PATENT OR any RELATED PATENTS;

    (d)    any person whom SAMSUNG expects to call as a witness (including as an expert witness) at any proceeding in this action.

**Request No. 95:**     DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to identify AND cross-correlate ALL internal part numbers AND other product identification used by SAMSUNG for EACH SAMSUNG PRODUCT.

**Request No. 96:**     DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to identify AND cross-correlate the part numbers AND names OR descriptions for EACH component part of EACH SAMSUNG PRODUCT.

**Request No. 97:**     DOCUMENTS sufficient to identify the names AND locations of EACH facility in which EACH SAMSUNG PRODUCT OR any component part thereof has been manufactured, assembled, OR packaged, the dates of such manufacturing, assembling, OR packaging since March 19, 1991, AND the identity of EACH corresponding SAMSUNG PRODUCT, including any facility-specific part number OR other identifier.

**Request No. 98:**     DOCUMENTS sufficient to identify the facility-specific name for EACH semiconductor manufacturing process used to fabricate EACH SAMSUNG PRODUCT OR component thereof.

**Request No. 99:**     DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to identify, by part number, EACH memory die incorporated into EACH SAMSUNG PRODUCT. If more than one memory die can be used interchangeably in a SAMSUNG PRODUCT, DOCUMENTS sufficient to identify EACH such die AND the corresponding part number for the SAMSUNG PRODUCT should be produced.

**Request No. 100:**     DOCUMENTS sufficient to identify EACH end product, including but not limited to computers, cellular telephones, AND game consoles, incorporating any SAMSUNG PRODUCT, AND DOCUMENTS sufficient to identify EACH SAMSUNG PRODUCT incorporated therein.

**Request No. 101:**     For EACH end product, including but not limited to computers, cellular telephones, AND game consoles, incorporating EACH SAMSUNG PRODUCT, DOCUMENTS sufficient to identify the dates of first AND last offer of sale AND the first AND last date of sale.

**Request No. 102:**     For EACH SAMSUNG PRODUCT, DOCUMENTS sufficient to identify the dates of first AND last offer of sale AND the first AND last date of sale.

**Request No. 103:**     DOCUMENTS sufficient to show the design, development, structure, evaluation, OR operation of EACH GDDR made OR sold by SAMSUNG, including, but not limited to, components of the SAMSUNG PRODUCTS.

**Request No. 104:**     DOCUMENTS sufficient to show the structure AND method of on-die termination in EACH GDDR made OR sold by SAMSUNG, including, but not limited to, components of the SAMSUNG PRODUCTS.

**Request No. 105:**     DOCUMENTS sufficient to show the structure AND method of operation of the extended mode register in EACH GDDR made OR sold by SAMSUNG, including, but not limited to, components of the SAMSUNG PRODUCTS.

**Request No. 106:**     DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to show the design, structure, evaluation, OR use of any electroplating systems used in production of any SAMSUNG PRODUCT, including but not limited to GDDR products.

**Request No. 107:**    DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to show the method of any electroplating performed in production of any SAMSUNG PRODUCT, including but not limited to GDDR products.

**Request No. 108:**    DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to show the development, evaluation, OR operation of any electroplating performed in production of any SAMSUNG PRODUCT, including but not limited to GDDR products.

**Request No. 109:**    DOCUMENTS sufficient to show any method of cup plating performed by SAMSUNG, including but not limited to cup plating performed in production of the SAMSUNG PRODUCTS.

**Request No. 110:**    DOCUMENTS sufficient to show the electroplating methods OR procedures performed by SAMSUNG using the Applied Materials SlimCell ECP system, the Novellus Sabre® system, the Semitool Raider™ ECD system, the Semitool Raider™ ECD310 system, OR the Semitool Equinox® system.

**Request No. 111:**    DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to show the design, development, structure, evaluation, OR operation of EACH DDR made OR included in products sold by SAMSUNG, including but not limited to, the SAMSUNG PRODUCTS.

**Request No. 112:**    DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to show the design, development, structure, evaluation, OR operation of any data input register used in a

parallel to serial conversion in any product made OR sold by SAMSUNG, including but not limited to the SAMSUNG PRODUCTS.

**Request No. 113:**    DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to show the design, development, structure, evaluation, OR operation of any prefetch operation in a parallel to serial conversion in any product made OR sold by SAMSUNG, including but not limited to the SAMSUNG PRODUCTS.

**Request No. 114:**    DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to show the design, development, structure, evaluation, OR operation of any timing register used in a parallel to serial conversion in any product made OR sold by SAMSUNG, including but not limited to the SAMSUNG PRODUCTS.

