IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, L.L.C., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 07-449 (JJF) |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS   AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | ) ) ) ) ) ) | **REDACTED PUBLIC VERSION** |
| Defendants. | ) ) | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS   AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06-720 (JJF) |
| v. | ) ) | |
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, L.L.C., | ) ) ) ) | |
| Defendants. | ) | |

**ON SEMICONDUCTOR'S OPENING BRIEF IN SUPPORT OF
ITS MOTION TO COMPEL DAMAGES DISCOVERY**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
*Attorneys for ON Semiconductor Corp.
and Semiconductor Components Industries, L.L.C.*

August 15, 2008
Redacted Filing Date: August 22, 2008

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................. ii

NATURE AND STAGE OF THE PROCEEDINGS .................................................... 1

SUMMARY OF ARGUMENT ................................................................................... 1

STATEMENT OF FACTS .......................................................................................... 2

ARGUMENT .............................................................................................................. 3

    I.    Samsung Should Be Ordered To Produce Complete Licensing Information ......... 3

    II.    Samsung Should Be Ordered To Produce Detailed Sales Information For The Infringing Devices ................................................................................................ 5

    III.    Samsung Should Be Required To Provide Information Relating To Its Corporate Structure, And Documents Relating To Business And Strategic Plans And Marketing Of The Infringing Devices ................................................................... 7

CONCLUSION ........................................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

CASES

*3Com Corp. v. D-Link Sys., Inc.*,
No. 03-2177, 2007 WL 949596 (N.D. Cal. Mar. 27, 2007) ......................................7

*Alloc, Inc. v. Unilin Beheer B.V.*,
No. 03-C-1266, 2006 WL 757871 (E.D. Wis. Mar. 24, 2006) ................................5

*Bayer AG v. Sony Elecs., Inc.*,
No. 95-008-JJF, 2001 WL 1688503 (D. Del. Dec. 20, 2001) (Farnan, J.) ..............6

*Fresenius Medical Care Holding Inc. v. Baxter Int'l., Inc.*,
224 F.R.D. 644 (N.D. Cal. 2004) ...........................................................................4

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
318 F.Supp. 1116 (S.D.N.Y. 1970), *modified*, 446 F.2d 295 (2d Cir. 1971)...........................4

*MEMC Elec. Mat., Inc. v. Mitsubishi Mat. Silicon Corp.*,
420 F.3d 1369 (Fed. Cir. 2005)...............................................................................8

*Novartis Pharm. Corp. v. Abbott Labs.*,
203 F.R.D. 159 (D. Del. 2001) ...............................................................................7

*Trading Tech., Int'l., Inc. v. eSpeed, Inc.*,
No. 04-5312, 2007 WL 704525 (N.D.Ill. Mar. 1, 2007) .........................................4

## NATURE AND STAGE OF THE PROCEEDINGS

Samsung filed this declaratory judgment action against ON Semiconductor on November 30, 2006.[1] (C.A. No. 06-720 (D.I. 1).)  Fact discovery is set to close on August 29, 2008; opening expert reports are due on September 15; and trial is scheduled to begin on February 10, 2009.  Yet Samsung still has not produced basic damages-related discovery to ON Semiconductor.  Samsung's failure leaves ON Semiconductor no choice but to move to compel. This is ON Semiconductor's opening brief in support of its motion to compel damages discovery from Samsung.

## SUMMARY OF ARGUMENT

ON Semiconductor accuses Samsung of infringing four patents while, at the same time, Samsung accuses ON Semiconductor of infringing one patent.  ON Semiconductor thus seeks damages-related discovery from Samsung sufficient to prove its own damages case, and also to defend against Samsung's damages claims as to its patent.

Despite numerous and repeated requests, Samsung has not produced sufficient financial and other damages-related information for ON Semiconductor to conduct its damages analysis.  Beyond that, Samsung refuses to say what financial information it will provide, or when such information will be produced.  This refusal, coupled with the continuing deficiencies in categories of documents for which Samsung claims to have completed its production, necessitate this motion.

---

[1]     "Samsung" refers collectively to Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, LLC, Samsung Semiconductor, Inc. and Samsung Austin Semiconductor, LLC. "ON Semiconductor" refers collectively to ON Semiconductor Corporation and Semiconductor Components Industries, L.L.C.

