IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, L.L.C., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 07-449 (JJF) |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | ) ) ) ) ) ) ) | **REDACTED PUBLIC** |
| Defendants. | ) ) | **VERSION** |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06-720 (JJF) |
| v. | ) ) | |
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, L.L.C., | ) ) ) ) | |
| Defendants. | ) | |

**DECLARATION OF RICHARD J. BAUER IN SUPPORT OF
ON SEMICONDUCTOR'S MOTION TO COMPEL DAMAGES DISCOVERY**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
*Attorneys for ON Semiconductor Corp.
and Semiconductor Components Industries, L.L.C.*

August 15, 2008

Redacted Filing Date: August 22, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS  AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No. 07-449 (JJF)

**REDACTED PUBLIC VERSION**

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS  AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No. 06-720 (JJF)

## DECLARATION OF RICHARD J. BAUER IN SUPPORT OF ON SEMICONDUCTOR'S MOTION TO COMPEL DAMAGES DISCOVERY

I, Richard J. Bauer, am an associate with the law firm of MORRIS, NICHOLS & TUNNELL LLP. I am one of the attorneys representing ON Semiconductor Corp. and Semiconductor Components Industries, L.L.C. (collectively, "ON Semiconductor") in this litigation. I hereby declare as follows:

1. Attached as Exhibit 1 is a true and correct copy of ON Semiconductor's First Set of Interrogatories (Nos. 1-24), dated March 26, 2007.

2.      Attached as Exhibit 2 is a true and correct copy of Samsung's Objections and Responses to ON Semiconductor's First Set of Document Requests (Nos. 1-88), dated May 2, 2007.

3.      Attached as Exhibit 3 is a true and correct copy of Samsung's Objections and Responses to ON Semiconductor's Second Set of Document Requests (Nos. 89-121), dated June 7, 2007.

4.      Attached as Exhibit 4 is a true and correct copy of ON Semiconductor's Third Set of Requests for Production of Documents and Things (Nos. 122-167), dated February 21, 2008.

5.      Attached as Exhibit 5 is a true and correct copy of ON Semiconductor's Second Set of Interrogatories (Nos. 25-27), dated February 21, 2008.

6.      Attached as Exhibit 6 are true and correct copies of the following correspondence:

- Letter from Jennifer Seraphine to Jon Hohenthaner dated July 16, 2008;
- Email from Jennifer Seraphine to Gregory Corbett dated August 1, 2008;
- Letter from Jennifer Seraphine to Gregory Corbett dated August 4, 2008;
- Letter from Jennifer Seraphine to Gregory Corbett sent August 7, 2008 (inadvertently dated August 4, 2008);
- Email from Jennifer Seraphine to Gregory Corbett dated August 11, 2008;
- Email from Jennifer Seraphine to Gregory Corbett dated August 12, 2008;
- Email from Jennifer Seraphine to Gregory Corbett dated August 14, 2008; and
- Email from Jennifer Seraphine to Elizabeth Bernard dated August 14, 2008.

7.      Attached as Exhibit 7 is a true and correct copy of International Rectifier Corporation's 10-K, for fiscal year ending June 30, 1999, and SanDisk's Press Releases dated August 18, 2002 and August 18, 1997.

8.     Attached as Exhibit 8 are true and correct copies of documents █████

████████████████████████████

9.     Attached as Exhibit 9 are true and correct copies of documents █████

████████████████████████████

I declare under penalty of perjury that the foregoing is true and correct.

August 15, 2008

/s/ Richard. J. Bauer

Richard J. Bauer (#4828)

2448970

- 3 -

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SAMSUNG ELECTRONICS CO. LTD.,                  )
SAMSUNG ELECTRONICS AMERICA, INC.,             )
SAMSUNG TELECOMMUNICATIONS                     )
  AMERICA GENERAL, LLC,                        )
SAMSUNG SEMICONDUCTOR, INC., and               )
SAMSUNG AUSTIN SEMICONDUCTOR LLC,              )
                                          )    C.A. No.  06-720 (***)
                Plaintiffs,                  )
                                   )
      v.                                       )
                                   )
ON SEMICONDUCTOR CORP. and                     )
SEMICONDUCTOR COMPONENTS                        )
INDUSTRIES, LLC,                               )
                                 )
          Defendants.                        )

**DEFENDANTS ON SEMICONDUCTOR CORPORATION'S AND
SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC'S FIRST SET OF
INTERROGATORIES TO PLAINTIFFS SAMSUNG ELECTRONICS
CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.;
SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL,
LLC; SAMSUNG SEMICONDUCTOR, INC.;
AND SAMSUNG AUSTIN SEMICONDUCTOR, LLC**

Pursuant to Federal Rules of Civil Procedure 33, Defendants ON Semiconductor

Corporation and Semiconductor Components Industries, LLC (collectively "ON

Semiconductor"), by and through their counsel, hereby requests that Plaintiff Samsung

Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications

America General, LLC; Samsung Semiconductor, Inc.; and Samsung Austin Semiconductor,

LLC (collectively "Samsung") answer separately and truthfully in writing under oath within 30

days of service hereof each of the Interrogatories set forth below in accordance with the

following Definitions and Instructions:

## DEFINITIONS AND INSTRUCTIONS

1.      "ON SEMICONDUCTOR" refers to Defendants ON Semiconductor Corporation and Semiconductor Components Industries, LLC.

2.      The "ON SEMICONDUCTOR PATENTS" refers to the United States Patent Nos. 6,362,644; 5,563,594; 5,361,001; and 5,000,827 including any reexaminations.

3.      "SAMSUNG," "YOU," and "YOUR" refers to Plaintiffs Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications America General, LLC; Samsung Semiconductor, Inc.; and Samsung Austin Semiconductor, LLC, their present and former directors, officers, employees, attorneys, accountants, consultants, representatives, agents, subsidiaries, divisions, successors in interest, any partnerships or joint ventures to which any of the Plaintiffs is party, and/or other persons acting on any of the Plaintiffs' behalf.

4.      The "SAMSUNG PATENT" refers to the United States patent no. 5,252,177.

5.      The "SAMSUNG PRODUCTS" refer to Double Data Rate (DDR) Synchronous Dynamic Random Access Memory (SDRAM) that includes but is not limited to DDR SDRAM, Mobile DDR SDRAM, DDR2 SDRAM, GDDR SDRAM, GDDR2 SDRAM, and GDDR3 SDRAM, as well as any integrated circuits manufactured using cup plating systems.  The "SAMSUNG PRODUCTS" include, but are not limited to, the following product designations: K4D261638K, K4D263238K, K4D263238K, K4H1G0438A, K4H1G0638C, K4H1G0738C, K4H1G0838A, K4H2G0638A, K4H510438C, K4H510638E, K4H510638H, K4H510738E, K4H510738H, K4H510838C, K4H510838D, K4H511638C, K4H511638D, K4H560438E, K4H560438H, K4H560838E, K4H560838H, K4H561638H, K4J52324QE, K4J52324QE, K4J55323QG, K4J55323QG, K4N51163QC, K4N51163QE, K4N51163QE, K4N56163QG, K4N56163QG, K4U52324QE, M312L2820EG(Z)0, M312L2820HZ0, M312L2828ET(U)0,

2

M312L2828HU0, M312L2920CUS, M312L2920CZ0, M312L2923CUS, M312L2923CZ0, M312L3223EG(Z)0, M312L3223ET(U)S, M312L3223HUS, M312L3223HZ0, M312L5128AU0, M312L5128AU1, M312L5620AUS, M312L5623AUS, M312L5628CU0, M312L5720CZ0, M312L6420EG(Z)0, M312L6420ET(U)S, M312L6420HUS, M312L6420HZ0, M312L6423EG(Z)0, M312L6423ET(U)S, M312L6423HUS, M312L6423HZ0, M312L6523CUS, M312L6523CZ0, M368L2923CUN, M368L2923DUN, M368L3223ET(U)M, M368L3223ET(U)N, M368L3223HUS, M368L3324CUS, M368L3324DUS, M368L6423ET(U)M, M368L6423ET(U)N, M368L6423HUN, M368L6523CUS, M368L6523DUS, M381L2923CUM, M381L2923DUM, M381L3223ET(U)M, M381L3223HUM, M381L6423ET(U)M, M381L6423HUM, M381L6523CUM, M381L6523DUM, M470L1624HU0, M470L2923DV0, M470L3224HU0, M470L3324CU0, M470L3324DU0, M470L6524CU0, and M470L6524DU0. The "SAMSUNG PRODUCTS" also include, but are not limited to, product made using the following systems: Applied Materials, Inc.'s SlimCell system, Novellus Systems Inc.'s Sabre System, and Semitool Inc.'s Raider ECD, Raider ECD 310, and Equinox systems.

6.    The "ON SEMICONDUCTOR PRODUCTS" refers to any accused apparatus, product, device, process, method, act and/or other instrumentality that Plaintiffs asserts infringe United States Patent No. 5,252,177.

7.    Wherever used herein, the singular shall include the plural and the plural shall include the singular.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

The identity of each item of prior art that allegedly anticipates or allegedly renders obvious each claim of the ON SEMICONDUCTOR PATENTS, and whether each item is alleged to anticipate each claim or to render it obvious (in which case identify the combination of art rendering it obvious). Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered or sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity that made the use or that made and received the offer, or the person or entity that made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s).

**RESPONSE:**


**INTERROGATORY NO. 2:**

A chart identifying where specifically in each alleged item or alleged prior art to the ON SEMICONDUCTOR PATENTS each element of each claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or materials(s) in each item of prior art that performs the claimed function.

**RESPONSE:**


**INTERROGATORY NO. 3:**

Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(a) of any of the claims of the ON SEMICONDUCTOR PATENTS.

**RESPONSE:**


**INTERROGATORY NO. 4:**

Each claim of the SAMSUNG PATENT that SAMSUNG alleges was infringed by ON SEMICONDUCTOR.

**RESPONSE:**


**INTERROGATORY NO. 5:**

Separately for each asserted claim of the SAMSUNG PATENT, identify all **ON SEMICONDUCTOR PRODUCTS**, and where each element of each asserted claim is found within each **ON SEMICONDUCTOR PRODUCT**, and whether SAMSUNG alleges that each element of each asserted claim is literally present or present under the doctrine of equivalents. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process. For each element that SAMSUNG contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the **ON**

**SEMICONDUCTOR PRODUCTS** that performs the claimed function.

**RESPONSE:**


**INTERROGATORY NO. 6:**

The priority date to which SAMSUNG alleges each asserted claim of the SAMSUNG PATENT is entitled, and a description of why.

**RESPONSE:**


**INTERROGATORY NO. 7:**

Identify any apparatus, product, device, process, method, act, or other instrumentality that SAMSUNG or anyone licensed under the SAMSUNG PATENT imported into the United States or made, sold, used, or offered for sale within the United States by that SAMSUNG alleges practices the claimed invention for each claim of the SAMSUNG PATENT and state completely and in detail each and every fact concerning any efforts taken, with respect to the SAMSUNG PATENT, to comply with 35 U.S.C. § 287, including, but not limited to, providing notice and complying with the marking provisions therein, and identify the persons most knowledgeable with any such efforts.

**RESPONSE:**


**INTERROGATORY NO. 8:**

A list of claim terms, phrases, or clauses which SAMSUNG contends should be construed by the COURT and SAMSUNG's proposed construction, including the identity of any claim element which SAMSUNG contends should be governed by 35 U.S.C. §112(6).

**RESPONSE:**


**INTERROGATORY NO. 9:**

For each SAMSUNG PRODUCT, identify (a) the internal part number(s) and any internal product identification (e.g. name, number, codes, etc.) used by SAMSUNG to identify the product; (b) the retail name(s) and any other retail product identification information; (c) the description of all component parts thereof; and (d) the manufacturing process for each.

**RESPONSE:**


**INTERROGATORY NO. 10:**

State in detail each factual and each legal basis for any allegations that SAMSUNG has not directly or indirectly infringed and are not directly or indirectly infringing any claims of any of the ON SEMICONDUCTOR PATENTS, and identify all documents and evidence that relate to such allegations and all persons who have knowledge or information relating to such allegations. Such detail shall include, without limitation, a chart identifying specifically each element of each asserted claim that allegedly has not been infringed literally and/or under the doctrine of equivalents, an explanation of why each such element is not found within the ACCUSED SAMSUNG PRODUCT, and a description of how YOUR construction of each claim term pursuant to Interrogatory No. 8 supports YOUR allegation that each such element has not been infringed.

**RESPONSE:**

**INTERROGATORY NO. 11:**

State in detail each factual and each legal basis for YOUR allegations, as set forth in the Amended Complaint, that the claims of the ON SEMICONDUCTOR PATENTS are invalid for failing to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112, and identify all documents and evidence that relate to such allegations and all persons who have knowledge or information relating to such allegations.

**RESPONSE:**


**INTERROGATORY NO. 12:**

State in detail each factual and each legal basis for any allegations SAMSUNG has that ON SEMICONDUCTOR is estopped, based on statements, representations, and admissions made during the prosecution of the applications that led to the ON SEMICONDUCTOR PATENTS from asserting any interpretation of the claims of the ON SEMICONDUCTOR PATENTS that would be broad enough to cover any of the SAMSUNG PRODUCTS alleged to infringe the ON SEMICONDUCTOR PATENTS.

**RESPONSE:**


**INTERROGATORY NO. 13:**

State in detail each factual and each legal basis for any allegations that ON SEMICONDUCTOR is barred by the doctrine of laches from enforcing the claims of one or more of the ON SEMICONDUCTOR PATENTS.

**RESPONSE:**

**INTERROGATORY NO. 14:**

State in detail each factual and each legal basis that SAMSUNG claims constitute a defense to willful infringement of the ON SEMICONDUCTOR PATENTS, along with all facts, witnesses and documents, that support such a contention.

**RESPONSE:**


**INTERROGATORY NO. 15:**

State in detail the custodian information for each of SAMSUNG'S non-privileged documents that are responsive to ON SEMICONDUCTOR'S Requests for Production. Such custodian information shall include, without limitation, the name of the Custodian, the job title or job description of the Custodian, the organization with which the Custodian was affiliated, the name and job title of the Custodian's supervisor, and the corresponding production or production numbers for the document.

**RESPONSE:**


**INTERROGATORY NO. 16:**

For each asserted claim of the ON SEMICONDUCTOR PATENTS and of the SAMSUNG PATENT, identify the skills, education, training, and/or work experience of a person of ordinary skill in the art.

**RESPONSE:**

**INTERROGATORY NO. 17:**

Describe in detail, when, how, and by whom the subject matter described the in the asserted claims of the SAMSUNG PATENT was first conceived and actually or constructively reduced to practice. YOUR answer should include, but not be limited to an identification of the dates of conception and reduction to practice, an identification of each person who contributed to the conception or was involved in reduction to practice, an explanation of the specific contributions by and involvement of each person in conception or reduction to practice, and an identification of each person who can corroborate conception, reduction to practice, and/or diligence in reduction to practice.

**RESPONSE:**

**INTERROGATORY NO. 18:**

Identify any analysis conducted by or at the request of SAMSUNG of all ON SEMICONDUCTOR PRODUCTS, including the date or dates the analysis(es) was (were) requested and conducted, the identity of the person(s) conducting the analysis(es), and to whom the results were communicated.

**RESPONSE:**

**INTERROGATORY NO. 19:**

Describe in detail all facts and circumstances concerning SAMSUNG'S first knowledge of ON SEMICONDUCTOR's alleged infringement of the SAMSUNG PATENT. YOUR answer should include, but should not be limited to, an identification of the date that YOU first learned that ON SEMICONDUCTOR had made, used, sold, or offered for sale any product that

YOU contend infringes the SAMSUNG PATENT, an identification of the three SAMSUNG employees or representatives most knowledgeable regarding the facts surrounding that event, and an identification of all documents pertaining to such facts.

**RESPONSE:**


**INTERROGATORY NO. 20:**

Describe in detail the complete factual and legal bases for any and all damages that SAMSUNG seeks from ON SEMICONDUCTOR in this action, including the type and amount of damages sought, the basis and methodology used to calculate such amount, and all facts supporting any claim that YOU are entitled to increased damages or that this is an exceptional case.

**RESPONSE:**


**INTERROGATORY NO. 21:**

Separately for each asserted claim of the SAMSUNG PATENT, describe in detail all facts and identify all documents concerning any alleged "secondary considerations" of nonobviousness of the type described in *Graham v. John Deere* and its progeny, including but not limited to a statement of all facts concerning any alleged "commercial success," "long felt but unmet need," "failure of others," or "unexpected result" for the subject matter claimed.

**RESPONSE:**

**INTERROGATORY NO. 22:**

For each person who was substantively involved in the preparation or prosecution of the SAMSUNG PATENT, Related Patents, and/or Related Applications, identify and describe in detail each person's involvement with the preparation and/or prosecution.

**RESPONSE:**

**INTERROGATORY NO. 23:**

Identify all litigation, prosecution, or other administrative or legal proceedings worldwide, completed or ongoing, concerning the SAMSUNG PATENT, Related Patents, and Related Applications.

**RESPONSE:**

**INTERROGATORY NO. 24:**

For all patent licenses, offers to license, settlement agreements, attempts to negotiate a license, and agreements of SAMSUNG, including but not limited to those that cite to or cover the SAMSUNG PATENT, describe for each such license agreement the parties involved, the date of execution of the license or agreement, any royalty rates or other payment terms provided in the license or agreement, and an identification of the documents related to the license or agreement.

**RESPONSE:**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Richard J. Bauer (#4828)*_____
Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
klouden@mnat.com
*Attorneys for defendants*

OF COUNSEL:

Kenneth R. Adamo
JONES DAY
2727 North Harwood Street
Dallas, TX  75201-1515
(214) 220-3939

T. Gregory Lanier
Behrooz Shariati
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
(650) 739-3939

March 26, 2007

778291.1

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on March 26, 2007, copies of the foregoing

were caused to be served upon the following in the manner indicated:

### BY HAND AND EMAIL

John W. Shaw
Andrew A. Lundgren
YOUNG, CONAWAY, STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Flr.
Wilmington, DE  19899

### BY EMAIL

John M. Desmarais
James E. Marina
KIRKLAND & ELLIS
153 East 53rd Street
New York, NY  10022

*/s/ Richard J. Bauer (#4828)*
Richard J. Bauer (#4828)

EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS  AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | : : : : : : : |
| Plaintiffs, | : Civil Action No. 06-CV-0720 (***) |
| v. | : : |
| ON SEMICONDUCTOR CORP. | : : |
| and | : : |
| SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, | : : : |
| Defendants. | : : |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO SAMSUNG**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Samsung

Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications

America General, LLC, Samsung Semiconductor, Inc., and Samsung Austin Semiconductor,

LLC (collectively, "Samsung"), make the following objections and responses to Defendants'

First Set of Requests for Production of Documents and Things to Samsung.  Samsung reserves

the right to supplement or amend these objections and responses to the extent allowed by the

Federal Rules of Civil Procedure and the Local Rules of this Court.

## GENERAL OBJECTIONS

Samsung makes the following general objections to Defendants' First Set of Requests for Production of Documents and Things, which apply to each request regardless of whether the general objections are specifically incorporated into the specific objections below.

1.  Samsung objects to each request to the extent it seeks information that is protected from discovery by the attorney-client privilege or the attorney work-product doctrine, or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the relevant statutory or case law.

2.  Samsung objects to each request to the extent it seeks to impose upon Samsung duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, any applicable orders of this Court, or any stipulation or agreement of the parties.

3.  Samsung objects to Defendants' definitions and instructions to the extent they seek to impose upon Samsung duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, any applicable orders of this Court, or any stipulation or agreement of the parties. Samsung further objects to Defendants' definitions and instructions to the extent they purport to alter the plain meaning and/or scope of any specific request, on the ground that such alteration renders the request vague, ambiguous, overbroad, and uncertain.

4.  Samsung objects to Defendants' definitions of "Samsung," "you," and "your" to the extent that those definitions include persons or entities other than Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, LLC, Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, LLC,

which are not parties to this action. Samsung further objects to Defendants' definitions of "Samsung," "you," and "your" to the extent Defendants' definitions improperly expand the scope of discovery by seeking information and documents that are not currently in the possession, custody, or control of Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications America General, LLC; Samsung Semiconductor, Inc.; or Samsung Austin Semiconductor, LLC.

5.    Samsung objects to Defendants' definition of "Samsung Products" to the extent that the definition inaccurately attributes technical properties to any Samsung product. Samsung further objects to Defendants' definition of "Samsung Products" as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information that is not relevant to the products accused of infringement in this action. Samsung further objects to Defendants' definition of "Samsung Products" as vague, ambiguous, and confusing, to the extent that it fails to adequately define terms or fails to describe the information sought with reasonable particularity.

6.    Samsung objects to each request, definition and instruction to the extent it seeks documents and things that do not exist or are not in Samsung's possession, custody, and control.

7.    Samsung objects to each request to the extent it calls for confidential and/or proprietary information of Samsung prior to the entry of a suitable protective order by the Court.

8.    Samsung objects to each request to the extent it calls for confidential and/or proprietary documents or information of any individual or entity that is not a party to this action.

9.  Samsung objects to each request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the patents asserted or the products accused of infringement in this action.

10. Samsung objects to each request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the relevant temporal or geographic scope of this matter.

11. Samsung objects to each request to the extent that it is premature at this early stage of litigation.

12. Samsung objects to each request to the extent it calls for information in the public domain and, therefore, of no greater burden for Defendants than Samsung to obtain.

13. Samsung objects to each request to the extent that it is vague, ambiguous, or confusing, by failing to adequately define terms or by failing to describe the information sought with reasonable particularity.  Samsung further objects to each request to the extent it purports to attribute any special or unusual meaning to any terms or phrases.

