IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., <br> SAMSUNG ELECTRONICS AMERICA, INC., <br> SAMSUNG TELECOMMUNICATIONS <br>    AMERICA GENERAL, L.L.C., <br> SAMSUNG SEMICONDUCTOR, INC., and <br> SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., <br><br>    Plaintiffs, <br><br>    v. <br><br> ON SEMICONDUCTOR CORP. and <br> SEMICONDUCTOR COMPONENTS <br> INDUSTRIES, LLC, <br><br>    Defendants. | Civil Action No. 06-720 (JJF) |
| ON SEMICONDUCTOR CORP. and <br> SEMICONDUCTOR COMPONENTS <br> INDUSTRIES, LLC, <br><br>    Plaintiffs, <br><br>    v. <br><br> SAMSUNG ELECTRONICS CO., LTD., <br> SAMSUNG ELECTRONICS AMERICA, INC., <br> SAMSUNG TELECOMMUNICATIONS <br>    AMERICA GENERAL, L.L.C., <br> SAMSUNG SEMICONDUCTOR, INC., and <br> SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., <br><br>    Defendants. | Civil Action No. 07-449 (JJF) |

**SAMSUNG'S ANSWERING BRIEF IN OPPOSITION TO
ON SEMICONDUCTOR'S MOTION TO COMPEL DAMAGES DISCOVERY**

YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
302-571-6600
*alundgren@ycst.com*

*Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC., SAMSUNG TELECOMMUNICATIONS
AMERICA GENERAL, L.L.C., SAMSUNG
SEMICONDUCTOR, INC., and SAMSUNG
AUSTIN SEMICONDUCTOR, L.L.C.*

OF COUNSEL:

John M. Desmarais
Gregory S. Arovas
Jon T. Hohenthaner
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022-4611
212-446-4800
*jdesmarais@kirkland.com*
*garovas@kirkland.com*
*jhohenthaner@kirkland.com*

Edward C. Donovan
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
202-879-5000
*edonovan@kirkland.com*

Dated:  September 2, 2008

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ..................................................................................................1

II.   NATURE AND STAGE OF THE PROCEEDINGS ...........................................2

III.  SUMMARY OF THE ARGUMENT ...................................................................2

IV.   CONCISE COUNTER-STATEMENT OF FACTS .............................................3

V.    ARGUMENT ......................................................................................................4
      A.    ON Semiconductor's Motion To Compel Licenses And Related
            Documents Should Be Denied. ................................................................5
      B.    ON Semiconductor's Motion To Compel Financial Information Should Be
            Denied. .....................................................................................................6
      C.    ON Semiconductor's Motion To Compel Documents Relating To
            Corporate  Structure and Business and Strategic Plans and Marketing
            Should Be Denied. ....................................................................................7

VI.   CONCLUSION...................................................................................................8

## <u>TABLE OF AUTHORITIES</u>

**No Citations**

## I.    INTRODUCTION

This Court should deny ON Semiconductor's motion to compel damages discovery because it is moot.  It was moot when it was filed because Samsung had produced over 60 license agreements and summary financial information in accordance with the parties' agreement regarding damages discovery, and Samsung had agreed to produce any remaining documents. Moreover, notwithstanding ON Semiconductor's untimely reversal of position on the parties' agreement regarding damages discovery, Samsung has produced substantial additional financial information including: all sales of the accused products in the United States by product code, units, revenue, and customer; the few remaining patent licenses irrespective of whether they relate to the products and patents-at-issue; assertion and negotiation documents related to the patents-in-suit; and marketing information and business plans of far greater scope in subject matter and time than that produced by ON Semiconductor.  Samsung produced all of these documents to resolve ON Semiconductor's endless complaints about discovery despite ON Semiconductor's failure to produce documents of similar scope and its failure to abide by this Court's Scheduling Orders.

