IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ON SEMICONDUCTOR CORP. and )
SEMICONDUCTOR COMPONENTS )
   INDUSTRIES, L.L.C., )
 )
       Plaintiffs, )
 )
  v. )
 )    C.A. No. 07-449 (JJF)
SAMSUNG ELECTRONICS CO., LTD., )
SAMSUNG ELECTRONICS AMERICA, INC., )   **PUBLIC VERSION**
SAMSUNG TELECOMMUNICATIONS )
   AMERICA GENERAL, L.L.C., )
SAMSUNG SEMICONDUCTOR, INC., and )   Confidential Version Filed:
SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., )   November 7, 2008
 )
       Defendants. )   Public Version Filed:
_____ )   November 12, 2008
SAMSUNG ELECTRONICS CO., LTD., )
SAMSUNG ELECTRONICS AMERICA, INC., )
SAMSUNG TELECOMMUNICATIONS )
   AMERICA GENERAL, L.L.C., )
SAMSUNG SEMICONDUCTOR, INC., and )
SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., )
 )
       Plaintiffs, )    C.A. No. 06-720 (JJF)
 )
  v. )
 )
ON SEMICONDUCTOR CORP. and )
SEMICONDUCTOR COMPONENTS )
   INDUSTRIES, L.L.C., )
 )
       Defendants. )

## ON SEMICONDUCTOR'S MOTIONS *IN LIMINE*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
*Attorneys for ON Semiconductor Corp.*
*and Semiconductor Components Industries, L.L.C.*

November 7, 2008

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................... iii

NATURE AND STAGE OF THE PROCEEDINGS ................................... 1

SUMMARY OF THE ARGUMENT .............................................. 1

STATEMENT OF FACTS ...................................................... 1

I.      MOTION *IN LIMINE* TO ESTABLISH ORDER OF PROOF ........................................... 2

II.     MOTION *IN LIMINE* TO PRECLUDE THE
        TESTIMONY OF SAMSUNG'S PURPORTED EXPERT,
        DESI RHODEN. ................................................................ 7

III.    MOTION *IN LIMINE* TO PRECLUDE SAMSUNG
        FROM REFERRING TO OR OFFERING EVIDENCE
        BEFORE THE JURY CONCERNING EQUITABLE ISSUES ...................................... 12

IV.     MOTION *IN LIMINE* TO PRECLUDE SAMSUNG FROM
        OFFERING EVIDENCE THAT THE ACCUSED SAMSUNG
        END PRODUCTS WERE MADE BY ANYTHING OTHER
        THAN DISCLOSED PROCESSES AND DESIGNS ........................................................ 14

V.      MOTION *IN LIMINE* TO PRECLUDE SAMSUNG FROM
        SEEKING ENHANCED DAMAGES OR ASSERTING
        WILLFUL INFRINGEMENT AT TRIAL ........................................................ 17

VI.     MOTION *IN LIMINE* TO PRECLUDE ANY EVIDENCE
        OF LACHES ........................................................................ 18

VII.    MOTION *IN LIMINE* TO PRECLUDE UNTIMELY
        DISCLOSURES OF ANY PRIOR ART SAMSUNG
        DID NOT PROPERLY DISCLOSE DURING FACT
        AND EXPERT DISCOVERY ........................................................ 20

VIII.   MOTION *IN LIMINE* TO PRECLUDE SAMSUNG FROM
        ASSERTING AFFIRMATIVE DEFENSES AS TO WHICH
        IT DID NOT IDENTIFY ANY FACTUAL BASIS DURING
        DISCOVERY ........................................................................ 22

IX.     MOTION *IN LIMINE* TO PRECLUDE THE INTRODUCTION
        OF ANY FACTS, EVIDENCE, OR TESTIMONY INCONSISTENT
        WITH THIS COURT'S CLAIM CONSTRUCTION. ...................................... 23

X.    MOTION *IN LIMINE* TO PRECLUDE SAMSUNG FROM
      OFFERING TESTIMONY, EVIDENCE OR ARGUMENT
      CONCERNING SETTLEMENT NEGOTIATIONS BETWEEN
      THE PARTIES. ........................................................................................................... 25

CONCLUSION ..................................................................................................................... 27

## TABLE OF AUTHORITIES

Page(s)

CASES

*A.C. Aukerman, Co. v. R.L. Chaides Constr. Co.*,
   960 F.2d 1020 (Fed. Cir. 1992)..............................................................................................12

*Advanced Med. Optics, Inc. v. Alcon Inc.*,
   No. 03-1095-KAJ, 2005 U.S. Dist. LEXIS 5803 (D. Del. Apr. 7, 2005)..................................8

*AstraZeneca LP v. Tap Pharm. Prods.*,
   No. 04-1332-KAJ, 2006 U.S. Dist. LEXIS 40620 (D. Del. May 18, 2006).........................7, 9

*Asyst Techs., Inc. v. Empak, Inc.*,
   No. C 98-20451 JF, 2006 WL 3302476 (N.D.Cal. Nov. 14, 2006)........................................18

*ATD Corp. v. Lydall, Inc.*,
   159 F.3d 534 (Fed. Cir. 1998)................................................................................................14

*Atkinson v. General Research of Electronics, Inc.*,
   1998 WL 812556 (N.D.Ill.,1998) ..........................................................................................15

*Bayer AG v. Sony Elec., Inc.*,
   229 F. Supp. 2d 332 (D. Del. 2002)........................................................................................19

*Bridgestone Sports Co. Ltd. v. Acushnet Co.*,
   2007 U.S. Dist. LEXIS 11370 (D. Del. Feb. 15, 2007) (Farnan, J.).......................................21

*Bridgestone Sports Co., Ltd, v. Acushnet Co.*,
   2007 U.S. Dist. LEXIS 13347 (D. Del. Feb. 26, 2007) .........................................................22

*Budde v. Harley-Davidson*,
   250 F.3d 1369 (Fed. Cir. 2001).................................................................................................5

*Chase Manhattan Bank v. Iridium Afr. Corp.*,
   No. 00-564-JJF, 2003 U.S. Dist. LEXIS 23837 (D. Del. Nov. 25, 2003) ..............................27

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993).............................................................................................................1, 7

*DeKalb Genetics Corp. v. Syngenta Seeds, Inc.*,
   2008 U.S. Dist. LEXIS 10305 (E.D. Mo. 2008).....................................................................13

*Donald M. Durkin Contracting, Inc. v. City of Newark*,
   2006 WL 2724882 (D. Del. 2006)..........................................................................................14

*Eaton Corp. v. Parker-Hannifin Corp.*,
  2003 WL 179992 (D. Del. Jan. 24, 2003) ............................................................................25

*Elcock v. Kmart Corp.*,
  233 F.3d 734 (3d Cir. 2000) ..................................................................................... 7-8

*EZ Dock, Inc. v. Schafer Sys., Inc.*,
  2003 WL 1610781 (D. Minn. Mar. 8, 2003) ........................................................25

*Gen. Elec. v. Joiner*,
  522 U.S. 136 (1997) ..........................................................................................................9

*Georgia-Pacific v. U.S. Gypsum Co.*,
  C.A. No. 94-489 (RRM) ........................................................................... 21-22

*Hansel v. Shell Oil Corp.*,
  169 F.R.D. 303 (E.D. Pa. 1996) .........................................................................21

*Heller v. Shaw Indus.*,
  167 F.3d 146 (3d Cir. 1997) ............................................................................................9

*Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*,
  398 F. Supp. 2d 305 (D. Del. 2005) ........................................................................12

*Inline Connection Corp. v. AOL Time Warner, Inc.*,
  470 F. Supp. 2d 435 (D. Del. 1997) ........................................................................27

