IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>  AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>            Plaintiffs,<br><br>    v.<br><br>ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, L.L.C.,<br><br>            Defendants. | Civil Action No. 06-720-JJF |
| ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, L.L.C.,<br><br>            Plaintiffs,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>  AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>            Defendants. | Civil Action No. 07-449-JJF |

**SAMSUNG'S PROPOSED PRELIMINARY JURY INSTRUCTIONS**

Members of the jury:

Now that you have been sworn, I have the following preliminary instructions for guidance on your role as jurors in this case.

## 1.  THE PARTIES

The parties in this case are:

Samsung Electronics Co., Ltd. and four of its subsidiaries, including Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C.  When I refer to these parties collectively, I will refer to them as "Samsung."

The other party in this case is ON Semiconductor Corp. and its subsidiary Semiconductor Components Industries, L.L.C.  When I refer to these parties collectively, I will refer to them as "ON Semiconductor."

## 2.  THE PARTIES CONTENTIONS

In this case, Samsung is accusing ON Semiconductor of infringing one of Samsung's patents, U.S. Patent Number 5,252,177, which you may hear referred to as the '177 patent. Samsung contends that it is entitled to damages to compensate for ON Semiconductor's infringement.  ON Semiconductor maintains that the asserted claims of Samsung' patent are invalid and not infringed.

ON Semiconductor is also alleging that Samsung is infringing ON Semiconductor's patents, including U.S. Patent Numbers 6,362,644; 5,563,594; 5,361,001; and 5,000,827.  You may hear these patents referred to by the last three digits in the patent number, that is, the '644 patent, the '594 patent, the '001 patent, and the '827 patent.  ON Semiconductor contends that it is entitled to damages to compensate for Samsung's infringement.  Samsung maintains that the asserted claims of ON Semiconductor's patents are invalid and not infringed.  Samsung also

contends that ON Semiconductor cannot enforce its patents against Samsung or recover damages from Samsung.

## 3.  CONSTITUTIONAL BASIS FOR PATENT GRANT

The United States Constitution, Article I, Section 8, grants the Congress of the United States the power to enact laws "to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries."

## 4.  EXCLUSIONARY RIGHT AND TERM OF A PATENT

Whenever a patent is issued by the United States Patent and Trademark Office, the patent law gives the patent owner, here , the right to exclude others from making, using, or selling the invention throughout the United States or importing for a period of 17-20 years, depending on when the patent issued.  An additional right to exclude was added by Congress as of February 23, 1989.  After that date, if the invention covered by the patent is a method, the Patent Law gives the patent owner the additional right to exclude others from making or selling, throughout the United States, products made by the patented method outside of the United States.

## 5.  THE PARTS OF A PATENT

I will next briefly describe the parts of a patent and some of the procedures followed by those attempting to obtain patents.  Many of the terms used by me in this description are contained in a "Glossary of Patent Terms" which will be given to you along with a copy of these preliminary instructions.  Feel free to refer to this Glossary throughout the trial.

For an invention to be patentable, it must be new, useful, and, at the time the invention was made, must not have been obvious to a person having ordinary skill in the art to which the subject matter pertains.

Under the Patent Laws, the Patent and Trademark Office examines patent applications and issues patents. A person applying for a patent must include a number of matters in his or her application, including the following: (1) a detailed description of the invention in terms sufficiently full, clear, concise and exact to enable any person skilled in the art to which the invention pertains to be able to make and use the invention; and (2) a disclosure of the best mode of carrying out the invention known to the inventor at the time of filing.

The application includes a written description of the invention called a "specification" and may include drawings that illustrate the invention. The specification concludes with one or more claims that particularly and distinctly define the subject matter that the inventor regards as his or her invention. When a patent application is received at the Patent and Trademark Office, it is assigned to an examiner, who examines the patent claims the application, including the claims, to ascertain whether the application complies with the requirements of the U.S. Patent Laws. The examiner reviews files of prior work of others in the form of voluminous files of patents and publications. This type of material is called "prior art." Documents found in the search of prior area are called "references." In conducting the search of prior art, the examiner notes in writing on the file the classes or subclasses of art searched. The compilation of the papers concerning the proceedings before the Patent Office is called the "prosecution history" or "file wrapper."

If, after reviewing the prior art maintained at the U.S. Patent and Trademark Office, the examiner concludes that the claims presented by the applicant patentably define the applicant's claimed invention over the most relevant known prior art, the application is granted as a U.S. Patent.

A patent gives its owner the right to exclude others from making, using or selling the patented invention. A person who, without the patentee's authority uses a process that is covered by one or more claims of a valid patent, infringes that patent.

