IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, <br><br> Defendants. | Civil Action No. 06-720 (JJF) <br><br> **REDACTED –** <br> **PUBLIC VERSION** |
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., <br><br> Defendants. | Civil Action No. 07-449 (JJF) |

**SAMSUNG'S MOTION TO STRIKE DECLARATIONS OF
UNDISCLOSED WITNESSES AND DECLARATIONS
PROVIDING UNTIMELY EXPERT OPINIONS**

ON Semiconductor should be precluded from introducing new, untimely, and improper declarations with its November 13, 2008 answering briefs to certain of Samsung's summary judgment motions. Specifically, the November 13, 2008 declarations of Jerry Chruma and Won Kang should be stricken—they are individuals who were *never* previously disclosed as Rule 26 witnesses or deposed in this case, and their declarations contain new information that was *never* provided during discovery. Likewise, the November 13, 2008 declaration of ON Semiconductor's expert, Dr. Martin Walker, should be stricken because it contains new opinions that were not previously disclosed in Dr. Walker's expert reports or deposition.

A. **The November 13, 2008 Declarations of Jerry Chruma and Won Kang Should Be Stricken.**

ON Semiconductor never disclosed Jerry Chruma or Won Kang in any of its Rule 26 disclosures.[1] (Ex. 1, ON Semiconductor's 2d. Supp. Disclosures (8/28/08), at 2-6.) Because they were never disclosed as Rule 26 witnesses, Samsung never had an opportunity to depose or otherwise seek discovery regarding their testimony.[2] For this reason alone, their new and untimely declarations should be stricken.[3]

More importantly, these declarations include evidence that was not produced or disclosed during discovery, despite Samsung's interrogatories and depositions seeking such information

---

[1] Under the Court's scheduling order, all fact witnesses were required to be disclosed by April 11, 2008. (D.I. 113).

[2] [redacted]

[3] Under Rule 37, a party that fails to properly disclose witnesses or information required under Rule 26 "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

1

and despite the testimony of ON Semiconductor's inadequately-prepared 30(b)(6) witnesses on the same topics. For example, Mr. Chruma purports to offer, *for the first time*, evidence that



ON Semiconductor should not be permitted to try to "fix" the unfavorable testimony of its inadequately-prepared Rule 30(b)(6) witnesses through untimely-filed declarations containing never-disclosed information from never-disclosed witnesses. *See, e.g., Ierardi v. Lorillard, Inc.*, No. 90-7049, 1991 WL 158911, at *3 (E.D. Pa. Aug. 13, 1991); *United States v. J.M. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C. 1996).

**B.     The November 13, 2008 Declaration of Martin Walker Should be Stricken.**

Dr. Walker's November 13, 2008 declaration contains all new opinions that were never previously disclosed in his September 16, 2008 or October 14, 2008 expert reports or during his deposition. For example, Dr. Walker's declaration contains new opinions that Samsung's products would infringe the '827 patent under Samsung's proposed claim construction, and ON Semiconductor's responsive brief relies on these opinions. (D.I. 325, at 15-16; D.I. 329, Ex. 12 ¶¶ 18-21). But as noted in Samsung's motion for summary judgment on this issue (D.I. 277, at 5-6), Dr. Walker's expert reports only contained opinions based on ON Semiconductor's

---

[4]     All docket number citations herein refer to the docket for Civil Action No. 06-720-JJF.

proposed claim construction; they provided no opinions based on Samsung's proposed claim constructions.

### C. Samsung Will Be Significantly Prejudiced if These Declarations Are Not Stricken.

The Third Circuit considers the following factors in determining whether improperly and untimely disclosed information or witnesses should be excluded:

> (1) the prejudice or surprise to a party against whom the evidence is offered; (2) the ability of the injured party to cure the prejudice; (3) the likelihood of disruption to the trial schedule; (4) bad faith or willfulness involved in not complying with the disclosure rules; and (5) the importance of the evidence to the party offering it.

*Bridgestone Sports Co. v. Acushnet Co.*, 2007 WL 521894, at *4 (D. Del. Feb. 15, 2007) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977)).[5]

ON Semiconductor has no sufficient justification for failing to timely disclose Mr. Chruma and Mr. Kang, and has deprived Samsung of the opportunity to depose these witnesses and conduct other rebuttal fact discovery. At this late stage, any steps that might mitigate Samsung's prejudice would significantly disrupt the summary judgment, pretrial, and trial schedules. In addition, neither of these witnesses provide evidence that would be dispositive of any issue.[6] Any prejudice to ON Semiconductor was caused by its own delay and lack of

---

[5] "Courts applying the *Pennypack* factors in the case of sophisticated, complex litigation involving parties represented by competent counsel have been less indulgent in their application and ***more willing to exclude evidence*** ...." Id. (emphasis added). Late-disclosed witnesses and evidence are routinely excluded. *Id.* at *5; *see also Astrazeneca AB v. Mutual Pharm. Co.*, 278 F. Supp. 2d 491, 502, 506-09 (E.D. Pa. 2003) (excluding expert declaration introduced for the first time on summary judgment).

[redacted]

diligence, and thus does not justify its failure to comply with the Court's deadlines and Rule 26. *Bridgestone Sports*, 2007 WL 521894, at *5 ("[A]ny prejudice suffered by Acushnet from its reliance on these [untimely disclosed] references . . . is prejudice that was caused by Acushnet's own actions.") Likewise, ON Semiconductor has no justification for Dr. Walker's untimely opinions, and Samsung would be significantly prejudiced if they are not excluded.

Thus, the November 13, 2008 declarations of Mr. Chruma, Mr. Kang, and Dr. Walker should be excluded along with those portions of ON Semiconductor's responsive summary judgment briefing relying on those declarations, and ON Semiconductor should be limited to the testimony of its Rule 30(b)(6) witnesses on the topics of damages and estoppel.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

/s/ Andrew A. Lundgren
_____
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
Megan C. Haney (No. 5016)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
302-571-6600
alundgren@ycst.com

*Attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., And Samsung Austin Semiconductor, L.L.C.*

OF COUNSEL:

John M. Desmarais
Gregory S. Arovas
Jon T. Hohenthaner
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022-4611
212-446-4800
*jdesmarais@kirkland.com*
*garovas@kirkland.com*
*jhohenthaner@kirkland.com*

Edward C. Donovan
Chong S. Park
Gregory F. Corbett
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
202-879-5000
*edonovan@kirkland.com*
*cpark@kirkland.com*
*gcorbett@kirkland.com*


Dated: November 19, 2008

**CERTIFICATE OF SERVICE**

I, Andrew A. Lundgren, Esquire, hereby certify that on December 2, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Karen Jacobs Louden, Esquire [*klouden@mnat.com*]
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> PO Box 1347
> Wilmington, DE 19899-1347

I further certify that on December 2, 2008, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> **BY E-MAIL**
>
> Behrooz Shariati, Esquire [*bshariati@jonesday.com*]
> T. Gregory Lanier, Esquire [*tglanier@jonesday.com*]
> Jones Day
> 1755 Embarcadero Road
> Palo Alto, CA 94303

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Andrew A. Lundgren*
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
302-571-6600
*alundgren@ycst.com*