IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, L.L.C., <br><br> Defendants. | Civil Action No. 06-720-JJF <br><br> **REDACTED –** <br> **PUBLIC VERSION** |
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., <br><br> Defendants. | Civil Action No. 07-449-JJF |

**SAMSUNG'S REPLY IN SUPPORT OF ITS**
**MOTION TO STRIKE DECLARATIONS OF UNDISCLOSED WITNESSES**
**AND DECLARATIONS PROVIDING UNTIMELY EXPERT OPINIONS**

ON Semiconductor's opposition does not deny the critical facts of Samsung's motion: (1) ON Semiconductor never identified Won Kang as a knowledgeable witness nor produced him as its 30(b)(6) witness on JEDEC issues; (2) Mr. Chruma's declaration contains new information that was never disclosed during discovery and he was never deposed; and (3) Mr. Walker's declaration contains new opinions not contained in his expert report. As discussed in Samsung's opening brief, these declarations should be stricken.

ON Semiconductor's opposition mischaracterizes the facts and seeks to improperly blame Samsung for its late disclosures. Moreover, ON Semiconductor continues to suggest that the resulting prejudice to Samsung could be cured by reopening discovery and allowing additional depositions. But at this stage in the litigation with fact and expert discovery long closed, the parties should be preparing for a trial based on the properly and timely disclosed opinions and evidence.

## I.  Won Kang's Declaration Should be Stricken.

ON Semiconductor does not dispute that it never disclosed Mr. Kang in its Rule 26 disclosures. Instead, ON Semiconductor argues that because Samsung produced documents in August 2008 referring to Mr. Kang, Samsung should have sought Mr. Kang's deposition at that time and thus, ON Semiconductor argues, the prejudice to Samsung from Mr. Kang's untimely November 13th declaration was of Samsung's own doing. That argument ignores the facts.

Samsung did not seek Mr. Kang's deposition in August because Samsung was led to believe that Mr. Kang had no relevant information. Samsung timely produced documents in April 2008 showing that ON Semiconductor, as a company, was a member of JEDEC's JC-42 Committee during its development of relevant industry standards. Samsung also timely served an interrogatory, requests for admission ("RFAs"), and a request for a Rule 30(b)(6) deposition of ON Semiconductor seeking discovery on, among other things, "ON Semiconductor's

participation or involvement with JEDEC" related to standards including JC-42. (Ex. 5, Samsung's 6/10/08 Rule 30(b)(6) Notice Regarding ON Semiconductor's JEDEC Participation.) But ON Semiconductor answered Samsung's interrogatory and RFAs in July 2008 *denying* any involvement in JC-42 (D.I. 295), essentially representing to Samsung that *no one* at ON Semiconductor, let alone Mr. Kang, had information relating to JC-42 because there was no such information.

Despite these incorrect representations, Samsung proceeded with its investigation to prepare for the Rule 30(b)(6) deposition, relying on ON Semiconductor to identify a knowledgeable corporate representative. On August 18, 2008, just three days before the scheduled date of the deposition, ON Semiconductor designated Matt Kas, *not* Mr. Kang, to testify on its behalf with respect to all of the JEDEC topics in Samsung's Rule 30(b)(6) notice. (Ex. 6, 8/18/08 E-mail from Garcia to Bernard.) 

(Ex. 7, Kas Dep. at 84:6-12.)

(Ex. 7, Kas Dep. at 162:2-8; Ex. 8, ON Semiconductor's 6th Supp. Resps. to Samsung's Interrogs. (No. 32), at 111-12.)

Thus, having deposed ON Semiconductor regarding its participation as a member in the JC-42 Committee, Samsung had no reason to depose a witness who ON Semiconductor suggested had little knowledge regarding its participation in JC-42. Indeed, ON Semiconductor supplemented its Rule 26(a) disclosures the following week, listing Mr. Kas as knowledgeable regarding ON Semiconductor's participation in JC-42 but *nowhere* listing Mr. Kang as having

any knowledge relevant to this case. (Ex. 1, ON Semiconductor's 8/28/08 Second Supp. Disclosures Pursuant to Fed. R. Civ. P. 26.)

Samsung was therefore surprised two months later when the thrust of ON Semiconductor's opposition to Samsung's motion for summary judgment regarding equitable estoppel was a declaration from Mr. Kang—who two months earlier apparently had no relevant information. Contrary to ON Semiconductor's argument, the Federal Rules do not require Samsung to depose every one of the countless ON Semiconductor employees mentioned in the hundreds of thousands of pages of documents produced in this case. Rather, Rules 26 and 30(b)(6) require ON Semiconductor to identify all witnesses with relevant information on which it will rely and a knowledgeable corporate representative on Rule 30(b)(6) topics.

Having failed to provide this information during discovery—as the Federal Rules required it to do—ON Semiconductor should not now be permitted to rely on self-serving, untested, and untimely testimony from one of its employees regarding its participation in JC-42 to avoid summary judgment.