**Request No. 115:**    DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to show the design, development, structure, evaluation, OR operation of any burst read operation used in any DDR made OR sold by SAMSUNG, including but not limited to the SAMSUNG PRODUCTS.

**Request No. 116:**    DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, CONCERNING any product that includes a device with any of the following labeling: "SAMSUNG b52," "BPK130EA," OR "K4X56323PF-BNB."

**Request No. 117:**    DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to show the

design, development, structure, evaluation, OR operation of any DDR2 SDRAM product made OR sold by SAMSUNG, including but not limited to the SAMSUNG PRODUCTS.

**Request No. 118:**    DOCUMENTS sufficient to show the structure AND method of on-die termination in EACH DDR2 made OR sold by SAMSUNG, including, but not limited to, components of the SAMSUNG PRODUCTS.

**Request No. 119:**    DOCUMENTS, including but not limited to package pinout schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to show the design, development, structure, evaluation, operation, OR placement of any pins, including but not limited to DQ0, DQ1, DQ2, DQ3, VDD, VDDQ, VSS, OR VSSQ, in a semiconductor package involving on-die termination in any product made OR sold by SAMSUNG, including but not limited to the SAMSUNG PRODUCTS.

**Request No. 120:**    DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to show the design, development, structure, evaluation, operation, placement, OR value of resistors, including but not limited to resistors designated Rval1 AND Rval2, involved in on-die termination in any product made OR sold by SAMSUNG, including but not limited to the SAMSUNG PRODUCTS.

**Request No. 121:**    DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to show the design, development, structure, evaluation, operation, OR placement of any DRAM input buffer which uses on-die termination in any product made OR sold by SAMSUNG, including but not limited to the SAMSUNG PRODUCTS.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
klouden@mnat.com
*Attorneys for defendants*

OF COUNSEL:

Kenneth R. Adamo
JONES DAY
2727 North Harwood Street
Dallas, TX  75201-1515
(214) 220-3939

T. Gregory Lanier
Behrooz Shariati
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
(650) 739-3939

May 8, 2007
812145

13

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 8, 2007, copies of the foregoing were caused to be served upon the following in the manner indicated:

**BY HAND AND EMAIL**

John W. Shaw
Andrew A. Lundgren
YOUNG, CONAWAY, STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Flr.
Wilmington, DE 19899

**BY EMAIL**

John M. Desmarais
James E. Marina
KIRKLAND & ELLIS
153 East 53rd Street
New York, NY 10022

Richard J. Bauer (#4828)

EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, L.L.C.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>    AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 07-449 (JJF) |
| SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>    AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, L.L.C.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06-720 (JJF) |

## ON SEMICONDUCTOR'S FOURTH SET OF REQUESTS
## FOR PRODUCTION OF DOCUMENTS AND THINGS TO SAMSUNG

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, ON Semiconductor

Corporation and Semiconductor Components Industries, L.L.C. (collectively, "ON

Semiconductor") request that Samsung Electronics Co., Ltd.; Samsung Electronics America,

Inc.; Samsung Telecommunications America General, L.L.C.; Samsung Semiconductor, Inc.;

and Samsung Austin Semiconductor, L.L.C. (collectively, "Samsung") produce to ON Semiconductor the documents and things identified below for inspection and copying at the offices of ON Semiconductor's counsel, Jones Day, 1755 Embarcadero Road, Palo Alto, CA 94303, within thirty (30) days of service.

These requests are supplemental to the obligations Samsung already has to provide disclosure to ON Semiconductor pursuant to the Federal Rules of Civil Procedure and the local rules of the District of Delaware, and are not intended to delay Samsung's compliance with these rules.

## DEFINITIONS

These requests incorporate, without limiting the scope of the Federal Rules of Civil Procedure, the following definitions:

1.      "ALL" refers to all and each, and "EACH" refers to all and each.

2.      "AND" and "OR" refers to either disjunctive or conjunctive use as necessary to bring within the scope of the interrogatories all responses that might otherwise be construed to be outside of its scope.

3.      "COMMUNICATION" refers to any transmittal of information in the form of facts, ideas, inquiries, or otherwise.

4.      "CONCERNING" refers to relating to, referring to, describing, evidencing, or constituting.

5.      "DOCUMENT" refers to the usage of this term in Fed. R. Civ. P. 34(a), and is synonymous in meaning and equal in scope to this usage, including, without limitation, electronically stored documents, photographs, tape recordings, or other sound or visual materials, computer databases, computer tapes, and any other materials that are in your actual or

constructive possession, custody, or control, as well as all prior drafts of the foregoing, and copies of the foregoing on which any mark, alteration, writing, or other change from the original has been made. A draft or non-identical copy is a separate document within the meaning of the term.