With the August 29 fact discovery cutoff fast approaching, ON Semiconductor must preserve its right to obtain sufficient information from Samsung both to prove its own damages and to rebut Samsung's damages claim.  Accordingly, ON Semiconductor respectfully requests that the Court order Samsung to provide the following information and documents:

(a)  A complete set of Samsung's license agreements and documents concerning license negotiations relating to the patented subject matter and infringing products, and comparable technology and products, including royalties paid and collected, and licensing policies;[2]

(b)  Financial information sufficient to show all sales of infringing products, including direct sales by Samsung of the products alone and as incorporated into covered products, and sales by Samsung to third parties both in and outside of the United States;[3] and

(c)  Business and marketing information, including information sufficient to show the corporate structure of Samsung and its related companies, and Samsung's business and strategic plans and marketing information concerning the infringing products.[4]

## STATEMENT OF FACTS

Three of the patents that ON Semiconductor asserts against Samsung relate to the electronic circuits used in semiconductor products (U.S. Patent Nos. 5,563,594, 6,362,644, 5,361,001).  Samsung infringes these patents by its manufacture, use and sale of DDR (Double Data Rate) memory products (referred to herein as "memory devices").  The fourth patent that ON Semiconductor asserts relates to a process (referred to as cup plating) used in the manufacture of semiconductor wafers (U.S. Patent No. 5,000,827).  ON Semiconductor accuses

---

[2]  *See* Bauer Decl. Exs. 1-4 (Interrogatory No. 24; Request Nos. 43, 81, 82, 91, 156 and 157).

[3]  *See* Bauer Decl. Exs. 2, 4 and 5 (Interrogatory No. 27); Request Nos. 44, 45 and 149-155).

[4]  *See* Bauer Decl. Exs. 2 and 4 (Request Nos. 2, 37-39, 40, 41, 48, 43, 87, 122, 148 and 159-161).

certain of Samsung's "logic devices," such as controllers and microprocessors, of infringing that patent.[5]

Samsung manufactures the infringing memory and logic devices. Samsung uses some of the infringing devices that it makes in its own end products, including such consumer electronic products as cellular phones, digital cameras and computers. Samsung also sells the infringing devices to third parties for use in these and other end products, thereby inducing infringement by these third parties.

The discovery produced thus far by Samsung shows only a part of the picture. For example, Samsung's production of only some of its licenses does not reflect its true policies and practices in licensing technology similar to that at issue in this case. Likewise, the scant financial data Samsung produced shows only a portion of Samsung's sales of its infringing memory and logic devices, and does not provide sufficient information such that ON Semiconductor can seek fair compensation for the full extent of Samsung's infringing activities. The information that ON Semiconductor seeks herein is basic financial information that any party asserting or defending against a patent claim should properly be expected to provide.

ARGUMENT

I.    SAMSUNG SHOULD BE ORDERED TO PRODUCE
      COMPLETE LICENSING INFORMATION

Because licensing agreements are strongly indicative the value of that Samsung and third parties place on patented technology, licenses relating to the patents and technology at issue are central to the valuation of damages in this case and fall squarely within the relevant, discoverable information that ON Semiconductor has requested and to which it is entitled.

---

[5]    Samsung also alleges that ON Semiconductor infringes its U.S. Patent No. 5,252,177, which, like the '827 patent, relates to a process used in the manufacture of semiconductor wafers.

It is well established that licenses relating to the patents-in-suit and comparable technologies are highly relevant to calculating the reasonable royalty to which the parties would have agreed in a hypothetical negotiation. *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F.Supp. 1116, 1119-20 (S.D.N.Y. 1970), *modified*, 446 F.2d 295 (2d Cir. 1971).[6]    Samsung does not dispute the relevance of such agreements.  Indeed, it has sought similar documents from ON Semiconductor, and agreed in its written discovery responses to produce license agreements and related documents "located after a reasonable search."  (Bauer Decl. Exs. 2 and 3 (Responses to Request Nos. 43, 81, 82 and 91).)

Despite its representations that its production of license agreements is complete, Samsung has not produced all relevant licensing information.  (Bauer Decl. Ex. 6.)  Samsung has entered into other licensing agreements with companies including, for example, International Rectifier and SanDisk – none of which have been produced.[7]  Samsung's failure to produce these and other relevant licenses suggests that Samsung, at best, has made an inadequate search for the requested documents or, at worst, has withheld select licenses.  ON Semiconductor is entitled to all relevant licenses and related licensing information—not merely Samsung's selective production.