14. Samsung objects to each request to the extent that it is duplicative of another request.

15. Samsung objects to each request to the extent that it seeks information that Samsung is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

16. Samsung's discovery and investigation in connection with this case are continuing.  As a result, Samsung's responses are limited to information obtained and reviewed to date, and

are given without prejudice to Samsung's right to amend or supplement its responses

after considering information obtained or reviewed through further discovery or

investigation.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 1:

DOCUMENTS AND THINGS sufficient to show SAMSUNG'S DOCUMENT retention
AND destruction policies AND practices from 1991 to present, including retention OR
destruction of DOCUMENTS OR files, including, but not limited to electronic data AND/OR
media.

### RESPONSE TO REQUEST NO. 1:

Samsung objects to this request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence to the extent it seeks production of

documents outside the relevant timeframe of this action.  Samsung further objects to this request

as vague and ambiguous as to "sufficient to show."  Samsung further objects to this request to

the extent it seeks production of documents protected from discovery by the attorney-client

privilege, attorney work-product doctrine, or any other applicable privilege or immunity.

Subject to its general and specific objections, Samsung will produce responsive, non-

privileged documents to the extent such documents exist and are located after a reasonable

search.


### REQUEST NO. 2:

DOCUMENTS AND THINGS sufficient to describe the corporate structure, both inter-
AND intra-entity AND including ownership AND control, of SAMSUNG, AND any corporate
parents, subsidiaries, affiliates, predecessors OR successors thereof.

### RESPONSE TO REQUEST NO. 2:

Samsung objects to this request as overbroad, unduly burdensome, irrelevant, and not

reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks

production of documents not relevant to any issue in this case. Samsung further objects to this

request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the

discovery of admissible evidence, to the extent it seeks production of documents outside the

relevant timeframe of this action. Samsung further objects to this request as vague and

ambiguous as to "sufficient to describe," "corporate structure," and "inter- AND intra-entity."

Subject to its general and specific objections, Samsung will produce responsive, non-

privileged documents to the extent such documents exist and are located after a reasonable

search.

## REQUEST NO. 3:

From 2000 to the present, organizational charts sufficient to identify SAMSUNG'S
personnel involved with research AND development, testing, design, patent activities,
management, finance, engineering, production, manufacturing, licensing, sales AND marketing,
technical services, AND distribution.

## RESPONSE TO REQUEST NO. 3:

Samsung objects to this request as vague and ambiguous as to "organizational charts,"

"sufficient to identify," "patent activities," and "technical services." Samsung further objects to

this request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead

to the discovery of admissible evidence, to the extent it seeks production of documents not

relevant to any issue in this case. Samsung further objects to this request as overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the

extent it seeks production of documents outside the relevant timeframe of this action.

Subject to its general and specific objections, Samsung will produce responsive, non-

privileged documents to the extent such documents exist and are located after a reasonable

search.

**REQUEST NO. 4:**

ALL DOCUMENTS CONCERNING SAMSUNG'S pre-filing investigation for ALL claims brought by SAMSUNG against ON Semiconductor in this action.

**RESPONSE TO REQUEST NO. 4:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS CONCERNING." Samsung further objects to this request as seeking production of documents protected from discovery by the attorney-client privilege and attorney work-product doctrine.

**REQUEST NO. 5:**

ALL DOCUMENTS OR THINGS CONCERNING any of the allegations in SAMSUNG'S complaint.

**RESPONSE TO REQUEST NO. 5:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS OR THINGS CONCERNING any of the allegations." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request to the extent it is duplicative of other requests.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 6:**

ALL DOCUMENTS AND THINGS identified in SAMSUNG'S initial disclosures.

**RESPONSE TO REQUEST NO. 6:**

Subject to its general objections, Samsung will produce responsive, non-privileged

documents.

**REQUEST NO. 7:**

ALL DOCUMENTS identified OR relied upon in response to Defendants First Set of
Interrogatories served herewith.

**RESPONSE TO REQUEST NO. 7:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous,

and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it

seeks production of "ALL DOCUMENTS." Samsung further objects to this request to the extent

it seeks production of documents protected from discovery by the attorney-client privilege,

attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further

objects to this request to the extent it is duplicative of other requests.

Subject to its general and specific objections, Samsung will produce responsive, non-

privileged documents to the extent such documents exist and are located after a reasonable

search.

**REQUEST NO. 8:**

ALL DOCUMENTS constituting OR CONCERNING internal SAMSUNG
COMMUNICATIONS AND/or COMMUNICATIONS between SAMSUNG AND any other
party regarding this lawsuit.

**RESPONSE TO REQUEST NO. 8:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous,

and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it

seeks production of "ALL DOCUMENTS constituting OR CONCERNING." Samsung further

objects to this request to the extent it seeks production of documents protected from discovery by

the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or

immunity. Samsung further objects to this request as vague and ambiguous as to "any other

party." Samsung further objects to this request to the extent it seeks information in the

possession, custody, or control of third parties.

Subject to its general and specific objections, Samsung will produce responsive, non-

privileged documents to the extent such documents exist and are located after a reasonable

search.

## REQUEST NO. 9:

ALL DOCUMENTS CONCERNING internal SAMSUNG COMMUNICATIONS OR
COMMUNICATIONS between SAMSUNG AND any party other than SAMSUNG in which
ON Semiconductor OR any of the ON SEMICONDUCTOR PATENTS are referenced OR
discussed.

## RESPONSE TO REQUEST NO. 9:

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous,

and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it

seeks production of "ALL DOCUMENTS CONCERNING." Samsung further objects to this

request to the extent it seeks production of documents protected from discovery by the attorney-

client privilege, attorney work-product doctrine, or any other applicable privilege or immunity.

Samsung further objects to this request as vague and ambiguous as to "internal" and "any party

other than SAMSUNG." Samsung further objects to this request to the extent it seeks

information in the possession, custody, or control of third parties. Samsung further objects to

this request to the extent it seeks documents not relevant to any issue in this action.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 10:**

ALL DOCUMENTS CONCERNING correspondence of the named inventors who are employed OR no longer employed by SAMSUNG regarding the SAMSUNG PATENT, the subject matter therein, OR this lawsuit.

**RESPONSE TO REQUEST NO. 10:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS CONCERNING." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request as vague and ambiguous as to "correspondence of" and "regarding the SAMSUNG PATENT, the subject matter therein, OR this lawsuit." Samsung further objects to this request to the extent it seeks information in the possession, custody, or control of third parties. Samsung further objects to this request to the extent it seeks documents not relevant to any issue in this action.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 11:**

ALL DOCUMENTS that YOU have shown OR otherwise made available to any expert YOU expect to call as a witness in connection with this lawsuit AND EACH DOCUMENT that such expert has shown OR transmitted to SAMSUNG.

10

**RESPONSE TO REQUEST NO. 11:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request as seeking premature expert discovery.

**REQUEST NO. 12:**

ALL DOCUMENTS reviewed in connection with this lawsuit by any expert YOU expect to call as a witness in connection with this lawsuit.

**RESPONSE TO REQUEST NO. 12:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request as seeking premature expert discovery.

**REQUEST NO. 13:**

ALL other DOCUMENTS not previously produced OR identified that YOU intend to rely upon in support of YOUR claims at the trial.

**RESPONSE TO REQUEST NO. 13:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL other DOCUMENTS." Samsung further objects to this request to the

extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request as premature.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 14:**

ALL DOCUMENTS AND THINGS CONCERNING the ON SEMICONDUCTOR PATENTS.

**RESPONSE TO REQUEST NO. 14:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS AND THINGS CONCERNING." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 15:**

ALL DOCUMENTS AND THINGS CONCERNING any searches, investigations OR evaluations as to the novelty, patentability, validity, enforceability, scope AND/or infringement of the ON SEMICONDUCTOR PATENTS including but not limited to, ALL DOCUMENTS that CONCERN any written OR oral opinion, evaluation OR analysis as to the novelty, patentability, validity, enforceability, scope AND/or infringement of the ON SEMICONDUCTOR PATENTS.

12

**RESPONSE TO REQUEST NO. 15:**

      Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous,

and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it

seeks production of "ALL DOCUMENTS AND THINGS CONCERNING." Samsung further

objects to this request as seeking documents protected from discovery by the attorney-client

privilege and attorney work-product doctrine.

**REQUEST NO. 16:**

      ALL opinions, reports AND evaluations, AND ALL DOCUMENTS CONCERNING OR
embodying opinions (whether written OR oral), including those by attorneys, CONCERNING
the alleged infringement, validity, AND/or unenforceability of the ON SEMICONDUCTOR
PATENTS OR any RELATED PATENT OR RELATED APPLICATION.

**RESPONSE TO REQUEST NO. 16:**

      Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous,

and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it

seeks production of  "ALL opinions, reports AND evaluations, AND ALL DOCUMENTS

CONCERNING." Samsung further objects to this request as seeking documents protected from

discovery by the attorney-client privilege and attorney work-product doctrine.

**REQUEST NO. 17:**

      ALL DOCUMENTS CONCERNING any formal OR informal opinions, analyses, tests,
OR studies CONCERNING whether SAMSUNG PRODUCTS infringe any of the ON
SEMICONDUCTOR PATENTS.

**RESPONSE TO REQUEST NO. 17:**

      Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous,

and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it

seeks production of "ALL DOCUMENTS CONCERNING." Samsung further objects to this

request as seeking documents protected from discovery by the attorney-client privilege and

attorney work-product doctrine.

**REQUEST NO. 18:**

      ALL DOCUMENTS that have ever been considered OR evaluated by OR for YOU CONCERNING patentability, validity, OR enforceability of the ON SEMICONDUCTOR PATENTS, including any evaluation OR analysis of the patentability of the ON SEMICONDUCTOR PATENTS.

**RESPONSE TO REQUEST NO. 18:**

      Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous,

and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it

seeks production of "ALL DOCUMENTS that have ever been considered OR evaluated."

Samsung further objects to this request as seeking documents protected from discovery by the

attorney-client privilege and attorney work-product doctrine.

**REQUEST NO. 19:**

      ALL DOCUMENTS AND THINGS that SAMSUNG contends are relevant to the construction OR interpretation of the asserted claims of the ON SEMICONDUCTOR PATENTS, including ALL DOCUMENTS AND THINGS that support OR refute Defendants' AND SAMSUNG'S proposed constructions of the asserted claims.

**RESPONSE TO REQUEST NO. 19:**

      Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous,

and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it

seeks production of "ALL DOCUMENTS AND THINGS." Samsung further objects to this

request as premature to the extent that it seeks Samsung's claim construction positions prior to

the date to be scheduled by the Court. Samsung further objects to this request to the extent it

seeks production of documents protected from discovery by the attorney-client privilege,

attorney work-product doctrine, or any other applicable privilege or immunity.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 20:

ALL DOCUMENTS AND THINGS that demonstrate the level of ordinary skill in the art for EACH claim of the ON SEMICONDUCTOR PATENTS.

## RESPONSE TO REQUEST NO. 20:

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS AND THINGS." Samsung further objects to this request as seeking premature expert discovery. Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 21:

ALL DOCUMENTS AND THINGS that support OR contradict YOUR contention that the claims in the ON SEMICONDUCTOR PATENTS are invalid because they fail to satisfy the conditions for patentability specified in 35 U.S.C. § 102.

## RESPONSE TO REQUEST NO. 21:

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS AND THINGS." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-

client privilege, attorney work-product doctrine, or any other applicable privilege or immunity.

Samsung further objects to this request as vague and ambiguous as to "support OR contradict."

Samsung further objects to this request as premature at this early stage of discovery.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 22:**

ALL DOCUMENTS AND THINGS that support OR contradict YOUR contention that the claims in the ON SEMICONDUCTOR PATENTS are invalid because they fail to satisfy the conditions for patentability specified in 35 U.S.C. § 103.

**RESPONSE TO REQUEST NO. 22:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS AND THINGS." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity.

Samsung further objects to this request as vague and ambiguous as to "support OR contradict."

Samsung further objects to this request as premature at this early stage of discovery.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 23:**

ALL DOCUMENTS AND THINGS that support OR contradict YOUR contention that the claims in the ON SEMICONDUCTOR PATENTS are invalid because they fail to satisfy the conditions for patentability specified in 35 U.S.C. § 112.

**RESPONSE TO REQUEST NO. 23:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS AND THINGS." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request as vague and ambiguous as to "support OR contradict." Samsung further objects to this request as premature at this early stage of discovery.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 24:**

ALL DOCUMENTS AND THINGS that support OR contradict YOUR contention that the ON SEMICONDUCTOR PATENTS are unenforceable against YOU pursuant to the doctrine of laches, estoppel, waiver AND/or acquiescence.

**RESPONSE TO REQUEST NO. 24:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS AND THINGS." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request as vague and ambiguous as to "support OR contradict." Samsung further objects to this request as premature at this early stage of discovery.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 25:

ALL DOCUMENTS AND THINGS that support OR contradict YOUR contention that YOU have not INFRINGED, AND are not INFRINGING the ON SEMICONDUCTOR PATENTS.

## RESPONSE TO REQUEST NO. 25:

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS AND THINGS." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request as vague and ambiguous as to "support OR contradict." Samsung further objects to this request as premature at this early stage of discovery.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 26:

ALL DOCUMENTS CONCERNING OR evidencing YOUR first knowledge OR awareness of the ON SEMICONDUCTOR PATENTS, including ALL DOCUMENTS describing the circumstances in which YOU first learned of the ON SEMICONDUCTOR PATENTS.

## RESPONSE TO REQUEST NO. 26:

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it

18

seeks production of "ALL DOCUMENTS CONCERNING OR evidencing." Samsung further objects to this request as vague and ambiguous as to "CONCERNING OR evidencing," "first knowledge OR awareness," and "describing the circumstances." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

### REQUEST NO. 27:

ALL DOCUMENTS AND THINGS CONCERNING any patents OR patent applications RELATED to the SAMSUNG PRODUCTS, including but not limited to:

a. ALL patents;

b. ALL patent applications;

c. The complete prosecution files of ALL patent applications;

d. ALL DOCUMENTS that were reviewed in connection with, OR that provide any part of the basis for, the preparation of the patent application;

e. ALL DOCUMENTS that constitute OR CONCERN COMMUNICATIONS OR other DOCUMENTS exchanged between SAMSUNG AND any patent attorney OR agent CONCERNING the application OR prosecution of the applications;

f. ALL drafts of the applications OR papers filed during prosecution of the patent applications; AND

g. ALL publications, patents, THINGS, public uses, AND offers for sale located OR identified in connection with any investigation regarding the patentability, validity, OR enforceability of the patent OR the subject matter claimed in the patent OR patent applications.

### RESPONSE TO REQUEST NO. 27:

Samsung objects to this request as seeking documents not relevant to any issue in this case, rendering the request overbroad, unduly burdensome, and not reasonably calculated to lead

to the discovery of admissible evidence. Samsung further objects to this request as overbroad,

unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of

admissible evidence, to the extent it seeks production of "ALL DOCUMENTS AND THINGS

CONCERNING." Samsung further objects to this request to the extent it seeks production of

documents protected from discovery by the attorney-client privilege, attorney work-product

doctrine, or any other applicable privilege or immunity.

## REQUEST NO. 28:

ALL DOCUMENTS sufficient to identify ALL persons involved in the prosecution of
any patents OR patent applications CONCERNING the SAMSUNG PRODUCTS.

## RESPONSE TO REQUEST NO. 28:

Samsung objects to this request as seeking documents not relevant to any issue in this

case. Samsung further objects to this request as overbroad, unduly burdensome, vague,

ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the

extent it seeks production of "ALL DOCUMENTS." Samsung further objects to this request to

the extent it seeks production of documents protected from discovery by the attorney-client

privilege, attorney work-product doctrine, or any other applicable privilege or immunity.

Samsung further objects to this request as vague and ambiguous as to "sufficient to identify" and

"involved."

## REQUEST NO. 29:

ALL DOCUMENTS CONCERNING the scope, validity, infringement, non-
infringement, enforceability, OR unenforceability of any patents OR patent applications
CONCERNING the SAMSUNG PRODUCTS, including, but not limited to, any opinion of
counsel.

20

**RESPONSE TO REQUEST NO. 29:**

Samsung objects to this request as seeking documents not relevant to any issue in this case, rendering the request overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS CONCERNING." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity.

**REQUEST NO. 30:**

ALL DOCUMENTS AND THINGS that form the basis for, in whole OR in part, OR that were considered in connection with, any opinion of counsel CONCERNING the scope, validity, infringement, non-infringement, enforceability, OR unenforceability of ALL patents OR patent applications CONCERNING the SAMSUNG PRODUCTS.

**RESPONSE TO REQUEST NO. 30:**

Samsung objects to this request as seeking documents not relevant to any issue in this case, rendering the request overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS AND THINGS that form the basis for, in whole OR in part, OR that were considered in connection with." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity.

**REQUEST NO. 31:**

ALL DOCUMENTS CONCERNING any patentability OR prior art investigation, search, study, evaluation, OR opinion of any patent OR patent applications CONCERNING the SAMSUNG PRODUCTS.

**RESPONSE TO REQUEST NO. 31:**

Samsung objects to this request as seeking documents not relevant to any issue in this case, rendering the request overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS CONCERNING." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity.

**REQUEST NO. 32:**

ALL DOCUMENTS AND THINGS CONCERNING the conception, development, testing, OR reduction to practice of the SAMSUNG PRODUCTS, including, but not limited to, laboratory notebooks, prototypes, AND invention disclosures.

**RESPONSE TO REQUEST NO. 32:**

Samsung objects to this request as seeking documents not relevant to any issue in this case, rendering the request overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS AND THINGS CONCERNING." Samsung further objects to this request to the extent it seeks production of

documents protected from discovery by the attorney-client privilege, attorney work-product

doctrine, or any other applicable privilege or immunity.

## REQUEST NO. 33:

ALL DOCUMENTS sufficient to identify ALL persons who participated in the development OR testing of the SAMSUNG PRODUCTS.

## RESPONSE TO REQUEST NO. 33:

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous,

and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it

seeks production of "ALL DOCUMENTS." Samsung further objects to this request as vague

and ambiguous as to "sufficient to identify." Samsung further objects to this request to the

extent it seeks production of documents protected from discovery by the attorney-client

privilege, attorney work-product doctrine, or any other applicable privilege or immunity.

Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and

calling for information that is neither relevant to any issue in this action nor reasonably

calculated to lead to the discovery of admissible evidence, to the extent that the request seeks

information unrelated to the patents asserted or the product features accused in this action.

Subject to its general and specific objections, Samsung will produce responsive, non-

privileged documents to the extent such documents exist and are located after a reasonable

search.

## REQUEST NO. 34:

ALL prototypes created in connection with the SAMSUNG PRODUCTS.

**RESPONSE TO REQUEST NO. 34:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL prototypes." Samsung further objects to this request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of documents not relevant to any issue in this case. Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the patents asserted or the product features accused in this action.

**REQUEST NO. 35:**

ALL publications CONCERNING the SAMSUNG PRODUCTS.

**RESPONSE TO REQUEST NO. 35:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL publications CONCERNING." Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the patents asserted or the product features accused in this action.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 36:**

ALL DOCUMENTS CONCERNING the first sale OR offer for sale of ALL SAMSUNG PRODUCTS.

**RESPONSE TO REQUEST NO. 36:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS CONCERNING." Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the patents asserted or the product features accused in this action.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 37:**

ALL marketing, promotional, AND sales DOCUMENTS CONCERNING the SAMSUNG PRODUCTS.

**RESPONSE TO REQUEST NO. 37:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL marketing, promotional, AND sales DOCUMENTS CONCERNING."

Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the patents asserted or the product features accused in this action.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 38:

ALL DOCUMENTS CONCERNING presentations, demonstrations, proposals, AND other COMMUNICATIONS to any third party regarding the SAMSUNG PRODUCTS, including, but not limited to, sales AND marketing presentations AND product demonstrations.

## RESPONSE TO REQUEST NO. 38:

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS CONCERNING." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the relevant temporal or geographic scope of this matter. Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to

the discovery of admissible evidence, to the extent that the request seeks information unrelated to

the patents asserted or the product features accused in this action.

Subject to its general and specific objections, Samsung will produce responsive, non-

privileged documents to the extent such documents exist and are located after a reasonable

search.

**REQUEST NO. 39:**

ALL DOCUMENTS constituting OR CONCERNING any agreements CONCERNING
the SAMSUNG PRODUCTS OR any patents OR patent applications CONCERNING the
SAMSUNG PRODUCTS, including, but not limited to, sales agreements.

**RESPONSE TO REQUEST NO. 39:**

Samsung objects to this request as seeking irrelevant information.  Samsung further

objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably

calculated to lead to the discovery of admissible evidence, to the extent it seeks production of

"ALL DOCUMENTS constituting OR CONCERNING."  Samsung further objects to this

request to the extent it seeks production of documents protected from discovery by the attorney-

client privilege, attorney work-product doctrine, or any other applicable privilege or immunity.

Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and

calling for information that is neither relevant to any issue in this action nor reasonably

calculated to lead to the discovery of admissible evidence, to the extent that the request seeks

information unrelated to the relevant temporal or geographic scope of this matter.  Samsung

further objects to this request as unduly burdensome, overly broad, oppressive, and calling for

information that is neither relevant to any issue in this action nor reasonably calculated to lead to

the discovery of admissible evidence, to the extent that the request seeks information unrelated to

the patents asserted or the product features accused in this action.

**REQUEST NO. 40:**

ALL DOCUMENTS sent to OR received from any licensee OR potential licensee CONCERNING the SAMSUNG PRODUCTS.

**RESPONSE TO REQUEST NO. 40:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS." Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the relevant temporal or geographic scope of this matter. Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the patents asserted or the product features accused in this action. Samsung further objects to this request as vague and ambiguous as to "potential licensee."

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 41:**

ALL DOCUMENTS CONCERNING any monetary evaluation of the SAMSUNG PRODUCTS, any patents OR patent applications related thereto, including, but not limited to, any determination of an appropriate royalty rate for the invention OR products.

**RESPONSE TO REQUEST NO. 41:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS CONCERNING." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the patents asserted or the product features accused in this action. Samsung further objects to this request as vague and ambiguous as to "monetary evaluation."