To be clear, when ON Semiconductor moved to compel licenses from Samsung, ON Semiconductor *itself* had admittedly not produced most of its own license agreements.  When ON Semiconductor moved to compel production of financial documents from Samsung, ON Semiconductor *itself* had admittedly not produced much of the same scope of information for its accused products.  And when ON Semiconductor moved to compel marketing and business materials from Samsung, ON Semiconductor *itself* had produced few of such documents—a production that pales in comparison to the scope of documents produced by Samsung.  Thus, despite ON Semiconductor's unfounded accusations against Samsung—ON Semiconductor is the only party that has failed to provide adequate damages discovery.  For this reason, the Court

should deny ON Semiconductor's motion as moot. To the extent the Court grants relief on this motion, ON Semiconductor should be required to produce the same scope of information that it demands from Samsung.[1]

## II.     NATURE AND STAGE OF THE PROCEEDINGS

Samsung brought this action for declaratory relief in December 2006 after being threatened with litigation by ON Semiconductor. (D.I. 8.) Samsung sought declaratory relief in its amended complaint with respect to four ON Semiconductor patents. In addition, Samsung brought suit for infringement with respect to one Samsung patent by certain products made with an infringing process. In response to a joint request by the parties, this Court required that all documents be produced by April 11, 2008, with fact discovery scheduled to end by July 11, 2008. (D.I. 113.) In response to a second joint request by the parties, this Court extended fact discovery until August 29, 2008 to complete outstanding discovery, but expressly precluded additional requests for written discovery and depositions. (Exhibit A.)

## III.     SUMMARY OF THE ARGUMENT

1.     Samsung requests the Court deny ON Semiconductor's motion to compel as moot. Samsung has already produced over 65 patent license agreements located after a reasonable search, documents reflecting licensing negotiations related to the patent-in-suit, extensive detailed financial information beyond what the parties agreed to in May, and marketing information and business plans in far greater scope than previously agreed to by the parties or produced by ON Semiconductor.

---

[1] Samsung submits ON Semiconductor's motion should be denied for the reasons set forth herein, including the fact that there was an express agreement between the parties that was made to avoid this exact situation. To the extent the Court orders any relief, however, Samsung submits it should apply to both sides, and hereby conditionally cross-moves for an order of equal scope.

2.    ON Semiconductor has failed to produce the same information it demands from Samsung.  ON Semiconductor has admittedly not produced all relevant license agreements, complete financial information, and has only produced marketing and business plans limited to the past year.  The Court should deny ON Semiconductor's motion to compel damages information as moot.  However, to the extent this Court grants relief on this motion, ON Semiconductor should be required to provide the same scope of information that it demands from Samsung.

## IV.    CONCISE COUNTER-STATEMENT OF FACTS

Following the original April 11, 2008 deadline for document production, after the parties were supposed to have completed their document production, the parties exchanged letters regarding deficiencies in document production.  At the time, ON Semiconductor expressly proposed that the parties agree to limiting damages discovery to "*summary form*, either in month-to-month format, or quarter-to-quarter format, including figures for sales and revenue." (Exhibit B (emphasis added).)  Samsung agreed, noting that such an agreement would "resolve and limit issues." (Exhibit C.)

However, by the end of fact discovery—July 11, 2008—ON Semiconductor had failed to offer *a single corporate witness on any topic*, while Samsung had produced all of its corporate witnesses except for damages related topics.  Thus, Samsung had little choice but to agree to a joint extension of fact discovery until August 29, 2008, *but only for outstanding discovery* and with the understanding that ON Semiconductor had produced its documents and the parties were merely using the extra time to complete depositions and would not "serve new discovery requests (including deposition notices), as the time for doing so has already passed." (Exhibit D.)

ON Semiconductor quickly reneged on its agreements—its agreement to limit the scope of damages discovery to summary information *and* its agreement to not serve new discovery requests after July 11, 2008. On July 16, 2008, ON Semiconductor reversed position and sought all damages documents of every conceivable sort notwithstanding its own proposal, agreed to by Samsung, to avoid precisely this discovery. (Exhibit E.) ON Semiconductor then subsequently offered all of its corporate witnesses related to the accused products, the four patents-in-suit, sales, marketing, financials, licenses, and prosecution histories for the last week of extended discovery. (Exhibit F.) When Samsung requested alternative dates, ON Semiconductor refused, taking the position that Samsung would waive its right to the depositions unless they were all taken in the last week of discovery. *Id.* ON Semiconductor then produced over 45,000 pages of documents long after the April 11, 2008 due date. *Id.*

Since filing this motion, ON Semiconductor has admittedly failed to produce the same information of which it complains—complete license agreements, financial information for the ON Semiconductor accused products, and complete marketing information and business plans. (*See* Exhibit G; Exhibit H.) Though Samsung has continued to produce additional information and has consistently kept ON Semiconductor apprised of the state of its damages production, (*see, e.g.*, Exhibit I; Exhibit J; Exhibit K), ON Semiconductor has refused to confirm when it will produce the same information that it demands from Samsung. Indeed, Samsung *still* has not received complete licensing, financial or marketing and business information from ON Semiconductor of the type that the parties agreed to in May.