*Intirtool, Ltd.. v. Texar Corp.*,
  369 F.3d 1289 (Fed. Cir. 2004) .............................................................................19

*Izumi Prods. Co. v. Koninklijke Philips Elecs. N.V.*,
  315 F. Supp. 2d 589 (D. Del. 2004) ........................................................................9

*John Wood Co. v. Metal Coating Corp.*,
  148 U.S.P.Q. 246 (N.D. Ill. 1965) ...........................................................................4

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1999) .........................................................................................................7

*LP Matthews LLC v. Bath & Body Works, Inc.*,
  458 F. Supp. 2d 198, 2006 U.S. Dist. LEXIS 76116 (D. Del., Oct. 19, 2006) .......................25

*Lucas Aerospace, Ltd. v. Unison Indus. Ltd. Partnership*,
  No. 93-525 .................................................................................................. 4-5

*Matsushita Electrical Indus. Co. Ltd. v. Cinram Int'l, Inc.*,
  299 F. Supp. 2d 348 (D. Del. 2004) ..............................................................14, 18

*McKesson Information Solutions LLC v. Trizetto Group,*
    426 F.Supp.2d 203 (D. Del. 2006) .......................................................................18

*Nike Inc. v. Wolverine World Wide,*
    43 F.3d 644 (Fed. Cir. 1994) ...............................................................................22

*Northern Telecom Inc. v. Datapoint Corp.,*
    23 U.S.P.Q. 2d 1881 (N.D.Tx. 1992) ...................................................................19

*Oddi v. Ford Motor Co.,*
    234 F.3d 136 (3d Cir. 2000) ...................................................................................9

*Pechiney Rhenalu v. ALCOA, Inc.,*
    No. 99-301-SLR (D. Del. Dec. 22, 2000) (Robinson, J.) (Ex. 2) .............................4

*Pharmastem Therapeutics, Inc. v. Viacell, Inc.,*
    C.A. No. 02-148 (GMS), 2003 WL 22387038 (D. Del. Oct. 7, 2003) ............. 26-27

*Sanofi-Aventis v. Advancis Pharm. Corp.,*
    453 F. Supp. 2d 834 (D. Del. 2006) ......................................................................19

*Schering Corp. v. Amgen, Inc.,*
    969 F. Supp. 258 (D. .Del. 1997) .........................................................................13

*Stambler v. RSA Sec., Inc.,*
    212 F.R.D. 470 (D. Del. 2003) .......................................................................15, 23

*Symbol Tech., Inc., v. Proxim, Inc.,*
    No. Civ. 01-801 SLR, 2004 WL 1770290 (D.Del. July 28, 2004) .........................19

*Telcordia Techs., Inc. v. Cisco Sys., Inc.,*
    C.A. No. 04-876-GMS, Order ...............................................................................27

*THK Am., Inc. v. NSK Ltd.,*
    Case No. 90 C 6049, 1996 U.S. Dist. LEXIS 226 (N.D. Ill. Jan. 10, 1996)............13

*Transclean Corp. v. Bridgewood Servs.,*
    290 F.3d 1364 (Fed. Cir. 2002)............................................................................24

*Tristrata Tech., Inc. v. Cardinal Health, Inc.,*
    No. Civ.A. 02-1290-JF, 2004 WL 97655 (D. Del. Jan. 16, 2004)..........................19

*United Sweetener USA, Inc. v. Nutrasweet Co.,*
    760 F. Supp. 400 (D. Del. 1991)............................................................................4

*W.L. Gore & Associates, Inc. v. Totes, Inc.,*
    788 F.Supp. 800 (D. Del. 1992).............................................................................19

*Williams v. Adm'r of the Nat'l Aeronautics and Space Admin.*,
   463 F.2d 1391 (C.C.P.A. 1972) .................................................................................3

**STATUTES**

35 U.S.C. § 282 ............................................................................................................5

**RULES**

Federal Rule of Civil Procedure 26(a)(2)(B) ..............................................................21

Federal Rule of Civil Procedure 30(b)(6) ............................................................ 14-15

Federal Rule of Civil Procedure 33(b)(3) ..................................................................20

Federal Rule of Civil Procedure 37(c)(1) .....................................................14, 18, 21

Federal Rule of Evidence 402 .....................................................................................24

Federal Rule of Evidence 408 ............................................................................... 25-27

Federal Rule of Evidence 702 ............................................................................... 11-12

## NATURE AND STAGE OF THE PROCEEDINGS

ON Semiconductor accuses Samsung of willfully infringing four ON Semiconductor patents – United States Patent Nos. 5,361,001 (the "'001 patent"), 6,362,644 (the "'644 patent"), 5,563,594 (the "'594 patent") and (the "'827 patent") (collectively, the "ON Semiconductor Patents-in-Suit") – and Samsung asserts infringement one of its patents, U.S. Patent No. 5,252,177 (the "'177 patent").  The Pretrial Conference is set for December 3, 2008, and trial is scheduled to begin February 10, 2009.  (C.A. No. 07-449-JJF (D.I. 151).)   As part of its pretrial submissions, ON Semiconductor respectfully submits its motions *in limine*.

## SUMMARY OF THE ARGUMENT

ON Semiconductor's motions *in limine* seek to establish an order of proof at trial consistent with the parties' burdens of proof, preclude Samsung from offering irrelevant and unfairly prejudicial argument and evidence, argument and evidence on subject matter for which Samsung failed to timely disclose during discovery or testimony that does not survive scrutiny under *Daubert*.

## STATEMENT OF FACTS

The pertinent facts are discussed in the arguments for each motion *in limine* below.

## **ARGUMENT**

**I.      MOTION *IN LIMINE* TO ESTABLISH ORDER OF PROOF**

ON Semiconductor moves for entry of an Order that the case be presented at trial in accordance with the parties' burdens of proof.  Specifically, ON Semiconductor requests that it first present its proofs on Samsung's infringement of the four ON Semiconductor patents-in-suit and its resulting damages and, then, Samsung's proofs on non-infringement and damages and the alleged invalidity of these patents.  To the extent the Court decides to try Samsung's patent in the same trial, Samsung would then proceed with its proofs of ON Semiconductor's purported infringement and damages, followed by ON Semiconductor's proofs on non-infringement, damages and the invalidity of that patent.

A.      Background Of Litigation.

This litigation consists of two patent infringement actions, C.A. Nos. 06-720-JJF and 07-449-JJF, which the Court consolidated for purposes of discovery.  (*See* C.A. 06-720 (Oral Order Entered on Oct. 10, 2007).)

Samsung brought its declaratory judgment action in this Court on November 30, 2006, seeking a judicial declaration of noninfringement and invalidity of the '594, '644 and '001 patents (collectively, the "Circuit Patents").  (C.A. No. 06-720 (D.I. 1).)  Shortly thereafter, on December 4, ON Semiconductor brought an infringement action in the United States District Court for the Eastern District of Texas (the "Texas Court"), charging Samsung with willful infringement of the same three Circuit Patents and a fourth ON Semiconductor patent, the '827 patent, which relates to a method for making smaller semiconductor chips.  (*See* C.A. No. 07-449 (D.I. 35).)  ON Semiconductor moved to dismiss Samsung's declaratory judgment action for lack of subject matter jurisdiction on the basis there was no case or controversy at the time Samsung filed its suit.  (C.A. No. 06-720 (D.I. 14, 25).)

It was not until after ON Semiconductor sued Samsung in the Texas Court that Samsung amended its complaint here to add a fourth declaratory judgment count on the '827 patent, and to assert its '177 patent against ON Semiconductor.  (C.A. No. 06-720 (D.I. 8).) Samsung, however, did not assert the '177 patent in the Texas Court.