## 6. DUTY OF JURY

It will be your duty to find what the facts are from the evidence as presented at the trial. You, and you alone, are the judges of the facts. You will have to apply those facts to the law as I will instruct you at the close of the evidence. You must follow that law whether you agree with it or not.

You are the judges of the facts. I will decide which rules of law apply to this case.

Nothing I say or do during the course of the trial is intended to indicate what your verdict should be.

## 7. EVIDENCE

The evidence from which you will find the facts will consist of the testimony of witnesses, and documents and other things admitted into evidence. In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence.

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the rules of evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustain or uphold the objection, and find the matter is not admissible, you should ignore the question or document. If I overrule an objection and allow the matter in evidence, you should treat the testimony or document like any evidence. If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must

follow that instruction and consider that evidence for that purpose only. If this does occur during the trial I will try to clarify this for you at that time.

3. Anything you see or hear outside the Courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the Courtroom.

In judging the facts, it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.

## 8. BURDEN OF PROOF

Generally, a patent owner has the burden of proving patent infringement and its claim of damages by what is called a preponderance of the evidence. That means the patent owner has to produce evidence which, when considered in light of all of the facts, leads you to believe that what the patent owner claims is more likely true than not. To put it differently, if you were to put the parties' evidence on the opposite sides of a scale, the evidence supporting the patent owner's claims must make the scales tip somewhat toward the patent owner's side.

There is one exception to the general rule that a patent owner bears the burden of proving infringement, applicable in this case only with respect to Samsung's '177 patent. If you find that Samsung has shown that there is a substantial likelihood that ON Semiconductor makes products using the process claimed in Samsung's '177 patent, and that Samsung made a reasonable effort in this litigation to determine the actual process ON Semiconductor uses but was unable to so determine from the evidence ON Semiconductor provided to Samsung, then ON Semiconductor has the burden of proving by a preponderance of the evidence that it does not use the process claimed in Samsung's '177 patent.

To prevail on a defense of patent invalidity against a charge of patent infringement, a party has the burden to prove each asserted claim of the patent is not valid by clear and

convincing evidence. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a fact is highly probable.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt." That burden does not apply in a civil case and does not play any part in this case. Therefore, you should not consider it at all in your deliberations.

## 9.  CONDUCT OF THE JURY

Now a few words about your conduct as jurors.

First, during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, bring it to my attention promptly.

Second, do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there may be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case.

Finally, do not reach any conclusions until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes. My Courtroom deputy will arrange for pens, pencils and paper. If you do take notes, leave them in the jury room when you leave at night. And remember that they are for your own personal use--they are not to be given or read to anyone else. Would anyone like a pad of paper and pen?

## 10. COURSE OF TRIAL

The trial will now begin. First, each side may make an opening statement. An opening statement is neither evidence nor argument. It is an outline of what that party intends to prove, and is presented to help you follow the evidence as it is offered.

After the opening statements, Samsung will present its witnesses, and ON Semiconductor may cross-examine them.  Then ON Semiconductor will present its witnesses, and Samsung may cross-examine them.

After all of the evidence is presented, the attorneys will make their closing arguments to summarize and interpret the evidence for you, and I will give you instructions on the law and describe for you the matters you must resolve.  You will then retire to the jury room to deliberate on your verdict.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

_(signature)_

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
302-571-6600
*alundgren@ycst.com*

*Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC., SAMSUNG TELECOMMUNICATIONS
AMERICA GENERAL, L.L.C., SAMSUNG
SEMICONDUCTOR, INC., and SAMSUNG
AUSTIN SEMICONDUCTOR, L.L.C.*

OF COUNSEL:

John M. Desmarais
Gregory S. Arovas
Jon T. Hohenthaner
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022-4611
212-446-4800
*jdesmarais@kirkland.com*
*garovas@kirkland.com*
*jhohenthaner@kirkland.com*

Edward C. Donovan
Chong S. Park
Gregory F. Corbett
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
202-879-5000
*edonovan@kirkland.com*
*cpark@kirkland.com*
*gcorbett@kirkland.com*

Dated:  November 25, 2008

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on November 25, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Karen Jacobs Louden, Esquire [klouden@mnat.com]
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> PO Box 1347
> Wilmington, DE 19899-1347

I further certify that on November 25, 2008, I caused a copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

> Behrooz Shariati, Esquire [bshariati@jonesday.com]
> T. Gregory Lanier, Esquire [tglanier@jonesday.com]
> Jones Day
> 1755 Embarcadero Road
> Palo Alto, CA 94303

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
302-571-6600
alundgren@ycst.com