## II. Mr. Chruma's Declaration Should Be Stricken.

ON Semiconductor argues that it was surprised by Samsung's failure-to-mark arguments and therefore that ON Semiconductor was justified in submitting new evidence to rebut Samsung's motion for summary judgment. ON Semiconductor's argument is misplaced. In every patent infringement case where a patentee has sold products embodying the invention of his asserted patent, to recover pre-suit damages *the patentee must demonstrate* that he marked substantially all of those products in compliance with 35 U.S.C. § 287. *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894) ("the duty of alleging and the burden of proving [marking] is upon the plaintiff" in every patent infringement case). ON Semiconductor was therefore required to affirmatively disclose whatever witnesses and documents it intended to rely on to meet its

burden.  ***Having failed to disclose Mr. Chruma or the information in Mr. Chruma's declaration, ON Semiconductor should not now be allowed to rely on that evidence.***

Moreover, ON Semiconductor's claim cannot seriously claim surprise by Samsung's motion for summary judgment regarding marking.  Samsung sought discovery on this specific issue, through interrogatories and Rule 30(b)(6) topics, throughout the litigation.  (*See, e.g.,* Ex. 10, Samsung's 6/3/08 Rule 30(b)(6) Notices Regarding the '001, 644, and '594 Patents, Topic 6; Ex. 11, Samsung's 4/17/07 Interrogatory No. 4.)  That discovery put ON Semiconductor on notice that Samsung was challenging ON Semiconductor's compliance with § 287.  And while ON Semiconductor complains that Samsung did not identify its marking contentions in response to ON Semiconductor's interrogatories, that was because ON Semiconductor never asked about those contentions.  ON Semiconductor's Interrogatory No. 35—cited by ON Semiconductor—asks for Samsung's calculation of the appropriate reasonable royalty for Samsung's alleged infringement, but asks nothing about marking.  (Ex. B to ON Semiconductor's Opening Br.)  Tellingly, ON Semiconductor never complained in opposition to Samsung's summary judgment motion that it was in any way surprised by Samsung's failure-to-mark arguments.

ON Semiconductor also argues that Samsung had an opportunity to take discovery regarding ON Semiconductor's marking practices, but that Samsung failed to ask ON Semiconductor's Rule 30(b)(6) witness (Sonny Cave) about the topics covered in Mr. Chruma's declaration.  That is not correct.  For instance, in response to Samsung's Interrogatory No. 4 regarding ON Semiconductor's marking practices, ON Semiconductor listed documents purporting to show its marking practices and patent labels.  (Ex. 9, ON Semiconductor's 10/17/08 Supp. Response to Interrogatory No. 4.)  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬

██████████████████████████████████████

██████████████████████████ (Ex. 2, Cave Dep. at 173:2-13.) Mr. Chruma's declaration, however, refers to a host of additional documents that ON Semiconductor now relies on to support its claim that it properly marked its products in compliance with 35 U.S.C. § 287. Given that ON Semiconductor had an affirmative duty to disclose whatever witnesses and evidence it intended to use to meet its burden of showing compliance with § 287, ON Semiconductor should not be permitted to designate Mr. Cave as its Rule 30(b)(6) representative on marking topics and then use an undisclosed and undeposed witness to oppose summary judgment on those very topics.

### III. Mr. Walker's Declaration Should Be Stricken.

As explained in Samsung's motion for summary judgment (D.I. 281), ON Semiconductor has taken the position in this litigation that it should be permitted to supplement its expert reports freely if the Court does not adopt every one of ON Semiconductor's proposed claim constructions. ON Semiconductor's experts did not, therefore, address liability under Samsung's proposed constructions. The untenable—and legally erroneous result—of ON Semiconductor's position is that ON Semiconductor has not provided its infringement case in response to Samsung's contentions despite all discovery being closed and trial less than two months away. Neither law nor logic support this result. Mr. Walker's new and changed infringement opinions in his untimely declaration should be stricken.

                                    YOUNG CONAWAY STARGATT & TAYLOR, LLP

                                    */s/ Andrew A. Lundgren*

                                    Josy W. Ingersoll (No. 1088)
                                    John W. Shaw (No. 3362)
                                    Andrew A. Lundgren (No. 4429)
                                    The Brandywine Building
                                    1000 West Street, 17th Floor
                                    Wilmington, Delaware 19899-0391
                                    302-571-6600
                                    *alundgren@ycst.com*

                                    *Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR, L.L.C.*

OF COUNSEL:

John M. Desmarais
Gregory S. Arovas
Jon T. Hohenthaner
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022-4611
212-446-4800
*jdesmarais@kirkland.com*
*garovas@kirkland.com*
*jhohenthaner@kirkland.com*

Edward C. Donovan
Gregory F. Corbett
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
202-879-5000
*edonovan@kirkland.com*
*gcorbett@kirkland.com*

Dated: December 12, 2008

Redacted Version: December 17, 2008

**CERTIFICATE OF SERVICE**

I, Andrew A. Lundgren, Esquire, hereby certify that on December 17, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Karen Jacobs Louden, Esquire [*klouden@mnat.com*]
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> PO Box 1347
> Wilmington, DE 19899-1347

I further certify that on December 17, 2008, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> **BY E-MAIL**
>
> Behrooz Shariati, Esquire [*bshariati@jonesday.com*]
> T. Gregory Lanier, Esquire [*tglanier@jonesday.com*]
> Jones Day
> 1755 Embarcadero Road
> Palo Alto, CA 94303

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Andrew A. Lundgren*
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
302-571-6600
*alundgren@ycst.com*