6.     The "ON SEMICONDUCTOR PATENTS" refers to the United States Patent Nos. 6,362,644; 5,563,594; 5,361,001; and 5,000,827, including any reexaminations.

7.     The "ON SEMICONDUCTOR PRODUCTS" refers to any accused apparatus, product, device, process, method, act, and/or other instrumentality that Samsung contends infringe United States Patent No. 5,252,177.

8.     "RELATED APPLICATIONS" refers to any and all applications related to the referenced patent(s), including any continuations, continuations-in-part, divisionals, interferences, reexaminations, reissues, parents, foreign counter-part applications, and any other applications disclosing, describing, or claiming any invention disclosed, described, or claimed in the referenced patent(s), or claiming the benefit of the filing date of any application whose benefit is claimed in the referenced patent, whether or not abandoned and whether or not issued.

9.     "RELATED PATENTS" refers to any or all patents based upon any RELATED APPLICATION, including any patents that may have been opposed, contacted, or subjected to any nullity proceedings.

10.     "SAMSUNG," "YOU," and "YOUR" refers to Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications America General, LLC; Samsung Semiconductor, Inc.; and Samsung Austin Semiconductor, LLC, their present and former directors, officers, employees, attorneys, accountants, consultants, representatives, agents,

subsidiaries, divisions, successors in interest, any partnerships or joint ventures to which any of the foregoing are a party, and/or other persons acting on behalf of any of the foregoing.

11.    The "SAMSUNG PATENT" refers to the United States Patent No. 5,252,177.

12.    "SAMSUNG PRODUCTS" refers to Double Data Rate (DDR) Synchronous Dynamic Random Access Memory (SDRAM) that includes but is not limited to DDR SDRAM, Mobile DDR SDRAM, DDR2 SDRAM, GDDR SDRAM, GDDR2 SDRAM, and GDDR3 SDRAM, as well as any integrated circuits manufactured using cup plating systems. The "SAMSUNG PRODUCTS" include, but are not limited to, the following product designations: K4B1G0446C-ZC(F7/F8/H9),    K4B1G0846C-ZC(F7/F8/H9),    K4B1G1646C-ZC(F7/F8/H9), K4D261638,  K4D263238,  K4D551638,  K4H1G0438A,  K4H1G0638C,  K4H1G0738C, K4H1G0838A,  K4H2G0638A,  K4H510438C,  K4H510438D-ZC(L)B3/CCC,  K4H510638E, K4H510638H,  K4H510738E,  K4H510738H,  K4H510838C,  K4H510838D,  K4H510838D-UC(L)B3/CCC,  K4H510838D-ZC(L)B3/CCC,  K4H511638C,  K4H511638D,  K4H511638D-UC(L)B3/CCC,  K4H511638D-ZC(L)B3/CCC,  K4H560438E,  K4H560438H,  K4H560438H-UC(L)B0,    K4H560438H-ZC(L)CC/B3,    K4H560838E,    K4H560838H,    K4H560838H-UC(L)B3/CCC,  K4H560838H-ZC(L)B3/CCC,  K4H561638H,  K4H561638H-UC(L)/B3/CCC, K4H561638H-ZC(L)B3/CCC,  K4N51163Q,  K4N56163Q,  K4T1G044QA,  K4T1G044QC, K4T1G044QC-ZC(D5/E6),    K4T1G084QA,    K4T1G084QC,    K4T1G084QD-ZC(D5/E6), K4T1G164QA,  K4T1G164QC,  K4T1G164QD-ZC(D5/E6),  K4T2G044QM,  K4T2G084QM, K4T51043QC,  K4T51043QE,  K4T51043QE-ZC(CC/D5/E6),  K4T51083QC,  K4T51083QE, K4T51083QE-ZC(CC/D5/E6/E7), K4T51163QC, K4T51163QE-ZC(CC/D5/E6), K4T56043QF, K4T56043QG,  K4T56083QF,  K4T56083QG,  K4U52324Q,  K4X28163PH,  K4X51163PC, K4X51163PE-(1)(2)(3)(4),    K4X51323PC,    K4X51323PE,    K4X51323PE-(1)(2)(3)(4),