---

[6]    Samsung is obligated to produce license agreements and other licensing information concerning not only the patents and products at-issue, but also (1) patents covering comparable technology, including semiconductors and memory and logic technology; and (2) products similar to those at issue here. *See*, *e.g.*, *Fresenius Medical Care Holding Inc. v. Baxter Int'l., Inc.*, 224 F.R.D. 644, 653 (N.D. Cal. 2004) (rejecting argument that "only licenses under the patents-in-suit are relevant to the calculation of reasonable royalty," instead finding request for "licenses of comparable products is reasonably calculated to lead to admissible evidence"); *see also Trading Tech., Int'l., Inc. v. eSpeed, Inc.*, No. 04-5312, 2007 WL 704525 at *2 (N.D.Ill. Mar. 1, 2007) (ordering production of patent licenses relating to technology "comparable" to patents at-issue because they could assist "in determining a reasonable royalty rate").

[7]    ON Semiconductor has knowledge from public sources of these and other relevant license agreements entered into by Samsung with third parties that should have been, but were not, produced.  (Bauer Decl. Ex. 7.)

Additionally missing from Samsung's production are related licensing documents such as licensing negotiation documents (whether or not those culminated in a final agreement), licensing policies and documents regarding royalties paid and collected by Samsung on the products at issue and similar technology—all information that Samsung has demanded that ON Semiconductor produce. Such information is clearly relevant and Samsung should be required to provide it. *See Alloc, Inc. v. Unilin Beheer B.V.*, No. 03-C-1266, 2006 WL 757871, at *4 (E.D. Wis. Mar. 24, 2006) (compelling accused infringer to produce "all documents … concerning licenses or other technology transfers," and not limiting the request to finalized agreements).

## II. SAMSUNG SHOULD BE ORDERED TO PRODUCE DETAILED SALES INFORMATION FOR THE INFRINGING DEVICES

Samsung has also failed to produce documents and information sufficient to show all potentially relevant sales of its infringing memory and logic devices.[8] It is critical to a fair determination that Samsung be required to identify *all* infringing sales, for example, for purposes of calculating the appropriate royalty base in a reasonable royalty analysis.

The full extent of Samsung's production of financial information is limited to two spreadsheets. (Bauer Decl. Exs. 8 and 9.) The first spreadsheet, which appears to relate to the infringing memory devices, includes only a ███████████████████████ ███████ whether that amount is gross sales or something else is unclear, as is whether the information includes all sales in the United States, or other sales as well. No customer information is provided. The spreadsheet also does not distinguish between infringing devices

---

[8]    Although Samsung agreed generally to produce summary financial information, it has steadfastly refused to clarify or confirm the specific financial information it will include, or when it will do so. (Bauer Decl. Exs. 6.) This refusal, coupled with the fact that the summary financial information produced to date is clearly deficient, necessitates this motion.

that Samsung sold directly from those Samsung incorporated into covered products, indeed, it does not appear that this second category—covered products—is included at all. The spreadsheet also does not appear to include Samsung's sales of the infringing devices to third parties outside of the United States that are then sold, imported or used in the United States. Finally, the information provided ends in 2006; it must be updated to the present date.

The second spreadsheet Samsung produced is simply a six-page summary by year, again with no indication as to whether the numbers reflect gross or net revenues. (Bauer Ex. 9.) Based on its title, this spreadsheet appears to relate to the infringing logic devices; however only information as to end products is provided ██████████████████████████ Again, there is insufficient detail to identify the customers, sales, costs, etc., or to determine whether these numbers only account for Samsung's direct infringing activities (as ON Semiconductor suspects), or also reflect the induced infringement by third parties. The information also fails to distinguish between direct domestic sales and foreign sales to third parties or products that are imported into the United States.

Samsung should be compelled to produce meaningful financial information. The information provided should include, at a minimum, the following (as kept in the ordinary course of business): (a) product information, such as a product code or description; (b) units sold; (c) price; (d) identification of the ship to and bill to customers (to determine whether the sale implicates the United States such that it should be included in damages); (e) order date (if available); (f) ship date; price; and (g) detailed profit and cost information. *See Bayer AG v. Sony Elecs., Inc.*, No. 95-008-JJF, 2001 WL 1688503, at *3 (D. Del. Dec. 20, 2001) (Farnan, J.) (granting motion to compel accused infringer to produce its sales and profit records).

- 6 -

In addition, in view of ON Semiconductor's independent claim that Samsung is not only a direct infringer but also induces infringement by others,[9] the information should be clear as to whether the infringing devices are: (a) sold as parts by Samsung to customers in the United States; (b) used by Samsung in its own end products that are then sold, offered for sale, imported or used in the United States; or (c) sold to third parties outside of the United States, and then sold, offered for sale, imported or used by those third parties in the United States. Such information is highly relevant and should be produced. *See 3Com Corp. v. D-Link Sys., Inc.*, No. 03-2177, 2007 WL 949596, at *3 (N.D. Cal. Mar. 27, 2007) (ordering production of "information concerning [defendant's] customers and sales to determine the extent to which those customers sold the accused products into the United States," and that "worldwide sales are reasonably calculated to lead to the discovery of admissible evidence because the worldwide sales relate to [plaintiff's] claim of inducing infringement"); *Novartis Pharm. Corp. v. Abbott Labs.*, 203 F.R.D. 159, 164 (D. Del. 2001) (ordering production of foreign sales and marketing documents because they were relevant to, *inter alia*, the determination of a reasonable royalty).