**REQUEST NO. 42:**

ALL DOCUMENTS CONCERNING any legal OR administrative proceedings involving the SAMSUNG PRODUCTS, including without limitation, pleadings, transcripts of hearings, depositions, trial transcripts, settlement agreements, AND any DOCUMENTS constituting exhibits offered OR admitted in any such pleading.

**RESPONSE TO REQUEST NO. 42:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS CONCERNING." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks

information unrelated to the patents asserted or the product features accused in this action. Samsung further objects to this request as vague and ambiguous as to "legal OR administrative proceedings."

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 43:

ALL DOCUMENTS CONCERNING OR comprising any license agreements CONCERNING the SAMSUNG PRODUCTS OR any technology CONCERNING the SAMSUNG PRODUCTS, including licenses granted OR obtained as a result of the settlement of litigation.

## RESPONSE TO REQUEST NO. 43:

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS CONCERNING." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the patents asserted or the product features accused in this action.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 44:**

ALL DOCUMENTS sufficient to show the total monthly gross AND net sales (both in units AND in dollars) for EACH of the SAMSUNG PRODUCTS made, sold, AND/or offered for sale by SAMSUNG OR that SAMSUNG has licensed OR authorized a third party to sell.

**RESPONSE TO REQUEST NO. 44:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS." Samsung further objects to this request as vague and ambiguous as to "sufficient to show." Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the relevant temporal or geographic scope of this matter. Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the patents asserted or the product features accused in this action.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 45:**

ALL DOCUMENTS sufficient to show the monthly profits for EACH of the SAMSUNG PRODUCTS made, sold, AND/or offered for sale by SAMSUNG OR that SAMSUNG has licensed OR authorized a third party to sell.

**RESPONSE TO REQUEST NO. 45:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS." Samsung further objects to this request as vague and ambiguous as to "sufficient to show." Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the relevant temporal or geographic scope of this matter. Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the patents asserted or the product features accused in this action.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 46:**

ALL DOCUMENTS sufficient to show any anticipated profits OR sales for EACH of the SAMSUNG PRODUCTS made, sold, AND/or offered for sale by SAMSUNG OR that SAMSUNG has licensed OR authorized a third party to sell, including ALL forecasts AND projections.

**RESPONSE TO REQUEST NO. 46:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS." Samsung further objects to this request as vague

32

and ambiguous as to "sufficient to show" and "anticipated profits or sales." Samsung further objects to this request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of documents not relevant to any issue in this case. Samsung further objects to this request to the extent that it seeks information that Samsung is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties. Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the patents asserted or the product features accused in this action.

**REQUEST NO. 47:**

ALL DOCUMENTS sufficient to show the market share for EACH of the SAMSUNG PRODUCTS made, sold, AND/or offered for sale by SAMSUNG OR that SAMSUNG has licensed OR authorized a third party to sell.

**RESPONSE TO REQUEST NO. 47:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS." Samsung further objects to this request as vague and ambiguous as to "sufficient to show" and "market share." Samsung further objects to this request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of documents not relevant to any issue in this case. Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the

33

request seeks information unrelated to the relevant temporal or geographic scope of this matter. Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the patents asserted or the product features accused in this action.

**REQUEST NO. 48:**

ALL DOCUMENTS CONCERNING the scope of the SAMSUNG PATENT.

**RESPONSE TO REQUEST NO. 48:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS CONCERNING."   Samsung further objects to this request as vague and ambiguous as to "scope."  Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 49:**

ALL DOCUMENTS AND THINGS that SAMSUNG contends are relevant to the construction OR interpretation of the asserted claims of the SAMSUNG PATENT, including ALL DOCUMENTS AND THINGS that support OR refute Defendants' AND SAMSUNG'S proposed constructions of the asserted claims.

**RESPONSE TO REQUEST NO. 49:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it

seeks production of "ALL DOCUMENTS AND THINGS." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request as vague and ambiguous as to "relevant to the construction OR interpretation." Samsung further objects to this request as premature.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 50:**

ALL DOCUMENTS AND THINGS that demonstrate the level of ordinary skill in the art for EACH claim of the SAMSUNG PATENT.

**RESPONSE TO REQUEST NO. 50:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS AND THINGS." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request as vague and ambiguous as to "demonstrate the level of ordinary skill in the art." Samsung further objects to this response as premature.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 51:**

ALL DOCUMENTS AND THINGS CONCERNING the preparation AND prosecution of the SAMSUNG PATENT, RELATED PATENTS, AND RELATED APPLICATIONS, including the file histories of the SAMSUNG PATENT, RELATED PATENTS, AND RELATED APPLICATIONS.

**RESPONSE TO REQUEST NO. 51:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS AND THINGS CONCERNING." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the patents asserted or the product features accused in this action.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 52:**

ALL invention disclosure forms CONCERNING the SAMSUNG PATENT.

**RESPONSE TO REQUEST NO. 52:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it

seeks production of "ALL invention disclosure forms CONCERNING." Samsung further

objects to this request as seeking production of privileged information.

## REQUEST NO. 53:

ALL DOCUMENTS authored, written, OR published by OR under the name of the
named inventors of the SAMSUNG PATENT with respect to the technological field of the
SAMSUNG PATENT, including but not limited to correspondence, technical publications,
journal articles, presentations, studies, theses, academic papers, research papers, technical
analyses, AND inventor notebooks.

## RESPONSE TO REQUEST NO. 53:

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous,

and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it

seeks production of "ALL DOCUMENTS." Samsung further objects to this request as vague

and ambiguous as to "technological field" and "technical analyses." Samsung further objects to

this request as unduly burdensome, overly broad, oppressive, and calling for information that is

neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of

admissible evidence, to the extent that the request seeks information unrelated to the patents

asserted or the product features accused in this action. Samsung further objects to this request to

the extent it seeks production of documents protected from discovery by the attorney-client

privilege, attorney work-product doctrine, or any other applicable privilege or immunity.

Samsung further objects to this request as unduly burdensome to the extent it seeks publicly

available information.

Subject to its general and specific objections, Samsung will produce responsive, non-

privileged documents to the extent such documents exist and are located after a reasonable

search.

**REQUEST NO. 54:**

ALL DOCUMENTS AND THINGS CONCERNING the named inventors of the SAMSUNG PATENT in the technological fields of the SAMSUNG PATENT.

**RESPONSE TO REQUEST NO. 54:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS AND THINGS CONCERNING." Samsung further objects to this request as vague and ambiguous as to "technological fields." Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the patents asserted or the product features accused in this action. Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request to the extent it seeks documents not relevant to any issue in this case, rendering the request overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 55:**

ALL DOCUMENTS CONCERNING conception of EACH AND every invention claimed in the SAMSUNG PATENT.

**RESPONSE TO REQUEST NO. 55:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS CONCERNING." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request to the extent it seeks documents not relevant to any issue in this case, rendering the request overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 56:**

ALL DOCUMENTS CONCERNING the alleged reduction to practice, whether actual OR constructive, of EACH AND every invention claimed in the SAMSUNG PATENT.

**RESPONSE TO REQUEST NO. 56:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS CONCERNING." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request to the extent it seeks irrelevant information and documents not relevant to any issue in this case, rendering the request overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 57:

ALL DOCUMENTS AND THINGS CONCERNING EACH AND every instance in which any person has contended that any claim of the SAMSUNG PATENT AND/or RELATED PATENTS is invalid, unenforceable, void, OR not infringed.

## RESPONSE TO REQUEST NO. 57:

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS CONCERNING." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the patents asserted in this action.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 58:

ALL DOCUMENTS AND THINGS CONCERNING EACH AND every instance in which any person has contended that any claim of the SAMSUNG PATENT AND/or RELATED PATENTS is actually, potentially, OR allegedly infringed.

**RESPONSE TO REQUEST NO. 58:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS AND THINGS CONCERNING." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the patents asserted in this action.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 59:**

ALL DOCUMENTS CONCERNING any lawsuit, ITC action, interference, arbitration, mediation, OR any other dispute OR adversarial proceeding involving the SAMSUNG PATENT OR RELATED PATENTS, including without limitation:

      a.     ALL deposition transcripts (with exhibits);

      b.     ALL discovery, including, without limitation, requests, requests for admissions, requests for production, expert witness discovery AND witness lists;

      c.     ALL responses to discovery listed in (b) above, including, without limitation, ALL DOCUMENTS produced in response to the discovery requests;

      d.     ALL expert reports;

      e.     ALL infringement contentions AND invalidity contentions, as well as any technical DOCUMENTS AND prior art references referenced therein;

      f.     ALL transcripts of hearings OR other court proceedings;

g.    ALL court orders;

h.    ALL claim charts; AND

i.    ALL DOCUMENTS produced in contemplation of settlement.

**RESPONSE TO REQUEST NO. 59:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS CONCERNING." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the patents asserted in this action.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 60:**

ALL DOCUMENTS AND THINGS CONCERNING ALL litigation, prosecution, OR other administrative OR legal proceedings worldwide, completed OR ongoing, CONCERNING the SAMSUNG PATENT, RELATED PATENTS, OR RELATED APPLICATIONS.

**RESPONSE TO REQUEST NO. 60:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS CONCERNING." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-

42

client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the patents asserted in this action. Samsung further objects to this request as vague and ambiguous as to "administrative OR legal proceedings."

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 61:**

For EACH device OR method that, to SAMSUNG'S knowledge, actually OR allegedly practices OR practiced any of the claimed inventions from the SAMSUNG PATENT, ALL DOCUMENTS CONCERNING how EACH such device OR method actually OR allegedly practices EACH of the claimed inventions from the SAMSUNG PATENT.

**RESPONSE TO REQUEST NO. 61:**

Samsung objects to this request as seeking documents not relevant to any issue in this case, rendering the request overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS CONCERNING." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity.

**REQUEST NO. 62:**

ALL prior art of which SAMSUNG is aware to the SAMSUNG PATENT, RELATED PATENTS, AND RELATED APPLICATIONS.

**RESPONSE TO REQUEST NO. 62:**

Samsung objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the patents asserted in this action. Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 63:**

ALL DOCUMENTS AND THINGS that anyone ever contended were prior art to the SAMSUNG PATENT, RELATED PATENTS, AND RELATED APPLICATIONS.

**RESPONSE TO REQUEST NO. 63:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS AND THINGS." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably

44

calculated to lead to the discovery of admissible evidence, to the extent that the request seeks

information unrelated to the patents asserted in this action.

Subject to its general and specific objections, Samsung will produce responsive, non-

privileged documents to the extent such documents exist and are located after a reasonable

search.

## REQUEST NO. 64:

ALL DOCUMENTS AND THINGS CONCERNING any AND ALL searches for Prior
Art with respect to the SAMSUNG PATENT, RELATED PATENTS, AND RELATED
APPLICATIONS.

## RESPONSE TO REQUEST NO. 64:

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous,

and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it

seeks production of "ALL DOCUMENTS AND THINGS CONCERNING." Samsung further

objects to this request to the extent it seeks production of documents protected from discovery by

the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or

immunity. Samsung further objects to this request as unduly burdensome, overly broad,

oppressive, and calling for information that is neither relevant to any issue in this action nor

reasonably calculated to lead to the discovery of admissible evidence, to the extent that the

request seeks information unrelated to the patents asserted in this action.

Subject to its general and specific objections, Samsung will produce responsive, non-

privileged documents to the extent such documents exist and are located after a reasonable

search.

**REQUEST NO. 65:**

DOCUMENTS sufficient to show the first sale of EACH device that practices any of the claimed inventions from the SAMSUNG PATENT, RELATED PATENTS, AND RELATED APPLICATIONS.

**RESPONSE TO REQUEST NO. 65:**

Samsung objects to this request as vague and ambiguous as to "sufficient to show."

Samsung further objects to this request to the extent it seeks documents not relevant to any issue

in this case, rendering the request overbroad, unduly burdensome, and not reasonably calculated

to lead to the discovery of admissible evidence. Samsung further objects to this request to the

extent it is asking Samsung to form contentions concerning whether any of its products fall

within the scope of the claims of the '177 patent.

Subject to its general and specific objections, Samsung will produce responsive, non-

privileged documents to the extent such documents exist and are located after a reasonable

search.

**REQUEST NO. 66:**

DOCUMENTS sufficient to show the first offer for sale of EACH device that practices any of the claimed inventions from the SAMSUNG PATENT, RELATED PATENTS, AND RELATED APPLICATIONS of which SAMSUNG is aware.

**RESPONSE TO REQUEST NO. 66:**

Samsung objects to this request as vague and ambiguous as to "sufficient to show" and

"first offer for sale." Samsung further objects to this request to the extent it seeks documents not

relevant to any issue in this case, rendering the request overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects

to this request to the extent it is asking Samsung to form contentions concerning whether any of

its products fall within the scope of the claims of the '177 patent.

46

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 67:**

DOCUMENTS sufficient to show the first public use of EACH device OR method that practices any of the claimed inventions from the SAMSUNG PATENT, RELATED PATENTS, AND RELATED APPLICATIONS of which SAMSUNG is aware.

**RESPONSE TO REQUEST NO. 67:**

Samsung objects to this request as vague and ambiguous as to "sufficient to show" and "first public use." Samsung further objects to this request to the extent it seeks documents not relevant to any issue in this case, rendering the request overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to this request to the extent it is asking Samsung to form contentions concerning whether any of its products fall within the scope of the claims of the '177 patent.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 68:**

DOCUMENTS sufficient to show the first public disclosure of EACH device that practices any of the claimed inventions from the SAMSUNG PATENT, RELATED PATENTS, AND RELATED APPLICATIONS of which SAMSUNG is aware.

**RESPONSE TO REQUEST NO. 68:**

Samsung objects to this request as vague and ambiguous as to "sufficient to show" and "first public disclosure." Samsung further objects to this request to the extent it seeks documents not relevant to any issue in this case, rendering the request overbroad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to this request to the extent it is asking Samsung to form contentions concerning whether any of its products fall within the scope of the claims of the '177 patent.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 69:

DOCUMENTS sufficient to show the first use for a commercial purpose of EACH device that practices any of the claimed inventions from the SAMSUNG PATENT, RELATED PATENTS, AND RELATED APPLICATIONS of which SAMSUNG is aware.

## RESPONSE TO REQUEST NO. 69:

Samsung objects to this request as vague and ambiguous as to "sufficient to show" and "first use for a commercial purpose." Samsung further objects to this request to the extent it seeks documents not relevant to any issue in this case, rendering the request overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to this request to the extent it is asking Samsung to form contentions concerning whether any of its products fall within the scope of the claims of the '177 patent.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 70:

ALL DOCUMENTS that SAMSUNG may use to show nonobviousness of the alleged inventions of the asserted claims of the SAMSUNG PATENT.

**RESPONSE TO REQUEST NO. 70:**

Samsung objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity.  Samsung further objects to this request to the extent it seeks to reverse the burden of proof concerning nonobviousness.  Samsung further objects to this request to the extent it seeks premature expert discovery.  Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 71:**

ALL DOCUMENTS CONCERNING the basis for any claim OR defense of experimental use in response to an assertion by ON Semiconductor of invalidity of the SAMSUNG PATENT under 35 U.S.C. § 102(b).

**RESPONSE TO REQUEST NO. 71:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS CONCERNING."  Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity.  Samsung further objects to this request in its entirety as premature because Defendants have not yet made an assertion of invalidity under 35 U.S.C. § 102(b).

**REQUEST NO. 72:**

ALL DOCUMENTS CONCERNING any "objective evidence" of "secondary considerations" of the non-obviousness of any asserted claim of the SAMSUNG PATENT in accordance with, for example, *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966), including, without limitation, commercial success, long-felt need, copying by others, attempts by others to solve the problems addressed by the SAMSUNG PATENT, AND acceptance in the industry AND/or by the public of the claimed alleged inventions.

**RESPONSE TO REQUEST NO. 72:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS CONCERNING." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request in its entirety as premature because Defendants have not yet disclosed an obviousness theory.

**REQUEST NO. 73:**

ALL DOCUMENTS AND THINGS that SAMSUNG contends are relevant to the construction OR interpretation of the asserted claims of the SAMSUNG PATENT, including ALL DOCUMENTS AND THINGS that support OR refute Defendants' AND SAMSUNG'S proposed constructions of the asserted claims.

**RESPONSE TO REQUEST NO. 73:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS AND THINGS." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request in it entirety as premature.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 74:

ALL DOCUMENTS CONCERNING when SAMSUNG became aware that any ON SEMICONDUCTOR PRODUCT potentially OR actually allegedly infringed one OR more of the SAMSUNG PATENT, RELATED PATENTS, AND RELATED APPLICATIONS.

## RESPONSE TO REQUEST NO. 74:

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS CONCERNING." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the patents asserted or the product features accused in this action.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 75:

ALL DOCUMENTS CONCERNING whether the SAMSUNG PATENT is allegedly infringed by any of the accused ON SEMICONDUCTOR PRODUCTS OR the use of the accused ON SEMICONDUCTOR PRODUCTS.

**RESPONSE TO REQUEST NO. 75:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS CONCERNING." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 76:**

ALL DOCUMENTS AND THINGS CONCERNING the alleged infringement by ON Semiconductor of the SAMSUNG PATENT.

**RESPONSE TO REQUEST NO. 76:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS AND THINGS CONCERNING." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 77:

ALL DOCUMENTS AND THINGS CONCERNING any actual OR potential claim by SAMSUNG that Defendants' infringement of the SAMSUNG PATENT is willful OR that SAMSUNG is otherwise entitled to enhanced damages under 25 U.S.C. § 284.

## RESPONSE TO REQUEST NO. 77:

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS AND THINGS CONCERNING." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 78:

ALL DOCUMENTS CONCERNING ON Semiconductor, its business, its customers, OR its products.

## RESPONSE TO REQUEST NO. 78:

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS CONCERNING." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request to the extent it seeks documents not relevant to any issue

in this case, rendering the request overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 79:

ALL DOCUMENTS AND THINGS CONCERNING any of the accused ON SEMICONDUCTOR PRODUCTS.

## RESPONSE TO REQUEST NO. 79:

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS AND THINGS CONCERNING." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 80:

ALL DOCUMENTS CONCERNING any discussion of the ON SEMICONDUCTOR PRODUCTS, including methods of manufacture, including but not limited to any competitive analysis of any products OR methods used by SAMSUNG.

## RESPONSE TO REQUEST NO. 80:

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it

seeks production of "ALL DOCUMENTS CONCERNING." Samsung further objects to this

request as vague and ambiguous as to "competitive analysis." Samsung further objects to this

request to the extent it seeks production of documents protected from discovery by the attorney-

client privilege, attorney work-product doctrine, or any other applicable privilege or immunity.

Subject to its general and specific objections, Samsung will produce responsive, non-

privileged documents to the extent such documents exist and are located after a reasonable

search.

### REQUEST NO. 81:

DOCUMENTS sufficient to show ALL assignments, licenses, attempts to license,
attempts to enforce, AND negotiations regarding the SAMSUNG PATENT, RELATED
PATENTS, AND RELATED APPLICATIONS.

### RESPONSE TO REQUEST NO. 81:

Samsung objects to this request as vague and ambiguous as to "sufficient to show."

Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and

calling for information that is neither relevant to any issue in this action nor reasonably

calculated to lead to the discovery of admissible evidence, to the extent that the request seeks

information unrelated to the patents asserted or the product features accused in this action.

Samsung further objects to this request to the extent it seeks production of documents protected

from discovery by the attorney-client privilege, attorney work-product doctrine, or any other

applicable privilege or immunity. Samsung further objects to this request to the extent it seeks

documents not relevant to any issue in this case, rendering the request overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 82:**

ALL DOCUMENTS CONCERNING any discussions CONCERNING the possible licensing of any technology OR methods from SAMSUNG that are in the technical field of the SAMSUNG PATENT, RELATED PATENTS, AND RELATED APPLICATIONS.

**RESPONSE TO REQUEST NO. 82:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS CONCERNING." Samsung further objects to this request as vague and ambiguous as to "possible licensing" and "technical field." Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the patents asserted in this action. Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request to the extent it seeks documents not relevant to any issue in this case, rendering the request overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 83:**

ALL DOCUMENTS CONCERNING Defendants' potential liability OR non-liability with respect to the SAMSUNG PATENT, RELATED PATENTS, AND RELATED APPLICATIONS.

**RESPONSE TO REQUEST NO. 83:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS CONCERNING Defendants' potential liability OR non-liability." Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the patents asserted in this action. Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Samsung further objects to this request to the extent it seeks documents not relevant to any issue in this case, rendering the request overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 84:**

ALL DOCUMENTS AND THINGS CONCERNING any damages that SAMSUNG alleges it has suffered as a result of Defendants' alleged infringement of the SAMSUNG PATENT, including but not limited to any calculation OR estimates of damages, any information forming the basis for such damages calculations OR estimates, AND any methodology used to calculate OR estimate damages.

**RESPONSE TO REQUEST NO. 84:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS AND THINGS CONCERNING." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 85:**

ALL DOCUMENTS AND THINGS sufficient to show any AND ALL products marked with the SAMSUNG PATENT OR RELATED PATENTS.

**RESPONSE TO REQUEST NO. 85:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS AND THINGS." Samsung further objects to this request as vague and ambiguous as to "sufficient to show." Samsung further objects to this request as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the request seeks information unrelated to the patents asserted in this action. Samsung further objects to this request in its entirety as irrelevant because the '177 patent has only method claims.

**REQUEST NO. 86:**

ALL DOCUMENTS AND THINGS sufficient to show any marking with the Patent Numbers of the SAMSUNG PATENT by any SAMSUNG licensee OR any efforts to require any licensee to mark any product.

**RESPONSE TO REQUEST NO. 86:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS." Samsung further objects to this request as vague and ambiguous as to "sufficient to show." Samsung further objects to this request in its entirety as irrelevant because the '177 patent has only method claims.