## V.    ARGUMENT

None of the arguments raised for any of the three categories of documents sought by ON Semiconductor are meritorious. This Court should deny ON Semiconductor's motion to compel in its entirety.

4

### A.    ON Semiconductor's Motion To Compel Licenses And Related Documents Should Be Denied.

ON Semiconductor's first category of requested documents, a "complete set of Samsung's license agreements and documents concerning license negotiations relating to the patented subject matter and infringing products, and comparable technology and products" should be denied as moot. Although ON Semiconductor fails to acknowledge it, Samsung— unlike ON Semiconductor—*had produced licenses before the motion to compel was filed and at no time ever refused to do so*. In fact, Samsung had produced over 60 patent license agreements by the time ON Semiconductor filed this motion. In its motion, ON Semiconductor points to two Samsung licenses that are irrelevant because those licenses do not involve products accused in this action, or even comparable products. In any case, this point is moot, as Samsung has now produced those and additional licenses located after a reasonable search.

In contrast, ON Semiconductor admits that its production of license agreements remains incomplete. Indeed, Samsung was forced to depose ON Semiconductor's 30(b)(6) licensing witness, Mr. Sonny Cave, without complete license production. ON Semiconductor fully admitted that, *even after it filed this motion to compel*, it had not completed its production of license agreements. (Exhibit F.) To date, ON Semiconductor has yet to indicate when it will complete its production of licenses.

Also moot is ON Semiconductor's request for licensing assertion and policy documents. Beyond the actual licenses, Samsung has also produced licensing assertion documents for its patent-in-suit in accordance with the parties' previous agreement. While ON Semiconductor now argues that it is entitled to documents of much broader scope, ON Semiconductor itself has produced only documents relating to licensing assertions for the specific patents-in-suit, and has confirmed it is not producing any more information. (Exhibit L.) Samsung has not "demanded"

any additional licensing negotiation or royalty information from ON Semiconductor. Information regarding negotiations or royalties unrelated to the patents-in-suit is beyond the parties' previous agreement and is irrelevant. Indeed, ON Semiconductor's own failure to produce any information beyond assertion documents for the specific patents-in-suit confirms it agrees such information is irrelevant. Moreover, to the extent ON Semiconductor seeks documents related to "licensing policies," Samsung previously informed ON Semiconductor that Samsung has no written "license policy" and, accordingly, no responsive documents exist.

In sum, there is no basis to grant a motion to compel on this subject, and there never was. Samsung has already produced license agreements and patent assertion documents related to the patents-in-suit. For this reason, the Court should deny ON Semiconductor's motion to compel additional licensing information.

### B.     ON Semiconductor's Motion To Compel Financial Information Should Be Denied.

ON Semiconductor's second category of documents—"financial information sufficient to show all sales of infringing products"—should also be denied as moot and/or beyond the scope of the parties' express agreement. As discussed above, ON Semiconductor proposed to limit damages discovery to "*summary form*, either in month-to-month format, or quarter-to-quarter format, including figures for sales and revenue." (Exhibit B (emphasis added).) And Samsung, *unlike ON Semiconductor*, has already produced complete monthly sales data for the accused products by product code, revenue, units and United States customer (whether the product is imported or not into the United States) in addition to the summary financial information it had produced prior to ON Semiconductor's motion to compel. In sum, Samsung has produced documents of significantly greater scope than the "summary form" financials that the parties had expressly agreed to exchange in May.