On June 13, 2007, the Texas Court issued an Order transferring ON Semiconductor's infringement action to this Court for a determination of whether Samsung's declaratory judgment action was properly filed, and the case was transferred to this Court on July 19, *see* Civil Action No. 07-449-JJF.   ON Semiconductor's motions to dismiss were denied on April 3, 2008. (C.A. No. 06-720 (D.I. 118)).

The Court entered a Scheduling Order in Civil Action No. 07-449 on October 5, 2007 (D.I. 47; *see also* D.I. 86; 151), and consolidated discovery in C.A. No. 06-720 with C.A. No. 07-449.  (*See* C.A. 06-720 (Oral Order Entered on Oct. 10, 2007).)[1]  Since then, and consistent with consolidation, the parties have served discovery and filed a single set of motions, briefs and other pleadings in both actions.  The Court held a single Markman hearing on May 21, 2008, fact discovery closed on August 29, 2008, and trial is set to begin on February 10, 2009.

B.    Evidence Should Be Presented Based On The Parties'
      Respective Burden of Proofs.

It is a basic tenant of the law of evidence that the party bearing the burden of proof should proceed first in presentation of proof at trial.  *See generally Williams v. Adm'r of the Nat'l Aeronautics and Space Admin.*, 463 F.2d 1391, 1341 (C.C.P.A. 1972).   Thus, in a patent infringement case, the patentee proceeds first with the issue of infringement for which it

---

[1]    Samsung's declaratory judgment action had been initially assigned to the judicial vacancy, and referred to Magistrate Judge Thynge for all pretrial proceedings.  (C.A. No. 06-720 (D.I. 7).)   At the October 5, 2007 Scheduling Conference, when the Court consolidated the two cases for purposes of discovery, it also vacated the Scheduling Order entered by Magistrate Judge Thynge in C.A. No. 06-720.  (*See* C.A. 06-720 (Oral Order Entered on Oct. 10, 2007).)

bears the burden of proof.  That order of proof does not change simply because the plaintiff-patentee is also a declaratory judgment defendant in one of two consolidated actions, as "the patentee-defendant still has the burden of proving infringement." *United Sweetener USA, Inc. v. Nutrasweet Co.*, 760 F. Supp. 400, 417 (D. Del. 1991) (holding that "in a declaratory judgment action where the plaintiff pleads noninfringement, the patentee-defendant still has the burden of proving infringement").

Numerous courts, including this one, have routinely recognized that the patentee should proceed first at trial with its infringement case, even where the patentee is a declaratory judgment defendant, followed by the opposing party's proof of invalidity.  *See, e.g., John Wood Co. v. Metal Coating Corp*., 148 U.S.P.Q. 246, 247 (N.D. Ill. 1965) (holding that the patentee-defendant would present first in a declaratory judgment action "despite the formal nomenclature of the parties" since that presentation would lead to "the most orderly presentation of proof").[2] *See also Allergan, Inc. v. Pharmacia Corp.*, No. 01-141-SLR Tr. at 9 (D. Del. Oct. 9, 2002) (Ex. 1)  ("[I]n trial, I've never had a declaratory judgment plaintiff present their case first, and I don't intend to change."); *Pechiney Rhenalu v. ALCOA, Inc.*, No. 99-301-SLR (D. Del. Dec. 22, 2000) (Robinson, J.) (Ex. 2) (ordering presentation of proofs beginning with "defendant's presentation on liability, [and] followed by plaintiff's presentation on invalidity"); *Lucas Aerospace, Ltd. v. Unison Indus. Ltd. Partnership*, No. 93-525, Tr. at 59-61 (D. Del. Mar. 8, 1995) (Ex. 3) (order of proof in which patentee presents infringement case first because "you've got to get the invalidity out of the asserted infringement case and into a secondary role").[3]

---

[2]     The mere label of Samsung as plaintiff in one of the consolidated cases, C.A. No. 06-720, thus does not dictate the order of proof even if this case were tried independently.

[3]     All Exhibits are attached to the Declaration of Richard J. Bauer filed herewith.

Allowing a patentee to proceed first with its infringement case also safeguards the presumption of validity to which patents are entitled. *See* 35 U.S.C. § 282; *Budde v. Harley-Davidson*, 250 F.3d 1369, 1376 (Fed. Cir. 2001). A patentee is entitled to present its evidence of infringement against the background of the presumption of validity, prior to the presentation of evidence challenging that presumption. *Lucas Aerospace,* (Ex. 3) Tr. at 60-61 ("[I]n patent cases, particularly in invalidity . . . you have the presumption of validity and that presentation has to follow normally the infringement case."). So here, ON Semiconductor must prove infringement by a preponderance of the evidence, and Samsung must prove its invalidity defenses by clear and convincing evidence.

Proceeding with the ON Semiconductor patents first is consistent with parties' respective postures given that Samsung itself acknowledged the primacy of the Circuit Patents to the parties' dispute in its original complaint. Indeed,                     REDACTED

        REDACTED                     and only amended its complaint to add that patent after ON Semiconductor filed its action in the Texas court that included a fourth ON Semiconductor patent against Samsung. Moreover, the three ON Semiconductor Circuit Patents will be the subject of the majority of both sides' evidence presentation regardless of the sequence.[4] An order of proof that reflects these facts would lead to a more orderly and logical presentation of the cases.

      C.     ON Semiconductor's Proposed Order of Proof Provides for
            a Cogent and Organized Presentation for the Jury.

In presenting a patent case to a jury, it is of paramount importance that it be presented in a cogent and organized manner. *See Lucas Aerospace,* (Ex. 3) Tr. at 56 ("The real

---

[4]      Indeed, although Samsung insisted on going first as "plaintiff'" at the single *Markman* hearing, it first presented its arguments on the four ON Semiconductor patents before turning to its presentation on the Samsung patent.

issue here . . . is how will nine laymen who have probably never seen a patent, don't know anything about patent law or any of the terms that they are about to hear, such as infringement . . . [h]ow can that jury best assimilate the evidence?").

Four of the five patents at issue are ON Semiconductor patents. The dispute centers on the three Circuit Patents, which relate to circuitry within certain Samsung memory products. Two of those patents, the '644 and '001 patents, concern different aspects of On-Die Termination ("ODT") schemes implemented in Samsung's memory products. The clearest presentation of evidence would be for the jury to hear about ON Semiconductors' inventions, how those inventions were made, and ON Semiconductor's infringement case before they hear about Samsung's non-infringement and invalidity defenses or about Samsung's patent. Such an order of proof is particularly appropriate here, because the patents common to both actions would be addressed first, as Samsung's '177 patent is not at issue in C.A. No. 07-449. It is also mirrors how Samsung chose to address the patents at issue in its own pleadings, adding its patent as the fifth count in its amended complaint.

For the foregoing reasons, ON Semiconductor respectfully requests that the Court enter an Order establishing that ON Semiconductor shall proceed first with its proofs of infringement and damages on the ON Semiconductor Patents-In-Suit, followed by Samsung's proofs of non-infringement, damages and invalidity of those patents. To the extent the Court decides to include Samsung's '177 Patent in the same trial, ON Semiconductor requests that Samsung present its purported proofs of infringement and damages, followed by ON Semiconductor's proofs on non-infringement, damages and the invalidity of that patent.

## II.   MOTION *IN LIMINE* TO PRECLUDE THE TESTIMONY OF SAMSUNG'S PURPORTED EXPERT, DESI RHODEN.

This Court should preclude Samsung's purported expert Desi Rhoden from testifying as an expert at trial because the opinions expressed in his report ("the Rhoden Report") lack reliability and consists solely of unsupported conclusory opinions.