K4X56163PG,    K4X56163PG-(1)(2)(3)(4),    K4X56323PG,    K4X56323PG-(1)(2)(3)(4),

K5E1G131CA-D075000,    K5W1G12ACD-DK75000,    K7D161874B,    K7D163674B,

K7D321874A,   K7D321874C,   K7D323674A,   K7D323674C,   K7D801871B,   K7D803671B,

K7I161882B,    K7I161884B,    K7I163682B,    K7I163684B,    K7I321882C,    K7I321884C,

K7I323682C,    K7I323684C,    K7I641882M,    K7I641884M,    K7I643682M,    K7I643684M,

K7J161882B,    K7J163682B,    K7J321882C,    K7J323682C,    K7J641882M,    K7J643682M,

K7K1618T2C,    K7K1636T2C,    K7K3218T2C,    K7K3236T2C,    KAG001002A-DJJY000,

KAL00X001M-AJYY000,    M312L2820EG(Z)0,    M312L2820HZ0,    M312L2828ET(U)0,

M312L2828HU0,    M312L2920CUS,    M312L2920CZ0,    M312L2920DZ3    -CB3/CCC,

M312L2923CUS,    M312L2923CZ0,    M312L3223EG(Z)0,    M312L3223ET(U)S,

M312L3223HUS,   M312L3223HZ0,   M312L5128AU0,   M312L5128AU1,   M312L5620AUS,

M312L5623AUS,    M312L5628CU0,    M312L5720CZ0,    M312L5720DZ3-CB3/CCC,

M312L6420EG(Z)0,    M312L6420ET(U)S,    M312L6420HUS,    M312L6420HZ0,

M312L6423EG(Z)0,    M312L6423ET(U)S,    M312L6423HUS,    M312L6423HZ0,

M312L6523CUS,   M312L6523CZ0,   M312L6523DZ3 - CB3/CCC,   M368L2923CUN,

M368L2923DUN,    M368L2923DUN-CB3/CCC,    M368L3223ET,    M368L3223HUS,

M368L3324CUS,    M368L3324DUS,    M368L6423ET(U)M,    M368L6423ET(U)N,

M368L6423HUN,    M368L6523CUS,    M368L6523DUS,    M368L6523DUS-CB3/CCC,

M378B2873CZ0-C(F7/F8/H9),  M378B5673CZ0-C(F7/F8/H9),  M378B6474CZ0-C(F7/F8/H9),

M378T2863AZ3,    M378T2863CZ3,    M378T2863DZS-C(D5/E6/E7/F7),    M378T2953CZ3,

M378T2953EZ3,    M378T2953EZ3-C(D5/E6/E7/F7),    M378T3354CZ3,    M378T3354EZ3,

M378T5663AZ3,    M378T5663CZ3,    M378T5663DZ3-C(D5/E6),    M378T5763MZ3,

M378T6453FZ3,    M378T6553CZ3,    M378T6553EZ3,    M378T6553EZS-C(D5/E6/E7/F7),

M381L2923CUM,  M381L2923DUM,  M381L2923DUM-CB3/CCC,  M381L3223ET(U)M,

M381L3223HUM,      M381L6423ET(U)M,      M381L6423HUM,      M381L6523CUM,

M381L6523DUM,    M381L6523DUM-CB3/CCC,    M391T2863AZ3,    M391T2953CZ3,

M391T2953EZ3,  M391T5663AZ3,  M391T5663CZ3,  M391T5763MZ3,  M391T6453FZ3,

M391T6553CZ3,  M391T6553EZ3,  M392T2863CZA,  M392T2950CZA,  M392T2950EZA,

M392T2953CZA,  M392T2953EZA,  M392T5160CJA,  M392T5660CZA,  M392T5663CZA,

M392T6553CZA,  M392T6553EZA,  M393T1K66MZ3,  M393T1K66MZA,  M393T2863AZ3,

M393T2863AZA,  M393T2863CZ3,  M393T2863CZA,  M393T2950CZ3,  M393T2950CZA,

M393T2950EZ3,    M393T2950EZ3-C(CC/D5),    M393T2950EZA,    M393T2950EZA-

C(CC/D5/E6),  M393T2953CZ3,  M393T2953CZA,  M393T2953EZ3,  M393T2953EZ3-

C(CC/D5),    M393T2953EZA,    M393T2953EZA-C(CC/D5/E6),    M393T3253FZ3,

M393T3253GZ3,    M393T5160CZ0,    M393T5160CZ0-C(CC/D5),    M393T5160CZ4,

M393T5160CZA,    M393T5160CZA-C(CC/D5/E6),    M393T5166AZ4,    M393T5166AZA,

M393T5168AZ0,  M393T5263MZ3,  M393T5263MZA,  M393T5660AZ3,  M393T5660AZA,

M393T5660CZ3,    M393T5660CZ3-C(CC/D5),    M393T5660CZA,    M393T5660CZA-

C(CC/D5/E6),  M393T5663AZ3,  M393T5663AZA,  M393T5663CZ3,  M393T5663CZ3-

C(CC/D5), M393T5663CZA, M393T5663CZA-C(D5/E6), M393T5750CZ3, M393T5750CZ4,

M393T5750CZA,    M393T5750EZ3,    M393T5750EZ3-C(CC/D5),    M393T5750EZ3-

C(CC/D5/E6),  M393T5750EZ4,  M393T5750EZA,  M393T6450FZ3,  M393T6450GZ3,

M393T6453FZ3,  M393T6453GZ3,  M393T6553CZ3,  M393T6553CZA,  M393T6553EZ3,

M393T6553EZA,    M393T6553EZA-C(CC/D5/E6),    M395T2953CZ4,    M395T2953EZ4,

M395T2953EZ4-CD5(50/60/20),    M395T2953EZ4-CE6(50/60/20),    M395T5160CZ4-

CD5(50/60/20),    M395T5160CZ4-CE6(50/60/20),    M395T5750EZ4-CD5(50/60/20),

6