III.    SAMSUNG SHOULD BE REQUIRED TO PROVIDE INFORMATION RELATING TO ITS CORPORATE STRUCTURE, AND DOCUMENTS RELATING TO BUSINESS AND STRATEGIC PLANS AND MARKETING OF THE INFRINGING DEVICES

Samsung has also refused ON Semiconductor's requests to review other categories of information and documents that Samsung agreed to produce in written discovery responses, but which do not appear in Samsung's document production. Thus, again, ON Semiconductor is left with no recourse but to seek the Court's assistance in obtaining this relevant information.

---

[9]    In contrast, Samsung has not alleged induced infringement against ON Semiconductor.

These categories include information relating to Samsung's corporate structure, its business and strategic plans and marketing information for the businesses that make, use, sell, offer for sale or import the infringing products, as well as information relating to Samsung's valuation of its intellectual property generally, and these patents in particular. (Bauer Decl. Ex. 2 (Responses to Request Nos. 2, 37, 39, 40 and 43).) Samsung has sought reciprocal discovery from ON Semiconductor.

The corporate structure of Samsung and its related companies is critical in this case because that corporate structure is such that Samsung may sell products to related foreign companies. Although Samsung may not include these as "US sales," they may reasonably be included in a damages claim if those related companies then use, sell, offer for sale or import the products into the United States. *See*, *e.g.* *MEMC Elec. Mat., Inc. v. Mitsubishi Mat. Silicon Corp.*, 420 F.3d 1369, 1372-73 (Fed. Cir. 2005) (discussing the relationship between Samsung Japan and Samsung Austin, and specifically the likelihood that Samsung Japan was nothing more than a conduit to US sales via Samsung Austin). There is no basis for Samsung's refusal to provide this information; indeed, Samsung's recent reluctance to do so is something of a red-flag.

Samsung should also properly be required to produce business and strategic plans and marketing information relating to the Samsung products accused of infringement. These include marketing, advertising, promotional and sales documents concerning the infringing memory and logic devices, as well as the Samsung end products that include these devices, and other communications to third parties regarding these products. While Samsung has produced a handful of datasheets, the documents produced do not include marketing of the covered products that include the infringing devices. This is especially important here, as Samsung relies heavily

on the technology described in the patents in marketing its covered products as "better, faster, smaller" in a marketplace where such attributes are growingly important.  Likewise, Samsung's historic business and strategic plans, to the extent they are maintained, are relevant to the parties' hypothetical negotiation at the time that its infringement began.

Finally, Samsung has produced no documents concerning any monetary valuation of the infringing memory and logic devices, its own asserted patent or patented technology comparable to any of the patents at-issue in this case.  Again, such information is highly relevant to both ON Semiconductor's damages claim against Samsung, and to defending against Samsung's damages claims.  Samsung should be compelled to produce such responsive information.

<u>CONCLUSION</u>

For the foregoing reasons, ON Semiconductor's motion to compel discovery should be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Richard J. Bauer*

Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
klouden@mnat.com
rbauer@mnat.com
*Attorneys for ON Semiconductor Corp.*
*and Semiconductor Components Industries, L.L.C.*

OF COUNSEL:

Kenneth R. Adamo
JONES DAY
2727 North Harwood Street
Dallas, TX  75201-1515
(214) 220-3939

T. Gregory Lanier
Behrooz Shariati
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
(650) 739-3939

Jennifer Seraphine
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94941
(415) 626-3939

August 15, 2008
2447741

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on August 22, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Josy W. Ingersoll
John W. Shaw
Andrew A. Lundgren

I also certify that copies were caused to be served on August 22, 2008 upon the following in the manner indicated:

**BY HAND AND EMAIL**

Josy W. Ingersoll
John W. Shaw
Andrew A. Lundgren
YOUNG, CONAWAY, STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Flr.
Wilmington, DE  19899

**BY EMAIL**

John M. Desmarais
James E. Marina
KIRKLAND & ELLIS
153 East 53rd Street
New York, NY  10022

*/s/ Richard J. Bauer*
_____
Richard J. Bauer (#4828)