**REQUEST NO. 87:**

ALL DOCUMENTS CONCERNING the value of the SAMSUNG PATENT, damages for infringement of the SAMSUNG PATENT, AND royalties for licenses for the SAMSUNG PATENT.

**RESPONSE TO REQUEST NO. 87:**

Samsung objects to this request as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks production of "ALL DOCUMENTS CONCERNING." Samsung further objects to this request as vague and ambiguous as to "value." Samsung further objects to this request to the extent it seeks production of documents protected from discovery by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity.

Subject to its general and specific objections, Samsung will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 88:

DOCUMENTS sufficient to show ALL rights ever granted under the SAMSUNG PATENT, including assignments, security interests, exclusive AND nonexclusive licenses, transfers of ownership, AND the chain of title of the SAMSUNG PATENT.

## RESPONSE TO REQUEST NO. 88:

Samsung objects to this request as vague and ambiguous as to "sufficient to show."

Samsung further objects to this request as overbroad, unduly burdensome, and not reasonably

calculated to the lead to the discovery of admissible evidence, to the extent it seeks information

not relevant to any issue in this case.  Samsung further objects to this request as vague and

ambiguous as to "ALL rights ever granted."

Subject to its general and specific objections, Samsung will produce responsive, non-

privileged documents to the extent such documents exist and are located after a reasonable

search.

Dated: May 2, 2007

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

_____
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600
*alundgren@ycst.com*

**OF COUNSEL:**

John M. Desmarais
James E. Marina
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Attorneys For Plaintiffs *SAMSUNG*
*ELECTRONICS CO., LTD., SAMSUNG*
*ELECTRONICS AMERICA, INC., SAMSUNG*
*TELECOMMUNICATIONS AMERICA GENERAL,*
*L.L.C., SAMSUNG SEMICONDUCTOR, INC.,*
*AND SAMSUNG AUSTIN SEMICONDUCTOR,*
*L.L.C.*

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on May 2, 2007, I caused a

the foregoing document to be served upon the following counsel of record in the manner

indicated below:

### BY HAND DELIVERY and E-MAIL

Karen Jacobs Louden, Esquire
*klouden@mnat.com*
Morris Nichols Arsht & Tunnell
1201 North Market Street
PO Box 1347
Wilmington, DE 19899-1347

### BY E-MAIL

Behrooz Shariati, Esquire          T. Gregory Lanier, Esquire
*bshariati@jonesday.com*           *tglanier@jonesday.com*

### BY FEDERAL EXPRESS

Behrooz Shariati, Esquire
Jones Day
2882 Sand Hill Road, Suite 240
Menlo Park, CA 94025

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street
Wilmington, DE 19801
302-571-6600
*alundgren@ycst.com*

EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SAMSUNG ELECTRONICS CO. LTD.,  )
SAMSUNG ELECTRONICS AMERICA, INC.,  )
SAMSUNG TELECOMMUNICATIONS  )
  AMERICA GENERAL, LLC,  )
SAMSUNG SEMICONDUCTOR, INC., and  )
SAMSUNG AUSTIN SEMICONDUCTOR LLC,  )
  )      C.A. No.  06-720 (***)
        Plaintiffs,  )
  )
    v.  )
  )
ON SEMICONDUCTOR CORP. and  )
SEMICONDUCTOR COMPONENTS  )
INDUSTRIES, LLC,  )
  )
        Defendants.  )

**DEFENDANTS ON SEMICONDUCTOR CORPORATION'S AND SEMICONDUCTOR
COMPONENTS INDUSTRIES, LLC'S SECOND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS SAMSUNG
ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG
TELECOMMUNICATIONS AMERICA GENERAL, LLC; SAMSUNG
SEMICONDUCTOR, INC.; and SAMSUNG AUSTIN SEMICONDUCTOR, LLC**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants ON
Semiconductor Corporation and Semiconductor Components Industries, LLC (collectively, "ON
Semiconductor") request that Plaintiffs Samsung Electronics Co., Ltd.; Samsung Electronics
America, Inc.; Samsung Telecommunications America General, LLC; Samsung Semiconductor,
Inc.; and Samsung Austin Semiconductor, LLC (collectively, "Samsung") produce to ON
Semiconductor the documents and things identified below for inspection and copying at the
offices of ON Semiconductor's counsel, Jones Day, 1755 Embarcadero Road, Palo Alto, CA
94303, within thirty (30) days of service.

These requests are supplemental to the obligations Samsung already has to provide disclosure to ON Semiconductor pursuant to the Federal Rules of Civil Procedure and the local rules of the District of Delaware, and are not intended to delay Samsung's compliance with these rules.

## DEFINITIONS

These requests incorporate, without limiting the scope of the Federal Rules of Civil Procedure, the following definitions:

1.      "ALL" refers to all and each, and "EACH" refers to all and each.

2.      "AND" and "OR" refers to either disjunctive or conjunctive use as necessary to bring within the scope of the interrogatories all responses that might otherwise be construed to be outside of its scope.

3.      "COMMUNICATION" refers to any transmittal of information in the form of facts, ideas, inquiries, or otherwise.

4.      "CONCERNING" refers to relating to, referring to, describing, evidencing, or constituting.

5.      The term "DOCUMENT" refers to the usage of this term in Federal Rule of Civil Procedure 34(a), and is synonymous in meaning and equal in scope to this usage, including, without limitation, electronically stored documents, photographs, tape recordings, or other sound or visual materials, computer databases, computer tapes, and any other materials that are in your actual or constructive possession, custody, or control, as well as all prior drafts of the foregoing, and copies of the foregoing on which any mark, alteration, writing, or other change from the original has been made.  A draft or non-identical copy is a separate document within the meaning of the term.

6.    The "ON SEMICONDUCTOR PATENTS" refers to the United States Patent Nos. 6,362,644; 5,563,594; 5,361,001; and 5,000,827, including any reexaminations.

7.    The "ON SEMICONDUCTOR PRODUCTS" refers to any accused apparatus, product, device, process, method, act, and/or other instrumentality that Plaintiffs asserts infringe United States Patent No. 5,252,177.

8.    "RELATED APPLICATIONS" refers to any and all applications related to the referenced patent(s), including any continuations, continuations-in-part, divisionals, interferences, reexaminations, reissues, parents, foreign counter-part applications, and any other applications disclosing, describing, or claiming any invention disclosed, described, or claimed in the referenced patent(s), or claiming the benefit of the filing date of any application whose benefit is claimed in the referenced patent, whether or not abandoned and whether or not issued.

9.    "RELATED PATENTS" refers to any or all patents based upon any RELATED APPLICATION, including any patents that may have been opposed, contacted, or subjected to any nullity proceedings.

10.    The "SAMSUNG PATENT" refers to the United States Patent No. 5,252,177.

11.    The "SAMSUNG PRODUCTS" refer to Double Data Rate (DDR) Synchronous Dynamic Random Access Memory (SDRAM) that includes but is not limited to DDR SDRAM, Mobile DDR SDRAM, DDR2 SDRAM, GDDR SDRAM, GDDR2 SDRAM, and GDDR3 SDRAM, as well as any integrated circuits manufactured using cup plating systems. The "SAMSUNG PRODUCTS" include, but are not limited to, the following product designations: K4D261638K, K4D263238K, K4D263238K, K4H1G0438A, K4H1G0638C, K4H1G0738C, K4H1G0838A, K4H2G0638A, K4H510438C, K4H510638E, K4H510638H, K4H510738E, K4H510738H, K4H510838C, K4H510838D, K4H511638C, K4H511638D, K4H560438E,

3

K4H560438H, K4H560838E, K4H560838H, K4H561638H, K4J52324QE, K4J52324QE, K4J55323QG, K4J55323QG, K4N51163QC, K4N51163QE, K4N51163QE, K4N56163QG, K4N56163QG, K4U52324QE, M312L2820EG(Z)0, M312L2820HZ0, M312L2828ET(U)0, M312L2828HU0, M312L2920CUS, M312L2920CZ0, M312L2923CUS, M312L2923CZ0, M312L3223EG(Z)0, M312L3223ET(U)S, M312L3223HUS, M312L3223HZ0, M312L5128AU0, M312L5128AU1, M312L5620AUS, M312L5623AUS, M312L5628CU0, M312L5720CZ0, M312L6420EG(Z)0, M312L6420ET(U)S, M312L6420HUS, M312L6420HZ0, M312L6423EG(Z)0, M312L6423ET(U)S, M312L6423HUS, M312L6423HZ0, M312L6523CUS, M312L6523CZ0, M368L2923CUN, M368L2923DUN, M368L3223ET(U)M, M368L3223ET(U)N, M368L3223HUS, M368L3324CUS, M368L3324DUS, M368L6423ET(U)M, M368L6423ET(U)N, M368L6423HUN, M368L6523CUS, M368L6523DUS, M381L2923CUM, M381L2923DUM, M381L3223ET(U)M, M381L3223HUM, M381L6423ET(U)M, M381L6423HUM, M381L6523CUM, M381L6523DUM, M470L1624HU0, M470L2923DV0, M470L3224HU0, M470L3324CU0, M470L3324DU0, M470L6524CU0, and M470L6524DU0. The "SAMSUNG PRODUCTS" also include, but are not limited to, product made using the following systems: Applied Materials, Inc.'s SlimCell system, Novellus Systems Inc.'s Sabre System, and Semitool Inc.'s Raider ECD, Raider ECD 310, and Equinox systems.

12.  "THING" refers to the broadest meaning recognized under Fed. R. Civ. P. Rule 34(a).

13.  "SAMSUNG," "YOU," and "YOUR" refers to Plaintiffs Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications America General, LLC; Samsung Semiconductor, Inc.; and Samsung Austin Semiconductor, LLC, their present

and former directors, officers, employees, attorneys, accountants, consultants, representatives, agents, subsidiaries, divisions, successors in interest, any partnerships or joint ventures to which any of the Plaintiffs is party, and/or other persons acting on any of the Plaintiffs' behalf.

14.    The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

These requests incorporate, without limiting the scope of the Federal Rules of Civil Procedure, the following instructions:

1.    When producing documents to satisfy this Request, identify the paragraph number to which the produced document responds.

2.    The identical text of the individual request for production being answered from this Request must immediately precede each answer given.

3.    You are to produce the documents as they are kept in the ordinary course of business or with appropriate markings or designations so that it may be determined to what request they are responsive, including, without limitation, labels that identify documents, binder covers, file folders, tabs, or dividers.

4.    Any electronic information must be produced in a coherent and understandable format or together with a description of the system from which it was derived so that it may be converted to a coherent and understandable format.

5.    If a time period is not specified in the request, all responsive documents for each request must be produced, regardless of the date of the documents were created or received.

6.    PRIVILEGE:  If you withhold from production any document on the grounds of privilege, please further provide the following information:

(a) Date(s) of the creation, transmission, and modification of the document (or an estimate of these dates if not known);

(b) Author(s);

(c) Addressee(s);

(d) Person(s) who received copies;

(e) Subject of the document;

(f) The present location and custodian of the document;

(g) Nature and grounds for the privilege claimed; and

(h) The paragraph number of the individual request(s) to which each document is responsive.

7.    If any of the documents demanded herein have been destroyed, please furnish a list identifying each such document, its author and addressee, each person to whom copies of the document were furnished or to whom the contents of the document were communicated, a summary of the substance of the document, the date upon which it was destroyed, the reason it was destroyed, and the name of the person who ordered or authorized such destruction.

8.    This Request is deemed to be continuing in nature, and in the event you become aware of or acquire in your possession, custody, or control new responsive documents, you are requested promptly to produce such additional documents for inspection and copying.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**Request No. 89:**    DOCUMENTS sufficient to determine the identity AND responsibilities of EACH officer, director, AND managing agent of SAMSUNG.

**Request No. 90:**    DOCUMENTS sufficient to show the organizational structure of EACH of the Plaintiffs AND of the working group(s) which designed the SAMSUNG

PRODUCTS AND from which the alleged invention of the SAMSUNG PATENT arose, including but not limited to DOCUMENTS sufficient to show ALL individuals working in such working groups.

**Request No. 91:**    ALL DOCUMENTS CONCERNING ownership, assignment, AND licensing of the SAMSUNG PATENT OR any RELATED PATENTS.

**Request No. 92:**    DOCUMENTS sufficient to identify ALL methods AND structures known to SAMSUNG directed at addressing the problem(s) allegedly solved by the SAMSUNG PATENT.

**Request No. 93:**    ALL DOCUMENTS CONCERNING any contention by any person OR entity that it does not infringe one OR more of the claims of the SAMSUNG PATENT OR any RELATED PATENTS, OR of invalidity OR unenforceability of one OR more claims of the SAMSUNG PATENT.

**Request No. 94:**    ALL DOCUMENTS CONCERNING any sworn statements, including but not limited to affidavits, declarations, trial testimony, deposition testimony, AND witness statements, of:

    (a)    any officer, director, OR employee of SAMSUNG relating to the SAMSUNG PATENT OR any RELATED PATENTS;

    (b)    any named inventor of the SAMSUNG PATENT OR any RELATED PATENTS;

    (c)    any attorney involved in the prosecution of the SAMSUNG PATENT OR any RELATED PATENTS;

    (d)    any person whom SAMSUNG expects to call as a witness (including as an expert witness) at any proceeding in this action.

**Request No. 95:** DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to identify AND cross-correlate ALL internal part numbers AND other product identification used by SAMSUNG for EACH SAMSUNG PRODUCT.

**Request No. 96:** DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to identify AND cross-correlate the part numbers AND names OR descriptions for EACH component part of EACH SAMSUNG PRODUCT.

**Request No. 97:** DOCUMENTS sufficient to identify the names AND locations of EACH facility in which EACH SAMSUNG PRODUCT OR any component part thereof has been manufactured, assembled, OR packaged, the dates of such manufacturing, assembling, OR packaging since March 19, 1991, AND the identity of EACH corresponding SAMSUNG PRODUCT, including any facility-specific part number OR other identifier.

**Request No. 98:** DOCUMENTS sufficient to identify the facility-specific name for EACH semiconductor manufacturing process used to fabricate EACH SAMSUNG PRODUCT OR component thereof.

**Request No. 99:** DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to identify, by part number, EACH memory die incorporated into EACH SAMSUNG PRODUCT. If more than one memory die can be used interchangeably in a SAMSUNG PRODUCT, DOCUMENTS sufficient to identify EACH such die AND the corresponding part number for the SAMSUNG PRODUCT should be produced.

**Request No. 100:**    DOCUMENTS sufficient to identify EACH end product, including but not limited to computers, cellular telephones, AND game consoles, incorporating any SAMSUNG PRODUCT, AND DOCUMENTS sufficient to identify EACH SAMSUNG PRODUCT incorporated therein.

**Request No. 101:**    For EACH end product, including but not limited to computers, cellular telephones, AND game consoles, incorporating EACH SAMSUNG PRODUCT, DOCUMENTS sufficient to identify the dates of first AND last offer of sale AND the first AND last date of sale.

**Request No. 102:**    For EACH SAMSUNG PRODUCT, DOCUMENTS sufficient to identify the dates of first AND last offer of sale AND the first AND last date of sale.

**Request No. 103:**    DOCUMENTS sufficient to show the design, development, structure, evaluation, OR operation of EACH GDDR made OR sold by SAMSUNG, including, but not limited to, components of the SAMSUNG PRODUCTS.

**Request No. 104:**    DOCUMENTS sufficient to show the structure AND method of on-die termination in EACH GDDR made OR sold by SAMSUNG, including, but not limited to, components of the SAMSUNG PRODUCTS.

**Request No. 105:**    DOCUMENTS sufficient to show the structure AND method of operation of the extended mode register in EACH GDDR made OR sold by SAMSUNG, including, but not limited to, components of the SAMSUNG PRODUCTS.

**Request No. 106:**    DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to show the design, structure, evaluation, OR use of any electroplating systems used in production of any SAMSUNG PRODUCT, including but not limited to GDDR products.

**Request No. 107:**     DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to show the method of any electroplating performed in production of any SAMSUNG PRODUCT, including but not limited to GDDR products.

**Request No. 108:**     DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to show the development, evaluation, OR operation of any electroplating performed in production of any SAMSUNG PRODUCT, including but not limited to GDDR products.

**Request No. 109:**     DOCUMENTS sufficient to show any method of cup plating performed by SAMSUNG, including but not limited to cup plating performed in production of the SAMSUNG PRODUCTS.

**Request No. 110:**     DOCUMENTS sufficient to show the electroplating methods OR procedures performed by SAMSUNG using the Applied Materials SlimCell ECP system, the Novellus Sabre® system, the Semitool Raider™ ECD system, the Semitool Raider™ ECD310 system, OR the Semitool Equinox® system.

**Request No. 111:**     DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to show the design, development, structure, evaluation, OR operation of EACH DDR made OR included in products sold by SAMSUNG, including but not limited to, the SAMSUNG PRODUCTS.

**Request No. 112:**     DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to show the design, development, structure, evaluation, OR operation of any data input register used in a

parallel to serial conversion in any product made OR sold by SAMSUNG, including but not limited to the SAMSUNG PRODUCTS.

**Request No. 113:**    DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to show the design, development, structure, evaluation, OR operation of any prefetch operation in a parallel to serial conversion in any product made OR sold by SAMSUNG, including but not limited to the SAMSUNG PRODUCTS.

**Request No. 114:**    DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to show the design, development, structure, evaluation, OR operation of any timing register used in a parallel to serial conversion in any product made OR sold by SAMSUNG, including but not limited to the SAMSUNG PRODUCTS.

**Request No. 115:**    DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to show the design, development, structure, evaluation, OR operation of any burst read operation used in any DDR made OR sold by SAMSUNG, including but not limited to the SAMSUNG PRODUCTS.

**Request No. 116:**    DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, CONCERNING any product that includes a device with any of the following labeling: "SAMSUNG b52," "BPK130EA," OR "K4X56323PF-BNB."

**Request No. 117:**    DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to show the

design, development, structure, evaluation, OR operation of any DDR2 SDRAM product made OR sold by SAMSUNG, including but not limited to the SAMSUNG PRODUCTS.

**Request No. 118:**    DOCUMENTS sufficient to show the structure AND method of on-die termination in EACH DDR2 made OR sold by SAMSUNG, including, but not limited to, components of the SAMSUNG PRODUCTS.

**Request No. 119:**    DOCUMENTS, including but not limited to package pinout schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to show the design, development, structure, evaluation, operation, OR placement of any pins, including but not limited to DQ0, DQ1, DQ2, DQ3, VDD, VDDQ, VSS, OR VSSQ, in a semiconductor package involving on-die termination in any product made OR sold by SAMSUNG, including but not limited to the SAMSUNG PRODUCTS.

**Request No. 120:**    DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to show the design, development, structure, evaluation, operation, placement, OR value of resistors, including but not limited to resistors designated Rval1 AND Rval2, involved in on-die termination in any product made OR sold by SAMSUNG, including but not limited to the SAMSUNG PRODUCTS.

**Request No. 121:**    DOCUMENTS, including but not limited to schematics, specifications, catalogs, data sheets, design manuals, AND drawings, sufficient to show the design, development, structure, evaluation, operation, OR placement of any DRAM input buffer which uses on-die termination in any product made OR sold by SAMSUNG, including but not limited to the SAMSUNG PRODUCTS.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____

Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
klouden@mnat.com
*Attorneys for defendants*

OF COUNSEL:

Kenneth R. Adamo
JONES DAY
2727 North Harwood Street
Dallas, TX  75201-1515
(214) 220-3939

T. Gregory Lanier
Behrooz Shariati
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
(650) 739-3939

May 8, 2007
812145

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 8, 2007, copies of the foregoing were caused to be served upon the following in the manner indicated:

### BY HAND AND EMAIL

John W. Shaw
Andrew A. Lundgren
YOUNG, CONAWAY, STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Flr.
Wilmington, DE 19899

### BY EMAIL

John M. Desmarais
James E. Marina
KIRKLAND & ELLIS
153 East 53rd Street
New York, NY 10022

Richard J. Bauer (#4828)

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 07-449 (JJF) |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06-720 (JJF) |
| v. | ) ) | |
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, | ) ) ) | |
| Defendants. | ) | |

**ON SEMICONDUCTOR'S THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS TO SAMSUNG**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, ON Semiconductor

Corporation and Semiconductor Components Industries, LLC (collectively,

"ON Semiconductor") request that Samsung Electronics Co., Ltd.; Samsung Electronics

America, Inc.; Samsung Telecommunications America General, LLC; Samsung Semiconductor,

Inc.; and Samsung Austin Semiconductor, LLC (collectively, "Samsung") produce to

ON Semiconductor the documents and things identified below for inspection and copying at the offices of ON Semiconductor's counsel, Jones Day, 1755 Embarcadero Road, Palo Alto, CA 94303, within thirty (30) days of service.

These requests are supplemental to the obligations Samsung already has to provide disclosure to ON Semiconductor pursuant to the Federal Rules of Civil Procedure and the local rules of the District of Delaware, and are not intended to delay Samsung's compliance with these rules.

### DEFINITIONS

These requests incorporate, without limiting the scope of the Federal Rules of Civil Procedure, the following definitions:

1.      "ALL" refers to all and each, and "EACH" refers to all and each.

2.      "AND" and "OR" refers to either disjunctive or conjunctive use as necessary to bring within the scope of the interrogatories all responses that might otherwise be construed to be outside of its scope.

3.      "COMMUNICATION" refers to any transmittal of information in the form of facts, ideas, inquiries, or otherwise.

4.      "CONCERNING" refers to relating to, referring to, describing, evidencing, or constituting.

5.      The term "DOCUMENT" refers to the usage of this term in Federal Rule of Civil Procedure 34(a), and is synonymous in meaning and equal in scope to this usage, including, without limitation, electronically stored documents, photographs, tape recordings, or other sound or visual materials, computer databases, computer tapes, and any other materials that are in your actual or constructive possession, custody, or control, as well as all prior drafts of the foregoing,

and copies of the foregoing on which any mark, alteration, writing, or other change from the original has been made. A draft or non-identical copy is a separate document within the meaning of the term.