To further resolve this dispute, Samsung has also produced documents relating to foreign sales (with no admission of relevancy), including sales made outside the United States but invoiced to United States customers. Other foreign sales—*e.g.* sales made outside the United States to foreign entities are irrelevant and, in any case, Samsung lacks information about whether and how those foreign sales of products without nexus to the United States are disposed. Moreover, Samsung has produced sales data of accused products to other Samsung divisions, where the accused product could conceivably enter the United States as part of some other non-accused product.

Samsung has already produced detailed financial information for each of the accused products—well beyond the scope of the parties' agreement. For these reason, the Court should deny ON Semiconductor's motion to compel.[2]

### C.    ON Semiconductor's Motion To Compel Documents Relating To Corporate Structure and Business and Strategic Plans and Marketing Should Be Denied.

ON Semiconductor's motion to compel documents relating to corporate structure and business and strategic plans and marketing documents should also be denied as moot. First, long before ON Semiconductor filed this motion to compel, Samsung had already produced hundreds of marketing datasheets relating to the accused products—significantly more than the "handful" suggested by ON Semiconductor. Samsung has also produced public business filings and internal presentations that adequately reflect the corporate structure of Samsung.

Moreover, when it became clear that ON Semiconductor intended to disregard the parties' longstanding agreement to limit damages discovery to "summary" information, Samsung was able to collect and produce hundreds of marketing and business and strategic plans, including

---

[2] Contrary to ON Semiconductor's statement in footnote 9 of its brief, Samsung has alleged induced infringement against ON Semiconductor.

internal press releases, announcements, internal marketing plans and presentations, brochures, internal sales forecasts, internal budgets, costs information, internal technical presentations and roadmaps, all dating back until at least 2001 to the present.  Samsung has identified and confirmed this production to ON Semiconductor.  (Exhibit K.)

In stark contrast to Samsung's production, ON Semiconductor has provided no more than what appears to be a scattering of marketing-related documents from the past year.  ON Semiconductor has not produced documents back to 2003, the time when Samsung claims ON Semiconductor commenced its infringing activity and the relevant timeframe for the damages analysis.  ON Semiconductor has refused to confirm when it will produce this information, as requested by Samsung before the close of discovery.  *Id.*  For these reasons, the Court should deny ON Semiconductor's motion to compel as moot.

## VI.    CONCLUSION

This Court should deny ON Semiconductor's motion to compel damages discovery as moot.  Samsung has produced over 65 patent license agreements, patent assertion documents, detailed financials for each of the accused products, and hundreds of marketing and business documents—*far more than ON Semiconductor has produced to Samsung*.  Samsung believes, and has consistently maintained, that the documents ON Semiconductor demands are beyond the parties' agreement regarding damages discovery in May or otherwise irrelevant.  Nonetheless, Samsung expeditiously produced the requested discovery following ON Semiconductor's unilateral rescission of the parties' agreement in effort to resolve the issues between the parties and complete fact discovery.  For these reasons, Samsung respectfully requests this Court deny ON Semiconductor's motion to compel as moot, or in the alternative, ON Semiconductor should be required to provide the same scope of information that it now demands from Samsung.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

_____
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
302-571-6600
*alundgren@ycst.com*

*Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC., SAMSUNG TELECOMMUNICATIONS
AMERICA GENERAL, L.L.C., SAMSUNG
SEMICONDUCTOR, INC., and SAMSUNG
AUSTIN SEMICONDUCTOR, L.L.C.*

OF COUNSEL:

John M. Desmarais
Gregory S. Arovas
Jon T. Hohenthaner
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022-4611
212-446-4800
*jdesmarais@kirkland.com*
*garovas@kirkland.com*
*jhohenthaner@kirkland.com*

Edward C. Donovan
Gregory F. Corbett
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
202-879-5000
*edonovan@kirkland.com*
*gcorbett@kirkland.com*

Dated:  September 2, 2008

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on September 2, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Karen Jacobs Louden, Esquire [klouden@mnat.com]
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> PO Box 1347
> Wilmington, DE 19899-1347

I further certify that on September 2, 2008, I caused a copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

> Behrooz Shariati, Esquire [bshariati@jonesday.com]
> T. Gregory Lanier, Esquire [tglanier@jonesday.com]
> Jones Day
> 1755 Embarcadero Road
> Palo Alto, CA 94303

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
302-571-6600
alundgren@ycst.com