"The party offering the expert testimony has the burden of proving admissibility." *AstraZeneca LP v. Tap Pharm. Prods.*, No. 04-1332-KAJ, 2006 U.S. Dist. LEXIS 40620, at *14 (D. Del. May 18, 2006) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 n. 10 (1993)). The trial judge must act as a "gatekeeper," assuring that all proffered expert testimony "both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (extending *Daubert* to non-scientific experts). The Third Circuit has construed this mandate as embodying "three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability, and fit." *Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000) (citing *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 171 (3d Cir. 1994).) Mr. Rhoden's opinions are unreliable.

### A.   Mr. Rhoden's Purported Opinions.

Mr. Rhoden submitted a "rebuttal" report addressing the topic of Samsung's affirmative defense of equitable estoppel.[5] Mr. Rhoden asserts in his report that he has been involved with the activities of an industry organization called JEDEC[6] since the late 1980s, and that he has attended nearly all of the meetings of JEDEC's JC-42 committee and subcommittees,

---

[5]   ON Semiconductor objects to Mr. Rhoden's report and proffered testimony as untimely under the Court's Scheduling Order because Mr. Rhoden submitted his report for an issue on which Samsung bears the burden of proof (equitable estoppel) on the date **rebuttal** reports were due. ON Semiconductor intends to move to strike Mr. Rhoden's untimely report and proffered testimony in accordance with the Court's procedures.

[6]   JEDEC develops industry standards for the semiconductor industry.

the committees that have responsibility for memory and memory interface standards. (Ex. 5 ¶¶ 12-15.)  Mr. Rhoden also has had, and continues to have, an ongoing consulting relationship with Samsung for at least the past year, which has including expert testimony in other cases and teaming up with various Samsung employees to provide general training on DDR memory technology on a number of occasions.   (*See* Exs. 6-8.)   Mr. Rhoden's unreliable opinions include:

REDACTED

B.   <u>Mr. Rhoden's Opinions Are Unreliable.</u>

An expert's opinion is not reliable if it is based "on subjective belief or unsupported speculation;" rather, "the expert must have good grounds for his or her belief." *Elcock*, 233 F.3d at 745 (citation omitted); *see also Advanced Med. Optics, Inc. v. Alcon Inc.*, No. 03-1095-KAJ, 2005 U.S. Dist. LEXIS 5803, at *4 (D. Del. Apr. 7, 2005) (expert testimony must be "based on more than a subjective belief or speculation").  Nothing "requires a district

---

[7]      Emphasis added unless otherwise noted.

court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert.  A court may conclude that there is simply too great an analytical gap between the data and the opinion."  *Gen. Elec. v. Joiner,* 522 U.S. 136, 144 (1997).

To assess reliability, a court "must examine the expert's conclusions in order to determine whether they could reliably flow from the facts known to the expert and the methodology used."  *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000) (citation omitted).  That requires an expert to "explain how and why he . . . has reached the conclusion being proffered and [that he] have as a basis more than a subjective belief or speculation."  *AstraZeneca*, 2006 U.S. Dist. LEXIS 40620, at *14; *see also Izumi Prods. Co. v. Koninklijke Philips Elecs. N.V.*, 315 F. Supp. 2d 589, 602 (D. Del. 2004) (excluding as unreliable infringement expert's opinion "based solely on his subjective belief" and "void of good grounds absent some form of support").  This "analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion."  *Heller v. Shaw Indus.*, 167 F.3d 146, 155 (3d Cir. 1997).

Notwithstanding Mr. Rhoden's purported familiarity with JEDEC policies, his interpretation of those policies cannot be reconciled with the policies themselves.  Nor can it be reconciled with his prior testimony about these policies.  Mr. Rhoden is far from a neutral expert, but in fact, is more like an advocate for Samsung, rendering his testimony unreliable.

1.  Mr. Rhoden Ignores the Requirement of Actual Knowledge

Mr. Rhoden opines in his report that an obligation to disclose patents to JEDEC is

REDACTED

9

standard, the patent at issue, nor any connection between the standard and the patent is required. It is not surprising that Mr. Rhoden stakes out his positions given that he offers no evidence that ON Semiconductor had such actual knowledge.[8]  (*See*, *Ex.* 9 at 77:8-22; 113:21-114:6.)  The JEDEC policy at issue, however, expressly requires ***actual knowledge*** of a patent to trigger a duty to disclose it.  (Ex. 10 (JEDEC "Patent Policy requires the early disclosure of ***known*** patents and patent applications . . . .  This duty extends to the patent owner . . . ***with knowledge*** of the patent or patent application").)  Similarly, Mr. Rhoden's current opinion is also contradicted by the JEDEC guidance which explains its patent policy more fully.  (*See* Ex. 11 at 1 ("Individual [JEDEC] participants have ***no duty*** to research their companies' patent portfolios. ***The duty to disclose applies only to those patents and patent applications of which they have actual knowledge***").)  Indeed, in the report he filed in a different case over a year ago, Mr. Rhoden recognized that "[t]he obligation to disclose is triggered as soon as the ***IP owner*** has ***knowledge*** that a topic is being discussed in JEDEC that relates to his IP."  (Ex. 12 ¶ 94.)

> 2.    Mr. Rhoden Confuses JEDEC Members with Subcommittee Participants

To further shoehorn the facts of this case into Samsung's desired conclusions, Mr. Rhoden fails to distinguish between a "JEDEC member" and a "participant" in connection with his view of the duty of disclosure.  Rather, Mr. Rhoden opines that "          REDACTED

REDACTED

---

[8]    Mr. Rhoden did not have access to information regarding ON Semiconductor's knowledge when he filed his report because Samsung did not seek to clear him under the stipulated protective order until that very day.  ON Semiconductor has objected to the disclosure of confidential information to Mr. Rhoden based on the competitive risk to ON Semiconductor.  In any event, Mr. Rhoden could not have had access to information about ON Semiconductor's knowledge because he did not have access to ON Semiconductor's confidential information when he filed his report.

REDACTED   (Ex. 5 at ¶ 25.)   The JEDEC patent policy is, however, not directed to companies that are merely members of JEDEC but rather to people who participate in the work of the subcommittees.  (Ex. 10 ("This duty extends to the patent owner and ***any other participant on the formulating committee***.").)  At his deposition, Mr. Rhoden contradicted the opinions in his own report, admitting that                              REDACTED

REDACTED

(Ex. 13 at 34:22-35:6.)   The distinction between JEDEC members – companies that pay membership fees – and participants – employees of member companies involved in discussions of "JEDEC material," as Mr. Rhoden finally defined it – is important.  But in his expert report, Mr. Rhoden asserts                              REDACTED

Mr. Rhoden's willingness to custom-tailor his opinion on the duty of disclosure to fit Samsung's litigation position does not comply with the generally accepted interpretation of JEDEC policy.  Mr. Rhoden's opinions thus fail to meet the "reliability" requirement of Federal Rule 702 and should be excluded.[9]

---

[9]     Further, Mr. Rhoden's testimony also should be precluded because it will not assist the trier of fact under Fed. R. Evid. 702.  The jury does not need Mr. Rhoden to interpret the patent disclosure policies for it, particularly where Mr. Rhoden contradicts the plain language of those policies and guidelines.  It is worth noting that the guidelines themselves say that "[q]uestions of patent policy interpretation should be addressed to the JEDEC legal department," of which Mr. Rhoden is not a member.

3.      Mr. Rhoden Is Wrong that ON Semiconductor
        "Must Have Known" About the Patents at Issue.

The unreliability of his opinions is evidenced when Mr. Rhoden opines that   REDACTED

REDACTED

(Ex. 5 ¶ 5.)  Not only

is the assumption unsupported, but is belied by the factual record.    (Ex. 9 77:8-22; 113:21-

114:6.)  So too, the primary authority for JEDEC policy requires *actual knowledge* of a patent.