M395T5750EZ4-CE6(50/60/20),     M395T6553CZ4,     M395T6553EZ4,     M395T6553EZ4-CD5(50/60/20), M395T6553EZ4-CE6(50/60/20), M470L2923BN0 - C(L)B3, M470L2923DV0-CB300,     M470L3224HU0,     M470L3324CU0,     M470L3324DU0,     M470L6524CU0, M470L6524DU0-CB300,   M470T2864AZ3,   M470T2864CZ3,   M470T2864DZ3-C(D5/E6), M470T2953CZ3,     M470T2953EZ3,     M470T2953EZ3-C(D5/E6),     M470T3354CZ3, M470T3354EZ3,     M470T5663CZ3,     M470T5663CZ3-C(D5/E6),     M470T5669AZ0, M470T6464AZ3, M470T6464CZ3, M470T6554CZ3, M470T6554EZ3, and M470T6554EZ3-C(D5/E6).  The "SAMSUNG PRODUCTS" also include, but are not limited to, products and chips made using any of the following systems: Applied Materials, Inc.'s SlimCell system; Novellus Systems Inc.'s Sabre System; Semitool Inc.'s Raider ECD, Raider ECD 310, Equinox systems; Electroplating Engineers of Japan Ltd.'s Posfer System; and Semicon Science Co. Ltd.'s or SSC's plating system (collectively, "CUP PLATING MACHINES").

13.     "THING" refers to the broadest meaning recognized under Fed. R. Civ. P. 34(a).

14.     The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

These requests incorporate, without limiting the scope of the Federal Rules of Civil Procedure, the following instructions:

1.     When producing documents to satisfy this Request, identify the paragraph number to which the produced document responds.

2.     The identical text of the individual request for production being answered from this Request must immediately precede each answer given.

3.     You are to produce the documents as they are kept in the ordinary course of business or with appropriate markings or designations so that it may be determined to what

request they are responsive, including, without limitation, labels that identify documents, binder covers, file folders, tabs, or dividers.

4.      Any electronic information must be produced in a coherent and understandable format or together with a description of the system from which it was derived so that it may be converted to a coherent and understandable format.

5.      If a time period is not specified in the request, all responsive documents for each request must be produced, regardless of the date of the documents were created or received.

6.      PRIVILEGE:  If you withhold from production any document on the grounds of privilege, please further provide the following information:

        (a)      Date(s) of the creation, transmission, and modification of the document (or an estimate of these dates if not known);

        (b)      Author(s);

        (c)      Addressee(s);

        (d)      Person(s) who received copies;

        (e)      Subject of the document;

        (f)      The present location and custodian of the document;

        (g)      Nature and grounds for the privilege claimed; and

        (h)      The paragraph number of the individual request(s) to which each document is responsive.

7.      If any of the documents demanded herein have been destroyed, please furnish a list identifying each such document, its author and addressee, each person to whom copies of the document were furnished or to whom the contents of the document were communicated, a

summary of the substance of the document, the date upon which it was destroyed, the reason it was destroyed, and the name of the person who ordered or authorized such destruction.

8.     This Request is deemed to be continuing in nature, and in the event you become aware of or acquire in your possession, custody, or control new responsive documents, you are requested promptly to produce such additional documents for inspection and copying.