6.    The "ON SEMICONDUCTOR PATENTS" refers to the United States Patent Nos. 6,362,644; 5,563,594; 5,361,001; and 5,000,827, including any reexaminations.

7.    The "ON SEMICONDUCTOR PRODUCTS" refers to any accused apparatus, product, device, process, method, act, and/or other instrumentality that Plaintiffs asserts infringe United States Patent No. 5,252,177.

8.    "RELATED APPLICATIONS" refers to any and all applications related to the referenced patent(s), including any continuations, continuations-in-part, divisionals, interferences, reexaminations, reissues, parents, foreign counter-part applications, and any other applications disclosing, describing, or claiming any invention disclosed, described, or claimed in the referenced patent(s), or claiming the benefit of the filing date of any application whose benefit is claimed in the referenced patent, whether or not abandoned and whether or not issued.

9.    "RELATED PATENTS" refers to any or all patents based upon any RELATED APPLICATION, including any patents that may have been opposed, contacted, or subjected to any nullity proceedings.

10.    The "SAMSUNG PATENT" refers to the United States Patent No. 5,252,177.

11.    The "SAMSUNG PRODUCTS" refer to Double Data Rate (DDR) Synchronous Dynamic Random Access Memory (SDRAM) that includes but is not limited to DDR SDRAM, Mobile DDR SDRAM, DDR2 SDRAM, GDDR SDRAM, GDDR2 SDRAM, and GDDR3 SDRAM, as well as any integrated circuits manufactured using cup plating systems. The "SAMSUNG PRODUCTS" include, but are not limited to, the following product designations:

3

K4D261638K, K4D263238K, K4D263238K, K4H1G0438A, K4H1G0638C, K4H1G0738C,

K4H1G0838A, K4H2G0638A, K4H510438C, K4H510638E, K4H510638H, K4H510738E,

K4H510738H, K4H510838C, K4H510838D, K4H511638C, K4H511638D, K4H560438E,

K4H560438H, K4H560838E, K4H560838H, K4H561638H, K4J52324QE, K4J52324QE,

K4J55323QG, K4J55323QG, K4N51163QC, K4N51163QE, K4N51163QE, K4N56163QG,

K4N56163QG, K4U52324QE, M312L2820EG(Z)0, M312L2820HZ0, M312L2828ET(U)0,

M312L2828HU0, M312L2920CUS, M312L2920CZ0, M312L2923CUS, M312L2923CZ0,

M312L3223EG(Z)0,    M312L3223ET(U)S,    M312L3223HUS,    M312L3223HZ0,

M312L5128AU0, M312L5128AU1, M312L5620AUS, M312L5623AUS, M312L5628CU0,

M312L5720CZ0, M312L6420EG(Z)0, M312L6420ET(U)S, M312L6420HUS, M312L6420HZ0,

M312L6423EG(Z)0,    M312L6423ET(U)S,    M312L6423HUS,    M312L6423HZ0,

M312L6523CUS, M312L6523CZ0, M368L2923CUN, M368L2923DUN, M368L3223ET(U)M,

M368L3223ET(U)N,    M368L3223HUS,    M368L3324CUS,    M368L3324DUS,

M368L6423ET(U)M,    M368L6423ET(U)N,    M368L6423HUN,    M368L6523CUS,

M368L6523DUS,    M381L2923CUM,    M381L2923DUM,    M381L3223ET(U)M,

M381L3223HUM,    M381L6423ET(U)M,    M381L6423HUM,    M381L6523CUM,

M381L6523DUM, M470L1624HU0, M470L2923DV0, M470L3224HU0, M470L3324CU0,

M470L3324DU0, and M470L6524DU0. The "SAMSUNG PRODUCTS"

also include, but are not limited to, product made using the following systems:    Applied

Materials, Inc.'s SlimCell system, Novellus Systems Inc.'s Sabre System, and Semitool Inc.'s

Raider ECD, Raider ECD 310, and Equinox systems.

      12.    "THING" refers to the broadest meaning recognized under Fed. R. Civ. P. 34(a).

13.     "SAMSUNG," "YOU," and "YOUR" refers to Plaintiffs Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications America General, LLC; Samsung Semiconductor, Inc.; and Samsung Austin Semiconductor, LLC, their present and former directors, officers, employees, attorneys, accountants, consultants, representatives, agents, subsidiaries, divisions, successors in interest, any partnerships or joint ventures to which any of the Plaintiffs is party, and/or other persons acting on any of the Plaintiffs' behalf.

14.     The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

These requests incorporate, without limiting the scope of the Federal Rules of Civil Procedure, the following instructions:

1.     When producing documents to satisfy this Request, identify the paragraph number to which the produced document responds.

2.     The identical text of the individual request for production being answered from this Request must immediately precede each answer given.

3.     You are to produce the documents as they are kept in the ordinary course of business or with appropriate markings or designations so that it may be determined to what request they are responsive, including, without limitation, labels that identify documents, binder covers, file folders, tabs, or dividers.

4.     Any electronic information must be produced in a coherent and understandable format or together with a description of the system from which it was derived so that it may be converted to a coherent and understandable format.

5.     If a time period is not specified in the request, all responsive documents for each request must be produced, regardless of the date of the documents were created or received.

6.    PRIVILEGE:  If you withhold from production any document on the grounds of privilege, please further provide the following information:

(a)    Date(s) of the creation, transmission, and modification of the document (or an estimate of these dates if not known);

(b)    Author(s);

(c)    Addressee(s);

(d)    Person(s) who received copies;

(e)    Subject of the document;

(f)    The present location and custodian of the document;

(g)    Nature and grounds for the privilege claimed; and

(h)    The paragraph number of the individual request(s) to which each document is responsive.

7.    If any of the documents demanded herein have been destroyed, please furnish a list identifying each such document, its author and addressee, each person to whom copies of the document were furnished or to whom the contents of the document were communicated, a summary of the substance of the document, the date upon which it was destroyed, the reason it was destroyed, and the name of the person who ordered or authorized such destruction.

8.    This Request is deemed to be continuing in nature, and in the event you become aware of or acquire in your possession, custody, or control new responsive documents, you are requested promptly to produce such additional documents for inspection and copying.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**Request No. 122:**    ALL organizational charts used OR generated by SAMSUNG on OR after March 19, 1991.

**Request No. 123:**    ALL DOCUMENTS CONCERNING any DOCUMENT OR correspondence, whether by letter, e-mail, facsimile, OR otherwise, sent to OR received from any individual OR entity CONCERNING ON SEMICONDUCTOR, the ON SEMICONDUCTOR PATENTS, any ON SEMICONDUCTOR PRODUCT, OR this action.

**Request No. 124:**    ALL    DOCUMENTS    CONCERNING    any ON SEMICONDUCTOR corporate board meeting that addressed OR discussed anything relating to ON SEMICONDUCTOR, the ON SEMICONDUCTOR PATENTS, any ON SEMICONDUCTOR PRODUCT, OR this action.

**Request No. 125:**    ALL DOCUMENTS supporting, contradicting, OR otherwise CONCERNING any of the allegations, contentions, defenses, claims, counterclaims, AND requested relief contained in any pleading OR other DOCUMENT filed OR served by SAMSUNG OR ON SEMICONDUCTOR as part of this action.

**Request No. 126:**    DOCUMENTS sufficient to identify ALL of SAMSUNG's predecessors (merged, acquired, OR otherwise), successors, subsidiaries, parents, sisters, partnerships, AND affiliates.

**Request No. 127:**    ALL DOCUMENTS that have been disclosed OR provided to, prepared by, OR received from any individual OR entity from whom SAMSUNG expects to offer (OR has offered) any declaration, affidavit, OR testimony in any trial, hearing, motion, submission to the court, OR deposition in this action.

**Request No. 128:**    ALL DOCUMENTS SAMSUNG may offer as evidence, use as an exhibit, OR otherwise rely upon in connection with ay trial, hearing, motion, submission to the court, OR deposition in this action.

**Request No. 129:**    ALL    DOCUMENTS    CONCERNING    any    of    the ON SEMICONDUCTOR PATENTS.

**Request No. 130:**    DOCUMENTS sufficient to identify every version of every SAMSUNG PRODUCT made, used, sold, offered for sale, OR imported by OR for SAMSUNG, including without limitation, the manufacturer, trade name, model number, part number, catalog number, internal development name, AND other designation known to SAMSUNG.

**Request No. 131:**    DOCUMENTS sufficient to identify the name, job title(s), AND responsibilities of every individual AND every entity that has been involved in any way in the research, design, development, testing, manufacture, OR sale of any SAMSUNG PRODUCT.

**Request No. 132:**    DOCUMENTS sufficient to identify the location AND ownership of ALL facilities at which any SAMSUNG PRODUCT is manufactured.

**Request No. 133:**    ALL agreements with any individual OR entity CONCERNING the manufacture, use, sale, offer for sale, OR importation of any SAMSUNG PRODUCT.

**Request No. 134:**    DOCUMENTS sufficient to show where AND in what format SAMSUNG maintains any information, including electronic information, CONCERNING the manufacture AND sale of any SAMSUNG PRODUCT, including without limitation, an identification of every database that contains such information, AND an identification of every field of EACH such database.

**Request No. 135:**    ALL DOCUMENTS CONCERNING the circuitry, structure, operation, construction, assembly, OR manufacture of any SAMSUNG PRODUCT, including

without limitation, owner's manuals, user's manuals, operating instructions, technical manuals, specifications, schematics, circuit diagrams, block diagrams, images, notebooks, test data, test reports, AND other testing DOCUMENTS, correspondence, e-mail, memoranda, reports, internal company COMMUNICATIONS, records, photographs, presentations, drawings, schematics, process travelers, AND descriptions thereof.

**Request No. 136:**   ALL DOCUMENTS CONCERNING any process, system, OR apparatus used in the manufacture OR production of any SAMSUNG PRODUCT.

**Request No. 137:**   ALL DOCUMENTS CONCERNING process flows for electroplating used in manufacture of the SAMSUNG PRODUCTS, including, without limitation, process flows, process travelers, AND DOCUMENTS identifying process details AND equipment used in the process.

**Request No. 138:**   ALL DOCUMENTS CONCERNING process flows for electroplating using the Applied Materials SlimCell ECP system, the Novellus Sabre® system, the Semitool Raider™ ECD system, the Semitool Raider™ ECD310 system, OR the Semitool Equinox® system, including, without limitation, process flows, process travelers, AND DOCUMENTS identifying process details AND equipment used in the process.

**Request No. 139:**   ALL prior art that SAMSUNG contends has any bearing on the validity of any claim of any ON SEMICONDUCTOR PATENT.

**Request No. 140:**   ALL DOCUMENTS CONCERNING any secondary indicia of nonobviousness related to any of the ON SEMICONDUCTOR PATENTS OR the SAMSUNG PATENT, including without limitation: (a) any long-felt need for the inventions claims OR technology disclosed in the patents; (b) any failure in the relevant art to solve the problems that are the subjects of the inventions claims OR technology disclosed in the patent; (c) any

commercial success of the inventions claimed OR technology disclosed in the patents; (d) any industry recognition OR praise of the inventions claimed OR technology disclosed in the patents; (e) any copying OR adoption by others of the inventions claimed OR technology disclosed in the patents; AND (f) any skepticism toward the inventions claimed OR technology disclosed in the patent.

**Request No. 141:**    ALL  DOCUMENTS  CONCERNING  SAMSUNG's  contention that any ON SEMICONDUCTOR PATENT is unenforceable, including without limitation, ALL DOCUMENTS CONCERNING the factual AND legal bases for SAMSUNG's contention, AND ALL DOCUMENTS that support OR contradict SAMSUNG's contention.

**Request No. 142:**    ALL DOCUMENTS CONCERNING any analysis OR study of the ON SEMICONDUCTOR PATENTS OR the SAMSUNG PATENT.

**Request No. 143:**    ALL  DOCUMENTS  CONCERNING  any  of  the  SAMSUNG PRODUCTS.

**Request No. 144:**    ALL    DOCUMENTS    CONCERNING    any    of    the ON SEMICONDUCTOR PRODUCTS.

**Request No. 145:**    ALL    DOCUMENTS    CONCERNING    any    investigation, inspection, testing, evaluation, analysis, study, review, comparison, OR reverse engineering of any ON SEMICONDUCTOR PRODUCT.

**Request No. 146:**    ALL  DOCUMENTS  CONCERNING  any  effort,  activity,  OR other  undertaking  to  duplicate,  modify,  OR  replicate  in  any  way  any  feature  of  any ON SEMICONDUCTOR PRODUCT.

**Request No. 147:**    ALL DOCUMENTS CONCERNING SAMSUNG's contention that EACH claim of the SAMSUNG PATENT is valid, including without limitation, ALL

DOCUMENTS CONCERNING the factual AND legal bases for SAMSUNG's contention, AND ALL DOCUMENTS that support OR contradict SAMSUNG's contention.

**Request No. 148:**    ALL DOCUMENTS CONCERNING the advertising, marketing, sale, OR distribution of any SAMSUNG PRODUCT, including without limitation, advertisements, product brochures, operational manuals, product instructions, announcements, press releases, sales literature, promotional literature, technical descriptions, AND specifications.

**Request No. 149:**    ALL DOCUMENTS CONCERNING the sale of any SAMSUNG PRODUCT, including without limitation, orders, contracts, invoices, sales journals, OR any other DOCUMENTS used to record unit sales, gross sales, returns, allowances, discounts, OR net sales.

**Request No. 150:**    DOCUMENTS sufficient to show ALL sales (both in units AND dollars) of EACH SAMSUNG PRODUCT by product, customer, geographic region, AND date.

**Request No. 151:**    ALL DOCUMENTS CONCERNING any methodology for calculating revenue, gross profits, OR net profits CONCERNING any SAMSUNG PRODUCT, including any methodology for identifying costs associated with labor, material, variances, sales, administration, OR components that make up those costs.

**Request No. 152:**    ALL DOCUMENTS CONCERNING the price at which any SAMUSNG PRODUCT has been sold by SAMSUNG, including without limitation those sold by any retailer, OR by any other person OR entity, including without limitation, price lists, pricing policies, schedules, workpapers, reports, AND suggested retail prices.

**Request No. 153:**    ALL DOCUMENTS CONCERNING profits, projected profits, unit sales, projected unit sales, sales prices, OR budges relating to any SAMSUNG PRODUCT.

**Request No. 154:**    ALL DOCUMENTS CONCERNING any sales discounts, off-invoice allowances, coupons, funding from competition funds OR the like, OR any other adjustments to price offered to past, present OR potential customers for any SAMSUNG PRODUCT.

**Request No. 155:**    ALL DOCUMENTS CONCERNING any direct OR indirect costs associated with the production, distribution, AND sales of EACH SAMSUNG PRODUCT.

**Request No. 156:**    ALL patent license agreements entered into by SAMSUNG.

**Request No. 157:**    ALL DOCUMENTS relating to any SAMSUNG licensing policy.

**Request No. 158:**    ALL DOCUMENTS relating to any indemnification agreement CONCERNING any SAMSUNG PRODUCT.

**Request No. 159:**    ALL DOCUMENTS CONCERNING any business plan, strategic plan, budget, forecast, projection, financial plan, OR management report CONCERNING sales, anticipated sales, financial activity, OR anticipated financial activity relating to any SAMSUNG PRODUCT.

**Request No. 160:**    ALL DOCUMENTS CONCERNING competition in the relevant market for any SAMSUNG PRODUCT OR ON SEMICONDUCTOR PRODUCT, including without limitation, market studies, market reports, OR analyses describing OR indicating market segments, market share, customers, OR actual OR projected market revenue.

**Request No. 161:**    ALL DOCUMENTS CONCERNING any sales that any SAMSUNG PRODUCT lost to competitors for any reason.

**Request No. 162:**    ALL DOCUMENTS CONCERNING alternatives to the circuits, systems, processes, methods, OR features disclosed OR claimed in the ON SEMICONDUCTOR PATENTS OR the SAMSUNG PATENT.

**Request No. 163:**    ALL DOCUMENTS CONCERNING any economic OR other benefit of using the circuits, systems, processes, methods, AND features disclosed OR claimed in the ON SEMICONDUCTOR PATENTS OR the SAMSUNG PATENT, including without limitation, DOCUMENTS comparing any such economic OR other benefit with those of alternative circuits, systems, processes, methods, AND features.

**Request No. 164:**    ALL DOCUMENTS CONCERNING the cost to implement any alternatives to any of the circuits, systems, processes, methods, AND features disclosed OR claimed in EACH of the ON SEMICONDUCTOR PATENTS OR the SAMSUNG PATENT.

**Request No. 165:**    For EACH contention SAMSUNG makes about the computation of damages in this action, ALL DOCUMENTS CONCERNING the factual AND legal bases for SAMSUNG's contentions.

**Request No. 166:**    ALL DOCUMENTS CONCERNING SAMSUNG's claim for injunctive relief.

**Request No. 167:**    ALL DOCUMENTS CONCERNING SAMSUNG's claims for enhanced damages AND attorneys fees.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
klouden@mnat.com
rbauer@mnat.com
*Attorneys for ON Semiconductor Corp.*
*and Semiconductor Components Industries, LLC*

OF COUNSEL:

Kenneth R. Adamo
JONES DAY
2727 North Harwood Street
Dallas, TX  75201-1515
(214) 220-3939

T. Gregory Lanier
Behrooz Shariati
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
(650) 739-3939

February 21, 2008
1637462

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on February 21, 2008, copies of the foregoing were caused to be served upon the following in the manner indicated:

**BY HAND AND EMAIL**

Josy W. Ingersoll
John W. Shaw
Andrew A. Lundgren
YOUNG, CONAWAY, STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899

**BY EMAIL**

John M. Desmarais
James E. Marina
KIRKLAND & ELLIS
153 East 53rd Street
New York, NY 10022

Richard J. Bauer (#4828)

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 07-449 (JJF) |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>Plaintiffs,<br><br>v.<br><br>ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06-720 (JJF) |

## ON SEMICONDUCTOR'S SECOND SET OF
## INTERROGATORIES TO SAMSUNG

Pursuant to Federal Rules of Civil Procedure 33, Defendants ON Semiconductor

Corporation and Semiconductor Components Industries, LLC (collectively

"ON Semiconductor"), by and through their counsel, hereby requests that Plaintiff Samsung

Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications America General, LLC; Samsung Semiconductor, Inc.; and Samsung Austin Semiconductor, LLC (collectively "Samsung") answer separately and truthfully in writing under oath within 30 days of service hereof each of the Interrogatories set forth below in accordance with the following Definitions and Instructions:

## DEFINITIONS AND INSTRUCTIONS

1.      "ON SEMICONDUCTOR" refers to Defendants ON Semiconductor Corporation and Semiconductor Components Industries, LLC.

2.      The "ON SEMICONDUCTOR PATENTS" refers to the United States Patent Nos. 6,362,644; 5,563,594; 5,361,001; and 5,000,827 including any reexaminations.

3.      "SAMSUNG," "YOU," and "YOUR" refers to Plaintiffs Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications America General, LLC; Samsung Semiconductor, Inc.; and Samsung Austin Semiconductor, LLC, their directors, officers, employees, attorneys, accountants, consultants, representatives, agents, subsidiaries, divisions, successors in interest, any partnerships or joint ventures to which any of the Plaintiffs is party, and/or other persons acting on any of the Plaintiffs' behalf.

4.      The "SAMSUNG PATENT" refers to United States Patent No. 5,252,177.

5.      The "SAMSUNG PRODUCTS" refer to Double Data Rate (DDR) Synchronous Dynamic Random Access Memory (SDRAM) that includes but is not limited to DDR SDRAM, Mobile DDR SDRAM, DDR2 SDRAM, GDDR SDRAM, GDDR2 SDRAM, and GDDR3 SDRAM, as well as any integrated circuits manufactured using cup plating systems. The "SAMSUNG PRODUCTS" include, but are not limited to, the following product designations: K4D261638K, K4D263238K, K4D263238K, K4H1G0438A, K4H1G0638C, K4H1G0738C,

K4H1G0838A, K4H2G0638A, K4H510438C, K4H510638E, K4H510638H, K4H510738E, K4H510738H, K4H510838C, K4H510838D, K4H511638C, K4H511638D, K4H560438E, K4H560438H, K4H560838E, K4H560838H, K4H561638H, K4J52324QE, K4J52324QE, K4J55323QG, K4J55323QG, K4N51163QC, K4N51163QE, K4N51163QE, K4N56163QG, K4N56163QG, K4U52324QE, M312L2820EG(Z)0, M312L2820HZ0, M312L2828ET(U)0, M312L2828HU0, M312L2920CUS, M312L2920CZ0, M312L2923CUS, M312L2923CZ0, M312L3223EG(Z)0, M312L3223ET(U)S, M312L3223HUS, M312L3223HZ0, M312L5128AU0, M312L5128AU1, M312L5620AUS, M312L5623AUS, M312L5628CU0, M312L5720CZ0, M312L6420EG(Z)0, M312L6420ET(U)S, M312L6420HUS, M312L6420HZ0, M312L6423EG(Z)0, M312L6423ET(U)S, M312L6423HUS, M312L6423HZ0, M312L6523CUS, M312L6523CZ0, M368L2923CUN, M368L2923DUN, M368L3223ET(U)M, M368L3223ET(U)N, M368L3223HUS, M368L3324CUS, M368L3324DUS, M368L6423ET(U)M, M368L6423ET(U)N, M368L6423HUN, M368L6523CUS, M368L6523DUS, M381L2923CUM, M381L2923DUM, M381L3223ET(U)M, M381L3223HUM, M381L6423ET(U)M, M381L6423HUM, M381L6523CUM, M381L6523DUM, M470L1624HU0, M470L2923DV0, M470L3224HU0, M470L3324CU0, M470L3324DU0, M470L6524CU0, and M470L6524DU0. The "SAMSUNG PRODUCTS" also include, but are not limited to, product made using the following systems: Applied Materials, Inc.'s SlimCell system, Novellus Systems Inc.'s Sabre System, and Semitool Inc.'s Raider ECD, Raider ECD 310, and Equinox systems.