Mr. Rhoden's opinions, therefore, are built solely on his unsupported assumptions, subjective

beliefs and speculation.  They can not form the basis of admissible testimony at trial.  On actual

knowledge, the true test, Mr. Rhoden has no opinion.

Because Mr. Rhoden's opinions lack the "reliability" required under FRE 702,

ON Semiconductor requests that Mr. Rhoden be precluded from testifying at trial.

**III.    MOTION *IN LIMINE* TO PRECLUDE SAMSUNG FROM
          REFERRING TO OR OFFERING EVIDENCE BEFORE
          THE JURY CONCERNING EQUITABLE ISSUES**

Samsung has asserted the affirmative defenses of equitable estoppel, implied

license and laches.  (D.I. 133 ¶ 49.)[10]  The Federal Circuit has recognized each of these defenses

as being equitable in nature.  *See*, *e.g.*, *A.C. Aukerman, Co. v. R.L. Chaides Constr. Co*., 960 F.2d

1020, 1028 (Fed. Cir. 1992) (noting laches and equitable estoppel are "equitable defenses");

*Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 398 F. Supp. 2d 305, 310, 314-15 (D. Del.

2005).  To the extent Samsung is permitted to proceed on these defenses, the issues of equitable

---

[10]     As noted in motion *in limine* no. 8, *infra,* although Samsung included other boilerplate
         equitable defenses in its answers, it never provided the factual bases for such defenses.
         Therefore, it should be precluded from asserting them.

estoppel, implied license and laches are for the Court to decide and should be tried outside the presence of the jury.

Courts routinely refuse to permit accused infringers to present evidence or argument regarding equitable issues to the jury not only because such issues are for the Court to decide, not the jury, but also given the likelihood that such evidence would be confusing and be unfairly prejudicial. *Schering Corp. v. Amgen, Inc.*, 969 F. Supp. 258, 269 (D. Del. 1997) ("[A]ny testimony regarding laches and estoppel [should] be heard by the Court, not a jury."); *see also DeKalb Genetics Corp. v. Syngenta Seeds, Inc.*, C.A. No. 06-1191 ERW, 2008 U.S. Dist. LEXIS 10305 at *6-7 (E.D. Mo. Feb. 12, 2008) ("Both of Defendants' equitable defenses, unclean hands and inequitable conduct, are equitable defenses; the Court, not the jury, is obligated to decide these issues."); *THK Am., Inc. v. NSK Ltd.*, C.A. No. 90-6049, 1996 U.S. Dist. LEXIS 226, at *4 (N.D. Ill. Jan. 10, 1996) ("This Court believes that a patent case is complex and confusing enough for a jury without infusing evidence which has no relevance to the issues to be decided by that jury. The patent itself should be tried, not the patentee.") Deferring the presentation of such defense until after the jury's verdict on liability could also moot certain issues. *Medpointe Healthcare v. Hi-Tech Pharmacal Co., Inc.*, Nos. 03-5550, 04-1686, 2007 WL 188285, at *6 (D.N.J. Jan. 22, 2007).

For the foregoing reasons, ON Semiconductor moves for entry of an Order precluding Samsung from referring to, or offering evidence related to, issues of equitable estoppel, implied license and laches before the jury.

IV.    **MOTION *IN LIMINE* TO PRECLUDE SAMSUNG FROM OFFERING EVIDENCE THAT THE ACCUSED SAMSUNG END PRODUCTS WERE MADE BY ANYTHING OTHER THAN DISCLOSED PROCESSES AND DESIGNS**

On Order of the Court, Samsung finally produced design and layout information for the products accused of infringement.  (C.A. 07-449 (Oral Order Entered on Mar. 10, 2008).) Notwithstanding ON Semiconductor's repeated requests, Samsung has refused to produce any information correlating the processes and designs to individual products.  Samsung also refuses to say whether it has even produced design and layout information for all accused Samsung products.  Having refused to provide this information, Samsung should be precluded from offering any evidence or argument that any of the accused Samsung products were made by any processes or designs other than the ones Samsung disclosed in its answers to Interrogatory Nos. 9, 28 or 29.

Fed. R. Civ. P. 37(c) prohibits a party from using at trial any information or evidence it failed to disclose during discovery, unless such failure was "harmless" or there was "substantial justification."   Fed. R. Civ. P. 37(c)(1).   Courts routinely preclude evidence or assertion of theories not disclosed during discovery based on prejudice.  *See ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 550-51 (Fed. Cir. 1998) (affirming decision to preclude prior art invalidity theory disclosed three months after the close of fact discovery); *Matsushita Electrical Indus. Co. Ltd. v. Cinram Int'l, Inc.*, 299 F. Supp. 2d 348, 366 (D. Del. 2004) (excluding infringement theory that came "much too late in the trial process" because "it would be entirely unfair to [defendant] to allow this late introduction.").   This includes testimony regarding Rule 30(b)(6) topics where a corporate witness was not prepared to testify on those topics at the deposition. *Donald M. Durkin Contracting, Inc. v. City of Newark*, 2006 WL 2724882, *5  (D. Del. 2006) (excluding deposition errata sheets because they introduced "alternative theories and

defenses" beyond the witness testimony at deposition); *Atkinson v. General Research of Electronics, Inc.*, 1998 WL 812556, at *2 (N.D.Ill.,1998) (excluding testimony for Rule 30(b)(6) topics on which witnesses were "unprepared" and "unresponsive" to the extent that testimony elicited at trial would "fill any gaps" in the testimony given at the deposition.)   "In every trial there comes a time when discovery must be closed for the issues to be resolved through summary judgment and/or trial.  In the case at bar, that time has long since passed." *Stambler v. RSA Sec., Inc.*, 212 F.R.D. 470, 472 (D. Del. 2003).

On March 10, 2008, this Court ordered Samsung to produce "technical information and documents showing the design and layout of accused products including schematics used to design and fabricate Samsung's accused products." (C.A. 07-449 (Oral Order Entered on Mar. 10, 2008.)  Although Samsung produced designs, it did so with very limited documentation as to their content, structure, and correlation to end products.

Accordingly, ON Semiconductor sought further information correlating the schematics and layout designs to end products from Samsung.  It directed Rule 30(b)(6) deposition notices to Samsung seeking the required correlation information.  (Ex. 14 (Topics 8-11) ("[Topic] 9.  The identity of each termination, including On-Die Termination, design used in the SAMSUNG PRODUCTS."") ; Ex. 15 (Topics 11-14) ("[Topic] 12.  The identity of each parallel-to-serial multiplexing (including prefetch) design used in the SAMSUNG PRODUCTS.").)  The witnesses who were designated on these topics, however, could not correlate the designs to the accused products.  (*See*, *e.g.*, Ex. 16 at 14:3-15:6; Ex. 17 at 155:14-157:19; 264:19-267:15; Ex. 18 at 14:7-10; 15:9-18; 112:7-24.)

ON Semiconductor also propounded Interrogatory Nos. 28, 29, and 30 to Samsung requesting that Samsung correlate designs to each Samsung end product at issue.  (Ex.