## REQUESTS

**Request No. 168:**     DOCUMENTS sufficient to identify each SAMSUNG PRODUCT and Samsung integrated circuit chip ("SAMSUNG CHIP") that has been manufactured by electroplating through the use of CUP PLATING MACHINES, and that has been imported, sold, made, used, and offered for sale in the U.S.

**Request No. 169:**     DOCUMENTS sufficient to identify model numbers of ALL CUP PLATING MACHINES purchased and/or used by Samsung.

**Request No. 170:**     DOCUMENTS sufficient to identify ALL Samsung entities that have purchased any of the CUP PLATING MACHINES, and ALL Samsung entities that operate or use any of the CUP PLATING MACHINES to manufacture the SAMSUNG PRODUCTS and SAMSUNG CHIPS.

**Request No. 171:**     DOCUMENTS sufficient to identify ALL Samsung entities in possession, custody or control of any of the CUP PLATING MACHINES.

**Request No. 172:**     DOCUMENTS sufficient to identify ALL SAMSUNG PRODUCTS into which the SAMSUNG CHIPS are incorporated for importation, sale, use, and/or offer for sale in the U.S.

**Request No. 173:**    For the SAMSUNG PRODUCTS and SAMSUNG CHIPS, DOCUMENTS sufficient to identify the period of manufacture, and the period of importation, sale, use, and/or offer for sale in the U.S.

**Request No. 174:**    For the SAMSUNG PRODUCTS and SAMSUNG CHIPS, DOCUMENTS sufficient to identify the location of electroplating with each CUP PLATING MACHINE.

**Request No. 175:**    DOCUMENTS sufficient to identify the purchase date and the period of use of each CUP PLATING MACHINE purchased or used by Samsung.

**Request No. 176:**    ALL DOCUMENTS concerning the factors considered in Samsung's purchase of CUP PLATING MACHINES.

**Request No. 177:**    ALL DOCUMENTS concerning training received by Samsung, including but not limited, training provided by the manufacturers of CUP PLATING MACHINES to Samsung for the operation, maintenance, troubleshooting, and use of the CUP PLATING MACHINE, and DOCUMENTS sufficient to identify ALL Samsung personnel who received such training, including but not limited to process flows, recipes, theory of operation, trouble shooting, and maintenance.

**Request No. 178:**    All DOCUMENTS received from the manufacturers of CUP PLATING MACHINES, including but not limited to drawings, notes, process flows, schematics, manuals, memorandums, presentations, and reports related to CUP PLATING MACHINES.

**Request No. 179:**    ALL DOCUMENTS concerning the design, structure and operation of each CUP PLATING MACHINE, including but not limited to any drawings, notes, specifications and specification databases, layouts and layout databases, process flows,

schematics, manuals, memorandums, presentations, and reports related to CUP PLATING MACHINES.

**Request No. 180:**    ALL DOCUMENTS concerning the identity, content, and meaning of drawings, notes, specifications and specification databases, layouts and layout databases, process flows, schematics, manuals, memorandums, presentations, and reports related to CUP PLATING MACHINES.

**Request No. 181:**    ALL DOCUMENTS concerning any proposed modifications and any modifications actually implemented to CUP PLATING MACHINES, including modifications (proposed or implemented) from an earlier model to a later model of a particular CUP PLATING MACHINE.

**Request No. 182:**    ALL DOCUMENTS concerning the process used in manufacturing each SAMSUNG PRODUCT and SAMSUNG CHIP, including all process steps and recipes.

**Request No. 183:**    ALL DOCUMENTS concerning the available processes and recipes for the manufacture of each SAMSUNG PRODUCT and SAMSUNG CHIP with CUP PLATING MACHINES, including but not limited to recipes and processes described in any notes, process flows, manuals, memorandums, presentations, and reports related to CUP PLATING MACHINES.

**Request No. 184:**    ALL DOCUMENTS concerning the processes and recipes actually used for the manufacture of each SAMSUNG PRODUCT and SAMSUNG CHIP with CUP PLATING MACHINES, including but not limited to recipes and processes described in any notes, process flows, manuals, memorandums, presentations, and reports related to CUP PLATING MACHINES.

**Request No. 185:**     ALL DOCUMENTS concerning the development of the processes and recipes actually used for the manufacture of each SAMSUNG PRODUCT and SAMSUNG CHIP with any of the CUP PLATING MACHINES, including but not limited to recipes and processes described in any notes, process flows, manuals, memorandums, presentations, and reports related to CUP PLATING MACHINES.

**Request No. 186:**     ALL DOCUMENTS concerning the design rules for all interconnect layers (metals, vias, and contacts) and pad for each layer of each SAMSUNG PRODUCT and SAMSUNG CHIP electroplated with CUP PLATING MACHINES.