6.     The "ON SEMICONDUCTOR PRODUCTS" refers to any accused apparatus, product, device, process, method, act, and/or other instrumentality that Plaintiffs asserts infringe United States Patent No. 5,252,177.

7.    Wherever used herein, the singular shall include the plural and the plural shall include the singular.

## INTERROGATORIES

### INTERROGATORY NO. 25:

For each ON SEMICONDUCTOR PRODUCT that SAMSUNG asserts infringement of the SAMSUNG PATENT, describe in detail the investigation undertaken by or on behalf of SAMSUNG to support its allegation of infringement of each asserted claim of the SAMSUNG PATENT, including but not limited to, an identification of every person or entity that conducted, supervised, assisted, or provided analysis or testing information (including Semiconductor Insights), a description of any analysis or testing procedures including the dates and times of such analysis or testing, a description of the results of any analysis or testing, an identification of all documents produced during such analysis or testing, or an identification of any reports generated as a result of such analysis or testing.

### INTERROGATORY NO. 26:

Describe in detail all factual and legal bases supporting SAMSUNG's prayer for injunctive relief.

### INTERROGATORY NO. 27:

Set forth separately for each and every SAMSUNG PRODUCT that ON SEMICONDUCTOR identified and will identify in its answer to Samsung's Interrogatory No. 1, on a monthly, quarterly, and annual basis, from 1991 to the present, the production totals, unit sales, dollar sales, pricing, costs, revenue and profits in the United States.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
klouden@mnat.com
rbauer@mnat.com
*Attorneys for ON Semiconductor Corp.*
*and Semiconductor Components Industries, LLC*

OF COUNSEL:

Kenneth R. Adamo
JONES DAY
2727 North Harwood Street
Dallas, TX  75201-1515
(214) 220-3939

T. Gregory Lanier
Behrooz Shariati
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
(650) 739-3939

February 21, 2007
1637451

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on February 21, 2008, copies of the foregoing were caused to be served upon the following in the manner indicated:

### BY HAND AND EMAIL

Josy W. Ingersoll
John W. Shaw
Andrew A. Lundgren
YOUNG, CONAWAY, STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Flr.
Wilmington, DE 19899

### BY EMAIL

John M. Desmarais
James E. Marina
KIRKLAND & ELLIS
153 East 53rd Street
New York, NY 10022

Richard J. Bauer (#4828)

EXHIBIT 6

# JONES DAY

555 CALIFORNIA STREET • 26TH FLOOR • SAN FRANCISCO, CALIFORNIA 94104-1500
TELEPHONE: 415-626-3939 • FACSIMILE: 415-875-5700

Direct Number: (415) 875-5892
jseraphine@jonesday.com

July 16, 2008

Jon T. Hohenthaner, Esq.
Kirkland & Ellis LLP
Citigroup Center
183 East 53rd Street
New York, NY 10022

Re:     *Samsung Electronics Co., Ltd., et al. v. ON Semiconductor Corp., et al.*
        Civil Action Nos. 06-720 (JJF) and 07-449 (JJF)

Dear Mr. Hohenthaner:

This letter responds to the issues raised in your correspondence to Christine Chua dated May 2, 2008, and Guadalupe Garcia dated June 4, 2008, and also identifies the numerous deficiencies in Samsung's discovery responses as they relate to the damages issues in this litigation. We propose a telephone conference to address these issues collectively.

### Samsung's May 2 and June 4 Correspondence

We have reviewed the issues raised in your letters and are prepared to supplement certain discovery responses as appropriate. In many of its responses to ON Semiconductor's discovery requests, however, Samsung has objected to and/or failed to provide the very same discovery that it demands from ON Semiconductor. ON Semiconductor will supplement its responses if Samsung likewise agrees to supplement its inadequate discovery responses – some examples of which are listed below.

In response to Samsung's Interrogatory No. 4, for example, ON Semiconductor has identified with specificity the products that practice the ON Semiconductor Patents,[1] and produced documents evidencing the marking of those products. ON Semiconductor will agree to supplement its response to identify where in its production those documents can be found. By contrast, Samsung has failed to respond to ON Semiconductor's Interrogatory No. 7, which seeks similar information about the Samsung Patent. (Note, Mr. Garcia raised this issue in his letter to you dated June 6, 2008, to which you have not responded.) Indeed, Samsung has not identified a single apparatus, product, device, process, method, act or other instrumentality that it contends practices the purported invention claimed in the Samsung Patent. Samsung's objections to providing information regarding marking do not excuse an answer to this portion of the request. Please respond fully to this Interrogatory.

---

[1] Defined terms herein are as defined in ON Semiconductor's discovery requests to Samsung.

SFI-587882v1

**JONES DAY**

Jon T. Hohenthaner, Esq.
*Samsung Electronics Co., Ltd., et al. v. ON Semiconductor Corp., et al.*
July 16, 2008
Page 2

ON Semiconductor will also supplement its responses to Interrogatory Nos. 5 (licensing information), 15 (notice of infringement to Samsung) and 29 (production and sales volumes for the accused products), and will produce additional documents responsive to Document Request Nos. 23, 35 and 73 (licensing, potential licensing and litigation documents).   At the same time, however, Samsung must supplement its inadequate responses on these same issues, including its responses to Interrogatory Nos. 27 (production totals, unit sales, dollar sales, pricing, costs, revenue and profits in the United States, on a monthly, quarterly, and annual basis, from 1991 to the present, for the Samsung Products), 23 (litigation, prosecution or other administrative or legal proceedings concerning the Samsung Patent, as well as related patents and applications) and 24 (patent licenses, offers to license, settlement agreements, attempts to negotiate a license, and agreements that cite to or recover the Samsung Patent).  Please respond fully to these Interrogatories.

Additionally, in response to these and other interrogatories, Samsung relies upon Federal Rule of Civil Procedure 33(d).  But as you stated in correspondence, "that rule does not permit [Samsung] to circumvent their existing obligation to provide a complete response, as they have done here by generally pointing to documents they may subsequently produce." *See* June 4, 2008 letter to Guadalupe Garcia (citing *Caruthers v. Procter & Gamble Mfg. Co.*, 1996 WL 745587, at *2 (D.Kan. Dec. 27, 1996)).  Moreover, despite stating that it would produce documents with information responsive to those interrogatories, Samsung has produced no documents or so few documents appear as to beg the question as to whether Samsung has completed its production.  Please advise whether all responsive documents have been produced and, if so, where they are in Samsung's production.

ON Semiconductor will also provide additional ownership and/or assignment documents in its possession, custody or control, if Samsung agrees to supplement its responses to ON Semiconductor's Interrogatory No. 16 (ownership of the patents-in-suit), and Request No. 91 (documents concerning ownership, assignment, and licensing of the Samsung Patent and related patents).

Finally, Samsung cannot seriously demand that ON Semiconductor supplement its response to Interrogatory No. 23, which asks for the basis of ON Semiconductor's contention that the equitable doctrine of laches does not bar pre-suit damages, given Samsung provides none of that information in its responses to ON Semiconductor's Interrogatories.  For example, Samsung provides no substantive response to Interrogatory No. 13,  which requests the bases for Samsung's own laches claim, and produced no documents that support or contradict Samsung's contention that ON Semiconductor Patents are unenforceable under the doctrines of laches, estoppel, waiver and/or acquiescence (Request No. 24).  Nor has Samsung produced any documents responsive to Interrogatory Nos. 19 (Samsung's first knowledge of ON Semiconductor's alleged infringement of the Samsung Patent, including without limitation

Jon T. Hohenthaner, Esq.
*Samsung Electronics Co., Ltd., et al. v. ON Semiconductor Corp., et al.*
July 16, 2008
Page 3

identification of the date that Samsung first used that ON Semiconductor made, used, sold or offered for sale any product that Samsung contends infringes the Samsung Patent), or as agreed in response to Request No. 74 (documents concerning when Samsung became aware that any ON Semiconductor Product potentially or actually allegedly infringes the Samsung Patent or related patents and applications). If and when Samsung agrees to its deficient responses to these requests, ON Semiconductor will supplement its response to Interrogatory No. 23.

### Additional Deficiencies in Samsung's Discovery Responses

Notwithstanding Samsung's reliance on Rule 33(d) in response to numerous Interrogatories, as well as agreement to produce documents in response to many document requests, Samsung's production either includes no documents responsive to those requests or, in some instances, a scant number of documents. Please confirm that all of the requested documents have been produced for the following categories of documents or immediately produce any documents that Samsung has withheld.

- Patent license agreements entered into by Samsung (Request No. 156), and specifically documents sufficient to show all assignments, licenses, attempts to license, attempts to enforce and negotiations concerning the Samsung Patent and related patents and applications (Request No. 81).

- Documents relating to any Samsung licensing policy (Request No. 157).

- Documents sent to or received from any licensee or potential licensee concerning the Samsung Products (Request No. 40), documents concerning or comprising license agreements concerning the Samsung Products and related technology (Request No. 43).

- Documents concerning any discussions concerning the possible licensing of any technology or methods from Samsung that are in the technical field of the Samsung Patent and related patents and applications (Request No. 82).

- Documents sufficient to identify each facility at which each Samsung Product is or has been manufactured, assembled or packaged, and the dates of such manufacturing, assembling, or packaging since March 19, 1991, as well as the name of the corresponding Samsung Product, including any facility-specific part number or other identifier (Request No. 97); documents sufficient to identify the facility-specific name for each semiconductor manufacturing process used to fabricate each Samsung Product or component thereof (Request. No. 98); documents sufficient to identify each end product incorporating any Samsung Product and to identify each Samsung Product incorporated therein (Request No. 100); and documents sufficient to identify the dates of first and last offer of sale and the first and last date of sale

**JONES DAY**

Jon T. Hohenthaner, Esq.
*Samsung Electronics Co., Ltd., et al. v. ON Semiconductor Corp., et al.*
July 16, 2008
Page 4

for the products identified in response to Request No. 100 (Request 101) as well as each Samsung Product (Request 102).

- Documents concerning any corporate board meeting that addressed or discussed anything relating to ON Semiconductor, the ON Semiconductor Patents, ON Semiconductor's Products, or this action (Request No. 124).

- Any indemnification agreement concerning any Samsung Product (Request No. 158).

- Documents concerning or evidencing Samsung's first knowledge or awareness of each of the ON Semiconductor Patents (Request No. 26).

- Marketing, promotional and sales documents concerning the Samsung Products (Request No. 37), documents concerning presentations, demonstrations, proposals and other communications to any third party regarding the Samsung Products (Request No. 38) and documents concerning the advertising, marketing, sale or distribution of any Samsung Product, including *inter alia* advertisements, product brochures, announcements, press releases, sales literature, and promotional literature (Request No. 148).

- Financial data relating to the accused Samsung Products. *See, e.g.*, Request No. 44 (documents sufficient to show the total monthly gross and net sales for each of the Samsung Products made, sold and/or offered for sale by Samsung or that Samsung has licensed or authorized a third party to sell); Request No. 45 (documents sufficient to show the monthly profits for each of the Samsung Products made, sold and/or offered for sale by Samsung or that Samsung has licensed or authorized a third party to sell).

- Agreements concerning the manufacture, use, sale, offer for sale, or importation of any Samsung Product (Request No. 133).

- Documents concerning the sale of any Samsung Product, including orders, contracts, invoices, sales journals, or other documents used to record unit sales, gross sales, returns, allowances, discounts or net sales (Request No. 149), as well as documents sufficient to show sales of each Samsung Product by product, customer, geographic region and date (Request No. 150).

- Documents concerning any methodology for calculating revenue, gross profits, or net profits concerning any Samsung Product, including any methodology for identifying costs associated with labor material, variances sales administration or components that make up those costs (Document Request No. 151), documents concerning the price at which any Samsung Product has been sold by Samsung, including those sold by any retailer, or by any

Jon T. Hohenthaner, Esq.
*Samsung Electronics Co., Ltd., et al. v. ON Semiconductor Corp., et al.*
July 16, 2008
Page 5

other person, or other entity, including price lists, pricing policies, schedules, work papers, reports and suggested retail prices (Request No. 152), documents concerning profits, projected profits, unit sales, projected unit sales, sales prices, or budgets relating to any Samsung Product (Request No. 153), documents concerning sales discounts, off-invoice allowances, coupons, funding from competition funds or the like, or any other adjustments to price offered to past, present or potential customers for any Samsung Product (Request No. 154) and documents concerning any direct or indirect costs associated with the production, distribution, and sales of each Samsung Product (Request No. 155).

- Documents concerning any business plan, strategic plan, budget, forecast, projection, financial activity, plan, or management report concerning sales, anticipated sales, financial activity, or anticipated financial activity relating to any Samsung Product (Request No. 159), documents concerning competition in the relevant market for any Samsung Product or ON Semiconductor Product, including without limitation market studies, market reports, or analyses describing or indicating market segments, market share, customers, or actual or projected market revenue (Request No. 160) and documents concerning any sales that any Samsung Product lost to competitors for any reason (Request No. 161).

- Documents or correspondence concerning ON Semiconductor, the ON Semiconductor Patents, ON Semiconductor's Products or this action (Request No. 123), and specifically competitive analysis of any products or methods used by Samsung (Request No. 80).

- Documents sufficient to describe the corporate structure of Samsung, as well as its corporate parents, subsidiaries, affiliates, etc. (Request No. 2), documents sufficient to identify the personnel involved with, inter alia, patent activities, finance, licensing, sales and marketing (Request No. 3) and organizational charts used or generated by Samsung on or after March 19, 1991 (Request No. 122).

- Documents concerning legal or administrative proceedings involving the Samsung Products (Request No. 42), documents concerning lawsuits, ITC actions, interferences, arbitrations, mediations or other disputes or adversarial proceedings involving the Samsung Patent or related patents (Request No. 59) and documents concerning litigation, prosecution, or other administrative or legal proceedings concerning the Samsung Patent or related patents and applications (Request No. 60).

- Documents concerning alternatives to the circuits, systems, processes, methods, or features disclosed or claimed in the ON Semiconductor Patents or the Samsung Patent (Request No. 162), documents concerning any economic or other benefit of using the circuits, systems, processes, methods, or features disclosed or claimed in the ON Semiconductor Patents or the Samsung Patent, including documents comparing any such economic or other benefit with

**JONES DAY**

Jon T. Hohenthaner, Esq.
*Samsung Electronics Co., Ltd., et al. v. ON Semiconductor Corp., et al.*
July 16, 2008
Page 6

those of alternative circuits, systems, processes, methods, or features (Request No. 163) and documents concerning the costs to implement any alternatives to any of the circuits, systems, processes, methods and features disclosed or claimed in the ON Semiconductor Patents or the Samsung Patent (Request No. 164).

• Documents concerning the value of the Samsung Patent, damages for infringement of the Samsung Patent and royalties for licenses for the Samsung Patent (Request No. 87), as well as documents concerning the factual and legal basis for each contention that Samsung makes about the computation of damages in this case (Request No. 165), including documents concerning its claim for injunctive relief (Request No. 166) and documents concerning its clam for enhanced damages and attorneys fees (Request No. 167).

Samsung has also refused to produce documents clearly relevant to this litigation. ON Semiconductor requests that Samsung immediately withdraw its objections and produce the following categories of documents or produce documents subject to its objections and identify any documents being withheld.

• Documents constituting or concerning any agreements concerning the Samsung Products, or patents or patent applications concerning the Samsung Products, including sales agreements (Request No. 39). Samsung has objected to this request as seeking irrelevant information. However documents related to Samsung's agreements, for example, related to the sales of the Samsung Products, or licenses of the patents or patent applications concerning the Samsung Products, are clearly relevant to the damages issues presented in this case.

• Documents concerning any monetary valuation of the Samsung Products or related patents or patent applications, including any determination of an appropriate royalty rate for the invention or products (Request No. 41). The documents requested are highly relevant to the damages calculation in this case.

• Documents sufficient to show anticipated profits or sales for the Samsung Products made, sold and/or offered for sale by Samsung or that Samsung has licensed or authorized a third party to sell (Request No. 46). Future anticipated sales and profits are clearly relevant to a damages analysis.

• Documents sufficient to show the market share of each of the Samsung Products made, sold and/or offered for sale by Samsung or that Samsung has licensed or authorized a third party to sell (Request No. 47). Again, this information is clearly relevant to a damages analysis in this case.

**JONES DAY**

Jon T. Hohenthaner, Esq.
*Samsung Electronics Co., Ltd., et al. v. ON Semiconductor Corp., et al.*
July 16, 2008
Page 7


- Documents showing where and in what format Samsung maintains information concerning the manufacture and sale of any Samsung Product, including identification of databases and fields in such databases (Request No. 134).  Again, this information is clearly relevant to a damages analysis in this case.

    Please let me know your availability to discuss these issues.


                                        Sincerely,

                                        Jennifer Seraphine

cc:     Guadalupe Garcia, Esq.

| | | |
|---|---|---|
| **Jennifer Seraphine/JonesDay** | To | gcorbett@kirkland.com, ebernard@kirkland.com |
| Extension  3-5892 | | |
| Phone       (415) 875-5892 | cc | |
| | bcc | Jeannie Jew/JonesDay |
| 08/01/2008 12:22 PM | Subject | Samsung v. ON Semiconductor -- Damages Related Discovery |

Greg and Elizabeth,

Thank you for your courtesy yesterday in addressing damages issues the start of our call, and also for your assurances regarding Samsung's supplementing its damages discovery.  I look forward to continued cooperation in the future.

My understanding of the parties' respective commitments follows.  On a few points, I ask that you clarify.  If you have any different understanding, please do let me know as soon as possible so that we can be certain we are on the same page.  Also, if there are additional points that I have missed, please let me know.

1.    Samsung has substantially completed its production of patent licenses relating to the asserted '177 patent and comparable technology and the patents asserted by ON Semiconductor in this case and, again, comparable technology.  ON Semiconductor will likewise substantially complete its production of patent licenses relating to its asserted patents and comparable technology to those patents and the '177 patent next week.

2.    ON Semiconductor has substantially completed its production of documents relating to assertions of and/or negotiations for licensing its asserted patents.  Samsung has confirmed that it has not asserted or engaged in negotiations to license the '177 patent, and will supplement its interrogatory responses to reflect this confirmation.  We would ask that you also confirm no negotiations or litigation involving comparable or similar technology to that claimed in ON Semiconductor's asserted patents in this case.

3.    Both parties will supplement their interrogatory responses and document productions, where appropriate, regarding laches and notice issues.  This includes Samsung's Interrogatory No. 23, and ON Semiconductor's Interrogatory Nos. 13 and 19, and Document Requests 24 and 74.  Supplemental interrogatory responses will include a substantive response and/or an identification by Bates range of documents relied on pursuant to Rule 33(d).

4.    Both parties will supplement their interrogatory responses regarding products practicing their respective asserted patents, including Samsung's Interrogatory No. 4 and ON Semiconductor's Interrogatory No. 7.  On this point, Samsung will clarify its admission responses regarding the importation and/or sale of such products, in comparison to their manufacture.

5.    I would ask that you please clarify and confirm what financial information Samsung intends to provide in connection with the parties' agreement regarding the production of information in summary form.  Also, while we did not go through the numerous, specific document requests outlined my July 16, 2008 letter to Jon Hohenthaner during our call, it would be helpful if Samsung would identify which, if any, of those requests, Samsung asserts are covered by the parties' agreement regarding the production of summary information (such that it will not produce additional information).

6.    The parties will endeavor to serve their respective supplemental interrogatory responses by the end of next week, August 8, and will advise before that date if they will not do so.

7.    We will speak again, towards the end of next week.  One issue that I would like to include in that discussion is a request for supplemental responses to document requests confirming where documents have been produced, and where no documents exist.

Again, thank you for your cooperation, and if you have any questions that are more easily discussed do not hesitate to give me a call.

Jennifer

Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

# JONES DAY

555 CALIFORNIA STREET • 26TH FLOOR • SAN FRANCISCO, CALIFORNIA 94104-1500
TELEPHONE: 415-626-3939 • FACSIMILE: 415-875-5700

Direct Number:  (415) 875-5892
jseraphine@jonesday.com

August 4, 2008

<u>Via e-mail: gcorbett@kirkland.com</u>

Greg F. Corbett, Esq.
Kirkland & Ellis, LLP
655 Fifteenth Street
Washington, DC 20055

    Re:    Samsung Electronics Co., Ltd., et al. v. ON Semiconductor Corp., et al.
           <u>Civil Action Nos. 06-720 (JJF) and 07-449 (JJF)</u>

Dear Greg:

    In your letter to Eric Cha earlier today you stated that Samsung has already produced summary financial information for certain categories of accused products and also marketing documents, including brochures, website materials, catalogs, datasheets and communications with customers.  We request that you please identify where in Samsung's production those documents can be found.

    Also, ON Semiconductor's request regarding business plans and budgeting documents is not "new."  Indeed, not only did ON Semiconductor request production of such documents, but Samsung agreed in its responses to ON Semiconductor's requests to produce them.  *See* ON Semiconductor's Document Request Nos. 159-161, and Samsung's Responses thereto.

    Next, you have confirmed Samsung's admission that it does not make any products in the United States using the method covered by the '177 patent.  Please also confirm Samsung's admission that it does sell, or has sold, such products in the U.S.

    Finally, please also confirm that your letter is not a response to my email correspondence to you and Elizabeth Bernard on Friday, a copy of which is attached for your convenience, and let me know when I can expect a response to the issues raised therein.

    Thank you for your attention to these matters.

                                        Sincerely,

                                        Jennifer Seraphine

Enclosure

SFI-588916v1

| Jennifer Seraphine/JonesDay | To | gcorbett@kirkland.com, ebernard@kirkland.com |
| Extension 3-5892 | cc | |
| Phone    (415) 875-5892 | | |
| | bcc | Jeannie Jew/JonesDay |
| 08/01/2008 12:22 PM | Subject | Samsung v. ON Semiconductor -- Damages Related Discovery |

Greg and Elizabeth,

Thank you for your courtesy yesterday in addressing damages issues the start of our call, and also for your assurances regarding Samsung's supplementing its damages discovery. I look forward to continued cooperation in the future.