19 at 2-3.)   Interrogatory No. 28 asked Samsung "[f]or each SAMSUNG PRODUCT, [to] identify () the correlation between designs . . . and retail name(s) and any other retail product identification information."   (*Id.* at 2.)   In response to Interrogatory No. 28, Samsung initially answered that "the requested information, to the extent it exists, may be ascertained from Samsung's business records," but the records provided did not provide a any correlation.  (Ex. 20 at 3.)   For example, for any given schematic, there was no indication of the Samsung retail product numbers to which it corresponded.  Samsung later supplemented Interrogatory No. 28, giving some additional information, but its response remained incomplete.  (Ex. 21 at 57.)  When ON Semiconductor moved to compel disclosure of such correlation information (C.A. No. 06-720) (D.I. 174.), Samsung represented that it had "fully responded" to Interrogatory Nos. 9, 28, and 29 in its August 29, 2008, supplementation.  (C.A. No. 06-720) (D.I. 199).)

ON Semiconductor's experts have relied in their reports on Samsung's representations that each accused product was described by at least one disclosed circuit design. Samsung has refused to agree that it would not later argue that some of the accused products were made by other processes.

Samsung cannot have it both ways:  it cannot refuse to provide discovery by arguing that it has produced all relevant information while, at the same time, reserving the right to argue that its accused products were made by other undisclosed processes.  The Federal Rules do not permit that sort of concealment.  Samsung should be held to its own word that it has produced all the designs and layouts for each accused product, and the Court should preclude Samsung from offering any evidence or argument that any accused product is made by a design or layout that was not disclosed to ON Semiconductor.

### V. MOTION *IN LIMINE* TO PRECLUDE SAMSUNG FROM SEEKING ENHANCED DAMAGES OR ASSERTING WILLFUL INFRINGEMENT AT TRIAL

Samsung alleges that it is entitled to recover enhanced damages for ON Semiconductor's purported infringement of its patent-in-suit, the '177 patent.  (C.A. No. 06-720) (D.I. 8 ¶¶ E-F.)  But Samsung never alleged that ON Semiconductor willfully infringed the '177 patent, nor can it make such an allegation on the facts of this case.  Accordingly, Samsung should be precluded from seeking enhanced damages at trial.[11]

ON Semiconductor's First Set of Interrogatories, served on March 26, 2007, required Samsung to state "all facts supporting any claim that [Samsung is] entitled to increased damages or that this is an exceptional case."  (Ex. 22 at Interrogatory No. 20.)  In its response, Samsung claimed that discovery was in its early stages, and that Samsung would supplement its response after it had obtained damages discovery from ON Semiconductor.  (Ex. 23 at 31.)  Fact and expert discovery in this case is now closed, and Samsung never supplemented its response. Samsung should be precluded from presenting at trial any evidence or contentions that it failed to identify during discovery.  FED. R. CIV. 37(c)(1);  *Asyst Techs., Inc. v. Empak, Inc*., No. C 98-20451 JF, 2006 WL 3302476, at *2-3 (N.D.Cal. Nov. 14, 2006) (granting summary judgment of no willful infringement and denying plaintiff's request to supplement its interrogatory responses to provide basis for willfulness claim); *Matsushita Electronic Indus.*, 299 F. Supp. 2d at 366 (excluding infringement contentions that came "much too late in the trial process").

That Samsung did not allege willful infringement is not surprising given that

REDACTED

---

[11]    Moreover, an award of enhanced damages is an equitable issue for the Court.  Thus, any evidence relating to a request for such damages is not properly before the jury in any event.

REDACTED                          It also did not include the '177

patent in this action until *after* ON Semiconductor sued Samsung in the Texas court and asserted

a fourth ON Semiconductor patent.  There is no dispute that before Samsung filed its amended

complaint on December 21, 2006, ON Semiconductor had no knowledge, actual or otherwise, of

the '177 patent.  Because Samsung failed to provide any basis for its claim for enhanced

damages it cannot assert it at trial.

      For the foregoing reasons, ON Semiconductor requests that Samsung be

precluded from seeking enhanced damages or asserting willful infringement at trial.

## VI.    MOTION *IN LIMINE* TO PRECLUDE ANY EVIDENCE OF LACHES

      Samsung should be precluded from offering any evidence or argument on laches

defense (even to the Court) because it has failed to produce documents or information sufficient

to support such a defense.  Samsung bears the burden of proving laches by a preponderance of

the evidence.  *See*, *e.g.*, *McKesson Information Solutions LLC v. Trizetto Group*, 426 F.Supp.2d

203, 209 (D. Del. 2006).  Samsung must show that ON Semiconductor's purported delay in

bringing suit was "unreasonable and inexcusable," and that Samsung suffered "material

prejudice" attributable to the delay.  *Intirtool, Ltd.. v. Texar Corp.*, 369 F.3d 1289, 1297 (Fed.

Cir. 2004); *Tristrata Tech., Inc. v. Cardinal Health, Inc.*, No. 02-1290-JF, 2004 WL 97655 at *2

(D. Del. Jan. 16, 2004); *Bayer AG v. Sony Elec., Inc.*, 229 F. Supp. 2d 332, 366 (D. Del. 2002).;

*A.C. Aukerman Co. v.  R.L. Chaides Construction Co.*, 960 F.2d 1020, 1037 (Fed. Cir. 1992)

(holding "prima facie defense of laches is made out upon proof . . . that the patentee delayed

filing suit for six years after actual or constructive knowledge of . . . alleged infringement")

      Samsung has failed to adduce any evidence on either point.  First, the alleged two

year delay in contacting Samsung regarding its infringing conduct after Samsung's infringing

conduct began (when its license from Motorola expired) is presumptively not unreasonable. *Sanofi-Aventis v. Advancis Pharm. Corp.*, 453 F. Supp. 2d 834, 855 (D. Del. 2006) (two years and two months not sufficient for presumption of unreasonable delay); *W.L. Gore & Associates, Inc. v. Totes, Inc.*, 788 F.Supp. 800, 813 (D. Del. 1992) (two and one-half year delay in bringing suit under Lanham Act "not so unreasonable").

Second, Samsung's claim of material prejudice is similarly unsupported by any evidence. Samsung relies upon the loss of memory of a *single* witness on "many important details" to substantiate its claim of evidentiary prejudice.[12] Yet, Samsung does not allege what information purportedly is unavailable to it. "[P]rejudice flowing from loss of memory must be demonstrated with a fair degree of precision" and, mere "conclusory assertions of evidentiary prejudice cannot form the basis of a laches defense." *Northern Telecom Inc. v. Datapoint Corp.*, 23 U.S.P.Q. 2d 1881, 1892 (N.D.Tx. 1992); *Symbol Tech., Inc., v. Proxim, Inc.*, No. Civ. 01-801 SLR, 2004 WL 1770290, at *5 n.4 (D.Del. July 28, 2004). Samsung's claim of economic prejudice is likewise unsubstantiated, because Samsung has not proffered any evidence demonstrating the mandatory nexus between the passage of time between the expiration of Samsung's license and ON Semiconductor's notice of infringement on the one hand and Samsung's                                    REDACTED

(Ex. 24 at 13.)

For these reasons, Samsung should be precluded from arguing its laches defense at trial.

---

[12]     *See*, Samsung's Second Supplemental Response to Def.'s Interrogatories, Aug. 8, 2008, citing 7/3/08 Schuster Dep. Tr.

## VII.   MOTION *IN LIMINE* TO PRECLUDE UNTIMELY DISCLOSURES OF ANY PRIOR ART SAMSUNG DID NOT PROPERLY DISCLOSE DURING FACT AND EXPERT DISCOVERY

In its interrogatory responses, Samsung listed 412 potential prior art references. Notwithstanding that Samsung was explicitly requested to provide specific information identifying how the alleged prior art purportedly invalidates the asserted claims (including claim charts identifying how each element of the claim purportedly is found in the reference) (Ex. 21) (Interrogatory No. 1), Samsung only actually *discussed* 45 of these references—only discussing 39 references in its interrogatory responses and only discussing 20 references in its expert reports.[13]   (*Id; see also* Ex. 25; Ex. 26 (McAlexander report) (discussing fifteen prior art references related to the '001, '644, and '594 patents).   ON Semiconductor asked Samsung to cure this deficiency, but Samsung refused.  (*see* Ex. 27 at 1.)   ON Semiconductor, thus, requests that Samsung be precluded from raising any of the references that it did not discuss in its expert reports or interrogatory responses.