**Request No. 187:**     ALL DOCUMENTS concerning the electroplating uniformity sought from the use of CUP PLATING MACHINES, and the actual uniformity achieved for each wafer used to manufacture the SAMSUNG PRODUCTS and SAMSUNG CHIPS from the use of CUP PLATING MACHINES.

**Request No. 188:**     ALL DOCUMENTS concerning the factors relevant to achieving electroplating uniformity for each wafer used to manufacture the SAMSUNG PRODUCTS and SAMSUNG CHIPS from the use of CUP PLATING MACHINES.

**Request No. 189:**     ALL DOCUMENTS concerning the testing and measurement performed to determine electroplating uniformity for each wafer used to manufacture the SAMSUNG PRODUCTS and SAMSUNG CHIPS from the use of CUP PLATING MACHINES, and the identity and content of any documents related to such testing and measurement.

**Request No. 190:**     ALL DOCUMENTS concerning the causes related to non-uniformity in electroplating a wafer from the use of CUP PLATING MACHINES, and the available corrective measures, and the corrective measures taken, to correct the non-uniformity.

**Request No. 191:**    ALL  DOCUMENTS  concerning  the  specific  electroplating applications (*e.g*., formation of metal, vias, contacts, or solder balls, etc.) for each CUP PLATING MACHINE used by Samsung in the manufacture of the SAMSUNG CHIPS.

**Request No. 192:**    ALL  DOCUMENTS  concerning  the  type  of  material  that  is electroplated onto a wafer using CUP PLATING MACHINES.

**Request No. 193:**    ALL  DOCUMENTS  concerning  the  layout,  arrangement  and topography of the interconnect layers (metals, vias, and contacts) and pad for each layer of each SAMSUNG  PRODUCT  and  SAMSUNG  CHIP  manufactured  using  CUP  PLATING MACHINES.

**Request No. 194:**    DOCUMENTS  sufficient  to  identify  the  names,  roles,  current whereabouts of the persons most knowledgeable about the operation, recipes, process flows, troubleshooting, maintenance, theory of operation, design, and structure of CUP PLATING MACHINES.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Richard J. Bauer*

_____
Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
klouden@mnat.com
rbauer@mnat.com
 *Attorneys for ON Semiconductor Corp.*
 *and Semiconductor Components Industries, L.L.C.*

OF COUNSEL:

Kenneth R. Adamo
JONES DAY
2727 North Harwood Street
Dallas, TX  75201-1515
(214) 220-3939

Tharan Gregory Lanier
Behrooz Shariati
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
(650) 739-3939

June 6, 2008

2356957

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on June 6, 2008, copies of the foregoing were caused to be served upon the following in the manner indicated:

### <u>BY HAND AND EMAIL</u>

Josy W. Ingersoll
John W. Shaw
Andrew A. Lundgren
YOUNG, CONAWAY, STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Flr.
Wilmington, DE  19899

### <u>BY EMAIL</u>

John M. Desmarais
James E. Marina
KIRKLAND & ELLIS
153 East 53rd Street
New York, NY  10022

*/s/ Richard J. Bauer*
_____
Richard J. Bauer (#4828)

EXHIBIT G

CONFIDENTIAL EXHIBIT

# EXHIBIT H

CONFIDENTIAL EXHIBIT

# EXHIBIT I

CONFIDENTIAL EXHIBIT

EXHIBIT J

CONFIDENTIAL EXHIBIT

# EXHIBIT K

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, L.L.C.,<br><br>       Plaintiffs,<br><br>       v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>  AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 07-449 (JJF) |
| SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>  AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>       Plaintiffs,<br><br>       v.<br><br>ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, L.L.C.,<br><br>       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 06-720 (JJF) |

## ON SEMICONDUCTOR'S THIRD SET OF
## <u>INTERROGATORIES TO SAMSUNG (NOS. 28-35)</u>

       Pursuant to Federal Rules of Civil Procedure 33, ON Semiconductor Corporation

and Semiconductor Components Industries, L.L.C. (collectively "ON Semiconductor"), hereby

request that Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung

Telecommunications America General, LLC; Samsung Semiconductor, Inc.; and Samsung

Austin Semiconductor, LLC (collectively "Samsung") answer separately and truthfully each of the following Interrogatories within 30 days of service of these Interrogatories.

ON Semiconductor hereby incorporates by reference the Definitions and Instructions set forth in its Fourth Set of Requests for Production of Documents and Things to Samsung served on June 6, 2008.