My understanding of the parties' respective commitments follows. On a few points, I ask that you clarify. If you have any different understanding, please do let me know as soon as possible so that we can be certain we are on the same page. Also, if there are additional points that I have missed, please let me know.

1.   Samsung has substantially completed its production of patent licenses relating to the asserted '177 patent and comparable technology and the patents asserted by ON Semiconductor in this case and, again, comparable technology. ON Semiconductor will likewise substantially complete its production of patent licenses relating to its asserted patents and comparable technology to those patents and the '177 patent next week.

2.   ON Semiconductor has substantially completed its production of documents relating to assertions of and/or negotiations for licensing its asserted patents. Samsung has confirmed that it has not asserted or engaged in negotiations to license the '177 patent, and will supplement its interrogatory responses to reflect this confirmation. We would ask that you also confirm no negotiations or litigation involving comparable or similar technology to that claimed in ON Semiconductor's asserted patents in this case.

3.   Both parties will supplement their interrogatory responses and document productions, where appropriate, regarding laches and notice issues. This includes Samsung's Interrogatory No. 23, and ON Semiconductor's Interrogatory Nos. 13 and 19, and Document Requests 24 and 74. Supplemental interrogatory responses will include a substantive response and/or an identification by Bates range of documents relied on pursuant to Rule 33(d).

4.   Both parties will supplement their interrogatory responses regarding products practicing their respective asserted patents, including Samsung's Interrogatory No. 4 and ON Semiconductor's Interrogatory No. 7. On this point, Samsung will clarify its admission responses regarding the importation and/or sale of such products, in comparison to their manufacture.

5.   I would ask that you please clarify and confirm what financial information Samsung intends to provide in connection with the parties' agreement regarding the production of information in summary form. Also, while we did not go through the numerous, specific document requests outlined my July 16, 2008 letter to Jon Hohenthaner during our call, it would be helpful if Samsung would identify which, if any, of those requests, Samsung asserts are covered by the parties' agreement regarding the production of summary information (such that it will not produce additional information).

6.   The parties will endeavor to serve their respective supplemental interrogatory responses by the end of next week, August 8, and will advise before that date if they will not do so.

7.   We will speak again, towards the end of next week. One issue that I would like to include in that discussion is a request for supplemental responses to document requests confirming where documents have been produced, and where no documents exist.

Again, thank you for your cooperation, and if you have any questions that are more easily discussed do not hesitate to give me a call.

Jennifer

Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

# JONES DAY

555 CALIFORNIA STREET • 26TH FLOOR • SAN FRANCISCO, CALIFORNIA 94104-1500
TELEPHONE 415-626-3939 • FACSIMILE 415-875-5700

Direct Number: (415) 875-5892
jseraphine@jonesday.com

August 4, 2008

Via e-mail: gcorbett@kirkland.com

Greg F. Corbett, Esq.
Kirkland & Ellis, LLP
655 Fifteenth Street
Washington, DC 20055

Re:    Samsung Electronics Co., Ltd., et al. v. ON Semiconductor Corp., et al.
       Civil Action Nos. 06-720 (JJF) and 07-449 (JJF)

Dear Greg:

Thank you for your letter yesterday. There are still, however, outstanding issues.

First, we have repeatedly requested that Samsung: (a) clarify and confirm what financial information Samsung intends to provide in connection with the parties' agreement regarding the production of information in summary form; and (b) identify which of the documents listed in my July 16, 2008 letter to Jon Hohenthaner will be produced, and which Samsung contends are covered by the parties' agreement (such that it will not produce additional information). Samsung has not responded to these requests.

Second, we have received your offer of a Rule 30(b)(6) witness on "licensing issues" in Korea. Offering a witness in Korea is not acceptable, please advise when the witness can appear in the United States. Identifying the witness as responsive to "licensing issues" is also not sufficient, please identify with specificity the deposition topics about which the witness will be prepared to testify.

As Ms. Bernard has pointed out, the close of discovery is fast approaching. We therefore request a meet and confer on these issues tomorrow, at 10:00 a.m. pst.

Sincerely,

Jennifer Seraphine

cc:    Guadalupe Garcia

SFI-589231v1

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

| | | |
|---|---|---|
| **Jennifer Seraphine/JonesDay** | To | gcorbett@kirkland.com |
| Extension 3-5892 | cc | ebernard@kirkland.com, Guadalupe M |
| Phone       (415) 875-5892 | | Garcia/JonesDay@JonesDay, Christine B |
| | | Chua/JonesDay@JonesDay |
| 08/11/2008 01:27 PM | bcc | Behrooz Shariati/JonesDay |
| | Subject | Samsung v. ON Semiconductor |

Greg,

In a letter dated August 4 we requested that Samsung identify, by Bates number, where the summary financial information and marketing information that you have represented has already been produced to ON Semiconductor can be found in Samsung's production.  You indicated in response that this information would be provided in Samsung's Supplemental Interrogatory Responses to be served on August 8.

We now have those supplemental responses.  Nowhere therein, however, does Samsung identify by Bates number where these documents can be found.  Please provide this information.

Please also advise as to your availability tomorrow for a meet and confer the outstanding issues identified in my August 7 letter (inadvertently dated August 4).

Thank you,

Jennifer


Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

| Jennifer Seraphine/JonesDay | To | "Gregory Corbett" <gcorbett@kirkland.com> |
| Extension 3-5892 | cc | Christine B Chua <CBChua@JonesDay.com>, ebernard@kirkland.com, Guadalupe M Garcia <gmgarcia@JonesDay.com> |
| Phone    (415) 875-5892 | | |
| | bcc | |
| 08/12/2008 02:21 PM | Subject | Re: Samsung v. ON Semiconductor |

Greg,

I look forward to receiving your production of license agreements.

There are, however, numerous issues beyond licenses identified in my correspondence to you and to Ms. Bernard, on which I have requested a meet and confer repeatedly beginning last week.

Please advise if you are refusing to meet and confer on those issues, or alternatively advise as to your availability.  Again, I am available this afternoon or tomorrow morning.

Thank you,

Jennifer

Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700
"Gregory Corbett" <gcorbett@kirkland.com>



| "Gregory Corbett" <gcorbett@kirkland.com> | To | Jennifer Seraphine <jseraphine@JonesDay.com> |
| | cc | Christine B Chua <CBChua@JonesDay.com>, ebernard@kirkland.com, Guadalupe M Garcia <gmgarcia@JonesDay.com> |
| 08/12/2008 02:15 PM | | |
| | Subject | Re: Samsung v. ON Semiconductor |

Hi Jennifer,

We've already produced over 60 license agreements.  There were just a few additional licenses that needed to clear third-party confidentiality issues, and we are producing those licenses tonight.  Further to that issue, I note that ON Semiconductor produced some licenses on Friday; please confirm whether your production of licenses is complete.

If you still have issues after you receive our production, we would be happy to meet and discuss, including to discuss when ON Semiconductor will produce its summary financial information and documents.

Best regards,

Gregory F. Corbett
Kirkland & Ellis LLP
655 Fifteenth Street, NW
Washington, DC 20005
gcorbett@kirkland.com
Telephone: 202-879-5296
Facsimile: 202-879-5200

**Jennifer Seraphine**
**<jseraphine@JonesDay.com>**

2008-08-12 17:02

To "Gregory Corbett" <gcorbett@kirkland.com>
cc Christine B Chua <CBChua@JonesDay.com>, ebernard@kirkland.com,
Guadalupe M Garcia <gmgarcia@JonesDay.com>
Subject Re: Samsung v. ON Semiconductor

Greg,

I appreciate the below update.  However, there remain outstanding issues,
as set forth in my prior correspondence to you and Ms. Bernard.  In
addition to those issues, having had the opportunity to review Samsung's
documents produced last week it is apparent that Samsung's production of
license agreements is not complete.

Again, I request that you please advise as to your availability for a meet
and confer.  I am available this afternoon or tomorrow morning.

Thank you,

Jennifer

Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700


          "Gregory Corbett"
          <gcorbett@kirklan
          d.com>                                    To

Jennifer Seraphine
<jseraphine@Jones.Day.com>

08/12/2008 01:50                                        cc
PM                  Christine B Chua
                    <CBChua@JonesDay.com>,
                    ebernard@kirkland.com, Guadalupe M
                    Garcia <gmgarcia@JonesDay.com>
                                                   Subject
                    Re: Samsung v. ON Semiconductor

Hi Jennifer,

We have already produced summary financial information (see, e.g.,
SAMSUNG0308809-308855), and we are in the process of producing additional
summary financial information for the accused products.  We hope to produce
additional summary financial information today, and we will supplement our
interrogatory response accordingly.  I note that ON Semiconductor did not
provide information regarding summary financial information in its August
8th Supplemental Interrogatory Response.  Please let me know when we will
receive this information.  Also, please confirm whether the licenses and
assertion documents produced and identified in your August 8th Supplemental
Interrogatory Responses are complete.

Best regards,

Gregory F. Corbett
Kirkland & Ellis LLP
655 Fifteenth Street, NW
Washington, DC 20005
gcorbett@kirkland.com
Telephone: 202-879-5296
Facsimile: 202-879-5200

Jennifer Seraphine
<jseraphine@JonesDay.c
om>
                                                        To
                    gcorbett@kirkland.com
2008-08-11 16:27                                        cc
                    ebernard@kirkland.com, Guadalupe M
                    Garcia <gmgarcia@JonesDay.com>,
                    Christine B Chua <CBChua@JonesDay.com>
                                                   Subject
                    Samsung v. ON Semiconductor

Greg,

In a letter dated August 4 we requested that Samsung identify, by Bates number, where the summary financial information and marketing information that you have represented has already been produced to ON Semiconductor can be found in Samsung's production.  You indicated in response that this information would be provided in Samsung's Supplemental Interrogatory Responses to be served on August 8.

We now have those supplemental responses.  Nowhere therein, however, does Samsung identify by Bates number where these documents can be found. Please provide this information.

Please also advise as to your availability tomorrow for a meet and confer the outstanding issues identified in my August 7 letter (inadvertently dated August 4).

Thank you,

Jennifer


Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892

Fax: (415) 875-5700


************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
************************************************************

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

Jennifer Seraphine/JonesDay

Extension 3-5892
Phone    (415) 875-5892

08/14/2008 09:47 AM

To    "Elizabeth Bernard" <EBernard@kirkland.com>

cc    Christine B Chua <CBChua@JonesDay.com>, "Gregory
       Corbett" <gcorbett@kirkland.com>, Guadalupe M Garcia
       <gmgarcia@JonesDay.com>

bcc

Subject    Re: Samsung v. ON Semiconductor

Greg and Elizabeth,

Refusal to schedule a meet and confer is tantamount to refusing to meet and confer.

Nevertheless, at your request we have reviewed the documents produced by Samsung on Tuesday. The documents produced do not resolve the issues raised and outlined in detail in my earlier correspondence. Those issues include, but are not limited to, whether Samsung will agree to produce its witnesses designated pursuant to Federal Rule 30(b)(6) in the United States.

Please advise as to whether Samsung will provide the damages-related discovery identified in my prior correspondence to you no later than the close of business today (est). I am available for a meet and confer to discuss these issues today.

Thank you,

Jennifer


Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700
"Elizabeth Bernard" <EBernard@kirkland.com>



"Elizabeth Bernard"
<EBernard@kirkland.com>

08/12/2008 04:30 PM

To    Jennifer Seraphine <jseraphine@JonesDay.com>

cc    Christine B Chua <CBChua@JonesDay.com>, "Gregory
       Corbett" <gcorbett@kirkland.com>, Guadalupe M Garcia
       <gmgarcia@JonesDay.com>

Subject    Re: Samsung v. ON Semiconductor

Jennifer,

Samsung is not refusing to meet and confer. Per the parties' agreement, we are continuing to produce summary financial information and patent license agreements. We are producing additional documents this evening. We believe that it is more appropriate to meet and confer once the production is complete, if necessary.

However, ON Semiconductor has not confirmed when it will produce summary financial information or

when its license production will be complete.  ON Semiconductor has not produced a single Motorola license agreement.  Please advise when ON Semiconductor will produce this information.

Regards,

Elizabeth

Elizabeth T. Bernard*
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Direct | 202-879-5262
Fax | 202-879-5200

*Admitted only in New York and practice is supervised
by principals of the Firm

**Jennifer Seraphine**
**<jseraphine@JonesDay.com>**

08/12/2008 05:21 PM

To "Gregory Corbett" <gcorbett@kirkland.com>
cc Christine B Chua <CBChua@JonesDay.com>, ebernard@kirkland.com,
    Guadalupe M Garcia <gmgarcia@JonesDay.com>
Subject Re: Samsung v. ON Semiconductor

Greg,

I look forward to receiving your production of license agreements.

There are, however, numerous issues beyond licenses identified in my
correspondence to you and to Ms. Bernard, on which I have requested a meet
and confer repeatedly beginning last week.

Please advise if you are refusing to meet and confer on those issues, or
alternatively advise as to your availability.  Again, I am available this
afternoon or tomorrow morning.

Thank you,

Jennifer


Jennifer Seraphine
Jones Day

555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700


| | | |
|---|---|---|
| "Gregory Corbett" <gcorbett@kirkland.com> | | To |
| | Jennifer Seraphine <jseraphine@JonesDay.com> | |
| 08/12/2008 02:15 PM | | cc |
| | Christine B Chua <CBChua@JonesDay.com>, ebernard@kirkland.com, Guadalupe M Garcia <gmgarcia@JonesDay.com> | |
| | | Subject |
| | Re: Samsung v. ON Semiconductor | |


Hi Jennifer,

We've already produced over 60 license agreements.  There were just a few
additional licenses that needed to clear third-party confidentiality
issues, and we are producing those licenses tonight.  Further to that
issue, I note that ON Semiconductor produced some licenses on Friday;
please confirm whether your production of licenses is complete.

If you still have issues after you receive our production, we would be
happy to meet and discuss, including to discuss when ON Semiconductor will
produce its summary financial information and documents.

Best regards,

Gregory F. Corbett
Kirkland & Ellis LLP
655 Fifteenth Street, NW
Washington, DC 20005
gcorbett@kirkland.com
Telephone: 202-879-5296
Facsimile: 202-879-5200


Jennifer Seraphine
<jseraphine@JonesDay.com>

To

|  | "Gregory Corbett" |
| --- | --- |
| 2008-08-12 17:02 | <gcorbett@kirkland.com> |

cc

Christine B Chua <CBChua@JonesDay.com>,
ebernard@kirkland.com, Guadalupe M
Garcia <gmgarcia@JonesDay.com>

Subject

Re: Samsung v. ON Semiconductor

Greg,

I appreciate the below update.  However, there remain outstanding issues,
as set forth in my prior correspondence to you and Ms. Bernard.  In
addition to those issues, having had the opportunity to review Samsung's
documents produced last week it is apparent that Samsung's production of
license agreements is not complete.

Again, I request that you please advise as to your availability for a meet
and confer.  I am available this afternoon or tomorrow morning.

Thank you,

Jennifer

Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700

|  | "Gregory Corbett" |
| --- | --- |
|  | <gcorbett@kirklan |
| d.com> | To |
|  | Jennifer Seraphine |
|  | <jseraphine@JonesDay.com> |
| 08/12/2008 01:50 | cc |
| PM | Christine B Chua |
|  | <CBChua@JonesDay.com>, |
|  | ebernard@kirkland.com, Guadalupe M |
|  | Garcia <gmgarcia@JonesDay.com> |
|  | Subject |
|  | Re: Samsung v. ON Semiconductor |

Hi Jennifer,

We have already produced summary financial information (see, e.g., SAMSUNG0308809-308855), and we are in the process of producing additional summary financial information for the accused products.  We hope to produce additional summary financial information today, and we will supplement our interrogatory response accordingly.  I note that ON Semiconductor did not provide information regarding summary financial information in its August 8th Supplemental Interrogatory Response.  Please let me know when we will receive this information.  Also, please confirm whether the licenses and assertion documents produced and identified in your August 8th Supplemental Interrogatory Responses are complete.

Best regards,

Gregory F. Corbett
Kirkland & Ellis LLP
655 Fifteenth Street, NW
Washington, DC 20005
gcorbett@kirkland.com
Telephone: 202-879-5296
Facsimile: 202-879-5200


Jennifer Seraphine
<jseraphine@JonesDay.c
om>
                                                                         To
                                    gcorbett@kirkland.com
2008-08-11 16:27                                                         cc
                                    ebernard@kirkland.com, Guadalupe M
                                    Garcia <gmgarcia@JonesDay.com>,
                                    Christine B Chua <CBChua@JonesDay.com>
                                                                    Subject
                                    Samsung v. ON Semiconductor




Greg,

In a letter dated August 4 we requested that Samsung identify, by Bates
number, where the summary financial information and marketing information
that you have represented has already been produced to ON Semiconductor can
be found in Samsung's production.  You indicated in response that this
information would be provided in Samsung's Supplemental Interrogatory
Responses to be served on August 8.

We now have those supplemental responses.  Nowhere therein, however, does
Samsung identify by Bates number where these documents can be found.
Please provide this information.

Please also advise as to your availability tomorrow for a meet and confer
the outstanding issues identified in my August 7 letter (inadvertently
dated August 4).

Thank you,

Jennifer


Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700

*********************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
*********************************************************


==========
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records
can be corrected.
==========




*********************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may

constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
************************************************************


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected
by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

| | | |
|---|---|---|
| Jennifer Seraphine/JonesDay | To | "Elizabeth Bernard" <EBernard@kirkland.com> |
| Extension 3-5892 | cc | Christine B Chua <CBChua@JonesDay.com>, "Gregory |
| Phone     (415) 875-5892 | | Corbett" <gcorbett@kirkland.com>, Guadalupe M Garcia |
| | | <gmgarcia@JonesDay.com> |
| 08/14/2008 01:33 PM | bcc | Behrooz Shariati/JonesDay |
| | Subject | Re: Samsung v. ON Semiconductor |

Elizabeth,

I am not available for a call tomorrow.  As stated in my earlier email, I am available today until 5:00 pm est.  I have been requesting that a time be scheduled for a meet and confer on the damages issues outlined in my correspondence to you and to Greg Corbett for over a week, beginning last Thursday.

Please confirm that the only alternatives you are offering for the deposition of Samsung's Rule 30(b)(6) witness on licensing are that that deposition either take place in Korea, or in San Francisco on September 10, 10 days following the current date for the close of fact discovery and 5 days before the scheduled deadline for the filing of expert reports.

ON Semiconductor produced additional damages documents last Friday, and is further supplementing its document production this week.

Thank you,

Jennifer


Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700
"Elizabeth Bernard" <EBernard@kirkland.com>



| | | |
|---|---|---|
| "Elizabeth Bernard" <EBernard@kirkland.com> | To | Jennifer Seraphine <jseraphine@JonesDay.com> |
| | cc | Christine B Chua <CBChua@JonesDay.com>, "Gregory |
| 08/14/2008 01:09 PM | | Corbett" <gcorbett@kirkland.com>, Guadalupe M Garcia |
| | | <gmgarcia@JonesDay.com> |
| | Subject | Re: Samsung v. ON Semiconductor |

Dear Jennifer:

To the extent we understand your position on the meet and confer, you have misstated our position.  We did not "refuse" to meet and confer, which is an odd position for ON Semiconductor to take in view of our correspondence to you.  In fact, we have already scheduled a meet and confer on other issues tomorrow with other lawyers in your firm.  What we did say in response to your specific concerns is that we expect

to supplement our production and thought it made sense to discuss your issues (and our issues with your related production) then.  To that end, we thought ON Semiconductor would be doing the same, which is apparently not the case since Samsung's document production on financial data is far more complete than ON Semiconductor's.  That is why we inquired of you when you expected that ON Semiconductor would start producing the documents it seeks from Samsung.

With respect to your specifically raised issue of whether we will produce a Rule 30(b)(6) witness on financial data in the United States, we have taken into consideration ON Semiconductor's expressed desire not to travel to Korea, and are able to offer another date for that deposition - September 10th in our San Francisco offices.

To the extent  you still wish to meet and confer, we suggest you be on the call with the other lawyers from your firm tomorrow and we can discuss your issues and ours.


Regards,


Elizabeth


Elizabeth T. Bernard*
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Direct | 202-879-5262
Fax | 202-879-5200

*Admitted only in New York and practice is supervised
by principals of the Firm


Jennifer Seraphine
<jseraphine@JonesDay.com>

08/14/2008 12:48 PM

To "Elizabeth Bernard" <EBernard@kirkland.com>
cc Christine B Chua <CBChua@JonesDay.com>, "Gregory Corbett"
    <gcorbett@kirkland.com>, Guadalupe M Garcia <gmgarcia@JonesDay.com>
Subject Re: Samsung v. ON Semiconductor


Greg and Elizabeth,

Refusal to schedule a meet and confer is tantamount to refusing to meet and
confer.

Nevertheless, at your request we have reviewed the documents produced by
Samsung on Tuesday.  The documents produced do not resolve the issues
raised and outlined in detail in my earlier correspondence.  Those issues
include, but are not limited to, whether Samsung will agree to produce its

witnesses designated pursuant to Federal Rule 30(b)(6) in the United
States.

Please advise as to whether Samsung will provide the damages-related
discovery identified in my prior correspondence to you no later than the
close of  business today (est).  I am available for a meet and confer to
discuss these issues today.