Pursuant to the Federal Rules of Civil Procedure, a party must make *full* disclosures in response to interrogatories.  *See* Fed. R. Civ. P. 33(b)(3).   Furthermore, each expert report must contain, among other things, a *complete* statement of all opinions the expert will provide and the basis and reasons for them.  Fed. R. Civ. P. 26(a)(2)(B).   Evidence that is not properly disclosed according to these rules will be excluded from use as evidence on a motion, at a hearing, or at a trial, unless such failure was "harmless" or there was "substantial justification" for the failure.  Fed. R. Civ. P. 37(c)(1); *see Georgia-Pacific v. U.S. Gypsum Co.*, C.A. No. 94-489 (RRM), slip. op. at 24-25 (D. Del. Dec. 27, 1996) (precluding defendant from

---

[13]   Of the 20 references the experts addressed, 14 were also discussed in Samsung's interrogatory answers. Thus Samsung only provided analysis for 45 of the 412 total references listed.

presenting certain defenses at trial where it had failed to provide the basis for its contentions); *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996) (holding that interrogatories must "provide true, explicit, responsive, complete, and candid answers" to discovery requests); *Forest Labs.*, 237 F.R.D. at 113 (granting motion to exclude testimony on a topic not disclosed in the expert's report, even though it was discussed at his deposition).  Because Samsung will be presenting its invalidity proofs through its experts, and the experts are limited to the opinions set forth in their reports, Samsung should be precluded from relying on any references other than the 20 that were the subject of their expert reports and testimony.  Further, Samsung plainly cannot rely on any references that were not even discussed in its interrogatory responses.

Exclusion is particularly appropriate in "sophisticated, complex litigation," such as this, "involving parties represented by competent counsel."  *See Bridgestone Sports Co. Ltd. v. Acushnet Co.*, 2007 U.S. Dist. LEXIS 11370, at *11-13 (D. Del. Feb. 15, 2007) (stating that a court will be "more willing to exclude evidence" in "sophisticated, complex litigation involving parties represented by competent counsel") (Farnan, J.).  Indeed, a suspicion arises in such a circumstance that disclosure delays made by experienced counsel were strategic rather than inadvertent or justified.  *Id.* at *11-12.

Allowing Samsung the possibility of drawing from a strategic reserve of potential references as to which it never provided any contentions would be highly prejudicial to ON Semiconductor.  For the foregoing reasons, Samsung should be precluded from presenting any evidence or argument concerning these purported prior art references.

21

## VIII.   MOTION *IN LIMINE* TO PRECLUDE SAMSUNG FROM ASSERTING AFFIRMATIVE DEFENSES AS TO WHICH IT DID NOT IDENTIFY ANY FACTUAL BASIS DURING DISCOVERY

In response to ON Semiconductor's claim of infringement, Samsung asserted the usual boilerplate affirmative defenses of laches, equitable estoppel, implied license, waiver, acquiescence, misuse, and unclean hands.  But Samsung has only responded to discovery (or sought discovery) on three of those affirmative defenses:  equitable estoppel, implied license, and laches.[14]  Having failed to provide any basis for the additional defenses that it included in its answer, Samsung should be precluded from asserting those defenses at trial.

Courts routinely preclude parties from asserting defenses and other claims they did not properly disclose during the discovery process.  *See, e.g.*, *Nike Inc. v. Wolverine World Wide*, 43 F.3d 644, 649 (Fed. Cir. 1994) (upholding district court sanction of issue exclusion where defendant failed to provide discovery to support its assertion of infringement under the doctrine of equivalents); *Bridgestone Sports Co., Ltd, v. Acushnet Co.*, 2007 U.S. Dist. LEXIS 13347 (D. Del. Feb. 26, 2007) (denying motion to reconsider the exclusion of late disclosed evidence because defendant's "inability to pursue this defense is the result of its own strategic litigation decisions"); *Georgia-Pacific*, slip op. at 24-25 (precluding defendant from presenting defenses at trial as to which it had failed to provide contentions).

In its Interrogatory No. 10, served over a year-and-a-half ago, ON Semiconductor requested that Samsung describe all factual and legal basis for any allegation that Samsung has not directly or indirectly infringed the ON Semiconductor patents-in-suit.  (Ex. 22.)  The only legal or factual theories Samsung identified in its responsewere non-infringement, equitable

---

[14]   This motion does not address Samsung's assertion of  non-infringement and invalidity of the ON Semiconductor patents-in-suit as an affirmative defense.

estoppel, and implied license.  (*See* Exs. 23.)   Samsung additionally identified a defense of laches in response to ON Semiconductor Interrogatory No. 13.  (Exs. 23; 24; 28).  Samsung did not provide any factual basis for any of its other affirmative defenses during fact or expert discovery.

Allowing Samsung to assert defenses that were not disclosed during discovery would prejudice ON Semiconductor because ON Semiconductor has focused its discovery and trial preparation on the defenses Samsung asserted during fact and expert discovery, both of which are now closed.  It is too late now for Samsung to attempt to adduce any evidence on any affirmative defenses other than equitable estoppel, implied license, and laches.  "In every trial there comes a time when discovery must be closed for the issues to be resolved through summary judgment and/or trial.  In the case at bar, that time has long since passed."  *Stambler v. RSA Sec., Inc.*, 212 F.R.D. 470, 472 (D. Del. 2003).  Samsung should be precluded from introducing such evidence for the first time at trial.

## IX.    MOTION *IN LIMINE* TO PRECLUDE THE INTRODUCTION OF ANY FACTS, EVIDENCE, OR TESTIMONY INCONSISTENT WITH THIS COURT'S CLAIM CONSTRUCTION.

ON Semiconductor hereby moves *in limine* to preclude Samsung from re-litigating claim construction issues at trial.  Specifically, ON Semiconductor moves to preclude Samsung from re-asserting its claim construction arguments in the guise of expert testimony and opinions after the Court has rendered its ruling, or from pointing out where the party's arguments have differed from the Court's claim construction.

On May 21, 2008, after extensive briefing by both parties, this Court held a *Markman* hearing.  It is the role of the Court, not the jury, to construe the disputed claim terms. *Transclean Corp. v. Bridgewood Servs.*, 290 F.3d 1364, 1370 (Fed. Cir. 2002) (claim

construction is a matter of law and "the court determines the scope and meaning of the patent claims asserted.") (citing *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454 (Fed. Cir. 1998) (en banc)).   Any testimony or evidence that contradicts the Court's claim construction is irrelevant because it would not bear on a fact of consequence as required by FED. R. EVID. 402, and would confuse and mislead the jury as to the proper interpretation of the claims.   Also, Samsung should not be able to point out any instance where any party advocated for a construction that differs from the construction ultimately issued by the Court. *See Tivo, Inc. v. Echostar Commc'ns. Corp.*, 516 F.3d 1290, 1311 (Fed. Cir. 2008) (affirming trial court's ruling to limit the scope of an expert's testimony "to the claims as construed")

   ON Semiconductor seeks this relief because Samsung's expert reports contain repeated attempts to argue the meaning and construction of certain claim terms that have already been briefed and submitted to the Court.  For  example, Samsung's expert Dr. Givens     REDACTED

       REDACTED

            all of which are terms the Court will construe.  Similarly, Samsung's expert Dr. Bravman      REDACTED

       (Ex. 25 at ¶¶ 78 and 82 [Bravman Report]), both of which are terms the Court will construe.   In contrast, ON Semiconductor's experts have simply applied the proposed constructions and have reserved the right to apply the final construction issued by the Court without seeking to argue claim construction.