## INTERROGATORIES

INTERROGATORY NO. 28:

For each SAMSUNG PRODUCT, identify (a) the correlation between circuit designs as maintained within Basecamp and the layout designs as maintained within Virtuoso, (b) the correlation between Virtuoso and any internal part number(s) and any internal product identification (e.g. name, number, codes, etc.) used by SAMSUNG to identify each such product and products' storage capacity; (c) the correlation between internal part number(s), retail name(s), and any other retail product identification information and that products' storage capacity; (d) the correlation between designs maintained within Basecamp and retail name(s) and any other retail product identification information and the products' storage capacity; (e) the correlation between designs maintained within Virtuoso and the retail name(s) and any other retail product identification information and the products' storage capacity.

INTERROGATORY NO. 29:

For each SAMSUNG PRODUCT, identify the name and any other designation assigned to (a) each circuit design as maintained within Basecamp and (b) each layout design as maintained within Virtuoso.

INTERROGATORY NO. 30:

For each SAMSUNG PRODUCT, describe in detail the procedures implemented by SAMSUNG for performing layout versus schematic (LVS) checks between each circuit design as maintained within Basecamp and the corresponding layout design as maintained within Virtuoso.

INTERROGATORY NO. 31:

Separately, for each Request in ON Semiconductor's First Set of Requests for Admission to SAMSUNG to which SAMSUNG does not admit, explain why SAMSUNG has not admitted the facts in that request, and identify all supporting documents and things.

INTERROGATORY NO. 32:

Identify each SAMSUNG PRODUCT and Samsung integrated circuit chip ("SAMSUNG CHIP") used, sold, offered for sale, distributed, or imported in the United States that is or has been manufactured by electroplating through the use of CUP PLATING MACHINES (identifying each such product or chip by the type of CUP PLATING MACHINE).

INTERROGATORY NO. 33:

For each SAMSUNG PRODUCT and SAMSUNG CHIP identified in Interrogatory No. 32, identify all documents, by bates number, that contain the corresponding design rules for all interconnect layers (e.g., metals, vias, and contacts) and pad area.

INTERROGATORY NO. 34:

For each SAMSUNG PRODUCT and SAMSUNG CHIP identified in Interrogatory No. 32, describe in detail the electroplating process, processes and/or recipe(s) used to manufacture each such product and/or chip through the use of CUP PLATING MACHINES, including any modifications to those processes and recipes, and identify all

document(s), by bates number, that contain the corresponding processes and/or recipes used for the manufacture of each such product and chip through the use of CUP PLATING MACHINES.

<u>INTERROGATORY NO. 35:</u>

State YOUR contention regarding the reasonable royalty to which ON SEMICONDUCTOR would be entitled for sales of the SAMSUNG PRODUCTS if SAMSUNG is found to have infringed one or more claims of the ON SEMICONDUCTOR PATENTS, and the sales to which the reasonable royalty would apply, state each fact that supports, refutes or contradicts that contention, and identify each person with knowledge of those facts and each document concerning those facts.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
klouden@mnat.com
rbauer@mnat.com
*Attorneys for ON Semiconductor Corp.*
*and Semiconductor Components Industries, L.L.C.*

OF COUNSEL:

Kenneth R. Adamo
JONES DAY
2727 North Harwood Street
Dallas, TX  75201-1515
(214) 220-3939

Tharan Gregory Lanier
Behrooz Shariati
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
(650) 739-3939
June 11, 2008
2364227

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on June 11, 2008, copies of the foregoing were caused to be served upon the following in the manner indicated:

### BY HAND AND EMAIL

Josy W. Ingersoll
John W. Shaw
Andrew A. Lundgren
YOUNG, CONAWAY, STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Flr.
Wilmington, DE  19899

### BY EMAIL

John M. Desmarais
James E. Marina
KIRKLAND & ELLIS
153 East 53rd Street
New York, NY  10022


Richard J. Bauer (#4828)

EXHIBIT L

CONFIDENTIAL EXHIBIT

# EXHIBIT M

CONFIDENTIAL EXHIBIT

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on August 22, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Josy W. Ingersoll
John W. Shaw
Andrew A. Lundgren

I also certify that copies were caused to be served on August 22, 2008 upon the following in the manner indicated:

### BY HAND AND EMAIL

Josy W. Ingersoll
John W. Shaw
Andrew A. Lundgren
YOUNG, CONAWAY, STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Flr.
Wilmington, DE 19899

### BY EMAIL

John M. Desmarais
James E. Marina
KIRKLAND & ELLIS
153 East 53rd Street
New York, NY 10022

*/s/ Richard J. Bauer*

_____

Richard J. Bauer (#4828)