Thank you,

Jennifer


Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700


| | | |
|---|---|---|
| "Elizabeth Bernard" <EBernard@kirkland.com> | | To |
| | Jennifer Seraphine <jseraphine@JonesDay.com> | |
| | | cc |
| 08/12/2008 04:30 PM | Christine B Chua <CBChua@JonesDay.com>, "Gregory Corbett" <gcorbett@kirkland.com>, Guadalupe M Garcia <gmgarcia@JonesDay.com> | |
| | | Subject |
| | Re: Samsung v. ON Semiconductor | |


Jennifer,

Samsung is not refusing to meet and confer.  Per the parties' agreement, we
are continuing to produce summary financial information and patent license
agreements.  We are producing additional documents this evening.   We
believe that it is more appropriate to meet and confer once the production
is complete, if necessary.

However, ON Semiconductor has not confirmed when it will produce summary
financial information or when its license production will be complete.  ON
Semiconductor has not produced a single Motorola license agreement.  Please
advise when ON Semiconductor will produce this information.

Regards,

Elizabeth

Elizabeth T. Bernard*
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Direct | 202-879-5262
Fax | 202-879-5200

*Admitted only in New York and practice is supervised
by principals of the Firm


Jennifer Seraphine
<jseraphine@JonesDay.c
om>

|  |  |  |
|---|---|---|
| 08/12/2008 05:21 PM | To | "Gregory Corbett" <gcorbett@kirkland.com> |
|  | cc | Christine B Chua <CBChua@JonesDay.com>, ebernard@kirkland.com, Guadalupe M Garcia <gmgarcia@JonesDay.com> |
|  | Subject | Re: Samsung v. ON Semiconductor |


Greg,

I look forward to receiving your production of license agreements.

There are, however, numerous issues beyond licenses identified in my
correspondence to you and to Ms. Bernard, on which I have requested a meet
and confer repeatedly beginning last week.

Please advise if you are refusing to meet and confer on those issues, or
alternatively advise as to your availability.  Again, I am available this
afternoon or tomorrow morning.

Thank you,

Jennifer

Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700


| | | |
|---|---|---|
| "Gregory Corbett" <gcorbett@kirkland.com> | | To |
| | Jennifer Seraphine <jseraphine@JonesDay.com> | |
| 08/12/2008 02:15 PM | | cc |
| | Christine B Chua <CBChua@JonesDay.com>, ebernard@kirkland.com, Guadalupe M Garcia <gmgarcia@JonesDay.com> | |
| | | Subject |
| | Re: Samsung v. ON Semiconductor | |


Hi Jennifer,

We've already produced over 60 license agreements.  There were just a few
additional licenses that needed to clear third-party confidentiality
issues, and we are producing those licenses tonight.  Further to that
issue, I note that ON Semiconductor produced some licenses on Friday;
please confirm whether your production of licenses is complete.

If you still have issues after you receive our production, we would be
happy to meet and discuss, including to discuss when ON Semiconductor will
produce its summary financial information and documents.

Best regards,

Gregory F. Corbett
Kirkland & Ellis LLP
655 Fifteenth Street, NW
Washington, DC 20005
gcorbett@kirkland.com
Telephone: 202-879-5296
Facsimile: 202-879-5200



Jennifer Seraphine

```
<jseraphine@JonesDay.c
om>
                                                                    To
                              "Gregory Corbett"
2008-08-12 17:02               <gcorbett@kirkland.com>
                                                                    cc
                              Christine B Chua <CBChua@JonesDay.com>,
                              ebernard@kirkland.com, Guadalupe M
                              Garcia <gmgarcia@JonesDay.com>
                                                               Subject
                              Re: Samsung v. ON Semiconductor
```

Greg,

I appreciate the below update.  However, there remain outstanding issues,
as set forth in my prior correspondence to you and Ms. Bernard.  In
addition to those issues, having had the opportunity to review Samsung's
documents produced last week it is apparent that Samsung's production of
license agreements is not complete.

Again, I request that you please advise as to your availability for a meet
and confer.  I am available this afternoon or tomorrow morning.

Thank you,

Jennifer

Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700

```
             "Gregory Corbett"
             <gcorbett@kirklan
             d.com>                                                 To
                              Jennifer Seraphine
                              <jseraphine@JonesDay.com>
             08/12/2008 01:50                                       cc
             PM               Christine B Chua
                              <CBChua@JonesDay.com>,
                              ebernard@kirkland.com, Guadalupe M
                              Garcia <gmgarcia@JonesDay.com>
                                                               Subject
                              Re: Samsung v. ON Semiconductor
```

Hi Jennifer,

We have already produced summary financial information (see, e.g., SAMSUNG0308809-308855), and we are in the process of producing additional summary financial information for the accused products.  We hope to produce additional summary financial information today, and we will supplement our interrogatory response accordingly.  I note that ON Semiconductor did not provide information regarding summary financial information in its August 8th Supplemental Interrogatory Response.  Please let me know when we will receive this information.  Also, please confirm whether the licenses and assertion documents produced and identified in your August 8th Supplemental Interrogatory Responses are complete.

Best regards,

Gregory F. Corbett
Kirkland & Ellis LLP
655 Fifteenth Street, NW
Washington, DC 20005
gcorbett@kirkland.com
Telephone: 202-879-5296
Facsimile: 202-879-5200

Jennifer Seraphine
<jseraphine@JonesDay.c
om>

                                                        To
                        gcorbett@kirkland.com
2008-08-11 16:27                                        cc
                        ebernard@kirkland.com, Guadalupe M
                        Garcia <gmgarcia@JonesDay.com>,
                        Christine B Chua <CBChua@JonesDay.com>
                                                    Subject
                        Samsung v. ON Semiconductor

Greg,

In a letter dated August 4 we requested that Samsung identify, by Bates
number, where the summary financial information and marketing information
that you have represented has already been produced to ON Semiconductor can
be found in Samsung's production.  You indicated in response that this
information would be provided in Samsung's Supplemental Interrogatory
Responses to be served on August 8.

We now have those supplemental responses.  Nowhere therein, however, does
Samsung identify by Bates number where these documents can be found.
Please provide this information.

Please also advise as to your availability tomorrow for a meet and confer
the outstanding issues identified in my August 7 letter (inadvertently
dated August 4).

Thank you,

Jennifer


Jennifer Seraphine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Direct Phone: (415) 875-5892
Fax: (415) 875-5700


************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
************************************************************


==========
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records
can be corrected.
==========



************************************************************

The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
*********************************************************


==========
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records
can be corrected.
==========




*********************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
*********************************************************


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected
by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

EXHIBIT 7

```
-----BEGIN PRIVACY-ENHANCED MESSAGE-----
Proc-Type: 2001,MIC-CLEAR
Originator-Name: webmaster@www.sec.gov
Originator-Key-Asymmetric:
 MFgwCgYEVQgBAQICAf8DSgAwRwJAW2sNKK9AVtBzYZmr6aGjlWyK3XmZv3dTINen
 TWSM7vrzLADbmYQaionwg5sDW3P6oaM5D3tdezXMm7z1T+B+twIDAQAB
MIC-Info: RSA-MD5,RSA,
 DitF35V7GYKpvtrqFo7SxrU5K4vtgW+Es79MHwN8Qz2ZPOnd92yBf/dA1soSVZJH
 hB4fgFlCiYHrwMRX5Y4Sbg==
```

```
<SEC-DOCUMENT>0001047469-99-037510.txt : 19991018
<SEC-HEADER>0001047469-99-037510.hdr.sgml : 19991018
ACCESSION NUMBER:             0001047469-99-037510
CONFORMED SUBMISSION TYPE:    10-K405
PUBLIC DOCUMENT COUNT:        8
CONFORMED PERIOD OF REPORT:   19990630
FILED AS OF DATE:             19991001

FILER:

        COMPANY DATA:
                COMPANY CONFORMED NAME:            INTERNATIONAL RECTIFIER CORP /DE/
                CENTRAL INDEX KEY:                 0000316793
                STANDARD INDUSTRIAL CLASSIFICATION: SEMICONDUCTORS & RELATED DEVICES [3674]
                IRS NUMBER:                        951528961
                STATE OF INCORPORATION:            DE
                FISCAL YEAR END:                   0629

        FILING VALUES:
                FORM TYPE:          10-K405
                SEC ACT:
                SEC FILE NUMBER:    001-07935
                FILM NUMBER:        99721670

        BUSINESS ADDRESS:
                STREET 1:           233 KANSAS ST
                CITY:               EL SEGUNDO
                STATE:              CA
                ZIP:                90245
                BUSINESS PHONE:     3103223331
</SEC-HEADER>
<DOCUMENT>
<TYPE>10-K405
<SEQUENCE>1
<DESCRIPTION>FORM 10-K405
<TEXT>

<PAGE>
- -------------------------------------------------------------------------------
- -------------------------------------------------------------------------------


                    SECURITIES AND EXCHANGE COMMISSION

                           WASHINGTON, D.C. 20549
                           ----------------------
                                 FORM 10-K

                 /X/ ANNUAL REPORT PURSUANT TO SECTION 13 OR 15
              OF THE SECURITIES EXCHANGE ACT OF 1934 (FEE REQUIRED)

                     For the fiscal year ended June 30, 1999

                                      or

                 / / TRANSITION REPORT PURSUANT TO SECTION 13 OR 15
              OF THE SECURITIES EXCHANGE ACT OF 1934 (NO FEE REQUIRED)

                 For the transition period from        to

                          Commission file number 1-7935
                          ------------------------
                    INTERNATIONAL RECTIFIER CORPORATION

                (Exact name of registrant as specified in its charter)

<TABLE>
<S>                           <C>
        DELAWARE              95-1528961
       (State or other       (IRS Employer
        jurisdiction of
        incorporation or      Identification
        organization)            No.)
</TABLE>


                          ------------------------
                            233 KANSAS STREET
                           EL SEGUNDO, CA 90245
              (Address of principal executive offices, zip code)
         Registrant's telephone number, including area code: (310) 726-8000
                          ------------------------
                 Securities registered pursuant to Section 12(b) of the Act:
```

49
<PAGE>

INTERNATIONAL RECTIFIER CORPORATION AND SUBSIDIARIES

NOTES TO CONSOLIDATED FINANCIAL STATEMENTS (CONTINUED)

9. ENVIRONMENTAL MATTERS (CONTINUED)
can be no assurance, however, that the EPA will accept the settlement offers or
what the ultimate outcome of this matter will be. The Company believes that,
whatever the outcome, it will not have a material adverse effect on the
Company's financial condition, results of operations or cash flows.

10. COMMITMENTS

The future minimum lease commitments under non-cancelable capital and
operating leases of equipment and real property at June 30, 1999 are as follows
(000's):

<TABLE>
<CAPTION>

| FISCAL YEARS | CAPITAL LEASES | OPERATING LEASES | TOTAL COMMITMENTS |
| --- | --- | --- | --- |
| <S> | <C> | <C> | <C> |
| 2000................................................ | $    1,589 | $    2,554 | $    4,143 |
| 2001................................................ | 1,488 | 1,966 | 3,454 |
| 2002................................................ | 1,334 | 1,120 | 2,454 |
| 2003................................................ | 1,136 | 902 | 2,038 |
| 2004................................................ | 788 | 736 | 1,524 |
| Later years......................................... | -- | 1,020 | 1,020 |
| Less imputed interest............................... | (1,037) | -- | (1,037) |
| Total minimum lease payments........................ | $    5,298 | $    8,298 | $   13,596 |

</TABLE>

Total rental expense on all operating leases charged to income was
$6,710,000, $7,698,000 and $8,552,000 in fiscal 1999, 1998 and 1997,
respectively. The Company had outstanding purchase commitments for capital
expenditures of approximately $10.1 million at June 30, 1999.

11. INTELLECTUAL PROPERTY RIGHTS

Most of the Company's broadest power MOSFET patents were subject to, and
have successfully emerged from, reexamination by the United States Patent and
Trademark Office ("PTO"). The PTO, in the fiscal year, concluded its
reexamination of the Company's U.S. patents 4,642,666 and 4,959,699 and issued
reexamination certificates confirming the patentability of claims of those
patents. The Company's 5,008,725 and 5,130,767 patents are currently undergoing
reexamination in the PTO.

12. OTHER INCOME (EXPENSE)

Other income was $53.5 million in fiscal 1999, compared to other expense of
$0.5 million in fiscal 1998. Fiscal 1999 other income primarily consisted of
proceeds from license agreements for prior periods and amounts in settlement of
litigation for past patent infringement (net of legal costs and the share of the
Company's royalty proceeds payable to Unitrode Corporation).

In December 1998, the Company entered into licensing agreements with two
competitors, Samsung Semiconductor, Inc. and Samsung Electronics Co., Ltd.,
(together "Samsung") and Fuji Electric Co., Ltd. ("Fuji"), with respect to IR's
power MOSFET / IGBT patents. The respective agreements provide for payments of
royalties for prior periods. The agreement with Samsung also provides for a
paid-up license that expired in April 1999. The agreement with Fuji provides for
ongoing royalties on worldwide sales covered by the licensed IR patents.

50
<PAGE>

INTERNATIONAL RECTIFIER CORPORATION AND SUBSIDIARIES

NOTES TO CONSOLIDATED FINANCIAL STATEMENTS (CONTINUED)

12. OTHER INCOME (EXPENSE) (CONTINUED)
In March 1999, the Company entered into a licensing agreement with
Shindengen Electric Company. The agreement, effective as of January 1, 1999,
provided for payments of royalties for prior periods, as well as ongoing
royalties on worldwide sales covered by the licensed IR patents.

In June 1999, the Company entered into a licensing agreement with Rohm Co.,
Ltd. The agreement provides for payments of royalties for prior periods, as well
as ongoing royalties on worldwide sales covered by the licensed IR patents.

13. LITIGATION

The Company, along with 87 other companies, was sued in Phoenix, Arizona
federal court on February 26, 1999, by the Lemelson Foundation for alleged
infringement of various Lemelson "machine-vision" and "auto ID" patents. In July
1999, the Company entered into an agreement with the Lemelson Foundation that
settled all outstanding claims and grants the Company a license to use the

Electronic Buyers' News

August 18, 1997

# Samsung settles with SanDisk

**BYLINE:** Andrew MacLellan

**LENGTH:** 564 words

Silicon Valley- Samsung Electronics Co. Ltd. and SanDisk Corp. have resolved their longstanding dispute over patents related to flash-memory technology, ending a U.S. embargo of Samsung flash chips imposed by the International Trade Commission in June.

Upon a reversal of the ITC ruling, which both parties described as imminent, South Korea's Samsung and its semiconductor subsidiary will resume the sale of flash-memory products to OEM customers in the United States.

The two companies also dropped the lawsuits each had filed in U.S. federal court alleging infringement on respective flash patents.

The rival chip makers agreed to cross-license each other's patents, with Samsung paying undisclosed royalty fees for rights to NAND-based flash technology held by SanDisk.

Under the embargo, Samsung stood to lose about $35 million in 1997 flash sales, giving the company a strong incentive to return to the bargaining table. Global flash sales will reach about $3 billion this year, according to Semico Research Corp., Phoenix.

Satisfying customers

Samsung said it capitulated to SanDisk's royalty demands both to honor existing OEM commitments and to get its flash chips back on the market.

"The driving force was to satisfy our customers and their production re-quirements," said W. Keith McDonald, senior vice president of sales and marketing for Samsung Semiconductor Inc., San Jose. "We also believe the flash market will continue to grow."

Details not known

Details of the pact were not disclosed. Cindy Burgdorf, chief financial officer for Sunnyvale, Calif.-based SanDisk, said the agreement will last four to 10 years and grants each party mutual worldwide rights to patents covering design and manufacture of flash-memory products.

Neither company would quantify the royalty rate that Samsung has agreed to pay. However, several industry sources said the sum mentioned prior to the ITC injunction exceeded 10%

"I heard there was a lot of discussion once the ITC decision came down," said Alan Niebel, a Semico analyst. "Apparently, Samsung said they were willing to do a deal as long as it was reasonable and fair."

Reputation as a tough guy

Even before this latest accord, SanDisk had earned a reputation for aggressively asserting its patent rights. In addition to amicable cross- licensing agreements with Hitachi Ltd. and Sharp Corp., SanDisk also inked a deal with Intel Corp. in October 1995 following lengthy legal wrangling.

The two-year battle with Samsung drew to a close just a week after SanDisk brokered a flash agreement with Toshiba Corp., Samsung's primary flash partner. The Toshiba license was a savvy piece of salesmanship, observers said, establishing a royalty

Samsung settles with SanDisk Electronic Buyers' News August 18, 1997

base with yet another market competitor, but also eliminating Toshiba from Samsung's legal corner and weakening its defense strategy.

"I don't know if it's a back door or not - going to Toshiba - but it was easy to see that once that first agreement was in place, you'd get into some very sticky issues as to whether a part had a Toshiba or a Samsung label on it," Niebel said.

When asked whether SanDisk's licensing pact with Toshiba was done in part to gain leverage in its negotiations with Samsung, SanDisk's Burgdorf demurred.

"I don't know about that," she said, "but it's an interesting observation."

Copyright (c) 1997 CMP Media Inc.

**LOAD-DATE:** September 17, 1998

**LANGUAGE:** ENGLISH

Copyright 1997 CMP Media Inc.

EX-99.1 3 dex991.htm PRESS RELEASE DATED 08/19/2002

**Exhibit 99.1**

CONTACT:      Bob Goligoski
              bgoligoski@sandisk.com
              (408) 542-0463

## SAMSUNG AND SANDISK SIGN PATENT CROSS LICENSE AND

## SUPPLY AGREEMENTS COVERING FLASH MEMORY TECHNOLOGY

### Both Companies Will Dismiss Pending

### Patent Infringement Lawsuits Against Each Other

**SUNNYVALE, CA, Aug. 19, 2002** — Samsung Electronics Co., Ltd. and SanDisk Corporation (NASDAQ:SNDK) announced today that they have signed cross license and supply agreements covering flash memory technology. With these agreements, both companies have dismissed lawsuits that they had filed earlier against each other in California and Texas courts. A previous patent cross-licensing agreement between Samsung and SanDisk expired this month. The new agreements have a term of seven years.

Under the agreements, Samsung and SanDisk will be cross-licensed to the flash memory and card patents of both companies. Samsung will also supply SanDisk with flash memory products for the next seven years. Both the license and supply agreements cover MLC (multi-level cell) patents and products. Other details of the agreement were not disclosed.

Y.W. Lee, CEO and president of Samsung Electronics, said, "With these agreements in place, the two companies bring a stronger and a more stable flash future for the end users. In particular, SanDisk brings leadership and many years of valuable experiences in the MLC technology and flash application areas. Samsung on the other hand has made critical breakthroughs in the NAND flash technology areas. In combination, the two sides now have the necessary foundation to raise the state of current flash technologies and assure that the anticipated increase in global demand for flash memory products, both in terms of volume and performance, will be satisfied."

Eli Harari, CEO and president of SanDisk, said, "These new licensing and supply agreements are very good and fair agreements to both our companies. The license agreement continues under the terms of the first license agreement that has just expired and expands the scope of the license to include the future right to sell flash products incorporating MLC patents. The supply agreement covers the supply of standard flash as well as the future supply of MLC flash. This supply agreement represents welcome news

to SanDisk's customers: it allows us to better meet the anticipated increase in global demand for flash memory in the coming years by supplementing our existing supply from FlashVision as well as from our other supply agreements with substantial new supplies of NAND flash from Samsung. I am particularly pleased and honored to sign these agreements with president Y.W. Lee of Samsung."

SanDisk will hold an investor conference call at 8:00 a.m. (Pacific time) today to discuss the matters covered by this press release. If you wish to listen to the call, dial 888-208-1812 at approximately 7:50 a.m. A webcast of the conference call will be available on www.sandisk.com/IR and on www.streetevents.com for institutional investors. Both webcasts will be available until August 30, 2002. The call will also be available through Friday, August 23rd, via replay by dialing 888-203-1112 and using the PIN number 156015.

Samsung Electronics Co. Ltd. is a global leader in semiconductor, telecommunication, and digital convergence technology. Samsung Electronics employs approximately 64,000 people in 89 offices in 47 countries. Samsung Electronics is the world's largest producer of memory chips, Smart Card Chips, Display Driver ICs, TFT-LCDs, CDMA mobile phones, monitors and VCRs. Samsung Electronics consists of four main business units: Digital Media Network, Device Solution Network, Telecommunication Network and Digital Appliance Network Businesses. For more information, please visit our web site, http://samsungelectronics.com.

SanDisk, the world's largest supplier of flash data storage products, designs, manufactures and markets industry-standard, solid-state data, digital imaging and audio storage products using its patented, high density flash memory and controller technology. SanDisk is based in Sunnyvale, CA.

* * *

This news release contains certain forward looking statements including our expectations for future product sales and future royalty income that are based on our current expectations and involve numerous risks and uncertainties that may cause these forward-looking statements to be inaccurate and may significantly and adversely affect our business, financial condition and results of operations. Risks that may cause these forward-looking statements to be inaccurate include among others: future average selling price erosion due to excess industry capacity and extreme price competition; increased expenses and fluctuations in operating results and yields related to establishing Samsung as a new supplier; the current global economic conditions in general and in our markets in particular; the timely development, internal qualification and customer acceptance of new products, such as but not limited to products which incorporate MLC (Multilevel cell) technology; fluctuations in royalty revenues due to industry wide changes in demand for flash memory products which impact royalty bearing sales of our licensees; the timely introduction and acceptance of new consumer products that incorporate our flash storage devices; slower than expected growth in the emerging markets for our products which may result in reduced sales; our ability to prevail in patent litigation proceedings which, if we fail to win, may result in reduced future royalty income, and potential interruption of sales of certain of our products in certain geographic markets; and the other risks detailed from time to time in our Securities and Exchange Commission filings and reports, including, but not limited to, the Form 10Q for the quarter ended June 30, 2002 and the Annual Report on Form 10-K-A for the year ended December 31, 2001. Future results may differ materially from those previously reported. We assume no obligation to update the information contained in this release.

SanDisk's web site/home page address: http://www.sandisk.com
All trade names are either registered trademarks or trademarks of their respective holders.

EXHIBIT 8

CONFIDENTIAL EXHIBIT

EXHIBIT 9

CONFIDENTIAL EXHIBIT