   Any attempt by Samsung to take a position contrary to the Court's rulings would be improper as a matter of law. *Eaton Corp. v. Parker-Hannifin Corp.*, 2003 WL 179992, at *1 (D. Del. Jan. 24, 2003) precluding expert testimony "to the extent that [the expert] may not give

testimony that is inconsistent with the court's claim construction"); *EZ Dock, Inc. v. Schafer Sys., Inc.*, 2003 WL 1610781, at *12 (D. Minn. Mar. 8, 2003) (granting a motion to exclude all argument and evidence inconsistent with the claim construction, and emphasizing that "the jury cannot be encouraged to depart from the Court's claim construction and to interpret the claims on their own"); *see also LP Matthews LLC v. Bath & Body Works, Inc.*, 458 F. Supp. 2d 198, 2006 U.S. Dist. LEXIS 76116 (D. Del., Oct. 19, 2006) (holding that any expert opinions inconsistent with the court's claim construction would not be admitted at trial).

To avoid jury confusion, Samsung and its experts should be precluded from rearguing claim construction at trial or from pointing out any instance where the positions the parties advocated differ from the construction ultimately adopted by the Court.

### X.    MOTION *IN LIMINE* TO PRECLUDE SAMSUNG FROM OFFERING TESTIMONY, EVIDENCE OR ARGUMENT CONCERNING SETTLEMENT NEGOTIATIONS BETWEEN THE PARTIES.

ON Semiconductor moves *in limine* to preclude Samsung from referring to, or offering any evidence regarding, the pre-suit licensing negotiations between ON Semiconductor and Samsung with respect to the ON Semiconductor patents-in-suit.  The parties' settlement discussions and documentation relating thereto reflect efforts to settle the parties' disputes, and should be precluded under Federal Rule of Evidence 408.

Notwithstanding Samsung's acknowledgement that the parties' discussions were for purposes of settlement,[15] Samsung nonetheless intends to affirmatively rely on them at trial. For instance, Samsung's damages expert, Carla Mulhern, relies in part on the parties' pre-suit negotiations in forming her opinion as to the reasonable royalty due to  ON Semiconductor

---

[15]    Indeed, Samsung marked many of the documents exchanged during those discussions "***For Settlement Purpose only, Subject to FRE 408.***"

should Samsung be found to infringe.  (Ex. 30, Rebuttal Expert Report of Carla Mulhoran at 25-26.)[16]  Samsung also has indicated in its supplemental interrogatory responses that it intends to rely on documents and communications  exchanged between the parties during those settlement discussions in defense of the claim of willful infringement.  (Ex. 28 (Response to Interrogatory No. 14).)

Such evidence is, however, plainly inadmissible under Fed. R. Evid. 408. That rule prohibits evidence of compromise negotiations as proof of liability for, or invalidity of, a disputed claim, stating in relevant part (emphasis added):

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, *is not admissible to provide liability for or invalidity of the claim or its amount.*  Evidence of conduct or statements made in compromise negotiations is likewise not admissible."

This Court routinely excludes evidence concerning settlement negotiations under Rule 408.  *Pharmastem Therapeutics, Inc. v. Viacell, Inc.*, C.A. No. 02-148 (GMS), 2003 WL 22387038, at *2 (D. Del. Oct. 7, 2003) (excluding evidence of settlement negotiations "[patentee] and any of the defendants" on grounds that such evidence is "plainly inadmissible under Rule 408," prohibiting parties' experts from relying those negotiations "to calculate a reasonable royalty or to challenge the opposing party's calculation of a reasonable rate"); *Telcordia Techs., Inc. v. Cisco Sys., Inc.*, C.A. No. 04-876-GMS, Order at 11 (D. Del., April 24, 2007) (Ex. 5); *see also Inline Connection Corp. v. AOL Time Warner, Inc.*, 470 F. Supp. 2d 435,

---

[16]     Ms. Mulhern   states:                                        REDACTED

                                        REDACTED

445 (D. Del. 1997) ("Evidence of prior settlement negotiations in a pending patent infringement matter is generally forbidden under FRE 408.").   Exclusion also is appropriate where there is "a 'clear difference of opinion between the parties'" as to whether Fed. R. Evid. 408 applies.  *See*, *e.g.*, *Chase Manhattan Bank v. Iridium Afr. Corp.*, No. 00-564-JJF, 2003 U.S. Dist. LEXIS 23837  (D. Del. Nov. 25, 2003) ("[I]f the 'application of Rule 408 exclusion is doubtful, the better practice is to exclude evidence of compromise negotiations.'") (quoting *Affiliated Mfg., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 526 (3d Cir. 1995)).

Here, Samsung's attempt to use the parties' pre-suit licensing negotiations to prove or disprove liability or damages falls squarely within the prohibition of Rule 408. Samsung cannot rely on presuit negotiations as evidence concerning a reasonable royalty because Rule 408 expressly provides that such communications cannot be used to prove "the validity or invalidity of the claim *or its amount*."  *See also Pharmstem*, 2003 WL 22387038, at *2.  To do so would have a chilling effect on settlement discussions.  Samsung also cannot rely on those negotiations as the basis for "the validity or invalidity of the claim" for willful infringement.  Fed. R. Evid. 408.[17]

Samsung should be precluded from referring to, or offering any evidence regarding, the pre-suit licensing negotiations between ON Semiconductor and Samsung.

## **CONCLUSION**

For the foregoing reasons, ON Semiconductor respectfully requests that its motions *in limine* be granted.

---

[17]     Even if such communications were admissible, which they are not, it is difficult to see how Samsung can rely on what it said to ON Semiconductor as a basis to assert the reasonableness of its belief that it does not infringe.  As set forth in ON Semiconductor's motion to compel production of privileged documents (D.I. 266), to the extent that the Court allows Samsung to rely on the advice of counsel, Samsung must produce all of its counsel's advice on the issue of infringement, and not just that selectively disclosed to ON Semiconductor.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Richard J. Bauer*

Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
klouden@mnat.com
rbauer@mnat.com
*Attorneys for ON Semiconductor Corp.*
*and Semiconductor Components Industries, L.L.C.*

OF COUNSEL:

Kenneth R. Adamo
JONES DAY
2727 North Harwood Street
Dallas, TX  75201-1515
(214) 220-3939

T. Gregory Lanier
Behrooz Shariati
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
(650) 739-3939

Jennifer Seraphine
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94941
(415) 626-3939

November 7, 2008

## **RULE 7.1.1. CERTIFICATE**

Pursuant to D. Del. L.R. 7.1.1, this is to certify that counsel for ON Semiconductor has discussed the subject matter of this motion with counsel for Samsung and has not been able to reach agreement on the matters therein.


*/s/ Richard J. Bauer*
Richard J. Bauer (#4828)

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on November 12, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Josy W. Ingersoll
John W. Shaw
Andrew A. Lundgren

I also certify that copies were caused to be served on November 12, 2008 upon the following in the manner indicated:

### BY EMAIL

Josy W. Ingersoll
John W. Shaw
Andrew A. Lundgren
YOUNG, CONAWAY, STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Flr.
Wilmington, DE  19899

### BY EMAIL

John M. Desmarais
James E. Marina
KIRKLAND & ELLIS
153 East 53rd Street
New York, NY  10022

Edward C. Donovan, Esquire
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005-5701

*/s/ Richard J. Bauer*
Richard J. Bauer (#4828)